IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARY JETER,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: 2:06-cv-1043-MHT |
| | * |
| **MONTGOMERY COUNTY YOUTH** | * |
| **FACILITY; and BRUCE HOWELL,** | * |
| | * |
| Defendants. | * |

## DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

COME NOW the Defendant identified in the Complaint as "Montgomery County Youth Facility" and Defendant Bruce Howell, and submit the following memorandum brief in support of their Motion to Dismiss.

### I. FACTS

Plaintiff Mary Jeter works at the Montgomery County Youth Facility. (Complaint, ¶ 3) The Montgomery County Youth Facility is supervised by Defendant Bruce Howell, Chief Probation Officer and Juvenile Court Administrator. (Id.) On June 1, 2002, Plaintiff, a Youth Counselor II, was assigned to work in the Home Detention Program. (Complaint, p. 2, ¶ 1) This required Plaintiff to make telephone calls five nights a week to youths who had been placed under Home Detention for criminal violations. (Id.)

Plaintiff claims she was not compensated for making these calls. (Complaint, p. 2, ¶ 2) Plaintiff further claims that after she made a claim with Defendant Howell on January 31, 2006, and that in April the Home Detention Facility was suspended. (Complaint, p. 2, ¶ 4) Plaintiff

further claims that she has been retaliated against and harassed by Howell, shunned, spied upon and given a steeply increased workload. (Complaint, p. 2, ¶ 5)

On October 13, 2006, Plaintiff filed the present Complaint against Defendants Montgomery County Youth Facility and Bruce Howell in the Circuit Court of Montgomery County, Alabama. In Count One of the Complaint, Plaintiff asserts a claim for overtime wages pursuant to the Fair Labor Standards Act ("FLSA") against Defendant Montgomery County Youth Facility. In Count Two, Plaintiff asserts a state law claim for breach of express and/or implied contract by the Montgomery County Youth Facility due to its alleged failure to compensate her for the calls she made. In Count Three of the Complaint, Plaintiff asserts a claim against the Montgomery County Youth Facility for retaliation under the FLSA. In Count Four, Plaintiff asserts a state law claim for intentional infliction of emotional distress (outrage) against Defendant Howell. On November 20, 2006, Defendants removed this action to the United States District Court for the Middle District of Alabama.

## II. ARGUMENT

**A.     The "Montgomery County Youth Facility" is not a legal entity capable of being sued.**

The Montgomery County Youth Facility is a subdivision of Montgomery County. It is the site of the juvenile detention facility for Montgomery County, and is therefore tantamount to a "jail." A "jail" is not a legal entity, and therefore is not subject to suit. *See, e.g., Dean v. "Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992; *Tompkins v. Jones,* Docket No. 2:06-cv-325-WKW (M.D.Ala. June 22, 2006); *Seago v. Houston County Jail,* Docket No. 1:06-cv-0925-MHT (M.D. Ala. November 9, 2006). Plaintiff's claims against the Defendant identified in the Complaint as the Montgomery County Youth Facility should therefore be dismissed.

**B.     Plaintiff has failed to state a claim for Outrage against Defendant Howell.**

Plaintiff has also failed to state a claim for intentional infliction of emotional distress (i.e., outrage)[1] against Defendant Howell.  To recover on the tort of outrage, a plaintiff must show that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.  *Ex parte Crawford & Co.,*  693 So. 2d 458, 460 (Ala. 1997). This cause of action has been narrowly construed and limited by the Alabama courts to give rise to a viable cause of action in only three areas:  (1) wrongful conduct with the context of family burials; (2) an insurance agent's coercing an insured into settling an insurance claim; and (3) egregious sexual harassment.  *Thomas v BSE Indus. Contractors, Inc.,* 624 So. 2d 1041, 1044 (Ala. 1993).

Plaintiff makes only the following allegations against Defendant Howell in support of her claim of outrage:  "Defendant Bruce Howell did knowingly and intentionally inflict emotional distress upon the Plaintiff by shunning her at the workplace, spying on her and by increasing her workload in an attempt to force her to abandon her rightful claims."  (Complaint, Count Four) As a matter of law this is not sufficient to withstand a motion to dismiss. The Alabama courts have made it clear that the tort of outrage does not provide a cause of action for trivial emotional distresses that are common to each person in everyday life.  Recovery is limited only to distress that is so severe to go beyond all bounds of decency, and regarded as atrocious and utterly intolerable in a civilized society.  *See, American Road Serv. Co. v. Inmon,* 394 So. 2d 361, 365 (Ala. 1980); *USA Oil, Inc. v. Smith,* 415 So 2d 1098, 1101 (Ala. Civ. App. 1982)(reversing judgment in favor of plaintiff on outrage claim after termination from

---

[1] *See Harrelson v. R.J.,* 882 So. 2d 317, 321 (Ala. 2003*) wherein the Court noted that "outrage" and "intentional infliction of emotional distress" were names for the same tort*.

employment where former employer threatened criminal action against plaintiff for work misconduct). Plaintiff's outrage claim against Defendant Howell should therefore be dismissed.

/s/Constance C. Walker_____
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker  (ASB-5510-L66C)
Attorneys for Defendants

OF COUNSEL:

HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Priscilla Black Duncan
P.B. Duncan & Associates, LLC
472 South Lawrence Street, Suite 204
Montgomery, Alabama 36104

/s/Constance C. Walker\_\_\_\_\_
OF COUNSEL

employment where former employer threatened criminal action against plaintiff for work misconduct). Plaintiff's outrage claim against Defendant Howell should therefore be dismissed.

/s/Constance C. Walker_____
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker  (ASB-5510-L66C)
Attorneys for Defendants

OF COUNSEL:

HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Priscilla Black Duncan
P.B. Duncan & Associates, LLC
472 South Lawrence Street, Suite 204
Montgomery, Alabama 36104

/s/Constance C. Walker_____
OF COUNSEL