**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARY JETER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV 2:06-cv-1043-MHT** |
| | ) | |
| | ) | |
| **MONTGOMERY COUNTY,** | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Mary Jeter, and brings this first amended complaint against Montgomery County for denial of earned wages and retaliation.

## JURISDICTION AND VENUE

Plaintiff is a resident of Montgomery County, Alabama, and is over the age of 19 years. Defendants include a governmental entity located in Montgomery County and its director, who supervised the actions that took place in Montgomery County.

The complaint cites federal violations of the Fair Labor Standards Act §29 USC 8 (201 et sec.) and the Civil Rights Act of 1864, 1891 and 1991 Title 42 § 1983, by and through § 1981.

FACTS

Plaintiff is an employee of Defendant Montgomery County Youth Facility, operated by Montgomery County, directed by Bruce Howell, Chief Probation Officer and Juvenile Court Administrator.  On June 1, 2002, Plaintiff, designated a Youth Counselor II, was assigned to Home Detention Verification under a new program developed by then-Judge Richard Dorrough. The work required Plaintiff to call youths who had been placed under Home Detention for criminal violations. The calls, made seven days a week at random hours, were intended to verify that the youths were indeed at home in the evenings.

Plaintiff's new duties at night were in addition to her full-time job at the facility.

Plaintiff, who is black, was not compensated for her calling assignments performed five nights a week, Monday through Thursday. On the weekends, a white employee was assigned to make the calls as part of her work week. Plaintiff only received overtime pay, 2 hours per night, when she took over duties for the white employee on the weekend. It was the MCYF's practice and policy to pay other intake personnel two hours of overtime pay for after-hours calls, whether the calls were received or not.

Plaintiff performed these home detention verification calls for most of 3 ½ years. Plaintiff was never told by supervisors that she was eligible for overtime or compensation for the time worked. A white female who was assigned the duties in Plaintiff's absence, was paid overtime.

Plaintiff raised a written claim with the MCYF and Howell on Jan. 31, 2006, which was referred to the county attorney in March.. In April, the program was suspended.

After Plaintiff made her written claim to the Montgomery County attorney, she has been retaliated against and harassed by Howell, shunned, spied upon and given a steeply increased workload.

Plaintiff has suffered serious mental and physical distress, as a result of her treatment by Defendants.

## COUNT ONE

### FAIR LABOR STANDARDS ACT

Defendant Montgomery County has violated the Fair Labor Standards Act  by denying overtime to a regular, non-exempt employee, compelled to perform duties in excess of 40 hours per week.

## COUNT  TWO

### BREACH OF EMPLOYMENT CONTRACT

### BREACH OF CONTRACT OF GOOD FAITH AND FAIR DEALING

Defendant Montgomery County  has actual and implied contracts with Plaintiff for the time specified to pay her for the hours she works and to pay her as other employees are paid for overtime hours. Furthermore, Montgomery County failed to negotiate in good faith with  Mary Jeter for more than eight months after she complained of unequal treatment and uncompensated overtime.

3

## COUNT THREE

RETALIATION

Defendant Montgomery County, through its agent, Defendant Bruce Howell, did retaliate against Plaintiff, when she exerted a claim for overtime pay. Complaints under the FLSA are protected from retaliation.

## COUNT FOUR

RACIAL DISCRIMINATION

Employer Montgomery County did demonstrate racial discrimination in its intentional violation of a federal law, the Fair Labor Standards Act, by denying Mary Jeter, a black woman, compensation for overtime hours, when white employees, similarly situated, were compensated. Such acts violate the U.S. Civil Rights Acts, above noted.

Plaintiff reserves the right to amend her claims pending further discovery.

JURY TRIAL DEMANDED

WHEREFORE, Plaintiff demands remuneration for her lost income, interest, liquidated damages, attorney fees, court costs and damages for her suffering in the amount of $50,000 and punitive damages.

Respectfully submitted, this 12th of December, 2006,

/s/ Priscilla Black Duncan
Priscilla Black Duncan (DUN033)
Attorney for the Plaintiff

P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679
(334) 264-9643 FAX


## CERTIFICATE OF SERVICE

I  hereby certify that I have served a copy of the foregoing document upon the Defendant's counsel by electronically filing a copy of same through the Court's CM/ECF program this the 12th day of December, 2006.

/s/ Priscilla Black Duncan

Constance Walker/Thomas Gallion III
Haskell, Slaughter, Young & Gallion
305 S. Lawrence St.
Montgomery AL 36104

–