**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **MARY JETER,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **vs.** ] | **Case Number: 2:06cv1043-MHT** |
| ] | |
| **MONTGOMERY COUNTY,** ] | |
| ] | |
| **Defendant.** ] | |

**DEFENDANT MONTGOMERY COUNTY'S MEMORANDUM BRIEF IN SUPPORT**
**OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Montgomery County, pursuant to Rule 12(b)(6), Fed. R.Civ. P.,
and submits the following Memorandum Brief in Support of Motion to Dismiss Plaintiff's First
Amended Complaint.

## I.

## FACTS

Plaintiff Mary Jeter is an employee of Montgomery County and works at the Montgomery
County Youth Facility.  (First Amended Complaint, p. 2, ¶ 1)  The Montgomery County Youth
Facility is supervised by Bruce Howell, Chief Probation Officer and Juvenile Court Administrator.
(Id.)  On June 1, 2002, Plaintiff, a Youth Counselor II, was assigned to work in the Home Detention
Program.  (Id.)  This required Plaintiff to make telephone calls five nights a week to youths who had
been placed under Home Detention for criminal violations.  (Id.)

Plaintiff claims that these duties at night were in additional to her full-time job as a Youth
Counselor II at the Montgomery County Youth Facility.  (First Amended Complaint, p. 2, ¶ 2)
Plaintiff further claims she was not compensated for making these calls on five nights of the week,

Monday through Thursday. (First Amended Complaint, p. 2, ¶ 3) Plaintiff further claims that she is black, and only received overtime pay when she took over the duties for a white employee in the Home Detention Program on the weekend. (First Amended Complaint, p. 2, ¶ 3) Plaintiff further claims that she was never told by her supervisors that she was eligible for overtime or compensation for the time she worked, and that a white female who was assigned the duties in the Plaintiff's absence was paid overtime. (First Amended Complaint, p. 2, ¶ 4)

Plaintiff raised a written claim with the Montgomery County Youth Facility and Howell, the Chief Probation Officer, on January 31, 2006, which was referred to the county attorney in March. (First Amended Complaint, p. 2, ¶ 5) Plaintiff further claims that in April of 2006, the Home Detention program was suspended. (Complaint, p. 2, 5 4) Plaintiff further claims that she has been retaliated against and harassed, shunned, spied upon and given a steeply increased workload. (First Amended Complaint, p. 3, ¶ 1)

On October 13, 2006, Plaintiff filed a Complaint against the Montgomery County Youth Facility and Bruce Howell in the Circuit Court of Montgomery County, Alabama. On November 20, 2006, Defendants removed this action to the United States District Court for the Middle District of Alabama. (Doc. no. 1) On November 27, 2006, Defendants Montgomery County Youth Facility and Bruce Howell filed a Motion to Dismiss the Complaint. (Doc. no. 2) Plaintiff filed a First Amended Complaint on December 12, 2006 naming Montgomery County as the only Defendant. (Doc. no. 7) This Court entered an order denying the Motion to Dismiss on December 13, 2006. (Doc. no. 8) On December 19, 2006, pursuant to the Plaintiff's First Amended Complaint, this Court also entered an order adding Montgomery County as a Defendant to this case, and dismissing all claims against the Defendant Montgomery County Youth Facility and Bruce Howell. (Doc. no. 10)

Count One of the First Amended Complaint is entitled "Fair Labor Standards Act." Plaintiff alleges in Count One that "Defendant Montgomery County has violated the Fair Labor Standards Act by denying overtime to a regular, non-exempt employee, compelled to perform duties in excess of 40 hours per week." (First Amended Complaint, Count One) There are no facts supporting this cause of action set forth in Count One.

Count Two is entitled "Breach of Contract, Breach of Contract of Good Faith and Fair Dealing." Plaintiff alleges in Count Two that "Defendant Montgomery County has actual and implied contracts with Plaintiff for the time specified to pay her for the hours she works and to pay her as other employees are paid for overtime hours." (First Amended Complaint, Count Two) Plaintiff further alleges that "Montgomery County failed to negotiate in good faith with Mary Jeter for more than eight months after she complained of unequal treatment and uncompensated overtime." (First Amended Complaint, Count Two) There are no specific facts in Count Two to support the claim for breach of contract other than those listed. In particular, there is no indication of what contract the parties entered into, the date of the contract, and the terms of the contract.

Count Three is entitled "Retaliation." Plaintiff alleges in Count Three that "Defendant Montgomery County, through its agent, Defendant Bruce Howell, did retaliate against Plaintiff, when she exerted a claim for overtime pay. Complaints under the FLSA are protected from retaliation." (First Amended Complaint, Count Three) There are no other factual allegations set forth in Count Three to support Plaintiff's claim for retaliation.

Count Four is entitled "Racial Discrimination." Plaintiff alleges that her employer "Montgomery County did demonstrate racial discrimination in its intentional violation of a federal law, the Fair Labor Standards Act, by denying Mary Jeter, a black woman, compensation for

overtime hours, when white employees, similarly situated, were compensated.  Such acts violate the

U.S. Civil Rights Acts, above noted."  (First Amended Complaint, Count Four)

## II.

## ARGUMENT

### A.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

According to Rule 8(a)(2), Fed.R.Civ.P., a plaintiff's complaint must assert "a short and

plain statement of the claim showing that [the plaintiff] is entitled to relief.  A pleading may not

survive dismissal under Rule 12(b), however, when it consists of only the "barest of conclusory

allegations without notice of the factual grounds on which they purport to be based."  *Jackson v.*

*BellSouth Telecommunications,* 372 F.3d 1250, 1271 (11th Cir. 2004). "Unsupported conclusions

of law or of mixed law and fact are not sufficient to withstand a dismissal under [Fed.R.Civ.P.

12(b)(6)]." *Id.* at 1271, *citing Wagner v. Daewoo Heavy Indus. Am Corp.,* 289 F.3d 1268 (11th Cir.),

*rev'd on other grounds,* 314 F.3d 541 (11th Cir. 2002).   Moreover, as part of the minimum pleading

requirements, discrete claims must set forth in separate counts.  *Magluta v. Samples,* 256 F.3d 1282,

1284 (11th Cir. 2001); *see also Jackson,* 372 F.3d at 1270-71(Rule 10(b), Fed.R.Civ.P., requires that

a plaintiff state claims in separate counts and assert what facts on which he is relying for each

claim); *Anderson v. Dist. Bd. of Tr.,* 77 F.3d 364, 366-67 (11th Cir. 1996).

A plaintiff's failure to identify his claims with sufficient clarity to enable the defendant to

frame a responsible pleading constitutes "shotgun pleading."  *Byrne v. Nezhat,* 261 F.3d 1075, 1129-

30 (11th Cir. 2001).  When confronted with such a pleading, if the defendant does not move for a

more definite statement, the court on its own may intervene and order the plaintiff to replead his

claims.  *Id.* at 1133.  In the present case Plaintiff has failed to plead facts in discrete counts to

support each claim.  The counts in Plaintiff's First Amended Complaint either have no factual detail

to support them, or only the barest factual detail is set forth.  These counts also contain unsupported

conclusions of law.  As a result, Defendant Montgomery County is unable to discern what facts

support each count against it, and Defendant should not be required to guess what facts support each

claim in order to frame a responsive pleading.  This type of pleading is defective.  *See Jackson,* 372

F.3d at 1270-71.  Plaintiff's First Amended Complaint should therefore be dismissed.


### B.   PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND RACE DISCRIMINATION ARE PREEMPTED BY THE FAIR LABOR STANDARDS ACT.

Breach of Contract

Plaintiff's breach of contract claim is also due to be dismissed because it is preempted by the

Fair Labor Standards Act ("FLSA").  Section 207 of the FLSA grants certain employees a statutory

right to be paid minimum overtime wages.  Section 216(b) of the FLSA further provides that an

employer who violates section 207 is liable to the employee in the amount of the unpaid overtime

compensation.  The above statutory provisions provide the exclusive remedy for enforcing rights

created under the FLSA.  *Tombrello v. USX Corp.,* 763 F.Supp. 541, 544 (N.D.Ala. 1991)("claims

for wrongful refusal to pay and for work and labor, nothing more than claims for wages, must be

brought under the Fair Labor Standards Act, 29 U.S.C.A. § 216, the exclusive remedy for enforcing

these rights"); *see also, Nettles v. Techplan Corp.,* 704 F.Supp. 95, 100 (D.S.C.1988); *Platt v.

Burroughs Corp.,* 424 F.Supp. 1329, 1340 (E.D.Pa.1976); *Lerwill v. Inflight Motion Pictures, Inc.,*

343 F.Supp. 1027, 1029 (N.D.Cal.1972).

In Count Two of the First Amended Complaint, Plaintiffs claims that she "has actual and

implied contracts for the time specified to pay her for the hours she worked and to pay her as other

employees are paid for overtime hours."  (First Amended Complaint, Count Two) This is essentially

nothing more than a claim that the Defendant failed to pay Plaintiff overtime compensation, a statutory violation for which Section 216(b) of the FLSA provides the exclusive relief.[1]  Plaintiff's breach of contract claim is therefore due to be dismissed.

Race Discrimination Claim

Plaintiff's claim for racial discrimination is also preempted by the FLSA.  It is well established that the FLSA precludes a section 1983 action that seeks to enforce FLSA rights. *Kendall v. City of Chesapeake, Virginia,* 174 F.3d 437, 443 (4th Cir. 1999); *see also, Jarrett v. Alexander,* 235 F.Supp.2d 1208, 1211 (M.D.Ala. 2002)(holding that the FLSA precludes a § 1983 claim that seeks to enforce FLSA rights, but a §1983 claim for an independent violation is not preempted); *see also, Stone v. McGowan,* 308 F.Supp.2d 79, 87-88 (N.D.N.Y.2004).

In Count Four of the First Amended Complaint, Plaintiff alleges that "Montgomery County did demonstrate racial discrimination in its intentional violation of a federal law, the Fair Labor Standards Act, by denying Mary Jeter, a black woman, compensation for overtime hours, when white employees, similarly situated, were compensated.  Such acts violate the U.S. Civil Rights Acts, above noted."   (First Amended Complaint, Count Four) Earlier in her First Amended Complaint, Plaintiff claims that she is asserting "violations of the Fair Labor Standards Act and the Civil Rights Act of 1864, 1891, and 1991, Title 42 § 1831, by and through § 1981." (First Amended Complaint, p. 1, ¶ 3)[2]

---

[1] Plaintiff's claim that the Defendant failed to negotiate in good faith with her for the payment of overtime wages is also essentially nothing more than a claim for overtime wages that is also preempted by the comprehensive provisions of the FLSA.

[2] Section 1983 provides the sole cause of action against state actors (like Defendant Montgomery County) for violating § 1981.  *Butts v. County of Volusia,* 222 F.3d 891, 892-894 (11th Cir. 2000).

Plaintiff is clearly attempting to enforce a FLSA claim for overtime wages through § 1983 against Defendant Montgomery County. Plaintiff does not allege a constitutional violation that is independent of the alleged FLSA violation. To the contrary, Plaintiff's racial discrimination claim is based upon Defendant Montgomery County's alleged violation of the FLSA. Plaintiff's racial discrimination claim is therefore preempted by the FLSA which provides the exclusive remedy for the Plaintiff under the facts of this case. Plaintiff's racial discrimination claim should therefore be dismissed.

### C.  PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS BARRED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM.

*Ala. Code* § 6-5-20 provides that "[a]n action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant." This section was enacted to provide county commissions with notice of claims "and an opportunity to audit and investigate the claims." *Elmore County Comm'n v. Ragona,* 540 So. 2d 720, 723 (Ala. 1989). The filing of a claim with the county commission is a condition precedent to the maintenance of an action against a county. *Callens v. Jefferson County Nursing Home,* 769 So. 2d 273, 277 (Ala. 2000)); *Chumney v. Houston County,* 632 So. 2d 1328 (Ala. 1994).

All claims against counties must also be presented for allowance within 12 months after they accrue or become payable or the same are barred. *Ala. Code* § 11-12-8. Section 11-12-8 is actually a statute of nonclaim, one purpose of which is "to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past." *Chumney,* 632 So. 2d at 1329. "The motivation behind the creation of a statute of nonclaim in addition to a statute of limitations was to provide county governments with a broader defense than that provided by the statute of limitations, to bar not only remedies but also to extinguish debts and liabilities." *Id.; see also, Jacks v. Madison County,* 741 So. 2d 429, 431-432 (Ala.Civ.App. 1999). Additionally, all claims against counties must itemized, setting forth the amount of compensation demanded from the county.

Plaintiff's First Amended Complaint asserts a state law claim for breach of contract against Defendant Montgomery County.  Plaintiff has failed to allege she filed a notice of claim with the Montgomery County Commission prior to filing such claim, and in fact, Plaintiff has failed to file any such claim.  Plaintiff's state law claim for breach of contract is therefore due to be dismissed.  *Ford v. Jefferson County,* 774 So. 2d 600, 605-06 (Ala. Civ. App. 2000).

### D.    PLAINTIFF'S CLAIM FOR RETALIATION MUST BE DISMISSED.

In Count Three of the First Amended Complaint, Plaintiff claims that Defendant Montgomery County retaliated against her "when she exerted a claim for overtime pay."  There are no facts in Court Three supporting this claim. The "Fact" section of the Complaint states that Plaintiff made her complaint regarding overtime wages on January 31, 2006 to Bruce Howell, the director of the Montgomery County Youth Facility.  (First Amended Complaint, p. 3, ¶ 1; First Amended Complaint, p.2, ¶ 1) The "Fact" section further states that in April the Home Detention Program was suspended.  (First Amended Complaint, p. 2, ¶ 5) The "Fact" section also states that after Plaintiff made her written claim, she was retaliated against and harassed by Howell, shunned, spied upon and given a steeply increased workload.    (First Amended Complaint, p. 3, ¶ 1) Assuming these are the facts that support Plaintiff's retaliation claim, they are insufficient as a matter of law and the retaliation claim should be dismissed.

A prima facie case of retaliation under the FLSA requires the plaintiff to show that (1) she engaged in protected activity; (2) she subsequently suffered an adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.  *Wolf v. Coca-Cola Co,* 200 F.3d 1337, 342 (11th Cir. 2000).  "In demonstrating causation, the plaintiff must

prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights." *Id.* at 1343; *see also, Reich v. Davis,* 50 F.3d 962 (11th Cir. 1995).[3]

Plaintiff's first complaint of retaliation appears to be her claim that the Home Detention Program (which was a program that Plaintiff participated in, in addition to her full time duties) was suspended. Plaintiff claims this occurred in April of 2006 after her FLSA complaint was made on January 31, 2006.

<u>Causal Relation</u>

A plaintiff can satisfy the causal relation if she establishes that there was a "close temporal proximity" between the defendant's knowledge of protected activity, and the adverse action. *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004). The Supreme Court has held that "mere temporal proximity between . . knowledge of protected activity and an adverse . . . action . . must be 'very close.;" *Clark County Sch Dist. v. Breeden,* 532 U.S. 268, 273 (2001). The Eleventh Circuit has found a gap of three months to be insufficiently close in a retaliation case. *Higdon,* 393 F.3d at 1220; *see also, Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 397 (8th Cir. 20002)(two month gap insufficient); *Ruhling v. Tribune Co.,* Docket No. CV-04-2430(ARL) at * 19 (E.D.N.Y Jan 3, 2007)(passage of more than two months will defeat the retaliatory nexus).

The suspension of the Home Detention Program, which not only affected Plaintiff, but, by her own admission, a white female employee as well,(First Amended Complaint, p. ¶ 3), is not sufficiently close in time to the protected activity. Plaintiff's retaliation claim, based on the suspension of the Home Detention Program should therefore be dismissed.

---

[3] The analysis of FLSA retaliation claims is similar to the analysis of retaliation claims under Title VII, ADA/ADEA and FMLA. *See e.g., Brungart v. Bell SouthTelecomms., Inc.,* 231 F.3d 791 (11th Cir. 2000) (FMLA retaliation claim); *Farley v. Nationwide Mut.Ins.Co.,* 197 F.3d 1322 (11th Cir. 1999)(ADA and ADEA retaliation claims); *EEOC v White and Sons Enters.,* 881 F.2d 1006 (11th Cir. 1989)(FLSA and Title VII retaliation claims).

Failure to allege Adverse Action

Plaintiff's claim for retaliation is also defective because it fails to allege acts that qualify as adverse actions against the Plaintiff. An action is not adverse merely because the plaintiff does not like it or disagrees with it; "not everything that makes an employee unhappy is an actionable adverse action." *Doe v. Dekalb County Schol. Dist.,* 145 F.3d 1441, 1449 (11th Cir. 1998). There must be some "tangible negative effect" on the employee. *Id.* In *Davis v. Town of Lake Park,* 245 F.3d 1232, 1239 (11th Cir. 2001), the court held that an adverse employment action occurs when there is a serious and material change in the terms, conditions or privileges of employment. *See also, Vandesande v. Miami-Dade County,* 431 F.Supp.2d 1245, 1253 (S.D.Fla. 2006). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998).

Plaintiff states in the "Fact" Section of her First Amended Complaint that she was "retaliated against and harassed by Howell, shunned, spied upon and given a steeply increased workload." (First Amended Complaint, p. 3, ¶ 1) Plaintiff fails to set forth how she was harassed and retaliated by Howell so her retaliation claim as to this particular conduct is deficient. Moreover, the fact she was allegedly shunned or spied upon does not give rise to adverse action. *Dekalb County School Dist.,* 145 F. 3d at 1219-20 (rude behavior, accusations of not reporting to correct location, and fact that others were watching plaintiff did not amount to adverse action).

Plaintiff's complaint that she was given an increased work load also does not amount to adverse action. *See Mack v. Strauss,* 134 F.Supp.2d 103, 113-14 (D.D.C.2001)(holding that increased workload unaccompanied by some adverse change in the terms, conditions or privileges of employment did not constitute an actionable injury). "Mere inconveniences and alteration of job

responsibilities will not rise to the level of adverse action." *Stewart v. Evans,* 275 F.3d 1126, 1135 (D.C.Cir. 2002). "Employers are given discretion to assign work equally to employees as long as " 'the decision is not based upon unlawful criteria.'" *Moore v. Ashcroft,* 401 F.Supp.2d 1, 27 (D.C.Cir. 2005)**.** Plaintiff's FLSA retaliation claim is therefore due to be dismissed.

### E.    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE STRICKEN.

Plaintiff's claims for punitive damages must also be stricken.  Punitive damages may not be recovered against a County pursuant to 42 U.S.C. § 1983.  *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Colvin v. McDougall,* 62 F.3d 1316, 1319 (11th Cir. 1995); *Scott v. Estes,* 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999).   Under state law, punitive damages against a county are also barred.  *Ala. Code* § 6-11-26 (1975); *Harrelson v. Elmore County, Ala.,* 859 F.Supp. 1465, 1469 (M.D.Ala. 1994).   Punitive damages are also not recoverable under the FLSA for the failure to pay wages.  Instead, it was the intent of Congress that specific liquidated damages for wage claims are available under the appropriate circumstances.  29 U.S.C § 216(b); *Tombrello v. USX Corp.,* 763 F.Supp. 541, 546 (N.D.Ala.1991).  Punitive damages are also not authorized for violations of the FLSA's anti-retaliation provision. *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928 (11th Cir. 2000).  Plaintiff's prayer for punitive damages against Defendant Montgomery County should therefore be stricken.

### III.

### CONCLUSION

Based on the foregoing, Defendant Montgomery County respectfully requests that this Court dismiss the Plaintiff's First Amended Complaint and award the Defendant any other relief to which it may be entitled.

s/Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendant Montgomery County


**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for the Plaintiff:

Priscilla Black Duncan
P.B. Duncan & Associates, LLC
472 South Lawrence Street, Suite 204
Montgomery, Alabama 36104
(334) 264-9679
(334) 264-9643 (fax)

s/Constance C. Walker
Of Counsel