IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JAN 29 P 1: 00
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARY JETER, | ) |
| Plaintiff, | ) |
| v. | ) CV 2:06-cv-1043-MHT |
| MONTGOMERY COUNTY, | ) |
| Defendants. | ) |

**MOTION FOR LEAVE TO AMEND
FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Mary Jeter, and petitions this Honorable Court for leave to Amend Defendant's Second Motion to Dismiss.

1. Plaintiff has submitted original complaint and a first amended complaint as allowed under F.R.C.P 15 (a), as a matter of right, and now asks the Court to allow for a Second Amended Complaint, as the Defendant still has offered no responsive pleading in this case.

2. A Motion to Dismiss is not a responsive pleading. <u>Chivilis v. SEC</u>, 673 F.2d 1205, 1209 (11th Cir. 1982), cited in <u>Williams v. Board of Regents at the University of Georgia</u>, 441 F.3d, 1287 (11th Cir. 2006).

3. The Plaintiff's Second Amended Complaint deletes the demand for punitive damages and makes further causal connections between the events and counts named, in order to resolve the Defendant's stated confusion.

4. The Second Amended Complaint makes no additional charges nor adds or deletes any parties

1

and does not otherwise delay proceedings or burden the Defendant in this action.

Plaintiff has addressed all of the Defendant's objections and prays the Court to allow the case to proceed.

Respectfully submitted, this 29th of January, 2007.

*/s/ Priscilla Black Duncan*

Priscilla Black Duncan (DUN033)
Attorney for the Plaintiff

P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679 (334) 264-9643 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the Defendant's counsel by hand delivering a copy of same to the counsel for the Defendant this 29th day of January, 2007.

*/s/ Priscilla Black Duncan*

Constance Walker/Thomas Gallion III
Haskell, Slaughter, Young & Gallion
305 S. Lawrence St.
Montgomery AL 36104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY JETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 2:06-cv-1043-MHT |
| | ) | |
| MONTGOMERY COUNTY, | ) | JURY TRIAL |
| | ) | DEMANDED |
| Defendants. | ) | |

### SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff Mary Jeter, and brings this second amended complaint against Montgomery County for denial of earned wages and retaliation.

### JURISDICTION AND VENUE

Plaintiff is a resident of Montgomery County, Alabama, and is over the age of 19 years. Defendants include a governmental entity located in Montgomery County who directed the that took place there.

The complaint cites federal violations of the Fair Labor Standards Act §29 USC 8 (201 et sec.) and the Civil Rights Act of 1864, 1891 and 1991 Title 42 § 1983, by and through § 1981.

## FACTS

Plaintiff is an employee of Defendant Montgomery County Youth Facility, operated by Montgomery County, directed by Bruce Howell, Chief Probation Officer and Juvenile Court Administrator. On June 1, 2002, Plaintiff, designated a Youth Counselor II, was assigned to Home Detention Verification under a new program developed by then-Judge Richard Dorrough. The work required Plaintiff to call youths who had been placed under Home Detention for criminal violations. The calls, made seven days a week at random hours, were intended to verify that the youths were indeed at home in the evenings.

Plaintiff's new duties at night were in addition to her full-time job at the facility.

Plaintiff, who is black, was not compensated for her calling assignments performed five nights a week, Monday through Thursday. On the weekends, a white employee was assigned to make the calls as part of her 40-hour work week. Plaintiff only received overtime pay, 2 hours per night, when she took over duties for the white employee on the weekend. It was the MCYF's practice and policy to pay other intake personnel two hours of overtime pay for after-hours calls, whether the calls were received or not.

Plaintiff performed these home detention verification calls for most of four years. Plaintiff was never told by supervisors that she was eligible for overtime or compensation for the time worked. A white female who was assigned the duties in Plaintiff's absence, was paid overtime.

Plaintiff raised a written claim with the MCYF and Howell on Jan. 31, 2006, which was referred to the county attorney in March. In April, the program was suspended.

After Plaintiff made her written claim to the Montgomery County attorney, she has been retaliated against and harassed by Howell, shunned, spied upon and given a steeply increased workload.

Plaintiff has suffered serious mental, emotional and physical injury and distress, as a result of her treatment by Defendant.

## COUNT ONE

### FAIR LABOR STANDARDS ACT

Defendant Montgomery County has violated the Fair Labor Standards Act by denying overtime to the Plaintiff, a regular, non-exempt employee, compelled to perform duties in excess of 40 hours per week.

## COUNT TWO

### BREACH OF EMPLOYMENT CONTRACT

### BREACH OF CONTRACT OF GOOD FAITH AND FAIR DEALING

Defendant Montgomery County has actual and implied contracts with Plaintiff for the time specified to pay her for the hours she works and to pay her as other employees are paid for overtime hours. Her working contract with the Defendant is ongoing and exceeds the limitations of the Fair Labor Standards Act in time.

Furthermore, Montgomery County failed to negotiate in good faith with Mary Jeter for more than eight months in 2006, after she complained of unequal treatment and uncompensated overtime, using the time to attempt to discredit her.

3

## COUNT THREE

### RETALIATION

Defendant Montgomery County, through its agent, Defendant Bruce Howell, did retaliate against Plaintiff, when she exerted a claim for overtime pay. Howell canceled the Home Detention Progam, severely increased Plaintiff's work load. Plaintiff was further told by superiors that she was not a team player, shunned, and had made a mistake by asking for overtime. Complaints under the FLSA are protected from retaliation.

## COUNT FOUR

### RACIAL DISCRIMINATION

Employer Montgomery County did demonstrate racial discrimination in its intentional violation of the Fourteenth Amendment to the U.S. Constitution, by denying Plaintiff, a black woman, equal compensation for overtime hours that white employees, received. Such acts violate the equal protection guarantees of the 14th Amendment.

Plaintiff reserves the right to amend her claims pending further discovery.

### JURY TRIAL DEMANDED

WHEREFORE, Plaintiff demands remuneration for her lost income, interest, liquidated damages, attorney fees, court costs and damages for her suffering in the amount of $73,167.50 and whatever other benefits the court will allow.

Respectfully submitted, this 26th of January, 2007,

*[signature]*

Priscilla Black Duncan (DUN033)
Attorney for the Plaintiff


P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679
(334) 264-9643 FAX


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the Defendant's counsel by mailing it, postage paid, this the 26th day of January, 2007.

*/s/ Priscilla B. Duncan*

Constance Walker/Thomas Gallion III
Haskell, Slaughter, Young & Gallion
305 S. Lawrence St.
Montgomery AL 36104