IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY JETER, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case Number: 2:06cv1043-MHT |
| ] | |
| MONTGOMERY COUNTY, ] | |
| ] | |
| Defendant. ] | |

**DEFENDANT MONTGOMERY COUNTY'S OBJECTION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

COMES NOW Defendant Montgomery County and objects to Plaintiff's Motion for Leave to Amend First Amended Complaint, and further requests that this Court deny the motion on the ground the amendment would be futile. Defendant shows as follows:

**I. Procedural History**

On October 25, 2006, Plaintiff filed a Complaint against the Montgomery County Youth Facility and Bruce Howell in the Circuit Court of Montgomery County, Alabama. The action was removed to the United States District Court for the Middle District of Alabama, Northern Division, on November 20, 2006. (Doc. # 1) A Motion to Dismiss the Complaint was filed on November 27, 2006. (Doc. # 2)

On December 12, 2006, Plaintiff filed a First Amended Complaint asserting claims against Defendant Montgomery County. (Doc. # 7) Defendant Montgomery County filed a Motion to Dismiss the First Amended Complaint on January 16, 2007. (Doc. #. 16) On January 26, 2007, Plaintiff filed a Second Amended Complaint against Defendant Montgomery County. Plaintiff also filed an Answer to the Motion to Dismiss First Amended Complaint. On January 29, 2007, Plaintiff

1

filed a Motion for Leave to file her Second Amended Complaint. (Doc. # 20) On January 30, 2007, this Court ordered that the motion for leave to amend complaint was set for submission, without oral argument, on February 9, 2007, with all briefs due by said date. (Doc. # 21)

## II. Argument

Under Rule 15(a) Fed.R.Civ.P., (except in situations that are not relevant in this case), a litigant must obtain leave to amend the complaint or the consent of the adverse party, and leave "shall be freely given when justice so requires." Leave to amend may be denied, however, where there is (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by previously-allowed amendments to the complaint; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; or (4) where the amendment will be futile. *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC,* 421 F.3d 1227, 1236 (11th Cir. 2005). The proposed amendment, Plaintiff's Second Amended Complaint, should not be allowed because the amendment is futile.

### A.    Breach of Contract Claim.

In its Motion to Dismiss First Amended Complaint, Defendant argued that Plaintiff failed to state a claim for breach of contract because that claim was preempted by the Fair Labor Standards Act ("FLSA"). Section 207 of the FLSA grants certain employees a statutory right to be paid minimum overtime wages. Section 216(b) of the FLSA further provides that an employer who violates section 207 is liable to the employee in the amount of the unpaid overtime compensation. The FLSA provides the exclusive remedy for enforcing rights created under the FLSA. *Tombrello v. USX Corp.,* 763 F.Supp. 541, 544 (N.D.Ala. 1991)("claims for wrongful refusal to pay and for work and labor, nothing more than claims for wages, must be brought under the Fair Labor

Standards Act, 29 U.S.C.A. § 216, the exclusive remedy for enforcing these rights"); *see also, Nettles v. Techplan Corp.,* 704 F.Supp. 95, 100 (D.S.C.1988); *Platt v. Burroughs Corp.,* 424 F.Supp. 1329, 1340 (E.D.Pa.1976); *Lerwill v. Inflight Motion Pictures, Inc.,* 343 F.Supp. 1027, 1029 (N.D.Cal.1972).

In Plaintiff's proposed Second Amended Complaint, Count Two, Plaintiffs claims that Defendant Montgomery County "has actual and implied contracts with Plaintiff for the time specified to pay her for the hours she works and to pay her as other employees are paid for overtime hours. Her working contract with the Defendant is ongoing and exceeds the limitations of the Fair Labor Standards Act in time." (Second Amended Complaint, Count Two) In her Answer to the Defendant's Motion to Dismiss First Amended Complaint, Plaintiff explains that she should be allowed to proceed with this state law claim for breach of contract for overtime wages because the statute of limitations for recovery for breach of contract under Alabama law is six years, and she can only go back three years and recover overtime wages under the FLSA. (Answer to Defendant's Motion to Dismiss First Amended Complaint, p. 3, B) According to Plaintiff, the different statute of limitations under state law makes her state law claim for breach of contract exceed the limitations of the FLSA in time, and therefore the state law claim is not preempted. (Id.)

Plaintiff's argument fails. The FLSA does not preempt state law claims for overtime wages that are based upon the employer's agreement to pay the plaintiff compensation over and above the minimum requirements of the FLSA. *See Avery v. City of Talladega,* 24 F.3d 1337, 1348 (11th Cir. 1994). Plaintiff has not alleged that she has a contract with Montgomery County whereby Montgomery County contracted to pay her overtime wages over and above that which is required by the FLSA (i.e., overtime for work performed over 40 hours per week). There is no question that

Plaintiff seeks overtime wages as a result of the Defendant's alleged failure to pay her what is required by § 207 of the FLSA - compensation for work she performed over forty hours per week. Plaintiff's breach of contract claim is nothing more than a claim for overtime wages that are statutorily required to be paid under the FLSA. Plaintiff's breach of contract claim is therefore preempted by the FLSA. *See Tombrello v. USX Corp.,* 763 F.Supp. 541, 544 (N.D.Ala. 1991); *Nettles v. Techplan Corp.,* 704 F.Supp. 95, 100 (D.S.C.1988); *Platt v. Burroughs Corp.,* 424 F.Supp. 1329, 1340 (E.D.Pa.1976); *Lerwill v. Inflight Motion Pictures, Inc.,* 343 F.Supp. 1027, 1029 (N.D.Cal.1972).

Plaintiff's argument that she is seeking something over and above the FLSA based on the longer statute of limitations in Alabama does not change this result. The relevant inquiry is whether a plaintiff seeks compensation that the employer agreed to pay that is more than what is required under the FLSA. The fact a statute of limitations may be more advantageous under state law than under the FLSA does not mean that the employer has contracted to pay Plaintiff more overtime wages than what is required under the FLSA. Even if the statute of limitations were relevant, the statute of limitations in Alabama for recovery of wages is only two years, which is actually less that the recovery period under the FLSA for wilful violations. *See Ala. Code* § 6-2-36(m)(Two-year limitations period for all actions for the recovery of wages, overtime, damages, fees, or penalties accruing under the laws respecting the payment of wages, overtime, damages, fees, and penalties).

Plaintiff's motion for leave to amend should also be disallowed on the grounds of futility because Plaintiff failed to file a notice of claim with the Montgomery County Commission prior to filing this lawsuit. Plaintiff acknowledges that she has not filed such a claim in her Answer to Defendant's Second Motion to Dismiss. (See Answer to Defendant's Second Motion to Dismiss,

p. 4)  Filing a notice of claim, prior to filing a state law claim for damages, is a precondition to filing suit against a county.  *Callens v. Jefferson County Nursing Home,* 769 So. 2d 273, 277 (Ala. 2000); *Ford v. Jefferson County,* 774 So. 2d 600, 605-06 (Ala. Civ. App. 2000).  Plaintiff states in her Answer to Motion to Dismiss that she intends to file a claim with the Montgomery County Commission. (Answer, p. 5)  Filing the claim now will not help the Plaintiff.  The Court is required to look at the amended complaint that is before it.  Plaintiff has failed to allege in the Second Amendment Complaint that she filed a notice of claim prior to filing her lawsuit against Montgomery County.  Filing a notice of claim before filing a lawsuit is required; filing a notice of claim after filing the lawsuit will not cure this defect.  *See Ford,* 774 So. 2d at 606.  Plaintiff's motion for leave to file the Second Amended Complaint should therefore be denied on the ground of futility.

Plaintiff's argument that Montgomery County has waived the right to rely on the notice of claim statute is also without merit.  (Plaintiff's Answer to Second Motion to Dismiss, p. 4)  In her Second Amended Complaint Plaintiff fails to allege that she was persuaded or assured by the Defendant that it was not necessary to file a notice of claim, or that she was reassured that she had perfected her claim against Montgomery County.  (*See, City of Montgomery v. Weldon,* 280 Ala. 463, 195 So. 2d 110 (Ala. 1967), relied upon by the Plaintiff)  This is not alleged in Plaintiff's Second Amended Complaint, and certainly cannot be substantiated.  Plaintiff's proposed amendment is futile and her motion to amend should therefore be denied.

Plaintiff's Second Amended Complaint also alleges that she has an independent cause of action for breach of contract because Defendant Montgomery County failed to settle her claim for overtime wages. (Second Amended Complaint, p. 3)  Plaintiff claims this amounts to a breach of

5

contract for good faith and fair dealing. (Id.) Under Alabama law, when parties enter into a contract, there is an implied covenant that neither party will do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract. *Hunter v. Wilshire Credit Corp.,* 927 So. 2d 810, 813 (Ala. 2005). In other words, every contract imposes upon each party the duty of good faith and fair dealing in the performance of that contract and its enforcement. *Id.*

Plaintiff's claim that Defendant breached its duty of good faith and fair dealing by not paying her claim for overtime is nothing more than a claim for breach of contract to pay overtime wages. And, for the reasons discussed above, this breach of contract claim seeks overtime wages for Plaintiff's alleged work performed over 40 hours per week, and is thus preempted by the FLSA. This claim for breach of contract based upon an alleged failure to deal in good faith is the same as a claim seeking the payment of overtime wages. This claim is preempted by the FLSA, and Plaintiff's motion for leave to amend should be denied on the ground it is futile.

  **B. Racial Discrimination Claim.**

Plaintiff's claim for racial discrimination is also preempted by the FLSA. The FLSA precludes a section 1983 action that seeks to enforce FLSA rights. *Kendall v. City of Chesapeake, Virginia,* 174 F.3d 437, 443 (4th Cir. 1999); *see also, Jarrett v. Alexander,* 235 F.Supp.2d 1208, 1211 (M.D.Ala. 2002)(holding that the FLSA precludes a § 1983 claim that seeks to enforce FLSA rights, but a §1983 claim for an independent violation is not preempted); *see also, Stone v. McGowan,* 308 F.Supp.2d 79, 87-88 (N.D.N.Y.2004).

In Count Four of the Second Amended Complaint, Plaintiff alleges that "Montgomery County did demonstrate racial discrimination in its intentional violation of the Fourteenth

Amendment to the U.S. Constitution, by denying Plaintiff, a black woman, equal compensation for overtime hours that white employees, received." (Second Amended Complaint, p. 4)

Even though she has slightly changed the wording of her racial discrimination claim, Plaintiff is still attempting to enforce a claim for overtime wages under the FLSA through § 1983. Plaintiff's racial discrimination claim is based upon an alleged violation of the FLSA, i.e., Montgomery County's alleged failure to pay the Plaintiff overtime wages when she worked over forty hours per week. Plaintiff's racial discrimination claim is therefore preempted by the FLSA which provides the exclusive remedy for the Plaintiff under the facts of this case.

**C.    Retaliation Claim.**

Plaintiff's motion to amend to allege a new retaliation claim should also be denied on the grounds of futility. In Count Three of the Second Amended Complaint, Plaintiff claims that Defendant Montgomery County retaliated against her "when she exerted a claim for overtime pay." The Second Amended Complaint further states that Defendant canceled the Home Detention Program, severely increased her work load, and that she was told by superiors that she was not a team player, that she was shunned, and that she had made a mistake by asking for overtime. (Second Amended Complaint, p. 4)

As set forth in Defendant Montgomery County's Motion to Dismiss First Amended Complaint, Plaintiff's retaliation claim is deficient for several reasons and is due to be dismissed. With respect to Plaintiff's claim that the cancellation of the Home Detention Program was adverse action and thus retaliation, Plaintiff has failed to state a claim for retaliation due to her failure to allege a sufficient causal relation between this act and her complaint regarding overtime wages.

A plaintiff can satisfy the causal relation if she establishes that there was a "close temporal proximity" between the defendant's knowledge of protected activity, and the adverse action. *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004). The Supreme Court has held that "mere temporal proximity between . . knowledge of protected activity and an adverse . . . action . . must be 'very close.;" *Clark County Sch Dist. v. Breeden,* 532 U.S. 268, 273 (2001). The Eleventh Circuit has found a gap of three months to be insufficiently close in a retaliation case. *Higdon,* 393 F.3d at 1220; *see also, Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 397 (8th Cir. 20002)(two month gap insufficient); *Ruhling v. Tribune Co.,* Docket No. CV-04-2430(ARL) at * 19 (E.D.N.Y Jan 3, 2007)(passage of more than two months will defeat the retaliatory nexus).

The suspension of the Home Detention Program affected the Plaintiff and another white employee, and is not sufficiently close in time to the Plaintiff's complaint about overtime wages. According to the Second Amended Complaint, the program was canceled in April of 2006, more than two months after Plaintiff made her complaint on January 31. (Second Amended Complaint, p. 2, ¶ 5) This is insufficient for a causal relation between the Plaintiff's complaint about overtime and the cancellation of the home detention program.

The cancellation of the home detention program, as well as the other acts alleged in the Second Amended Complaint, also fail to qualify as adverse actions against the Plaintiff. An action is not adverse merely because the plaintiff does not like it or disagrees with it; "not everything that makes an employee unhappy is an actionable adverse action." *Doe v. Dekalb County Schol. Dist.,* 145 F.3d 1441, 1449 (11th Cir. 1998). There must be some "tangible negative effect" on the employee. *Id.* In *Davis v. Town of Lake Park,* 245 F.3d 1232, 1239 (11th Cir. 2001), the court held that an adverse employment action occurs when there is a serious and material change in the terms,

8

conditions or privileges of employment. *See also, Vandesande v. Miami-Dade County,* 431 F.Supp.2d 1245, 1253 (S.D.Fla. 2006). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). The acts set forth in the Second Amended Complaint do not amount to adverse action sufficient to support a claim for retaliation. *See Dekalb County School Dist.,* 145 F. 3d at 1219-20 (rude behavior, accusations of not reporting to correct location, and fact that others were watching plaintiff did not amount to adverse action).

Plaintiff's claim that she was given an increased work load also does not amount to adverse action. *See Mack v. Strauss,* 134 F.Supp.2d 103, 113-14 (D.D.C.2001)(holding that increased workload unaccompanied by some adverse change in the terms, conditions or privileges of employment did not constitute an actionable injury). "Mere inconveniences and alteration of job responsibilities will not rise to the level of adverse action." *Stewart v. Evans,* 275 F.3d 1126, 1135 (D.C.Cir. 2002). "Employers are given discretion to assign work equally to employees as long as " 'the decision is not based upon unlawful criteria.'" *Moore v. Ashcroft,* 401 F.Supp.2d 1, 27 (D.C.Cir. 2005)**.** Accordingly, Plaintiff's Second Amended Complaint fails to state a claim for retaliation against the Defendant. Her proposed amendment should therefore be disallowed on the grounds of futility.

### III. Conclusion

Defendant Montgomery County respectfully requests that this Court deny Plaintiff's Motion for Leave to Amend First Amended Complaint.

            <u>s/Constance C. Walker</u>
            Thomas T. Gallion, III (ASB-5295-L74T)
            Constance C. Walker (ASB-5510-L66C)
            Attorneys for Defendant Montgomery County

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 8th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for the Plaintiff:

Priscilla Black Duncan
P.B. Duncan & Associates, LLC
472 South Lawrence Street, Suite 204
Montgomery, Alabama 36104
(334) 264-9679
(334) 264-9643 (fax)

                s/Constance C. Walker
                Of Counsel