IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY JETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-2006-1043 MHT |
| | ) |
| | ) |
| MONTGOMERY COUNTY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

COMES NOW, Plaintiff Mary Jeter, and files this response to Defendant's Motion to Strike Plaintiff's Exhibits.

1. The exhibits submitted by the Plaintiff do not reflect any compromise or offer of valuable consideration made by the Defendant, but do follow the outline of F.R.E. 408 in that, they are submitted to show the bad faith conduct of the Defendant over a period of months.

2. Rule 408 also requires a disputed claim. The claim has not been disputed by the Defendant, "as to either validity or amount."

3. "The rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose…" F.R.E 408.

4. Here the evidence is presented to show Defendant's attempts to delay litigation by implying good faith efforts in settlement of an undisputed claim. (Ex. 1); Plaintiff's attempts to document her complaint as requested by Defendant (Ex. 2)

and Plaintiff's sworn affidavit, which Defendant states, after a year of discussion, that it requires to consider her state claim.

5. Furthermore, inadmissibility at trial, even if this were true, does not justify granting a Motion to Strike, which in the instant argument, would require "insufficient defense or any redundant, immaterial, impertinent or scandalous material." F.R.C.P. 12(f), none of which applies to the exhibits presented.

Defendant's Brief does not relate to the Court's request for a response on Defendant's Motion to Strike and addresses topics previously covered by the Plaintiff's last brief. Plaintiff would, however, make the following points.

6. Defendant cites to Burlington Industries v. Ellerth, 524 U.S. 742, (1998) to argue that the actions taken in retaliation against Plaintiff are not sufficient to sustain the charge. However, this is neither a sexual harassment case nor a Title VII case, and Defendant makes no showing of application to FLSA matters.

7. Nevertheless, the Ellerth decision has been redefined as recently as December 26, 2006, in Wallace v. Georgia Dept. of Transp.. 2006 WL 3626967, *2 (11th Cir. Ga. 2006), to note that an employee doesn't have to be fired to be retaliated against.

> "We have stated that "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1238 (11th Cir .2001), and that to prove an adverse employment action "an employee must show a *serious and material*

> *change in the terms, conditions, or privileges of employment."* Id.
> *"Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances."* Id. at 1239.

Plaintiff contends the change in her conditions of employment are material and adverse as a direct result of changes in her job duties, following the initial response of the Defendant on March 3, 2006. (Ex. 1).

8. The dynamics of a Rule 12 Motion for Dismissal, whether under Alabama or Federal Rules of Civil Procedure places an extremely high threshold before the movant:

> "A motion to dismiss for failure to state a claim should seldom be granted. A motion to dismiss should be granted only when it appears on the face of the complaint the plaintiff can prove no set of facts entitling him to relief. <u>Alorna Coat Corp., Inc. v. Behr,</u> 408 So.2d 496 (Ala.1981). Dismissal is proper only when it is clearly demonstrated that plaintiff has no claim upon which relief can be granted under any set of provable facts according to a cognizable theory of law. <u>Weeks v. East Alabama Water, Sewer and Fire Protection Dist.</u>, 401 So.2d 26 (Ala.1981). Against a motion to dismiss, a complaint must be construed in favor of the pleader and should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no facts in support of the claim which would entitle him to relief under some legally cognizable theory. <u>Roberts v. Meeks</u>, 397 So.2d 111 (Ala.1981).

In the federal view: "A complaint filed in a federal court should not be dismissed for want of jurisdiction because of a mere technical defect, such as would make it subject to a special motion to clarify. Jud.Code, §§ 24, 37, 28 U.S.C.A. §§ 41, 80. <u>Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.</u> 320 U.S. 238, 64 S.Ct. 5 (U.S. 1943).

WHEREFORE, Plaintiff asks the Court to move this matter forward in the interest of judicial economy in resolving the Plaintiff's complaint, so detailed.

Respectfully submitted,

/s/  Priscilla Black Duncan
Attorney for the Plaintiff (ASB 4706D65P)

P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679
(334) 264-9643 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Constance C. Walker/ Thomas T. Gallion
Attorneys for Defendant

/s/ Priscilla Black Duncan