IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARY JETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:06cv1043-MHT |
| | ) | (WO) |
| MONTGOMERY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Mary Jeter brings this lawsuit against

defendant Montgomery County for denial of earned wages,

retaliation, and race discrimination.   Jeter brings

overtime and retaliation claims under the Fair Labor

Standards Act of 1938 (FLSA), as amended, 29 U.S.C.

§§ 201-219, a race-discrimination claim under the equal

protection clause of the Fourteenth Amendment as enforced

through 42 U.S.C. § 1983, and a state-law claim for breach

of contract.   Now pending before the court are the

county's motion to dismiss for failure to state a claim,

Jeter's motion for leave to amend her complaint, and the

county's motion to strike the exhibits Jeter filed in

support of her response to the county's motion to dismiss. For the reasons that follow, the motion to strike will be denied, the motion for leave to amend will be granted, and the motion to dismiss will be granted in part and denied in part.

## I. FACTS

The facts as alleged in Jeter's complaint are as follows. Beginning in June 2002, Jeter, an employee of the county youth facility, was assigned to the home-detention-verification program, which required her to place telephone calls during evening and weekend hours to verify the location of youths designated to home confinement. Because of Jeter's after-hours assignment, she worked more than 40 hours each week, but she did not receive overtime compensation. Jeter performed these overtime duties without overtime compensation for nearly four years and was never told that she was eligible for overtime pay. Jeter is black, and a white female employee

who was assigned the same duties in Jeter's absence was paid overtime.

On January 31, 2006, Jeter filed a written claim with her employer.  Shortly after Jeter's claim was forwarded to a county attorney, the director of the youth facility canceled the home-detention program and increased Jeter's workload.  Jeter's superiors told her she made a mistake by asking for overtime and otherwise shunned her.

## II. PROCEDURAL BACKGROUND

Jeter initially filed this action in state court, naming as defendants the Montgomery County Youth Facility and its director, Bruce Howell.  The facility and its director removed the case to federal court and filed a motion to dismiss on grounds that the youth facility was not a suable entity and that Jeter had failed to a state a claim against  Howell upon which relief could be granted.  Jeter subsequently amended her complaint to name Montgomery County as the sole defendant, and this court denied the motion to dismiss.  At that point, the county

3

filed another motion to dismiss for failure to state a claim.  Jeter filed a response that includes argument, supporting exhibits, and a second amended complaint with a motion for leave to file the same.  The county opposes Jeter's motion for leave to amend her complaint a second time and additionally has moved to strike Jeter's exhibits.  All three motions--to dismiss, to amend, and to strike--are now pending before the court.

### III. DISCUSSION

### A. Introduction

The court must first decide in what order it should decide the motions.  Deciding them in the order they were filed would not necessarily be efficient or just.  More specifically, the court's rulings on the motions to strike and for leave to amend would affect the merits of the motion to dismiss.  Accordingly, the court will first rule on the motion to strike.  Next, because the county's basis for its opposition to Jeter amending the complaint is that such amendment would be futile in light of its motion to

4

dismiss, the court will consider the merits of the motion to dismiss against the facts and claims in the second amended complaint, and then decide both the motion to amend and motion to dismiss accordingly.


### B. Motion to Strike

Jeter's response in opposition to the county's motion to dismiss contains several exhibits, and the county has moved to strike the exhibits.   Jeter contends that the exhibits prove the county had notice of her claim and knows it is liable for overtime pay.   The county argues that the exhibits constitute settlement negotiations inadmissible under the Federal Rules of Evidence and that materials outside the pleadings are not permitted at the motion-to-dismiss stage under Rule 12(b)(6) of the Federal Rules of Civil Procedure.


### 1.

A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure.   Rule 12(f) provides

that "the court may order stricken from any <u>pleading</u> any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added).  Rule 7(a) of the Federal Rules of Civil Procedure provides that a "pleading" is only a "complaint," "answer," "reply to a counterclaim," "answer to a cross-claim," "third-party complaint," "third-party answer," "reply to an answer," or "reply to a third-party answer."

The terms of Rules 12(f) and 7(a) make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike" and that "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 12.37[2] (3d ed. 2006).  <u>See also</u> <u>Burns v. Lawther</u>, 53 F.3d 1237, 1241 (11th Cir. 1995) (per curiam) (only the items listed in Rule 7(a) constitute pleadings); <u>Lawhorn v. Atl. Refining Co.</u>, 299 F.2d 353, 357 (5th Cir. 1962)[1] (a motion to dismiss is not

---

1.  In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of (continued...)

a pleading); 2 Moore, _supra_, § 7.02[1][b], at 7-7 ("A motion in any form cannot stand as a pleading.").

From Rules 12(f) and 7(a), it follows perforce that a response in opposition to a motion to dismiss is not a "pleading." Accordingly, the court will deny the county's motion to strike and will not strike the exhibits from Jeter's response. _See_ _Lowery v. Hoffman_, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (Thompson, J.) ("as an initial matter, the motion to strike must be denied as to all non-pleadings").

### 2.

In its motion to strike, the county asks that in the alternative the court not consider the exhibits in ruling on its motion to dismiss. The court agrees not to consider the exhibits. _Cf_. _Norman v. Southern Guar. Ins. Co._, 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002) (Thompson,

---

1.  (...continued)
Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

J.) (in resolving the pending summary-judgment motion, the court will implicitly consider the improperly filed motion to strike as, instead, notice of objections to the testimony described in the motion).

When a party moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and matters outside the pleading are presented in connection therewith, the court has two options.[2]  First, the court may, at its discretion, exclude the outside material and not consider it in reaching the merits of the motion. <u>Jones v. Auto. Ins. Co. of Hartford</u>, 917 F.2d 1528, 1532 (11th Cir. 1990).  Alternatively, the court may choose not to exclude the outside material, but then it must convert the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P.

---

2.  Matters outside the pleading include "any written or oral evidence in support or in opposition to the pleading that provides some substantiation for the pleadings." <u>Concordia v. Bendekovic</u>, 693 F.2d 1073, 1075 (11th Cir. 1982); <u>see</u> 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1366, at 180-82 (3d ed. 2004).

12(b).  <u>See generally</u> 5C Charles Alan Wright & Arthur R.

Miller, <u>Federal Practice & Procedure</u> § 1366 (3d ed. 2004).

Here, Jeter has submitted matters outside the pleading

in support of her opposition to the county's Rule 12(b)(6)

motion to dismiss.  Rather than convert the motion into

one for summary judgment, the court will exercise its

discretion not to consider the exhibits and to rule on the

merits of the Rule 12(b)(6) motion based on the pleading

alone.


### C. Motion for Leave to Amend Complaint

#### 1.

The next question is whether Jeter may amend her first

amended complaint.  Rule 15(a) of the Federal Rules of

Civil Procedure provides that, after a party has amended

its pleading once as a matter of course, as was done here,

subsequent amendments may occur only by leave of the

court.  However, the rule also provides that leave to

amend "shall be freely given when justice so requires."

Fed. R. Civ. P. 15(a).  A plaintiff should generally be

allowed to test his claim on the merits, but the liberal amendment policy prescribed by Rule 15 does not mean that leave will be granted in all cases. Indeed, in determining whether "justice so requires" that leave to amend be granted, district courts may consider such factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1236 (11th Cir. 2005); Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990), overruled on other grounds, McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994).

Here, the county does not argue that it would suffer any prejudice if leave to amend is granted, nor does it allege that Jeter has acted in bad faith. The county's only objection is that the amendment is futile because it would not defeat the county's pending motion to dismiss

10

for failure to state a claim upon which relief can be granted.  Although allowing the amendment may cause some delay in the proceedings, this slight delay is outweighed by the interest in the resolution of Jeter's claims on their merits to the extent her second amended complaint is a sufficient one.  Furthermore, as Jeter points out, the county has not yet filed its answer to the first amended complaint.  Accordingly, unless Jeter's amendments would be futile, leave to amend will be granted.

In order to assess the county's futility argument, the court must hypothetically assess the merits of the county's motion to dismiss the first amended complaint against the claims and allegations set forth in the second amended complaint.  The court now turns to that task.

### 2.

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  Hishon

v. King & Spalding, 467 U.S. 69 (1984).  In evaluating a
motion to dismiss, the court will accept as true all
well-pleaded factual allegations and will view them in a
light most favorable to the nonmoving party.  Id. at 7;
Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333, 1335
(11th Cir. 2002).  "The issue is not whether a plaintiff
will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims." Sheuer
v. Rhodes, 416 U.S. 232, 236 (1974).  The threshold for a
complaint to survive a motion to dismiss for failure to
state a claim is "exceedingly low."  Ancata v. Prison
Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).
Additionally, a motion to dismiss may be granted as to
only part of a complaint and denied as to the remainder.
See, e.g., Chepstow Ltd. v. Hunt, 381 F.3d 1077 (11th Cir.
2004) (reversing district court's dismissal of some of
plaintiff's claims, while affirming dismissal of other
claims); Decker v. Massey-Ferguson, Ltd., 681 F.2d 111,
115 (2d Cir. 1982) ("a Rule 12(b)(6) motion to dismiss
need not be granted nor denied in toto but may be granted

as to part of a complaint and denied as to the remainder"); <u>see also</u> 5C Wright & Miller, <u>supra</u>, § 1358.


3.

The court begins with count one of Jeter's claim, violation of the FLSA.  It appears that the county's only argument against count one is that which covers the entire complaint: the county argues that Jeter's complaint must be dismissed because she fails to plead facts in discrete counts to support each claim and because each claim contains unsupported conclusions of law.  According to the county, it "should not be required to guess what facts support each claim in order to frame a responsive pleading."  Def. Mot. Dismiss at 5.

The county's argument is not a winning one.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires no more than "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993); <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41, 47 (1957).  Jeter's complaint--both before and after amendments--does just that.  Jeter sets forth just over a page of facts, and count one claims that the county violated the FLSA by not paying her overtime for work she did in excess over 40 hours per week.  There can be no doubt from the face of Jeter's complaint which alleged facts support her FLSA claim.

The cases the county cites are clearly distinguishable.  In <u>Magluta v. Samples</u>, 256 F.3d 1282 (11th Cir. 2001), the complaint was 58 pages long, contained 146 numbered paragraphs of factual allegations, named 14 defendants, and did not delineate which facts applied to which defendants and which counts, such that for each count "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."  256 F.3d at 1284.  Here, by contrast, Jeter has complied with the requirement of Rule 8(e) that "[e]ach averment of a pleading be simple, concise, and direct."  And, in <u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1271-72 (11th Cir. 2004), the plaintiffs

made "wholly conclusory allegations" of intentional race discrimination unsupported by specific facts.  Here, by contrast, the facts alleged by Jeter, if true, support a claim that the county violated the FLSA.  Accordingly, count one of the second amended complaint would survive the county's motion to dismiss.

### 4.

The court now turns to count two of Jeter's complaint, as amended, her state-law claim for breach of contract. Jeter alleges that her employer's failure to pay her overtime breached actual and implied contracts, and additionally alleges that the county breached its contractual obligation to negotiate in good faith after Jeter complained about her lack of overtime pay.  The county has two arguments for why this claim is due to be dismissed: first, because it is preempted by the FLSA; and, second, because Jeter failed to file a notice of claim as required by Alabama state law, 1975 Ala. Code §§ 6-5-20, 11-12-8.

15

The court need not decide the preemption issue because the county prevails on the notice-of-claim defense alone. Pursuant to §§ 6-5-20 and 11-12-8, presenting a claim to the county commission within 12 months of the accrual of the claim is a condition precedent to the commencement of a lawsuit against a county. Callens v. Jefferson County Nursing Home, 769 So.2d 273, 277 (Ala. 2000); Williams v. McMillan, 352 So.2d 1347 (Ala. 1977). The purposes of the statutes are to provide the county an opportunity to audit and investigate claims against it, Helms v. Barbour County, 914 So.2d 825, 829 (Ala. 2005), and to guard against excessive demands on the revenue in a particular year growing out of occurrences in the too distant past, Rice v. Tuscaloosa County, 4 So.2d 497, 499 (Ala. 1941). Jeter's complaint does not allege that she presented a claim prior to filing suit, and Jeter, in her response, admits that she did not.[3] Instead, Jeter asserts that the

------

3. To be sure, the county's notice-of-claim defense is not contained within the four corners of Jeter's complaint, even as amended. Cf. Rice v. Tuscaloosa County, 4 So.2d 497, 500 (Ala. 1941) (construing
(continued...)

county is estopped from raising the notice-of-claim
defense because the county entered into settlement
negotiations with her, thereby indicating that it had
actual notice of the claim.

The law does not support Jeter's estoppel argument.
Jeter cites only one case, <u>City of Montgomery v. Weldon</u>,
195 So.2d 110 (Ala. 1967), in support of her estoppel
theory.  In <u>Weldon</u>, although the court held that the city
was estopped from asserting the notice-of-claim defense,
"the sole issue [was] stated as follows: whether a
municipality may actively mislead a citizen who was
injured on its streets by its negligence, by representing
to him that his claim is sufficiently filed and perfected,
and by urging him not to hire an attorney or to take any
further action for a year; and, after having led him into

_____

3.   (...continued)
predecessor statute to 1975 Ala. Code § 11-12-8 as
requiring that timely presentation of claim be averred in
complaint); <u>Scarbrough v. Watson</u>, 37 So. 281, 281 (Ala.
1904) (same for predecessor statute to § 6-5-20).   The
court need not decide whether the defense can be
considered in opposition to a motion to amend, because
the parties have not opposed its consideration by the
court here.

error, successfully set up his failure to strictly comply
with the statutory requirements of a verified claim...."
195 So.2d at 112.   Here, in contrast, Jeter does not
allege in her complaint, nor does she otherwise argue,
that the county actively misled her by representing to her
that her claim was perfected.   See Large v. City of
Birmingham, 547 So.2d 457, 458-59 (Ala. 1989)
(distinguishing Weldon on such grounds).   Accordingly,
Jeter's state-law claim is barred by her failure to comply
with the notice-of-claim statute.

### 5.

Count three is a retaliation claim under the FLSA.   In
Jeter's response to the county's motion to dismiss, she
states that her second amended complaint "deletes the
demand for ... retaliation," but in fact the retaliation
claim reappears in the second amended complaint.   The
court will not treat the retaliation claim as abandoned
and will evaluate its merits against the county's motion
to dismiss.

18

Jeter alleges that after she complained about her lack of overtime pay, the home detention verification program was canceled, her workload increased, she was told by superiors that she was not a team player and had made a mistake by asking for overtime, and she was otherwise harassed, shunned, and spied upon.  The county argues that Jeter fails to state a claim for retaliation under the FLSA because none of the allegedly retaliatory actions taken by Jeter's employer qualified as 'adverse employment actions' within the meaning of the FLSA.  The county also argues that Jeter's allegations are insufficient to establish a causal relationship between her complaint and those actions.

The county's arguments are unavailing.  It is true that an employer's retaliatory action must be "adverse" in order to be prohibited by the FLSA.  <u>Wolf v. Coca-Cola Co.</u>, 200 F.3d 1337, 1342-43 (11th Cir. 2000).  However, the county is incorrect to insist that the conduct alleged by Jeter could never qualify as adverse within the meaning of the statute.  In <u>Burlington Northern & Santa Fe Railway</u>

<u>Co. v. White</u>, ___ U.S. ____, 126 S.Ct. 2405 (2006), the Supreme Court clarified the standard for the "level of seriousness" to which an employer's retaliatory act must rise before it becomes actionable retaliation: "the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which ... means that it well might have dissuaded a reasonable worker" from engaging in the protected activity. ___ U.S. at ____, 126 S.Ct. at 2415.  The Court acknowledged that "it is important to separate significant from trivial harms" because Congress's intent was to "prohibit[] employer actions that are likely to deter" employees from engaging in protected activity under the statute.  <u>Id</u>. Because "the significance of any given act of retaliation will often depend on the particular circumstances" of a case, <u>id</u>., the "legal standard speaks in general terms rather than specific prohibited acts," <u>id</u>. at 2416.

Admittedly, <u>White</u> is a retaliation case brought under Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, whereas Jeter's

20

claim is for FLSA retaliation.  However, the retaliation provision of the FLSA uses language nearly identical to that of Title VII.  Compare Title VII, 42 U.S.C. § 2000e-3(a) ("It shall be unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." (emphasis added)) with FLSA, 29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." (emphasis added)).  Recognizing the similarities between the statutes, the First Circuit Court of Appeals "regard[s] Title VII, [the Age Discrimination in Employment Act of

21

1967 (ADEA), 29 U.S.C. §§ 621-634], [the Employee
Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.
§§ 1001-1461], and FLSA as standing in pari passu and
endorse[s] the practice of treating judicial precedents
interpreting one such statute as instructive in decisions
involving another." Serapión v. Martínez, 119 F.3d 982,
985 (1st Cir. 1997). Furthermore, the Tenth Circuit Court
of Appeals has held that White is applicable to the anti-
retaliation provisions of other federal statutes. Metzler
v. Fed. Home Bank of Topeka, 464 F.3d 1164, 1171 n.2 (10th
Cir. 2006) (White applies to retaliation claims under the
ADEA, the Family and Medical Leave Act of 1993 (FMLA), 29
U.S.C. §§ 2601-2654, and the Americans with Disabilities
Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117, 12203).
Based on the comparable language in the statutes, the
similar purposes of anti-retaliation provisions, and the
case law from other circuits, the court concludes that
White is applicable to a claim for retaliation under the
FLSA.

Here, the court cannot rule out the possibility that the retaliatory acts of which Jeter complains are not materially adverse as that standard is explained by the White court.  It is certainly not clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  See Hishon v. King & Spalding, 467 U.S. 69 (1984).  The court would have to see what "all the circumstances" of this case are before it could dismiss the retaliation claim.

The court also rejects the county's causation argument.  The county argues that mere temporal proximity of three months between Jeter's complaint and the youth facility's termination of the home detention verification program is not enough to demonstrate a causal link and therefore not enough to establish a claim of retaliation.  While that may be the appropriate analysis at the summary-judgment stage, the court cannot say, at the Rule 12(b)(6) stage, that no set of facts can be proven consistent with a causal link necessary to sustain Jeter's retaliation

claim.  Furthermore, even if Jeter is ultimately unable to establish a causal link as to the termination of the program, she faces much less of an uphill battle with respect to the causation element for the other alleged retaliatory acts.   In sum, count three of the second amended complaint would survive the county's motion to dismiss.

### 6.

The fourth and final count is one for race discrimination in violation of the equal protection clause of the Fourteenth Amendment.  Plaintiffs generally enforce the equal protection clause through 42 U.S.C. § 1983, so the court will analyze whether Jeter can sustain a cause of action under that statute.   The county argues that Jeter's § 1983 claim is preempted by the FLSA because she seeks to enforce FLSA rights.   Jeter responds that her Fourteenth Amendment claim seeks to enforce an independent right to be free from race-based discrimination in pay.

24

The court holds that a § 1983 claim asserting race discrimination in pay may be pursued along side an FLSA claim and thus that Jeter's § 1983 claim is not preempted or precluded by the FLSA.  In <u>Jarrett v. Alexander</u>, 235 F.Supp.2d 1208, 1210-11 (M.D. Ala. 2002) (Albritton, C.J.), the district court explained that government employees could pursue a § 1983 claim independent of their FLSA claims if they "are not attempting [to] argue that the violation of the FLSA is also a violation of the Equal Protection Clause, but are instead asserting a constitutional claim based on wage differences between the Plaintiff employees and other state employees."  235 F.Supp.2d at 1211.  "Under such a theory," the court continued, "it is conceivable that if similarly situated persons are treated differently, an Equal Protection claim may be established even if the Plaintiffs would not be entitled to overtime under the FLSA."  <u>Id</u>.  <u>Cf</u>. <u>Thigpen v. Bibb County</u>, 223 F.3d 1231, 1237 (11th Cir. 2000) (recognizing a § 1983 cause of action for employment discrimination distinct from Title VII), <u>abrogated on</u>

25

other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536
U.S. 101 (2002).

The court agrees with the analysis in Jarrett and
finds that it applies to this case.  Here, Jeter is not
only claiming that she was denied overtime pay to which
she is entitled under the FLSA, she is also claiming that
she was treated differently, based on her race, from a
similarly situated white employee.  Based on the facts
alleged in the complaint, even if Jeter does not prevail
on her FLSA claim for denial of overtime pay, it is
conceivable that she could still have an equal-protection
claim for race-based pay inequality.  Accordingly, count
four of the second amended complaint would survive the
county's motion to dismiss.


7.

In sum, counts one, three, and four of Jeter's second
amended complaint would survive the county's motion to
dismiss for failure to state a claim upon which relief can
be granted.  Therefore, amendment of the first amended

complaint would not be entirely futile.  The county having offered no other argument against Jeter's motion for leave to amend her first amended complaint, the court will grant that motion.

## C. Motion to Dismiss

Still pending is the county's motion to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.  Because the county's argument against Jeter's motion for leave to amend that complaint was that amendment would be futile against its motion to dismiss, and because that argument was unsuccessful in full, the court will treat the county's motion to dismiss the first amended complaint as a motion to dismiss the second amended complaint.  For reasons already stated in this opinion, that motion will be granted in part and denied in part: count two (the breach-of-contract claim) will be dismissed, whereas counts one, three, and four will not.

* * *

For the foregoing reasons, it is ORDERED as follows:

(1) Defendant Montgomery County's motion to strike (doc. no. 23) is denied.  The court, however, will not consider the exhibits attached to plaintiff Mary Jeter's response (doc. no. 19) to defendant Montgomery County's motion to dismiss the first amended complaint (doc. no. 16).

(2) Plaintiff Jeter's motion for leave to amend her first amended complaint (doc. no. 20) is granted.

(3) Defendant Montgomery County's motion to dismiss the first amended complaint (doc. no. 16) is treated as a motion to dismiss the second amended complaint, and said motion is granted as to count two (the breach-of-contract claim) and denied as to counts one, three, and four.

DONE, this the 19th day of March, 2007.

      /s/ Myron H. Thompson     
UNITED STATES DISTRICT JUDGE