**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MARY JETER,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **vs.** | ]   **2:06-cv-1043-MHT** |
| | ] |
| **MONTGOMERY COUNTY,** | ] |
| | ] |
| **Defendant.** | ] |

**DEFENDANT MONTGOMERY COUNTY'S
ANSWER TO SECOND AMENDED COMPLAINT**

**COMES NOW** Defendant Montgomery County, and for answer to Plaintiff's Second Amended Complaint, states as follows:

Defendant answers the allegations contained in the Second Amended Complaint by denying allegations not expressly admitted.  Defendant answers the specific allegations of the Second Complaint as follows:

**JURISDICTION AND VENUE**

1.      Defendant admits that it is a governmental entity located in Montgomery County. Defendant lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff Mary Jeter.  The remaining allegations in paragraph one under "JURISDICTION AND VENUE" are denied.

2.      The allegations in paragraph two under the "JURISDICTION AND VENUE" are denied.

1

**FACTS**

3.     Paragraph one: Defendant admits that Plaintiff is an employee of Montgomery County and that Plaintiff works at the Montgomery County Youth Facility as a Youth Counselor II. Defendant further admits that Plaintiff was asked to make calls for the home detention program. The remaining allegations in paragraph one of the section entitled "FACTS" are denied.

4.     Paragraph two: Denied.

5.     Paragraph three: Defendant admits that Plaintiff is black. The remaining allegations in paragraph three of the section entitled "FACTS" are denied.

6.     Paragraph four: Denied.

7.     Paragraph five: Defendant admits that the Plaintiff submitted a written letter that speaks for itself. The remaining allegations in paragraph five of the section entitled "FACTS" are denied.

8.     Paragraph six: Denied.

9.     Paragraph seven: Denied.

**COUNT ONE**

10.     Denied.

**COUNT TWO**

11.     Dismissed.

**COUNT THREE**

12.     Denied.

**COUNT FOUR**

13.    Denied.  Further, to the extent Defendant has not responded to all of the allegations in the preceding paragraphs of the Second Amended Complaint, all of the same are denied. Defendant further denies all prayers for the relief and denies that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant denies each and every material allegation in the Plaintiff's Second Amended Complaint and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims for equitable relief are or may be barred by the defense of waiver.

### FIFTH DEFENSE

Plaintiff's 42 U.S.C. § 1983 racial discrimination claim is pre-empted by the Fair Labor Standards Act.

### SIXTH DEFENSE

Defendant denies that it intentionally denied the Plaintiff the same terms and conditions of employment as other employees.

### SEVENTH DEFENSE

Defendant denies Plaintiff was subjected to any discriminatory policy or custom, and therefore her claims are due to be dismissed.

## EIGHTH DEFENSE

To the extent that any disparity in the terms and conditions of the Plaintiff's employment existed, such disparity was based on reasonable factors other than race.

## NINTH DEFENSE

Any recovery of damages is barred to the extent that Plaintiff failed to mitigate her damages.

## TENTH DEFENSE

Any recovery of damages by the Plaintiff is barred to the extent that Defendant would have made the same decision relating to the terms and conditions of thee Plaintiff's employment in the absence of any unlawful discriminatory or retaliatory motive.

## ELEVENTH DEFENSE

Defendant denies that any of its actions proximately caused any of the alleged damages claimed by Plaintiff in the Second Amended Complaint.

## TWELFTH DEFENSE

Plaintiff's retaliation claim is barred because Plaintiff cannot establish any causal relation between Defendant's acts and the alleged retaliation.

## THIRTEENTH DEFENSE

Plaintiff's retaliation claim is due to be dismissed because Plaintiff has not suffered an "adverse action."

## FOURTEENTH DEFENSE

4

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

## FIFTEENTH DEFENSE

Plaintiff's claim for liquidated damages is due to be dismissed because liquidated damages cannot be awarded against the Defendant.

## SIXTEENTH DEFENSE

All of the decisions and/or actions challenged in the Plaintiff's Second Amended Complaint were undertaken for lawful, legitimate, nondiscriminatory, non-pretextual, non-retaliatory reasons that were unrelated to Plaintiff's race.

## SEVENTEENTH DEFENSE

In the alternative, some or all of the decisions and/or actions challenged as discriminatory in the Second Amended Complaint would have been undertaken even had the Plaintiff not had the protected status alleged.

## EIGHTEENTH DEFENSE

Defendant acted based on reasonable factors other than race in dealing with the Plaintiff.

## NINETEENTH DEFENSE

Defendant, in the alternative, states that it did not intentionally, willfully, or maliciously violate any of the statutes or laws set forth in the Plaintiff's Second Amended Complaint.

## TWENTIETH DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith.

## TWENTY-FIRST DEFENSE

5

Defendant denies the nature and extent of the damages claimed by the Plaintiff.

## TWENTY-SECOND DEFENSE

Defendant denies all allegations not specifically admitted herein.

## TWENTY-THIRD DEFENSE

Defendant asserts the affirmative defense of estoppel because Plaintiff affirmatively misled Defendant regarding the number of hours she had worked.

## TWENTY-FOURTH DEFENSE

Defendant asserts the affirmative defense of laches with respect to Plaintiff's claims for equitable relief.

## TWENTY-FIFTH DEFENSE

Defendant asserts that Plaintiff's claim for emotional distress is due to be dismissed because under the facts of this case damages for emotional distress are not recoverable.

## TWENTY-SIXTH DEFENSE

Defendant asserts the affirmative defense of unclean hands because Plaintiff's own misconduct bars the right to any recovery in this case.

## TWENTY-SEVENTH DEFENSE

Defendant reserves the right to amend this Answer to raise any additional defense that may become available during the discovery process.

/s/Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Counsel for the Defendant Montgomery County


OF COUNSEL:

HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone: (334) 265-8573
Facsimile: (334) 264-7945

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel:


Priscilla B. Duncan, Esq.
P.B. DUNCAN & ASSOCIATES, LLC
472 Lawrence Street
Suite 204
Montgomery, Alabama  36104


/s/Constance C. Walker
OF COUNSEL