IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICE OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARY JETER** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:06cv1043-MHT |
| vs. | ) |
| | ) |
| **MONTGOMERY COUNTY YOUTH** | ) |
| **FACILITY and BRUCE HOWELL,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Montgomery County and respectfully requests that this Honorable Court enter the attached protective order. As grounds for this motion, Defendant shows as follows:

1. Plaintiff Mary Jeter is employed at the Montgomery County Youth Facility.

2. Some of the documents Defendant intends to produce pursuant to its Initial Disclosures are documents of the Montgomery County Youth Facility that contain information concerning juveniles. The Defendant, being the custodian of these records, is sensitive to confidentiality, and legal and privacy issues that may be implicated by the production of these records. Pursuant to *Ala. Code* § 12-15-104, juvenile court records are confidential, and the unauthorized disclosure of documents is prohibited along with information relating to juveniles under the juvenile justice system. *Ala. Code* § 44-1-39(a); *Ex parte State Farm Fire & Casualty Co.,* 529 So. 2d 975 (Ala. 1988); *Ex parte*

*Guerdon Industries, Inc.,* 373 So. 2d 322 (Ala. 1979); *Clerk of the Municipal Court of the City of Cordova v. Lynn,* 702 So. 2d 166 (Ala. Civ. App. 1997).

      3.    Defendant therefore requests that this Court enter the attached protective order that addresses the confidentiality of documents from the Montgomery County Youth Facility, and other documents that are obtained in discovery that are also confidential. Defendant further shows unto the Court that counsel for the Plaintiff has reviewed the attached order and has no objection to the entry of the order.

      WHEREFORE, THE PREMISES CONSIDERED, Defendant Montgomery County respectfully requests that this Honorable Court enter the attached Protective Order, and grant the Defendant any other relief to which it may be entitled.

      /s/Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Christopher K. Whitehead (ASB-9762-A45C)
Attorneys for the Defendant Montgomery County

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

**OF COUNSEL:**

**THOMAS MEANS GILLIS & SEAY, P.C.**
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
(334) 270-1033
(334) 260-9396 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Priscilla Black Duncan
PB Duncan & Associates, LLC
472 South Lawrence Street
Suite 204
Montgomery, Alabama  36104

Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226

                                                  s/ Constance C. Walker _____
                                                  OF COUNSEL

26926

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICE OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARY JETER** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Case No.: 2:06cv1043-MHT |
| vs. | ) |
| | ) |
| **MONTGOMERY COUNTY YOUTH** | ) |
| **FACILITY and BRUCE HOWELL,** | ) |
| | ) |
|     **Defendants.** | ) |

## PROTECTIVE ORDER

The Court having reviewed the Motion for Protective Order filed by the Defendant regarding the records of the Montgomery County Youth Facility, and having considered the arguments contained in the Motion for Protective Order, finds that for good cause shown, the Motion for Protective Order is GRANTED, and it is hereby ORDERED as follows:

   1.   This Order shall govern all confidential documents produced by the parties in this matter. Furthermore this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

   2.   The following documents and information derived from such documents shall be designated confidential:

   a.   Any documents from the personnel files of the Plaintiff, and any current or former employee working at the Montgomery County Youth Facility, including but not limited to, wage and salary information, and any other compensation documents;

1

      b.    Any income tax returns or other documents reflecting income of the Plaintiff;

      c.    Any documents which reference minors or youth, or individuals who were minors or youths at the time of the creation of the document;

      d.    Any documents which reference any treatment or diagnosis of the Plaintiff, including, but not limited to medical treatments and diagnosis and prescription medications, among others;

      e.    Any documents from the Montgomery County Youth Facility that are not a matter of public record;

      f.    Any documents whose production or submission would violate the following statutes and/or privileges:

      (1)    Under the counselor-client privilege, Ala.R. Evid. 503, attorney-client privilege, attorney work product doctrine, privilege for information prepared in anticipation of litigation;

      (2)    Confidential or sensitive personnel or employment documents, which are confidential for reasons of public policy under Ala. Code § 36-26-44 (1975). *See Chambers v. Birmingham News Co.,* 552 So. 2d 854 (Ala. 1989);

      (3)    Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g) which prohibits unauthorized disclosure of student records;

      (4)    Any documents received pursuant to subpoena; and

      (5)    Any other documents which the parties, in good faith, designate as "confidential."

   3. Any of the parties shall have the right to object to the classification of any particular document as "confidential" or "not a matter of public record" and forthwith request a ruling from the Court. Unless and until the Court rules otherwise, any such document shall remain subject to this Order.

   4. All confidential documents, items, and information produced, including all information derived from such confidential documents and all copies, excerpts or summaries thereof, shall be used only in and for the purposes of the above-styled and numbered action and shall not be used in any other litigation, or for any other business, or other purpose. Furthermore, no documents designated as confidential shall be released, shown to, or copied, nor the contents thereof revealed to any other person, firm, corporation, former or current Montgomery County Youth facility employees, the news media, used in any other lawsuit, or by any third -party not affiliated with this matter other than:

  a. Parties and counsel for the parties in the above-styled and numbered action, including employees of such counsel and all other people to whom the attorney-client privilege exists to the extent necessary to render the professional services in the above-styled and numbered action;

  b. The Court and persons employed by the Court working on this litigation and court reporters at the proceedings in this action;

  c. Experts or consultants retained or consulted by the parties for this action, but only as set out in paragraphs five (5) and six (6) below;

  d. Deponents, trial witnesses and potential deposition witnesses in this action, but only as set out in paragraphs five (5) and six (6) below.

5. Prior to making such disclosure of any document designated as confidential pursuant to paragraph two(2), counsel making such disclosure shall inform any person or entity to whom disclosure is being made that the information and document, or any portions thereof, may only be used for the purpose set forth in this Order.

6. Additionally, each person or entity to whom such disclosure of confidential documents or information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual or entity.

7. All documents produced pursuant to subpoena will be governed by this Order and will only be used for this litigation, and no other litigation.

8. Nothing in this Order shall prevent the parties from any use of their own confidential documents.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party to this Order seeking relief will attempt to resolve the matter with the other party to this Order.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter be agreed to by all parties to this Order, or by order of the Court.

11. The intent of the parties agreeing to this Order is to:

a. Limit the documents subject to discovery to those documents that are relevant to this lawsuit or which may lead to the discovery of relevant evidence or information;

  b. Limit disclosure of juvenile records to documents that are essential to the parties' cases and not otherwise available;

  c. Absolve the responding entity from any civil or criminal liability for disclosure of any information.

  12. Upon request by any party, within thirty (30) days of the conclusion of the above-referenced matter, each confidential document and all excerpts or summaries thereof produced by the requesting parties shall be returned to the same.

  DONE AND ORDERED this _____ day of July, 2007.

            _____
            United States Magistrate Judge

26928