IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER                                )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          2:06-cv-1043-MHT-TFM
                                          )
MONTGOMERY COUNTY YOUTH                   )
FACILITY, *et al*.,                       )
                                          )
          Defendants.                     )

**<u>ORDER</u>**

Upon consideration of the unopposed *Motion for Protective Order* (Doc. 37, filed July 11, 2007), it is

**ORDERED** that the *Motion for Protective Order* (Doc. 37) is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1.    This Order shall govern all confidential documents produced by the parties in this matter. Furthermore this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2.    The following documents and information derived from such documents shall be designated confidential:

      a.    Any documents from the personnel files of the Plaintiff, and any current or former employee working at the Montgomery County Youth Facility, including but not limited to, wage and salary information, and any other compensation documents;

b.    Any income tax returns or other documents reflecting income of the Plaintiff;

c.    Any documents which reference minors or youth, or individuals who were minors or youths at the time of the creation of the document;

d.    Any documents which reference any treatment or diagnosis of the Plaintiff, including, but not limited to medical treatments and diagnosis and prescription medications, among others;

e.    Any documents from the Montgomery County Youth Facility that are not a matter of public record;

f.    Any documents whose production or submission would violate the following statutes and/or privileges:

   (1)    Under the counselor-client privilege, Ala.R. Evid. 503, attorney-client privilege, attorney work product doctrine, privilege for information prepared in anticipation of litigation;

   (2)    Confidential or sensitive personnel or employment documents, which are confidential for reasons of public policy under Ala. Code § 36-26-44 (1975). *See Chambers v. Birmingham News Co.,* 552 So. 2d 854 (Ala. 1989);

   (3)    Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g) which prohibits unauthorized disclosure of student records;

   (4)    Any documents received pursuant to subpoena; and

(5)    Any other documents which the parties, in good faith, designate as "confidential."

3.    Any of the parties shall have the right to object to the classification of any particular document as "confidential" or "not a matter of public record" and forthwith request a ruling from the Court.  Unless and until the Court rules otherwise, any such document shall remain subject to this Order.

4.    All confidential documents, items, and information produced, including all information derived from such confidential documents and all copies, excerpts or summaries thereof, shall be used only in and for the purposes of the above-styled and numbered action and shall not be used in any other litigation, or for any other business, or other purpose.  Furthermore, no documents designated as confidential shall be released, shown to, or copied, nor the contents thereof revealed to any other person, firm, corporation, former or current Montgomery County Youth facility employees, the news media, used in any other lawsuit, or by any third -party not affiliated with this matter other than:

a.    Parties and counsel for the parties in the above-styled and numbered action, including employees of such counsel and all other people to whom the attorney-client privilege exists to the extent necessary to render the professional services in the above-styled and numbered action;

b.    The Court and persons employed by the Court working on this litigation and court reporters at the proceedings in this action;

    c.     Experts or consultants retained or consulted by the parties for this action, but only as set out in paragraphs five (5) and six (6) below;

    d.     Deponents, trial witnesses and potential deposition witnesses in this action, but only as set out in paragraphs five (5) and six (6) below.

5. Prior to making such disclosure of any document designated as confidential pursuant to paragraph two(2), counsel making such disclosure shall inform any person or entity to whom disclosure is being made that the information and document, or any portions thereof, may only be used for the purpose set forth in this Order.

6. Additionally, each person or entity to whom such disclosure of confidential documents or information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual or entity.

7. All documents produced pursuant to subpoena will be governed by this Order and will only be used for this litigation, and no other litigation.

8. Nothing in this Order shall prevent the parties from any use of their own confidential documents.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party to this Order seeking relief will attempt to resolve the matter with the other party to this Order.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter be agreed to by all parties to this Order, or by order of the

Court.

11.    The intent of the parties agreeing to this Order is to:

a.    Limit the documents subject to discovery to those documents that are relevant to this lawsuit or which may lead to the discovery of relevant evidence or information;

b.    Limit disclosure of juvenile records to documents that are essential to the parties' cases and not otherwise available;

c.    Absolve the responding entity from any civil or criminal liability for disclosure of any information.

12.    Upon request by any party, within thirty (30) days of the conclusion of the above-referenced matter, each confidential document and all excerpts or summaries thereof produced by the requesting parties shall be returned to the same.

DONE this 11th day of July, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE