IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,

        Plaintiff,

v.

MONTGOMERY COUNTY,

        Defendant.

CASE NO. 2:06cv1043-MHT

*(Court stamp: 2007 NOV 21 P 2: 57 — DEBRA P. HACKETT, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA.)*

## DEFENDANT MONTGOMERY COUNTY'S SUBMISSION OF EVIDENTIARY MATERIALS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Montgomery County, pursuant to Rule 56, Fed.R.Civ.P., and submits the following evidentiary materials in support of its Motion for Summary Judgment:

1.     Affidavit of Bruce R. Howell

2.     Affidavit of Barbara M. Montoya

3.     Deposition of Mary Jeter

4.     Affidavit of Phoenix R. Martin

5.     Affidavit of Steve Wooten

6.     Affidavit of Dr. James Buford

7.     Affidavit of Beverly Riddle Wise

8.     Affidavit of Lynn Peavey

Thomas T. Gallion (ASB-5295L74T)
Constance C. Walker (ASB-5510-L66C)
Tyrone C. Means (ASB-760-S80T)
Christopher K. Whitehead (ASB-9762-A45C)
Counsel for Defendant Montgomery County

OF COUNSEL

**HASKELL SLAUGHTER YOUNG & GALLION**
Post Office Box 4660
Montgomery Alabama 36103-4660
Telephone: (334) 265-8573
Facsimile: (334) 264-7945

OF COUNSEL:

**THOMAS MEANS GILLIS & SEAY, PC**
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
(334) 270-1033
(334) 260-9396 Fax

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on those listed below by placing a copy of same in the United States mail, postage prepaid and properly addressed on this the 21st day of November, 2007.

Ms. Mary W. Jeter
6016 Bolingbrook Drive
Montgomery, Alabama 36117

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY JETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:06cv1043-M |
| | ) | |
| COUNTY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF BRUCE R. HOWELL

BEFORE ME, the undersigned authority, on this day personally appeared Bruce R. Howell, who being duly sworn on his oath deposed and stated as follows:

1. My name is Bruce R. Howell and I am the Juvenile Court Administrator for the Montgomery County Youth Facility ("MCYF") in Montgomery, Alabama. The following affidavit is based on personal knowledge.

2. I have been performing the duties of the Juvenile Court Administrator (previously Chief Probation Officer) for approximately 24 years. I am responsible for overseeing the operation of the MCYF. All employees in the intake, probation and detention divisions, and the employees in the juvenile court clerk's office report to me. During the time period set forth in the Plaintiff's Complaint, 2002-2006, Steve Wooten and Beverly Riddle Wise were the juvenile probation supervisors who supervised the probation officers at the MCYF.

3. Mary Jeter is a probation officer, or Youth Counselor II, at the MCYF. Ms. Jeter has been employed with the MCYF since May 1, 1974. Her position is part of the classified service for Montgomery County as defined by the rules and regulations of the Montgomery City-County

1

Personnel Board ("Personnel Board"). Ms. Jeter began her employment as a Youth Counselor I, and was subsequently reclassified as a Youth Counselor II on October 1, 1979. Ms. Jeter has received merit increases in salary during her employment with the MCYF. The salaries and merit increases are established by the Personnel Board. Ms. Jeter and a few of the facility's other long-time probation officers have reached the top of the pay scale for their positions under the pay plan established by the Personnel Board. Ms. Jeter and these other probation officers are the highest paid juvenile probation officers in the state of Alabama.

4.     Ms. Jeter's immediate supervisor is Juvenile Probation Supervisor Steve Wooten. In Mr. Wooten's absence, Ms. Jeter is to report to the other Juvenile Probation Supervisor, Beverly Riddle Wise. Both Mr. Wooten and Ms. Wise report directly to me.

5.     The majority of probation officers at the MCYF handle a full, traditional case load of juvenile files. Prior to 2002, Ms. Jeter was also handling a full case load like the majority of the probation officers. Normal work hours for the probation officers are 8:00 a.m.- 5:00 p.m. Monday through Friday.

6.     At some point prior to 2002, Ms. Jeter told me that she was burned out. She said that she was supervising the children of children she had previously supervised years ago. I agreed that she did not have to keep her full case load, but asked that she try to close as many as possible before we transferred the case load to other probation officers. Ms. Jeter was then placed in charge of the Youth Court or Teen Court Program. This program was not a year-long program, but it was active during the school year, and required Ms. Jeter to work after 5:00 p.m. on Thursdays when they had court sessions. Ms. Jeter was also handling a few restitution cases at this time as well. At some

2

point, Ms. Jeter was also placed in charge of the Intern Program at the MCYF. This is a program where volunteers are selected from the schools to assist probation officers at the MCYF.

7.     Judge Richard Dorrough used to be the presiding judge of the Montgomery County Juvenile Court. Judge Dorrough decided to institute a home detention program. Youths were placed on home detention until their next hearing before the Juvenile Court. Electronic monitoring of detainees on home detention was not a viable option at that time so it was decided that telephone calls would be made to the youths at different times of the day. Youths were generally not on home detention for any significant amount of time. This was a temporary measure to monitor these youths until their next hearing before the juvenile court. Rarely were the youths kept on home detention past the second hearing. The amount of time the youths were on home detention was not significant, with the longest being approximately six weeks. Generally these cases moved fairly quickly.

8.     Because Ms. Jeter did not have a full case load anymore, and due to the fact the Youth Court program was only active for part of the year, it was logical to ask Ms. Jeter to make these home detention calls. Ms. Jeter was assigned the duty of making these calls on her regular work days, Monday through Thursday. Probation Officer Phoenix Martin worked Friday through Sunday, and Ms. Martin was assigned the duty of making the calls on the weekends, Friday through Sunday. The MCYF also purchased a cell phone for Ms. Jeter so she could make the calls without fear of her home phone number being obtained through caller-identification. It was in the discretion of the juvenile court judges as to whether a youth would be placed on home detention. Once a judge placed a youth on home detention, the case for that youth was sent to Ms. Jeter. There was no formal procedure that required Ms. Jeter or Ms. Martin to submit or prepare a report to the court or their supervisor regarding the home detention calls that they made.

3

9.    Bob Bailey is a Court Referee at the Montgomery County Youth Facility. Referee Bailey held hearings and sometimes placed youths on the home detention program. Referee Bailey and I discussed the fact that the home detention program was defective in the sense that it was not possible for the probation officer to authenticate over the telephone that he/she was speaking with the youth who was called. Referee Bailey and I also discussed using parental supervision which was similar to home detention, but instead of the probation officers calling the youths, the youths' parents agreed to regularly report to the probation officer whether the youth was at home. Probation officers were not required to make calls to the youths on parental supervision. Parental supervision was used approximately 50% of the time instead of home detention. It was my understanding that home detention was generally used for the most serious cases.

10.    Employees at the MCYF are paid every two weeks. A payroll certification sheet is prepared by the payroll clerk every payroll period and given to employees to review and sign. If any overtime has been worked, employees must verify the amount of hours worked and elect whether they would like to receive overtime pay or compensatory leave. These requests for overtime are signed by the employees' supervisor. Rule VIII, Section 2(a)(2) of the Rules and Regulations of the Personnel Board govern overtime work by classified employees at the MCYF. This rule provides that employees are entitled to either overtime pay or compensatory leave at time and a half if they work over 40 hours per week. (Ex. A, p. 27) Neither I nor any other supervisor at the MCYF has the authority to make or change the rule regarding compensation for overtime. This is the function of the Personnel Board.

11.    Attached hereto are copies of the payroll certification sheets of Ms. Jeter and Phoenix Martin and summaries thereof for the period of July 22, 02 - Jan. 29, 06  (Ex. B, B-1 and Ex. C)

4

9.    Bob Bailey is a Court Referee at the Montgomery County Youth Facility. Referee Bailey held hearings and sometimes placed youths on the home detention program. Referee Bailey and I discussed the fact that the home detention program was defective in the sense that it was not possible for the probation officer to authenticate over the telephone that he/she was speaking with the youth who was called. Referee Bailey and I also discussed using parental supervision which was similar to home detention, but instead of the probation officers calling the youths, the youths' parents agreed to regularly report to the probation officer whether the youth was at home. Probation officers were not required to make calls to the youths on parental supervision. Parental supervision was used approximately 50% of the time instead of home detention. It was my understanding that home detention was generally used for the most serious cases.

10.    Employees at the MCYF are paid every two weeks. A payroll certification sheet is prepared by the payroll clerk every payroll period and given to employees to review and sign. If any overtime has been worked, employees must verify the amount of hours worked and elect whether they would like to receive overtime pay or compensatory leave. These requests for overtime are signed by the employees' supervisor. Rule VIII, Section 2(a)(2) of the Rules and Regulations of the Personnel Board govern overtime work by classified employees at the MCYF. This rule provides that employees are entitled to either overtime pay or compensatory leave at time and a half if they work over 40 hours per week. (Ex. A, p. 27) Neither I nor any other supervisor at the MCYF has the authority to make or change the rule regarding compensation for overtime. This is the function of the Personnel Board.

11.    Attached hereto are copies of the payroll certification sheets of Ms. Jeter and Phoenix Martin and summaries thereof for the period of July 22, 2002 - January 29, 2006. (Ex. B, Ex. C)

4

These forms show that Ms. Jeter submitted requests for either overtime pay or compensatory leave for home detention calls, and for other reasons, such as Youth Court. On each occasion Ms. Jeter submitted a request for overtime pay/compensatory leave for making home detention calls, she was fully compensated. I am not aware of any instance where Ms. Jeter submitted a request for overtime pay or leave and it was not granted. I never told Ms. Jeter that she could not receive overtime pay or compensatory leave for making home detention calls.

12. During the time when Ms. Jeter was making home detention calls, I saw her arriving to work after 8:00 a.m., and leaving before 5:00 p.m. She did this on a regular basis. I assumed that Mr. Wooten and Ms. Jeter had worked out an arrangement whereby she was using a flex schedule that permitted her to come in late or leave early on certain days after she had worked late on a previous day during the work week. This type of flex schedule where an employee comes in late or leaves early so the work week will equal 40 hours was not unusual and was permissible so long as employees received approval from their direct supervisors. I never told Ms. Jeter or anyone else that Ms. Jeter could not flex her hours while making the home detention calls.

13. During the period of time Ms. Jeter was making home detention calls, I assumed she was submitting requests for overtime pay or compensatory leave if she worked over 40 hours per week, or she was flexing her work hours with the permission of her direct supervisor, Mr. Wooten. Neither I nor the MCYF ever suffered or permitted Ms. Jeter to work over 40 hours a week without overtime compensation/compensatory leave. I had no knowledge that Ms. Jeter performed any work over 40 hours without receiving leave/compensation. The payroll certification sheets signed by Ms. Jeter each pay period do not reflect that she was working any overtime hours without getting paid or receiving leave. As previously stated, these overtime certification sheets clearly show the hours

5

Ms. Jeter submitted requests for either overtime pay or compensatory leave for home detention calls, and for other reasons, such as Youth Court. On each occasion Ms. Jeter submitted a request for overtime pay/compensatory leave for making home detention calls, she was fully compensated. I am not aware of any instance where Ms. Jeter submitted a request for overtime pay or leave and it was not granted. I never told Ms. Jeter that she could not receive overtime pay or compensatory leave for making home detention calls.

12.     During the time when Ms. Jeter was making home detention calls, I saw her arriving to work after 8:00 a.m., and leaving before 5:00 p.m. She did this on a regular basis. I assumed that Mr. Wooten and Ms. Jeter had worked out an arrangement whereby she was using a flex schedule that permitted her to come in late or leave early on certain days after she had worked late on a previous day during the work week. This type of flex schedule where an employee comes in late or leaves early so the work week will equal 40 hours was not unusual and was permissible so long as employees received approval from their direct supervisors. I never told Ms. Jeter or anyone else that Ms. Jeter could not flex her hours while making the home detention calls.

13.     During the period of time Ms. Jeter was making home detention calls, I assumed she was submitting requests for overtime pay or compensatory leave if she worked over 40 hours per week, or she was flexing her work hours with the permission of her direct supervisor, Mr. Wooten. Neither I nor the MCYF ever suffered or permitted Ms. Jeter to work over 40 hours a week without overtime compensation/compensatory leave. I had no knowledge that Ms. Jeter performed any work over 40 hours without receiving leave/compensation. The payroll certification sheets signed by Ms. Jeter each pay period do not reflect that she was working any overtime hours without getting paid or receiving leave. As previously stated, these overtime certification sheets clearly show the hours

5

worked by Ms Jeter and were signed by her each pay period. Montgomery County relies upon these records when compensating employees at the MCYF. The MCYF had no reason to doubt the accuracy of these records. Overtime or compensatory leave was routinely provided to employees at the MCYF, and there was no reason for refusal to pay overtime or provide compensatory leave to Ms. Jeter if she in fact worked over 40 hours per week.

14.    On January 31, 2006, I received a letter from an attorney representing Ms. Jeter. This letter stated that Ms. Jeter was seeking overtime compensation for making home detention calls dating back to 2002. (Ex. D)  I was surprised when I received this letter. I thought Ms. Jeter had been fully compensated or that she had been flexing her work hours so that she worked 40 hours per week. I spoke to Ms. Jeter briefly after I received this letter.  She told me that she would never ask for this but a comment had been made at a county commission meeting about probation officers being overpaid. This comment upset Ms. Jeter and she told me that this was why she was now making this claim. Ms. Jeter continued to submit written requests for overtime for making home detention calls, and for other reasons.  These requests were approved and Ms. Jeter  was compensated with overtime pay or compensatory leave on each occasion. (Ex. E)

15.    After Judge Dorrough was replaced by Judge Patricia Warner in early 2006, I decided to discontinue the home detention program. Both Ms. Jeter and Ms. Martin were advised that the home detention program would no longer be used. I had previously discussed the shortfalls of the home detention program with Ms. Jeter and Ms. Martin who both agreed that the program was not effective.  I have been involved in discussions with representatives of the Montgomery County Commission, the Administrative Office of Courts, and others about electronic monitoring as a means to monitor youths on home detention. This type of monitoring would be far superior to monitoring

6

by telephone. My decision about the home detention program was based on the fact that Judge Dorrough (who founded the program) was no longer a judge at the Juvenile Court, and the fact that it was simply not an effective tool in monitoring youths at home. My decision was not related to Ms. Jeter's complaint about overtime for home detention calls.

16.    At this point, Ms. Jeter's only duties were the part-time Youth Court program and the intern program. I therefore decided to assign several outstanding restitution or money cases to Ms. Jeter as part of her work duties. All probation officers handle restitution cases, and Ms. Jeter had previously handled restitution cases. I felt that Ms. Jeter was the most logical person to work these money cases because she only had Youth Court (which was part time) and the intern program. This was not done to unfairly increase Ms. Jeter's work load, nor was it in response to her attorney's letter that I received. Prior to receiving the letter from Ms. Jeter's attorney, I had already decided these money cases should be assigned to one of the probation officers who had specialized duties (as opposed to the majority of the probation officers who handle a traditional case load). The probation officers with specialized duties were Ms. Jeter (Youth Court, Intern Program); Phoenix Martin (WAIT Program, Consent Decree case load, shoplifting tests); Ron McKitt (Camp Davis program and restitution cases; ); Wanda Anderson (After Care Program for youths released from the Department of Youth Services); and Rosalyn Godwin (Community Services Program for youths who have been sentenced, and Youth Court). Assigning the money cases to Ms. Jeter made sense because she had the lightest work load in the specialized unit of probation officers.

17.    In December of 2006, Steve Wooten and Ms. Jeter devised a new work schedule for Ms. Jeter while working on Youth Court. (Ex. F) This change in her work hours while on Youth Court was not to punish her for filing her claim regarding overtime, but was part of an agency-wide

effort to streamline work schedules and reduce the amount of overtime being paid by the MCYF. Ms. Jeter is not the only employee who has been affected by a change in work schedules/hours in an effort to reduce overtime. (Ex. G, Ex. H)


Bruce R. Howell
Juvenile Court Administrator

8

**STATE OF ALABAMA**                )
**COUNTY OF MONTGOMERY**    )

     I, _GLENDA TYREE_____, a Notary Public in and for said county and state, do hereby certify that on the date appearing above, Bruce R. Howell, being of lawful age, who is known personally to me to be the same Bruce R. Howell whose name is subscribed to the above and foregoing Affidavit, appeared before me in person and acknowledged that he has read the foregoing Affidavit and that he signed said Affidavit as his own free and voluntary act for the use and purpose therein set forth on the day the same bears date.

     Given under my hand and seal, this the _20th_ day of November, 2007.


_Glenda Tyree_____
Notary Public:
My Commission Expires: _12/13/08_

9

# CITY AND COUNTY OF MONTGOMERY

# PERSONNEL BOARD

# RULES AND REGULATIONS

**ALABAMA LAW PROVIDES THAT THESE RULES AND REGULATIONS HAVE THE FORCE AND EFFECT OF LAW.**

**AN EQUAL OPPORTUNITY EMPLOYER**

**As Revised March 1988 and Including all Board Amendments through February 28, 2006.**


DEFENDANT'S
EXHIBIT
A

# TABLE OF CONTENTS

**RULE I     -     DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

**RULE II     -     GENERAL PROVISIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 1.     Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 2.     Positions Covered by the Rules . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 3.     Adoption of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 4.     Administration of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 5.     Amendment of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Section 6.     Maintenance of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**RULE III     -     ORGANIZATION OF FUNCTIONS** . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 1.     The Personnel Department . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 2.     The Personnel Board . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6
    Section 3.     The Personnel Director . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

**RULE IV     -     THE UNCLASSIFIED SERVICE AND CLASSIFIED SERVICE** . . . . 8
    Section 1.     The Unclassified Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9
    Section 2.     The Classified Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**RULE V     -     THE CLASSIFICATION PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Section 1.     Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Section 2.     Class Titles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Section 3.     Class Specifications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11
    Section 4.     Amendment of Classification Plan . . . . . . . . . . . . . . . . . . . . 11
    Section 5.     Allocation of Positions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**RULE VI     -     THE PAY PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 1.     Establishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 2.     Composition of the Pay Plan . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 3.     Development of Pay Ranges . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Section 4.     Adoption of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    Section 5.     Adjustment at Time of Adoption . . . . . . . . . . . . . . . . . . . . 13-14
    Section 6.     Beginning Rates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Section 7.     Within Range Adjustments . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Section 8.     Interpretation of Pay Ranges . . . . . . . . . . . . . . . . . . . . . . . . 15
    Section 9.     Pay for Part-Time Employees . . . . . . . . . . . . . . . . . . . . . . 15-16
    Section 10.     Pay Adjustments in Assignments, Transfers, Promotions, Demotions. . . . 16-17
    Section 11.     Pay Adjustments in Reallocations . . . . . . . . . . . . . . . . . . . . . 17
    Section 12.     Pay for Re-employment . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    Section 13.     Deductions from Pay of Exempt Employees . . . . . . . . . . . . . . . . . 18
    Section 14.     Certification of Payroll . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**RULE VII -** **RECRUITMENT AND EMPLOYMENT** ..................... 19
 Section 1.   Recruitment by Competitive Examination ......................... 19
 Section 2.   Notices of Examination ..................................... 19
 Section 3.   Employment Lists and Their Use ............................ 20
 Section 4.   Veteran's Preference ...................................... 20-21
 Section 5.   Duration of Employment Lists ............................. 21
 Section 6.   Removal from Eligible Registers ........................... 21
 Section 7.   Procedure for Filling Vacancies ........................... 22-24
 Section 8.   Temporary Appointments ................................. 24
 Section 9.   Transfers ............................................... 24
 Section 10.   Emergency Appointments ................................ 24
 Section 11.   Probationary Period ................................... 25
 Section 12.   Provisional Appointment ............................... 25
 Section 13.   Equal Employment Opportunity ......................... 25
 Section 14.   Workplace Harassment ................................. 25-26

**RULE VIII -** **WORKING CONDITIONS AND GENERAL**
      **PERSONNEL PRACTICES** ............................ 27
 Section 1.   Working Hours ........................................ 27
 Section 2.   Overtime .............................................. 27-29
 Section 3.   Legal Holidays ........................................ 30-32
 Section 4.   Annual Leave .......................................... 33-34
 Section 5.   Sick Leave ............................................ 34-35
 Section 6.   Other Leave Due to Illness, Injury or Family Care ........... 36-41
 Section 7.   Military Leave ......................................... 42
 Section 8.   Worker's Compensation ................................. 42
 Section 9.   Other Leave With Pay .................................. 42-43
 Section 10.   Leave Without Pay .................................... 43
 Section 11.   Absence Reports ...................................... 43
 Section 12.   Service Rating ........................................ 43
 Section 13.   Rights of Review and Appeal ........................... 44

**RULE IX -** **SEPARATIONS AND DISCIPLINARY ACTION** ............... 45
 Section 1.   Resignation ........................................... 45
 Section 2.   Layoff ................................................ 45
 Section 3.   Demotion ............................................. 45
 Section 4.   Suspension ............................................ 46
 Section 5.   Dismissal ............................................. 46
 Section 6.   Position Abolishment .................................. 46

**RULE X -** **PROHIBITIONS OF POLITICAL ACTIVITY** ............... 47-49

**PROCEDURE FOR CONDUCTING HEARINGS** ..................... 50-52
**RULES 0F PROCEDURE (Alabama Open Meetings Act)** ...................... 53-62
**POLICY FOR RECORDING PROCEDURES** ................................. 63-64

# RULE I - DEFINITIONS

The words and phrases defined below shall have the meanings assigned herein in these rules and in all personnel policies, procedures and transactions:

**Act,** or Merit System Act, means Act 2280 of the Acts of 1971, Regular Session, approved by the Governor, October 1, 1971.

**Allocation,** means the assignment of position to a class on the basis of the kind, difficulty and responsibility of work of the position.

**Anniversary Date,** means the annual recurrence of the date of employment, or the date of a change of classification due to the upgrade, promotion or demotion of an employee.

**Appointing Authority,** means the governing body, officer, board, commission, person or group of persons empowered to appoint or remove employees from positions of employment in the City or County service.

**Assignment,** is a temporary special duty which is made by the appointing authority and approved by the Personnel Board, for which additional pay is awarded. Assignment is not a transfer within the meaning of this rule.

**Bands/Banding,** the statistical grouping of a range of scores in which candidates are considered to be equally qualified with respect to the knowledge, skills, and abilities measured by a selection procedure.

**Certify,** Certification, means the act of supplying the appointing authority with names of applicants eligible for appointment to the class and position for which certification is requested.

**Class,** means a position or group of positions that involve similar duties, responsibilities, and qualifications and is designated by a single title and indicative of the kind of work.

**Demotion,** means a change of employment from a position of one class to a position of another class having a lower maximum salary limit than the original class.

**Eligible,** means a person is on an active, re-employment, promotional or employment list and has rights under these rules to be certified for appointment to positions of a class.

**Employee,** means a person legally occupying a position in the classified service or a person who is on authorized leave of absence and whose position is being held pending a return.

**Layoff,** means a separation of an employee from the classified service of the City or County made necessary by lack of work, funds or other reasons not related to fault, delinquency or misconduct on the part of the employee.

**Original Appointment,** means the appointment of a person to a position in the classified service who is not a present employee of the City and County and who is not being reinstated from a re-employment list.

**Position,** means a group of current duties and responsibilities assigned or delegated by competent authority and requiring the full or part-time services of an employee.

**Promotion,** means a change of employment from a position of one class to a position of another class which has a higher maximum salary rate.

**Provisional Appointment,** means an appointment made of an employee who must meet applicable state licensing requirements before attaining permanent status.

**Reallocation,** means the official determination that a position be assigned to a class different from the one in which it has been previously assigned.

**Register,** means an employment list of names of persons arranged in order of their rating for classes of employment in which they have competed and qualified to be appointed.

***Re-employment List,** means a list of permanent employees for a class who voluntarily separated in good standing or were laid off by reason of shortage of funds or work, or changes in organization who desire to be re-employed.

***Re-instatement,** means that an employee who has been demoted to a lower class may be returned to the former class.

**Veterans Re-employment Rights,** means the rights afforded to Veterans of any branch of service, National Guard, Reserve Unit, State Militia requesting re-employment pursuant to Title 38 Chapter 43 of the United States Code.

**Selective Certification,** means the act of supplying the appointing authority with the names of minority applicants in ranked order selected from the total list of eligible applicants for a class.

**Service,** means all positions in any one of the jurisdictions placed within the classified service under the Act.

*Revised 2/25/05

**Step increase,** means a within range adjustment of a full step increase in pay recognizing either time in service or employee performance which may be awarded on the anniversary date of the employee.

**Transfer,** means a change by an employee from one position to another position of the same class or of another class with the same maximum salary rate, involving the performance of similar duties and requiring essentially the same basic qualifications. Transfer is not an assignment with the meaning of this rule.

**Upgrade,** means the promotion of a service maintenance worker, recreation aide or library page to a position of another class which has a higher maximum salary rate.

**Vacancy,** means a position duly created, with funds provided for payment of salary, which is not occupied, and for which a valid request has been received by the Personnel Department.

4

# RULE II - GENERAL PROVISIONS

**Section 1:     Purpose**

These rules are an augmentation and clarification of the Merit System Act. They set forth principles and procedures that are to be followed by the City and County Personnel Department in order that personnel administration in the city, county and other services may be conducted in accordance with sound and effective principles of public personnel administration.

**Section 2:     Positions Covered by the Rules**

These rules shall apply to all classified positions and offices of the City and County and subordinate agencies of each jurisdiction unless otherwise provided by law.

**Section 3:     Adoption of Rules**

These rules shall upon adoption and promulgation of the Personnel Board, have the force and effect of law insofar as they apply to positions in the classified service.

**Section 4:     Administration of Rules**

The Personnel Director is charged with administration of these rules, except for those sections specifically reserved to the Personnel Board.

**Section 5:     Amendment of Rules**

Amendments and revisions of these rules may be initiated by the Personnel Board, Personnel Director, the City Council, County Commission or any appointing authority. Amendments and revisions shall become effective upon approval by the Personnel Board. The Personnel Board may hold a public hearing upon amendments to or revisions of these rules if it deems such necessary or if a hearing is requested by the initiating agent.

**Section 6:     Maintenance of Records**

Records shall be maintained which will be open for public inspection showing a list of positions in each department and the qualifications and requirements of each class of employment.

## RULE III - ORGANIZATION AND FUNCTIONS

### Section 1:    The Personnel Department

The Personnel Department consists of the Personnel Board and the Personnel Director and such other employees as required to provide services to operating agencies.

### Section 2:    The Personnel Board

The Personnel Board, hereinafter referred to as the Board, consists of three (3) members appointed in the following manner:  One by the governing body of Montgomery County, one by the governing body of the City of Montgomery, and one by a majority of the circuit judges and probate judge, of the county.  Of the first three (3) members appointed,

(a)    Qualifications - The members of the Board must be qualified electors of the county.  No person may be appointed to the Board who holds any salaried public office or employment, nor can any member, while a member of the board or for a period of one (1) year after, ceasing for any reason to be a member, be eligible for appointment to any salaried office or employment in the service of the county or municipality or any county or municipal elective office.

(b)    Meetings - The Board is required to hold one (1) regular meeting each month and such special meetings as necessary.  The members of the Board shall receive twenty-five dollars ($25.00) for each meeting of the Board they attend.

(c)    Functions - The functions of the Board are:

(1)    To formulate and promulgate a set of rules to supplement the Act and revisions and amendments thereof.

(2)    To act in an advisory capacity to the governing bodies of the county and municipality on problems concerning personnel administration.

(3)    As provided by the Act and by rule, to hear and decide appeals submitted by any person in the classified service relative to any situation connected with the employment status or condition of employment.

(4)   In any investigation or hearing conducted by the Board, to have the power to examine witnesses under oath and compel their attendance or the production of evidence before it by subpoenas issued in the name of county or municipality. Each member of the Board has the power to administer oaths to witnesses.

(5)   To hold hearings on and adopt or revise the position classification plan.

(6)   To establish, after consultation with the governing body of the county and the governing body of the municipality and the elective officials of the county, coming within the provisions of this Act, a pay plan for all employees in the classified service.  Such pay plan must include, for each class of positions, a minimum and a maximum rate, or rates as may otherwise in specific instances be fixed by law, and such intermediate rates as deemed necessary or advisable by the Board.

**Section 3:    The Personnel Director**

The Personnel Director is appointed by the Personnel Board. The Director is the Board's executive officer and acts as secretary at Board meetings, but does not have a vote in determining the Board's policy.

**The duties of the Personnel Director are:**

(a)   To attend all meetings of the Personnel Board and keep the minutes and records of the Board.

(b)   To administer all provisions of the Act and those rules not specifically reserved to the Board.

(c)   Under direction of the Board, to prepare rules and revisions and amendments thereof for the consideration of the Board.

(d)   To prepare a position classification plan and class specifications and revisions thereof for the approval of the Board.

(e)   To establish and maintain a roster of all employees in the classified service of the City and County.

(f)     To prepare and instruct in the use of such forms and procedures as necessary and appropriate to carry out the provisions of the Act and these rules.

(g)     To provide for a system of checking payrolls, so as to determine that all persons in the classified service have been appointed in accordance with these rules and are being paid proper amounts for duties of the class.

(h)     To administer the examination program, pass upon qualification of applicants, establish employment lists and certify eligibles to appointing authorities for filling vacancies.

(i)     To appoint employees of the Personnel Department and direct and supervise administrative and technical activities of the department.

(j)     To cooperate with appointing authorities and others in developing and establishing training programs for employees, promoting employee morale, and otherwise raising standards of performance in the county and city service.

(k)     To prepare for consideration by the Board, a compensation plan consisting of rates of pay for the several classes of employment and recommend changes in such plan from time to time as deemed desirable.

(l)     To perform such other activities with reference to personnel administration not inconsistent with the Act, as required by these rules, as directed by the Board, or as may be deemed necessary or desirable for effective personnel administration.

8

## RULE IV - THE UNCLASSIFIED SERVICE AND CLASSIFIED SERVICE

**Section 1:     The Unclassified Service**

The Unclassified Service consists of the following offices and positions:

(a) All elective officers, provided, however, that in the event the status of an elective officer of the county or municipality is changed to that of an appointive officer, then at the expiration of the term of office of any such officer, the person holding the office at the time of the expiration of the term, providing that he shall have service in such position for a period of at least six (6) months continuously, immediately prior to the expiration of the term of office, shall assume regular status in the competitive service without preliminary examination or working tests and shall thereafter be subject in all respects to the provisions of the Act.

(b) Members of appointive boards, commissions, councils, and committees.

(c) All employees or appointees of the city and county board of education, or persons engaged in the profession of teaching or in supervising teaching in the public schools; excepting, however, personnel employed in kindergartens or schools not a part of the city or county board of education.

(d) Attorneys, physicians, surgeons and dentists who, with the express of implied permission of any appointing authority or of the county or municipality, hold themselves out for employment by others in the same or a like line of work as that performed by them so such appointing authority; excepting, however, municipal judges, or assistant municipal judges and city or municipal prosecuting attorneys or assistant city or municipal prosecuting attorneys.

(e) Persons in the "classified service" within the meaning of and subject to the State of Alabama merit system under any present or future law, and so long as any such law remains effective.

(f) The Personnel Director provided for by the Act.

(g) One private secretary or executive assistant of a member of the governing body of such municipality, and two clerks to be designated by each county elective official, except the Members of the Board of Commissioners; and any employee receiving compensation from any elected official of the county, however, the Personnel Board approves the rates of pay for these employees.

Rule IV, Sections 1 and 2                                                                    9

(h)     *The chief of police, fire chief, chief financial officer, head of the department of parks
        and recreation, head of the maintenance department, and head of the sanitation
        department of any affected municipality who shall be appointed and serve at the pleasure
        of the mayor of the affected municipality.  Any person appointed to a position pursuant
        to this subdivision shall meet at least the minimum qualifications for the position as shall
        be established by the personnel board.  Notwithstanding any other provisions of this act,
        the compensation of persons appointed pursuant to this subdivision shall be set by the
        personnel board pursuant to a pay and classification study.

Section 2:     Classified Service

        The classified service comprises all offices and positions in the city and county services
now existing or hereinafter created, except those which are specifically placed in the unclassified
service by Section 4 of the Act and Section 1 of this rule.  All employees of any public
corporation, board, committee or commission appointed or created by the governing body of the
county or city shall also be included in the classified service.

*Revised 8/24/04

# RULE V - THE CLASSIFICATION PLAN

**Section 1:    Purpose**

The classification plan provides for the grouping into a single class positions which involve substantially the same kind of work, equal difficulty, responsibility and comparable qualifications for work performance.  The classification plan consists of:

(a)    a schedule of class titles appropriately descriptive of the nature of work of the several classes

(b)    written specifications describing the nature and requirements of work of positions of each class, and

(c)    materials regarding the interpretation and application of the class specifications.

**Section 2:    Class Titles**

Class titles, or designated code symbols shall be used in all personnel, accounting, appropriation and financial records.  No person shall be appointed to or employed in a position in the classified service under a title not included in the classification plan.  Descriptive titles used in the course of departmental routine to indicate authority, status in the organization or administrative work may be used as required for these purposes.

**Section 3:    Class Specifications**

The specifications of the classes of positions in the classification plan and their various parts have the following force and effect:

(a)    The specifications are descriptive and not restrictive.  They are intended to indicate the kinds of positions that are allocated to the several classes, as determined by their duties and responsibilities, and shall not be construed as declaring to any extent, or in any way what the duties or responsibilities of any positions shall be, or as limiting or in any way modifying the power of any appointing authority or administrative officer to assign, direct, and control the work of employees under supervision.  The use of particular example or illustration shall not be held to exclude others not mentioned that are of similar kind or quality.

(b)    In determining the class to which any position should be allocated, the specification of each class shall be considered as a whole. Consideration shall be given to the duties, specific tasks, responsibilities, qualification requirements and relationships to other classes.

(c)    Qualifications commonly required of all incumbents of the different classes, such as acceptable physical condition, freedom from disabling defects, suitable age, honesty, sobriety and industry, shall be deemed to be implied as qualification requirements for entrance to each class even though they may not be specifically mentioned in the specifications.

## Section 4:    Amendment of Classification Plan

The Personnel Director is responsible for continuous administration of the classification plan and as changes in organization and assignments of work require, shall recommend to the Personnel Board amendments to the classification plan.

## Section 5:    Allocation of Positions

The Personnel Director shall allocate each position now existing or hereinafter created to the proper class in the classification plan. Whenever a new position is created, the department shall furnish the Personnel Director a complete job description in order that the duties and responsibilities may be studied and the proper classification determined. If a proper classification does not already exist, a new class specification shall be prepared and submitted to the Personnel Board for approval.

The addition of new assignments or the taking away of old ones for any position shall be reported to the Personnel Director.

# RULE VI - THE PAY PLAN

**Section 1:    Establishment**

The Personnel Board is required to establish, after consultation with the governing bodies of the city and county and the elective officers of the county, a pay plan for all classified positions in all services and certain specific exempts and unclassified positions.

**Section 2:    Composition of the Pay Plan**

The Pay Plan consists of:

(a)    a schedule of ranges of rates of pay in biweekly, hourly and/or annual amounts.

(b)    a schedule showing the pay range to which each class is assigned.

(c)    policies, as embodied in these rules, showing the interpretation and application of the schedules of range of pay.

**Section 3:    Development of Pay Ranges**

After consultation with appointing authorities and city and county fiscal officers, the Director is required to prepare and recommend to the Board a pay range for each class of employment in the classified service, and certain specific exempt and unclassified positions. Such ranges shall consist of a minimum and maximum rate, and such intermediate rates as the Director considers necessary or equitable. The rates for each class shall be those of the basic schedule of ranges of all rates (Section 2a) which are proper. In establishing such rates the Director shall give consideration to the experience in recruiting for positions in the city and county services, the prevailing rates of pay for comparable services in other public and private employment, living costs, the financial condition and policies of the city and county, and the relationship in kind and level of duties and responsibilities of the several classes.

## Section 4:    Adoption of Plan

Upon receipt of the proposed pay plan, the Board may give opportunity to be heard to appointing authorities, employees and the general public. After incorporation and modification, changes or amendments it considers desirable, the Board shall submit the plan to the governing bodies of the city and/or county, who, after making such changes as they deem necessary, resubmit it to the board, who shall accept or reject, and it shall take effect when approved.

## Section 5:    Adjustments at Time of Adoption

At a time designated by the Personnel Board after the official date of adoption of the Pay Plan, or revision thereto:

(a)    Employees whose rate of pay is less than the prescribed minimum rate for the class shall be increased to the prescribed minimum rate for the class with no change in anniversary date, except that the salary of an employee with less seniority will not be advanced beyond that of an employee with greater seniority in the same department.

(b)    Any employee whose present rate of pay is the same as a rate of the new range will be placed on the corresponding step of the new range, with no change in the employee's anniversary date.

(c)    Any employee whose present rate of pay is between any two rates of the new range, will be increased to the next higher rate, with no change in the employee's anniversary date.

(d)    Any employee who is at the top of the old pay range and has not received an anniversary increase for more than one year is eligible to be considered for an immediate one-step pay increase. The employee's previous anniversary date will be reinstated.

(e)    Regular employees whose pay is in excess of the maximum rate prescribed shall not be automatically reduced in pay but shall not receive any increase as long as they occupy positions for which the pay rate maximum is the same as, or less than, the pay rate currently received. This provision shall not, however, prevent the application of service-wide blanket pay decreases or a decrease of any employee's pay for any valid reason recommended by the appointing authority. No change in pay shall become effective until approved by the Personnel Director.

(f)  Provisional or temporary employees whose pay is in excess of the minimum rate of the class, if qualifying for permanent appointment, shall be reduced to the minimum rate for the class except when appointment at a higher rate is approved by the Director in accordance with Section 6.

**Section 6:    Beginning Rates**

The minimum rate of pay for a class shall be paid to any person on the original appointment to a position of the class except when determined by the Director as warranting employment at a higher rate.

**Section 7:    Within Range Adjustments**

(a)  The salary ranges are intended to furnish administrative flexibility in recognizing employee performance and service, in providing employee incentive, and in meeting special and emergency conditions in which increases or decreases of individual rates are required for the good of the city or county service. Within salary range adjustments shall not be automatic but shall be dependent upon specific recommendations of the appointing officer, provided, however, that the Personnel Board may approve a plan for increasing new employees to the second step of the range of a class upon satisfactory completion of the probationary or provisional period or other specified length of service following original appointment. No change in pay shall become effective until approved by the Personnel Director.

(b)  Ordinarily, increases in salaries shall not be made more than one step and shall not be made more often than once each twelve (12) months nor shall salary advancements be given to an employee until completion of the probationary period, except that an appointing authority may recommend to the Board salary increases of more than one step or more frequently than once every twelve (12) months upon detailed written statement to the Board specifying the employee's exceptional performance or the unusual employment conditions that make such action necessary, and provided that sufficient funds have been budgeted.

**Section 8:    Interpretation of Pay Ranges**

(a)    The schedule setting forth established ranges of pay and the assignment of each class to one of these ranges shall be regarded as gross compensation for full-time service in the several classes, but does not include reimbursement for expenses incurred by reason of authorized and approved travel on city or county business.  Full-time service in a class shall be considered to be service for that number of hours per day and days per week which represent the established working schedule for employment of the class.

(b)    The legal rates of pay for payroll purposes are hourly rates.  Annual rates of pay are listed in the pay plan for administrative purposes only.

**Section 9:    Pay for Part-Time Employment**

(a)    Whenever an employee works for a period less than the regularly established number of hours a day, days a week, or weeks per pay period, the amount paid shall be proportionate to the time actually employed.

(b)    Biweekly rates of pay shall be paid except that on certification by an administrative officer that payment of biweekly rates for certain classes of employment is not feasible because of the temporary or intermittent nature of the work, the Personnel Director may authorize the payment of weekly, daily, or hourly rates for those employments.  Such rates shall be determined in accordance with the following formulae:

| | |
|---|---|
| Biweekly Rate – | 80 hours x hourly rate |
| Annual Rate – | 26 x biweekly rate |
| Daily Rate – | hourly rate x number of work hours in established work day for the class |
| Weekly Rate – | hourly rate x number of hours in regularly established work week for the class |

(c)    Payments for less than a full payroll period or payments for vacation and overtime accruals at separation, shall be determined by multiplying the established hourly rate by the number of hours of work actually performed or included in the vacation or overtime accrual.

(d)    For employees working five (5) days per week, eight (8) hours per day, the working year shall be considered 2080 hours annually or 260 working days.  For employees working five (5) days per week paid biweekly the working period shall be considered ten (10) working days or forty (40) working hours per week.  For employees working seven (7) days per week or an average of fifty-six (56) hours per week the working month shall be thirty (30) days.

**Section 10:    Pay Adjustments in Assignments, Transfers, Promotions and Demotions**

When an employee is reassigned, transferred, promoted or demoted, the rate of pay for the next position shall be determined as follows:

(a)    Promotions - If the rate in the previous position was less than the minimum rate established for the class of the new position, the rate of pay shall be advanced to the minimum for the class of the new position.

If the difference in pay ranges does not automatically result in an increase in the equivalent of a one-step increase in the rate of a pay for an employee promoted, a one-step immediate increase within the pay range of the new classification may be given by the appointing authority, subject to approval by the Personnel Director. *Merit date does not change.

(b)    Demotions - If the rate of pay in the previous position was more than the maximum rate established for the class of the new position, the pay shall be reduced to a point within the range for the class of the new position to be determined by the appointing authority subject to the recommendation of the Personnel Director.

(c)    Transfers - If the rate of pay in the previous position falls within the range of pay established for the class of the new position and does not correspond to a step in the salary plan, it shall be adjusted to the next higher step, but otherwise this rate of pay may remain unchanged or may be changed on the recommendation of the administrative officer in accordance with this rule.

Revised 1/13/04

(d)     Assignment - Extra pay is given for temporary special duty as designated in the pay and classification plan for the specified assignment.

## Section 11:   Pay Adjustments in Reallocations

(a)     When a position is reallocated to a class with a higher maximum salary rate, the incumbent employee who has been occupying that position may be noncompetitively promoted to that class and is eligible for a one-step promotional increase in salary upon recommendation of the appointing authority and approval of the Personnel Director. *Merit date does not change.

(b)     If the reallocated position is vacant, the vacancy may be filled by promotion, transfer or original appointment. When a position is reallocated to a class with a lower maximum salary range, the employee occupying that position will not be demoted or reduced in pay.  However, such employee may be transferred with approval of the appointing authority or department head to a vacant position within the same class as that which the employee holds.

(c)     When a position to which an incumbent employee is currently assigned is reallocated to a class with the same maximum salary rate, the employee may be reclassified to the new class of the position. If no permanent employee occupies the position, the vacant position may be filled by promotion, transfer or original appointment.

## Section 12:   Pay for Re-employment

A re-employed employee will be placed at one step below the last salary step held prior to separation.

Revised 1/13/04

## Section 13:  Deductions from Pay of Exempt Employees

Improper pay deductions are prohibited.  Appointing authorities may make deductions from the wages of exempt employees for the following reasons:

1. Absence from work for one or more full days for personal reasons other than sickness or disability.  (See Rule VIII, Section 4)
2. Absence from work for one or more full days due to sickness or disability if the deduction is made in accordance with a bonafide leave plan or policy.  (See Rule VIII, Section 5)
3. Partial day deductions for leave taken under the Family Medical Leave Act.  (See Rule VIII, Section 6)
4. Absence due to Military Leave.  (See Rule VIII, Section 7)
5. Public accountability to taxpayers for the use of public funds by paying employees only for time worked, which may result in partial pay deductions.
6. Suspensions for violation of workplace safety rules and workplace conduct rules.  (See IX, Section 4)

If an employee believes that an impermissible deduction has been made, the employee should contact his/her payroll office or the Personnel Department.  In the event that an impermissible deduction has been made, the employee will be reimbursed for the improper deduction and a good faith commitment will be made to comply with proper deductions in the future.

## Section 14:  Certification of Payroll

It shall be unlawful for any county, municipal, public corporation, board or commission, official or employee, or any other fiscal officer, to draw or issue any warrant on the county, municipal, public corporation, board or commission treasury, or county, municipal, public corporation, board or commission depository, for the payment of any salary or compensation to any person in the county, municipal, public corporation, board or commission service for personal services, unless the payroll, estimate, voucher, or account for such salary or compensation containing the name of the person to be paid shall bear the certification of the head of the department wherein such person works; that the person or persons named therein are employees of the county, municipality, public corporation, board or commission and are legally entitled to receive the sums stated therein.

# RULE VII - RECRUITMENT AND EMPLOYMENT

## Section 1: Recruitment by Competitive Examination

All permanent appointments to positions in the classified service shall be made according to merit and fitness ascertained by competitive examination, except Service Maintenance Workers, Recreation Aides and Library Pages. Examinations shall be prepared by or under the direction of the Personnel Director and may be, as determined by the Personnel Director after consultation with appointing authorities, assembled or unassembled, and may include written, oral, physical, or performance tests. Examinations may consist solely of an evaluation of such factors as education, experience, character, physical fitness, or any other qualifications which the Personnel Director determines to be relevant to the position to be filled. Competitive promotional examinations may take into consideration the quality and length of employment in the classified service in addition to any or all of the above factors.

## Section 2: Notices of Examination

All examinations shall be publicized by the preparation and public notice of examination announcements. The public notice of examination shall specify the title and salary range of the class of employment, description of the nature of work and examples of duties, experience and training desirable for performance of the work, the time, place and manner of making application, closing date for receiving applications and other pertinent information as deemed desirable by the Personnel Director to attract qualified applicants. Examination announcements shall be distributed and given publicity as deemed desirable and appropriate by the Personnel Director for the attraction of qualified applicants for the class of employment. Various types of examinations may be used alone or in combination. Examples of these are: "assembled", applicants are required to meet at a specific location in order to be tested; "unassembled", an evaluation of the training and experience based on the application form submitted and any other required documents; "performance", applicants are required to demonstrate skill in operating job related equipment; "oral", applicants are required to be interviewed before a panel of evaluators as to job related qualifications.

**\*\*Section 3:       Employment Lists and Their Use**

   (a)    The Personnel Director shall establish and maintain such employment registers or lists
          for various classes of positions as are necessary to meet the needs of the service. The
          names of eligibles shall be placed on such a list in the order of their final earned
          rating in competitive examinations and they shall be notified by the Personnel
          Director of their grade and place on the list. Tie scores shall not be broken and tied
          scores shall be grouped for purposes of certifications.

   (b)    Employees having permanent status who are involuntarily separated from the service
          by reason of shortage of work or funds, changes in organization, or other reasons not
          involving fault, delinquency or violation on their part shall at time of the separation
          be placed on the re-employment list. A former or retired employee who voluntarily
          separated in good standing may be considered for re-employment and upon the
          employee's request his/her name shall be placed on the re-employment list(s). Any
          former or retired employee who is re-employed more than two years from the date of
          separation will be required to successfully complete a six months probationary period.

   (c)    Former employees requesting Veterans re-employment rights pursuant to Title 38,
          Chapter 43, of the United States Code, and satisfying the conditions of that Act, will
          be certified as eligible for immediate re-employment.

**\*Section 4:  Veteran's Preference**

   (a)    Preference in open competitive examination is to be given for those veterans who
          have served in the armed forces of the United States, to their widow or widowers and
          to the spouse of a totally disabled veteran.

   (b)    The term "veteran" means a person who honorably served in the military service
          during any war or conflict in which the United States was engaged and who was
          discharged or released from service under conditions other than dishonorable. It does
          not include those who serve an initial period of active duty training in the Reserve or
          National Guard. Eligibility is determined by submission of a copy of the DD214 or
          other document which shows dates of service and type of discharge.

   (c)    A disabled veteran is one who has a service connected disability and who receives or
          is eligible to receive compensation for the disability. Eligibility is determined by
          submission of DD214 or other document which shows dates of service and type of
          discharge and a letter from the Veteran's Administration which was issued within the
          last six months prior to application for examination.

   (d)    Spouse of a disabled veteran means that the veteran is totally disabled and therefore
          not qualified for employment but the spouse is qualified. Eligibility is determined by
          submission of veteran's DD214 or other document which shows dates of service and
          type of discharge, a letter from the Veteran's Administration which was issued within
          the last six months prior to the application for examination and proof of marriage.

\* New 9/14/04
\*\* Revised 2/25/05

(e)     Widow or widower of a veteran is one whose spouse died or was killed in the line of duty, and who has not remarried. Eligibility to be determined by submission of spouse's DD1300 or other official documents which show dates of service and a marriage certificate.

(f)     Preference shall be granted to veterans, the spouse of a totally disabled veteran and widows or widowers of veterans who died in the line of duty, as defined above, and who obtain a passing mark in an open competitive examination.

(1) Preference shall be granted to totally disabled veterans and widows or widowers of veterans by adding 10 points to the passing score in an open competitive examination.

(2) Preference shall be granted to the spouse of a totally disabled veteran, who does not qualify for employment, by awarding 10 points to the passing score in an open competitive examination to the qualifying spouse.

(3) Preference shall be granted to veterans as defined in paragraph (b) above by adding five points to the passing score in an open competitive examination.

## Section 5:  Duration of Employment Lists

The Personnel Director shall determine the period during which employment lists shall remain in effect, but this period shall not exceed two (2) years.  When the Personnel Director deems it appropriate a new eligible list may be combined with an existing list by placing the names of eligibles in order of final earned rating on the competitive examinations.  For classes of employment determined by the Personnel Director, continuous open competitive examinations may be held and names of eligibles placed on such eligible list in accordance with final earned rating without regard to time of examination.

## Section 6:  Removal from Eligible Registers

The Personnel Director may remove from an eligible list the name of any applicant, who fails to respond to notice of certification, who declines three (3) offers of permanent full time employment, who qualified for appointment through false or misleading statements, or who is ineligible for employment under the Immigration Reform and Control Act of 1986.

Rule VII, Section 7

22

**Section 7:**                    **Procedure for Filling Vacancies**

(a)    All vacancies in the classified service shall be filled by original appointment, promotional appointment, upgrade, temporary appointment, provisional appointment, re-employment, or transfer. Whenever a vacancy in a position in the classified service is to be filled, the appointing authority shall notify the Personnel Director whether such position is to be filled by original appointment, promotional appointment, upgrade, re-employment or transfer.

1. Rank Ordered Lists:

If such position is to be filled by original or promotional appointment, the Personnel Director shall certify the names of the persons in the five (5) highest positions in order of rank on the appropriate rank ordered list, provided each list contains the names of five (5) applicants. In the case of two (2) or more vacancies, the Personnel Director shall certify four (4) names more than the number of vacancies. Where more than one person is eligible in the last ranked position, in connection with an original or promotional appointment, all applicants tied at that score shall be certified. Names shall be certified in order of ranked standing without regard to sex or special qualifications, except that where a limitation to one sex or a requirement of special qualifications is specified by the appointing authority and approved by the Personnel Director as a bonafide occupational qualification.

2. Banded Lists:

If such position is to be filled by original appointment or promotional appointment, the Personnel Director shall certify the entire top band to the appointing authority when the number of vacancies is less than or equal to the number of persons occupying the first or highest band. When the number of vacancies exceeds the number of persons contained in the first or highest band, the Personnel Director shall certify the entire highest band to fill the number of vacancies equal to the number of persons in that band, and the entire second highest band to fill the remaining vacancies. All the names in the highest band must be exhausted, i.e. removed or hired, before selections can be made from the next highest band. (Because Act 2280 does not address banded lists, this rule on banded lists is enacted pursuant to the Personnel Board's authority to formulate rules supplementing the Act. (Act 2280, Regular Session 1971, Section 2(a).)

(b)     When there are five (5) or less applicants who meet the minimum qualifications for an announced promotional examination or an open competitive examination, the Personnel Department's certification shall include all eligible candidates without administration of any selection procedure.

*(c)     Procedure for Hiring and Upgrading Service Maintenance Workers, Library Pages and Recreation Aides

1. Vacancies for Service Maintenance Workers, Library Pages and Recreation Aides may be filled without application to the Personnel Department and without regard to competitive examination because these classifications are unskilled work for which there is no minimum qualification or other qualifications to be measured or tested. Applicants apply directly to the department where employment is sought and are to be considered and hired in the order that the application is received. It is the responsibility of the employing department to maintain records on the number of applications filed, the race and gender of applicants, and date and time an application is filed. The appointing authority is responsible for ensuring that applicants are hired without regard to qualifications and in compliance with equal employment opportunity requirements set forth in Section 13 of this rule. Unsuccessful applications must be retained for three (3) years, pursuant to the requirements of the Alabama Records Disposition Authority.

2. Upgrade refers only to the promotion of an employee in the above classifications to the next highest classification. An employee may be upgraded only after attaining permanent status and must complete a total of six (6) consecutive months of employment with the department. Exceptions to the upgrade requirements must be justified in writing by the appointing authority. Employees shall be upgraded according to seniority provided they are capable of qualifying for the job or performing the work. Qualified Service Maintenance Workers in the department in which the vacancy occurs shall be given preference in order of seniority over service maintenance workers in other departments regardless of the fact that service maintenance workers in other departments have more seniority. For purposes of determining length of seniority, an employee shall be considered not to have broken his seniority unless the absence from the job was for a period greater than six (6) consecutive months. Employees do not receive credit for any period in which the employee was not in pay status.

3. Full time, temporary Service Maintenance Workers, Library Pages, and Recreation Aides are paid only for hours actually worked, and are paid for holidays only when working immediately before and after the holiday.

4. Temporary workers do not accrue sick and annual leave.

5. The period of employment of a seasonal or temporary worker shall not exceed six (6) consecutive months in any twelve (12) month period.

Revised 1/25/05

6. Any employee employed to work twenty (20) hours or more per week for more than six (6) consecutive months must be hired as a permanent employee.

7. Any employee who works twenty (20) or more hours per week for more than six consecutive months automatically becomes a permanent employee, with all rights and privileges of the merit system.

8. Any employee who works less than twenty (20) hours per week will be considered "as needed" or "occasional" and will be a temporary employee.

9. Temporary employees shall not be employed to fill permanent vacant slots without justification, in writing, from the appointing authority.

## Section 8:  Temporary Appointments

In absence of appropriate employment lists, appointing authorities may make a temporary appointment of a person who is approved by the Personnel Director as being qualified to perform the work of the class. An employment list shall be established for such position within ninety (90) days.  Temporary appointments shall be terminated at the end of ninety (90) days or at such time as an appointment can be made from an eligible register, whichever occurs first. No person shall receive more than one temporary appointment, in any one fiscal year. No credit shall be allowed in the giving of any examination or the establishment of any employment or promotional lists for service rendered under temporary appointment.  Temporary employees cannot be promoted or upgraded.

## Section 9:  Transfers

A position may be filled by transferring an employee from one position of the same class or similar class with essentially the same basic qualifications and the same maximum salary limit.  Transfers between departments must be approved by both appointing authorities and the Personnel Director.

## Section 10:  Emergency Appointments

To meet emergency conditions and take care of extra work loads, appointing authorities may appoint persons to take care of the situation, but no such appointments may exceed thirty (30) working days in any fiscal year.

## Section 11:  Probationary Period

Except as otherwise provided herein, all original and promotional appointments are for a probationary period of six (6) months, which period may not be extended beyond six (6) months. Service Maintenance Workers, Recreation Aides and Library Pages have a probationary period of two (2) months.  Police Officers have a probationary period of twelve (12) months. Such probationary period should be regarded as an integral part of the examination process and used for closely observing the employee's work, for securing the most effective adjustment of the new employee to the position, and for rejecting any employee whose performance does not meet required work standards.  At any time during the probationary period, an appointing authority may reject the probationary employee, provided notification is given the employee and the Personnel Director of the reason for removal. If an employee promoted to a higher class is found unsuited for the work of the class to which promoted, the employee shall be reinstated to the previous position.

## Section 12:  Provisional Appointment

Employees mandated by law, regulation, or policy to meet specific criteria in order to be licensed by a regulatory or other authority to perform the duties of a certain position will be appointed provisionally until they successfully meet the legal requirements.  Employees in provisional status will receive all the benefits of a probationary employee.

## Section 13:  Equal Employment Opportunity

Discrimination against any person in recruitment, examination, appointment, training, promotion, retention, discipline, or any other aspect of personnel administration, because of political or religious opinions or affiliations or because of race, national origin, or any other non-merit factors is prohibited.  Discrimination on the basis of age or sex or physical disability is prohibited except where specific age, sex, or physical requirements constitute a bona fide occupational qualification necessary to proper and efficient administration.

## *Section 14:  Workplace Harassment

Workplace Harassment is a form of discrimination, which takes place or occurs in an employment context, and is based on or results from some protected status afforded the victim by law.

Protected status is derived from federal laws governing the employment relationship:
- Title VII of the Civil Rights Act of 1964 prohibits discrimination in the form of harassment based on an individual's race, color, sex, national origin and religion.  Title VII protection extends to sexual harassment, as defined by the Equal Employment Opportunity Commission (November 1980 3950.11, Section 1604.11).  "Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment".

Revised 10/12/04

- The Age Discrimination in Employment Act of 1967 prohibits discrimination in the form of harassment because of age. Employees over the age of 40 are protected.
- The American's with Disabilities Act of 1990 prohibits discrimination in the form of harassment because an employee has a disability.

There are two kinds of Workplace Harassment:

- Harassment coupled with the withholding or awarding of a tangible job benefit, such as promotion or pay increase, because of some protected status. In sexual harassment cases this form of harassment is called "quid quo pro" a Latin term that means "this for that".
- Hostile work environment harassment occurs when the harassing conduct has the purpose or effect of unreasonably interfering with the victim's work performance or creating an intimidating, hostile or offensive work environment.

There are three forms of harassment:

- Physical – any unwanted touching of body or clothing.
- Non-verbal – displaying offensive printed material of any kind, offensive gestures or motions, staring or leering, unwelcome non-verbal behavior.
- Verbal – slurs, offensive jokes, derogatory reference to one's age, gender, race, color, national origin, religion or disability.

To be illegal workplace harassment, the behavior must be unwanted, must occur in the employment context, must involve some physical, verbal or non-verbal behavior related to or because of some protected status the victim has been given by the laws described above.

An employee who believes he/she is the victim of any form of illegal workplace harassment, as discussed above, should contact the employee's supervisor, if the supervisor is the offending party, the employee may go up the chain of command to the Department Head, the Elected Official or the Assistant to the Elected Official, the Personnel Director, Assistant Personnel Director or Employee Relations Specialist at the Montgomery City-County Personnel Department.

## Section 1: Working Hours

The Director shall administer regulations for maintaining uniform and equitable hours of work required of all employees in the City and County Services and adopted by the Board. The number of hours any employee is required to be on duty each day or in any week or month shall be uniform for all whose positions are allocated to the same class, unless specifically provided otherwise by action of the Board, and recorded in the minutes, together with its reason for each exception; but the hours for different classes may be different.

## Section 2: Overtime

Employees shall work over the stipulated hours whenever necessity demands additional services of an occasional nature including time spent in required attendance at court. Rules governing such work are based on Alabama Law (*Act No. 2280, Regular Session 1971; Act No. 167 Third Special Session 1971; Act No. 96-664 [Ala. Code § 36-21-4.1]*) and federal law (*the Fair Labor Standards Act 29 U.S.C.§ 201 et seq.*)

**(a)  Compensation for Overtime:**

(1)  All employees shall, at a minimum, be given equivalent time off for overtime worked or be paid overtime on a straight time basis. Act 167 provides that "over-time work shall be any work performed over forty (40) hours per week, on holidays and beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty."

(2)  Employees covered by the Fair Labor Standards Act (the "Act") shall be given compensatory time at a rate of time and a half or be paid overtime at a time and a half rate. The Act defines overtime as any time actually worked over 40 hours in a 7-day work week or, for public safety employees who may be assigned to a work period of up to 28 days, any time actually worked over 171 hours in 28 day work period (or 86 hours in a 14 day work period) for employees in law enforcement activities (including security personnel in correctional institutions) as defined under the Act and its regulations and any time actually worked over 212 hours in a 28 day work period for firefighters. (*29 U.S.C. § 207(k); 29 C.F.R. § 553.200, et seq.; Ala. Code § 36-21-4.1 (1996)*)

(3) Non-elected law enforcement employees in the service of Montgomery County shall be compensated according to the standards and guidelines established by the Act and its regulations. *Ala. Code §36-21-4.1*

(4) The employee has the sole option, by stating in writing, prior to the time that overtime work is performed of either accepting overtime pay or compensatory time.

**(b) Accumulation of Compensatory Time**

(1) City, County and Airport employees who are covered by Act No. 167 Third Special Session 1971 but who are exempt from Fair Labor Standards Act may accumulate compensatory time for all overtime worked and may carry over 20 days of compensatory time at the end of any fiscal year, plus any accumulation earned prior to January 31, 1972. Non-elected law enforcement employees in the service of Montgomery County are not covered by Act 167.

(2) City, County and Airport employees covered by the Fair Labor Standards Act may accrue up to 240 hours of compensatory time, and City, County and Airport public safety employees may accrue up to 480 hours of compensatory time.

(3) All Housing Authority employees may accrue up to 240 compensatory hours. Housing Authority public safety employees may accrue up to 480 compensatory hours.

(4) Employees covered by the Fair Labor Standards Act who have accrued the maximum number of hours must be paid for all additional overtime until the accumulation is reduced by taking compensatory leave.

**(c) Control and Use of Compensatory Time:**

    (1)   An employer must honor an employee's request to use compensatory time within a "reasonable period" of time following the request so long as the use of the compensatory time would not "unduly disrupt" the employer's operations.

    (2)   An employer may ask an employee to voluntarily take compensatory time off, and if the employee refuses, the employer may order the employee to use compensatory time at specified times.

    (3)   An employer may, at any time, cancel or "cash out" accrued time by paying the employee cash compensation for unused compensatory time.

    (4)   At the time of separation, employees shall be paid in cash at their final regular rate of pay for any unused accumulation of compensatory time.

Rule VIII, Section 2                                                                    30

**Section 3: Legal Holidays**

(a)   Act 88-625 passed by the Alabama Legislature in the 1988 Regular Session states:
      "Employees of the City of Montgomery shall enjoy the same number of holidays as state
      employees. Provided, however, Montgomery City employees shall observe those holidays
      on the same days as employees of the federal government. If there be more state holidays
      than there are federal holidays, the remaining state holidays shall be taken as personal
      leave days which shall be authorized by the City Council for each employee after
      coordination and approval of such personal days by each city department head."

By resolution the City Council authorized the Mayor to approve personal leave days. By
memorandum the Mayor delegated that responsibility to each department head.

The first personal leave day will be accrued during the pay period that a state holiday not
observed by the City of Montgomery occurs. Subsequent personal leave days will be accrued
during the pay periods that state holidays not observed by the City of Montgomery occurs. The
maximum personal leave days that can be accrued is limited to the difference between the
number of federal holidays and the number of state holidays. Personal leave days must be used
in the fiscal year they are accrued.

| Holiday | Date |
|---|---|
| New Year's Day | January 1 |
| Martin Luther King's Birthday | 3rd Monday in January |
| George Washington's Birthday | 3rd Monday in February |
| Memorial Day | last Monday in May |
| Independence Day | July 4 |
| Labor Day | 1st Monday in September |
| Columbus Day | 2nd Monday in October |
| Veterans' Day | November 11 |
| Thanksgiving Day | 4th Thursday in November |
| Christmas Day | December 25 |

Any other day designated as a holiday by Federal Statute or Executive Order.

Rule VIII, Section 3                                                                   31

(b)   Act 91-250 signed by the Governor on July 16, 1991, amended Ala. Code § 1-3-8 (1975)
      setting legal holidays for the State of Alabama. Act 150 (Third Special Session, 1971)
      applies to all classified employees, other than city employees who are subject to the law
      cited in (a), and states that they "shall observe and be given the same holidays as state
      employees."

New Year's Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   January 1
Birthdays of Statesmen
Robert E. Lee & Martin Luther King, Jr. - - - - - - - - - - - - - - - - -   3rd Monday in January
Birthdays of Statesmen
George Washington & Thomas Jefferson - - - - - - - - - - - - - - - -   3rd Monday in February
*Mardi Gras Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   Tuesday preceding Lent
Confederate Memorial Day - - - - - - - - - - - - - - - - - - - - - - - - -   4th Monday in April
National Memorial Day - - - - - - - - - - - - - - - - - - - - - - - - - - -   last Monday in May
Jefferson Davis' Birthday - - - - - - - - - - - - - - - - - - - - - - - - -   1st Monday in June
Independence Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   July 4
Labor Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   1st Monday in September
Columbus Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   2nd Monday in October
Veterans' Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   November 11
Thanksgiving Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   4th Thursday in November
Christmas Day - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   December 25

*This is a holiday in Mobile and Baldwin Counties only. <u>All</u> employees other than City of
Montgomery employees who are employed, regardless of pay status, on January 1 of a given
year receive a personal leave day on January 1 of that year. Part-time employees are entitled to
a partial personal leave day calculated in the same manner as an annual leave day for such
employees. Employees appointed after January 1 <u>do</u> <u>not</u> receive a personal leave day for that
year. The said personal leave day granted in a particular year shall be used by the end of that
calendar year and is to be scheduled during the year with approval of the supervisor. The
supervisor shall assure that each employee used his or her personal leave day by the end of the
calendar year in which it is received. Employees who do not use personal leave days by
December 31 must be paid at the employee's usual and customary rate of pay.

Rule VIII, Section 3                                                          32

Any other day designated by the County Commission or by the Governor of the State of Alabama. Holidays falling on Sunday are observed the following Monday. Holidays falling on Saturday are observed the preceding Friday.

(c)   When work on a Legal Holiday becomes necessary, rules for overtime shall apply.

(d)   Employees whose scheduled off day falls on a holiday observed by general classified employees shall be given equivalent time off or be paid overtime on a straight time basis. The appointing authority shall determine whether to grant overtime pay or compensatory time off for those employees who have a scheduled off day falling on a holiday. In the event an employee is called upon to work and does work on a scheduled off day which falls on a holiday, such employee shall be paid for such work according to applicable overtime rules in addition to receiving pay for the holiday or compensatory time off at the election of the appointing authority.

(e)   Non-elected law enforcement officers in the service of the county whose scheduled off day falls on a holiday observed by general classified employees shall be given equivalent time off or paid holiday pay on a straight time basis. If the employee is scheduled to work on the holiday the employee shall be paid for the hours worked and will receive additional holiday pay or time off on a straight time basis. The appointing authority shall determine whether to grant holiday pay or equivalent time off. This holiday pay or equivalent time off is computed independently of any overtime pay or compensatory time computed under Section 2(a)(3) of this rule.

(f)   Employees working an average of 56 hours per week shall be credited with 11.2 hours holiday time for each holiday observed by general classified employees.

(g)   *Non-Exempt employees must be in pay status immediately before and after a state holiday in order to be paid for that holiday except for the personal leave day accrued on January 1 by County, Housing Authority and Airport Authority employees in lieu of Mardi Gras Day. City employees must be in pay status before, after and the day of the state holiday which is not a city holiday in order to accrue a personal leave day.

Revised 6/8/04

Rule VIII, Section 4

33

**Section 4: Annual Leave**

(a)   Each permanent employee in pay status shall earn annual leave according to the following schedule. Years of service for county employees means full-time classified employment beginning from the current employment date.

| Years of Service | Hours Earned | Maximum Accumulation/ Carry Over/Pay Out |
|---|---|---|
| **Fewer than 10 years** | | |
| 40 hours biweekly | 2 | 124 hours |
| 80 hours biweekly | 4 | 248 hours |
| 112 hours biweekly | 5.6 | 347.2 hours |
| **10 but less than 15 years** | | |
| 40 hours biweekly | 2.5 | 137 hours |
| 80 hours biweekly | 5 | 274.4 hours |
| 112 hours biweekly | 7.1 | 384.2 hours |
| **15 but less than 20 years** | | |
| 40 hours biweekly | 3 | 150 hours |
| 80 hours biweekly | 6 | 300 hours |
| 112 hours biweekly | 8.4 | 420 hours |
| **20 years or more** | | |
| 40 hours biweekly | 3.5 | 163 hours |
| 80 hours biweekly | 7 | 326 hours |
| 112 hours biweekly | 9.9 | 456.4 hours |

Annual leave may be used as earned, however, appointing authorities shall determine the time at which leave may be taken.  Annual leave in any one year may be taken not in excess of the total amount of annual leave accrued.  Regular days off which fall within the annual leave shall not be counted as annual leave.

Employees who accrue the maximum annual leave during the respective fiscal year or calendar year may continue to accrue hours at the appropriate hourly rate.  Airport Authority employees may carry over annual leave at the end of their fiscal year. City of Montgomery,  Montgomery County,  and Housing Authority employees may carry over annual leave to the beginning of the first  full pay period of the new calendar year.

(b)    Any permanent employee leaving service in good standing shall be compensated for earned annual leave up to the maximum designated for the years of service. Employees on leave immediately preceding or pending resignation or retirement do not accrue leave.

(c)    School Patrol Officers shall receive the same annual leave that is awarded public school teachers in the Montgomery school system. They shall not be eligible to take annual leave at any time other than the regular holidays which are granted public school teachers.

## Section 5: Sick Leave

(a)    Each permanent employee in pay status shall earn sick leave according to the following schedule:

| | | |
|---|---|---|
| 30 hours biweekly | - | 1.5 hours per pay period |
| 40 hours biweekly | - | 2 hours per pay period |
| 80 hours biweekly | - | 4 hours per pay period |
| 112 hours biweekly | - | 5.6 hours per pay period |

(b)    Sick leave shall be computed as earned but may not be accumulated in excess of 960 hours for regular full time employees who work 80 hours biweekly; employees who work 30 hours biweekly may accrue 360 hours; employees working 40 hours biweekly may accrue 480 hours; and 56 hour employees may accrue 1344 hours, providing a maximum of 120 working days of accumulated sick leave for each group of employees. Regular days off occurring during sick leave will not be charged as sick leave.

(c)    Sick leave is not a right for which employees may make demand, but a privilege granted in accordance with prescribed rules and regulations. Sick leave may be granted only for absence due to personal illness, maternity, legal quarantine, attendance upon members of the immediate family whose illness requires the care of the employee, or death in the immediate family of the employee. Immediate family is hereby defined to include spouse, children, parents, grandparents, parents-in-law, and siblings. Unusually strong ties with other relatives may be recognized for leave purposes upon written justification by the employee and approval of the appointing authority and/or Personnel Director.

(d)    An employee claiming sick leave may be required by the appointing authority to file a certificate from a physician stating that the employee was unable to work for the period of the absence, or that the employee is physically unable to perform the duties of his/her position, or that the employee has no contagious disease that might jeopardize the health of other employees, or that the employee is required to provide care of an ill family member. Accordingly, there are only two medical inquiries that the employer may make in connection with a request for sick leave.

A medical inquiry may be made to determine whether or not the employee is still able to perform the essential functions of the employee's job and to determine whether or not the employee will pose a direct threat to health and safety in the workplace due to the employee's medical condition.

(e)     Sick Leave Bank - Where an employee, employee's spouse or dependent minor child suffers extended illness or disability lasting more than six (6) months, upon the recommendation of the appointing authority, the Personnel Board may approve the transfer of a specified number of unused sick leave days (within the maximum accrued) from one employee to another employee of equal or lower classification:

   Provided that such requests are

   (a)  made in writing

   (b)  justified by catastrophic circumstances

   (c)  recommended by the appointing authority

   (d)  acted upon prior to leave being used

   (e)  all other available leave has been used.

(f)     Any permanent employee leaving the County or City service in good standing may be compensated for one-half (1/2) sick leave accrued to the date of separation, not to exceed 360 paid hours for 40 hour employees and 495 hours for 56 hour employees. No leave is accrued after effective date of resignation, dismissal or retirement. Employees on leave immediately preceding or pending resignation or retirement do not accrue leave.

## Section 6: Other Leave Due to Illness, Injury or Family Care

(a)  Special Leave - Upon certification to the Board by the appointing authority that an employee is absent from duty because of bodily injury or occupational illness incurred in line of duty, the Board may grant such employee a special leave on full or part-time pay, subject to such conditions as it may impose.  The certification by the appointing authority should be made to the Director at the end of the next pay period following the occurrence of such injury or illness.  During the interim between the date of the occurrence of such injury or illness and the next Board meeting, the employee whose injury or illness is certified shall be entitled to sick leave, which may be remitted by the Board at the time of the hearing.  Provided, that in no instance that special leave be granted for a period of more than twenty-six (26) weeks.  If at the time of twenty-six (26) weeks the employee is unable to return to duty, the appointing authority may request the Board to grant additional extension of special leave.

(b)  Worker's Compensation - Upon certification to the Personnel Director by the appointing authority that an employee is absent from duty because of bodily injury or occupational illness incurred in line of duty benefits are provided in accordance with Alabama Worker's Compensation Law, Title 25, Chapter 5, Code of Alabama 1975, as amended 1981.

(c)   Family and Medical Leave of Absence - The Family and Medical Leave Act of 1993 (FMLA) entitles eligible employees to receive a combination of accrued paid and unpaid Family and Medical (FML), not to exceed twelve (12) weeks in a twelve (12) month period.

Eligible Employee means one who has worked for the employer for at least twelve (12) months and who must have worked at least 1,250 hours in the twelve (12) month period immediately preceding the date FML begins.

Child means a biological, adopted or foster child, a stepchild, a legal ward or a child of a person standing in loco parentis who is either under 18 years old or a dependent child.

Parent means a biological, foster, or adoptive parent, stepparent, or legal guardian.  Parent does not include a parent-in-law or grandparent.

FAMILY AND MEDICAL LEAVE (FML) may be taken as Family Care Leave (FCL) or Medical Care Leave (MCL). It is the duty of the appointing authority to designate the leave as FMLA and within two (2) days of FMLA leave designation give written notice to the employee.

Family Care Leave (FCL) may be taken for the following reasons:

(1)    For the birth of a child and in order to care for that child.

(2)    For the placement of a child through adoption or state approved foster care.

FCL may be taken subject to the following conditions:

(1)    *All accrued paid annual and personal leave and sick leave, pursuant to rules for the use of sick leave must be exhausted against FCL for any part of the twelve (12) weeks of leave to which the employee may be entitled under FMLA before being placed on leave without pay. The employee may elect to use accrued compensatory leave. Compensatory leave is not counted as part of the twelve (12) weeks of FCL leave.

(2)    For twelve (12) consecutive weeks measured forward from the birth or placement of the child.

(3)    If both spouses are employed by the employer, they are entitled together to a total of twelve (12) weeks (rather than twelve (12) weeks each) for the birth or placement of a child.

(4)    Intermittent or reduced leave schedule is not allowed for FCL.

Medical Care Leave (MCL) may be taken for the following reasons:

(1)    To care for a spouse, child, or parent with a serious health condition.

(2)    For the serious health condition of the employee.

MCL may be taken subject to the following conditions:

(1)    Serious health condition means illness, injury, impairment, or physical or mental condition of a child, parent or spouse which warrants the participation of a family member to provide care during a period of the treatment, or supervision of the child, parent or spouse and also involves either (a) an inpatient facility, or (b) continuing treatment or continuing supervision by a health care provider.

*Revised 2/28/06

Rule VIII, Section 6                                                                                      38

(2)   *All accrued paid annual, personal, and sick leave must be exhausted against MCL for any part of the twelve (12) weeks of leave to which the employee may be entitled under FMLA before being placed on leave without pay status. The employee may elect to use accrued compensatory leave. Compensatory leave is not counted as part of the twelve (12) weeks of MCL leave.

(3)   For twelve (12) weeks measured forward from the first day MCL is used.

(4)   May be intermittent or reduced schedule if certified as medically necessary by the health care provider.

(5)   A medical certification from the health care provider to support a request for leave for an employee's own serious health conditions, or to care for a seriously ill child, spouse, or parent is required.

    (a)   For the employee's personal medical leave, the certification must state that the employee is unable to perform the functions of his or her position because of a serious health condition.

    (b)   For leave to care for a seriously ill child, spouse, or parent, the certification must state that the employee is needed to provide care.

(6)   The employer may require a second medical opinion, and periodic recertification at its own expense. If the first and second opinions differ, the employer, at its own expense, may require the opinion of a third health care provider, approved by the both the employer and employee. This third opinion is binding.

## PROCEDURES

Employees must follow specific procedures to request a family or medical leave. The procedures are as follows:

(1)   When the need for leave can be planned, such as the birth or placement of a child, or scheduled medical treatment, the employee must provide reasonable prior notice, and make efforts to schedule the leave to minimize disruption to department operations.

(2)   In cases of illness, the employee will be required to report periodically on his or her status and intention to return to work.

*Revised 2/28/06

(3)    The employee must complete and sign the Request for Family and Medical Leave of Absence Form and turn it into their department. If possible, the form should be submitted 30 days in advance of the effective date of the leave.

(4)    To request leave due to an employee's serious health condition, the employee must provide certification from the health care provider who is treating his or her own serious health condition, regarding the following information:

The date on which the condition commenced.

The probable duration of the condition.

The appropriate medical facts regarding the condition.

A statement that the employee is unable to perform the functions of his or her position due to his or her condition.

(5)    To request leave for the care of a child, parent or spouse with a serious health condition, the employee must provide certification from the health care provider who is treating their serious health condition, regarding the following information:

The date on which the condition commenced.

The probable duration of the condition.

An estimate of the time needed to care for the individual involved (including any recurring medical treatment).

A statement that the condition warrants the health care provider's involvement.

(6)    To request intermittent leave or leave on a reduced leave schedule, the employee must provide the following additional information from the health care provider:

For leave for the employee, the employee must provide (1) a statement of medical necessity of his or her intermittent leave or reduced leave schedule, and (2) a listing of the dates his or her planned medical treatment and the duration of the treatment(s).

For leave to care for a son, daughter, spouse, or parent, the employee must provide (1) a statement attesting to the necessity of intermittent leave or reduced leave for the employee to provide care or to assist in the person's recovery and (2) an estimate of the expected duration and schedule of his or her intermittent or reduced leave.

(7)     A combined Leave Policy Form is to be completed by any employee who is requesting leave and whose spouse also works for the employer.

(8)     All employees must complete an Insurance Premium Recovery Authorization Form. This form certifies that an employee acknowledges the employer's legal right to recover the cost of any premium paid by the organization to maintain his or her coverage in group health benefits during any period of unpaid leave except under the following conditions:

> The continuation, recurrence, or onset of a serious health condition that entitles the employee to leave to care for a child, parent, or spouse with a serious health condition, or if the employee is unable to perform the function of the position due to his or her own serious condition; or,

> Other conditions beyond the employee's control that prevent him or her from returning to work.

## STATUS OF EMPLOYEE BENEFITS DURING LEAVE OF ABSENCE

Any employee who is granted FML under this policy may continue his or her group insurance coverage by arranging to pay his or her portion of the premium contributions during the period of unpaid absence.

Employees will continue to be covered under the employers health benefit plan during FML absences under the same manner as they are covered during active employment even while on unpaid leave of absence.

If an employee elects not to return to work upon completion of an approved unpaid leave of absence, the employee will be required to reimburse the employer for his or her coverage at the COBRA rate less 2%, unless the failure to return to work was for reasons beyond the employee's control. Benefit entitlement based upon length of service will be calculated as of the last paid work day prior to the start of the unpaid leave of absence.

An employee on leave will not lose any employment benefits accrued prior to the leave, unless a benefit is used by the employee during the leave, such as accrued paid leave.

An employee on FML accrues no additional seniority or employment benefits during any period of unpaid leave.

An employee must continue retirement contributions at the same rate for the period of FML.

## EMPLOYMENT RESTORATION

Any eligible employee who takes a leave for a purpose intended by the law will be entitled upon return from such leave to be restored to the same position of employment as held when the leave began, or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, unless the employee would otherwise be dismissed or terminated from employment.

## PROBLEM RESOLUTION

It is the policy of the employer not to discharge or discriminate against any employee exercising his or her rights under the federal Family and Medical Leave Act. Any employee who thinks they have been treated unfairly should seek administrative remedies within the department and if that is not possible or if for any reason the problem cannot be resolved at the administrative level, the employee should contact the City-County Personnel Department.

## Section 7: Military Leave

(a) All officers and employees of the State of Alabama, or of any county, municipality or other agency or political subdivision thereof, or officers or employees of any public or private business or industry who are active members of the Alabama National Guard, Naval Militia or the Alabama State Guard organized in lieu of the National Guard, or any other reserve component of the armed forces of the United States, shall be entitled to military leave of absence from their respective civil duties and occupations on all days that they are engaged in field or coast defense or other training or on other service ordered under the National Defense Act, or of the federal laws governing the United States Reserves, without loss of pay, time, efficiency rating, annual vacation or sick leave. Notwithstanding the foregoing, no person granted a leave of absence with pay shall be paid for more than one hundred sixty-eight (168) working hours per calendar year, and those persons shall be entitled in addition thereto to be paid for not more than one hundred sixty-eight (168) working hours at any one time while called by the governor to duty in the active service of the state. This section shall apply to all schools and institutions of learning supported by state funds.

(b) Credit for active federal service - Service in the National Guard or Naval Militia of Alabama, when called, drafted or ordered into the service of the United States, shall be considered as equivalent service in the Alabama National Guard or Naval Militia for any and all state purposes regarding privileges, honors, pay, allowances and exemptions provided by law for members of the National Guard and Naval Militia of Alabama. Code of Alabama 1975, Section 31-2-13.

## **Section 8: Worker's Compensation

(a) Local government employees are entitled to the protections of the Worker's Compensation Act (WCA). The Act provides protection to those workers who are injured on the job. If an employee is released by the employee's physician or other medical professional to return to work prior to full recovery, modified duty is permitted if there is temporary, meaningful work for the employee to perform. Employers are not required to create modified duty positions. Modified duty assignments are to be evaluated every six months.

(b) Worker's Compensation Leave that is deemed to be a serious health condition, according to the Family and Medical Leave Act (FMLA), will run concurrently with FMLA leave. However, modified duty is provided only to those employees on Worker's Compensation Leave. Employees who are on FMLA leave only are not eligible for modified duty and may not be required to accept a modified duty assignment.

## *Section 9: Other Leave With Pay

(a) Leave with pay may be authorized by appointing authorities during official investigation by appointing authorities, pending pre-termination hearings as defined by federal law, or for the attendance by employees of official meetings, or for attendance by subpoena at

*Revised 8/9/05
**Revised 1/24/06

Federal, State, or Municipal Court, or to serve required jury service, or to attend authorized training or education courses, or for other just cause provided such leave is reported to the Personnel Director.

(b) Leave with pay may be granted for hazardous weather conditions or other emergency events only when all local non-essential employees have been advised, for safety reasons, not to report to work. It is the responsibility of the employee to contact the employee's supervisor, assistant department head, department head, department, or anyone designated by the appointing authority, prior to the time the employee is to report to work, to determine whether they are to report for work. If the department is open for business, and the employee does not report to work, the employee will be charged annual leave. If the employee has no annual leave, the employee may be charged compensatory leave or placed on leave without pay.

## Section 10:  Leave Without Pay

(a) **An employee may be granted leave without pay (LWOP) for a period not to exceed one year for sickness, disability, education, or other good and sufficient reasons which are considered to be in the best interest of the service upon the approval of the appointing authority and Personnel Director. Except for military leave, to be eligible for LWOP, an employee must have exhausted all annual and comp leave and, if the employee is sick, all sick leave. An employee may not be absent from work for a period exceeding one year, for any reason, except military leave and worker's compensation leave.

(b) An employee may, in addition, be involuntarily and immediately placed on leave without pay by the appointing authority upon the employee's arrest for, whether by indictment, complaint, or otherwise, or upon admission by an employee of any felony, or a misdemeanor (other than routine traffic violations) alleged to have occurred on the job or which materially and directly impairs the employee's ability to perform his assigned duties, for a reasonable time, not to exceed fifteen (15) days, pending investigation and the giving of a pre-deprivation hearing in compliance with federal law. If following the pre-deprivation hearing, the appointing authority imposes no discipline, the employee shall be given full back pay and benefits.

## Section 11:  Absence Reports
Administrative officers shall make reports to the Personnel Director of all absences of each employee during such payroll period.

## Section 12:  Service Rating

The Personnel Director may prescribe a form for the service rating of employees by administrative officers. Service ratings may be considered in determining salary adjustments within designated salary ranges, as a factor in the order of layoffs, and rating of employees for promotional purposes.

**Revised 1/24/06

## Section 13: Rights of Review and Appeal

(a)    A permanent employee may submit at any time a written statement to the head of the department regarding any situation related to employment status or condition of employment. The department head and appointing authority shall give the employee full opportunity to present views and shall take such action as deemed proper. If the employee desires, a written request for a review by the Personnel Board of the questions relating to employment may be made except in instances where the right of appeal is prohibited by Act 2280. The Personnel Board shall have investigated such requests and if required or requested hold an informal hearing within twenty (20) days after the request on such questions. Within ten (10) days after concluding the hearing, the Personnel Board shall certify its findings and order to the authority from whose action the appeal was taken. Such official shall then affirm, revoke or modify the action taken so as to conform with the findings and order of the Board. The findings and order of the Personnel Board shall be final and conclusive.

*(b)    A permanent employee is entitled to a hearing before the appointing authority, or the appointing authority's designee, prior to his demotion, dismissal or suspension as to any charges which might cause the employee to be dismissed, demoted, or suspended. No merit system employee can be demoted, dismissed or suspended "for cause" by any appointing authority unless and until such employee has been given written notice, setting forth with particularity the charges against him/her and an opportunity to be heard prior to demotion, dismissal, or suspension. Copies of the written charges, notice of the hearing and notice of the action taken shall be furnished to the Personnel Director.

(c)    A permanent employee who has been dismissed, demoted, or who has received a suspension which is appealable under these Rules to the Personnel Board shall receive a written statement of the reasons for such action from the appointing authority within three (3) days after the action is taken and within three (3) days from the date of such notice may provide the appointing authority a written answer to the charges which formed the basis of the action. Copies of both statements shall be furnished to the Personnel Director. Within ten (10) days from the time for answering, such employee may file a written request with the Personnel Director for a hearing before the Personnel Board. The Board shall conduct a hearing within twenty (20) days which shall be informal and in accordance with procedures established by the Board. Within ten (10) days after concluding the hearing, the Personnel Board shall certify its findings and order to the authority from whose action the appeal was taken. Such official shall then affirm, revoke or modify the action taken so as to conform with the findings and order of the Board. The findings and order of the Personnel Board shall be final and conclusive.

**\*Revised 1/25/05**

## RULE IX - SEPARATIONS AND DISCIPLINARY ACTION

### Section 1: Resignation

Any employee wishing to leave the classified service in good standing shall file with the appointing authority, at least one week before leaving, a written resignation stating the effective date of the resignation and the reason for leaving. Such notice shall be promptly reported to the Personnel Director. The number of days less than seven (7) given as notice of resignation may be subtracted from accrued vacation leave and failure to comply with the procedures may be the cause for denying the person future employment. Unauthorized or unreported absence from work for a period of three (3) days or more may be considered by the appointing authority as a resignation.

### Section 2: Layoff

An appointing authority may layoff any employee in the classified service when it is necessary by reason of shortage of funds or work, or changes in organization. No permanent employee shall be laid off while there are temporary, emergency or probationary employees serving in the same class of employment within the same department. A person with seniority over another employee may not be laid off first unless such services are inferior to those of other employees in the same class. The names of employees laid off shall be placed on a re-employment list for a period of two (2) years. No one else may be appointed in that class in the department concerned while the name of any "laid-off" employee remains on the re-employment register.

### Section 3: Demotion

An appointing authority may demote an employee for inefficient performance of duties, for disciplinary reasons or for other good cause to a classification with a lower maximum salary range. A written statement of the reasons for demotion shall be submitted to the Personnel Director and furnished to the employee affected. Removal from Special Duty Assignment Pay designated in the pay plan as such, including but not limited to removal from assignments as Investigator, Corporal, Strike Force and Motor Pay in the Police Department, and Engineer and Fire Medic Supervisor in the Fire Department, for other than reasons for which one could be demoted, is not a demotion.

Rule IX, Sections 4, 5, and 6

46

## Section 4: Suspension

*An appointing authority may suspend an employee without pay for cause. Special rules apply to employees who are classified as exempt under the Fair Labor Standards Act. Disciplinary deductions may be made from the wages of those employees, without loss of exempt status, for:

1. Partial day deductions or more for a violation of a safety rule of major significance, which involves the prevention of danger to the plant or other employees.
2. Full day deductions or more for violations of workplace conduct rules provided that the policy:
   a. Covers serious workplace misconduct (not performance or attendance).
   b. Is written.
   c. States that violations could result in unpaid disciplinary suspension.
   d. Applies to all employees.
3. Suspensions for other violations must be for a full work week.

Suspensions in excess of thirty (30) calendar days in any fiscal year may be appealed by a permanent employee to the Personnel Board. Suspensions of thirty (30) calendar days or less may not be appealed to the Personnel Board except as they are provided for in Personnel Rules and Regulations, Rule VIII, Section 12, and Rule VII, Sections 13 or 14. A written statement of the reasons for suspensions shall be submitted to the Personnel Director and furnished to the employee affected. A vacancy created by suspension may be filled by the appointing authority only by temporary appointment. (See Rule VII, Section 7)

## Section 5: Dismissal

Any permanent employee may be dismissed by an appointing authority for cause. A written statement of reasons for the dismissal shall be furnished to the employee affected and reported to the Personnel Director.

## Section 6: Position Abolishment

Whenever in the judgment of the governing body of the county or municipality or any elected county official it becomes necessary in the interest of the economy or because the necessity for any position in its or his department no longer exists, it or he may abolish any position or employment in the competitive service and layoff the employee holding such position or employment without filing written charges and without the right of appeal. The name of such an employee so laid off shall be placed at the top of the appropriate employment list or lists as provided by the rules. (See Rule IX, Section 2)

*Revised 8/10/04

## RULE X - PROHIBITIONS OF POLITICAL ACTIVITY

Laws governing political activity of public officials and employees are found in Act 2280, Sections 13 and 14, and in Act 83-497, 1983 Regular Session, which is also known as the Equality of Citizenship Act.

(A)    As provided in Act 2280 the following prohibitions apply:

(1) City officials and employees, including employees of certain Authorities or Boards of the city who are covered by the merit system act shall not:

(a) seek or accept election, nomination or appointment as an officer, or serve as a member of a committee of any municipal political club or organization.

(b) take an active part in, or make any contribution or donation to any municipal political campaign.

(c) seek signatures to any petition provided for by any municipal election law.

(d) act as a worker at the polls for a municipal election.

(e) distribute badges, pamphlets, dodgers or hand bills of any kind favoring or opposing any candidate for municipal election.

(2) County officers and employees shall not:

(a) seek or accept election, nomination or appointment as an officer or serve as a member of a committee of any county political club or organization.

(b) take an active part in, or make any contribution or donation to any county political campaign.

(c) seek signatures to any petition provided for by an county election law.

(d) act as a worker at the polls for a county election.

(e) distribute badges, pamphlets, dodgers or hand bills of any kind favoring or opposing any candidate for county elections.

(3)        All such officers and employees may:

(a) become or continue to be a member of a political club or organization.

(b) attend political meetings.

(c) enjoy freedom from all interference in casting his vote.

(d) seek or accept election to a public office.

(B)    Section 17-1-7, Code of Alabama, as amended by Act 83-497, (Regular Session 1983) is as follows:

Section 1.  This act shall be known as the Equality of Citizenship Act.[1]

Section 2.  Sections 17-1-7 and 36-26-38, Code of Alabama 1975, are amended to read as follows:

(a) (1)  No person in the employment of any city, whether classified or unclassified, shall be denied the right to participate in city, county or state political activities to the same extent as any other citizen of the State of Alabama, including endorsing candidates and contributing to campaigns of his or her choosing.

(2) No person in the employment of any county, whether classified or unclassified, shall be denied the right to participate in city, county, or state political activities to the same extent as any other citizen of the State of Alabama, including endorsing candidates and contributing to campaigns of his or her choosing.

(3) No person in the employment of the State of Alabama whether classified or unclassified, shall be denied the right to participate in city, county, or state political activities to the same extent as any other citizen of the State of Alabama, including endorsing candidates and contributing to campaigns of his or her choosing.  Notwithstanding the foregoing, any person within the classified service shall comply with, Section 36-26-38.

(4) All persons in the employment of any city, county, or state shall have the right to join local political clubs and organizations, and state or national political parties.

(5) All persons in the employment of any city, county, or state shall have the same right to publicly support issues of public welfare, circulate petitions calling for or in support of referendums, and contribute freely to those of his or her choosing.

(b) No person shall attempt to use his or her official authority or position for the purpose of influencing the vote or political action of any person. Any person who violates this subsection (b) shall be guilty of a felony and punishable by a fine not to exceed ten thousand dollars ($10,000) or imprisonment in the state penitentiary for a period not to exceed two years, or both.

(c) No person in the employment of the State of Alabama, a county, or a city whether classified or unclassified, shall use any state, county, or city funds, property or time, for any political activities. Any person who is in the employment of the State of Alabama, a county, or a city shall be on approved leave to engage in political action or the person must be on personal time before or after work and on holidays. It shall be unlawful for any officer or employee to solicit any type of political campaign contributions from other employees who work for the officer or employee in a subordinate capacity. It shall also be unlawful for any officer or employee to coerce or attempt to coerce any subordinate employee to work in any capacity in any political campaign or cause. Any person who violates this section shall be guilty of the crime of trading in public office and upon conviction thereof, shall be fined or sentenced, or both, as provided by Section 13A-10-63.

(d) Notwithstanding subsection (c), any employee of a county or a city, whether in the classified or unclassified service, who qualifies to seek a political office with the governmental entity with which he or she is employed, shall be required to take an unpaid leave of absence from his or her employment, or use accrued overtime leave, or use accrued vacation time with the county or city from the date he or she qualifies to run for office until the date on which the election results are certified or the employee is no longer a candidate or there are no other candidates on the ballot. For purposes of this subsection, the term "employing authority" means the County Commission for county employees or the City Council for city employees. Any employee who violates this subsection shall forfeit his or her employment position. In no event shall subsection (d) of this act apply to elected officials.

(e) When off duty, out of uniform, and acting as a private citizen, no law enforcement officer, firefighter, or peace officer shall be prohibited from engaging in city, county, or state political activity or denied the right to refrain from engaging in political activity so long as there is compliance with this section.

# PROCEDURE FOR CONDUCTING HEARINGS
## MONTGOMERY CITY AND COUNTY PERSONNEL BOARD

On receiving a request for a hearing which complies with Personnel Rule VIII, Section 12, the Personnel Board shall determine whether a pre-conference hearing will be held or whether the Personnel Board will proceed immediately with a public hearing.

## NOTICE

The Personnel Board shall set the matter for hearing and shall give notice in writing of the date and place of such hearing. In discharge or reduction hearings, similar notice shall be given to the department heads.

## BOARD QUORUM

Two members of the Personnel Board constitute a quorum. Hearings will proceed with two members of the Board present except in instances where the Board may continue a hearing. In the event of a tie vote the matter will be rescheduled for hearing before the full Board.

## RIGHTS OF EMPLOYEE

When a hearing is granted the employee shall attend, unless excused by the Personnel Board, and shall be entitled to:

(a) Be represented by counsel or by a representative of the employee's choice;

(b) Testify under oath;

(c) Subpoena witnesses to testify for employee. If witnesses are to be subpoenaed by Personnel Board, the names must be submitted to the Personnel Director at least seventy-two (72) hours prior to time set for hearing;

(d) Cross-examine all witnesses appearing against employee;

(e) Impeach any witness before the Personnel Board;

(f) Present such affidavits, exhibits, and other evidence as the Personnel Board deems pertinent to the inquiry;

(g) Argue employee's case.

The appointing authority shall be entitled to the same privileges.

## APPEARANCE OF EMPLOYEE

The appearance of the employee shall be required at all hearings unless excused by the Personnel Board.

Unexcused absence of the employee at such a hearing may, in the discretion of the Personnel Board, be deemed a withdrawal of the appeal.

## DISCOVERY

Any party to any hearing conducted by the Personnel Board may subpoena records which are relevant to the matters which are the subject of any such hearing and which are reasonable with respect to the quantity of the documents and the time required to produce the documents. Notice of any request for a subpoena to produce documents should be given to the opposing party by the requesting party or, if the requesting party has failed to do so, by the Director of the Personnel Board. Any objections by any party to a request for a subpoena to produce documents shall be promptly filed in writing with the Personnel Board which will address and rule upon any such objection.

To the extent possible, documents subpoenaed prior to the date of any hearing should be produced prior to the date of the hearing. If no time is specified for the production of the documents, they may be produced at the hearing.

## EVIDENCE

The hearing shall be informal and need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. The rules of privilege and of official or judicial notice shall be effective to the same extent as in civil actions. Irrelevant and repetitious evidence shall be excluded. Oral evidence shall be taken only under oath or affirmation.

## EXCLUSION OF WITNESSES

*The Personnel Board may at its discretion exclude witnesses not under examination, except that the employee and the agency representative may be present throughout the hearing and may testify. When hearing testimony of scandalous or indecent conduct, all persons not having a direct interest in the hearing may be excluded.

*Revised 10/1/04

## TESTIMONY OF EMPLOYEE

In discharge or reduction hearings, the petitioning employee shall not be required to testify, but may be cross-examined as to any matter relevant to the hearing if the employee takes the stand voluntarily. In any other type of hearing the petitioner, if not testifying in own behalf, may be called and examined as if under cross-examination.

## BURDEN OF PROOF

In discharge or reduction hearings, the burden of proof shall be on the appointing authority. In all other types of hearing the burden of proof shall be on the petitioner.

## FINDINGS AND DECISION

Formal findings of fact are not required.

**The Personnel Board may convene an executive session to deliberate and discuss evidence or testimony presented during the hearing. All media, members of the public and other interested parties are excluded from the executive session. At the conclusion of the executive session, the meeting will be adjourned, unless the Chairperson announces prior to the executive session that the meeting will be reconvened. The Board will issue its decision in writing and enter the same in its minutes.

Unless the decision provides otherwise, it shall be effective immediately. Notice of the decision shall be mailed promptly to the petitioner and to any interested party. Except for the correction of clerical error such decision shall be final and conclusive.

## REPORT OF HEARINGS

*Because it is clearly the best and safest practice, all due process hearings held by the Personnel Board will be recorded by a court reporter. The record will not be transcribed except as requested by a party to the hearing who will be responsible for paying the fee for such transcription.

## CONTINUANCES

The Personnel Board may grant a continuance of any hearing upon such terms and conditions as it may deem proper; including in its discretion the condition that the employee shall be deemed to have waived salary for the period of the continuance. Any request for continuance made less than twenty-four (24) hours prior to the time set for the hearing will be denied unless good cause is shown for the continuance.

*Revised 10/1/04
**Revised 9/27/05

# Rules of Procedure
## Montgomery City-County Personnel Board

### I. Scope of Rules.

A. The following Rules of Procedures were duly adopted by the Montgomery City-County Personnel Board as required by the Alabama Open Meetings Act (Act 2005-40) and shall govern the conduct of the meetings of the Montgomery City-County Personnel Board beginning on the 1st day of October, 2005.

B. The following Rules of Procedure may be amended by affirmative vote of a majority of the members of the Board. Provided; however, such changes in the Rules of Procedure shall not take affect until the next regular meeting of the Board following the adoption of such change.

### II. Access to Meeting Facilities.

A. Meetings Open to Public. All regular meetings of the Board shall be open to the public as required by the Alabama Open Meetings Act (Act 2005-40).

B. Accessibility. All regular meetings of the Board will be conducted in a building which is open to the public.

C. Signs, Placards, Banners. For public safety purposes, no signs or placards mounted on sticks, posts, poles or similar structures shall be allowed in Board meeting rooms. Other signs, placards, and banners shall not disrupt meetings or interfere with others' ability to observe the meeting.

D. Weapons. For public safety purposes, the Board may establish rules for the removal of weapons from inside the meeting chamber.

### III. Quorum.

A. Quorum. A majority of the members of the Board shall constitute a quorum. No ordinance, resolution, policy, or motion shall be voted on and approved by the Board unless a quorum is present in the meeting chamber while the vote is taken and the matter is approved by an affirmative vote of the majority of the members present and voting, unless otherwise required by Alabama law.

B. Remaining in the meeting. During a Board meeting, members should be present at all times unless an emergency or illness should occur. A member of the Board who leaves the meeting chamber shall not be included in the determination of quorum.

C. Abstaining from Voting. Any member of the Board who is present in the meeting chamber may, when he or she determines it to be necessary, abstain from voting or otherwise participating in the proceedings related to a particular matter. Such member who abstains but remains in the

chamber shall be deemed to be present for the purpose of constituting a quorum but he or she shall not be deemed to be "present and voting" for the purpose of determining whether a motion has received an adequate number of affirmative votes for passage.

D. Loss of Quorum. In the event that a member departs a meeting prior to adjournment, and the departure causes a loss of quorum, no further official action may be taken until or unless a quorum is restored, except to vote on a motion to adjourn. If, after a reasonable time not to exceed 15 minutes, the Board still lacks a quorum of its members, the meeting shall be automatically adjourned.

E. Failure to Obtain Quorum. Should no quorum attend within 30 minutes after the time appointed for the beginning of the meeting of the Board, the Chair or the Vice Chair, or in their absence, another member, in order of seniority, shall announce that no quorum was present and that the meeting is cancelled. The names of the members present for the meeting shall be recorded in the minutes of the next meeting of the Board.

## IV. Presiding Officer.

A. Chair. The Presiding Officer is the Chair of the Montgomery City-County Personnel Board. The Chair presides at all meetings of the Board. The Chair's responsibilities shall include, but not be solely limited to:

1. Open the meeting, ascertain that a quorum is present at the appropriate time and call the meeting to order, if a quorum is present.

2. Announce the business to come before the Board, in accordance with the prescribed order of business.

3. Recognize all members, the Personnel Director, or others who seek the floor pursuant to these procedures. All questions and comments are to be directed through the Chair and restated by him or her. The Chair shall repeat every motion and state every question coming before the Board, call for the vote and announce the decision of the Board on all matters coming before it.

4. Preserve decorum and order, and in case of disturbance or disorderly conduct in the Board chambers, may cause the same to be cleared or cause any disruptive individual to be removed.

5. Call to order any member of the Board who violates any of these procedures.

6. Expedite business in every way compatible with the rights of the members.

7. Remain objective. The Chair must remain objective and may only make a motion, second a motion or vote as provided in these Rules of Procedures.

8. Declare the meeting adjourned when the Board so votes, when a quorum is no longer present or at any time in the event of an emergency affecting the safety of those present.

B.  Vice Chair. In the absence of the Chair or in the event of the Chair's inability to serve, the Vice Chair (or other member designated by local law) shall perform the duties and functions of the Chair until the Chair's return. The Board shall establish its own procedures for the election of a Vice Chair, provided that any such election of a new Vice Chair shall not take affect until the next regular meeting of the Board.

## V. Order of Business.

A.  Official Agenda. There shall be an official agenda for every meeting of the Board, including special and emergency meetings.  As required by Alabama law, the official agenda for special and emergency meetings shall include only those items necessitating the holding of the special or emergency meeting.

The agenda for regularly-scheduled meetings shall identify the items to be considered and determine the order of business to be conducted at the meeting. All proceedings and the order of business at all meetings of the Board shall be conducted in accordance with the official agenda.  This agenda shall be established prior to each meeting under procedures to be adopted by the Board.  Such procedures may include the conducting of an "administrative" or "agenda-setting" meeting prior to the Board's regular meeting.  These procedures may be amended or altered by the Board, but such changes shall not take effect until the next regularly-scheduled meeting of the Board.

B.  Agenda Format for Regularly-Scheduled Meetings. The official agenda for a regularly-scheduled Board meeting shall be in substantially the form as set forth below:

1. Call to Order, Welcome

2. Public Comment from Citizens. Such comment shall be limited to 3-minutes per speaker and no more than two speakers may be heard on the same subject as provided elsewhere in the Rules of Procedure.

3. Public Comment from Other Elected Officials.

4. Call of Roll to Establish Quorum

5. New Business

6. Reports from Staff:
     Personnel Director

7. Old Business

8. Any Scheduled Public Hearings

9. Discussion Items by Board members.  Discussion items may only be acted upon by affirmative vote of all members in attendance.

10. Adjourn

C. Consent Agenda. On the portion of the agenda designated as "Consent," all items contained therein may be voted on with one motion. Consent items are only those items considered to be routine in nature, non-controversial and that do not deviate from past Board direction or policy. However, any member of the Board, including the Chair, may withdraw an item from the consent agenda, provided that such withdrawal is declared at least one (1) hour before the beginning time of the meeting.  An item removed from the "Consent" agenda as provided herein shall be moved to the "New Business" portion of the agenda and it shall then be considered individually.

D. Public Comment from Citizens and Other Elected Officials. Citizens and other elected officials who wish to be heard by the Board shall be afforded such opportunity during the portion of the meeting so designated.  The comment shall conform to the requirements of decorum and order that apply to the members of the Board and the Chair shall take whatever steps are necessary (including the removal of any citizen or other elected official) to preserve such decorum and order.  Comments shall be addressed to the Board and shall not include any personal or other comments addressed at any member of the Board or Board employee.  There shall be no debate and no action by the Board during this portion of the agenda.

E. New Business. New Business items are items of a general nature that require Board action or pertain to Board policy.  Items of New Business that are neither approved or defeated by action of the Board shall be considered under Old Business at the next regular meeting of the Board, unless tabled.

F. Reports from Staff.  The senior staff members shall make reports to the Board as directed by the Chair or by majority vote.  The Board may, by majority vote of those members in attendance at the meeting, take action on any items contained in the report of the staff members.

G. Old Business.  Any item which was included on the "New Business" portion of the previous meeting, but was not approved, defeated or tabled by majority vote of the members of the Board present and voting.  Motions postponed or carried over to a day certain shall be included on the agenda under "Old Business" on the next regular meeting following the conclusion of the time for which the motion was postponed or carried over.

H. Hearings conducted by the Board pursuant to Personnel Rule VIII, Section 12 will follow the attached *Procedure for Conducting Hearings* previously established by the Board.

I. The Board may conduct any public hearings during this portion of the meeting. Any notice required by law prior to the conduct of the public hearing shall be given by the Board.

Individual speakers are required to adhere to a three (3) minute time limit when speaking on issues scheduled for public hearing. The Board may, by majority vote, either extend or reduce time limits, based on the number of speakers. The comment shall conform to the requirements of decorum and order that apply to the members of the Board and the Chair shall take whatever steps are necessary (including the removal of any citizen or other elected official) to preserve such decorum and order. Comments shall be addressed to the Board and shall not include any personal or other comments addressed at any member of the Board or Board employee.

J. The Board shall take no action on an item raised during this discussion portion of the agenda unless such is accomplished through a motion adopted by an affirmative vote of all members of the Board present at the meeting.

K. Departure from Order of Business. Any departure from the order of business set forth in the official agenda shall be made only upon affirmative vote of all the members of the Board present at the meeting.

L. Additions, Deletions, or Technical Corrections to Agenda. Deletions or technical corrections to the agenda may be considered by the Board and adopted by the passage of a single motion approved by majority vote of those members in attendance at the meeting. Additions to the agenda shall only be made by affirmative vote of all the members of the members present at the meeting.

M. Announcing Agenda Items. The Chair shall announce each item on the agenda. The Personnel Director or other appropriate staff member shall then be called to present the item to the Board, when appropriate.

## VI. Rules of Debate.

A. Decorum.

1. Every member desiring to speak should address the Chair, and upon said recognition by the Chair, should confine discussion to the question under debate, avoiding all personalities and unprofessional language.

2. Board members shall refrain from: attacking a member's motives; speaking on a prior motion not pending; speaking while the Chair or other Board members are speaking; speaking against their own motions; and disturbing the Board.

3. A member once recognized should not be interrupted when speaking unless said member is being called to order. The member should then cease speaking until the question of order is determined, without debate, by the Chair. If in order, said member shall be at liberty to proceed.

4. A member shall be deemed to have yielded the floor when he or she has finished speaking. A member may claim the floor only when recognized by the Chair.

B. Motions.

1. A motion and a second to the motion is to precede any action or debate on an agenda matter unless there are speakers (who are not members of the Board) to be heard on the agenda matter.

2. All motions shall be made and seconded before debate may proceed.

3. When a motion is presented and seconded, it is under consideration and no other motion shall be received thereafter, except motions to adjourn, to lay on the table, to postpone, to carry over, to substitute, or to amend which shall have preference in the order in which they are listed.

4. Motions to "lay on the table" are made to end debate on a matter and to "remove" it from consideration by the body. The adoption of a motion to "lay on the table" has the affect of defeating the original motion and that item shall not be considered again during the same meeting unless a motion to "reconsider" is adopted as provided herein.

5. Motions to "postpone" or "carry over" must be made by stating the date or time for which the item shall be postponed or carried over. Should such a motion be adopted, the matter will be back before the Board under "Old Business" at the first regular meeting of the Board following the expiration of the time for which it was postponed or carried over.

6. Motions to "substitute" or "amend" a motion are used to make changes or revisions in the original motion. Such motions are made only after the original motion has received a second but prior to the adoption of the original motion. If the motion to "substitute" or "amend" is approved, the Board then must the take a second vote to approve the motion "as substituted" or "as amended", as the case may be.

7. Any Board member may move to close, or end, debate and "move the question" on the motion being considered. This motion to "move the question" shall be non-debatable. A successful vote on the motion to "move the question" will end discussion of the item and a vote on all pending motions shall be taken immediately without the offering of any other motions. The member moving the adoption of the original motion shall have the privilege of making closing remarks (of not more than one minute) before the vote on the motion to "move the question" is taken.

8. The following motions are not debatable and must be voted upon without debate: to adjourn; to lay on the table; and to move the question.

## C. Motions to Amend

An amendment to a motion must be germane, that is, it must relate to the substance of the main motion. An amendment may not introduce an independent question, and an amendment may not serve as the equivalent of rejecting the original motion. A member may amend the main motion in either of the following two ways:

1. By Consent of the Members. The Chair, or another member through the Chair, may ask for certain changes to be made to the main motion. If there are no objections from the maker of the motion, the motion shall stand as amended.

2. Formal Amendment. An amendment may be presented formally by moving to amend the motion in some way. If it is in the form of a formal motion to amend, a second shall be required and discussion shall follow on the amendment. If an amendment passes, the main motion shall be the motion as amended. If it fails, the motion shall be the motion as it was before the amendment was presented.

## D. Motions to Reconsider

A motion to reconsider any vote or proceeding of the Board may only be made and seconded by a Member who had previously voted on the prevailing side. Such motion must be made before the conclusion of the meeting during which the original motion was made and approved. A motion to reconsider must be adopted by a majority of those members of the Board present and voting.

## VII. Voting.

A. Voice Vote; Secret Ballots. Unless otherwise directed by the Chair or requested by a member of the Board, all votes shall be taken by voice and the result shall be announced by the Chair, whose decision shall be final. Such ruling may not be appealed. No vote may be taken by secret or paper ballot.

B. Tabulating the Vote. Should a roll call vote be directed by the Chair or requested by a member of the Board, the person designated by the Chair shall call the members for the purpose of announcing his or her vote. The Chair shall announce the results. Upon any roll call, there shall be no discussion by any member after the roll call has begun.

C. Voting. Every member in the meeting room or chamber when the question is put must give his or her vote, unless the member has publicly stated that he or she is abstaining. The Chair shall only vote once on each motion and shall not cast an additional vote to make or break a tie vote.

D. Absent for Vote; Changing Vote. Any member absent for a vote on a particular item may record his or her vote, and any member may change his or her vote before the next item is called for consideration, or before a recess or adjournment is called, whichever occurs first, but not thereafter, except with the consent of all the members who voted thereon.

E. Majority Vote; Tie Vote. The passage of any motion, policy, or resolution shall require the affirmative vote of at least the majority of the members of the Board who are present and voting. In the case of a tie in votes on any proposal, the proposal fails.

## VIII. Public Input: Addressing the Personnel Board.

A. Public Input. The Board recognizes the importance of allowing citizens, including other elected officials, to express their opinions on matters coming before the Board. The Board also recognizes the necessity for conducting orderly and efficient meetings in order to complete Board business in a timely manner.  Public Input during the meeting, from both citizens and other elected officials, shall only be given during the time provided in the agenda and only within the procedures set out herein.  Citizens or other elected officials shall not address the Board at any time other than as specifically provided in the agenda unless authorized by unanimous consent.

B. Procedure for Public Input

    1. At regularly scheduled Board meetings, the Board provides comment periods for citizens and other elected officials to speak and to offer input and comments on items pending before the Board as well as items that are of concern to the public. The remarks of each speaker shall be limited to no more than three (3) minutes, unless the Chair extends the time, and no more than two (2) speakers may be heard on each subject unless authorized by affirmative vote of all members of the Board who are present.

    2. A form will be provided for those citizens who wish to make comments. Each person wishing to speak must sign this form prior to the beginning of the Public Comment portion of the agenda.

    3. Any citizens wishing to make written comments may provide those to the Personnel Director before the conclusion of the meeting. A copy of the written comments will then be provided to the members of the Board.

C. Addressing the Board.

    1. When the person's name is called, the person shall step up to the speaker's lectern and shall give the following information in an audible tone of voice for the minutes:
        (a) name;
        (b) place of residence or business address;

(c) if requested by the Chair, the person may be required to state whether the person speaks for a group of persons or a third party, if the person represents an organization, whether the view expressed by the person represents an established policy or position approved by the organization, and whether the person is being compensated by the organization.

2. All remarks shall be addressed to the Board as a body and not to any member thereof.

3. No person, other than a member of the Board, and the person having the floor, may be permitted to enter into any discussion, either directly or through a member of the Board, without permission of the Chair. No question may be asked except through the Chair.

4. Speakers should make their comments concise and to the point, and present any data or evidence they wish the Board to consider. No person may speak more than once on the same subject unless specifically granted permission by the Chair.

D. Decorum.

1. Order must be preserved. No person shall, by speech or otherwise, delay or interrupt the proceedings or the peace of the meeting, or disturb any person having the floor. No person shall refuse to obey the orders of the Chair or the Board. Any person making irrelevant, impertinent, or slanderous remarks or who becomes boisterous while addressing the Board shall not be considered orderly or decorous. Any person who becomes disorderly or who fails to confine remarks to the identified subject or business at hand shall be cautioned by the Chair and given the opportunity to conclude remarks on the subject in a decorous manner and within the designated time limit. Any person failing to comply as cautioned shall be barred from making any additional comments during the meeting by the Chair, unless permission to continue or again address the Board is granted by the majority of the members present.

2. If the Chair declares an individual out of order, he or she will be requested to relinquish the podium. If the person does not do so, he or she is subject to removal from the meeting room.

3. Any person who becomes disruptive or interferes with the orderly business of the Board may be removed from the meeting room for the remainder of the meeting.

X. Executive Session.

The Board is authorized to enter into executive session as provided in The Alabama Open Meetings Act (Act 2005-40).

## XI. Committees.

The Chair, with the consent of the Board, may appoint committees as may be needed to assist in the business of the Board. The meetings of the Board shall be governed by the Rules of Procedures. All such committees shall be provided a formal charge and shall report to the Board its findings and recommendations, unless otherwise directed. The Chair shall designate the Chair for each committee appointed. Agendas for committee meetings shall be furnished to all members of the Board.

## XII. Adjournment.

No meeting should be permitted to continue if a quorum is not present. The Board may adjourn by majority vote.

# POLICY FOR RECORDING PROCEEDINGS OF THE MONTGOMERY CITY-COUNTY PERSONNEL BOARD

In order to maintain the proper decorum required for conducting the business of the Board while, at the same time allowing members of the media or general public to record the proceedings of the Board in accordance with the Open Meetings Act (Act 2005-40), the Montgomery City-County Personnel Board hereby adopts the following policy for the recording of any such proceedings:

The use of audio or video recording equipment shall be allowed during any meeting provided that the use of such equipment does not disrupt or disturb the proceedings or interfere with the ability of others in attendance to observe and understand the proceedings. All equipment shall be in proper working condition, and if any malfunction of equipment causes disruption to the proceedings, use of the equipment shall be immediately discontinued. Any persons desiring to record the proceedings shall do so openly and shall sign in at the outset of the proceedings.

Video recording shall only be allowed to the extent that there is adequate space in the meeting facilities to accommodate the recording equipment without disturbing or inconveniencing the members of the Board or those in attendance at the proceedings. The chairperson may limit or prohibit the use of tripods or other video recording accessories if space limitations warrant such restrictions. Unless the equipment can be operated from a seat without unduly disrupting or disturbing the proceedings or others in attendance, all video recording shall take place in the area along the back or side of the room designated for that purpose. No one will be allowed to obstruct the view of others in attendance.

Persons who are video recording the proceedings may leave the meeting room with their equipment during the proceedings provided there is no undue disruption. However, such persons shall only be allowed to return and resume recording if this can be accomplished without disrupting the proceedings or disturbing those in attendance.

If any set up of equipment is required, the set up shall be completed prior to the beginning of the proceedings or during a recess. Persons may be allowed to dismantle the equipment during the proceedings only if done without disruption to the proceedings and without interfering with the ability of others in attendance to observe and hear the proceedings.

Any persons desiring to place microphones or recording devices at the Board table, at the podium, or at any other location within the meeting room shall obtain permission from the chairperson prior to the beginning of the proceedings, and shall make arrangements with the Personnel Director or other designated personnel for placement of all equipment. The microphones or recording devices cannot be removed during the proceedings, unless there is a recess of the proceedings called by the chairperson, and the equipment can be removed within the time frame of that recess.

No audio or video recording equipment shall be allowed during any executive session proceedings.

All persons or organizations, including any media organization, shall fully comply with these procedures at all times. Any person or organization violating this policy or otherwise causing undue disruption to the proceedings shall be instructed by the chairperson to discontinue the use of the recording equipment, and any person or organization that refuses to cooperate will be instructed to vacate the proceedings. Failure to comply with instructions to leave may result in removal by law enforcement personnel.

Approved by the Personnel Board on September 27, 2005.

MARY JETER                     PAGE 1

| DATE ACCRUED | PURPOSE OF OVERTIME | AMOUNT ACCRUED |
|---|---|---|
| **2002** | | |
| 7/29 Monday | Home Detention Calls | 1.50 hours |
| 9/12 | Meeting with Jr. League Re: Youth (Teen) Court | 4.13 hours |
| 9/18 | Working on Youth (Teen) Court Manual | 3.00 hours |
| 9/21 | Youth (Teen) Court | 9.75 hours |
| 9/24 | Working on Youth (Teen) Court Program & Manual | 2.75 hours |
| 10/17 | Youth (Teen) Court | 4.00 hours |
| 10/24 | Youth (Teen) Court | 6.00 hours |
| 11/7 | Youth (Teen) Court | 6.00 hours |
| 11/14 | Youth (Teen) Court | 4.00 hours |
| 11/21 | Youth (Teen)Court | 6.00 |
| | | |
| | **2003** | |
| 1/9 | Youth (Teen) Court | 4.50 hours -- Pay |
| 1/23 | Youth (Teen) Court | 1.00 hour |
| 2/6 | Youth (Teen) Court | 4.00 hours – Pay |
| 2/20 | Youth (Teen) Court | 4.00 hours – Pay |
| 3/6 | Youth (Teen) Court | 4.00 hours – Pay |
| 3/20 | Youth (Teen) Court | 3.00 hours |
| 4/3 | Youth (Teen) Court | 3.00 hours |
| 4/17 | Youth (Teen) Court | 4.00 hours – Pay |
| 9/3 | Youth (Teen) Court | 4.00 hours – Pay |
| 9/4 | Youth (Teen) Court | 2.00 hours -- Pay |
| 9/20 Saturday | Home Detention Coverage | 2.00 hours – Pay |
| 9/21 Sunday | Home Detention Coverage | 2.00 hours – Pay |
| 9/27 Saturday | Home Detention Coverage | 2.00 hours – Pay |
| 9/28 Sunday | Home Detention Coverage | 2.00 hours – Pay |
| 10/1 | Youth (Teen) Court – Home calls after hours | 4.00 hours – Pay |
| 10/8 | Youth (Teen) Court | 2.75 hours – Pay |
| 10/9 | Youth (Teen) Court | 3.00 hours |
| 10/16 | Youth (Teen) Court | 4.00 hours |
| 10/22 | Youth (Teen) Court | 3.00 hours |
| 10/23 | Youth (Teen) Court | 4.00 hours – Pay |
| 11/6 | Youth (Teen) Court | 6.00 hours |
| 12/4 | Youth (Teen) Court | 5.25 hours |
| 12/6 Saturday | Home Detention On-Call | 2.00 hours – Pay |
| 12/7 Sunday | Home Detention On-Call | 2.00 hours – Pay |


DEFENDANT'S EXHIBIT
B

| 12/11 | Youth (Teen) Court | 4.00 hours – Pay |
|---|---|---|
| 12/25 Thursday/Holiday | Home Detention | 2.00 hours – Pay |
| 12/26 Friday | Home Detention | 2.00 hours – Pay |
| 12/27 Saturday | Home Detention | 2.00 hours – Pay |
| 12/28 Sunday | Home Detention | 4.00 hours -- Pay |
| | **2004** | |
| 1/8 | Youth (Teen) Court | 6.75 hours |
| 2/2 | Family Guidance/Youth (Teen) Court | 3.00 hours |
| 2/5 | Youth (Teen) Court | 3.00 hours |
| 2/9 | Youth (Teen) Court/Family Guidance Counseling Session | 4.50 hours |
| 2/19 | Youth (Teen) Court | 4.00 hours – Pay |
| 2/23 | Youth (Teen) Court/Family Guidance | 3.00 hours – Pay |
| 2/28 Saturday | Home Detention (Weekend) | 3.00 hours |
| 2/29 Sunday | Home Detention (Weekend) | 3.00 hours |
| 3/5 | Youth (Teen) Court | 2.25 hours |
| 3/6 Saturday | Home Detention (Weekend) | 3.00 hours |
| 3/7 Sunday | Home Detention (Weekend) | 3.00 hours |
| 3/8 | Family Guidance | 3.50 hours |
| 3/13 Saturday | Home Detention (Weekend) | 2.00 hours – Pay |
| 3/14 Sunday | Home Detention (Weekend) | 2.00 hours – Pay |
| 3/20 Saturday | Home Detention (Weekend) | 3.00 hours |
| 3/21 Sunday | Home Detention (Weekend) | 3.00 hours |
| 4/12 | Youth (Teen) Court/Family Guidance | 3.50 hours |
| 4/28 Wednesday | Youth (Teen) Court/Home Detention | 4.50 hours |
| 4/29 Thursday | Youth (Teen) Court/Home Detention | 2.00 hours |
| 5/10 | Youth (Teen) Court/Family Guidance | .75 hours |
| 6/7 | Family Guidance/Holiday | 14.38 hours |
| 6/14 | Family Guidance | 3.75 hours |
| 6/21 | Youth (Teen) Court/Family Guidance | 1.50 hours |
| 7/26 | Youth (Teen) Court/Family Guidance | 5.63 hours |
| 8/19 Thursday | Home Detention Calls | 1.50 hours |
| 8/23 | Youth (Teen) Court/Family Guidance | 6.00 hours |
| 8/25 Wednesday | Home Detention | 1.50 hours |
| 8/30 | Youth (Teen) Court Group Session | 5.63 hours |
| 8/31 Tuesday | Home Detention | 1.50 hours |
| 9/8 Wednesday | Detention Calls/Youth Court | 2.00 hours |
| 9/13 | Family Guidance Counseling Session/Project | 4.00 hours |
| 9/14 | Youth (Teen) Court Calls After School Hours | 2.00 hours |
| 9/20 | Family Guidance | 5.63 hours |
| 9/27 | Youth (Teen) Court Family Guidance | 4.50 hours |
| | | |

| | | |
|---|---|---|
| 10/4 | Youth (Teen) Court Family Guidance Final Session | 5.25 hours |
| 10/7 | Youth (Teen) Court | 5.25 hours |
| 10/14 | Youth (Teen) Court | 4.25 hours |
| 10/20 | Youth (Teen) Court Phone Calls for Swearing-in Ceremony | 5.25 hours |
| 10/21 | Youth (Teen) Court | 6.00 hours |
| 11/1 | Youth (Teen) Court | 1.50 hours |
| 11/4 | Youth (Teen) Court | 6.00 hours |
| 11/17 | Women's & Youth Community Involvement | 4.88 hours |
| 11/18 | Youth (Teen) Court | 6.00 hours |
| 11/24 Wednesday | Home Detention | 2.00 hours |
| 11/25 Thursday | Home Detention (Holiday) | 2.00 hours |
| 11/26 Friday | Home Detention (Holiday) | 2.00 hours |
| 11/27 Saturday | Home Detention | 2.00 hours |
| 11/28 Sunday | Home Detention | 2.00 hours |
| 12/16 | Youth (Teen) Court | 1.75 hours |
| **2005** | | |
| 1/6 | Youth (Teen) Court | 3.00 hours |
| 1/20 | Youth (Teen) Court | 3.25 hours |
| 2/2 | Youth (Teen) Court | 4.50 hours |
| 2/3 | Youth (Teen) Court | 4.50 hours |
| 2/17 | Youth (Teen) Court | 1.88 hours |
| 3/3 | Youth (Teen) Court | 4.88 hours |
| 3/14 Monday | Youth (Teen) Court/Home Detention | 6.00 hours |
| 3/15 Tuesday | Youth (Teen) Court Special Project/ Home Detention | 3.00 hours |
| 3/16 Wednesday | Youth (Teen) Court Special Project/ Home Detention | 3.00 hours |
| 3/17 | Youth (Teen) Court | 1.50 hours |
| 3/25 Friday | Home Detention | 2.00 hours |
| 3/26 Saturday | Home Detention | 2.00 hours |
| 3/27 Sunday | Home Detention | 2.00 hours |
| 3/29 | Youth (Teen) Court | 4.50 hours |
| 3/30 | Youth (Teen) Court | 3.75 hours |
| 3/31 | Youth (Teen) Court | 6.00 hours |
| 4/18 | Youth (Teen) Court | 3.50 hours – Pay |
| 4/19 | Youth (Teen) Court | 2.50 hours – Pay |
| 4/20 | Youth (Teen) Court | 2.00 hours – Pay |
| 4/26 | Youth (Teen) Court | 2.00 hours – Pay |
| 4/28 | Youth (Teen) Court | 4.50 hours -- Pay |
| 6/6 Monday | Home Detention/Holiday | 8.00 hours – Pay |
| 6/10 Friday | Home Detention | 2.00 hours -- Pay |
| 6/11 Saturday | Home Detention (Saturday) | 2.00 hours – Pay |

| | | |
|---|---|---|
| 6/12 Sunday | Home Detention (Sunday) | 2.00 hours – Pay |
| 7/26 | Family Guidance/Youth court | 5.63 hours |
| 9/22 | Youth (Teen) Court | 5.25 hours |
| 9/24 | Youth (Teen) Court | 3.00 hours |
| 9/25 | Youth (Teen) Court | 3.00 hours |
| 9/26 | Youth (Teen) Court | 4.00 hours – Pay |
| 9/27 | Youth (Teen) Court | 4.50 hours |
| 9/28 | Youth (Teen) Court | 2.00 hours – Pay |
| 10/3 | Youth (Teen) Court | 4.00 hours – Pay |
| 10/4 | Youth (Teen) Court | 2.25 hours |
| 10/6 | Youth (Teen) Court | 6.00 hours |
| 10/13 | Youth (Teen) Court | 4.50 hours |
| 10/20 | Youth (Teen) Court | 6.12 hours |
| 10/22 | Youth (Teen) Court Project Programs/Calls/Swearing-in Ceremony | 6.00 hours |
| 10/23 | Youth (Teen) Court Project Programs/Calls/Swearing-in Ceremony | 9.00 hours |
| 11/15 | Youth (Teen) Court | 4.00 hours |
| 11/16 | Youth (Teen) Court | 2.00 hours |
| 11/17 | Youth (Teen) Court | 4.00 hours |
| 12/8 | Youth Court | 4.75 hours |
| 12/15 | Youth Court | 5.25 hours |
| 12/23 Friday | Home Detention | 2.00 hours |
| 12/24 Saturday | Home Detention (Saturday) | 2.00 hours |
| 12/25 Sunday | Home Detention (Sunday) | 2.00 hours |
| 12/26 Holiday | Home Detention (Holiday) | 2.00 hours |
| **2006** | | |
| 1/4 | Youth (Teen) Court Telephone Calls | 2.00 hours |
| 1/5 | Youth (Teen) Court (Waited for parents to return–took one child home) | 3.00 hours |
| 1/19 | Youth (Teen) Court | 4.50 hours |
| | | |
| | | |
| | | |
| | | |

PHOENIX MARTIN          PAGE 1

| DATE ACCRUED | PURPOSE OF OVERTIME | AMOUNT ACCRUED |
|---|---|---|
| | **2002** | |
| 6/3 | Holiday on Off Day | 8.00 hours |
| 7/9 | Attending Conference on Off Day | 12.00 hours |
| 9/30 | Training (Off Day) | 8.00 hours – Pay |
| 10/8 | Teaching Class at School (Off Day) | 8.00 hours – Pay |
| 11/11 | Holiday on Off Day | 8.00 hours |
| 11/12 | Writing Policy & Procedure Manual (Off Day) | 8.00 hours – Pay |
| 11/19 | Writing Policy & Procedure Manual (Off Day) | 8.00 hours – Pay |
| | | |
| | **2003** | |
| 2/17 | Holiday on Off Day | 8.00 hours |
| 4/1 | Creating files for DYS Standards on Off Day | 8.00 hours – Pay |
| 5/26 | Holiday on Off Day | 8.00 hours |
| 6/23 | Conference on Off Day | 12.00 hours |
| 6/24 | Conference on Off Day | 12.00 hours |
| 9/1 | Holiday on Off Day | 8.00 hours |
| 10/6 | Completing Report for DA's Office on Off Day | 8.00 hours |
| 10/13 | Holiday on Off Day | 8.00 hours |
| 11/11 | Holiday on Off Day | 8.00 hours |
| 11/27 | Holiday on Off Day | 2.50 hours |
| 11/28 | Holiday on Off Day | 2.50 hours |
| 12/30 Monday | Home Detention Calls | 2.00 hours – Pay |
| | | |
| | **2004** | |
| 1/1 Wednesday | Home Detention Calls on Off Day | 2.00 hours – Pay |
| 1/5 Monday | Home Detention Calls on Off Day | 3.00 hours |
| 1/6 Tuesday | Home Detention Calls on Off Day | 3.00 hours |
| 1/19 | Holiday on Off Day | 8.00 hours |
| 2/16 | Holiday on Off Day | 8.00 hours |
| 4/26 | Holiday on Off Day | 8.00 hours |
| 5/31 | Holiday on Off Day | 8.00 hours |
| 6/7 | Holiday on Off Day | 8.00 hours |
| 6/21 | Attending Conference on Off Day | 8.00 hours |
| 6/22 | Attending Conference on Off Day | 12.00 hours |
| 7/5 | Holiday on Off Day | 8.00 hours |
| 7/19 Monday | Home Detention Calls on Off Day | 6.00 hours |

| | **2004 continued** | |
|---|---|---|
| 7/20 Tuesday | Home Detention Calls on Off Day | 6.00 hours |
| 7/26 Monday | Home Detention Calls on Off Day | 2.00 hours |
| 7/27 Tuesday | Home Detention Calls on Off Day | 2.00 hours |
| 9/6 | Holiday on Off Day | 8.00 hours |
| 12/15 Wednesday | Home Detention Calls | 2.00 hours – Pay |
| 12/17 Friday | Home Detention Calls | 2.00 hours – Pay |
| 12/20 Monday | Home Detention Calls | 2.00 hours |
| 12/21 Tuesday | Home Detention Calls | 2.00 hours |
| 12/24 Holiday | Home Detention Calls on Holiday | 2.00 hours |
| 12/27 Monday | Home Detention Calls | 2.00 hours |
| 12/28 Tuesday | Home Detention Calls | 2.00 hours |
| | | |
| | **2005** | |
| 1/17 | Holiday on Off Day | 8.00 hours |
| 1/22 | DISC Testing/GRAVE Report | 4.00 hours – Pay |
| 1/23 | DISC Testing/GRAVE Report | 2.00 hours – Pay |
| 1/25 | DISC Testing/GRAVE Report | 2.50 hours -- Pay |
| 3/28 | Conference on Off Day | 12.00 hours |
| 3/29 | Conference on Off Day | 12.00 hours |
| 4/18 | Organizing Files/Revising Policies | 8.00 hours – Pay |
| 4/25 | Working on Off Day/Holiday | 16.00 hours – Pay |
| 5/2 | Working on Off Day | 8.00 hours – Pay |
| 5/9 | Working on Off Day | 8.00 hours – Pay |
| 5/16 | Working of Off Day | 8.00 hours – Pay |
| 5/23 | Working on Off Day | 4.00 hours – Pay |
| 5/30 | Working on Off Day/Holiday | 12.00 hours – Pay |
| 6/21 | C-DISC Testing on Off Day | 5.00 hours |
| 6/27 | Quarterly Report/Grant on Off Day | 8.00 hours – Pay |
| 7/25 | Federal Grant/Testing on Off Day | 7.50 hours – Pay |
| 9/5 | Holiday on Off Day | 8.00 hours |
| 10/10 | Holiday on Off Day | 8.00 hours |
| 10/24 Monday | Home Detention Calls on Off Day | 3.00 hours |
| 10/25 Tuesday | Court Appearance/Home Detention Calls on Off Day | 8.00 hours – Pay |
| 12/5 | End of Year Report/ADECA Grant on Off Day | 8.00 hours -- Pay |
| 12/12 | End of Year Report/Testing on Off Day | 8.00 hours -- Pay |
| | | |
| | **2006** | |
| 1/2 | Holiday on Off Day | 8.00 hours |
| 1/16 | Holiday on Off Day | 8.00 hours |
| 1/17 | Testing on Off Day | 8.00 hours – Pay |
| 1/24 | Testing on Off Day | 8.00 hours -- Pay |

# time and date.com

Search:                                                                          Go

Current location: Home page > Date menu > Calendar
Other locations: Time zone menu | World Clock | Countdown

| School Calendar | Free Printable Calender | Free Printable Calender |
|---|---|---|
| Create sharable school calendars. Use Google Apps Education Edition www.google.com/a/edu | Find the Top Offers across many Sites for Free Printable Calender Calendersoftware.biz | Great Places to Find a Free Printable Calender FreePrintableCalender.biz |

Create calendar: Year: 2002    Country: United States    Show

# Calendar for year 2002 (United States)

<2001 | 2003> | 2007>>

## January
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |  |  |

5:◗ 13:● 21:◖ 28:○

## February
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 |  |  |

4:◗ 12:● 20:◖ 27:○

## March
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |  |  |  |  |  |  |

5:◗ 13:● 21:◖ 28:○

## April
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |  |  |  |  |

4:◗ 12:● 20:◖ 26:○

## May
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |  |

4:◗ 12:● 19:◖ 26:○

## June
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 |  |  |  |  |  |  |

2:◗ 10:● 17:○ 24:○

## July
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |  |  |  |

2:◗ 10:● 17:○ 24:○

## August
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

1:◗ 8:● 15:◖ 22:○ 30:◗

## September
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 |  |  |  |  |  |

6:● 13:◖ 21:○ 29:◗

## October
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |

## November
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |

## December
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |

# time and date.com

Search:

Register | Log in | Customize
Go

**Current location:** Home page > Date menu > Calendar
**Other locations:** Time zone menu | World Clock | Countdown

**Create calendar:** Year: 2003    Country: United States    Show

# Calendar for year 2003 (United States)

<2002 | 2004> | 2007>>

| January | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

2:● 10:◐ 18:○ 25:◑

| February | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | |

1:● 9:◐ 16:○ 23 ◑

| March | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

2:● 11:◐ 18:○ 24 ◑

| April | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | | | |

1:● 9 ◐ 16:○ 23 ◑

| May | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

1:● 9:◐ 15:○ 22:◑ 31:●

| June | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

7:◐ 14:○ 21:◑ 29:●

| July | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

6:◐ 13:○ 21:◑ 29:●

| August | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

5:◐ 12:○ 19:◑ 27:●

| September | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | | | | |

3:◐ 10:○ 18:◑ 25:●

| October | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |

| November | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |

| December | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| 1 | 2 | 3 | 4 | 5 | 6 |  |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |

# time and date.com

Search:

**Current location:** Home page > Date menu > Calendar

**Other locations:** Time zone menu | World Clock | Countdown

| Free Printable Calender | Calendar Templates | Printable Calendar | School Calendar |
|---|---|---|---|
| Find the Top Offers across many Sites for Free Printable Calender Calendersoftware.biz | Hundreds of calendar templates. Find exactly what you want online. best-calendar-templates-2008.info | Looking for a free Calendar? Daily, Weekly & Monthly Calendars Free-Calendar.info | Google offers free shared calendar tools for your entire school www.google.com/a/edu |

**Create calendar:** Year: 2004    Country: United States    Show

# Calendar for year 2004 (United States)

<2003 | 2005> | 2007>>

## January

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

7:○ 14:◑ 21:● 29:◐

## February

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 |  |  |  |  |  |  |

6:○ 13:◑ 20 ● 27:◐

## March

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |  |  |  |

6:○ 13:◑ 20:● 28:◐

## April

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |  |

5:○ 11:◑ 19:● 27 ◐

## May

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |  |  |  |  |  |

4:○ 11:◑ 19:● 27:◐

## June

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |  |  |  |

3:○ 9:◑ 17 ● 25 ◐

## July

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

2:○ 9:◑ 17:● 24:◐ 31:○

## August

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |  |  |  |  |

7:◑ 15 ● 23:◐ 29 ○

## September

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |  |  |

6:◑ 14:● 21:◐ 28 ○

## October

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## November

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |  |  |  |  |

## December

| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |  |



# time and date.com

Register | Log in | Customize

Search:                    Go

Current location: Home page > Date menu > Calendar
Other locations: Time zone menu | World Clock | Countdown

Create calendar: Year: 2005    Country. United States     Show

# Calendar for year 2005 (United States)

<2004 | 2006> | 2007>>

| January | February | March |
|---|---|---|
| Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa |
|               1 |   1 2 3 4 5 |   1 2 3 4 5 |
| 2 3 4 5 6 7 8 | 6 7 8 9 10 11 12 | 6 7 8 9 10 11 12 |
| 9 10 11 12 13 14 15 | 13 14 15 16 17 18 19 | 13 14 15 16 17 18 19 |
| 16 17 18 19 20 21 22 | 20 21 22 23 24 25 26 | 20 21 22 23 24 25 26 |
| 23 24 25 26 27 28 29 | 27 28 | 27 28 29 30 31 |
| 30 31 | | |
| 3○ 10:● 17:◐ 25:○ | 2:◐ 8:● 15:◐ 23:○ | 3:◐ 10 ● 17:◐ 25:○ |

| April | May | June |
|---|---|---|
| Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa |
|           1 2 | 1 2 3 4 5 6 7 |      1 2 3 4 |
| 3 4 5 6 7 8 9 | 8 9 10 11 12 13 14 | 5 6 7 8 9 10 11 |
| 10 11 12 13 14 15 16 | 15 16 17 18 19 20 21 | 12 13 14 15 16 17 18 |
| 17 18 19 20 21 22 23 | 22 23 24 25 26 27 28 | 19 20 21 22 23 24 25 |
| 24 25 26 27 28 29 30 | 29 30 31 | 26 27 28 29 30 |
| 1:◐ 8 ● 16.◐ 24.○ | 1:◐ 8.● 16 ◐ 23:○ 30:◐ | 6:○ 14.● 22:○ 28:◐ |

| July | August | September |
|---|---|---|
| Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa |
|           1 2 |   1 2 3 4 5 6 |        1 2 3 |
| 3 4 5 6 7 8 9 | 7 8 9 10 11 12 13 | 4 5 6 7 8 9 10 |
| 10 11 12 13 14 15 16 | 14 15 16 17 18 19 20 | 11 12 13 14 15 16 17 |
| 17 18 19 20 21 22 23 | 21 22 23 24 25 26 27 | 18 19 20 21 22 23 24 |
| 24 25 26 27 28 29 30 | 28 29 30 31 | 25 26 27 28 29 30 |
| 31 | | |
| 6 ● 14○ 21○ 27:◐ | 4:● 12 ◐ 19○ 26 ◐ | 3:● 11.◐ 17 ○ 25 ◐ |

| October | November | December |
|---|---|---|
| Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa | Su Mo Tu We Th Fr Sa |
|               1 |   1 2 3 4 5 |       1 2 3 |
| 2 3 4 5 6 7 8 | 6 7 8 9 10 11 12 | 4 5 6 7 8 9 10 |
| 9 10 11 12 13 14 15 | 13 14 15 16 17 18 19 | 11 12 13 14 15 16 17 |
| 16 17 18 19 20 21 22 | 20 21 22 23 24 25 26 | 18 19 20 21 22 23 24 |

Register | Log in | Customize

# time and date.com

Search:                                                          Go

**Current location:** Home page > Date menu > Calendar
**Other locations:** Time zone menu | World Clock | Countdown

| **Free Printable Calenders** | **Kids printable calendar** | **School Calendar** |
|---|---|---|
| Great Sites for Accessing Free Printable Calenders FreePrintableCalenders.net | Create a custom photo calendar at Shutterfly. New collage styles! Shutterfly.com | Google offers free shared calendar tools for your entire school www.google.com/a/edu |

**Create calendar:** Year: 2006    Country: United States    , · ]  Show

# Calendar for year 2006 (United States)

<2005 | 2007>

## January
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

6:◐ 14:○ 22:◑ 29:●

## February
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | | | | |

5:◐ 12:○ 21:◑ 27:●

## March
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

6:◐ 14:○ 22:◑ 29:●

## April
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

5:◐ 13:○ 20:◑ 27:●

## May
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

5:◐ 13:○ 20:◑ 27:●

## June
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

3:◐ 11:○ 18:◑ 25:●

## July
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

3:◑ 10:○ 17:◐ 25:●

## August
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

2:◑ 9:○ 15:◐ 23:● 31:◑

## September
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

7:○ 14:◐ 22:● 30:◑

## October
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |

## November
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |

## December
| Su | Mo | Tu | We | Th | Fr | Sa |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |

## OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _MARY Teter_ , _Youth Counselor II_ , YOUTH FACILITY
          (Employee)              (Classification)                    (Department)

Pay Period Beginning _7-22-02_          Ending _8-04-02_

I am a  (4 hr ___)  (8 hr _X_ )  (10 hr ___)  (11.5 hr ___)  (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | *I am entitled to and elect :* |
|---|---|---|---|---|
| MONDAY | 22 8 S | 29 9 | A - Annual leave | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 23 8 | 30 8 | S - Sick Leave | |
| WEDNESDAY | 24 8 | 31 8 | C - Compensatory Leave | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 25 8 S / 8 A | 1 8 | H - Holiday | _____ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 26 8 | 2 8 | O - Other Paid Leave (explain ) | _____ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 27 OFF | 3 OFF | Off Day - Regular Off Day | |
| SUNDAY | 28 OFF | 4 OFF | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 40 | 41 | | |
| ACTUAL WORK HOURS | 24 | 41 | | _____ law enforcement holiday leave. (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Teter_                                                        _8-4-02_
    EMPLOYEE SIGNATURE                                                  Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __81__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Home Detention Contacts_

_Barre R. Young II_  Dept. Head                            _8-4-02_
Appointing Authority                                            Date

APPROVAL: _____
Per 300      Administrator, County Commission                      Date                    2/2/00

MCC/Jet 000085

DEFENDANT'S EXHIBIT B-1

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____/_____ hour(s) overtime for the purpose of _Home detention_
_calls_ _____

_____

Overtime is to be worked on _7/29/02,_ .

| | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary Jeter_ | _____ | ✓ |

*Corp 1 hr at 1½ = 1.50*

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_WH_
Signature of Supervisor

_8-1-02_
Date

APPROVED:
_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000086

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter _____ Youth Counselor II, YOUTH FACILITY
_____(Employee)_____ (Classification) _____ (Department)

Pay Period Beginning 9-02-02 _____ Ending 9-15-02

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) ✗ Partially Exempt (PE) ___ employee.

| | 1ST WEEK | 2ND WEEK | |
|---|---|---|---|
| MONDAY | 2 H | 9 8 | A - Annual leave |
| TUESDAY | 3 8A | 10 8 | S - Sick Leave |
| WEDNESDAY | 4 8S | 11 8 | C - Compensatory Leave |
| THURSDAY | 5 8 | 12 10.75 | H - Holiday |
| FRIDAY | 6 8 | 13 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 7 OFF | 14 OFF | Off Day - Regular Off Day |
| SUNDAY | 8 OFF | 15 OFF | |
| TOTAL HOURS | 40 | 42.75 | |
| ACTUAL WORK HOURS | 16 | 42.75 | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

2.75 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary (W) Jeter _____ 9-15-02
EMPLOYEE SIGNATURE _____ Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 88.75 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Deer Court meeting

Frank R. Brownell _____ 9-15-02
Appointing Authority Dept. Head _____ Date

APPROVAL: _____
Per 300    Administrator, County Commission _____ Date _____ 2/2/00

MCC/Jeter
000087

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

*2 hrs 45 min* hour(s) overtime for the purpose of *meeting with the Junior League regarding Teen Court*

Overtime is to be worked on _____ *9-12-02* _____.

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| *Marilyn Jeter* | | ✓ |

*2.75 hrs @ 1½ x's*
*1.38 (½)*
*4.13 hrs*

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000088

## OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter , Youth Counselor II , YOUTH FACILITY
        (Employee)         (Classification)         (Department)

Pay Period Beginning  9-16-02         Ending  9-29-02

I am a  (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) ___  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 16  8 | 23  8 | A - Annual leave | |
| TUESDAY | 17  8 | 24  10.75 | S - Sick Leave | |
| WEDNESDAY | 18  10 | 25  8 | C - Compensatory Leave | |
| THURSDAY | 19  8 | 26  8A | H - Holiday | |
| FRIDAY | 20  8 | 27  8A | O - Other Paid Leave (explain) | |
| SATURDAY | 21  6.50 | 28  OFF | Off Day - Regular Off Day | |
| SUNDAY | 22 OFF | 29  OFF | | |
| TOTAL HOURS | 48.50 | 42.75 | | |
| ACTUAL WORK HOURS | 48.50 | 26.75 | | |

*I am entitled to and elect:*

2.75 hours of compensatory time to be given at straight time.

____ hours of overtime pay at my regular rate of pay.

8.50 hours of compensatory time at 1½ times the number of hours.

____ hours of overtime pay at 1½ times my regular rate of pay.

____ law enforcement non-overtime regular pay or holiday pay.

____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

9-29-02
EMPLOYEE SIGNATURE _____  Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  91.25  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court Responsibilities

_____ Dept. Head        9-29-02
Appointing Authority        Date

APPROVAL: _____
Per 300    Administrator, County Commission        Date        2/2/00

MCC/Jeter
000089

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_2 hrs_ hour(s) overtime for the purpose of _Working on Teen Court Manual_

Overtime is to be worked on _9-18-02_

<table>
<tr><td>Name<br>_Mary Jeter_</td><td>(Check One)</td><td></td></tr>
</table>

|  | (Check One) | |
|---|---|---|
| Name _Mary Jeter_ | Pay | Comp Time |
|  | ___ | ✓ |

_Comp 2 hrs at 1½ = 3_

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S. West_
Signature of Supervisor

_9-23-02_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



### MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_6.50_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _9-21-02_

<table>
<tr><td></td><td colspan="2">(Check One)</td></tr>
<tr><td>Name</td><td>Pay</td><td>Comp Time</td></tr>
<tr><td>Mary Jeter</td><td></td><td>✓</td></tr>
</table>

Comp 6.50 at $1\frac{1}{2}$ = 9.75

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9-26-02
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:   In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000091

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2.75_ hour(s) overtime for the purpose of _Working_

_M Teen Court program + Manual_

Overtime is to be worked on _9-24-02_

Name
_Mary Jeter_

_Comp 2.75 at Reg_

(Check One)

Pay        Comp Time
                  ✓

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Ft Wat_
Signature of Supervisor

_9-26-02_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000092

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_    _Youth Counselor II,_  YOUTH FACILITY
         (Employee)         (Classification)           (Department)

Pay Period Beginning _10-14-02_         Ending _10-27-02_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 14 | H – | 21 8 | A - Annual leave |
| TUESDAY | 15 | 8 | 22 8 | S - Sick Leave |
| WEDNESDAY | 16 | 8 | 23 8 | C - Compensatory Leave |
| THURSDAY | 17 | 12 | 24 12 | H – Holiday |
| FRIDAY | 18 | 8 | 25 8 | O - Other Paid Leave (explain) |
| SATURDAY | 19 | OFF | 26 OFF | Off Day - Regular Off Day |
| SUNDAY | 20 | OFF | 27 OFF | |
| TOTAL HOURS | | 44 | 44 | |
| ACTUAL WORK HOURS | | 36 | 44 | |

_I am entitled to and elect_ :

___4___ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

___4___ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
   (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

_Mary Jeter_                                          _10-27-02_
EMPLOYEE SIGNATURE                                      Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Ben R. Howell_  Dept. Head                          _10-27-02_
Appointing Authority                        Date

APPROVAL: _____    _____
Per 300    Administrator, County Commission                Date                    2/2/00

MCC/Jeter
000093

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_4 hrs._____ hour(s) overtime for the purpose of _Teen Court___

_____

_____

Overtime is to be worked on _____ 0 - 17 - 02 _____.

_____Name_____                (Check One)
Mary Jeter                               Pay        Comp Time
                                                        ✓
Comp 4 hrs at Reg
                                         _Mary W. Jeter_
                                         Signature of Employee

                                         __YOUTH FACILITY__
                                         Department

                                         _____
                                         Signature of Supervisor

                                         _____
                                         Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000094



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

___*4*___ hour(s) overtime for the purpose of *Teen Court*

_____

_____

Overtime is to be worked on   *10/24/02*

(Check One)

Pay      Comp Time

*Mary W. Jeter*
      Name

*Comp 4 hrs at 1½ = 6*

✓

*Mary W. Jeter*
Signature of Employee

YOUTH FACILITY
      Department

*S. J. Wooten (6.)*
Signature of Supervisor

_____
                        Date

APPROVED:

_____
Appointing Authority/Department Head

_____
                Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*          , *Youth Counselor II*,  YOUTH FACILITY
      (Employee)              (Classification)          (Department)

Pay Period Beginning  *10-28-02*          Ending  *11-10-02*

I am a  (4 hr ___)  (8 hr *X*)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) *X* Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 28  8 | 4  8 | A - Annual leave | |
| TUESDAY | 29  8 | 5  8 | S - Sick Leave | |
| WEDNESDAY | 30  8 | 6  8 | C - Compensatory Leave | |
| THURSDAY | 31  8 | 7  12 | H - Holiday | |
| FRIDAY | 1  8 | 8  8 | O - Other Paid Leave (explain) | |
| SATURDAY | 2  OFF | 9  OFF | Off Day - Regular Off Day | |
| SUNDAY | 3  OFF | 10  OFF | | |
| TOTAL HOURS | 40 | 44 | | |
| ACTUAL WORK HOURS | 40 | 44 | | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

*4* hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

*Mary Jeter*                                    *11-8-02*
EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty *84* actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Teen Court*

*Brenda R. Howell*                              *11-8-02*
Appointing Authority  Dept. Head                Date

APPROVAL: _____

Per 300    Administrator, County Commission      Date                    2/2/00

MCC/Jeter
000096



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4hrs_____ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _____11-7-02_____.

Name

_Mary W Jeter_

Corp 4 hrs at 1½ = 6

(Check One)

Pay         Comp Time

                ✓

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO:    MONTGOMERY COUNTY COMMISSION

FROM: _Mary W. Jeter_    _Youth Counselor II_    YOUTH FACILITY
         (Employee)           (Classification)         (Department)

Pay Period Beginning ___11-11-02___    Ending ___11-24-02___

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 11 | H — | 18 | 8 | A - Annual leave |
| TUESDAY | 12 | 8 | 19 | 8 | S - Sick Leave |
| WEDNESDAY | 13 | 8 | 20 | 8 | C - Compensatory Leave |
| THURSDAY | 14 | 12 | 21 | 8 | H - Holiday |
| FRIDAY | 15 | 8 | 22 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 16 | OFF | 23 | OFF | Off Day - Regular Off Day |
| SUNDAY | 17 | OFF | 24 | OFF | |
| TOTAL HOURS | | 44 | | 40 | |
| ACTUAL WORK HOURS | | 36 | | 40 | |

*I am entitled to and elect :*

_4_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate, I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_Mary W. Jeter_                                            _11-24-02_
      EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___84___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Bruce R. Howell_    Dept. Head                          _11-24-02_
Appointing Authority                                       Date

APPROVAL: _____
Per 300    Administrator, County Commission

Date _____    2/2/00

MCC/Jeter
000098

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____Teen Court_____

_____

_____

Overtime is to be worked on _____Nov 14, 2002_____.

<u>Name</u>

*Mary W. Jeter*

*Comp 4 hrs at Reg*

(Check One)

Pay          Comp Time

_____          ___✓___

*Mary W. Jeter*
Signature of Employee

<u>YOUTH FACILITY</u>
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000099

TO:  MONTGOMERY COUNTY COMMISSION

FROM: _Mary W. Jeter_ , _Youth Counselor II_ , YOUTH FACILITY
       (Employee)              (Classification)              (Department)

Pay Period Beginning _11-11-02_          Ending _11-24-02_

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | | | _I am entitled to and elect_ : |
|---|---|---|---|---|---|---|
| MONDAY | 11 | H | 18 8 | A - Annual leave | | ___ hours of compensatory time to be given at straight time. |
| TUESDAY | 12 | 8 | 19 8 | S - Sick Leave | | |
| WEDNESDAY | 13 | 8 | 20 8 | C - Compensatory Leave | | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 14 | 12 * | 21 12 | H - Holiday | | _4_ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 15 | 8 | 22 8 | O - Other Paid Leave (explain) | | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 16 | OFF | 23 OFF | Off Day - Regular Off Day | | |
| SUNDAY | 17 | OFF | 24 OFF | | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 44 | 44 | | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | | 36 | 44 | | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS_: Indicate number of hours worked. _LEAVE WITH PAY DAYS_: Indicate number of hours and type of leave.

_Mary W. Jeter (61)_                                        _11-24-02_
EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court Program_

_Bruce R. Howell_                                        _11-24-02_
Appointing Authority  Dept. Head                          Date

APPROVAL: _____
Per 300    Administrator, County Commission        Date                              2/2/00

* Received credit during pay period 11/11/02 - 11/24/02 (copy attached)   MCC/Jeter
                                                                            000100
overtime return for which were received after payroll was submitted on 11/21/02.

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

___4___ hour(s) overtime for the purpose of _Teen Court_

_____

_____

Overtime is to be worked on _November 21, 2002_ .

| Name | (Check One) |
| | Pay | Comp Time |
| _Mary Whitute Jeter_ | _____ | ✓ |

4.00 hrs @ 1½ X's
= 6.00 hrs

_____
Signature of Employee

___YOUTH FACILITY___
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head .

_____
Date

NOTE:      In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000101

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Youth Counselor II,    YOUTH FACILITY
        (Employee)        (Classification)        (Department)

Pay Period Beginning   01-06-03    Ending   01-19-03

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___    employee.

| | | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | | *I am entitled to and elect :* |
|---|---|---|---|---|---|
| MONDAY | 6 | 8 | 13 8A | A – Annual leave | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 7 | 8 | 14 8S | S – Sick Leave | _____ hours of overtime pay at my regular rate of pay. |
| WEDNESDAY | 8 | 8 | 15 8 | C – Compensatory Leave | |
| THURSDAY | 9 | 12.50 | 16 8 | H – Holiday | _____ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 10 | 8 | 17 8 | O – Other Paid Leave (explain ) | 4.50 hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 11 | OFF | 18 OFF | Off Day – Regular Off Day | |
| SUNDAY | 12 | OFF | 19 OFF | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 44.50 | 40 | | _____ law enforcement holiday leave. |
| ACTUAL WORK HOURS | | 44.50 | 24 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

01-19-03

_____        _____
        EMPLOYEE SIGNATURE                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty   84.50   actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court Putnam
01-19-03

_____   Dept. Head        _____
Appointing Authority                            Date

APPROVAL: _____
Per 300        Administrator, County Commission                    Date                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 ½_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _1 / 9 / 03_

Name

_Mary W Jeter_

4.50 hrs @ 1½ X's

(Check One)

Pay          Comp Time

✓

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

1·16·03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000103

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_  _Youth Counselor II_  YOUTH FACILITY
      (Employee)      (Classification)         (Department)

Pay Period Beginning _01-20-03_         Ending _02-02-03_

I am a   (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 20 | H | 27 8 | A - Annual leave | ___ hours of compensatory time to be given at straight time. |
| TUESDAY | 21 | 8 | 28 8 | S - Sick Leave | ___ hours of overtime pay at my regular rate of pay. |
| WEDNESDAY | 22 | 8 | 29 8 | C - Compensatory Leave | |
| THURSDAY | 23 | 9 | 30 8 | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 24 | 8 | 31 8 | O - Other Paid Leave (explain) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 25 | OFF | 1 OFF | Off Day - Regular Off Day | |
| SUNDAY | 26 | OFF | 2 OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 41 | 40 | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | | 33 | 40 | | (subtract from total pay hours) |

_I am entitled to and elect:_

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave

_Mary Jeter_ _____     _02-02-03_
EMPLOYEE SIGNATURE                     Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _81.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court Program_

_Burn R. Howell_ _____      _02-02-03_
Appointing Authority _Dept. Head_                Date

APPROVAL: _____
Per 300     Administrator, County Commission          Date          2/2/00

MCC/Jeter
000104



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Teen Court_

_____

_____

Overtime is to be worked on _Jan 23, 2003_ .

<u>Name</u>

_Mary W Jeter_

1:00 @ Regular

(Check One)

<u>Pay</u>     <u>Comp Time</u>

_____     ___✓___

_____
Signature of Employee

<u>YOUTH FACILITY</u>
Department

_____
Signature of Supervisor

_1.29.03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:      In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000105

TO:    MONTGOMERY COUNTY COMMISSION

FROM: _MARY Jeter_ , _Youthworker II_ ,    YOUTH FACILITY
               (Employee)              (Classification)              (Department)

Pay Period Beginning _02-03-03_    Ending _02-16-03_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E)___   Non-exempt (NE)___   Partially Exempt (PE)___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|
| MONDAY | 3  8 | 10  8.5 | A - Annual leave |
| TUESDAY | 4  8 | 11  8 | S - Sick Leave |
| WEDNESDAY | 5  8 | 12  8 | C - Compensatory Leave |
| THURSDAY | 6  12 | 13  8 | H - Holiday |
| FRIDAY | 7  8 | 14  8 | O - Other Paid Leave (explain) |
| SATURDAY | 8  OFF | 15  OFF | Off Day - Regular Off Day |
| SUNDAY | 9  OFF | 16  OFF | |
| TOTAL HOURS | 44 | 40 | |
| ACTUAL WORK HOURS | 44 | 32 | |

_I am entitled to and elect_ :

_____ hours of compensatory time to be given a straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times th number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payro period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hour shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half ra I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 da work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ove forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when th time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W. Jeter_                                                          _2-16-03_
      EMPLOYEE SIGNATURE                                          Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _84_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Bruce R. Howell_  Dept. Head                                _2-16-03_
Appointing Authority                                      Date

APPROVAL:
Per 300      Administrator, County Commission

Date                                                                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Teen Count_

Overtime is to be worked on _2/6/a3_

Name _Mary W. Jeter_

(Check One)
Pay ____✓____ Comp Time _____

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St Work_
Signature of Supervisor

_2.7.03_
Date

Pay 4 hrs at 1½

APPROVED: _Ben R. Howell_
Appointing Authority/Department Head

_2/14/03_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000107

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_          _Youth Counselor II_   YOUTH FACILITY
         (Employee)              (Classification)         (Department)

Pay Period Beginning __02-17-03__        Ending __03-02-03__

I am a  (4 hr ___) (8 hr _I_) (10 hr ___) (11.5 hr ___) (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 17 | H | 24 8A | A - Annual leave | |
| TUESDAY | 18 | 8 | 25 8 | S - Sick Leave | |
| WEDNESDAY | 19 | 8 | 26 8 | C - Compensatory Leave | |
| THURSDAY | 20 | 12 | 27 8 | H - Holiday | |
| FRIDAY | 21 | 8 | 28 8 | O - Other Paid Leave (explain) | |
| SATURDAY | 22 | OFF | 1 OFF | Off Day - Regular Off Day | |
| SUNDAY | 23 | OFF | 2 OFF | | |
| TOTAL HOURS | | 44 | 40 | | |
| ACTUAL WORK HOURS | | 36 | 32 | | |

_I am entitled to and elect_ :

_____ hours of compensatory time to be given at straight time.

_4_ hours of overtime pay at my _regular rate_ of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                         __03-02-03__
EMPLOYEE SIGNATURE                                   Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __84.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Ben R. Howell_  Dept. Head            __03-02-03__
Appointing Authority                      Date

APPROVAL:
Per 300 _____        _____   2/2/00
        Administrator, County Commission         Date

MCC/Jeter
000108

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _4_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _Feb 20, 2003_ .

_Mary W. Jeter_      Name

PAY
4:00 hrs
Regular

(Check One)

Pay          Comp Time

_✓_           _____

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_2.28.03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter , Youth Counslr II , YOUTH FACILITY
　　　　　(Employee)　　　　　(Classification)　　　　　(Department)

Pay Period Beginning  03-03-03  　　　　Ending  03-16-03

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 3 | 8 | 10 / 8 | A - Annual leave | *I am entitled to and elect* : |
| TUESDAY | 4 | 8 | 11 / 8 | S - Sick Leave | ___ hours of compensatory time to be given a straight time. |
| WEDNESDAY | 5 | 8 | 12 / 8 | C - Compensatory Leave | ___ hours of overtime pay at my *regular rate* pay. |
| THURSDAY | 6 | 12 | 13 / 8 | H - Holiday | ___ hours of compensatory time at 1½ times t. number of hours. |
| FRIDAY | 7 | 8 | 14 / 8 | O - Other Paid Leave (explain ) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 8 | OFF | 15 OFF | Off Day - Regular Off Day | ___ law enforcement non-overtime regular pay or holiday pay. |
| SUNDAY | 9 | OFF | 16 OFF | | ___ law enforcement holiday leave. (subtract from total pay hours) |
| TOTAL HOURS | | 44 | 44 | | |
| ACTUAL WORK HOURS | | 44 | 44 | | |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of ho shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half r I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employe in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 c work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any time performed o forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisic of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leav

Mary Jeter　　　　　　　　　　　　　　　　　3-16-03

EMPLOYEE SIGNATURE　　　　　　　　　　　Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abo named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty ___84___ actual work hours and is entitl to overtime compensation. This overtime was required for the following reason(s) teen Court

Bern R. Howell  Dept. Head　　　　　　　　　　3-16-03

Appointing Authority　　　　　　　　　　　　　Date

APPROVAL: _____　　　　_____
Per 300　Administrator, County Commission　　　　Date　　　　　　2/2/

MCC/Jeter
000110

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____4_____ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _March 6, 2003_

<u>Name</u>

_Mary W. Jeter_

Pay 4 hrs at 1½

(Check One)

<u>Pay</u>        <u>Comp Time</u>

✓

_____
Signature of Employee

_YOUTH FACILITY_
Department

_Stewart_
Signature of Supervisor

3·7·03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000111

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_ , _Youth Counselor I_ YOUTH FACILITY
(Employee)        (Classification)        (Department)

Pay Period Beginning _03-17-03_        Ending _03-30-03_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 17 | 8 | 24 | 8 | A - Annual leave |
| TUESDAY | 18 | 8 | 25 | 8 | S - Sick Leave |
| WEDNESDAY | 19 | 8 | 26 | 8 | C - Compensatory Leave |
| THURSDAY | 20 | 10 | 27 | 8C | H - Holiday |
| FRIDAY | 21 | 8 | 28 | 8C- | O - Other Paid Leave (explain ) |
| SATURDAY | 22 | OFF | 29 | OFF | Off Day - Regular Off Day |
| SUNDAY | 23 | OFF | 30 | OFF | |
| TOTAL HOURS | | 42 | | 40 | |
| ACTUAL WORK HOURS | | 42 | | 24 | |

_I am entitled to and elect_:

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_2_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter H. Jr. 0/0/00_        _03-30-03_
EMPLOYEE SIGNATURE        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _8 2_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Bruce R. Howell_ _Dept. Head_        _03-30-03_
Appointing Authority        Date

APPROVAL: _____
Per 300    Administrator, County Commission        _____ Date        2/2/00

MCC/Jeter
000112

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _3/30/03_

|  | (Check One) |  |
| --- | --- | --- |
|  | Pay | Comp Time |
| _Name_ |  | ✓ |

_Mary W. Jeter_

Corp  2 hrs at 1½ = 3

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_SJ word_
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter, Youth Counselor II, YOUTH FACILITY
      (Employee)        (Classification)        (Department)

Pay Period Beginning  03-31-03          Ending  04-13-03

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 31  8 | 7  8 | A – Annual leave | |
| TUESDAY | 1  8S | 8  8 | S - Sick Leave | |
| WEDNESDAY | 2  8 | 9  8 | C - Compensatory Leave | |
| THURSDAY | 3  11 | 10  8 | H - Holiday | |
| FRIDAY | 4  8 | 11  8A | O– Other Paid Leave (explain ) | |
| SATURDAY | 5  OFF | 12  OFF | Off Day.- Regular Off Day | |
| SUNDAY | 6  OFF | 13  OFF | | |
| TOTAL HOURS | 43 | 40 | | |
| ACTUAL WORK HOURS | 43 | 32 | | |

*I am entitled to and elect :*

__3__ hours of compensatory time to be given at straight time.

____ hours of overtime pay at my regular rate of pay.

____ hours of compensatory time at 1½ times the number of hours.

____ hours of overtime pay at 1½ times my regular rate of pay.

____ law enforcement non-overtime regular pay or holiday pay.

____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary Jeter                                            04-13-03
EMPLOYEE SIGNATURE                                       Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __83__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) teen Court

Appointing Authority  Dept. Head                        04-13-03
                                               Date

APPROVAL: _____
Per 300       Administrator, County Commission          Date          2/2/00

MCC/Jeter
000114

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3hrs_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _April 3, 2003_

| | | (Check One) |
| Name | Pay | Comp Time |

_Mary W Jeter_

Comp 3 hrs at Reg = 3

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY /
Department

Signature of Supervisor

4. 4. 03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter* *Youth Counselor III*, YOUTH FACILITY
        (Employee)        (Classification)        (Department)

Pay Period Beginning **04/14/03**    Ending **04/27/03**

I am a  (4 hr ___) (8 hr **X**) (10 hr ___) (11.5 hr ___) (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) **X**  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 14   8S | 21   8 | A - Annual leave | |
| TUESDAY | 15   8 | 22   8 | S - Sick Leave | |
| WEDNESDAY | 16   8 | 23   8 | C - Compensatory Leave | |
| THURSDAY | 17   12 | 24   5/38 | H - Holiday | |
| FRIDAY | 18   8 | 25   8 | O - Other Paid Leave (explain) | |
| SATURDAY | 19   OFF | 26   OFF | Off Day - Regular Off Day | |
| SUNDAY | 20   OFF | 27   OFF | | |
| TOTAL HOURS | 44 | 40 | | |
| ACTUAL WORK HOURS | 36 | 37 | | |

*I am entitled to and elect:*

___ hours of compensatory time to be given at straight time.

**4** hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

*Mary Jeter*                         04/27/03
EMPLOYEE SIGNATURE                  Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **84** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Teen Court*

*Bruce R. Howell* Dept. Head                04/27/03
Appointing Authority                  Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date               2/2/00





## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Teen Court_

_____

_____

Overtime is to be worked on __4/17/03__ .

|                    Name |          | (Check One) |
|                         | Pay      | Comp Time   |

Mary W Jeter

Pay 4 hrs at Reg

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000117

AUTOMATED PAYROLL CERTIFICATION REPORT
BIWEEKLY PERIOD 09012003 - 09142003

DEPT: YOUTH FACILITY

| NAME | POSITION TITLE | REG/HAZ | OT/COMP | HOLIDAY | SICK | ANNUAL | COMP | PERS/OTH | MILITARY | PAY HOURS | GROSS PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DMIN ROSALYN E | YOUTH COUNSELOR II | R- 53.50 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | 2.50 | 16.00 | | O- | | 80.00 | |
| MILION ANNIE L | CHILD CARE OFFICER | R- 64.00 | O- | | | | | P- | | | |
| MMENT: | | H-100.00 | C- | 8.00 | 8.00 | | | O- | | 80.00 | |
| RRIS RONALD | CHILD CARE OFFICER | R- 68.00 | O- | | | | | P- | | | |
| MMENT: NEW BIWKLY    1262.1 | | H-100.00 | C- 4.00 | 8.00 | | 8.00 | | O- | | 84.00 | |
| RRISON LINDA SMITH | CLERK TYPIST II | R- 63.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | 9.00 | | | O- | | 80.00 | |
| WTHORNE TONY | CHILD CARE OFFICER | R- 48.00 | O- | | | | | P- | | | |
| MMENT: | | H-100.00 | C- 12.00 | 8.00 | 16.00 | 8.00 | | O- | | 80.00 | |
| WARD ANNIE L | COOK | R- 72.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | | | | O- | | 80.00 | |
| WELL BRUCE R | CHIEF PROBATION OFFI | R- 62.50 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | 1.50 | 8.00 | | O- | | 80.00 | |
| GRAM BETTY S | ADMINISTRATIVE SECRE | R- 62.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | | 10.00 | | O- | | 80.00 | |
| GRAM THOMAS H | BLDG MAINT SUPERVISO | R- 59.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | 8.00 | 5.00 | | O- | | 80.00 | |
| CKSON EVANGELINE L | CLERK TYPIST II | R- 61.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | 3.00 | 8.00 | | O- | | 80.00 | |
| MES HARRY D | CHILD CARE SUPERVISO | R- 72.00 | O- | | | | | P- | | | |
| MMENT: | | H-100.00 | C- 10.00 | 8.00 | | | | O- | | 80.00 | |
| NKINS II PHILLIP G | CHILD CARE OFFICER | R- 56.00 | O- | | | | | P- | | | |
| MMENT: | | H-100.00 | C- 8.00 | 8.00 | 16.00 | | | O- | | 80.00 | |
| TER MARY WHITTLE | YOUTH COUNSELOR II | R- 78.00 | O- | | | | | P- | | | |
| MMENT: | | H- | C- | 8.00 | | | | O- | | 86.00 | 2323.36 |

MCC/Jeter
000118

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
_4 hours_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _September 3, 2003_

|  | (Check One) |  |
| --- | --- | --- |
| Name | Pay | Comp Time |

_Mary W. Jeter_

Pay 4 hrs at Reg

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9.5.03
Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000119

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_2 hours_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _September 4, 2003_

(Check One)

**Name**                                   Pay        Comp Time

_Mary W Jeter_                              ✓

Pay 2 hrs at Reg

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9·5·03
Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000120

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Whitter Jeter Youth Counselor II , YOUTH FACILITY
        (Employee)          (Classification)                    (Department)

Pay Period Beginning  9-15-03          Ending  9-28-03

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 15 | 8 | 22  8 | A - Annual leave | |
| TUESDAY | 16 | 8 | 23  8 | S - Sick Leave | |
| WEDNESDAY | 17 | 8 | 24  8 | C - Compensatory Leave | |
| THURSDAY | 18 | 8 | 25  8 | H – Holiday | |
| FRIDAY | 19 | 8 | 26  8 | O – Other Paid Leave (explain ) | |
| SATURDAY | 20 | 2 | 27  2 | Off Day - Regular Off Day | |
| SUNDAY | 21 | 2 | 28  2 | | |
| TOTAL HOURS | | 44 | 44 | | |
| ACTUAL WORK HOURS | | 44 | 44 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

___8___ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave. 9-28-03

Mary Whitter                                                      9-28-03
        EMPLOYEE SIGNATURE                                         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  88.00  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)  Home Detention Coverage                                 9-28-03

Bern R. Howell   Dept. Head
Appointing Authority                                              Date

APPROVAL: _____
Per 300      Administrator, County Commission              Date

MCC/Jeter
000121

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

___4 hrs___ hour(s) overtime for the purpose of _Home_

_Detention Coverage_

Overtime is to be worked on _Sept 20 / 03 2 hrs_

_Sept 21 / 03 2 hrs_

| Name | (Check One) |
| --- | --- |
| | Pay          Comp Time |

_Mary Whittle Jeter_

Pay: ✓

_Mary Whittle Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S. Smith_
Signature of Supervisor

4.00 hrs @ 1½ X's

_9-24-03_
Date

APPROVED: _____

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000122

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Home Detent_

_Coverage_

Overtime is to be worked on _Sept 27/03 2hrs_
_Sept 28/03 2hrs._

|  | | (Check One) | |
| --- | --- | --- | --- |
| Name | | Pay | Comp Time |
| _Mary Whittlesster_ | | ✓ | |

4.00 hrs @ 1½ X's

_Mary Whittlesster_
Signature of Employee

YOUTH FACILITY
Department

_St Cust_
Signature of Supervisor

9-24-03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000123

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Joter , Youth Counselor II , YOUTH FACILITY
          (Employee)          (Classification)          (Department)

Pay Period Beginning  09-29-03          Ending  10-12-03

I am a  (4 hr ___)  (8 hr X)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) ___  X  Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | I am entitled to and elect : |
|---|---|---|---|---|
| MONDAY | 29  8 | 6  8 | A - Annual leave | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 30  8 | 7  8 | S - Sick Leave | |
| WEDNESDAY | 1  12 | 8  10.75 | C - Compensatory Leave | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 2  8 | 9  10 | H - Holiday | 2.00 hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 3  8 | 10  8 | O - Other Paid Leave (explain ) | 6.75 hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 4  OFF | 11  OFF | Off Day - Regular Off Day | |
| SUNDAY | 5  OFF | 12  OFF | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 44 | 44.75 | | |
| ACTUAL WORK HOURS | 44 | 44.75 | | _____ law enforcement holiday leave. (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS**: Indicate number of hours worked. **LEAVE WITH PAY DAYS**: Indicate number of hours and type of leave.

_____    10-12-03
EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  88.75  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)  Teen Court phone contacts & Teen Court

Bruce R. Howell    Dept. Head          10-12-03
Appointing Authority                              Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date    MCC/Jeter
                                                              000124

2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Jean Caud_
_Home Calls after hours_

Overtime is to be worked on _October 1, 2003_

|  | (Check One) |
| Name | Pay    Comp Time |

Mary W Jeter

Pay 4 hrs at 1½

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000125

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _2hrs 45min_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _10/8/03_

Pay 2.75 at 1½

| Name | (Check One) |  |
|------|------|------|
|  | Pay | Comp Time |
| _Mary Jeter_ | ✓ |  |

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000126

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _10/9/03_

<u>Name</u>

_Mary Jeter_

Comp 2 hrs at $1\frac{1}{2} = 3$

(Check One)
<u>Pay</u>          <u>Comp Time</u>
                           ✓

_Mary Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_[signature]_
Signature of Supervisor

_10·9·03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000127

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION *Probation II*

FROM: *MARY Jeter Juvenile Officer*, YOUTH FACILITY

(Employee)    (Classification)    (Department)

Pay Period Beginning _10-13-03_    Ending _10-26-03_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | | |
|---|---|---|---|---|---|---|
| MONDAY | 13 | H | 20 | 8 | A - Annual leave | |
| TUESDAY | 14 | 8 5 | 21 | 8 | S - Sick Leave | |
| WEDNESDAY | 15 | 8 | 22 | 10 | C - Compensatory Leave | |
| THURSDAY | 16 | 12 | 23 | 12 | H - Holiday | |
| FRIDAY | 17 | 8 | 24 | 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 18 | OFF | 25 | OFF | Off Day - Regular Off Day | |
| SUNDAY | 19 | OFF | 26 | OFF | | |
| TOTAL HOURS | | 44 | | 46 | | |
| ACTUAL WORK HOURS | | 28 | | 46 | | |

*I am entitled to and elect :*

_4_ hours of compensatory time to be given : straight time.

___ hours of overtime pay at my regular rate pay.

_2_ hours of compensatory time at 1½ times t number of hours.

_4_ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pa or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of ho shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half i I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employer in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 of work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisio of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leav

_Mary Jeter_    _10-26-03_
EMPLOYEE SIGNATURE    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abo named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty _90.00_ actual work hours and is entitl to overtime compensation. This overtime was required for the following reason(s) _____

_____    _10-26-03_
Appointing Authority    Dept. Head    Date

APPROVAL: _____    _____ MCC/Jeter
Per 300    Administrator, County Commission    Date    000128

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Y hours )_

_Youth Court_

Overtime is to be worked on _____10/16/03_____ .

|  | (Check One) |
|  | Pay | Comp Time |

Name
_Mary W. Jeter_

4.00 Comp Reg.

_____ | _____ | ✓

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S Winter_
Signature of Supervisor

10-17-03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000129



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____2_____ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _10/22/03_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary Jeter_ |  | ✓ |

2.00 Comp @ 1 ½ X's
1.00
3.00 hrs

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000130

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _October 23, 2003_

Name _Mary Whittle Jeter_

4.00 hrs @ 1½ X's

(Check One)

Pay _____ / _____   Comp Time _____

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Stewart_
Signature of Supervisor

_10·24·03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000131

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Juv. Probation Off.  /  YOUTH FACILITY

(Employee)          (Classification)         (Department)

Pay Period Beginning 10-27-03        Ending 11-09-03

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___ employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 27 | 8S | 3  8 | A - Annual leave | |
| TUESDAY | 28 | 4S/4A | 4  8 | S - Sick Leave | |
| WEDNESDAY | 29 | 8A | 5  8 | C - Compensatory Leave | |
| THURSDAY | 30 | 8A | 6  12 | H - Holiday | |
| FRIDAY | 31 | 8 | 7  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 1 | OFF | 8  OFF | Off Day - Regular Off Day | |
| SUNDAY | 2 | OFF | 9  OFF | | |
| TOTAL HOURS | | 40 | 44 | | |
| ACTUAL WORK HOURS | | 8 | 44 | | |

*I am entitled to and elect :*

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate o pay.

4 hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payro period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hour shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rat I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 da work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ove forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when th time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave

Mary Jeter                                    11-9-03
EMPLOYEE SIGNATURE                              Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 84 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) teen court

Barri R. Howell  Dept. Head                    11-9-03
Appointing Authority                           Date

APPROVAL: _____        _____  MCC/Jeter
Rev. 700    Administrator, County Commission  Date   000132      2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Teen Court_

Overtime is to be worked on _Nov 6, 2003_

|                     | (Check One) |           |
|---------------------|-------------|-----------|
| **Name**            | **Pay**     | **Comp Time** |
| _Mary W Jeter_      |             | ✓         |

Comp 4 hrs at 1½ = 6

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

_11·5·03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000133

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter,_   _Juvenile Probation Officer II_   YOUTH FACILITY
          (Employee)          (Classification)          (Department)

Pay Period Beginning _11·24·03_          Ending _12-07-03_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 24 | 8 | ¹ 8 | A - Annual leave | |
| TUESDAY | 25 | 8A | ² 8 | S - Sick Leave | |
| WEDNESDAY | 26 | 8 | ³ 8 | C - Compensatory Leave | |
| THURSDAY | 27 | H | ⁴ 11.50 | H - Holiday | |
| FRIDAY | 28 | H | ⁵ 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 29 | OFF | ⁶ 2 | Off Day - Regular Off Day | |
| SUNDAY | 30 | OFF | ⁷ 2 | | |
| TOTAL HOURS | | 40 | 47.50 | | |
| ACTUAL WORK HOURS | | 16 | 47.50 | | |

_I am entitled to and elect :_

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_3.50_ hours of compensatory time at 1½ times the number of hours.

_4_ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W. Jeter_                                                    _12-07-03_
      EMPLOYEE SIGNATURE                                         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _87.50_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Sex Court_ _& Home Detention Coverage_

_Ben R. Howell_ Dept. Head                                 _12-07-03_
Appointing Authority                                      Date

APPROVAL: _____          _____
Per 300    Administrator, County Commission          Date                    2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of ( 3 ½ )

*Youth Court*

_____

Overtime is to be worked on *Dec 4, 2003*

<table>
<tr><td></td><td>(Check One)</td><td></td></tr>
<tr><td>Name</td><td>Pay</td><td>Comp Time</td></tr>
</table>

*Mary W Jeter*

3.50 hrs @ 1½ X's    *Mary W Jeter*
1.75                 Signature of Employee
5.25                 YOUTH FACILITY
                     Department
                     *signature*
                     Signature of Supervisor
                     12 - 5 - 03
                     Date

APPROVED:

_____
  Appointing Authority/Department Head

_____
        Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000135

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _*4 hours*_

_*Home detention on call*_

_____

Overtime is to be worked on _*Dec 6 - 7*_

Name
_*Mary W Jeter*_

4.00 pay @ 1/2 X's

(Check One)

Pay            Comp Time

✓

_*Mary W Jeter*_
Signature of Employee

YOUTH FACILITY
Department

_*St two*_
Signature of Supervisor

_*12·5·03*_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000136

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_ _Juvenile Probation Officer II_ YOUTH FACILITY
　　　　(Employee)　　　　　(Classification)　　　　　(Department)

Pay Period Beginning _12-08-03_　　Ending _12-21-03_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 8　8 | 15　8S | A - Annual leave | |
| TUESDAY | 9　8 | 16　8 | S - Sick Leave | |
| WEDNESDAY | 10　8 | 17　8 | C - Compensatory Leave | |
| THURSDAY | 11　12 | 18　8 | H - Holiday | |
| FRIDAY | 12　8 | 19　8 | O - Other Paid Leave (explain) | |
| SATURDAY | 13　OFF | 20　OFF | Off Day - Regular Off Day | |
| SUNDAY | 14　OFF | 21　OFF | | |
| TOTAL HOURS | 44 | 40 | | |
| ACTUAL WORK HOURS | 44 | 32 | | |

_I am entitled to and elect:_

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

_4_ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.
(subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hour shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have **actually worked** over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_　　　　　　　　　　　　　　_12-21-03_
EMPLOYEE SIGNATURE　　　　　　　　　　　Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _84.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Ben R Howell_　　　　　　　　　　　　　_12-21-03_
Appointing Authority _Dept. Head_　　　　　Date

APPROVAL:
Per 300　Administrator, County Commission　　　　　　Date　　　　　　　2/2/00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ . hour(s) overtime for the purpose of _Teen Court_

_____

_____

Overtime is to be worked on _Dec 11, 2003_ .

| Name | (Check One) | |
| --- | --- | --- |
| | Pay | Comp Time |

_Mary Jeter_       ✓

4.00 hrs @ 1½ X's

_Mary W Jeter_
Signature of Employee

__YOUTH FACILITY__
Department

_S Tw_
Signature of Supervisor

_12·12·03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000138

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _May Jeter_ _Juvenile Probation Officer II_ YOUTH FACILITY
          (Employee)          (Classification)                    (Department)

Pay Period Beginning __12-22-03__          Ending __01-04-04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___ employee.

|  |  | 1st WEEK | 2nd WEEK |  |
|---|---|---|---|---|
| MONDAY | 22 | 8A | 29 8A | A - Annual leave |
| TUESDAY | 23 | 8 | 30 8P | S - Sick Leave |
| WEDNESDAY | 24 | 8 | 31 8A | C - Compensatory Leave |
| THURSDAY | 25 | H/2 | 1 H | H - Holiday |
| FRIDAY | 26 | H/2 | 2 8C | O - Other Paid Leave (explain) |
| SATURDAY | 27 | 2 | 3 OFF | Off Day - Regular Off Day |
| SUNDAY | 28 | 4 | 4 OFF |  |
| TOTAL HOURS |  | 50 | 40 |  |
| ACTUAL WORK HOURS |  | 32 | 0 |  |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

__10__ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

<u>REGULAR WORK DAYS:</u> Indicate number of hours worked. <u>LEAVE WITH PAY DAYS:</u> Indicate number of hours and type of leave.

_May (Jeter)_                                               __01-04-04__
EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __90:00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)_____

_Ben R. Howell_ Dept. Head                                 __01-04-04__
Appointing Authority                                        Date

APPROVAL: _____          _____
Per 300    Administrator, County Commission          Date                         2/2/00

MCC/Jeter
000139

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

___8___ hour(s) overtime for the purpose of _____

*home detention monitoring*

_____

Overtime is to be worked on *Dec. 25-28, 2003*

(Check One)

Pay      Comp Time

<u>Name</u>

*Mary Jeter*

8.00 Reg
+ 2.00 Reg

10.00

Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000140

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _____

home detention monitoring

_____

Overtime is to be worked on ___12-28-03___

(Check One)

Pay          Comp Time

Name

Mary Jeter                    ✓

Mary W Jeter
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000141

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Juvenile Probation Officer II    YOUTH FACILITY
_____Employee_____    _____Class/Position_____    _____Department_____

Pay Period Beginning __01-05-04__    Ending __01-18-04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___ employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 5 | 8 | 12 | 8 | A - Annual leave |
| TUESDAY | 6 | 8 | 13 | 8 | S - Sick Leave |
| WEDNESDAY | 7 | 8 | 14 | 8S | C - Compensatory Leave |
| THURSDAY | 8 | 12.50 | 15 | 8A | H - Holiday |
| FRIDAY | 9 | 8 | 16 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 10 | OFF | 17 | OFF | Off Day – Regular Off Day |
| SUNDAY | 11 | OFF | 18 | OFF | |
| TOTAL HOURS | | 44.50 | | 40 | |
| ACTUAL WORK HOURS | | 44.50 | | 24 | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

__4.50__ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

01-18-04

✓✓✓ EMPLOYEE SIGNATURE _____Mary Jeter_____    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19__ Legislature of Alabama do hereby certify that this employee has been on duty __84.50__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) __Teen Court__

_____Perry R. Howell_____    __01-18-04__
Appointing Authority  Dept. Head    Date

APPROVAL: _____
Per 300    Administrator, County Commission    Date

MCC/Jeter
000142

APPENDIX O

MONTGOMERY COUNTY COMMISSION

OVERTIME APPROVAL

Permission is hereby requested that the following employee(s)

be permitted to work ___4½___ hour's overtime

(approximate)

for the purpose _Youth Court_

_____

Overtime to be worked on:  (Date) _1-8-04_

(Check One)

| Name | Pay | Comm. Time |
|------|-----|------------|
| Mary Jeter | | ✓ |
| | | |
| | | |

4.50 @ 1½ X's
+ 2.25
6.75 hrs

_____
Department

_St Wal__
Signature of Supervisor

_1·9·04_
Date

APPROVED:

_____
Appointing Authority/Administrator

_____
Date

NOTE:  In and out time must be on sign-in sheet/time card and the
       Overtime Certification must be signed to receive credit
       for overtime.

FORM NO.  101-434          3-50

MCC/Jeter
000143

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    (Juv. Probation Superv)    YOUTH FACILITY
       (Employee)         (Classification)         (Department)

Pay Period Beginning __02-02-04__    Ending __02-15-04__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 2 / 11 / | 9 / 11 / | A - Annual Leave | |
| TUESDAY | 3 / 8 | 10 / 8 | S - Sick Leave | |
| WEDNESDAY | 4 / 8 | 11 / 8 | C - Compensatory Leave | |
| THURSDAY | 5 / 10 | 12 / 8 | H - Holiday | |
| FRIDAY | 6 / 8 | 13 / 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 7 OFF | 14 OFF | Off Day - Regular Off Day | |
| SUNDAY | 8 OFF | 15 OFF | | |
| TOTAL HOURS | 45 | 43 | | |
| ACTUAL WORK HOURS | 45 | 43 | | |

*I am entitled to and elect :*

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_8_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

Mary Jeter                                  02-15-04
EMPLOYEE SIGNATURE                          Date.

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) YOUTH Court Programs

Bruce R. Howell  Dept. Head                  02-15-04
Appointing Authority                        Date

APPROVAL:
Per 300    _____          _____
           Administrator, County Commission    Date                2/2/00

MCC/Jeter
000144

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Family Guidance / Youth Court_

Overtime is to be worked on _Feb 3, 2004_

|  | (Check One) |  |
|---|---|---|
| ___Name___ | Pay | ___Comp Time___ |
| _Mary W. Jeter_ |  | _✓_ |

_Comp 3 hrs at 1½ =_
_4.50_

_Mary Jeter_
Signature of Employee

___YOUTH FACILITY___
Department

_S+W_
Signature of Supervisor

_2-3-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000145

MONTGOMERY ~    ~SSION
OVERTIME APPRO



Permission is hereby requested that the following employee be permitted to work

_____ ~~ ~~ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on _2/5/04_

|  | (Check One) |  |
|---|---|---|
| **Name** | **Pay** | **Comp Time** |
| _Mary W Jeter_ |  | ✓ |

Comp 2 hrs at 1½ =

3

_Mary W Jeter_
Signature of Employee

__YOUTH FACILITY__
Department

_St Watts_
Signature of Supervisor

_2·6·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000146

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Youth_ _Court Family Guidance Counselor Session_

Overtime is to be worked on ___2/9/04___

| Name | (Check One) |
| --- | --- |
| _Mary W. Jeter_ | Pay    Comp Time ✓ |

Comp 3 hrs at 1½ =
4.50

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

2-12-04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000147

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Probation Off I. YOUTH FACILITY

(Employee)      (Classification)      (Department)

Pay Period Beginning 2-16-C4 _____   Ending 2-29-C4

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 16 | 14 | 23 | 11 | A - Annual leave |
| TUESDAY | 17 | 85 | 24 | 8 | S - Sick Leave |
| WEDNESDAY | 18 | 8 | 25 | 8 | C - Compensatory Leave |
| THURSDAY | 19 | 12 | 26 | 8 | H - Holiday |
| FRIDAY | 20 | 8 | 27 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 21 | OFF | 28 | 2 | Off Day - Regular Off Day |
| SUNDAY | 22 | OFF | 29 | 2 | |
| TOTAL HOURS | 44 | | 47 | | |
| ACTUAL WORK HOURS | 28 | | 47 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be give straight time.

4 _____ hours of overtime pay at my regular r pay.

4 _____ hours of compensatory time at 1½ tim number of hours.

3 _____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number o shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-h I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt emp in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work perform forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, wt time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, an exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime pro of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of

_____   2-29-04
EMPLOYEE SIGNATURE                   Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of th Legislature of Alabama do hereby certify that this employee has been on duty 91 _____ actual work hours and is e to overtime compensation. This overtime was required for the following reason(s) Teen Court Program

Bruce R. Howell   Dept. Head
Appointing Authority                 Date

_____   MCC/Jeter
                            000148

2-29-04
Date

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on _Feb 19, 2004_

Name
_Mary W Jeter_

Pay 4 hrs at Reg

(Check One)

Pay          Comp Time

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

2-25-04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000149

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3_____ hour(s) overtime for the purpose of _____

*Teen Court / Family Guidance*

Overtime is to be worked on *Feb 23, 2004*

<table>
<tr><td></td><td>(Check One)</td></tr>
<tr><td><u>Name</u></td><td><u>Pay</u>    <u>Comp Time</u></td></tr>
<tr><td>*Mary W. Jeter*</td><td>✓</td></tr>
</table>

Pay 3 hrs at 1½.

*Mary W. Jeter*
Signature of Employee

<u>YOUTH FACILITY</u>
Department

Signature of Supervisor

*4·22·04*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Weekend_

_Rome Detention_

Overtime is to be worked on _Feb 28th / 29th 2004_.

|  | (Check One) |  |
|---|---|---|
|  | Pay | Comp Time |
| Name | | ✓ |
| _Mary W Jeter_ | | |

_Comp 4 hrs at 1½ = 6_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Shuan_
Signature of Supervisor

_2-27-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO:  MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Probation Off II     YOUTH FACILITY
         (Employee)        (Classification)              (Department)

Pay Period Beginning  03-01-04        Ending  03-14-04

I am a  (4 hr ___)  (8 hr I )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E)___   Non-exempt (NE) X   Partially Exempt (PE) ___  employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 1 | 8 | (8) 1150 | A - Annual leave | |
| TUESDAY | 2 | 8 | (9) 85 | S - Sick Leave | |
| WEDNESDAY | 3 | 8 | 10 8¼ | C - Compensatory Leave | |
| THURSDAY | 4 | 9,50 | 11 8 | H - Holiday | |
| FRIDAY | 5 | 8 | 12 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 6 | 2 | 13 2 | Off Day - Regular Off Day | |
| SUNDAY | 7 | 2 | 14 2 | | |
| TOTAL HOURS | | 45,50 | 47,50 | | |
| ACTUAL WORK HOURS | | 45,50 | 31,50 | | |

*I am entitled to and elect :*

350 hours of compensatory time to be given at straight time.

4 hours of overtime pay at my regular rate pay.

5,50 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary W. Jeter                                                     03-14-04
    EMPLOYEE SIGNATURE                                           Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _____ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court, Family Guidance, + weekend Home Det. Program
                                                                      03-14-04
Bruce R. Howell  Dept. Head
Appointing Authority                                            Date

APPROVAL:
Per 300     Administrator, County Commission                    Date          2/2/00

                                                               MCC/Jeter
                                                               000152

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

1½ _____ hour(s) overtime for the purpose of _Youth_

_Court_ _____

Overtime is to be worked on _March 5_ _____

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| Mary Whittle Jeters |  | ✓ |

Comp 1.50 at 1½ = 1.50
                      .75
                    ─────
                    2.25

_(signature)_
Signature of Employee

YOUTH FACILITY
Department

_(signature)_
Signature of Supervisor

3/10 04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000153

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____4_____ hour(s) overtime for the purpose of _Weekend_
_Home_ _Detention March 6 + 7th_

Overtime is to be worked on _March 6 + 7th_.

| Name | | (Check One) | |
| --- | --- | --- | --- |
| _Mary Jeter_ | | Pay | Comp Time |
| | | | / |

Comp 4 hrs at 1½ = 6

_____
Signature of Employee

____YOUTH FACILITY____
Department

_____
Signature of Supervisor

3·10·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000154



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3½_____ hour(s) overtime for the purpose of _Family Goldner_

_____

_____

Overtime is to be worked on _____3/8/04_____

|  | (Check One) |  |
| Name | Pay | Comp Time |
| _Meny W Jeter_ | | ✓ |

Comp 3.50 at Reg

_____
Signature of Employee

__YOUTH FACILITY__
Department

_____
Signature of Supervisor

____3-12-04____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000155

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Storm_

_Detention_

Overtime is to be worked on _March 13 & 14_

*Pay 4 hrs at Reg*

Name
_Mary W Jeter_

(Check One)
Pay          Comp Time
✓

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

3·11·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000156

TO.    MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Probation Off II , YOUTH FACILITY

(Employee)    (Classification)    (Department)

Pay Period Beginning __3-15-04__    Ending __3-28-04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___    employee.

| | | 1st WEEK | 2nd WEEK | | *I am entitled to and elect:* |
|---|---|---|---|---|---|
| MONDAY | 15 | 8 | 22 | 8 | A - Annual leave |
| TUESDAY | 16 | 8 | 23 | 8 H | S - Sick Leave |
| WEDNESDAY | 17 | 8 | 24 | 8 | C - Compensatory Leave |
| THURSDAY | 18 | 8 | 25 | 8 | H - Holiday |
| FRIDAY | 19 | 8 | 26 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 20 | 2 | 27 | OFF | Off Day - Regular Off Day |
| SUNDAY | 21 | 2 | 28 | OFF | |
| TOTAL HOURS | | 44 | | 40 | |
| ACTUAL WORK HOURS | | 44 | | 32 | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

__4__ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payr period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half m I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leav

Mary W Jeter    3-28-04

EMPLOYEE SIGNATURE    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abov named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197. Legislature of Alabama do hereby certify that this employee has been on duty __84__ actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) Home Detention Duties

3-28-04

Appointing Authority    Dept. Head    Date

APPROVAL: _____

Per 300    Administrator, County Commission    Date    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____

_____

Overtime is to be worked on __3/20/04 — 3/21/04__

<table>
<tr><td></td><td><strong>Name</strong></td><td colspan="2">(Check One)</td></tr>
<tr><td></td><td></td><td><u>Pay</u></td><td><u>Comp Time</u></td></tr>
</table>

Comp 4 hrs at 1½ = 6

30th   21st

3       3

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

3·24·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000158

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____

_____

Overtime is to be worked on _3/20/04 — 3/21/04_

<u>Name</u>

(Check One)

<u>Pav</u>          <u>Comp Time</u>

Comp 4 hrs at 1½ = 6

_____
Signature of Employee

<u>YOUTH FACILITY</u>
Department

_____
Signature of Supervisor

_3·24·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000159

TO:   MONTGOMERY COUNTY COMMISSION

FROM _MARY Jeter/Juv Probation Off. II_ , YOUTH FACILITY

    (Employee)    (Classification)    (Department)

Pay Period Beginning _04-12-04_ Ending _04-25-04_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|---|
| MONDAY | 12 | 1150 | 19  8 | A - Annual leave |
| TUESDAY | 13 | 8 | 20  8 | S - Sick Leave |
| WEDNESDAY | 14 | 8 | 21  8 | C - Compensatory Leave |
| THURSDAY | 15 | 85 C | 22  8A | H - Holiday |
| FRIDAY | 16 | 8 | 23  8A | O - Other Paid Leave (explain ) |
| SATURDAY | 17 | OFF | 24  OFF | Off Day - Regular Off Day |
| SUNDAY | 18 | OFF | 25  OFF | |
| TOTAL HOURS | | 43.50 | 40 | |
| ACTUAL WORK HOURS | | 35.50 | 24 | |

_I am entitled to and elect_ :

_8.50_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay. _____

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payr : period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half ra I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d. work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when tl time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no. exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave

_Mary W. Jeter (81)_      _4-25-04_

    EMPLOYEE SIGNATURE          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197 Legislature of Alabama do hereby certify that this employee has been on duty _8.50_ actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) _YOUTH Court_ _Family Guidance_      _4-25-04_

_Bruce R. Howell_ _Dept. Head_      Date

    Appointing Authority

APPROVAL: _____

Per 300    Administrator, County Commission          Date      2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _3 ½_ hour(s) overtime for the purpose of _Youth Court Family Guidance_

Overtime is to be worked on _April 12, 2004_ .

|                | (Check One) |           |
|----------------|-------------|-----------|
| Name           | Pay         | Comp Time |
| _Mary Whittle Jeter_ |       | _✓_       |

Comp 3.50 hrs at Reg

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000161

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter Juv. Probation Off II    YOUTH FACILITY
(Employee)    (Classification)    (Department)

Pay Period Beginning  04/26/04                   Ending  05/09/04

I am a   (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 26 | H — | 3 | 8 | A - Annual leave |
| TUESDAY | 27 | 8 A | 4 | 8 A/C | S - Sick Leave |
| WEDNESDAY | 28 | 12.50 | 5 | 8 C | C - Compensatory Leave |
| THURSDAY | 29 | 10 | 6 | 8 | H - Holiday |
| FRIDAY | 30 | 8 | 7 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 1 | OFF | 8 | OFF | Off Day - Regular Off Day |
| SUNDAY | 2 | OFF | 9 | OFF | |
| TOTAL HOURS | | 46.50 | | 40 | |
| ACTUAL WORK HOURS | | 38.50 | | 24 | |

*I am entitled to and elect:*

6.50 hours of compensatory time to be given. straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leave.

_Mary W. Jeter_    05-09-04
EMPLOYEE SIGNATURE    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  86.50  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _____

_____    05-09-04
Appointing Authority   Dept. Head    Date

APPROVAL:
Per 300    Administrator, County Commission    Date    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

*no Lunch*

Permission is hereby requested that the following employee be permitted to work _4½_ hour(s) overtime for the purpose of _Youth Court, Home Detention_

Overtime is to be worked on _April 28, 2004_ .

| Name | (Check One) | |
| --- | --- | --- |
| | Pay | Comp Time |
| _Mary Jeter_ | | _✓_ |

_Comp. 4.50 at Reg_

_Mary Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_____
Date

APPROVED:
_Phu R Heavell_
Appointing Authority/Department Head

_4/30/04_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000163

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_2_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _April 29, 2004_ .

| | (Check One) |
| Name | Pay | Comp Time |
| _Mary W. Jeter_ | | ✓ |

_Comp 2 hrs at Reg_

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

Date

APPROVED:

_Appointing Authority/Department Head_

_4/26/04_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000164

TO: MONTGOMERY COUNTY COMMISSION

FROM: _MARy Jeter / Juv. Probation Off II_ , YOUTH FACILITY
       (Employee)          (Classification)          (Department)

Pay Period Beginning _5-10-04_ Ending _5-23-04_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|---|
| MONDAY | 10 | 8.75 | 17 | 8 C | A - Annual leave |
| TUESDAY | 11 | 8 | 18 | 8 A | S - Sick Leave |
| WEDNESDAY | 12 | 8 | 19 | 8 A | C - Compensatory Leave |
| THURSDAY | 13 | 8 C | 20 | 8 | H - Holiday |
| FRIDAY | 14 | 8 | 21 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 15 | OFF | 22 | OFF | Off Day - Regular Off Day |
| SUNDAY | 16 | OFF | 23 | OFF | |
| TOTAL HOURS | | 40.75 | | 40 | |
| ACTUAL WORK HOURS | | 32.75 | | 16 | |

*I am entitled to and elect :*

_0 75_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                     _5-23-04_
EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _80.75_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court / family Guidance_

_Bruce R. Howell_   Dept. Head          _5-23-04_
Appointing Authority                      Date

APPROVAL: _____        _____
Per 300    Administrator, County Commission        Date                        2/1/00

MCC/Jeter
000165

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_75_ _45 min_ hour(s) overtime for the purpose of _Youth_
_Court Counseling / Family Guidance_

Overtime is to be worked on _Monday May 10/04_

| | | (Check One) |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Jeter_ | | ✓ |

_Comp .75 at Reg_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Stewart_
Signature of Supervisor

_5-19-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000166

TO: MONTGOMERY COUNTY COMMISSION

FROM: _MARY Jeter/Juv Probation Officer_I_   YOUTH FACILITY
     (Employee)        (Classification)        (Department)

Pay Period Beginning __06/07/04__   Ending __6/20/04__

I am a  (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___)  employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 7 11/12 514 | 14 11/75 | A – Annual leave | _I am entitled to and elect:_ |
| TUESDAY | 8  8 | 15  8 | S – Sick Leave | __11/75__ hours of compensatory time to be given a straight time. |
| WEDNESDAY | 9  8 | 16  8 | C – Compensatory Leave | ___ hours of overtime pay at my regular rate pay. |
| THURSDAY | 10  8 | 17  8 A | H – Holiday | __4.25__ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 11  8 | 18  8 A | O – Other Paid Leave (explain ) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 12 OFF | 19 OFF | Off Day – Regular Off Day | ___ law enforcement non-overtime regular pay or holiday pay. |
| SUNDAY | 13 OFF | 20 OFF | | ___ law enforcement holiday leave. |
| TOTAL HOURS | 52.25 | 43.75 | | (subtract from total pay hours) |
| ACTUAL WORK HOURS | 44.25 | 27.75 | | |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payr... period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou... shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half ra... I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee... in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 da... work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov... forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when th... time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no... exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision... of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave

_Mary Jeter_                                              6-20-04
EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abov... named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197... Legislature of Alabama do hereby certify that this employee has been on duty __90.00__ actual work hours and is entitle... to overtime compensation. This overtime was required for the following reason(s) _worked holidays + supervised family guidance activities_

_signature_   Dept. Head                                    6-20-04
Appointing Authority                                        Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date                        2/2/00

MCC/Jeter
000167

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to w

_3.75_____ hour(s) overtime for the purpose of _____

_Family Guidance_____

Overtime is to be worked on ___6/14/04_____

| | (Check One) |
| Name | Pay | Comp Time |
| Mary Jeter llks | | X |

_Comp 3.75 at Reg_

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

6:18 pp
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000168



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_12.25_ hour(s) overtime for the purpose of _____

_Holiday + Family Guidance_

Overtime is to be worked on _6/7/04_

|  |  | (Check One) |
| --- | --- | --- |
| <u>Name</u> | <u>Pay</u> | <u>Comp Time</u> |
| _Mary W Jeter_ |  | ✓ |

_Comp 8 hrs at Reg 8_
_4.25 hrs at 1½ = 4.25_
_2.13_
_14.38_

_____
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_6-11-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000169

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Probation _____ YOUTH FACILITY
(Employee)        (Classification)           (Department)

Pay Period Beginning **06/21/04** _____ Ending **07/04/04**

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) ___ Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 21 | 9.50 | 28 | 8 | A - Annual leave |
| TUESDAY | 22 | 8 | 29 | 8 | S - Sick Leave |
| WEDNESDAY | 23 | 8 | 30 | 8 | C - Compensatory Leave |
| THURSDAY | 24 | 8C | 1 8A | | H - Holiday |
| FRIDAY | 25 | 8C | 2 8A C | | O - Other Paid Leave (explain) |
| SATURDAY | 26 | OFF | 3 OFF | | Off Day - Regular Off Day |
| SUNDAY | 27 | OFF | 4 OFF | | |
| TOTAL HOURS | | 41.50 | 40 | | |
| ACTUAL WORK HOURS | | 25.54 | 24 | | |

*I am entitled to and elect:*

**1.50** hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payment period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leave.

ORIGINAL TO BE SIGNED _____ 07-04-04
EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **81.50** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) YOUTH Court / Family GUIDANCE Session

_____ Dept. Head _____ 07-04-04
Appointing Authority                                   Date

APPROVAL: _____
Per 300    Administrator, County Commission _____ Date _____ 2/1/00

MCC/Jeter
000170

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_1 ½_ hour(s) overtime for the purpose of _Youth Court_
_Family Guidance Session_

Overtime is to be worked on _June 21, 2004_

| | (Check One) | |
| Name | Pay | Comp Time |
| _Mary W Jeter_ | | ✓ |

_Comp 1.50 at Reg_

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

_6.22.04_
Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000171

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*        *Juv. Probation Officer II*  YOUTH FACILITY
           (Employee)              (Classification)              (Department)

Pay Period Beginning  07-19-04            Ending  08-01-04

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am     Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 19 | 8A | 26 11.75 | A – Annual leave | |
| TUESDAY | 20 | 8A | 27 8 | S – Sick Leave | |
| WEDNESDAY | 21 | 8A | 28 8 | C – Compensatory Leave | |
| THURSDAY | 22 | 8A | 29 8 | H – Holiday | |
| FRIDAY | 23 | 8 A/S | 30 8 | O – Other Paid Leave (explain) | |
| SATURDAY | 24 | OFF | 31 OFF | Off Day – Regular Off Day | |
| SUNDAY | 25 | OFF | 1 OFF | | |
| TOTAL HOURS | | 40 | 43.75 | | |
| ACTUAL WORK HOURS | | 0 | 43.75 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given ; straight time.

_____ hours of overtime pay at my regular rate pay.

_3.75_ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pa ; or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hc shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employ in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 c work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed o forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when a time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and n exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisic of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leav

*Signature*  40 hours 2 wk period                    08-01-04
EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abo named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty  83.75  actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) *Youth Court & Family Guidance Program*
                                                                                             (08-01-04)

*Signature*  Dept. Head
Appointing Authority                                    Date

APPROVAL: _____
Per 300        Administrator, County Commission                    Date                    2/2 0



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3.75_ hour(s) overtime for the purpose of _Family_

_Guidance / Youth Camp_

Overtime is to be worked on _July 26, 2004_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary Jeter_ |  | ✓ |

Comp 3.75 at 1½ = 3.75
1.88 (½)
5.63

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_7.30.04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000173

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter, Juv Probation Off II, YOUTH FACILITY
(Employee)        (Classification)        (Department)

Pay Period Beginning  8-16-04            Ending  8-29-04

I am a (4 hr ___) (8 hr X ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___  Non-exempt (NE) ___  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 16  8 | 23  12 | A - Annual leave | |
| TUESDAY | 17  8 | 24  8 | S - Sick Leave | |
| WEDNESDAY | 18  8 | 25  9 | C - Compensatory Leave | |
| THURSDAY | 19  9 | 26  8 | H - Holiday | |
| FRIDAY | 20  8 | 27  8 | O - Other Paid Leave (explain) | |
| SATURDAY | 21  OFF | 28  OFF | Off Day - Regular Off Day | |
| SUNDAY | 22  OFF | 29  OFF | | |
| TOTAL HOURS | 41 | 45 | | |
| ACTUAL WORK HOURS | 41 | 45 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate pay.

__6__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary Jeter                                    8-29-04
EMPLOYEE SIGNATURE                                Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __86__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Home Detention Duties + Youth Court Family Guidance Program
                                                8-29-04
Appointing Authority   Dept. Head                    Date

APPROVAL: _____
Per 300      Administrator, County Commission           Date            2/2/00

MCC/Jeter
000174

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Home Detention_

_Calls_

Overtime is to be worked on _8/19_

Name
_Mary Jeter_

Comp 1 hr at 1½ = 1.50

(Check One)
Pay          Comp Time
                    ✓

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_8·25·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000175

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
*4* hour(s) overtime for the purpose of *Youth Court Family Guidance*

Overtime is to be worked on *Monday 8/23*

| Name | (Check One) | |
| --- | --- | --- |
| | Pay | Comp Time |
| *Mary W Jeter* | | ✓ |

*Comp 4 hrs at 1½ = 6*

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

*8·26·04*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000176

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____/_____ hour(s) overtime for the purpose of _Home Detention_

_____

_____

Overtime is to be worked on ___8/25/04___

| | (Check One) | |
|---|---|---|
| **Name** | **Pay** | **Comp Time** |
| _Mary W Jeter_ | | ✓ |

_Comp 1 hr at 1½ = 1.50_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S Wash_
Signature of Supervisor

_8-26-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000177

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Probation Off. II    YOUTH FACILITY
      (Employee)        (Classification)        (Department)

Pay Period Beginning  8-30-04        Ending  9-12-04

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY 30 | 11.75 | 16 H | A - Annual leave | |
| TUESDAY 31 | 9 | 7 8S | S - Sick Leave | |
| WEDNESDAY 1 | 8 | 8 10 | C - Compensatory Leave | |
| THURSDAY 2 | 8 | 9 8 | H - Holiday | |
| FRIDAY 3 | 8 | 10 8 | O - Other Paid Leave (explain ) | |
| SATURDAY 4 | OFF | 11 OFF | Off Day - Regular Off Day | |
| SUNDAY 5 | OFF | 12 OFF | | |
| TOTAL HOURS | 44.75 | 42 | | |
| ACTUAL WORK HOURS | 44.75 | 26 | | |

*I am entitled to and elect :*

__2__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_4.75_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown.  I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period.  I also understand that  Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

Mary Jeter _____    9-12-04
EMPLOYEE SIGNATURE                      Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _86.75_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court Group Session a Home Detention Calls after hours
                                                                                          9-12-04
Ann R. Howell _____  Dept. Head    _____
Appointing Authority                     Date

APPROVAL: _____    _____
Per 300    Administrator, County Commission    Date                    2/2/00

MCC/Jeter
000178

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____ 3.75 (bi) _____ hour(s) overtime for the purpose of _Youth_ _Court (group session)_ _____

Overtime is to be worked on _8/30/04_

Name _Mary Jeter_

(Check One)

Pay    Comp Time ✓

3.75 hrs @ 1½ X's
1.88 (½)
5.63

Signature of Employee _Mary Jeter_

YOUTH FACILITY
Department

Signature of Supervisor

Date _8/31/04_

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000179

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home Detention_

Overtime is to be worked on _8/31/04_

|  | (Check One) |
| Name | Pay  Comp Time |

_Mary Jeter_

1.00 hrs @ 1½ × 's
= 1.50 hrs

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_9/8-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000180

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

___*2*___ hour(s) overtime for the purpose of *Detention*

*call Youth Court*

Overtime is to be worked on *Sept 8, 2004*

|  | (Check One) |
|---|---|
|  | Pay        Comp Time |

Name

*Mary W Jeter*

*2.00 hrs @ Reg.*

*Mary Jeter*
Signature of Employee

YOUTH FACILITY
Department

*ST with*
Signature of Supervisor

*9.8.04*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000181

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM _Mary Jeter_  _Juv. Probation Officer II_ , YOUTH FACILITY
     (Employee)     (Classification)     (Department)

Pay Period Beginning **09-13-04**    Ending **09-26-04**

I am a  (4 hr ___)  (8 hr **X**)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) **X**   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 13 | 12 | 20 11.75 | A - Annual leave | |
| TUESDAY | 14 | 10 | 21 8 | S - Sick Leave | |
| WEDNESDAY | 15 | 8 | 22 8 | C - Compensatory Leave | |
| THURSDAY | 16 | 8 Adm. | 23 8 | H - Holiday | |
| FRIDAY | 17 | 8 Adm. | 24 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 18 | OFF | 25 OFF | Off Day - Regular Off Day | |
| SUNDAY | 19 | OFF | 26 OFF | | |
| TOTAL HOURS | | 46 | 43.75 | | |
| ACTUAL WORK HOURS | | 30 | 43.75 | | |

*I am entitled to and elect :*

__6__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__3.75__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_             _9-26-04_
EMPLOYEE SIGNATURE            Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **89.75** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Family Guidance Counseling Sessions & home detention calls_
_9-26-04_

_Harold Howell_ Dept. Head                Date
Appointing Authority

APPROVAL: _____
Per 300    Administrator, County Commission              Date .              2/2/00

MCC/Jeter
000182



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Family Guidance Counseling Session + Project_

Overtime is to be worked on _Sept 13, 2004_

|  | (Check One) |  |
|---|---|---|
| **Name** | Pay | Comp Time |

_Mary Jeter_

4.00 hrs Reg.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9.15.04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000183

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of _Youth Court calls. After School hours._

Overtime is to be worked on _Sept 14, 2004_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary Jeter_ | | ✓ |

2.00 hrs Reg.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

_9-15-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000184



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3 hrs 45min_ hour(s) overtime for the purpose of _Family_

_Guidance_

Overtime is to be worked on _Monday Sept 20, 2004_

(Check One)

Pay        Comp Time

_____        _____

Name                                        ✓

_Mary Jeter_

3.75 hrs @ 1½ x's        _Mary Jeter_
+ 1.88 (½)               Signature of Employee
─────────
5.63 hrs                 YOUTH FACILITY
                         Department

                         _____
                         Signature of Supervisor

                         _____
                         Date

APPROVED:

_Kim R Powell_
Appointing Authority/Department Head

_9/23/04_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000185

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter* *Juv. Probation Off.*, YOUTH FACILITY
      (Employee)       (Classification)       (Department)

Pay Period Beginning **09-27-04**    Ending **10-10-04**

I am a (4 hr ___) (8 hr **X**) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) **X** Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | *I am entitled to and elect :* |
|---|---|---|---|---|---|
| MONDAY | 27 | 11 | ④ 11.50 | A - Annual leave | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 28 | 8 | 5 8 | S - Sick Leave | |
| WEDNESDAY | 29 | 8 | 6 8 | C - Compensatory Leave | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 30 | 8 | 7 11.50 | H - Holiday | **10** hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 1 | 8 | 8 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 2 | OFF | 9 OFF | Off Day - Regular Off Day | _____ hours of overtime pay at 1½ times my regular rate of pay. |
| SUNDAY | 3 | OFF | 10 OFF | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 43 | 47 | | _____ law enforcement holiday leave. |
| ACTUAL WORK HOURS | | 43 | 47 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual overtime hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

*Mary Jeter*                    **10-10-04**
EMPLOYEE SIGNATURE           Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **90** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Teen Court Duty*

*Ann R. Howell*                  **10-10-04**
Appointing Authority *Dept. Head*           Date

APPROVAL: _____
Per 300    Administrator, County Commission           Date        2/2/00

MCC/Jeter
000186

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3½ hrs_ hour(s) overtime for the purpose of _Youth Court_
_Family Guidance / Jin II session_

Overtime is to be worked on _October 4, 2004_

|  | (Check One) |
|---|---|
|  | Pay    Comp Time |

**Name**

_Maryw Jeter_

_Comp 3.50 at 1½ = 5.25_

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_10 5 04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000187

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3½_____ hour(s) overtime for the purpose of _Teen Court_

_____

_____

Overtime is to be worked on _Oct 7, 2004_____.

(Check One)

Pay          Comp Time

_____      ___✓_____

Name

_Mary W. Jeter_

Comp 3.5 Dal 1½ = 5.25

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S. Writ_
Signature of Supervisor

_12·8·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000188

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_      _Juvenile Probation Officer II_,   YOUTH FACILITY
             (Employee)              (Classification)                    (Department)

Pay Period Beginning _10-11-04_          Ending _10-24-04_

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 11 H | 18 8 | A - Annual leave | _4.25_ hours of compensatory time to be given at straight time. |
| TUESDAY | 12 8S | 19 8 | S - Sick Leave | |
| WEDNESDAY | 13 8 | 20 11.50 | C - Compensatory Leave | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 14 12.25 | 21 12 | H - Holiday | _7.50_ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 15 8 | 22 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 16 OFF | 23 OFF | Off Day - Regular Off Day | _____ hours of overtime pay at 1½ times my regular rate of pay. |
| SUNDAY | 17 OFF | 24 OFF | | |
| TOTAL HOURS | 44.25 | 47.50 | | _____ law enforcement non-overtime regular pay or holiday pay. |
| ACTUAL WORK HOURS | 28.25 | 47.50 | | _____ law enforcement holiday leave. (subtract from total pay hours) |

I am entitled to and elect :

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt classified employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

_Mary Jeter_                                         _10-24-04_
EMPLOYEE SIGNATURE                          Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _91.75_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court_
_sessions & training_
                                                                        _10-24-04_
Appointing Authority  Dept. Head                      Date

APPROVAL:
Per 300      Administrator, County Commission                    Date                    2/2/00

MCC/Jeter
000189



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 hrs 15 min_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Oct 14, 2004_

| Name | (Check One) |
|------|-------------|
| | Pay        Comp Time |

_Mary Jeter_

4.25 hrs @ Reg.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_Wm R Harwell_
Appointing Authority/Department Head

_10/15/04_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000190

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____3½_____ hour(s) overtime for the purpose of _Youth Court_
_phone calls for swearingin_
_ceremony_
Overtime is to be worked on _Oct 20/04_

(Check One)

Pay          Comp Time

_____Name_____            _____        ✓_____
_Mary W Jeter_

3.50 hrs @ 1½ X's
1.75                        _____
5.25                         Signature of Employee

                            YOUTH FACILITY
                               Department
                            _____
                            Signature of Supervisor

                              10·21·04
                                 Date

APPROVED:

_____
Appointing Authority/Department Head

_____
          Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000191

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of *Youth Court*

_____

_____

Overtime is to be worked on *Oct 21, 2004*

|  | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time |
| *Mary W Jeter* |  | ✓ |

4.00 hrs @ 1½ X's

= 6.00 hrs

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

*(signature)*
Signature of Supervisor

10·22·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000192

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter (Juv. Prob. Off. II) , YOUTH FACILITY
      (Employee)        (Classification)              (Department)

Pay Period Beginning __10-25-04__      Ending __11-07-04__

I am a   (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___)   employee.

I am   Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___   employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 25 | 8 | 1  9 | A - Annual leave | |
| TUESDAY | 26 | 8A | 2  8 | S - Sick Leave | |
| WEDNESDAY | 27 | 8S | 3  8 | C - Compensatory Leave | |
| THURSDAY | 28 | 8 | 4  12 | H - Holiday | |
| FRIDAY | 29 | 8 | 5  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 30 | OFF | 6 OFF | Off Day - Regular Off Day | |
| SUNDAY | 31 | OFF | 7 OFF | | |
| TOTAL HOURS | | 40 | 45 | | |
| ACTUAL WORK HOURS | | 24 | 45 | | |

_I am entitled to and elect :_

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_5_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                              _11-07-04_
EMPLOYEE SIGNATURE                                        Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __85__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_ _program_

_Ben R. Howell_ _Dept. Head_                   _11-07-04_
Appointing Authority                           Date

APPROVAL: _____          _____
Per 300    Administrator, County Commission         Date              2/2/00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on __Nov 4, 2004__

(Check One)

Pay                    Comp Time

Name

Comp 4 hrs at - 1½ = 6

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000194

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*   *Juvenile Probation Officer II*   YOUTH FACILITY

(Employee)         (Classification)         (Department)

Pay Period Beginning **11-22-04**          Ending **12-05-04**

I am a   (4 hr ___)   (8 hr **X**)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) **X**   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 22 | 8 | 29  8 | A - Annual leave | |
| TUESDAY | 23 | 8 | 30  8 | S - Sick Leave | |
| WEDNESDAY | 24 | 10 | 1  8S | C - Compensatory Leave | |
| THURSDAY | 25 | H/2 | 2  8C | H - Holiday | |
| FRIDAY | 26 | H/2 | 3  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 27 | 2 | 4  OFF | Off Day - Regular Off Day | |
| SUNDAY | 28 | 2 | 5  OFF | | |
| TOTAL HOURS | | 50 | 40 | | |
| ACTUAL WORK HOURS | | 34 | 24 | | |

*I am entitled to and elect :*

**10** hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

*Mary Jeter*                                    **12-05-04**

EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **90.00** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Home Detention Calls*

*Gary R. Howell*                                    **12-05-04**

Appointing Authority  Dept. Head                                    Date

APPROVAL: _____

Per 300    Administrator, County Commission                    Date                    2/2/00

MCC/Jeter
000198

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *10* _____ hour(s) overtime for the purpose of _____

*Home Detention Calls after hours*

*d Holidays    (2 hrs per day)*

Overtime is to be worked on *Nov. 24-28, 2004*

| | (Check One) |
|---|---|
| Name | Pay    Comp Time |
| *Mary Wyler* | ✓ |
| *10.00 hrs Reg.* | |
| | *Mary Wyler* |
| | Signature of Employee |
| | YOUTH FACILITY |
| | Department |
| | _____ |
| | Signature of Supervisor |
| | _____ |
| | Date |

APPROVED:

*Kim R Howell*
Appointing Authority/Department Head

*12/3/04*
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000199

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_   _Juv. Probation Off. II_   YOUTH FACILITY
    (Employee)         (Classification)            (Department)

Pay Period Beginning __11-08-04__     Ending __11-21-04__

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am  Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 8 | 8A | 15 | 8 | A - Annual leave |
| TUESDAY | 9 | 8A | 16 | 8 | S - Sick Leave |
| WEDNESDAY | 10 | 8A | 17 | 11.25 | C - Compensatory Leave |
| THURSDAY | 11 | H | 18 | 12 | H - Holiday |
| FRIDAY | 12 | 8A | 19 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 13 | OFF | 20 | OFF | Off Day - Regular Off Day |
| SUNDAY | 14 | OFF | 21 | OFF | |
| TOTAL HOURS | | 40 | | 47.25 | |
| ACTUAL WORK HOURS | | 0 | | 47.25 | |

_I am entitled to and elect_ :

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_7.25_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have **actually worked** over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_____   __11-21-04__
          EMPLOYEE SIGNATURE                         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __87.25__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Community Program & Youth Court_

_____   __11-21-04__
Appointing Authority  Dept Head          Date

APPROVAL: _____
Per 300    Administrator, County Commission

_____        _____
                                  Date            2/2/00

MCC/Jeter
000195

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3.25 hrs_ hour(s) overtime for the purpose of _Womens' &_

_Youth Community Involvement_

Overtime is to be worked on ___11/17/04___

| Name | | (Check One) |
| --- | --- | --- |
| | Pay | Comp Time |

_Mary W Jeter_

3.25 @ 1/2 X's
= 4.88 hrs

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000196

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on ___11 / 18 / 04___

| Name | | (Check One) |
|---|---|---|
| | Pay | Comp Time |

_Mary W Jeter_

4.00 hrs @ 1½ X's

= 6.00

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature_
Signature of Supervisor

_11 19 04_
Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000197

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*     *Juvenile Probation Officer II*     YOUTH FACILITY

    (Employee)        (Classification)        (Department)

Pay Period Beginning __11-22-04__     Ending __12-05-04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 22 / 8 | 29 / 8 | A - Annual leave | *I am entitled to and elect:* |
| TUESDAY | 23 / 8 | 30 / 8 | S - Sick Leave | __10__ hours of compensatory time to be given at straight time. |
| WEDNESDAY | 24 / 10 | 1 / 8S | C - Compensatory Leave | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 25 / H/2 | 2 / 8C | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 26 / H/2 | 3 / 8 | O - Other Paid Leave (explain) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 27 / 2 | 4 / OFF | Off Day - Regular Off Day | |
| SUNDAY | 28 / 2 | 5 / OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 50 | 40 | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 34 | 24 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

*Mary Jeter*                                      __12-05-04__
EMPLOYEE SIGNATURE                                 Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __90.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Home Detention Calls*

*Ann R. Powell*                                    __12-05-04__
Appointing Authority  Dept. Head                   Date

APPROVAL: _____
Per 300   Administrator, County Commission              Date                          2/2/00

MCC/Jeter
000198

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *10* _____ hour(s) overtime for the purpose of _____

*Home Detention Calls after hours*

*& Holidays   (2 hrs per day)*

Overtime is to be worked on *Nov. 24-28, 2004*

(Check One)

Pay          Comp Time

Name

*Mary Wilder*

*10.00 hrs Reg.*

*Mary Wilder*
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

*Ben R Howell*
Appointing Authority/Department Head

*12/3/04*
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000199

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*    *Juv. Probation Off. II*  ,  YOUTH FACILITY
       (Employee)         (Classification)              (Department)

Pay Period Beginning  *12-06-04*              Ending  *12-19-04*

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___    employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 6 | 8 | 13 | 8 4 | A - Annual leave |
| TUESDAY | 7 | 8 | 14 | 8 | S - Sick Leave |
| WEDNESDAY | 8 | 8 | 15 | 6.50 1.50 A | C - Compensatory Leave |
| THURSDAY | 9 | 8 | 16 | 9.75 | H - Holiday |
| FRIDAY | 10 | 8 | 17 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 11 | OFF | 18 | OFF | Off Day - Regular Off Day |
| SUNDAY | 12 | OFF | 19 | OFF | |
| TOTAL HOURS | | 40 | | 41.75 | |
| ACTUAL WORK HOURS | | 40 | | 32.25 | |

*I am entitled to and elect* :

*1.75* hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

*Mary Jeter (161)*                                          *12-19-04*
EMPLOYEE SIGNATURE                                      Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty *81.75* actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Teen Court*

*Ann R. Harwell*                                          *12-19-04*
Appointing Authority  Dept. Head                        Date

APPROVAL:
Per 300    Administrator, County Commission              Date                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_1.75_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Dec 16, 2004_

Name

_Mary W Jeter_

Comp   1.75 at Reg

(Check One)

Pay          Comp Time

✓

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000201

## OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter (Juv. Prob. Off II , YOUTH FACILITY

       (Employee)     (Classification)     (Department)

Pay Period Beginning **01-03-05**     Ending **01-16-05**

I am a  (4 hr ___)  (8 hr **X** )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) **X**  Partially-Exempt (PE) ___  employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 3 | 8 | 10 | 8 | A - Annual leave |
| TUESDAY | 4 | 8 | 11 | 8 | S - Sick Leave |
| WEDNESDAY | 5 | 8 | 12 | 8 | C - Compensatory Leave |
| THURSDAY | 6 | 10 | 13 | 8 | H - Holiday |
| FRIDAY | 7 | 8 | 14 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 8 | OFF | 15 | OFF | Off Day - Regular Off Day |
| SUNDAY | 9 | OFF | 16 | OFF | |
| TOTAL HOURS | 42 | | 40 | | |
| ACTUAL WORK HOURS | 42 | | 40 | | |

*I am entitled to and elect :*

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_2_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary W Jeter          01-16-05

EMPLOYEE SIGNATURE          Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _82_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court

Ann R. Howell      Dept. Head          01-16-05

Appointing Authority                      Date

APPROVAL: _____

Per 300    Administrator, County Commission          Date          2/2/00

MCC/Jeter
000202



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth Court_

_____

Overtime is to be worked on _Jan 6, 2005_ .

| Name | (Check One) |
|------|-------------|
| | Pay        Comp Time |

_Mary W Jeter_

Comp 2 hrs at 1½ = 3

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St Not_
Signature of Supervisor

1.6.24
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000203

OVERTIME CERTIFICATION

TO. MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter/Juv. Prob. Off II_, YOUTH FACILITY
(Employee)            (Classification)            (Department)

Pay Period Beginning _1/17/05_            Ending _1/30/05_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 17 H — | 24 | A - Annual leave | 3.25 hours of compensatory time to be given at straight time. |
| TUESDAY | 18 | 25 | S - Sick Leave | ___ hours of overtime pay at my regular rate of pay. |
| WEDNESDAY | 19 | 26 | C - Compensatory Leave | |
| THURSDAY | 20 | 1.25 27 | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 21 | 28 | O - Other Paid Leave (explain ) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 22 OFF | 29 OFF | Off Day - Regular Off Day | ___ law enforcement non-overtime regular pay or holiday pay. |
| SUNDAY | 23 OFF | 30 OFF | | |
| TOTAL HOURS | 43.25 | 40 | | ___ law enforcement holiday leave. (subtract from total pay hours) |
| ACTUAL WORK HOURS | 35.25 | 40 | | |

_I am entitled to and elect_:

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                     _1-30-05_
EMPLOYEE SIGNATURE                               Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _83.25_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Bwn R. Howell_                                     _1 - 30 - 05_
Appointing Authority _Dept. Head_                  Date

APPROVAL: _____              _____
Per 300    Administrator, County Commission         Date                          2/2/00

MCC/Jeter
000204

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3 15min_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Jan 20, 2004_

| Name | (Check One) |
| | Pay        Comp Time |

_Comp 3.25 at Reg_

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000205

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter /Juv. Prob. Off. II , YOUTH FACILITY
      (Employee)       (Classification)      (Department)

Pay Period Beginning _1-31-05_          Ending _2/13/05_

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 31  8 | 7  8 | A - Annual leave | |
| TUESDAY | 1  8 | 8  8 S | S - Sick Leave | |
| WEDNESDAY | 2  11 | 9  8 | C - Compensatory Leave | |
| THURSDAY | 3  11 | 10  8 | H - Holiday | |
| FRIDAY | 4  8 | 11  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 5  OFF | 12  OFF | Off Day - Regular Off Day | |
| SUNDAY | 6  OFF | 13  OFF | | |
| TOTAL HOURS | 40 | 40 | | |
| ACTUAL WORK HOURS | 40 | 32 | | |

*I am entitled to and elect :*

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_6_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.
(subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

_Mary Jeter_                                      _2-13-05_
EMPLOYEE SIGNATURE                                   Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _86_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _teen Court_

_[signature]_  Dept. Head                              _2-13-05_
Appointing Authority                          Date

APPROVAL: _____          _____
Per 300   Administrator, County Commission          Date                         2/2/00

MCC/Jeter
000206



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on _Feb 2, 2005_

_____ (Check One)

Name                                    Pay          Comp Time

_Mary Whittle Jeter_                                    ✓

_Comp 3 hrs at 1½ = 4.50_        _Mary Jeter_
                                        Signature of Employee

                                        YOUTH FACILITY
                                        Department

                                        _Youth_
                                        Signature of Supervisor

                                        _2·4·05_
                                        Date

APPROVED:

_____
  Appointing Authority/Department Head

_____
            Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000207

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _3_ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on _Feb 3, 2005_

| Name | | (Check One) | |
|------|---|-----|-----------|
| *Mary W Jeter* | | Pay | Comp Time |
| | | | ✓ |

*Corp 3 hrs at 1½ = 4.50*

*Mary Jeter*
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

2-4-5
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000208

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter (Juv. Prob. Off. II, YOUTH FACILITY
        (Employee)     (Classification)     (Department)

Pay Period Beginning 02-14-05      Ending 02-27-05

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___ employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 14 | 8 | 21 | H/— | A - Annual leave |
| TUESDAY | 15 | 8 | 22 | 8S | S - Sick Leave |
| WEDNESDAY | 16 | 8 | 23 | 8A | C - Compensatory Leave |
| THURSDAY | 17 | 9.25 | 24 | 8 | H - Holiday |
| FRIDAY | 18 | 8 | 25 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 19 | OFF | 26 | OFF | Off Day - Regular Off Day |
| SUNDAY | 20 | OFF | 27 | OFF | |
| TOTAL HOURS | | 41.25 | | 40 | |
| ACTUAL WORK HOURS | | 41.25 | | 16 | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

1.25 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary Jeter                        2-27-05
    EMPLOYEE SIGNATURE                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 81.25 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court

Henry R. Powell                 2-27-05
Appointing Authority / Dept. Head                 Date

APPROVAL:
Per 300     _____        _____
         Administrator, County Commission          Date            2/2/00

MCC/Jeter
000209

①

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

___1.25___ hour(s) overtime for the purpose of _Juvenile_

_Court_ _____

_____

Overtime is to be worked on _Feb 17 / 05_ .

|  | (Check One) |
| Name | Pay | Comp Time |
| _Mary. W Jeter_ | | ✓ |

Comp   1.25 at 1½ = 1.25
                        .63
                    ——————
                        1.88

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000210

OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter/Juv. Prob. Off II                    , YOUTH FACILITY
          (Employee)          (Classification)          (Department)

Pay Period Beginning 02-28-2005          Ending 03/13/2005

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 28    8 | 7    8 | A - Annual leave | |
| TUESDAY | 1    8 | 8    6.50 / 1.50 S | S - Sick Leave | |
| WEDNESDAY | 2    8 | 9    8 | C - Compensatory Leave | |
| THURSDAY | 3    11.25 | 10    8 | H - Holiday | |
| FRIDAY | 4    8 | 11    8 | O - Other Paid Leave (explain) | |
| SATURDAY | 5    OFF | 12    OFF | Off Day - Regular Off Day | |
| SUNDAY | 6    OFF | 13    OFF | | |
| TOTAL HOURS | 43.25 | 40 | | |
| ACTUAL WORK HOURS | 43.25 | 38.50 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

3.25 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary W. Jeter                                              03-13-05
EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 83.25 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court

[signature]                                                03-13-05
Appointing Authority  Dept. Head                          Date

APPROVAL: _____
Per 300    Administrator, County Commission              Date

                                                                2/2/00

MCC/Jeter
000211

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

*3 hrs 15 min* hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *March 3, 2005 (8:00 - 8:15)*

(Check One)

| Name | | Pay | Comp Time |
|---|---|---|---|
| *Mary W Jeter* | | | ✓ |

*Comp 3.25 at 1½ = 3.25*
*1.62 (½)*
*4.87*

Signature of Employee *Mary W Jeter*

YOUTH FACILITY
Department

Signature of Supervisor

*3-4-05*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000212

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter / Juv. Prob. Off. II_    / YOUTH FACILITY

(Employee)    (Classification)    (Department)

Pay Period Beginning _3/14/05_    Ending _3/27/05_

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___    employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 14  12 | 21  8 | A - Annual leave | |
| TUESDAY | 15  10 | 22  8 5/4 | S - Sick Leave | |
| WEDNESDAY | 16  10 | 23  8 A | C - Compensatory Leave | |
| THURSDAY | 17  9 | 24  8 | H - Holiday | |
| FRIDAY | 18  8 | 25  10 | O - Other Paid Leave (explain ) | |
| SATURDAY | 19  OFF | 26  2 | Off Day - Regular Off Day | |
| SUNDAY | 20  OFF | 27  2 | | |
| TOTAL HOURS | 49 | 46 | | |
| ACTUAL WORK HOURS | 49 | 30 | | |

_I am entitled to and elect_ :

_6_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_9_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W. Jeter_    _3/27/05_
EMPLOYEE SIGNATURE    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _95_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _teen court &_ _(Home Detention Duties)_

_Gary R. Howell_  Dept. Head    _3/27/05_
Appointing Authority    Date

APPROVAL: _____
Per 300    Administrator, County Commission                    Date                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

...ssion is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth_

_Court Home Detention_ _____

Overtime is to be worked on _March 14, 2008/5_ .

| | | (Check One) |
|---|---|---|
| Name _Mary W Jeter_ | Pay | Comp Time ✓ |

_Comp 4 hrs at 1½ = 6_

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_S. W. d..._
Signature of Supervisor

_3·15·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434





## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth_

_Court Special Project / Home Detention_

Overtime is to be worked on ___3/15/05___

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| _Mary Jeter_ | | ✓ |

_Comp 2 hrs at 1½ = 3_

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Signature_
Signature of Supervisor

_3·16·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000215

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _2 hours_ hour(s) overtime for the purpose of _Youth (unit Home Detention (Special project)_

Overtime is to be worked on _March 16, 2005_.

|  | Name | (Check One) |  |
|---|---|---|---|
|  |  | Pay | Comp Time |
|  | _Mary W Jeter_ |  | _✓_ |

Comp 2 hrs at 1½ = 3

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

_3·18·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000216

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _March 17, 2005_

|  | (Check One) |  |
| Name | Pay | Comp Time |
| _Mary W_ |  | ✓ |

Comp 1 hr at 1½ = 1.50

_Mary W_
Signature of Employee

YOUTH FACILITY
Department

_F Hunt_
Signature of Supervisor

3.18.05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000217



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_6_ hour(s) overtime for the purpose of _Home_

_Detention Holiday Coverage_

Overtime is to be worked on _3/25/05 — 3/28/05_

| Name | | (Check One) |
| --- | --- | --- |
| | Pay | Comp Time |
| _Mary W. Rta_ | | ✓ |

Comp 6 hrs at Reg

_Mary Rta_
Signature of Employee

YOUTH FACILITY
Department

_[signature]_
Signature of Supervisor

_3.25.05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000218

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter/Juv. Prob. Off II                    , YOUTH FACILITY
_____
        (Employee)          (Classification)              (Department)

Pay Period Beginning 3-28-05 _____    Ending 4-10-05 _____

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___    Non-exempt (NE) X    Partially Exempt (PE) ___    employee.

| | | 1st WEEK | 2nd WEEK | | *I am entitled to and elect :* |
|---|---|---|---|---|---|
| MONDAY | 28 | 8 | 4 8 | A - Annual leave | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 29 | 11 | 8 Adm | S - Sick Leave | |
| WEDNESDAY | 30 | 10.50 | 8 Adm | C - Compensatory Leave | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 31 | 12 | 8 Adm | H - Holiday | 9.50 hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 1 | 8 | 8 Adm | O - Other Paid Leave (explain ) | _____ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 2 | OFF | 9 OFF | Off Day - Regular Off Day | |
| SUNDAY | 3 | OFF | 10 OFF | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 49.50 | 40 | | |
| ACTUAL WORK HOURS | | 49.50 | 40 | | _____ law enforcement holiday leave. (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

X *REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

X _Mary W Jeter_____        4-10-05_____
        EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 89.50 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) TEEN Court

_____ Dept. Head        4-10-05_____
Appointing Authority                            Date

APPROVAL: _____        _____
Per 300    Administrator, County Commission        Date                    2/2/00

MCC/Jeter
000219



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3_____ hour(s) overtime for the purpose of _Youth Canat_

_____

Overtime is to be worked on _3/29/03_ .

|  | (Check One) |
|---|---|
| Name | Pay    Comp Time |

_Mary W Jeter_                          _3_

_Comp 3 hRs at 1½ = 4.50_    _Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

_3. 31. 03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000220




MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _3/30/05_

| Name | (Check One) |
| --- | --- |
| | Pay          Comp Time |

_Mary W Jeter_

Comp 2.50 at 1½ = 3.75

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Smith_
Signature of Supervisor

_3·31·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000221



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _Youth Court_

_____

Overtime is to be worked on _March 31, 05_ .

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |

Mary W Jeter                                              ✓

Comp 4 hrs at 1½ = 6

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

4-1-05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000222

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter/Juv. Prob. Off. II , YOUTH FACILITY
(Employee)           (Classification)           (Department)

Pay Period Beginning **3-28-05** Ending **4-10-05**

I am a (4 hr ___) (8 hr **X**) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) **X** Partially Exempt (PE) ___ employee.

| | | 1st WEEK | 2nd WEEK | |
|---|---|---|---|---|
| MONDAY | 28 | 8 | 4  8 | A - Annual leave |
| TUESDAY | 29 | 11 | 8 Adm | S - Sick Leave |
| WEDNESDAY | 30 | 10.50 | 8 Adm | C - Compensatory Leave |
| THURSDAY | 31 | 12 | 8 Adm | H - Holiday |
| FRIDAY | 1 | 8 | 8 Adm | O - Other Paid Leave (explain ) |
| SATURDAY | 2 | OFF | 9 OFF | Off Day - Regular Off Day |
| SUNDAY | 3 | OFF | 10 OFF | |
| TOTAL HOURS | | 49.50 | 40 | |
| ACTUAL WORK HOURS | | 49.50 | 40 | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

**9.50** hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**X** _REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W Jeter_                                                    **4-10-05**
EMPLOYEE SIGNATURE                                                Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **89.50** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _TEEN COURT_

_Beverly Head_                                        **4-10-05**
Appointing Authority, Head                            Date

APPROVAL: _____
Per 300    Administrator, County Commission                         Date                          2/1/00

MCC/Jeter
000219



### MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *3* _____ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *3/29/03*

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| *Mary W Jeter* | | *3* |

*Corp 3 hrs at 1½ = 4⁵⁰*

*Mary W Jeter*
Signature of Employee

**YOUTH FACILITY**
Department

*Ruth*
Signature of Supervisor

*3.31.03*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000220




MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _3/30/05_

|  | (Check One) |  |
| Name | Pay | Comp Time |

_Mary W Jeter_ ✓

Comp 2.50 at 1½ = 3.75

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Smith_
Signature of Supervisor

_3·31·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000221



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _March 31, 05_

Comp 4 hrs at 1½ = 6

|                       Name | (Check One) |
| --- | --- |
|  | Pay ____   Comp Time ✓ |

_Mary W Jeter_

_Marilyn Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Jeter_
Signature of Supervisor

_4-1-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000222

TO:   MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter Juv. Prob. Off. II                    , YOUTH FACILITY
          (Employee)           (Classification)              (Department)

Pay Period Beginning 4-11-05                    Ending 4-24-05

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 11 | 8C | (18) 11.50 | A – Annual leave | |
| TUESDAY | 12 | 8 | (19) 10.50 | S – Sick Leave | |
| WEDNESDAY | 13 | 8 | (20) 10 | C – Compensatory Leave | |
| THURSDAY | 14 | 8 | (21) 8 | H – Holiday | |
| FRIDAY | 15 | 8 | (22) 8 | O – Other Paid Leave (explain ) | |
| SATURDAY | 16 | OFF | (23) OFF | Off Day – Regular Off Day | |
| SUNDAY | 17 | OFF | (24) OFF | | |
| TOTAL HOURS | | 40 | 48 | | |
| ACTUAL WORK HOURS | | 32 | 48 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

8 hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary Jeter                                                     4-24-05
      EMPLOYEE SIGNATURE                                      Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 88 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court Duties

Ben Ricketoff. Head                                          4-24-05
                                                 Date

APPROVAL: _____
Per 300    Administrator, County Commission              Date              2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _April 18, 2005_

| Name | (Check One) |  |
|------|-------------|--|
|      | Pay | Comp Time |

_Mary W Jeter_

Pay 3.50 hrs at 1½

_Mary W Jeter_
Signature of Employee

__YOUTH FACILITY__
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_Bм R Howell_
Appointing Authority/Department Head

_4/20/05_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000224





MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _April 19, 2005_.

| <u>Name</u> | (Check One) |
| | <u>Pay</u>   <u>Comp Time</u> |

_Mary W Jeter_        ✓

Pay 2.50 at 1½

_Mary W Jeter_
Signature of Employee

<u>YOUTH FACILITY</u>
Department

Signature of Supervisor

Date

APPROVED:

_Bun R Howell_
Appointing Authority/Department Head

_4/20/05_
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000225



(2)

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of *Youth Court*

_____

Overtime is to be worked on *April 20, 2005*

|  | (Check One) |
|---|---|
| Name | Pay    Comp Time |

*Mary W Jeter*

Pay 2 hrs at 1½

*Mary W Jeter*
Signature of Employee

__YOUTH FACILITY__
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

*Bruce R Harwell*
Appointing Authority/Department Head

*4/20/05*
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000226

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter / Juv. Prob Off II, Youth Facility

      (Employee)     (Classification)     (Department)

Pay Period Beginning  4-25-05      Ending  5-8-05

I am a  (4 hr ___)  (8 hr X)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 25 | H/— | 2 / 8 | A - Annual leave |
| TUESDAY | 26 | 10 | 3 / 8S | S - Sick Leave |
| WEDNESDAY | 27 | 8 | 4 / 8S | C - Compensatory Leave |
| THURSDAY | 28 | 12.50 | 5 / 8 | H - Holiday |
| FRIDAY | 29 | 8 — | 6 / 8 — | O - Other Paid Leave (explain) |
| SATURDAY | 30 | OFF | 7 / OFF | Off Day - Regular Off Day |
| SUNDAY | 1 | OFF | 8 / OFF | |
| TOTAL HOURS | | 46.50 | 40 | |
| ACTUAL WORK HOURS | | 38.50 | 24 | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

6.50 hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

Mary Jeter                                              5-8-05

/EMPLOYEE SIGNATURE                                     Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  86.50  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court Duties

Hru R. Howell                                           5-8-05

Appointing Authority                                    Date

APPROVAL: _____

Per 300     Administrator, County Commission          Date                          2/2/00

MCC/Jeter
000227



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____2_____ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on ~~Monday~~ Tuesday 4/26/05

| Name | (Check One) | |
| --- | --- | --- |
| | Pay | Comp Time |

Mary W Jeter    ✓

Pay 2 hRs at Reg

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

4.27.0
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000228

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 1/2_ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on ___4/28/05___

Pay 4.50 at Reg

Name
_Mary W Jeter_

(Check One)

Pay          Comp Time

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_4,29,05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000229

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: MARy Jeter / Juv. Prob. Off II , YOUTH FACILITY
_____(Employee)_____(Classification)_____  (Department)

Pay Period Beginning  06-06-05          Ending  06-19-05

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 6  H / 8 | 13  8 | A - Annual leave | |
| TUESDAY | 7  / 8 | 14  8 | S - Sick Leave | |
| WEDNESDAY | 8  8 | 15  8 | C - Compensatory Leave | |
| THURSDAY | 9  8 | 16  8 | H - Holiday | |
| FRIDAY | 10  -10- | 17  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 11  2 | 18  OFF | Off Day - Regular Off Day | |
| SUNDAY | 12  2 | 19  OFF | | |
| TOTAL HOURS | 54 | 40 | | |
| ACTUAL WORK HOURS | 46 | 40 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

8 hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

6 hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary W. Jeter                                              6-19-05
_____EMPLOYEE SIGNATURE_____  _____Date_____

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ____86____ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Weekend + Holiday _none detention Duties_                      6-19-05

_____  Dept. Head                          _____
Appointing Authority                                              Date

APPROVAL:
Per 300  _____  _____  2/2/00
         Administrator, County Commission        Date

MCC/Jeter
000230

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8_ hour(s) overtime for the purpose of _Holiday_

_Renu detention_

Overtime is to be worked on _June 6, 2005_ .

| Name | (Check One) |
|------|-------------|
| _Mary W Jeter_ | Pay ___ Comp Time |

Pay 8 hrs at Reg

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Stand D_
Signature of Supervisor

_6.7.05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000231

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_6_ hour(s) overtime for the purpose of _Home_
_Detention   Fri 2 hrs  Sat 2 hrs Sun thrs_
_(2 hrs each day)_
Overtime is to be worked on _Weekend, 10 – 12_

|  | (Check One) | |
| Name | Pay | Comp Time |

Pay 6 hrs at 1½

_Marilyn Jeter_
Signature of Employee

YOUTH FACILITY
Department

| 10th | 11th | 12th |
| 2 | 2 | 2 |

Signature of Supervisor

6·13·05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:   In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000232

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_   _Juv. Probation Officer II_   YOUTH FACILITY
         (Employee)          (Classification)              (Department)

Pay Period Beginning __07-19-04__        Ending __08-01-04__

I am a   (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | _I am entitled to and elect_ : |
|---|---|---|---|---|---|
| MONDAY | 19 | 8A | 26 11.75 | A - Annual leave | ___ hours of compensatory time to be given straight time. |
| TUESDAY | 20 | 8A | 27 8 | S - Sick Leave | |
| WEDNESDAY | 21 | 8A | 28 8 | C - Compensatory Leave | ___ hours of overtime pay at my regular ra pay. |
| THURSDAY | 22 | 8A | 29 8 | H - Holiday | _3.75_ hours of compensatory time at 1½ time number of hours. |
| FRIDAY | 23 | 8 A/S | 30 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 24 | OFF | 31 OFF | Off Day - Regular Off Day | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SUNDAY | 25 | OFF | 1 OFF | | ___ law enforcement non-overtime regular p or holiday pay. |
| TOTAL HOURS | | 40 | 43.75 | | |
| ACTUAL WORK HOURS | | 0 | 43.75 | | ___ law enforcement holiday leave. (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pa period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of h shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt emplo in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisi of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of le

_Original to OP Attached_                          __08-01-04__
EMPLOYEE SIGNATURE                                      Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the ab named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty __83.75__ actual work hours and is entit to overtime compensation. This overtime was required for the following reason(s) _Youth Court_ _+ Family Guidance Program_
__08-01-04__

_Ann R. Howell_   Dept. Head                          Date
Appointing Authority

APPROVAL:
Per 300    Administrator, County Commission                Date                    2/2

MCC/Jeter
000233

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3, 75_ hour(s) overtime for the purpose of _Family_

_Guidance — / Youth Camd_

Overtime is to be worked on _July 26, 2004_.

| Name | (Check One) | |
| | Pay | Comp Time |
| _Mary Jeter_ | | _✓_ |

_Comp 3.75 at 1½ = 3.75_

_1.88 (½)_

_5.63_

_____
Signature of Employee

**YOUTH FACILITY**
Department

_Smith_
Signature of Supervisor

_7.30.04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _MARy Jeter (Juv. Prob. Off II_ / YOUTH FACILITY
　　　　　(Employee)　　　　(Classification)　　　　　(Department)

Pay Period Beginning _Sept. 12_　　Ending _Sept. 25, 2005_

I am a　(4 hr ___)　(8 hr _X_)　(10 hr ___)　(11.5 hr ___)　(other ___)　employee.

I am　Exempt (E) ___　Non-exempt (NE) _X_　Partially Exempt (PE) ___　employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 12 | 8 | 19 | 8 | A - Annual leave |
| TUESDAY | 13 | 8 | 20 | 8 | S - Sick Leave |
| WEDNESDAY | 14 | 8 | 21 | 8 | C - Compensatory Leave |
| THURSDAY | 15 | 8 | 22 | 11.50 | H - Holiday |
| FRIDAY | 16 | 8 | 23 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 17 | OFF | 24 | 2 | Off Day - Regular Off Day |
| SUNDAY | 18 | OFF | 25 | 2 | |
| TOTAL HOURS | | 40 | | 47.50 | |
| ACTUAL WORK HOURS | | 40 | | 47.50 | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_7.50_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

X _Mary W Jeter_　　　　　　　　　　　　　　　　_9-25-05_
　EMPLOYEE SIGNATURE　　　　　　　　　　　　　　Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _8 7.50_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court Tasks_

_Betty R. Howell_ _Dept. Head_　　　　　　_9-25-05_
Appointing Authority　　　　　　　　Date

APPROVAL: _____

Per 300　　Administrator, County Commission　　　　　Date　　　　　2/2/00

MCC/Jeter
000235

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____ 3½ _____ hour(s) overtime for the purpose of _Youth_ _Court_ _____

Overtime is to be worked on _Sept 22/05_

| Name | | | (Check One) |
|---|---|---|---|
| | | Pay | Comp Time |

Marilyn Jeter

Comp 3.50 hrs at 1½ = 5.25

_Marilyn Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_Ben R. Howell_
Appointing Authority/Department Head

_9/23/05_
Date

NOTE:   In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000236



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _4_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _24 + 25 g Sept_
_2 hours Each day_

| Name | (Check One) |  |
| --- | --- | --- |
|  | Pay | Comp Time |

_Comp 4 hrs at 1½ = 6_

_24_  _25_
_3_    _3_

Mary W Jeter
Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

Date

APPROVED:

Appointing Authority/Department Head

9/28/04
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000237

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _MARy Jeter/Juv. Prob. Off._ , _Youth Facility_
　　　　　(Employee)　　　　　(Classification)　　　　(Department)

Pay Period Beginning _Sept. 26_　　　Ending _Oct. 9, 2005_

I am a　(4 hr ___)　(8 hr _X_)　(10 hr ___)　(11.5 hr ___)　(other ___)　employee.

I am　　Exempt (E) ___　Non-exempt (NE) _X_　Partially Exempt (PE) ___　employee.

| | 1st WEEK | 2nd WEEK | |
|---|---|---|---|
| MONDAY | 26　12 | 3　12 | A - Annual leave |
| TUESDAY | 27　11 | 4　9.50 | S - Sick Leave |
| WEDNESDAY | 28　10 | 5　8 | C - Compensatory Leave |
| THURSDAY | 29　8 | 6　12 | H - Holiday |
| FRIDAY | 30　8 | 7　8 | O - Other Paid Leave (explain ) |
| SATURDAY | 1　OFF | 8　OFF | Off Day - Regular Off Day |
| SUNDAY | 2　OFF | 9　OFF | |
| TOTAL HOURS | 49 | 49.50 | |
| ACTUAL WORK HOURS | 49 | 49.50 | |

_I am entitled to and elect_ :

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_8.50_ hours of compensatory time at 1½ times the number of hours.

_10_ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to a Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS_: Indicate number of hours worked. _LEAVE WITH PAY DAYS_: Indicate number of hours and type of leave.

_Mary Worth_　　　　　　　　　　　　　　　　_Oct. 9, 2005_
EMPLOYEE SIGNATURE　　　　　　　　　　　　　　　Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _78.50_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _TEEN Court_

_[signature]_ _Dept Head_　　　　　　_Oct 9, 2005_
Appointing Authority　Dept Head　　　　Date

APPROVAL:
Per 300　　Administrator, County Commission　　　　　　Date　　　　　　2/2/00

MCC/Jeter
000238



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on _Sept 26, 2005_

| Name | (Check One) |
| | Pay        Comp Time |

*Mary W Jeter*

Pay 4 hRs at 1½

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

9.27.05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000239

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *Sept 27, 2005*

|                | Name        | (Check One) |           |
|----------------|-------------|-------------|-----------|
|                |             | Pay         | Comp Time |

*Mary W Jeter*

*Comp 3 hrs at 1½ = 4.50*

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

*Stewart*
Signature of Supervisor

*9·28·05*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000240

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Sept 28, 2005_

| | | (Check One) |
| Name | Pay | Comp Time |

_Mary W Jeter_

Pay 2 hrs at 1½

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9.29.05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000241

6-10



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 hrs_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Oct. 3, 2005_

| Name | (Check One) |
|------|-------------|
|      | Pay / Comp Time |

_Mary W Jeter_

Pay 4 hrs at 1½

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

10. 4. 05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000242



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_1½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Oct 4, 2005_

(Check One)

| Name | | Pay | Comp·Time |
|------|--|-----|-----------|
| _Mary W Jeter_ | | | ✓ |

Comp 1.50 at 1½ = 1.50
                      .75
                      2.25

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_[signature]_
Signature of Supervisor

_10·5·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000243



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *Oct 5, 2005*

6

Name *Mary W Jeter*

(Check One)
Pay          Comp Time

*Comp 4 hRs at 1½ = 6*

*Mary W Jeter*
Signature of Employee

__YOUTH FACILITY__
Department

Signature of Supervisor

*10·5·05*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000244

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter Juv. Prob. Off. II , YOUTH FACILITY
         (Employee)          (Classification)              (Department)

Pay Period Beginning Oct. 10, 2005          Ending Oct. 23, 2005

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   . Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | |
|---|---|---|---|---|
| MONDAY | 10 | 11 — | 17 8 | A - Annual leave |
| TUESDAY | 11 | 7.50 .50 S | 18 7.50 .50 S | S - Sick Leave |
| WEDNESDAY | 12 | 8 S | 19 8 | C - Compensatory Leave |
| THURSDAY | 13 | 12.50 | 20 12.25 | H - Holiday |
| FRIDAY | 14 | 8 | 21 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 15 | OFF | 22 4 | Off Day - Regular Off Day |
| SUNDAY | 16 | OFF | 23 6 | |
| TOTAL HOURS | | 44.50 | 54.25 | |
| ACTUAL WORK HOURS | | 28 | 53.75 | |

I am entitled to and elect:

5 hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

13.75 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Mary W. Jeter                                          10-23-05
  EMPLOYEE SIGNATURE                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 98.75 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court PROJECTS, TEEN COURT ATTENDANCE

Betty R. Howell   Dept. Head                   Date   10-23-05
Appointing Authority

APPROVAL: _____
Per 300      Administrator, County Commission              Date                    2/2/00

MCC/Jeter
000245



# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL



~~Permission~~ is hereby requested that the following employee be permitted to work

_4½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Oct 13, 2005_ .

<table>
<tr><td>Name</td><td>(Check One)</td></tr>
</table>

Name: _Mary W Jeter_

_Comp 4.50 at Reg_

(Check One)

Pay _____    Comp Time _✓_

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Stink_
Signature of Supervisor

_10·14·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000246



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4.25_____ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on _10-20-05_

|  | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Jeter_ | | ✓ |

Comp .50 at Reg = .50      _Mary W. Jeter (bc)_
                            Signature of Employee

Comp 3.75 at 1½ = 5.62     YOUTH FACILITY
                            Department
              6.12         _Betty Ingram for_
                            Signature of Supervisor
                            _Steve Wooten_
                            _10/21/05_
                            Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000247




## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_10 hrs_____ hour(s) overtime for the purpose of _Youth Court_

_Project / Programs / Calls / Swearing In_

_Ceremony - Sat 4hrs Sunday 6hrs_

Overtime is to be worked on _October 22 + 23_____.

| Name | | (Check One) |
| :---: | :---: | :---: |
| | Pay | Comp Time |

_Mary W Jeter_____                  _____   ____✓____

_omp 10 hrs at 1½ = 15_

                                        _Mary W Jeter_
                                        Signature of Employee

_22nd_      _23_
  _6_        _9_

                                        __YOUTH FACILITY__
                                        Department

                                        _____
                                        Signature of Supervisor

                                        _____
                                        Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000248

## OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_  _Juv Probation Off. II_, YOUTH FACILITY
        (Employee)        (Classification)              (Department)

Pay Period Beginning _Nov. 7, 05_          Ending _Nov. 20, 2005_

I am a  (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | | 2ND WEEK | | |
|---|---|---|---|---|---|---|
| MONDAY | 7 | 8 | 14 | 8¾ | A - Annual leave | |
| TUESDAY | 8 | 8 | 15 | 12 | S - Sick Leave | |
| WEDNESDAY | 9 | 8 | 16 | 10 | C - Compensatory Leave | |
| THURSDAY | 10 | 8 | 17 | 12 | H - Holiday | |
| FRIDAY | 11 | 4 | 18 | 8C | O - Other Paid Leave (explain) | |
| SATURDAY | 12 | OFF | 19 | OFF | Off Day - Regular Off Day | |
| SUNDAY | 13 | OFF | 20 | OFF | | |
| TOTAL HOURS | | 40 | | 50 | | |
| ACTUAL WORK HOURS | | 32 | | 34 | | |

_I am entitled to and elect_:

_10_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS_: Indicate number of hours worked. _LEAVE WITH PAY DAYS_: Indicate number of hours and type of leave

_Mary (1) Jeter (61)_                            _11-20-05_
EMPLOYEE SIGNATURE                                 Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _90.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court_

_Ann R. Harrell_  Dept. Head                    _11-20-05_
Appointing Authority                               Date

APPROVAL: _____           _____    30
          Administrator, County Commission           Date
Per 300                                                      MCC/Jeter
                                                             000249

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____Youth_____

_____Court_____

_____

Overtime is to be worked on _____Nov. 15, 2005_____

|  | (Check One) |
| --- | --- |
| Name | Pay    Comp Time |

*Mary W Jeter*

4.00 hrs Reg

_____*Mary W Jeter*_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

11-16-05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000250

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_____2_____ hour(s) overtime for the purpose of _Youth Court_

_____

Overtime is to be worked on _Nov 16, 2005_ .

|  | (Check One) |
| Name | Pay | Comp Time |

2.00 hrs Reg

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_11-16-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000251

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Nov 17, 2005_.

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| _Mary W Jeter_ | | ✓ |

4.00 hrs Reg

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Smith_
Signature of Supervisor

_11-16-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000252

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM *Mary W. Jeter*  *Juv. Probation Off. II* , YOUTH FACILITY
        (Employee)          (Classification)          (Department)

Pay Period Beginning  12/05/08           Ending  12/18/05

I am a  (4 hr ___)   (8 hr. X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 5 7.25/.75C | 12 8 | A - Annual leave | |
| TUESDAY | 6 8 A | 13 8 | S - Sick Leave | |
| WEDNESDAY | 7 8 A | 14 8 | C - Compensatory Leave | |
| THURSDAY | 8 12.75 | 15 11.50 | H - Holiday | |
| FRIDAY | 9 8 | 16 8 | O - Other Paid Leave (explain) | |
| SATURDAY | 10 OFF | 17 OFF | Off Day - Regular Off Day | |
| SUNDAY | 11 OFF | 18 OFF | | |
| TOTAL HOURS | 44.75 | 43.50 | | |
| ACTUAL WORK HOURS | 28 | 43.50 | | |

*I am entitled to and elect :*

4.75 hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

3.50 hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked.  LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

*Mary W. Jeter*                                                    12-18-05
EMPLOYEE SIGNATURE                                           Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 88.25 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Youth Court*

*Anne R. Howell*  *Dept. Head*                          12-18-05
Appointing Authority                                          Date

APPROVAL: _____
Per 300      Administrator, County Commission                    Date

                                                            MCC/Jeter
                                                            000253

2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _4 hrs_

~~4 hrs~~ _45 min_ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on _Dec. 8, 2005_.

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Jeter_ |  | ✓ |

_4.75 hrs Reg_
_Comp_

_Mary M. Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_12·9·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000254

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3.50_ hour(s) overtime for the purpose of _Youth_
_Court_

Overtime is to be worked on _12-15-05_

<u>Name</u> _Mary W. Jeter_

(Check One)

Pay     <u>Comp Time</u>

3.50 hrs @ 1 1/2 X's
= 5.25 hrs

Signature of Employee

<u>YOUTH FACILITY</u>
Department

Signature of Supervisor

_12-16-05_
Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000255

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_   _Juv. Probation Off. II_,  YOUTH FACILITY
           (Employee)              (Classification)              (Department)

Pay Period Beginning ___12-19-05___     Ending ___01-01-06___

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 19 | 8A | 26 H/2 | A - Annual leave |
| TUESDAY | 20 | 8 | 27 8P | S - Sick Leave |
| WEDNESDAY | 21 | 8 | 28 8C | C - Compensatory Leave |
| THURSDAY | 22 | 8 | 29 8C | H - Holiday |
| FRIDAY | 23 | 10 | 30 8C | O - Other Paid Leave (explain ) |
| SATURDAY | 24 | 2 | 31 OFF | Off Day - Regular Off Day |
| SUNDAY | 25 | 2 | 1 OFF | |
| TOTAL HOURS | | 46 | 42 | |
| ACTUAL WORK HOURS | | 38 | 2 | |

_I am entitled to and elect :_

__8__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4 1.

REGULAR WORK DAYS: Indicate number of hours worked    LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

X _Mary Jeter_                                                 __01-01-06__
   EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Home Detention_ _Contacts + Calls_

_Ann R. Harwell_   Dept. Head                                  __01-01-06__
Appointing Authority                                          Date

APPROVAL: _____
Per 300      Administrator, County Commission          Date

MCC/Jeter
000256

2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _Home_

_Detention_

Overtime is to be worked on _23rd — 12-26-05_

_2 hrs each day_

| Name | | | | | (Check One) | |
|---|---|---|---|---|---|---|
| | | | | | Pay | Comp Time |

Mary W Jeter

| Week 1 | | | Week 2 | |
|---|---|---|---|---|
| 23rd | 24th | 25th | 26th |
| 2.00 hrs | 2.00 hrs | 2.00 hrs | 2.00 hrs |
| Reg | Reg | Reg | Reg |

Comp Time ✓

Mary W Jeter
Signature of Employee

YOUTH FACILITY
Department

S. Smith
Signature of Supervisor

12-23-05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000257

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter Juv. Prob. Off. II , YOUTH FACILITY
         (Employee)          (Classification)          (Department)

Pay Period Beginning  01/02/06          Ending  01/15/06

I am a (4 hr ___) (8 hr X ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) X  Partially Exempt (PE) ___ employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 2 | H/ — | 9  8 | A - Annual leave | |
| TUESDAY | 3 | 8 | 10  8 | S - Sick Leave | |
| WEDNESDAY | 4 | 10 | 11  8 | C - Compensatory Leave | |
| THURSDAY | 5 | 11 | 12  8 | H - Holiday | |
| FRIDAY | 6 | 8 | 13  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 7 | OFF | 14  OFF | Off Day - Regular Off Day | |
| SUNDAY | 8 | OFF | 15  OFF | | |
| TOTAL HOURS | | 45 | 40 | | |
| ACTUAL WORK HOURS | | 37 | 40 | | |

*I am entitled to and elect :*

__5__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Mary W. Jeter                                    01-15-06
EMPLOYEE SIGNATURE                          Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __85__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen court responsibilities

_____                          01-15-06
Appointing Authority  Dept Head                Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date          7/2/00

MCC/Jeter
000258

①

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _2_ hour(s) overtime for the purpose of _Youth Court telephone Calls_

Overtime is to be worked on _Jan 4, 2005_

| | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time ✓ |
| _MarylN Jeter_ | | ✓ |

Comp 2 hrs at Reg

_Signature of Employee_

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:

Appointing Authority/Department Head

Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000259

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3_____ hour(s) overtime for the purpose of _Youth Court_

_Wanted with Kids for parent return_

_to one child home;_

Overtime is to be worked on _Jan 5, 2005_____

|  | | (Check One) |
| --- | --- | --- |
| Name | Pay | Comp Time |
| _Mary Jeter_ | | ✓ |

_Comp 3 hRs at Comp Reg_

_Signature of Employee_

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000260

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter Juv. Prob. Off.    YOUTH FACILITY
         (Employee)        (Classification)         (Department)

Pay Period Beginning  01/16/06        Ending  01/29/06

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 16 | H— | 23 | 8 | A - Annual leave |
| TUESDAY | 17 | 8.5 | 24 | 8 | S - Sick Leave |
| WEDNESDAY | 18 | 4.5 | 25 | 8 | C - Compensatory Leave |
| THURSDAY | 19 | 12.50 | 26 | 8 | H - Holiday |
| FRIDAY | 20 | 8 | 27 | 8 | O – Other Paid Leave (explain ) |
| SATURDAY | 21 | OFF | 28 | OFF | Off Day - Regular Off Day |
| SUNDAY | 22 | OFF | 29 | OFF | |
| TOTAL HOURS | | 44.50 | | 40 | |
| ACTUAL WORK HOURS | | 84.50 | | 40 | |

*I am entitled to and elect :*

4.50 hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

_Mary Jeter_ 01-29-06
EMPLOYEE SIGNATURE                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  84.50  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)  Teen Court

_Ann R. Howell_ Department Head     01-29-06
Appointing Authority                        Date

APPROVAL: _____    _____
Per 300      Administrator, County Commission                    Date              2/2/00

MCC/Jeter
000261

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_4 ½_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _January 19, 2006_.

| Name | (Check One) |
|------|-------------|
| _Mary W Jeter_ | Pay    Comp Time |

Comp 4.50 at Reg

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

1-20-06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000262

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_   _Youth Counselor I_   YOUTH FACILITY
        (Employee)              (Classification)        (Department)

Pay Period Beginning _05/27/02_        Ending _6/09/02_

I am a  (4 hr ___)  (8 hr _X_ )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _✗_   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 27 H | 3 H | A - Annual leave | |
| TUESDAY | 28 OFF | 4 OFF | S - Sick Leave | |
| WEDNESDAY | 29 8 | 5 8A | C - Compensatory Leave | |
| THURSDAY | 30 8 | 6 8 | H - Holiday | |
| FRIDAY | 31 8 | 7 8 | O - Other Paid Leave (explain) | |
| SATURDAY | 1 8 | 8 8 | Off Day - Regular Off Day | |
| SUNDAY | 2 8 | 9 8 | | |
| TOTAL HOURS | 48 | 48 | | |
| ACTUAL WORK HOURS | 40 | 32 | | |

_I am entitled to and elect_ :

_16_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS_: Indicate number of hours worked. _LEAVE WITH PAY DAYS_: Indicate number of hours and type of leave.

_Phoenix Martin (b)_                                          _6-7-02_
        EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _96.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holidays)_

_Erin R. Howell_   Dept. Head                          _6-7-02_
Appointing Authority                          Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date          2/2/00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_holiday falls on my regular off day_

Overtime is to be worked on _5·27·02_ .

|  | (Check One) |  |
| --- | --- | --- |
| Name | Pay | Comp Time |
| PHOENIX MARTIN | _____ | ✓ |

8.00 hrs Regular

_Phoenix R Maclin_
Signature of Employee

YOUTH FACILITY
Department

_Stewart_
Signature of Supervisor

_5·2?·02_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

*holiday falls on my regular off day*

Overtime is to be worked on ___6·3-02___.

(Check One)

Name                          Pay        Comp Time

*Phoenix Martin*                          ✓

8.00 hrs Regular

*Phoenix Martin*
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

5·20·02
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin, Youth Counselor I, YOUTH FACILITY

(Employee)        (Classification)        (Department)

Pay Period Beginning _7-8-02_        Ending _7-21-02_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|
| MONDAY | 8 OFF | 15 OFF | A - Annual leave |
| TUESDAY | 9 8 | 16 OFF | S - Sick Leave |
| WEDNESDAY | 10 8 | 17 8 | C - Compensatory Leave |
| THURSDAY | 11 8 | 18 4/4S | H - Holiday |
| FRIDAY | 12 8 | 19 8 | O - Other Paid Leave (explain) |
| SATURDAY | 13 8 | 20 8 | Off Day - Regular Off Day |
| SUNDAY | 14 8 | 21 8 | |
| TOTAL HOURS | 48 | 40 | |
| ACTUAL WORK HOURS | 48 | 36 | |

_I am entitled to and elect_:

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_8_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_____     _7-21-02_

EMPLOYEE SIGNATURE        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _attended Conference_

_____     _7-21-02_

Appointing Authority: Dept. Head        Date

APPROVAL: _____

Per 300        Administrator, County Commission        Date        2/2/00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _attending the_

_Conference at JSU on my off day_

_____.

Overtime is to be worked on ___7.9.02___.

| | | (Check One) | |
|---|---|---|---|
| **Name** | | Pay | **Comp Time** |
| _Phoenix Marlin_ | | | ✓ |

_Orp_ 8 hrs at 1½ = 12

_Phoenix R Marlin_
Signature of Employee

__YOUTH FACILITY__
Department

_signature_
Signature of Supervisor

_7.10.02_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: *Phoenix Martin*   *Youth Counselor I*,   YOUTH FACILITY
          (Employee)              (Classification)              (Department)

Pay Period Beginning  __9-30-02__          Ending  __10-13-02__

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | (30) 8 | 7 OFF | A - Annual leave | *I am entitled to and elect :* |
| TUESDAY | 1 OFF | 8 8 | S - Sick Leave | ____ hours of compensatory time to be given at straight time. |
| WEDNESDAY | 2 8 | 9 8 | C - Compensatory Leave | ____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 3 8 | 10 8 | H - Holiday | ____ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 4 8 | 11 8 | O - Other Paid Leave (explain ) | _16_ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 5 8 | 12 8 | Off Day - Regular Off Day | |
| SUNDAY | 6 8 | 13 8 | | ____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 48 | 48 | | ____ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 48 | 48 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_Phoenix Martin_                                                __10-11-02__
     EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __96__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _TEACH TRAINING_ _COURSE ON OFF DAY_

_Bennie R. Howell_ Dept. Head                            __10-11-02__
Appointing Authority                                           Date

APPROVAL:  _____        _____
Per 300        Administrator, County Commission                   Date                        2/2/00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of_____

_Training at McInlyre School_

Overtime is to be worked on _____9·30·02_____.

|  | (Check One) |
|---|---|
| **Name** | **Pay**  **Comp Time** |

PHOENIX MARTIN

_Pay 8 hrs at 1½_

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9·30·02
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

*Teaching the Conflict Resolution Class at*
*McIntyre Middle school on my off day*

Overtime is to be worked on _____ Oct. 8, 2002 _____

|  | (Check One) | |
|---|---|---|
|  | Pay | Comp Time |
| Name | | |
| PHOENIX MARTIN | ✓ | |

*Pay 8 hrs at 1½*

*Phoenix Martin*
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

10-9-02
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_ _Youth Counselor I_, YOUTH FACILITY
      (Employee)    (Classification)        (Department)

Pay Period Beginning __11-11-02__    Ending __11-24-02__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 11  H— | 18  OFF | A - Annual leave | |
| TUESDAY | 12  8 | 19  8 | S - Sick Leave | |
| WEDNESDAY | 13  8 | 20  8 | C - Compensatory Leave | |
| THURSDAY | 14  8 | 21  8 | H - Holiday | |
| FRIDAY | 15  8 | 22  8 | O - Other Paid Leave (explain) | |
| SATURDAY | 16  8 | 23  8 | Off Day - Regular Off Day | |
| SUNDAY | 17  8 | 24  8 | | |
| TOTAL HOURS | 56 | 48 | | |
| ACTUAL WORK HOURS | 48 | 48 | | |

_I am entitled to and elect:_

__8__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

__16__ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_ (3x)          __11-24-02__
EMPLOYEE SIGNATURE          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __104__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holiday Credit + Work or policy manual_

_Bruce R. Howell_    Dept. Head          __11-24-02__
Appointing Authority           Date

APPROVAL: _____        _____
Per 300    Administrator, County Commission        Date        20/00

DEFENDANT'S EXHIBIT C



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

_holiday falls on my off day_____

_____

Overtime is to be worked on ___11·11·02___.

|  | | (Check One) |
|---|---|---|
| Name | Pay | Comp Time |
| Phoenix Martin | | ✓ |

*Comp 8 hrs at Reg*

_Phoenix Martin_
Signature of Employee

__YOUTH FACILITY__
Department

_____
Signature of Supervisor

___11·7·02___
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Writing new policy + proceedure manual_

_for DYS compliance_

Overtime is to be worked on ___11·12·02_____.

|  | (Check One) |
|---|---|
| **Name** | **Pay**    **Comp Time** |
| _Phoenix Marlin_ | ✓  _____ |

_Pay 8 hrs at 1½_

_Phoenix Marlin_
Signature of Employee

**YOUTH FACILITY**
Department

_57 work_
Signature of Supervisor

_11·7·02_
Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_working on new policy + procedure_

_manual_____

Overtime is to be worked on ___11·19·02_____.

<table>
<tr><td></td><td>(Check One)</td><td></td></tr>
<tr><td><u>Name</u></td><td><u>Pay</u></td><td><u>Comp Time</u></td></tr>
<tr><td>Phoenix Martin</td><td>✓</td><td></td></tr>
</table>

*Pay 8 hrs at 1½*

Phoenix Martin
Signature of Employee

<u>YOUTH FACILITY</u>
Department

*(signature)*
Signature of Supervisor

11·15·02
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_ _Youth Counselor I_ , YOUTH FACILITY
          (Employee)          (Classification)                    (Department)

Pay Period Beginning __02-17-03__          Ending __03-02-03__

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am     Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | | |
|---|---|---|---|---|---|---|
| MONDAY | 17 | H— | 24 OFF | A - Annual leave | 8 | hours of compensatory time to be given at straight time. |
| TUESDAY | 18 | OFF | 25 OFF | S - Sick Leave | | ___ hours of overtime pay at my regular rate of pay. |
| WEDNESDAY | 19 | 8 | 26 8 | C - Compensatory Leave | | |
| THURSDAY | 20 | 8 | 27 8 | H - Holiday | | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 21 | 8 | 28 4/4A | O - Other Paid Leave (explain ) | | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 22 | 8 | 1 8 | Off Day - Regular Off Day | | |
| SUNDAY | 23 | 8 | 2 8 | | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 48 | 40 | | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | | 40 | 36 | | | (subtract from total pay hours) |

_I am entitled to and elect_ :

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_(Memorial of Sickness)_                                              __03-02-03__
          EMPLOYEE SIGNATURE                                        Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holiday Credit_

_Pierre R. Howell_                                              __03-02-03__
Appointing Authority   Dept. Head                        Date

APPROVAL: _____          _____
Per 300      Administrator, County Commission                    Date                    2/2/00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of_____

_Holiday falls on my off day_____

_____

Overtime is to be worked on _Feb. 17, 2003_____.

| | (Check One) | |
|---|---|---|
| **Name** | Pay | **Comp Time** |
| _Phoenix Maclin_ | | ✓ |

Comp 8 hrs at Reg

_Phoenix Maclin_
Signature of Employee

**YOUTH FACILITY**
Department

_St Wat_
Signature of Supervisor

_2-21-03_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin, Youth Counselor I    YOUTH FACILITY
_____
(Employee)          (Classification)                    (Department)

Pay Period Beginning  03-31-03          Ending  04-13-03

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | |
|---|---|---|---|---|
| MONDAY | 31 | OFF | 7 OFF | A - Annual leave |
| TUESDAY | 1 | 8 | 8 OFF | S - Sick Leave |
| WEDNESDAY | 2 | 8 | 9 8 | C - Compensatory Leave |
| THURSDAY | 3 | 8 | 10 8 | H - Holiday |
| FRIDAY | 4 | 8 | 11 8 | O - Other Paid Leave (explain) |
| SATURDAY | 5 | 8 | 12 8 | Off Day - Regular Off Day |
| SUNDAY | 6 | 8 | 13 8 | |
| TOTAL HOURS | | 48 | 40 | |
| ACTUAL WORK HOURS | | 48 | 40 | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

___8___ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Phoenix Martin de Signed                                04-13-03
_____          _____
EMPLOYEE SIGNATURE                                         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___88___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) WORK ON DYS STANDARDS

_____  Dept. Head                     04-13-03
Appointing Authority                                           Date

APPROVAL: _____

Per 300     Administrator, County Commission                Date                    2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_creating files on new DYS standards_

Overtime is to be worked on ___4.8.03___

| Name | Pay | (Check One) Comp Time |
|------|-----|----------|
| PHOENIX MARTIN | ✓ | |

_Pay_  8 hrs. cut 1½

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Sb wobo_
Signature of Supervisor

3·28·03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO:  MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin, Youth Counselor I,_  YOUTH FACILITY
      (Employee)     (Classification)     (Department)

Pay Period Beginning  __05/26/03__  Ending  __06/08/03__

I am a  (4 hr ___)  (8 hr _X_ )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|---|
| MONDAY | 26 | H | ² H | A - Annual leave |
| TUESDAY | 27 | OFF | 3 OFF | S - Sick Leave |
| WEDNESDAY | 28 | 8 | 4 OFF | C - Compensatory Leave |
| THURSDAY | 29 | 8 | 5 8 | H - Holiday |
| FRIDAY | 30 | 8 | 6 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 31 | 8 | 7 8 | Off Day - Regular Off Day |
| SUNDAY | 1 | 8 | 8 8 | |
| TOTAL HOURS | | 48 | 40 | |
| ACTUAL WORK HOURS | | 40 | 32 | |

_I am entitled to and elect_:

__8__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_                06-08-03
   EMPLOYEE SIGNATURE               Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holiday Coverage_

_Bruce R. Howell_   Dept. Head           06-08-03
Appointing Authority                  Date

APPROVAL: _____  _____
Per 300    Administrator, County Commission         Date          2/2/00

**MONTGOMERY COUNTY COMMISSION**
**OVERTIME APPROVAL**



Permission is hereby requested that the following employee be permitted to work

_____ 8 HR _____ hour(s) overtime for the purpose of _____

_Holiday falls on my off day_

_____

_____

Overtime is to be worked on _____ 5·26·03 _____ .
(Date)

**Name**

_Phoenix Martin_

8.00 hrs Comp
Regular

(Check One)

**Pay**          **Comp Time**

_____          ✓

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

5·28·03
Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:  In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM:  101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin , Youth Counselor I     YOUTH FACILITY
     (Employee)     (Classification)     (Department)

Pay Period Beginning 6-23-03      Ending 7-6-03

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 23 | 8 | 30 OFF | | A - Annual leave |
| TUESDAY | 24 | 8 | 1 OFF | | S - Sick Leave |
| WEDNESDAY | 25 | 8 | 2 | 8 | C - Compensatory Leave |
| THURSDAY | 26 | 8 | 3 | 8 | H - Holiday |
| FRIDAY | 27 | 8 | 4 | H— | O - Other Paid Leave (explain) |
| SATURDAY | 28 | 8 | 5 | 8 | Off Day - Regular Off Day |
| SUNDAY | 29 | 8 | 6 | 8 | |
| TOTAL HOURS | | 56 | 40 | | |
| ACTUAL WORK HOURS | | 56 | 32 | | |

I am entitled to and elect:

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__16__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leave

Phoenix Martin         7-6-03
EMPLOYEE SIGNATURE         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __96__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) attended conference on off days 7-6-03

Diane R. Powell    Dept. Head         Date
Appointing Authority

APPROVAL: _____
Per 300    Administrator, County Commission         Date        2/2/00

# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _16_ hour(s) overtime for the purpose of _attending the Appalachian School of Alcohol and Other Drug Studies Conference on my off days_

Overtime is to be worked on _June 23, June 24, 2003_.

Comp 16 hrs at 1½ = 24

| Name | (Check One) |  |
|---|---|---|
|  | Pay | Comp Time |
| Phoenix Martin | ____ | ✓ |

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

6·19·03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

PPA240
MONTGOMERY COUNTY
AUTOMATED PAYROLL CERTIFICATION REPORT
BIWEEKLY PERIOD 09012003 - 09142003
PAGE   1

DEPT:  YOUTH FACILITY SPECIAL ACCOUNT

| NAME | POSITION TITLE | WORK HOURS | | LEAVE WITH PAY | | | | | | PAY HOURS | GROSS PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | REG/HAZ | OT/COMP | HOLIDAY | SICK | ANNUAL | COMP | PERS/OTH | MILITARY | | |
| ANTHONY SHERONDA MARIE CLERK TYPIST II | | R- 69.50 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- | 8.00 | | 2.50 | | O- | | 80.00 | |
| ASHURST AMANDA LEIGH    YOUTH COUNSELOR I | | R- 68.00 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- 4.50 | 8.00 | | | 4.00 | O- | | 80.00 | |
| BAILEY KENNETH L    UTILITY LABORER | | R- 72.00 | O+ | | | | | P- | | | |
| COMMENT: | | H- | C- | 8.00 | | | | O- | | 80.00 | |
| FRAZIER PRESTON K    YOUTH COUNSELOR I | | R- 64.00 | O- | | | | | P- | | | |
| COMMENT: | | H-100.00 | C- 8.00 | 8.00 | | | 8.00 | O- | | 80.00 | |
| MARTIN SHARON SUE PHOEN YOUTH COUNSELOR I | | R- 69.00 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- 8.00 | 8.00 | | 3.00 | | O- | | 80.00 | 1220.6 |
| MOORE EMERSON A    CHILD CARE OFFICER | | R- 64.00 | O- | | | | | P- | | | |
| COMMENT: | | H- 50.00 | C- 8.00 | 8.00 | 4.00 | 4.00 | | O- | | 80.00 | |
| MORGAN DOUGLAS W    YOUTH COUNSELOR I | | R- 70.00 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- | 8.00 | 2.00 | | | O- | | 80.00 | |
| PARSLEY LINDA MARIE    COURT THERAPIST I | | R- 61.00 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- | 8.00 | | 11.00 | | O- | | 80.00 | |
| ROLLING DIANNE ROBINSON CLERK TYPIST II | | R- 66.75 | O- | | | | | P- | | | |
| COMMENT: | | H- | C- | 8.00 | 5.25 | | | O- | | 80.00 | |
| WEBB MILTON    CHILD CARE OFFICER | | R- 71.00 | O- | | | | | P- | | | |
| COMMENT: | | H-100.00 | C- 19.50 | 8.00 | | | 1.00 | O- | | 80.00 | |



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

*holiday fell on my regular off day*

Overtime is to be worked on ___ 9·1·03 _____.

|                                  | (Check One)          |
| Name                             | Pay | Comp Time      |
| Phoenix Martin                   | _____ | ✓            |

Corp 8 hrs at Reg

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9.3.03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin, Youth Counselor I,  YOUTH FACILITY
       (Employee)              (Classification)              (Department)

Pay Period Beginning  09-29-03        Ending  10-12-03

I am a  (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 29 OFF | 6 8 | A - Annual leave | |
| TUESDAY | 30 OFF | 7 OFF | S - Sick Leave | |
| WEDNESDAY | 1 8 | 8 8 | C - Compensatory Leave | |
| THURSDAY | 2 8 | 9 8 | H - Holiday | |
| FRIDAY | 3 8 | 10 8 A | O - Other Paid Leave (explain) | |
| SATURDAY | 4 8 | 11 8 | Off Day - Regular Off Day | |
| SUNDAY | 5 8 | 12 8 | | |
| TOTAL HOURS | 40 | 48 | | |
| ACTUAL WORK HOURS | 40 | 40 | | |

I am entitled to and elect :

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leave.

_____     10-12-03
EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Completing Report

Burns R. Howell                                10-12-03
Appointing Authority   Dept. Head              Date

APPROVAL: _____     _____
Per 300    Administrator, County Commission      Date            2/2/00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Completing report for DA's office_

_____

Overtime is to be worked on _Oct. 6, 2003_____.

<table>
<tr><td align="center">Name</td><td align="center" colspan="2">(Check One)</td></tr>
<tr><td></td><td align="center">Pay</td><td align="center">Comp Time</td></tr>
<tr><td>PHOENIX MARTIN</td><td></td><td align="center">✓</td></tr>
</table>

_Comp 8 hrs at Reg_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Marlin_ _Juv. Probation Officer I_ YOUTH FACILITY
      (Employee)      (Classification)      (Department)

Pay Period Beginning __10-13-03__     Ending __10-26-03__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

|  |  | 1ˢᵗ WEEK | 2ᴺᴰ WEEK |  |
|---|---|---|---|---|
| MONDAY | 13 | H | 20 OFF | A - Annual leave |
| TUESDAY | 14 | OFF | 21 OFF | S - Sick Leave |
| WEDNESDAY | 15 | 8 | 22 8 | C - Compensatory Leave |
| THURSDAY | 16 | 8 | 23 8 | H - Holiday |
| FRIDAY | 17 | 8 | 24 8 | O - Other Paid Leave (explain) |
| SATURDAY | 18 | 8 | 25 8 | Off Day - Regular Off Day |
| SUNDAY | 19 | 8 | 26 8 |  |
| TOTAL HOURS |  | 48 | 40 |  |
| ACTUAL WORK HOURS |  | 40 | 40 |  |

*I am entitled to and elect :*

__8__ hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of ho shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half r I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employe in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 c work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and nc exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisio of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leav

_Phoenix Marlin_                   __10-26-03__
      **EMPLOYEE SIGNATURE**                Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abov named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197 Legislature of Alabama do hereby certify that this employee has been on duty __58 CO__ actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) __Holiday__

_____             __10-26-03__
Appointing Authority   Dept. Head            Date

APPROVAL:
Per 360    Administrator, County Commission                  Date      2/20

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Holiday falls on my off day_

Overtime is to be worked on __Oct. 13, 2003__ .

|  | (Check One) |  |
|---|---|---|
|  | Pay | Comp Time |
| Name | | |
| PHOENIX MARTIN | _____ | ✓ |

8.00 Comp
Reg

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Signature_
Signature of Supervisor

10-14-03
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

FROM: _Phoenix Martin_   _Juv. Probation Off_   YOUTH FACILITY
(Employee)   (Classification)   (Department)

Pay Period Beginning _11-10-03_   Ending _11-23-03_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | |
|---|---|---|---|---|
| MONDAY | 10 | OFF | 17 OFF | A - Annual leave |
| TUESDAY | 11 | H/ | 18 OFF | S - Sick Leave |
| WEDNESDAY | 12 | 8 | 19 6/2C | C - Compensatory Leave |
| THURSDAY | 13 | 8 | 20 8 | H - Holiday |
| FRIDAY | 14 | 8 | 21 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 15 | 8 | 22 8 | Off Day - Regular Off Day |
| SUNDAY | 16 | 8 | 23 8 | |
| TOTAL HOURS | | 48 | 40 | |
| ACTUAL WORK HOURS | | 40 | 38 | |

_I am entitled to and elect:_

_8_ hours of compensatory time to be given straight time.

___ hours of overtime pay at my regular rate pay.

___ hours of compensatory time at 1½ times number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half r I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employ in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 c work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisio of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leav

_Phoenix Martin_   _11-23-03_
EMPLOYEE SIGNATURE   Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abov named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) _holiday credit_

_Tom R. Howell_   _11-23-03_
Appointing Authority   _Dept. Head_   Date

APPROVAL: _____
Per 300   Administrator, County Commission   Date   2/2/0



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

*Holiday falls on my off day* _____

_____

Overtime is to be worked on __ 11.11.03 _____.


<table>
<tr><td>Name</td><td></td><td>(Check One)</td></tr>
</table>

|  Name  | Pay | Comp Time |
|--------|-----|-----------|
| Phoenix Martin |  | ✓ |

*On 8 hrs at Reg*

_____
Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

__11·5·03__
Date


APPROVED:

_____
  Appointing Authority/Department Head

_____
            Date


NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO:   MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin      Juv. Probation Off I ,   YOUTH FACILITY

        (Employee)        (Classification)        (Department)

Pay Period Beginning   11-24-03          Ending   12-07-03

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | | |
|---|---|---|---|---|---|---|
| MONDAY | 24 | OFF | 1 OFF | A - Annual leave | | |
| TUESDAY | 25 | OFF | 2 OFF | S - Sick Leave | | |
| WEDNESDAY | 26 | 8 | 3 8 | C - Compensatory Leave | | |
| THURSDAY | 27 | H 2.50 | 4 8 | H - Holiday | | |
| FRIDAY | 28 | H 2.50 | 5 8 | O - Other Paid Leave (explain) | | |
| SATURDAY | 29 | 8 | 6 8A | Off Day - Regular Off Day | | |
| SUNDAY | 30 | 8 | 7 8A | | | |
| TOTAL HOURS | | 45.00 | 40 | | | |
| ACTUAL WORK HOURS | | 29 | 24 | | | |

*I am entitled to and elect:*

5 hours of compensatory time to be given at straight time.

____ hours of overtime pay at my regular rate of pay.

____ hours of compensatory time at 1½ times the number of hours.

____ hours of overtime pay at 1½ times my regular rate of pay.

____ law enforcement non-overtime regular pay or holiday pay.

____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of leave.

Phoenix Martin                                          12-07-03

EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___85___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Working on Holiday

Brian R. Howell   Dept. Head                          12-07-03

Appointing Authority                                  Date

APPROVAL: _____          _____

Per 300      Administrator, County Commission          Date                              2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____5_____ hour(s) overtime for the purpose of _____

woking on holiday _____

Overtime is to be worked on _Nov. 27, Nov. 28 2003_ .
                                        2.50      2.50

|  Name | (Check One) |  |
| --- | --- | --- |
| | Pay | Comp Time |
| Phoenix Martin | | ✓ |

Comp 5 hrs at Reg=

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO    MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_  _Juvenile Probation Officer I_ YOUTH FACILITY
      (Employee)          (Classification)              (Department)

Pay Period Beginning _12-22-03_    Ending _01-04-04_

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 22 OFF | 29 OFF | A - Annual leave | |
| TUESDAY | 23 OFF | 30 2 | S - Sick Leave | |
| WEDNESDAY | 24 8 | 31 8 | C - Compensatory Leave | |
| THURSDAY | 25 H | 1 H/2 | H - Holiday | |
| FRIDAY | 26 H | 2 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 27 8 C | 3 8 | Off Day - Regular Off Day | |
| SUNDAY | 28 8 C | 4 8 | | |
| TOTAL HOURS | 40 | 44 | | |
| ACTUAL WORK HOURS | 8 | 36 | | |

I am entitled to and elect :

_____ hours of compensatory time to be given at straight time.

_4_ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_                                         _01-04-04_
EMPLOYEE SIGNATURE                                        Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _84.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _home detention) duties_

_Brian R Howell_ Unit Head                               _01-04-04_
Appointing Authority                                     Date

APPROVAL: _____    _____
Per 300    Administrator, County Commission    Date                            2/200



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____

_____Dec. 30 '03, Jan. 1 '04_____

_____home detention calls on days off_____

Overtime is to be worked on _____.

|  | (Check One) |  |
|---|---|---|
| _Name_ | Pay | Comp Time |
| Phoenix R Martin | ✓ | _____ |

### 4.00 hrs Regular

_Phoenix Martin_
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: *Phoenix Martin*   *Juvenile Probation Officer I*   YOUTH FACILITY
          (Employee)            (Classification)              (Department)

Pay Period Beginning  01-05-04              Ending   01-18-04

I am a  (4 hr ___)  (8 hr _X_)  10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 5 | 2 | 12 | OFF | A - Annual leave |
| TUESDAY | 6 | 2 | 13 | OFF | S - Sick Leave |
| WEDNESDAY | 7 | 8 | 14 | 8 | C - Compensatory Leave |
| THURSDAY | 8 | 8 | 15 | 8 | H - Holiday |
| FRIDAY | 9 | 8 | 16 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 10 | 8 | 17 | 8 | Off Day - Regular Off Day |
| SUNDAY | 11 | 8 | 18 | 8 | |
| TOTAL HOURS | | 44 | | 40 | |
| ACTUAL WORK HOURS | | 44 | | 40 | |

*I am entitled to and elect* :

_____ hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

_4_ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hrs shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employe in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed o forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and n exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisi of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS:** Indicate number of hours worked. **LEAVE WITH PAY DAYS:** Indicate number of hours and type of lea
*Phoenix Martin*  los                                                    01-18-04
          **EMPLOYEE SIGNATURE**                                        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abo named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty _84.00_ actual work hours and is entit to overtime compensation. This overtime was required for the following reason(s) *Home detention*
                                                    *calls on off days*
*Ben R. Howell*                                        01-18-04
Appointing Authority   Dept. Head                         Date

APPROVAL: _____
Per 390    Administrator, County Commission                Date

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of_____

home detention calls on my off days

_____

_____

Overtime is to be worked on: Mon. 1·5·04    Tues 1·6·04   .
                                        (Date)

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| Phoenix Martin | _____ | ✓ |

4.00 hrs @ 1½ x 's
    = 6.00 hrs

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

Stewart
Signature of Supervisor

1·9·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
            Date

NOTE: In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin  Juv. Probation Off I,_ YOUTH FACILITY

(Employee)          (Classification)                    (Department)

Pay Period Beginning _1/19/04_          Ending _2/1/04_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|
| MONDAY | 19 | H / 26 OFF | A - Annual leave |
| TUESDAY | 20 | OFF 27 OFF | S - Sick Leave |
| WEDNESDAY | 21 | 6.50C / 1.50 / 28 8 | C - Compensatory Leave |
| THURSDAY | 22 | 8 / 29 8 | H - Holiday |
| FRIDAY | 23 | 8 / 30 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 24 | 8 / 31 8 | Off Day - Regular Off Day |
| SUNDAY | 25 | 8 / 1 8 | |
| TOTAL HOURS | 48 | 40 | |
| ACTUAL WORK HOURS | 33.50 | 40 | |

_I am entitled to and elect :_

_8_ hours of compensatory time to be given straight time.

___ hours of overtime pay at my regular rate pay.

___ hours of compensatory time at 1½ times number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of ho shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half r I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employe in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisio. of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leav

_Phoenix Martin_                                          _2/1/04_
EMPLOYEE SIGNATURE                                  Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the abov named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197 Legislature of Alabama do hereby certify that this employee has been on duty ___88___ actual work hours and is entitle to overtime compensation. This overtime was required for the following reason(s) _Holiday credit_

_Diane R. Howell_                                          _2/1/04_
Appointing Authority  _Dept. Head_                    Date

APPROVAL: _____

Per 300     Administrator, County Commission          Date _2/1/04_                    2/2/0(

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____ 8 _____ hour(s) overtime for the purpose of _____

_holiday falls on my off day_

Overtime is to be worked on _____ 1·19·04 _____ .
(Date)

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| Phoenix Martin | | ✓ |

Comp 8 hrs at Reg

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Smith_
Signature of Supervisor

1·9·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE: In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO    MONTGOMERY COUNTY COMMISSION

FROM    Phoenix MARTIN/Juv. Probation Off    YOUTH FACILITY
(Employee)         (Classification)                    (Department)

Pay Period Beginning 2-16-04 ___    Ending 2-29-04

I am a    (4 hr ___)    (8 hr X )    (10 hr ___)    (11.5 hr ___)    (other ___)    employee.

I am    Exempt (E) ___    Non-exempt (NE) X    Partially Exempt (PE) ___    employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | *I am entitled to and elect:* |
|---|---|---|---|---|
| MONDAY | 16 H- | 23 OFF | A - Annual leave | 8 hours of compensatory time to be given straight time. |
| TUESDAY | 17 OFF | 24 OFF | S - Sick Leave | |
| WEDNESDAY | 18 8 | 25 8S | C - Compensatory Leave | ___ hours of overtime pay at my regular rate pay. |
| THURSDAY | 19 8 | 26 8S | H - Holiday | ___ hours of compensatory time at 1½ times number of hours. |
| FRIDAY | 20 8 | 27 8S | O - Other Paid Leave (explain) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 21 8 | 28 8S | Off Day - Regular Off Day | |
| SUNDAY | 22 8 | 29 8S | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 48 | 48 | | ___ law enforcement holiday leave. (subtract from total pay hours) |
| ACTUAL WORK HOURS | 40 | 40 | | |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of ho shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half r I must be a non-exempt employee and I must have *actually worked* over 40 hours in the 7 day work week or for partially exempt employ in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when t time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and n exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisio of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of lea

Phoenix Martin (by)    2-29-04
EMPLOYEE/SIGNATURE         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the abo named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 19 Legislature of Alabama do hereby certify that this employee has been on duty 88 actual work hours and is entitl to overtime compensation. This overtime was required for the following reason(s) Holiday Credit

Anna R. Howell    Dept. Head _____    Date _____
Appointing Authority

APPROVAL: _____    2-29-04
Per 300    Administrator, County Commission         Date

2/2

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_holiday falls on my off day_____

_____

Overtime is to be worked on _2·16·04_____.

| Name | (Check One) |
| | Pay | Comp Time |

Phoenix Martin

Comp  8 hrs at Reg

_____    _____✓_____

_Phoenix Martin_
Signature of Employee

_YOUTH FACILITY_
Department

_Stewart_
Signature of Supervisor

_2·17·04_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

AUTOMATED PAYROLL CERTIFICATION REPORT
BIWEEKLY PERIOD 04262004 - 05092004

DEPT: YOUTH FACILITY SPECIAL ACCOUNT

| NAME | POSITION TITLE | WORK HOURS | O/T COMP | HOLIDAY | SICK | ANNUAL | COMP | PERS/OTR | MILITARY | PAY HOURS | GROSS PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ..LEY, KENNETH | SRV MAINT MKR II | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 72.0010- | 8.00 | | | | | | | | |
| | | C- | | | | | | | | | |
| NES, JR CHARLIE | JUVENILE DETENTION O. | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 72.0010- | 8.00 | | | | | | | | |
| | | C- 2.00 | | | | | | | | | |
| ..ZIE, PRESTON K | JUVENILE PROB. OFCR I. | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 72.0010- | 8.00 | | | | | | | | |
| | | C- 15.25 | | | | | | | | | |
| ..EIN, SHARON SIE.. | JUVENILE PROB. OFCR II. | H- | | | | | O- | P- | | 80.00 | 1260.30 |
| | | R- 22.0010- | 8.00 | 8.00 | | | | | | | |
| | | C- 8.00 | | | | | | | | | |
| ..RE PERSON A | JUVENILE DETENTION O. | H- | | | | 1.00 | O- | P- | | 80.00 | ■ |
| | | R- 66.0010- | 8.00 | | | | | | | | |
| | | C- 8.00 | | | | | | | | | |
| BEAN, DOUGLAS V | JUVENILE PROB. OFCR I | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 63.0010- | 8.00 | 8.00 | | | | | | | |
| | | C- | | | | | | | | | |
| B.S. EY LINDA MARIE | CRUEL THERAPIST II | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 72.0010- | 8.00 | | | | | | | | |
| | | C- | | | | | | | | | |
| ..LLING DIANNE ROBINSON CLERK TYPIST II | | H- | | | | 1.00 | O- | P- | | 80.00 | ■ |
| | | R- 72.0010- | 8.00 | | | | | | | | |
| | | C- | | | | | | | | | |

(top rows, partially visible)

| ..TON SHERONDA MATRIC CLERK TYPIST II | | H- | | | | | O- | P- | | 80.00 | ■ |
| | | R- 80.0010- | | | | | | | | | |
| | | C- | | | | | | | | | |
| HURST AMANDA LEIGH | JUVENILE PROB. OFCR V | H2- | | | | | | | | | |
| | | R- 67.2510- | 8.00 | 2.50 | 1.50 | | | | | | |
| | | C- | | | | | | | | | |



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Holiday falls on my day off April 26_

_____

Overtime is to be worked on _____4·26·04_____.

<table>
<tr><td></td><td>(Check One)</td><td></td></tr>
<tr><td><u>Name</u></td><td>Pay</td><td>Comp Time</td></tr>
</table>

_Phoeix Maskin_                               ✓

**Comp 8 hrs at Reg**

_Phoeix Maskin_
Signature of Employee

**YOUTH FACILITY**
Department

_SW_
Signature of Supervisor

_4·23·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin/Juv. Probation Off. I_,    YOUTH FACILITY

(Employee)          (Classification)          (Department)

Pay Period Beginning __5-24-04__          Ending __6-06-04__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___  employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 24 | Off | 31 HI — | A - Annual leave | |
| TUESDAY | 25 | Off | 1 Off | S - Sick Leave | |
| WEDNESDAY | 26 | 8 | 2 8 | C - Compensatory Leave | |
| THURSDAY | 27 | 8 2C | 3 8 | H - Holiday | |
| FRIDAY | 28 | 8 2C | 4 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 29 | 8 | 5 8 | Off Day - Regular Off Day | |
| SUNDAY | 30 | 8 | 6 8 | | |
| TOTAL HOURS | | 40 | 48 | | |
| ACTUAL WORK HOURS | | 36 | 40 | | |

_I am entitled to and elect :_

__8__ hours of compensatory time to be given straight time.

_____ hours of overtime pay at my regular rate pay.

_____ hours of compensatory time at 1½ times number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above pay period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**REGULAR WORK DAYS**: Indicate number of hours worked. **LEAVE WITH PAY DAYS**: Indicate number of hours and type of leave.

_Original to be signed_                                            __6-6-04__

EMPLOYEE SIGNATURE                                            Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _holiday credit holiday on regular off day_

__6-6-04__

Appointing Authority  Dept. Head                                            Date

APPROVAL: _____

Per 300    Administrator, County Commission                            Date                            2/2/0?

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

NOLIDAY FALLS ON MY OFF DAY _____

Overtime is to be worked on ___5·31·04_____.

(Check One)

Pay        Comp Time

**Name**

Phoenix Martin

Comp  8 hrs at Reg

_____        ✓_____

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin / Juv. Probation Off I_, YOUTH FACILITY

(Employee)     (Classification)     (Department)

Pay Period Beginning __06/07/04__     Ending __6/20/04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___ employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 7 H— | 14 OFF | A - Annual leave | |
| TUESDAY | 8 OFF | 15 OFF | S - Sick Leave | |
| WEDNESDAY | 9 8 | 16 8 | C - Compensatory Leave | |
| THURSDAY | 10 8 | 17 8 | H - Holiday | |
| FRIDAY | 11 8 | 18 8 | O - Other Paid Leave (explain) | |
| SATURDAY | 12 8 | 19 8 | Off Day - Regular Off Day | |
| SUNDAY | 13 8 | 20 8 | | |
| TOTAL HOURS | 48 | 40 | | |
| ACTUAL WORK HOURS | 40 | 40 | | |

_I am entitled to and elect_:

8 __ hours of compensatory time to be given : straight time.

___ hours of overtime pay at my regular rate pay.

___ hours of compensatory time at 1½ times t number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payr period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half n I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employee in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when th time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and no exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leav

_Phoenix Martin_            6-20-04

EMPLOYEE SIGNATURE            Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the abov named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 197 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is en titled to overtime compensation. This overtime was required for the following reason(s) _holiday credit_

_Brian R. Hymel_   Dept. Head           6-20-04

Appointing Authority            Date

APPROVAL: _____        _____

Per 300   Administrator, County Commission        Date        2/2/00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

HOLIDAY oN MY OFF DAY

_____

Overtime is to be worked on ___ 6·7·04 _____.

| | (Check One) |
| Name | Pay        Comp Time |
| Phoenix Martin | _____    ✓ |

Corp 8 hrs at Reg.

Phoenix Martin
**Signature of Employee**

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin Juv. Probation Off. I_, YOUTH FACILITY
     (Employee)     (Classification)     (Department)

Pay Period Beginning __06/21/04__    Ending __07/04/04__

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___ employee.

| | 1ST WEEK | | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 21 | 8 | 28 | OFF | A - Annual leave |
| TUESDAY | 22 | 8 | 29 | OFF | S - Sick Leave |
| WEDNESDAY | 23 | 8 | 30 | 8 | C - Compensatory Leave |
| THURSDAY | 24 | 8 | 1 | 8 | H - Holiday |
| FRIDAY | 25 | 8 | 2 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 26 | 8 | 3 | 8 | Off Day - Regular Off Day |
| SUNDAY | 27 | 8 | 4 | 8 | |
| TOTAL HOURS | | 56 | | 40 | |
| ACTUAL WORK HOURS | | 48 | | 40 | |

_I am entitled to and elect:_

__8__ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

__8__ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

__Phoenix Martin__       __07-04-04__
EMPLOYEE SIGNATURE      Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __46__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _attending conference_

__Brenda R. Howell__   __Dept. Head__       __07-04-04__
Appointing Authority          Date

APPROVAL: _____
Per 300   Administrator, County Commission      Date      2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____16_____ hour(s) overtime for the purpose of _____

_attending a conference on my off days_

Overtime is to be worked on _June 21 & 22, 2004_

|  | (Check One) |  |
|---|---|---|
| **Name** | Pay | **Comp Time** |
| PHOENIX MARTIN | | ✓ |

Comp 8 hrs at Reg = 8

8 hrs at 1½ = 12
                  20

21st    22nd
8hrs    12 hrs

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Sbwths_
Signature of Supervisor

6·22·04
Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin Juv. Probation Off I_    YOUTH FACILITY

| (Employee) | (Classification) | | (Department) |

Pay Period Beginning **07-05-04**    Ending **07-18-04**

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___    employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | |
|---|---|---|---|
| MONDAY | 5 | H— | 12 OFF | A - Annual leave |
| TUESDAY | 6 | OFF | 13 OFF | S - Sick Leave |
| WEDNESDAY | 7 | 8 | 14 | C - Compensatory Leave |
| THURSDAY | 8 | 8 | 15 8 | H - Holiday |
| FRIDAY | 9 | 8 | 16 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 10 | 8 | 17 8 | Off Day - Regular Off Day |
| SUNDAY | 11 | 8 | 18 8 | |
| TOTAL HOURS | | 48 | 40 | |
| ACTUAL WORK HOURS | | 40 | 40 | |

_I am entitled to and elect_:

_8_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_    _07-18-04_
EMPLOYEE SIGNATURE    Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _holiday credit_

_[signature]_ Dept. Head    _07-18-04_
Appointing Authority    Date

APPROVAL: _____
Per 300    Administrator, County Commission    Date    2/2/00



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

*holiday falls on my off day*

Overtime is to be worked on ___@ 7.5.04___

|   | (Check One) |   |
|---|---|---|
| **Name** | Pay | **Comp Time** |
| PHOENIX MARTIN | _____ | ___✓___ |

*Comp 8 hrs at Reg*

*Phoenix Martin*
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin, Juv. Probation Off. I_ YOUTH FACILITY
         (Employee)          (Classification)          (Department)

Pay Period Beginning _07-19-04_          Ending _08-01-04_

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 19 | 2 | 26 | 2 | A - Annual leave |
| TUESDAY | 20 | 2 | 27 | 2 | S - Sick Leave |
| WEDNESDAY | 21 | 8 | 28 | 8 | C - Compensatory Leave |
| THURSDAY | 22 | 8 | 29 | 8 | H - Holiday |
| FRIDAY | 23 | 8 | 30 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 24 | 8 | 31 | 8 | Off Day - Regular Off Day |
| SUNDAY | 25 | 8 | 1 | 8 | |
| TOTAL HOURS | | 44 | | 44 | |
| ACTUAL WORK HOURS | | 44 | | 44 | |

_I am entitled to and elect_ :

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_8_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate. I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS_: Indicate number of hours worked. _LEAVE WITH PAY DAYS_: Indicate number of hours and type of leave.

_Phoenix Martin_                                    _08-01-04_
     EMPLOYEE SIGNATURE                                      Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Making home Detention phone Calls on off Day_

_Ann R. Howell_ Dept. Head                          _08-01-04_
Appointing Authority                                       Date

APPROVAL: _____
Per 300   Administrator, County Commission          Date                    2/2.00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _____

_making home deskution calls on my off_

_day_

Overtime is to be worked on _7·19 + 20, 2004_

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| _Phoenix Martin_ | | ✓ |

_Comp 4 hrs at 1½ = 6_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

_7·29·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____4_____ hour(s) overtime for the purpose of _____

_Making home detention calls on my_

_off day_

Overtime is to be worked on _7·26 & 7·27, 2004_ .

|  | (Check One) | |
|--------------|-----|-----------|
| Name | Pay | Comp Time |
| _Phoenix Martin_ | _____ | ✓ |

_Comp 4 hrs at 1½ = 6_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_SWM_
Signature of Supervisor

_7·29·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin / Juv. Probation Off. I , YOUTH FACILITY

    (Employee)       (Classification)      (Department)

Pay Period Beginning __8-30-04__    Ending __9-12-04__

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 30 | OFF | 6 H / — | A - Annual leave | |
| TUESDAY | 31 | OFF | 7 OFF | S - Sick Leave | |
| WEDNESDAY | 1 | 8 | 8 8 | C - Compensatory Leave | |
| THURSDAY | 2 | 8 | 9 8 | H - Holiday | |
| FRIDAY | 3 | 8 | 10 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 4 | 8 | 11 8 | Off Day - Regular Off Day | |
| SUNDAY | 5 | 8 | 12 8 | | |
| TOTAL HOURS | | 40 | 48 | | |
| ACTUAL WORK HOURS | | 40 | 40 | | |

*I am entitled to and elect :*

__8__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

Phoenix Martin              9-12-04
_____EMPLOYEE SIGNATURE_____        Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) __Holiday Credit__

Bru R. Howell                 9-12-04
~~Appointing Authority~~  Dept. Head          Date

APPROVAL: _____
Per 300    Administrator, County Commission         Date            2/2/00

②

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work ___8___ hour(s) overtime for the purpose of _____

_Holiday falls on my off day._

Overtime is to be worked on : _9.6.04_

|  | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time |
| *Phoenix Maulin* | | ✓ |

Comp 8 hrs at Reg

_Phoenix Maulin_
Signature of Employee

**YOUTH FACILITY**
Department

_Signature of Supervisor_

_9.1.04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Phoenix Martin,* _____ / YOUTH FACILITY
        (Employee)              (Classification)         (Department)

Pay Period Beginning __12-06-04__    Ending __12-19-04__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 6 OFF | 13 OFF | A - Annual leave | |
| TUESDAY | 7 OFF | 14 OFF | S - Sick Leave | |
| WEDNESDAY | 8 8P | 15 10 * | C - Compensatory Leave | |
| THURSDAY | 9 4/4C | 16 5.5 2.5C | H - Holiday | |
| FRIDAY | 10 2/6C | 17 10 * | O - Other Paid Leave (explain ) | |
| SATURDAY | 11 8 | 18 8 | Off Day - Regular Off Day | |
| SUNDAY | 12 8 | 19 8 | | |
| TOTAL HOURS | 40 | 44 | | |
| ACTUAL WORK HOURS | 22 | 41.50 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

__2.50__ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

__1.50__ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

*Phoenix Martin (b.)* _____    __12-19-04__
        EMPLOYEE SIGNATURE                                    Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __84.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Home Detention Phone Calls*

*Ann R. Howell* _____    __12-19-04__
Appointing Authority  Dept. Head                    Date

APPROVAL: _____

Per 300    Administrator, County Commission                Date                2/2/00

* Submitted after payroll was forwarded for processing on 12/20/04

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Home Dictation calls_

_____

_____

Overtime is to be worked on __12·16·04__  *(15 written above)*

| Name | (Check One) |
| --- | --- |
| | Pay    Comp Time |

_Phoenix Martin_                     ✓ _____

2.00 hr. Reg

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_J. W._
Signature of Supervisor

_12·20·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Home_

_Detention calls_

Overtime is to be worked on _12·17·04_

| Name | (Check One) |
|------|-------------|
| _Phoenix R Martin_ | Pay      Comp Time |
| | ✓ |

.50 hrs @ Reg

1.50 hrs @ 1½ x's

_Phoenix R Martin_
Signature of Employee

YOUTH FACILITY
Department

_StWat_
Signature of Supervisor

_12·20·04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin / Juv. Prob. Off. I , YOUTH FACILITY
      (Employee)          (Classification)              (Department)

Pay Period Beginning  12-20-04        Ending  01-02-05

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | 2ND WEEK | | | |
|---|---|---|---|---|---|---|
| MONDAY | 20 | 2 | 27 2 | A - Annual leave | | |
| TUESDAY | 21 | 2 | 28 2 | S - Sick Leave | | |
| WEDNESDAY | 22 | 4/4A | 29 6/2S | C - Compensatory Leave | | |
| THURSDAY | 23 | 6/2A | 30 4/4S | H - Holiday | | |
| FRIDAY | 24 | H/2 | 31 H | O - Other Paid Leave (explain ) | | |
| SATURDAY | 25 | 8A | 1 8A | Off Day - Regular Off Day | | |
| SUNDAY | 26 | 8A | 2 8 | | | |
| TOTAL HOURS | | 46 | 44 | | | |
| ACTUAL WORK HOURS | | 16 | 22 | | | |

*I am entitled to and elect :*

__10__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Phoenix Martin (6c)                                      01-02-05
EMPLOYEE SIGNATURE                                        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __90.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Home Detention Calls after hours)
                                                         01-02-05

Bruce R. Reagell  Dept. Head                             01-02-05
Appointing Authority                                     Date

APPROVAL·
Per 300      Administrator, County Commission            Date                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____16 & 10_____ hour(s) overtime for the purpose of _Home Detention calls_

_Dec. 20, 21, 22, 23, 24, 27, 28, 29_

Overtime is to be worked on _Dec. 20 - 29_

|  | (Check One) |
|---|---|
| Name | Pay    Comp Time |
| Phoenix Martin | PM ✗    ✓ |

20ᵗʰ = 2.00 Reg

21ˢᵗ - 2.00 Reg

24ᵗʰ - 2.00 Reg

27ᵗʰ - 2.00 Reg

28ᵗʰ 2.00 Reg.

_Phoenix Martin_
Signature of Employee

__YOUTH FACILITY__
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin Juv. Prob. Off. I ,   YOUTH FACILITY
         (Employee)        (Classification)              (Department)

Pay Period Beginning 1/17/05 _____  Ending 1/30/05 _____

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) ___  Partially Exempt (PE) ___  employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 17 | H — | 24 | OFF | A - Annual leave |
| TUESDAY | 18 | OFF | 25 | 2.50 | S - Sick Leave |
| WEDNESDAY | 19 | 8 | 26 | 8 | C - Compensatory Leave |
| THURSDAY | 20 | 6.25 | 27 | 8 | H - Holiday |
| FRIDAY | 21 | 8 | 28 | 8 | O - Other Paid Leave (explain ) |
| SATURDAY | 22 | 12 | 29 | 8 | Off Day - Regular Off Day |
| SUNDAY | 23 | 10 | 30 | 8 | |
| TOTAL HOURS | | 54 | | 42.50 | |
| ACTUAL WORK HOURS | | 44 | | 42.50 | |

_I am entitled to and elect :_

8 hours of compensatory time to be given at straight time.

2 hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

6.50 hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION:  I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown.  I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period.  I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked.  LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Phoenix Martin                                                    1-30-05
EMPLOYEE SIGNATURE                                                Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 46.50 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) holiday credit testing & preparing report

Bruce R. Howell  Dept. Head                                      1-30-05
Appointing Authority                                             Date

APPROVAL: _____    _____
Per 300    Administrator, County Commission        Date                        2/2/00

## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_holiday falls on my off day_ _____

_____

Overtime is to be worked on ___1·17·05_____ .

| | | (Check One) |
| Name | | Pay | Comp Time |

_Phoenix Martin_ _____    _____    _✓_

Comp 8 hrs at Reg

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_1·13·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

(1) 6 - 4 HRS = 1½   [handwritten]

2 HRS = 100½

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

(2) 2.50. HR  [handwritten]

Permission is hereby requested that the following employee be permitted to work

_8.5_ hour(s) overtime for the purpose of _____

DISC testing and G.A.V.E. Report for DA's office  [handwritten]

Overtime is to be worked on _1·22·05 - 4 HR   1·23·05  2 HR_
_1·25·05  2.5 HR_  [handwritten]

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| Phoenix Martin | ✓ | |

_Phoenix Martin_
Signature of Employee

Pay  2 hrs at Reg
6.50 at 1½  [handwritten]

YOUTH FACILITY
Department

_____
Signature of Supervisor

1/25/05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenik Martin/Juv. Prob. Off. I_, YOUTH FACILITY

      (Employee)      (Classification)      (Department)

Pay Period Beginning _3-28-05_      Ending _4-10-05_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 28 | 8 | 4 OFF | A - Annual leave | |
| TUESDAY | 29 | 8 | 5 OFF | S - Sick Leave | |
| WEDNESDAY | 30 | 8 | 6 8S | C - Compensatory Leave | |
| THURSDAY | 31 | 8 | 7 8 | H - Holiday | |
| FRIDAY | 1 | 8 | 8 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 2 | 8 | 9 8 | Off Day - Regular Off Day | |
| SUNDAY | 3 | 8 | 10 8 | | |
| TOTAL HOURS | | 56 | 40 | | |
| ACTUAL WORK HOURS | | 56 | 32 | | |

*I am entitled to and elect :*

___ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_16_ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_Phoenix Martin_        _4-10-05_

    EMPLOYEE SIGNATURE          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _96_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _attending Conference_

_____ Head        _4-10-05_

Appointing Authority             Date

APPROVAL: _____        _____

Per 300    Administrator, County Commission        Date        2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 16 _____ hour(s) overtime for the purpose of _attending_

_Conference on my off days_ _____

Overtime is to be worked on _March 28 & 29, 2005_ .

|            | Name | | (Check One) |  |
|            |      | | Pay | Comp Time |
|            | Phoenix Martin | | | ✓ |

Comp 16 hrs at 1½ = 24

28th    29th

12      12

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_4-11-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM Phoenix Martin / Juv. Prob. Off I , YOUTH FACILITY

(Employee)     (Classification)     (Department)

Pay Period Beginning 4-11-05     Ending 4-24-05

I am a (4 hr ___) (8 hr X) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | | |
|---|---|---|---|---|
| MONDAY | 11 OFF | 18 8 | A - Annual leave | |
| TUESDAY | 12 OFF | 19 OFF | S - Sick Leave | |
| WEDNESDAY | 13 4/45 | 20 8 | C - Compensatory Leave | |
| THURSDAY | 14 8 | 21 8 | H - Holiday | |
| FRIDAY | 15 8 | 22 8 | O - Other Paid Leave (explain) | |
| SATURDAY | 16 8 | 23 8 | Off Day - Regular Off Day | |
| SUNDAY | 17 8 | 24 8 | | |
| TOTAL HOURS | 40 | 48 | | |
| ACTUAL WORK HOURS | 36 | 48 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

8 hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Phoenix Martin      4-24-05

EMPLOYEE SIGNATURE      Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 88 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) WAIT Duties (WAIT Program)

     4-24-05

Appointing Authority Dept. Head      Date

APPROVAL: _____

Per 300   Administrator, County Commission      Date      2/2/00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _8_ hour(s) overtime for the purpose of _____

_reorganizing files and revising policies_

Overtime is to be worked on ___MON. April 18, 2005___.

| Name | (Check One) |
| --- | --- |
| | Pay       Comp Time |
| _Phoenix Martin_ | ✓ _____ |

_Pay 8 hRS at 1½_

_Phoenix Martin_
Signature of Employee

___YOUTH FACILITY___
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_4/20/05_
Date

NOTE:      In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix MARtin (Juv. Prob. Off I, Youth Facility
       (Employee)          (Classification)          (Department)

Pay Period Beginning 4-25-05 _____    Ending 5-8-05 _____

I am a    (4 hr ___)    (8 hr X )    (10 hr ___)    (11.5 hr ___)    (other ___)    employee.

I am    Exempt (E)___    Non-exempt (NE) X    Partially Exempt (PE) ___    employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 25 | H/8 | 12 8 | A - Annual leave | |
| TUESDAY | 26 | OFF | 3 OFF | S - Sick Leave | |
| WEDNESDAY | 27 | 8 | 4 8 | C - Compensatory Leave | |
| THURSDAY | 28 | 8 | 5 8 | H - Holiday | |
| FRIDAY | 29 | 8 | 6 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 30 | 8 | 7 8 | Off Day - Regular Off Day | |
| SUNDAY | 1 | 8 | 8 8 | | |
| TOTAL HOURS | | 56 | 48 | | |
| ACTUAL WORK HOURS | | 48 | 48 | | |

*I am entitled to and elect* :

_____ hours of compensatory time to be given at straight time.

__8__ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

__16__ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.

(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Phillip Martin                                     5-8-05
EMPLOYEE SIGNATURE                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _104.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Working on off days & Holiday

                                                    5-8-05
Gary R. Howell
Appointing Authority                          Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date                    2/2/00

*(1)*

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8 16_ hour(s) overtime for the purpose of _____

_working on off day + holiday credit_

Overtime is to be worked on _4·25·05_

Name

_Phoenix Martin_

Pay 8 hrs at Reg
Pay 8 hrs at 1½

(Check One)

Pay            Comp Time

✓

_Phoenix Martin_
Signature of Employee

_YOUTH FACILITY_
Department

Signature of Supervisor

Date

APPROVED: _Bill K Harwell_
Appointing Authority/Department Head

_4/20/05_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_working on my off day_____

_____

Overtime is to be worked on ___5. 2. 05_____.

| Name | | (Check One) | |
| --- | --- | --- | --- |
| | | Pay | Comp Time |
| Phoenix Maslin | | ✓ | |

Pay 8 hrs at 1½

_Phoenix Maslin_
Signature of Employee

YOUTH FACILITY
Department

_Smith_
Signature of Supervisor

_4. 28. 05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin / Juv. Prob. Off. I , Youth Facility

(Employee)        (Classification)        (Department)

Pay Period Beginning 5-9-05       Ending 5-22-05

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 9 | 8 | 16 | 8 | A - Annual leave |
| TUESDAY | 10 | OFF | 17 | OFF | S - Sick Leave |
| WEDNESDAY | 11 | 8 | 18 | 8 | C - Compensatory Leave |
| THURSDAY | 12 | 8 | 19 | 8 | H - Holiday |
| FRIDAY | 13 | 8 | 20 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 14 | 8 | 21 | 8 | Off Day - Regular Off Day |
| SUNDAY | 15 | 8 | 22 | 8 | |
| TOTAL HOURS | | 48 | | 48 | |
| ACTUAL WORK HOURS | | 48 | | 48 | |

*I am entitled to and elect* :

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_16_ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

X REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Phoenix Martin                                        5-22-05
EMPLOYEE SIGNATURE                                   Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___76___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) WORKING ON Off day

_____                                5-22-05
Appointing Authority                                 Date

APPROVAL: _____

Per 300   Administrator, County Commission        _____ Date        2/2/00

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____ 8 _____ hour(s) overtime for the purpose of _____

*working on my off day*

Overtime is to be worked on _____ *5. 9.05* _____.

|  | (Check One) |
|---|---|
| **Name** | **Pay**    **Comp Time** |
| *Phoenix Marlin* | ✓ |

*Pay 8 hrs at 1½*

_____
*Phoenix Marlin*
Signature of Employee

**YOUTH FACILITY**
Department
_____
Signature of Supervisor

*4·28·05*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_working on my off day_ _____

_____

Overtime is to be worked on ___5. 16. 05_____.

|  | (Check One) |
| --- | --- |
| <u>Name</u> | <u>Pay</u>        <u>Comp Time</u> |

_Phoenix Martin_        ✓

Pay 8 hrs at 1½

_Phoenix Martin_
Signature of Employee

<u>YOUTH FACILITY</u>
Department

_S Smith_
Signature of Supervisor

_5. 16. 05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin (Juv. Prob. Off. I) , Youth Facility
_____(Employee)_____(Classification)_____(Department)

Pay Period Beginning 5-23-05          Ending 6-5-05

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___    Non-exempt (NE) _X_    Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 23 | 4 | 30 | H/4 | A - Annual leave |
| TUESDAY | 24 | OFF | 31 | OFF | S - Sick Leave |
| WEDNESDAY | 25 | 8S | 1 | 8S | C - Compensatory Leave |
| THURSDAY | 26 | 8 | 2 | 8 | H - Holiday |
| FRIDAY | 27 | 8 | 3 | 4/4 | O - Other Paid Leave (explain ) |
| SATURDAY | 28 | 8 | 4 | 8/4 | Off Day - Regular Off Day |
| SUNDAY | 29 | 8 | 5 | 8/4 | |
| TOTAL HOURS | | 44 | | 52 | |
| ACTUAL WORK HOURS | | 36 | | 13 | |

*I am entitled to and elect*:

_____ hours of compensatory time to be given at straight time.

__16__ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION**: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS*: Indicate number of hours worked. *LEAVE WITH PAY DAYS*: Indicate number of hours and type of leave.

X  _Phoenix Martin_____          _6-5-05_____
EMPLOYEE SIGNATURE                                      Date

**APPOINTING AUTHORITY CERTIFICATION**: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _96_____ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Working on off Day + Holiday Credit (Holiday fell on Regular off Day)
                                                      6-5-05
_Appointing authority Harwell_____          _____  Date

APPROVAL: _____     _____
Per 300    Administrator, County Commission        Date                    2/2/00

(1)

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

4 *Bd* ~~8~~ hour(s) overtime for the purpose of _____

_working on my off day_

_____

Overtime is to be worked on   _5·23·05_   .

|  | (Check One) |
|  | Pay          Comp Time |

Name

_Phoenix Martin_

Pay 4 hRS at Reg

Pay   ✓

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_Strist_
Signature of Supervisor

_5·16·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

(2)

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

~~12~~ ~~X~~ ~~X~~ hour(s) overtime for the purpose of _____

(1) working on my off day / holiday credit (8)

Overtime is to be worked on ___5·30·05___.

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|

Phoenix Martin

Pay 12hRs at Reg

Pay ✓

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

5·18·05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_  _Juv. Probation Off. I_, Youth Facility
               (Employee)              (Classification)                    (Department)

Pay Period Beginning _6-20-05_          Ending _7-3-05_

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am     Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 20 | OFF | 27 | 8 | A - Annual leave |
| TUESDAY | 21 | 5 | 28 | OFF | S - Sick Leave |
| WEDNESDAY | 22 | 8S | 29 | 4/4C | C - Compensatory Leave |
| THURSDAY | 23 | 8 | 30 | 8 | H - Holiday |
| FRIDAY | 24 | 8 | 1 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 25 | 8 | 2 | 8 | Off Day - Regular Off Day |
| SUNDAY | 26 | 8 | 3 | 8A | |
| TOTAL HOURS | | 45 | | 48 | |
| ACTUAL WORK HOURS | | 37 | | 36 | |

I am entitled to and elect :

_5_ hours of compensatory time to be given at straight time.

_8_ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION.** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_                                                              _7-3-05_
EMPLOYEE SIGNATURE                                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _93.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Administering testing_ _& working on ADECA quarterly report & grant_

_Gene R. Howell_                                                      _7-3-05_
Appointing Authority                                                 Date

APPROVAL: _____

Per 300      Administrator, County Commission                    Date                          2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____5_____ hour(s) overtime for the purpose of _____

_administer C-DISC_____

Overtime is to be worked on __6. 21. 05_____.

|  | (Check One) |  |
|--|--|--|
| Name | Pay | Comp Time |
| *Phoenix Martin* | _____ | ✓ |

5.00 hrs Reg.

*Phoenix Martin*
Signature of Employee

___YOUTH FACILITY___
Department

*Beverly Ridd White*
Signature of Supervisor

__6-21-05__
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
_____8_____ hour(s) overtime for the purpose of _____

_working on my off day to do the ADECA_
_quarterly report & grant (due early)_

Overtime is to be worked on ___6·27·05___.

(Check One)

|  | Name | Pay | Comp Time |
|---|---|---|---|

Phoenix Martin           ✓

8.00 hrs Reg.

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

___8·24·05___
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin / Juv. Prob. Off. I , Youth Facility
        (Employee)          (Classification)          (Department)

Pay Period Beginning July 18              Ending July 31, 2005

I am a (4 hr ___) (8 hr X ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___ employee.

| | | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 18 | OFF | 25  7.50 | A - Annual leave | |
| TUESDAY | 19 | OFF | 26  OFF | S - Sick Leave | |
| WEDNESDAY | 20 | 8 | 27  8 | C - Compensatory Leave | |
| THURSDAY | 21 | 8 | 28  8 | H - Holiday | |
| FRIDAY | 22 | 3/5C | 29  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 23 | 8 | 30  8 | Off Day - Regular Off Day | |
| SUNDAY | 24 | 8 | 31  8 | | |
| TOTAL HOURS | | 40 | 47.50 | | |
| ACTUAL WORK HOURS | | 35 | 47.50 | | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1¼ times the number of hours.

7.50 hours of overtime pay at 1¼ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Phoenix K Martin                                    7-31-05
EMPLOYEE SIGNATURE                                  Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 87.50 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) WORKING ON GRANT + Special Projects

Brian R. Howell                                     7-31-05
Appointing Authority                                Date

APPROVAL:
Per 300    _____          _____
           Administrator, County Commission          Date              2/2/00

②

### MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_9.50_ hour(s) overtime for the purpose of _____

_working on Federal Grant and_
_C-DISC Administration_

Overtime is to be worked on _July 25, 2005_ .

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| _Phoenix Martin_ | ✓ | |

_Pay 7.50 hrs at 1½_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_S. Hilton_
Signature of Supervisor

_7-25-05_
Date

APPROVED:

_Ben R Howell_
Appointing Authority/Department Head

_7/25/05_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin/Juv. Prob. Off I_ , Youth Facility
     (Employee)       (Classification)      (Department)

Pay Period Beginning _Aug. 29, 2005_ Ending _Sept. 11, 2005_

I am a  (4 hr ___ )  (8 hr _X_ )  (10 hr ___ )  (11.5 hr ___ )  (other ___ )  employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | |
|---|---|---|---|
| MONDAY | 29  OFF | 5  H/— | A - Annual leave |
| TUESDAY | 30  OFF | 6  OFF | S - Sick Leave |
| WEDNESDAY | 31  6 2A | 7  6 2C | C - Compensatory Leave |
| THURSDAY | 1  4/5 | 8  8 | H - Holiday |
| FRIDAY | 2  8 | 9  4½ 3.5 S | O - Other Paid Leave (explain ) |
| SATURDAY | 3  8 | 10  8 | Off Day - Regular Off Day |
| SUNDAY | 4  8 | 11  8 | |
| TOTAL HOURS | 40 | 48 | |
| ACTUAL WORK HOURS | 34 | 34.50 | |

_I am entitled to and elect :_

_8_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_Phoenix Martin_                      _9-11-05_
EMPLOYEE SIGNATURE                     Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88.0_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holiday_

_Gwen R. Howell_                      _9-11-05_
Appointing Authority _Dept. Head_               Date

APPROVAL:
Per 300    Administrator, County Commission            Date            2/2/00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8_ hour(s) overtime for the purpose of _____

_Labr Day Holiday fell on my off day_

Overtime is to be worked on _9.5.05_ .

|  | | (Check One) |
|---|---|---|
| Name | Pay | Comp Time |
| _Phoenix Martin_ | | ✓ |

_Comp 8 hrs at Reg_

_Phoenix Martin_
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_9.7.05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin / Juv. Prob. Off. I     YOUTH FACILITY

(Employee)     (Classification)     (Department)

Pay Period Beginning Oct. 10, 2005     Ending Oct. 23, 2005

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am . Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 10  11 | 17  OFF | A – Annual leave | |
| TUESDAY | 11  OFF | 18  OFF | S – Sick Leave | |
| WEDNESDAY | 12  8 | 19  8 | C – Compensatory Leave | |
| THURSDAY | 13  8 | 20  8 | H – Holiday | |
| FRIDAY | 14  8 | 21  0/8  OC | O – Other Paid Leave (explain) | |
| SATURDAY | 15  8 | 22  8 | Off Day – Regular Off Day | |
| SUNDAY | 16  8 | 23  8 | | |
| TOTAL HOURS | 48 | 40 | | |
| ACTUAL WORK HOURS | 40 | 38 | | |

_I am entitled to and elect_ :

8 hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period.  I also understand that  Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

Phoenix Martin     10-23-05

EMPLOYEE SIGNATURE     Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ____ 88 ____ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Holiday Credit

Bettie R. Howell  Dept. Head     Date  10-23-05
Appointing Authority

APPROVAL: _____     _____

Per 300     Administrator, County Commission     Date     2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_holiday falls on my off day_

Overtime is to be worked on ___10·10·05___.

|  | (Check One) |
|---|---|
| | Pay          Comp Time |

Name
_Phoenix Martin_

_Comp 8 hrs at Reg_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_10·11·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix Martin/Juv. Prob. Off II, Youth Facility
      (Employee)              (Classification)              (Department)

Pay Period Beginning Oct. 24        Ending Nov. 6, 2005

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___  employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 24 | 2 | (3) OFF | A - Annual leave |
| TUESDAY | 25 | 8 | (1) OFF | S - Sick Leave |
| WEDNESDAY | 26 | 8 | 2. 8H | C - Compensatory Leave |
| THURSDAY | 27 | 8 | 3. 4/A | H - Holiday |
| FRIDAY | 28 | 8 | 4. 2/6A | O - Other Paid Leave (explain) |
| SATURDAY | 29 | 8 | 5. 8 | Off Day - Regular Off Day |
| SUNDAY | 30 | 8 | 6. 8 | |
| TOTAL HOURS | | 50 | 40 | |
| ACTUAL WORK HOURS | | 50 | 22 | |

*I am entitled to and elect :*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__2__ hours of compensatory time at 1½ times the number of hours.

__8__ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION  I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked.  LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

_Phoenix Martin_                                11-6-05
EMPLOYEE SIGNATURE                              Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __96__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) COURT APPEARANCE ON off Day + Phone detention Calls

_Katie Powell_                                  11-6-05
Appointing Authority                            Date

APPROVAL:
Per 300   Administrator, County Commission          Date          2/2/00

# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _____

_Home Detention Calls on my day off_

Overtime is to be worked on _10·24·05_ .

| Name | | (Check One) | |
| | | Pay | Comp Time |
| _Phoenix Martin_ | | _____ | ✓ |

Comp 2 hrs at 1½ = 3

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_S. Drew_
Signature of Supervisor

10·26·05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:   In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Court appearance for client on my day off (6 hrs,_
_& home detention calls) (2 hrs) Bd._

Overtime is to be worked on ___10·25·05_____.

| Name | (Check One) |
| | Pay    Comp Time |

_Phoenix Martin_

Pay 8 hrs at 1½

Pay ✓ _____

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_St Wa___
Signature of Supervisor

_10·26·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_  _Juv Probation Off I_ , YOUTH FACILITY
      (Employee)      (Classification)      (Department)

Pay Period Beginning _12/05/08_      Ending _12/18/05_

I am a (4 hr ___) (8 hr _X_ ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 5 | 8 | 12   8 | A - Annual leave | _I am entitled to and elect_ : |
| TUESDAY | 6 | OFF | 13 OFF | S - Sick Leave | ___ hours of compensatory time to be given at straight time. |
| WEDNESDAY | 7 | 8 | 14   8 | C - Compensatory Leave | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 8 | 8 | 15   8 | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 9 | 8 | 16   8 | O - Other Paid Leave (explain) | _16_ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 10 | 8 | 17   8 | Off Day - Regular Off Day | ___ law enforcement non-overtime regular pay or holiday pay. |
| SUNDAY | 11 | 8 | 18   8 | | ___ law enforcement holiday leave. |
| TOTAL HOURS | | 48 | 48 | | (subtract from total pay hours) |
| ACTUAL WORK HOURS | | 48 | 48 | | |

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

X _Phoenix Martin_      _12-18-05_
EMPLOYEE SIGNATURE      Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _96.00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Working on Scheduled off days preparing end of year reports ADECA qpart_

_Gina R. Powell_ _Dept. Head_      _12-18-05_
Appointing Authority      Date

APPROVAL: _____
Per 300    Administrator, County Commission      Date      2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8_ hour(s) overtime for the purpose of _____

_working on my off days — end of the year reports;_

_ADECA Grant_

Overtime is to be worked on ___12·5·05___ ~~12·6·05~~

|  | (Check One) |
| --- | --- |
| Name | Pay        Comp Time |
| Phoenix Martin | ✓        _____ |

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_12-2-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

②

Permission is hereby requested that the following employee be permitted to work

_____ 8 (80) hour(s) overtime for the purpose of _____

_Year end reports + CDISC_____

_____

Overtime is to be worked on _12·12 + 13, 2005_

| Name | (Check One) |
|------|-------------|
| | Pay Comp Time |
| _Phoenix Martin_ | ✓ _____ |

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_St (M)_
Signature of Supervisor

_12-9-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Phoenix Martin_ / _Juv. Prob. Off. I_ , YOUTH FACILITY
         (Employee)          (Classification)           (Department)

Pay Period Beginning _01/02/06_          Ending _01/15/06_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E):___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 2 H/ | 9 OFF | A - Annual leave | |
| TUESDAY | 3 OFF | 10 OFF | S - Sick Leave | |
| WEDNESDAY | 4 8 | 11 8 | C - Compensatory Leave | |
| THURSDAY | 5 8 | 12 8 | H - Holiday | |
| FRIDAY | 6 8 | 13 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 7 8 | 14 8 | Off Day - Regular Off Day | |
| SUNDAY | 8 8 | 15 8 | | |
| TOTAL HOURS | 48 40 | 40 | | |
| ACTUAL WORK HOURS | 40 | 40 | | |

_I am entitled to and elect_ :

_8_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my _regular rate_ of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Phoenix Martin_                                                 _01-15-06_
    EMPLOYEE SIGNATURE                                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _88_ actual work hours, and is entitled to overtime compensation. This overtime was required for the following reason(s) _Holiday credit_ _(Holiday on off day)_

_Gen. R. Howell_ Dept. Head                                      _01-15-06_
    Appointing Authority                                            Date

APPROVAL: _____          _____
Per 300    Administrator, County Commission     Date             2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

_Holiday feel on my off day_

Overtime is to be worked on _1·2·06_

(Check One)

|  | Pay | Comp Time |
|---|---|---|
| Name _Kiewx Mavlin_ |  | ✓ |

_Comp 8 hrs at Reg_

_Phoenix Mavlin_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_1·4·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Phoenix MARtiN / Juv. Prob. Off. I,  YOUTH FACILITY
      (Employee)    (Classification)      (Department)

Pay Period Beginning  01/16/06  Ending  01/29/06

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am  Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 16 H — | 23 OFF | A - Annual leave | |
| TUESDAY | 17 8 | 24 8 | S - Sick Leave | |
| WEDNESDAY | 18 8 | 25 8 | C - Compensatory Leave | |
| THURSDAY | 19 8 | 26 8 | H - Holiday | |
| FRIDAY | 20 8 | 27 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 21 8 | 28 8 | Off Day - Regular Off Day | |
| SUNDAY | 22 8 | 29 8 | | |
| TOTAL HOURS | 56 | 48 | | |
| ACTUAL WORK HOURS | 48 | 48 | | |

*I am entitled to and elect :*

8 hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

___ hours of compensatory time at 1½ times the number of hours.

16 hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

EMPLOYEE CERTIFICATION. I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1

REGULAR WORK DAYS: indicate number of hours worked  LEAVE WITH PAY DAYS: indicate number of hours and type of leave.

Phoenix Martin
EMPLOYEE SIGNATURE

01-29-06
Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 104 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Holiday fell on off Day, & Administering test to detainees/juveniles,

Gary R. Hardaway / Department Head
Appointing Authority

01-29-06
Date

APPROVAL:
    Administrator, County Commission
              Date
er 300                                                          2/3 00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

_Holiday on my off day_

_____

Overtime is to be worked on ___ 1·16·06 _____.

|  | (Check One) | |
| --- | --- | --- |
| _Name_ | Pay | Comp Time |
| _Phoenix Martin_ | _____ | ✓ |

_Conp 8 hrs at Reg_

_Phoenix Martin_
Signature of Employee

YOUTH FACILITY
Department

_ST Haa_
Signature of Supervisor

_1·15·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

C-DISC (testing)

_____

Overtime is to be worked on __1 17·06_____.

<table>
<tr><td>Name</td><td>(Check One)</td><td></td></tr>
<tr><td></td><td>Pay</td><td>Comp Time</td></tr>
<tr><td>Phoenix Martin</td><td>✓</td><td></td></tr>
</table>

Pay 8 hrs at 1½

Phoenix Martin
Signature of Employee

____YOUTH FACILITY____
Department

Smith
Signature of Supervisor

1·13·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 8 _____ hour(s) overtime for the purpose of _____

C-DISC (testing)

_____

Overtime is to be worked on ___ Jan. 24, 2006 ___.

|  | (Check One) |
|---|---|
| Name | Pay        Comp Time |

Phoenix Martin

Pay 8 hrs at 1½

✓

Phoenix Martin
Signature of Employee

YOUTH FACILITY
Department

St. Ward
Signature of Supervisor

1 / 8 / 2 5
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

### P. B. DUNCAN & ASSOCIATES, LLC
### 472 S. LAWRENCE, SUITE 204
### MONTGOMERY AL 36104
### (334) 264-9679/(334) 264-9643 FAX

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Bruce Howell/Steve Wooten | Priscilla Duncan |

| COMPANY: | DATE: |
|---|---|
| Montgomery Co. Youth Facility | 1/31/06 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 261-4132 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Overtime/Mary Jeter | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:



DEFENDANT'S EXHIBIT

D

04: 45P FROM: P B DUNCAN & ASSOC   3342649643                    TO: c61413c              P.c/c

# PRISCILLA BLACK DUNCAN

ATTORNEY & COUNSELOR

Bruce Howell/ Steve Wooten
Montgomery County Youth Facility
111 1Air Base Boulevard
Montgomery AL 36108

January 31, 2006

RE: Unpaid overtime for Mary Jeter

Dear Sirs:

I have been retained to represent Ms. Jeter, Youth Counselor II, in pursuit of her
unrecompensed overtime worked from June 1, 2002, to the present, as a part of the Home
Detention Program. Ms. Jeter has performed this nightly calling in addition to her 40
hours of scheduled weekly work and, we believe she is entitled to back pay for the entire
period.

We would like to discuss this matter with you as soon as possible.

Sincerely,

Priscilla Black Duncan

P.B. DUNCAN & ASSOCIATES, L.L.C.
472 S. LAWRENCE STREET • SUITE 204 • MONTGOMERY, ALABAMA 36104
POST OFFICE BOX 1603 • MONTGOMERY, ALABAMA 36102
PHONE (334) 264-9679 • FAX (334) 264-9643 • E-MAIL: HELZPHAR@MINDSPRING.COM

MCC/Jeter
000270

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8_ hour(s) overtime for the purpose of _Home_

_Detention_

Overtime is to be worked on _23rd – 12-26-05_

_2 hrs each day_

|  | (Check One) | |
|---|---|---|
| **Name** | **Pay** | **Comp Time** |

_Mary W Jeter_

Week 1                                    Week 2

| 23rd | 24th | 25th | 26th |
|---|---|---|---|
| 2:00 hrs | 2.00 hrs | 2.00 hrs | 2.00 hrs |
| Reg | Reg | Reg | Reg |

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_12-23-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

**NOTE:**    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARy Jeter | Juv. Prob. Off. II / YOUTH FACILITY
      (Employee)        (Classification)        (Department)

Pay Period Beginning 01/02/06    Ending 01/15/06

I am a (4 hr ___) (8 hr X ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___ employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 2 H— | 9 8 | A - Annual leave | 5 hours of compensatory time to be given at straight time. |
| TUESDAY | 3 8 | 10 8 | S - Sick Leave | ___ hours of overtime pay at my regular rate of pay. |
| WEDNESDAY | 4 10 | 11 8 | C - Compensatory Leave | |
| THURSDAY | 5 11 | 12 8 | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 6 8 | 13 8 | O - Other Paid Leave (explain ) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 7 OFF | 14 OFF | Off Day - Regular Off Day | |
| SUNDAY | 8 OFF | 15 OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 45 | 40 | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 37 | 40 | | (subtract from total pay hours) |

*I am entitled to and elect :*

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked   LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

Mary W Jeter                                            01-15-06
EMPLOYEE SIGNATURE                                      Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 85 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Teen Court responsibilities

Garry R. Howell Dept Head                              01-15-06
Appointing Authority                                    Date

APPROVAL: _____
Per 300    Administrator, County Commission           Date                    2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _2_ hour(s) overtime for the purpose of _Youth Court telephone Calls_

Overtime is to be worked on _Jan 4, 2005_

| Name | (Check One) |
|------|-------------|
| _Mary W Jeter_ | Pay _____ Comp Time ✓ |

_Comp 2 hrs at Reg_

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_3_____ hour(s) overtime for the purpose of _Youth Court_
_Wanted with kids for parent return_
_to one child home;_

Overtime is to be worked on _Jan 5, 2005_ .

| Name | | (Check One) |
| | | Pay | Comp Time |

_Maryurgeter_

Comp 3 hrs at ~~Comp~~
Reg

_____    _____
                    Signature of Employee

                    YOUTH FACILITY
                    Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: _Mary Teter (Juv. Prob. Off. I)_, YOUTH FACILITY

_____(Employee)_____  _____(Classification)_____  _____(Department)_____

Pay Period Beginning __01/16/06__      Ending __01/29/06__

I am a  (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___ employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 16  H— | 23  8 | A - Annual leave | |
| TUESDAY | 17  8.5 | 24  8 | S - Sick Leave | |
| WEDNESDAY | 18  4/45 | 25  8 | C - Compensatory Leave | |
| THURSDAY | 19  12.50 | 26  8 | H - Holiday | |
| FRIDAY | 20  8 | 27  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 21  OFF | 28  OFF | Off Day - Regular Off Day | |
| SUNDAY | 22  OFF | 29  OFF | | |
| TOTAL HOURS | 44.50 | 40 | | |
| ACTUAL WORK HOURS | 44.50 | 40 | | |

_I am entitled to and elect :_

__4.50__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Teter_                                    __01-29-06__
EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __84.50__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_

_Ann R. Howell_                                 __01-29-06__
Appointing Authority  Department Head           Date

APPROVAL: _____

Per 300      Administrator, County Commission          Date          2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
4 ½ _____ hour(s) overtime for the purpose of *Youth Coast*

Overtime is to be worked on *January 19, 2006*

|                | (Check One) |           |
|     Name       |    Pay      | Comp Time |
|                |             |     ✓     |

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

1·20·06
Date

Comp 4.50 at Reg

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

**TO:** MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter Juv. Prob. Off. II , YOUTH FACILITY
        (Employee)          (Classification)          (Department)

Pay Period Beginning 01/30/06          Ending 02/12/06

I am a (4 hr ___) (8 hr X ) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) X Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | *I am entitled to and elect :* |
|---|---|---|---|---|
| MONDAY | 30 7/1C | 6 8C | A - Annual leave | 12 hours of compensatory time to be given at straight time. |
| TUESDAY | 31 8S | 7 10 | S - Sick Leave | |
| WEDNESDAY | 1 10 | 8 9.75 | C - Compensatory Leave | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 2 12.50 | 9 9.75 | H - Holiday | |
| FRIDAY | 3 8 | 10 8A | O - Other Paid Leave (explain ) | ___ hours of compensatory time at 1½ times the number of hours. |
| SATURDAY | 4 OFF | 11 OFF | Off Day - Regular Off Day | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SUNDAY | 5 OFF | 12 OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 46.50 | 45.50 | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 37.50 | 29.50 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have underline actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_____          02-12-06
EMPLOYEE SIGNATURE                        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 92.00 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) YOUTH Court + Home Detention Calls

_____          02-12-06
Appointing Authority  Dept. Head          Date

APPROVAL: _____

Per 300      Administrator, County Commission          Date          2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth Count_

_Calls have detention Calls_

Overtime is to be worked on ___2/1/0 6___.

|  | (Check One) |
| Name | Pay | Comp Time |

_Comp 2 hrs at Reg_

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

2.8.06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4/2_____ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on _Feb 2, 2006_____.

(Check One)

|  | Name | | Pay | Comp Time |

_Mary W Jeter_

_Conp · 4.50 hRs at Reg_    _Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Stank_
Signature of Supervisor

**2·8·06**
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth Court_

_Home Detention Calls from office_

Overtime is to be worked on _February 7, 2006_

<table>
<tr><td>Name</td><td colspan="2">(Check One)</td></tr>
<tr><td></td><td>Pay</td><td>Comp Time</td></tr>
<tr><td><em>Mary W Jeter</em></td><td></td><td>✓</td></tr>
</table>

Comp 2 hrs at Reg

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Stwns_
Signature of Supervisor

_2·8·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3.5_____ hour(s) overtime for the purpose of _H.D_ _call_

_____

_____

Overtime is to be worked on __2-8-06 (1.75 hrs) & 2-9-06 (1.75 hrs)__

| Name | (Check One) |
|------|-------------|
| | Pay    Comp Time |

_____Mary V. Jeter_____

8th – 1.75 hrs @ Reg

9th – 1.75 hrs @ Reg

Comp Time: ✓

_Mary Jeter by SW_
Signature of Employee

**YOUTH FACILITY**
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_      _Juv. Probation Off. II_    YOUTH FACILITY
     (Employee)              (Classification)              (Department)

Pay Period Beginning __02/13/06__      Ending __02/26/06__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)    employee.

I am    Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___   employee.

| | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|
| MONDAY | 13 10.25 | 20 H | A - Annual leave | |
| TUESDAY | 14 12.25 | 21 8.25 | S - Sick Leave | |
| WEDNESDAY | 15 10.25 | 22 10.25 | C - Compensatory Leave | |
| THURSDAY | 16 13.25 | 23 10.25 | H - Holiday | |
| FRIDAY | 17 8 | 24 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 18 OFF | 25 OFF | Off Day - Regular Off Day | |
| SUNDAY | 19 OFF | 26 OFF | | |
| TOTAL HOURS | 54 | 44.75 | | |
| ACTUAL WORK HOURS | 54 | 36.25 | | |

*I am entitled to and elect :*

__4.75__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__14__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
      (subtract from total pay hours)

EMPLOYEE CERTIFICATION. I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

X _Mary W. Jeter_                                        __02-26-06__
     EMPLOYEE SIGNATURE                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __98.75__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court_ _& Home Detention Calls_

_Gwen R. Powell_                          __02-26-06__
Appointing Authority   Dept. Head              Date

APPROVAL: _____      _____
Per 300      Administrator, County Commission          Date                    2-2-00



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

4 hrs 30 min hour(s) overtime for the purpose of *Inmate*

*Detention Calls*

*9 calls p/night = 18 calls*

Overtime is to be worked on  2/13 06  /  2/14/06

2.25 hrs  /  2.25 hrs

|  | (Check One) |
|---|---|
| Name | Pay    Comp Time |

*Mary W Jeter*

| 13th | 14th |
|---|---|
| 2.25 hrs @ 1½ X's | 2.25 hrs @ 1½ X's |
| 1.13 (½) (1.12) | 1.13 (½) (1.12) |
| 3.38 hrs | 3.38 hrs |
| Comp 3.37 | Comp 3.37 |

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

*St Will*
Signature of Supervisor

2-22-06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _Feb 14, 2006_

(Check One)

|  | Pay | Comp Time |
|---|---|---|

Name _Mary W Jeter_

2.00 hrs Comp
@ 1½ x's
= 3.00

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

2-22-06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 ½_ _____ hour(s) overtime for the purpose of _Phone_

_Retention Calls )_ _____

_____

Overtime is to be worked on _February 15 + 16 /06_
_(2.25 hrs/ 2.25 hr)_

                                                   (Check One)

| Name | | Pay | Comp Time |
|---|---|---|---|
| _Mary W____th_ | | _____ | ✓ |

**15**th

2.25 hrs @ 1½ X's

1.13 (½)  1.12

3.38 hrs Comp

3.37

---

**16**th

2.25 hrs @ 1½ X's

1.13 (½)  1.12

3.38 hrs

Comp

3.37

---

_Mary W____th_
Signature of Employee

**YOUTH FACILITY**
Department

_S____th_
Signature of Supervisor

_2-22-06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Youth_

_Court._

Overtime is to be worked on _Feb. 16, 2006_

|  | (Check One) |
| Name | Pay | Comp Time |

_Mary Wyatt_

_Comp_

3.00 hrs @ 1½ x's

= 4.50 hrs

_Mary Wyatt_
Signature of Employee

YOUTH FACILITY
Department

_S. Little_
Signature of Supervisor

_2-22-06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

4.75 or 4hrs 45min hour(s) overtime for the purpose of _Home_

_Detention_

Overtime is to be worked on 21/22/23/2006 (2.25 hours/night/ 9 cells/night) .25/2.25/2.25

(Check One)

Pay    Comp Time

**Name**

Mary W Jeter

Comp

21st .25 hrs Reg

22nd 2.25 hrs Reg

23rd 2.25 hrs Reg

Mary W Jeter
Signature of Employee

YOUTH FACILITY
Department

Sturd
Signature of Supervisor

2-21-06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

*had overtime for 2.25 hours for promo retention [2]*
*Calls*

## MONTGOMERY COUNTY
## EMPLOYEE LEAVE REQUEST

*Cannot take leave & accrue*
*Overtime during same day*

| SOCIAL SECURITY NUMBER | NAME (LAST, FIRST, MIDDLE) |
|---|---|
| | Jeter, Mary |

| LEAVE STARTED | | | | | LEAVE ENDED | | | | | TOTAL LEAVE |
|---|---|---|---|---|---|---|---|---|---|---|
| MO | DA | YR | HR | AM/PM | MO | DA | YR | HR | AM/PM | |
| 02 | 21 | 06 | 11:00 | | 02 | 21 | 06 | 01:00 | | 2 |

### CHECK APPROPRIATE TYPE OF LEAVE

ANNUAL ☐       COMPENSATORY ☐

SICK ☑       OTHER   (EXPLAIN) ☐

*Received Credit*
*for .25 hr O.T*
*B.D.*

EXPLANATION: _____

DATE: 2/21/06        SIGNATURE: Mary W Jeter

DATE: 2.22.06        APPROVED: Stewart

          SUPERVISOR    DEPARTMENT HEAD

DEPARTMENT: MCYF        SECTION: _____

Form 101-436

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter _____ Juv Prob Off. II _____ / YOUTH FACILITY
     (Employee)    (Classification)       (Department)

Pay Period Beginning __02-27-06__     Ending __03-12-06__

I am a   (4 hr ___)   (8 hr X )   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) X   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 27 9.25 | 6 2.25 / 3.75A | A - Annual leave | |
| TUESDAY | 28 11.25 | 7 12.25 | S - Sick Leave | |
| WEDNESDAY | 01 13 | 8 12.50 | C - Compensatory Leave | |
| THURSDAY | 2 11.25 | 9 10.25 | H - Holiday | |
| FRIDAY | 3 8 | 10 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 4 OFF | 11 OFF | Off Day - Regular Off Day | |
| SUNDAY | 5 OFF | 12 OFF | | |
| TOTAL HOURS | 52.75 | 51 | | |
| ACTUAL WORK HOURS | 52.75 | 45.25 | | |

*I am entitled to and elect :*

__5.75__ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__18__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement positions, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

X _Mary W Jeter_ _____         __03-12-06__
      EMPLOYEE SIGNATURE                      Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __103.75__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Home Detention Calls, Youth Court Calls & Youth Court_

__Gary R. Powell___ Dept. Head                __03-12-06__
Appointing Authority                            Date

APPROVAL: _____              _____
Per 300    Administrator, County Commission                Date                  2/2/00

 

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_5 (1.25 per day)_ hour(s) overtime for the purpose of _Home_

_Detention  5 cases each night_

_5 calls/night @ 15 min/call = 1¼ hrs/night × 4 nights = 5 hrs._

Overtime is to be worked on _2/27/06 — 3/2/06_.

_Monday_            _Thursday_
_2/28/06 Tues.    3/1/06 Wed._

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| _Mary W Oates_ |  | ✓ |

_5.00 hrs. @ 1½ X's_
_= 7.50 hrs_

_____
Signature of Employee

YOUTH FACILITY
Department

_Suvd_
Signature of Supervisor

| _27th_ | _28th_ | _1st_ | _2nd_ |
|--------|--------|-------|-------|
| _1.88_ | _1.88_ | _1.87_ | _1.87_ |

_3-5-06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of *Youth*

*Court Scheduling Calls*

Overtime is to be worked on _Tuesday ~~Wednesday~~ 28th Feb/06_

|  | (Check One) |
|---|---|
| Name | Pay    Comp Time |
| *Mary W Jeter* | ___✓___ |
| 2 hr. @ 1½ X's = | *Mary W Jeter* |
| 3 hrs. | Signature of Employee |
|  | YOUTH FACILITY |
|  | Department |
|  | *Stubbs* |
|  | Signature of Supervisor |
|  | *3.5.06* |
|  | Date |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

3.75 _3 hrs 45 min_ hour(s) overtime for the purpose of _Youth Court Calls_

Overtime is to be worked on _Wed. March 1, 2006_ .

| Name | (Check One) |  |
|---|---|---|
| _Mary W Jeter_ | Pay | Comp Time |
|  |  | ✓ |

3.75 @ 1½ X's =

5.63 hr.

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St web_
Signature of Supervisor

_3.5.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on _March 2, 2006_

|  | (Check One) |
| Name | Pay    Comp Time |

2.0 hrs @ 1½ x's =

3 hrs.

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

3·5·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

②

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_9 6.75_ _Bel_ hour(s) overtime for the purpose of _Inmate Detention_

9 cells / night @ 15 min / cell = 2 ¼ hrs / night × 4 nights = 9 hrs .
(2.25)

Ⓑ② Overtime is to be worked on _March 6 mon — March 9 Thursday_
 9.00 hrs                        7 & 8
 − 2.25 (on 3/6/06 on leave) only charged 5.75 hrs A/L
 6.75 hrs

|  |  | (Check One) |
|---|---|---|
| **Name** | Pay | **Comp Time** |

_Mary Wyter_                                     ✓

1.50 hr @ Reg = 1.50                _Mary Wyter_
                                     Signature of Employee
5.25 hrs @ 1½ × 5 = 7.87
                                     **YOUTH FACILITY**
7th        8th        9th              Department
4.13      2.62      2.62            _Stwrt_
                                     Signature of Supervisor
                                      3.10.06
                                        Date

                                     7th — 2.25
APPROVED:                            8th — 2.25
                                     9th — 2.25
_____
  Appointing Authority/Department Head

_____
           Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth Court_

_8 calls @ 15 min / call_

Overtime is to be worked on _Tuesday_ _March 7 /06_.

| Name | | (Check One) | |
| --- | --- | Pay | Comp Time |

_Maryw Jeter_

_2.00 hrs @ Reg_                                   _____/_____

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department
_St Willis_
Signature of Supervisor
_3.10 · 06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

2.25  _2hrs 15 min_ hour(s) overtime for the purpose of _Youth Court_

_9 calls @ 15 min / call_

Overtime is to be worked on _March 8 / 06_   _7pm 9 15 pm_

|  | (Check One) |  |
|---|---|---|
| <u>Name</u> | Pay | <u>Comp Time</u> |
| _Mary W Jeter_ | | ✓ |
| 2.25 hrs @ Reg | | |
| | _Mary W Jeter_ | |
| | Signature of Employee | |
| | <u>YOUTH FACILITY</u> | |
| | Department | |
| | _St and_ | |
| | Signature of Supervisor | |
| | _3.10.06_ | |
| | Date | |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM : Mary Jeter       Juv. Prob. Off. II  /  YOUTH FACILITY
           (Employee)        (Classification)         (Department)

Pay Period Beginning  3-13-06          Ending  3-26-06

I am a   (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___  Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 13 | 9 | 20 1/7A | A - Annual leave | |
| TUESDAY | 14 | 11 | 21 1/7A | S - Sick Leave | |
| WEDNESDAY | 15 | 12.75 | 22 1/7A | C - Compensatory Leave | |
| THURSDAY | 16 | 12.50 | 23 1/7A | H - Holiday | |
| FRIDAY | 17 | 8 | 24 8A | O - Other Paid Leave (explain ) | |
| SATURDAY | 18 | OFF | 25 OFF | Off Day - Regular Off Day | |
| SUNDAY | 19 | 1 | 26 OFF | | |
| TOTAL HOURS | | 54.25 | 40 | | |
| ACTUAL WORK HOURS | | 54.25 | 4 | | |

*I am entitled to and elect* :

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

14.25 hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1

REGULAR WORK DAYS: Indicate number of hours worked   LEAVE WITH PAY DAYS: Indicate number of hours and type of leave.

X  Mary W. Jeter                                     3/26/06
        EMPLOYEE SIGNATURE                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  94.25  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) home detention calls
& Youth Court
                                                      3/26/06
   Bruce R. Howell  Dept. Head                        Date
Appointing Authority

APPROVAL·
Per 300      Administrator, County Commission          Date              2/3.00



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Inmate Retention_

_(4 calls @ 15 minutes / call)_

Overtime is to be worked on _3/13/06_ .

<table>
<tr><td align="center">Name</td><td colspan="2" align="center">(Check One)</td></tr>
<tr><td></td><td align="center">Pay</td><td align="center">Comp Time</td></tr>
<tr><td>_Margretter_</td><td>✓</td><td></td></tr>
</table>

1 hr. @1½ pay

3/19/06

1.00 @ 1½ X's

_Mary etter_
Signature of Employee

**YOUTH FACILITY**
Department

_Stutts_
Signature of Supervisor

3.17.06
Date

Sunday — Thursday
March 19 – 23, 2006
1 hr per day

1 hr O.T. on 3/19/06

1hr leave cancelled out on
20th – 23rd

NOTE:    In a
Certification must

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home detention_

_(4 calls @ 15 minutes/call)_

Overtime is to be worked on _3/14/06_

Name

1 hr. @ 1½ pay

(Check One)

Pay ✓ Comp Time

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

3.17.06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____ *2* _____ hour(s) overtime for the purpose of *Youth Court* *(8 calls @ 15 minutes / call)*

Overtime is to be worked on *March 14/06*

|  | (Check One) |
|---|---|
| Name | Pay        Comp Time |
| *Marywether* | ✓ |
| 2 hr. @ 1½ pay | *Maryweather* |
|  | Signature of Employee |
|  | YOUTH FACILITY |
|  | Department |
|  | _____ |
|  | Signature of Supervisor |
|  | _____ |
|  | Date |

APPROVED

_____
Appointing Authority/Department Head

_____
Date

NOTE.    In and out time must be on sign-in sheet time card and the Overtime Certification must be signed to receive credit for overtime.

FORM 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home_

_Detention_ (4 calls @ 15 minutes / call)

Overtime is to be worked on ___3/15/06___

|  |  |
|---|---|
| **Name** | (Check One) |
| *Mary Jeter* | Pay ✓    Comp Time |
| 1 hr. @ 1½ pay | *Mary W Jeter* |
|  | Signature of Employee |
|  | YOUTH FACILITY |
|  | Department |
|  | *St. Luth* |
|  | Signature of Supervisor |
|  | 3·17·06 |
|  | Date |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____

_____ 3 hrs 45 _____ hour(s) overtime for the purpose of *Youth Court*

*(15 calls @ 15 miles/call)*

Overtime is to be worked on *March 15/06*

|  | (Check One) |
|---|---|
| <u>Name</u> | Pay ✓ Comp Time |
| *Mary W Oates* | _____ _____ |
| 3.75 hr. @ 1½ pay | *Mary W Oates* |
|  | Signature of Employee |
|  | YOUTH FACILITY |
|  | Department |
|  | _____ |
|  | Signature of Supervisor |
|  | _____ |
|  | Date |

APPROVED.

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM 101-454



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 1/2_ hour(s) overtime for the purpose of _Youth Court Session_

Overtime is to be worked on _March 16 / 06_

Name

_Mary W Jeter_

4.5 hrs @ 1 1/2 pay

(Check One)

Pay ✓   Comp Time

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Sb into_
Signature of Supervisor

_3.17.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION
                                    Juvenile Probation
FROM: Mary Jeter        1 Officer #        , YOUTH FACILITY
        (Employee)         (Classification)         (Department)

Pay Period Beginning March 27, 2006    Ending April 9, 2006

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am  Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___ employee.

| | | 1ST WEEK | 2ND WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 27 | 9 | 3  9 | A - Annual leave | |
| TUESDAY | 28 | 9 | 4  9 | S - Sick Leave | |
| WEDNESDAY | 29 | 12.5 | 5  7.5 | C - Compensatory Leave | |
| THURSDAY | 30 | 12 | 6  7.5 | H - Holiday | |
| FRIDAY | 31 | 8 | 7  8 | O - Other Paid Leave (explain) | |
| SATURDAY | 1 | OFF | 8 OFF | Off Day - Regular Off Day | |
| SUNDAY | 2 | OFF | 9 OFF | | |
| TOTAL HOURS | | 50.50 | 42 | | |
| ACTUAL WORK HOURS | | 50.50 | 28 | | |

I am entitled to and elect:

_2_ hours of compensatory time to be given at straight time.

___ hours of overtime pay at my regular rate of pay.

_2_ hours of compensatory time at 1½ times the number of hours.

_10.50_ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave.
(subtract from total pay hours)

EMPLOYEE CERTIFICATION   I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions Ala. Code § 36-21-4.1

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave
Mary W Jeter                                        April 10, 2006
        EMPLOYEE SIGNATURE                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _93.50_ actual work hours and is entitled overtime compensation. This overtime was required for the following reason(s) Youth Court + home detention calls.

Glenn R. Harrell                              4-9-06
Appointing Authority   Dept. Head                        Date

APPROVAL _____                    _____
300      Administrator, County Commission              Date              2 200





MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____/_____ hour(s) overtime for the purpose of _____*Home*_____

_____*Detention*_____

(4 calls @ 15 min/call)

Overtime is to be worked on _____*March 27/06*_____

(Check One)

Pay ✓    Comp Time

_____*Name*_____

1.00 hr Pay @ 1½ x's

_____*Signature of Employee*_____

YOUTH FACILITY
Department

_____*Signature of Supervisor*_____

_____*4·6·06*_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_1_ hour(s) overtime for the purpose of _Home_

_detention_

(4 calls @ 15 min/call)

Overtime is to be worked on _March 28/06_ .

Name
_Mary Jeter_
PAY
1.00 hr @ 1½X's

(Check One)

Pay          Comp Time
✓

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St. Tyler_
Signature of Supervisor

_4.7.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

①

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3½_ hour(s) overtime for the purpose of _YouthCourt_
_phone Calls for Court_

Overtime is to be worked on _March 29, 2006_ .

| | (Check One) | |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Jeter_ | ✓ | |
| PAY | | |
| 3.50 hrs @ 1½ X's | _Mary Jeter_ |
| | Signature of Employee |
| | YOUTH FACILITY |
| | Department |
| | _St Jeter_ |
| | Signature of Supervisor |
| | _4·7·06_ |
| | Date |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



①

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 1 _____ hour(s) overtime for the purpose of _Home_

_Detention_

(4 cells @ 15 min/each)

Overtime is to be worked on _March 29, 2006_.

| Name | (Check One) |
|------|-------------|
| _Mary Potter_ | Pay    Comp Time |
| PAY | ✓ |
| 1.00 hr @ 1½ x's | |

_Mary Potter_
Signature of Employee

YOUTH FACILITY
Department

_St Porter_
Signature of Supervisor

4·6·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3_____ hour(s) overtime for the purpose of _Youth Court_

_____

Overtime is to be worked on _March 30, 2006_.

·Came in late this day- mws rted two shr signed
in at f-time)
(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| *Mary Ogten* | ✓ | |

PAY
3.00 hrs @ 1½ x's

_Mary Ogten_
Signature of Employee

YOUTH FACILITY
Department

_St toto_
Signature of Supervisor

_4.3.06._
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home_

_Detention_

_4 (calls @ 15 min / call)_

Overtime is to be worked on _March 30/06_ .

| Name | (Check One) |
| | Pay        Comp Time |

_Mary W Oter_

1.00 hr @ 1½ X's

_Mary Oter_
Signature of Employee

YOUTH FACILITY
Department

_St ___
Signature of Supervisor

_4-6-06_
Date

APPROVED: 

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

②

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home Detention_

_____

_____

Overtime is to be worked on _April 3 / 06_ .

| Name | (Check One) |
|------|-------------|
| | Pay · Comp Time |

_Maryw Jeter_                  ✓

1 hr. @ reg. = 1.0 hr.

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Sp Lute_
Signature of Supervisor

_4.7.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home_

_detention_

Overtime is to be worked on _April 4 / 06_ .

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Peter_ | _____ | ____✓____ |

1 hr. @ reg. = 1.0 hr.

_Mary W Peter_
Signature of Employee

YOUTH FACILITY
Department

_4.7.06_
Signature of Supervisor

_St Luther_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

*On sick leave - shown as 1hr. worked 4/5/06*

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home Detention_

_____

_____

Overtime is to be worked on _April 5/06_____

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| Mary W __ | _____ | ✓ |

_Mary W _____
Signature of Employee

YOUTH FACILITY
Department

_S D _____
Signature of Supervisor

4.7.06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

*On sick leave - shown as 1 hr. worked 4/6/06*

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of *Home Detention*

_____

_____

Overtime is to be worked on *April 6/06* .

| Name | (Check One) |  |
|---|---|---|
|  | Pay | Comp Time |
| *Mary W Jeter* | ____ | ✓ |

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

*SF Cato*
Signature of Supervisor

*4.7.06*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter/Officer II, Juvenile Probation / YOUTH FACILITY
_____(Employee)_____  _____(Classification)_____  _____(Department)_____

Pay Period Beginning _4-10-06_   Ending _4-23-06_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) ___ Partially Exempt (PE) ___ employee.

| | | 1st WEEK | | 2nd WEEK | | |
|---|---|---|---|---|---|---|
| MONDAY | 10 | 8.75 | 17 | 8.75 | A - Annual leave | |
| TUESDAY | 11 | 10.75 | 18 | 8.75 | S - Sick Leave | |
| WEDNESDAY | 12 | 11 | 19 | 10.75 | C - Compensatory Leave | |
| THURSDAY | 13 | 10.5 | 20 | 8.75 | H - Holiday | |
| FRIDAY | 14 | 8 A | 21 | 8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 15 | OFF | 22 | OFF | Off Day - Regular Off Day | |
| SUNDAY | 16 | OFF | 23 | OFF | | |
| TOTAL HOURS | | 49 | | 45 | | |
| ACTUAL WORK HOURS | | 41 | | 45 | | |

*I am entitled to and elect*:

_3.8_ hours of compensatory time to be given at straight time.

_4.8_ hours of overtime pay at my regular rate of pay.

_5.0_ hours of compensatory time at 1½ times the number of hours.

_1.0_ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.

(subtract from total pay hours)

EMPLOYEE CERTIFICATION: I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

REGULAR WORK DAYS: Indicate number of hours worked. LEAVE WITH PAY DAYS: Indicate number of hours and type of leave

_Mary Jeter_                                          _April 20, 2006_
EMPLOYEE SIGNATURE                                    Date

APPOINTING AUTHORITY CERTIFICATION: I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _94_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court + home detention calls_

_Gary R. Harwell_   Dept. Head                        _4/21/06_
Appointing Authority                                   Date

APPROVAL: _____   _____
300    Administrator, County Commission            Date                      2/2/00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_45 min_ hour(s) overtime for the purpose of _Three Detention_

_( 3 cells @ 15 min / call )_

Overtime is to be worked on _Monday April 10, 2006._

(Check One)

|  | Pay | Comp Time |
|---|---|---|

Name

_Mary Wfter_

_Signature of Employee_

.75 x reg  =

.75 hr.

YOUTH FACILITY
Department

_St W_
Signature of Supervisor

_4.19.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

___45 min___ hour(s) overtime for the purpose of _Home Detention_

_(3 calls X 15 min/call 👁)_

Overtime is to be worked on _Tuesday April 11, 2006_

Name                                                    (Check One)
                                                    Pay        Comp Time
_Mary W Jeter_                                              ✓

                                        _St Watts for Mary W Jeter_
- .75 X Reg.                              Signature of Employee
.75 hr.
                                        YOUTH FACILITY
                                            Department
                                        _St Watts_
                                        Signature of Supervisor

                                        _4.19.06_
                                            Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____

___2___ hour(s) overtime for the purpose of _Youth_

_Court_ ( 8 call e 15 hour call )

Overtime is to be worked on _April 11, 2006_

<table>
<tr><td>Name</td><td colspan="2">(Check One)</td></tr>
<tr><td>Mary W. Jeter</td><td>Pay</td><td>Comp Time</td></tr>
<tr><td></td><td></td><td>✓</td></tr>
<tr><td>2 hr. x reg.</td><td colspan="2">Mary W Jeter<br>Signature of Employee</td></tr>
<tr><td>2 hr.</td><td colspan="2">YOUTH FACILITY<br>Department</td></tr>
<tr><td></td><td colspan="2">St at<br>Signature of Supervisor</td></tr>
<tr><td></td><td colspan="2">4-19-06<br>Date</td></tr>
</table>

APPROVED.

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM· 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____

_____3_____ hour(s) overtime for the purpose of _Youth_

_Court_ (12 calls @ 15 min / call)

Overtime is to be worked on _April 12, 2006_

Name _Mary W. Jeter_

1 hr. @ 1½ X's pay =
1.5 hrs. pay

2 hr. @ reg pay =
2 hr. pay

(Check One)
Pay ✓        Comp Time

Signature of Employee _Mary W Jeter_

YOUTH FACILITY
Department

Signature of Supervisor _St water_

Date _4·19·06_

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-454



# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth_

_Court Session_

Overtime is to be worked on _April 13 Thursday 06_

|  | (Check One) |
|---|---|
| Name | Pay ___ Comp Time |
| _Mary W Jeter_ | ✓ |
| 2.5 hr. @ reg. pay: | _Mary W Jeter_ |
| 2.5 hr pay | Signature of Employee |

YOUTH FACILITY
Department

_St uah_
Signature of Supervisor

_4/19/06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_45 min_ hour(s) overtime for the purpose of _Home_

_Detention    (3 calls @ 15 mm/call)_

Overtime is to be worked on _April 17, 2006_.

|  | (Check One) |
|---|---|
| Name | Pay        Comp Time |

_Mary W Jeter_                         ✓

. 78 x 1.5 x's =
1.13 hr.

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St with_
Signature of Supervisor

_4.14.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_45 min_ hour(s) overtime for the purpose of _Home Detention_

_(3 calls @ 15 min/call)_

Overtime is to be worked on _April 18, 2006_

| Name | (Check One) |
| --- | --- |
| | Pay    Comp Time |
| _Marynn Jeter_ | ✓ |

.75 x 1.5 x's =
1.13 hr.

_Marynn Jeter_
Signature of Employee

__YOUTH FACILITY__
Department

_St Curtis_
Signature of Supervisor

_4.19.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_45 min_ hour(s) overtime for the purpose of _Home Detention_

_(3 calls @ 15 min / call)_

Overtime is to be worked on _April 19, 2006_.

<table>
<tr><td>Name</td><td>(Check One)</td></tr>
<tr><td></td><td>Pay     Comp Time</td></tr>
</table>

Name: _Mary W Jeter_

.75 x 1.5 x's =
1.13 hr.

Pay _____  Comp Time ✓

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

4.19.06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_45 min_ hour(s) overtime for the purpose of _Home Detent_
_(3 calls @ 15 mn/ call)_

Overtime is to be worked on _April 20, 2006_.

|  | (Check One) |  |
| Name | Pay | Comp Time |
| _Mary W ster_ |  | ✓ |

.75 x 1.5 x's =
1.13 hr.

_Mary W ster_
Signature of Employee

__YOUTH FACILITY__
Department

_S cht_
Signature of Supervisor

_4.19.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of *Youth Court*

*(8 calls @ 15 min/call)*

Overtime is to be worked on *April 19, 2006* .

|  | (Check One) |
|---|---|
| | Pay    Comp Time |

Name
_Mary W Peter_

2 hr. x 1.5 x's =
3 hr.

_Mary W Peter_
Signature of Employee

__YOUTH FACILITY__
Department

_Scott_
Signature of Supervisor

_4·18·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

**TO:** MONTGOMERY COUNTY COMMISSION

**FROM:** Mary Jeter / Juvenile Probation Officer II / YOUTH FACILITY

      (Employee)      (Classification)      (Department)

**Pay Period Beginning** 4/24/06     Ending 5/7/06

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY 24 | H/.50 | 8.5 | A - Annual leave | |
| TUESDAY 25 | 10.5 | 8.5 | S - Sick Leave | |
| WEDNESDAY 26 | 13.5 | 3 8.5 | C - Compensatory Leave | |
| THURSDAY 27 | 11.25 | 4 12.5 | H - Holiday | |
| FRIDAY 28 | 7 / 15 | 5 / 8 | O - Other Paid Leave (explain ) | |
| SATURDAY 29 | OFF | 6 OFF | Off Day - Regular Off Day | |
| SUNDAY 30 | OFF | 7 OFF | | |
| TOTAL HOURS | 51.75 | 46 | | |
| ACTUAL WORK HOURS | 42.75 | 46 | | |

*I am entitled to and elect :*

**6.75** hours of compensatory time to be given at straight time.

**2.25** hours of overtime pay at my regular rate of pay.

**2** hours of compensatory time at 1½ times the number of hours.

**6.75** hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1

REGULAR WORK DAYS: Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave

Mary W Jeter          May 5, 2006
   EMPLOYEE SIGNATURE          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **97.75** actual work hours and is entitled overtime compensation. This overtime was required for the following reason(s) home detention calls & youth court

Ben R. Howell          5/8/06
Signature Authority   Dept Head         Date

APPROVAL _____        _____
360    Administrator, County Commission       Date       2-2-00

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_30 min_ hour(s) overtime for the purpose of _Home Detention_
_Calls_ _(2 calls @ 15 min/call)_

Overtime is to be worked on _April 24, 2006_ .

|  | (Check One) |
| Name | Pay    Comp Time |

_Mary Jeter_

.5 h. @ reg. =
.5 h.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St rts_
Signature of Supervisor

3.31.6
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sig[...]
Certification must be signed to receive credit for[...]

FORM: 101-434

17.75
WK. 1                     WK 2
6.75 C                    4P O.T
2.75 P 1½x's              2.00C OT
2.25 P straight

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_30 min_ hour(s) overtime for the purpose of _Home Detention Calls_ (2 calls @ 15 min/call)

Overtime is to be worked on _April 25, 2006_.

| Name | (Check One) |
| --- | --- |
| _Mary Jett_ | Pay    Comp Time |
|  | ✓ |
| .5 h. @ reg = | _Mary Jett_ |
| .5 h. | Signature of Employee |
|  | YOUTH FACILITY |
|  | Department |
|  | _Jett Stith_ |
|  | Signature of Supervisor |
|  | 3.4.6 |
|  | Date |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2 hours_ hour(s) overtime for the purpose of _Youth Court_
_(8 calls @ 15 min / call)_

Overtime is to be worked on _Tuesday April 25, 2006_.

| | (Check One) |
| Name | Pay | Comp Time |

_Mary W. Jeter_

2 hr. @ 1½ x's =
3 hr.

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

_[signature]_
Signature of Supervisor

_3·4·6_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _30 min_ hour(s) overtime for the purpose of _Home Detention Calls (2 call @ 15 min / call)_

Overtime is to be worked on _April 26, 2006_ .

<table>
<tr><td align="center">Name</td><td colspan="2" align="center">(Check One)</td></tr>
<tr><td></td><td align="center">Pay</td><td align="center">Comp Time</td></tr>
<tr><td>_Maryw Jeter_</td><td></td><td align="center">✓</td></tr>
</table>

_Maryw Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St (in_
Signature of Supervisor

_3.4.6_
Date

.5 hr @ 1½ × Reg =
.50

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____5_____ hour(s) overtime for the purpose of *Youth Court Calls 15 min per call 20 calls Names Can be provided*

Overtime is to be worked on *Wednesday April 26 2006*

Name _____*Marywjeter*_____

5 hr. @1½x's pay =
7.5 hr. pay

(Check One)

Pay ✓    Comp Time

_____*Marywjeter*_____
Signature of Employee

YOUTH FACILITY
Department

_____*St wts*_____
Signature of Supervisor

3.4.6
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_2.75_ hour(s) overtime for the purpose of _Youth Court (youth court session)_

Overtime is to be worked on _Thursday April 27, 2006_

|  | (Check One) |  |
| :---: | :---: | :---: |
| Name | Pay | Comp Time |

_Mary Jeter_

_Reg_
2.75 @ whichever
2.75
TOTAL.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St. (illegible)_
Signature of Supervisor

3.4.6
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_30 min_ hour(s) overtime for the purpose of _Mora_

_Detention calls    ( 2 ills @ 15 min all)_

Overtime is to be worked on _April 27, 2006_ .

|  | (Check One) |  |
| Name | Pay | Comp Time |

_Mary W Jeter_

Reg

5 hr @ 50 x's

.50

.25 hr

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Sb Coln_
Signature of Supervisor

_3.4.6_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_30 min_ hour(s) overtime for the purpose of _Home_ _Detention Calls. (2 calls @ 15 mm/call)_

Overtime is to be worked on _May 1, 2006_

<table>
<tr><td align="center"><u>Name</u></td><td colspan="2" align="center">(Check One)</td></tr>
<tr><td></td><td align="center">Pay</td><td align="center"><u>Comp Time</u></td></tr>
</table>

_Mary W Potter_

.5 hrs @ 1½ x's =
.75 1.

_Mary W Potter_
Signature of Employee

<u>YOUTH FACILITY</u>
Department

_S D Smith_
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_30 min_ hour(s) overtime for the purpose of _Home_
_Detention Calls_ ( _2 calls @ 15 m / call_ )

Overtime is to be worked on _May 2, 2006_.

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Marynn Jeter_ |  | ✓ |

_5 h. @ 1½ X's =_
_.75 h._

_Marynn Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Stial_
Signature of Supervisor

_5·5·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

②

## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_30 min_ hour(s) overtime for the purpose of _Home Detention Calls_  ( 2 calls @ 15 mi / call )

Overtime is to be worked on _May 3, 2006_ .

| | (Check One) |
| Name | Pay | Comp Time |

.5 hr. @ 1½ X's =
.75 hr.

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

5·5·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
_30 min_ hour(s) overtime for the purpose of _Home_
_Detention Calls_ (2 calls @ 15 min/call)

Overtime is to be worked on _May 4, 2006_.

| Name | (Check One) | |
| | Pay | Comp Time |
| _Mary w Jeter_ | | ✓ |

05 hr. @ 1½ x's =
.75 hr.

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S h itta_
Signature of Supervisor

5-5-06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434



### MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work
_4_ hour(s) overtime for the purpose of _Youth_
_Court_ _(n.c. session)_

Overtime is to be worked on _May 4, 2006_ .

|        |   (Check One) |
|--------|---------------|
| Name   | Pay    Comp Time |
| *Mary W Jeter* | ✓ |

4 hr. @ 1½ x's pay =
6 hr. pay

_Mary W. Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St Witt_
Signature of Supervisor

_5·5·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter / Officer II / YOUTH FACILITY
          (Employee)        (Classification)        (Department)
                        Juvenile Probation

Pay Period Beginning May 8, 2006 Ending May 21, 2006

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am Exempt (E) ___ Non-exempt (NE) _X_ Partially Exempt (PE) ___ employee.

| | 1st WEEK | 2nd WEEK | | |
|---|---|---|---|---|
| MONDAY | 8   .5   7.55 | 15   85 | A - Annual leave | |
| TUESDAY | 9   8.5 | 16   85 | S - Sick Leave | |
| WEDNESDAY | 10   8 | 17   85 | C - Compensatory Leave | |
| THURSDAY | 11   85 | 18   85 | H - Holiday | |
| FRIDAY | 12   85 | 19   85 | O - Other Paid Leave (explain) | |
| SATURDAY | 13   OFF | 20   OFF | Off Day - Regular Off Day | |
| SUNDAY | 14   OFF | 21   OFF | | |
| TOTAL HOURS | 40.5 | 40 | | |
| ACTUAL WORK HOURS | 16.5 | -0- | | |

I am entitled to and elect :

_0.50_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-41.

*REGULAR WORK DAYS:* Indicate number of hours worked *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.
                                                            5/30/06

Mary Jeter
   EMPLOYEE SIGNATURE                                  Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 legislature of Alabama do hereby certify that this employee has been on duty _80_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) home detention calls

Barry R. Powell
Appointing Authority Dept. Head                           Date   5/21/06

APPROVAL:
300    Administrator, County Commission                       Date              2.2/00

*took 8 hr sick
leave - only charged
7.5 hr after
given credit for
30 minutes*

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _30 Min_ hour(s) overtime for the purpose of _Home Detention_ (2 calls @ 15 min / call)

Overtime is to be worked on _Monday, May 8 / 06_

(Check One)

Pay      Comp Time

Name _Mary W Jeter_     ✓

Signature of Employee _Mary Jeter_

YOUTH FACILITY
Department

Signature of Supervisor

_5.11.06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _30 min_ hour(s) overtime for the purpose of _Home Detention_ _(2 calls @ 15 min / call)_

Overtime is to be worked on _May 9/06_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |

_Mary W Jeter_ ✓

.50 hr @ reg =
.50 hr.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature of Supervisor_

5·11·06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:     MONTGOMERY COUNTY COMMISSION

FROM: Mary Toter     Juvenile Probation Officer II     YOUTH FACILITY
        (Employee)              (Classification)              (Department)

Pay Period Beginning: 06/19/06     Ending: 07/02/06

Type of Employee 1 -   4hrs _____     8hrs  X     11.5hrs _____     Other _____

Type of Employee 2-   Exempt (E) _____     Non-exempt (NE)  X     Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday | 19  8 | 26  8 S | A = Annual Leave |
| Tuesday | 20  10 | 27  0.5 | S = Sick Leave |
| Wednesday | 21  8 | 28  8 | C = Compensatory Leave |
| Thursday | 22  12 | 29  0.5 | H = Holiday |
| Friday | 23  8 | 30  8 | O = Other Paid Leave (explain) |
| Saturday | 24 OFF | 1 OFF | Off Day = Regular Off Day |
| Sunday | 25 OFF | 2 OFF | |
| Total Hours | 46 | 44 | |
| Actual Work Hours | 46 | 36 | |

### I am entitled to and elect

4  Hours of compensatory time to be given at straight time

___ Hours of overtime pay at my regular rate of pay.

6  Hours of compensatory time at 1½ times the number of hours

___ Hours of overtime pay at 1 1/2 times my regular rate of pay.

___ Law Enforcement non-overtime regular pay or holiday pay.

~~Law Enforcement holiday leave (subtract from total pay hours)~~

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280 Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. 1.

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave

Mary W Toter                    7/2/2006
    Employee Signature              Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  90  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)  youth court

Gary R. Howell                    7/2/2006
    Appointing Authority  Dept. Head     Date

APPROVAL: _____     _____
        Administrator, County Commission     Date

Per 300                                                  5/23/2006

**MONTGOMERY COUNTY COMMISSION**
**OVERTIME APPROVAL**

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _Youth_

_Court_____

_____

Overtime is to be worked on _6/20/06_____.

|  | (Check One) |
| Name | Pay    Comp Time |

_Maryw Jeter_

$2^{th} @ 1\frac{1}{2} x's =$

$3 hr$

Signature of Employee

**YOUTH    FACILITY**

Department

Signature of Supervisor

_6·23·06_

Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *1½* _____ hour(s) overtime for the purpose of _Youth Court_

_____

_____

Overtime is to be worked on _June 27, 2006_ .

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| *Mary W. Jeter* | | *1½* |
| | *Mary W Jeter* | |
| 1.5 @ reg = | Signature of Employee | |
| 1.5 hr, | YOUTH FACILITY | |
| | Department | |
| | _____ | |
| | Signature of Supervisor | |
| | _____ | |
| | Date | |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____ *2½* _____ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *June 29, 2006*

| | (Check One) |
| Name | Pay    Comp Time |
| *Mary W Jeter* | ✓ |
| | *Mary W Jeter* |
| | Signature of Employee |
| 2.5 @ reg = | YOUTH FACILITY |
| 2.5 h. | Department |
| | _____ |
| | Signature of Supervisor |
| | _____ |
| | Date |

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Juv. Prob    Youth Facility
      (Employee)    Officer II    (Department)
                    (Classification)

Pay Period Beginning: 7/3/06    Ending: 7/16/06

Type of Employee 1 -    4hrs ____    8hrs ✓    11.5hrs ____    Other ____

Type of Employee 2-    Exempt (E) ____    Non-exempt (NE) ✓    Partially Exempt (PE) ____

| Days | 1st Week | 2nd Week | Type of Leave |
|---|---|---|---|
| Monday 3 | 8 | 6.75 / 6 1.255 | A = Annual Leave |
| Tuesday 4 | A | 11 0 | S = Sick Leave |
| Wednesday 5 | 8 | 12 11 | C = Compensatory Leave |
| Thursday 6 | 8 | 13 9 | H = Holiday |
| Friday 7 | 8 | 14 8 | O = Other Paid Leave (explain) |
| Saturday 8 | OFF | 15 OFF | Off Day = Regular Off Day |
| Sunday 9 | OFF | 16 OFF | |
| Total Hours | 40 | 46 | |
| Actual Work Hours | 32 | 44.75 | |

**I am entitled to and elect**

1.25  Hours of compensatory time to be given at straight time.

____  Hours of overtime pay at my regular rate of pay.

.75   Hours of compensatory time at 1½ times the number of hours

4     Hours of overtime pay at 1 1/2 times my regular rate of pay

____  Law Enforcement non-overtime regular pay or holiday pay

____  Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280. Regular Session 1971. I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167. Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. 1.

Regular Work Days: Indicate number of hours worked  Leave With Pay Days: Indicate number of hours and type of leave.

Mary W. Jeter    7/14/06
Employee Signature    Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 86 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) youth Court duties

_____    7/11/06
Appointing Authority    Date

APPROVAL: _____    _____
          Administrator, County Commission    Date

Per Rev    5 23.2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of *Youth Court*

_____

_____

Overtime is to be worked on *July 11, 2006* .

|  | (Check One) |
| --- | --- |
| Name | Pay    Comp Time |

1.25 hr. @ reg = 1.25

.75 hr. @ 1½ x = 1.13 hr.

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

7.12.06
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3_____ hour(s) overtime for the purpose of *Youth Court Calls (12 calls 15 min each*

Overtime is to be worked on *July 12, 2006* .

| | (Check One) |
|---|---|
| Name | Pay    Comp Time |
| *Mary W Jeter* | ✓ _____ |
| 3 hr @ 1½ x's pay = | *Mary W Jeter* |
| 4.5 hr pay | Signature of Employee |
| | YOUTH FACILITY |
| | Department |
| | _____ |
| | Signature of Supervisor |
| | _____ |
| | Date |

APPROVED:

_____
   Appointing Authority/Department Head

_____
        Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

Calls Made on July 12, 2006

1 Brian Walters
2 Ashley McNiel
Jaylen McNiel
3 Jessica Reese
4 George
Domenique
5 Chip Slawson
6 Stacey Lewis
7 Brittany Thomas
8 Wesley Thornton
Taylor Thanton
9 Barry Lewes
10 Andrea Tucker
11 JoAnn Turner
12 Tywean Taylor

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_1_ hour(s) overtime for the purpose of _Youth_

_Court Session_

Overtime is to be worked on _July 13, 2006_

Name _Mary W Jeter_

(Check One)
Pay ___✓___    Comp Time _____

_Mary W Jeter_
Signature of Employee

1 hr @ 1½ x's pay =

1.5 hr pay

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:     MONTGOMERY COUNTY COMMISSION

FROM:   Mary Jeter        Juv. Prob. Officer #        Youth Facility
        (Employee)         (Classification)              (Department)

Pay Period Beginning: 7/31/06                  Ending: 8/13/06

Type of Employee 1 -   4hrs ____   8hrs ✓   11.5hrs ____   Other _____

Type of Employee 2-   Exempt (E) ____   Non-exempt (NE) ✓   Partially Exempt (PE) ____

| Days | 1st Week | 2nd Week | Type of Leave | |
|---|---|---|---|---|
| Monday    31 | 4A 45 | 9.25 | A = Annual Leave | **I am entitled to and elect** |
| Tuesday   1 | 8 | 8 8 | S = Sick Leave | |
| Wednesday 2 | 8 | 8 | C = Compensatory Leave | 1.28 Hours of compensatory time to be given at straight time. |
| Thursday  3 | 8 | 8 C | H = Holiday | ____ Hours of overtime pay at my regular rate of pay |
| Friday    4 | 7.25 .25 A | 8 C | O = Other Paid Leave (explain) | ____ Hours of compensatory time at 1% times the number of hours |
| Saturday  5 | OFF | OFF | Off Day = Regular Off Day | ____ Hours of overtime pay at 1 1/2 times my regular rate of pay. |
| Sunday    6 | OFF | OFF | | ____ Law Enforcement non-overtime regular pay or holiday pay. |
| Total Hours | 40 | 41.25 | | ____ Law Enforcement holiday leave (subtract from total pay hours) |
| Actual Work Hours | 31.25 | 25.28 | | |

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. I.

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave.

_Mary Jeter_                              _8/14/06_
Employee Signature                         Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 81.25 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court calls

_Ann R. Howell_                           _8/14/06_
Appointing Authority                       Date

APPROVAL: _____        _____
          Administrator, County Commission              Date

Per 5001                                                         5/23/2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

*1 hr. 15 min* hour(s) overtime for the purpose of *Youth Court prep. Calls*

Overtime is to be worked on *August 7, 2006*.

| Name | | (Check One) |
|------|--|-------------|
| *Mary W Otts* | Pay | Comp Time ✓ |

1.25 @ reg -

1.25 h.

*Mary W Otts*
Signature of Employee

YOUTH FACILITY
Department

*S. Twta*
Signature of Supervisor

*8. 8. 06*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Juv Prob. Officer II    Youth Facility
        (Employee)            (Classification)            (Department)

Pay Period Beginning:  08/14/06            Ending:  08/27/06

Type of Employee 1 –   4hrs _____   8hrs ✓   11.5hrs _____   Other _____

Type of Employee 2-   Exempt (E) _____   Non-exempt (NE) ✓   Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday | 14  8 | 21 8 A | A = Annual Leave |
| Tuesday | 15  7 A | 22 9 | S = Sick Leave |
| Wednesday | 16  9 | 23 8 | C = Compensatory Leave |
| Thursday | 17  5 3A | 24 8 C | H = Holiday |
| Friday | 18  8 | 25 8 A | O = Other Paid Leave (explain) |
| Saturday | 19 OFF | 26 OFF | Off Day = Regular Off Day |
| Sunday | 20 OFF | 27 OFF | |
| Total Hours | 41 | 41 | |
| Actual Work Hours | 37 | 16 | |

*I am entitled to and elect*

2  Hours of compensatory time to be given at straight time

_____ Hours of overtime pay at my regular rate of pay.

_____ Hours of compensatory time at 1% times the number of hours

_____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

_____ Law Enforcement non-overtime regular pay or holiday pay.

_____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:**  I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971. I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. 1

Regular Work Days: Indicate number of hours worked  Leave With Pay Days: Indicate number of hours and type of leave.

Mary Jeter                                      8/28/06
    Employee Signature                          Date

**Appointing Authority Certification:**  I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty  8 2  actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s)  Youth Count

Glenn R. Howell                                  8/27/06
    Appointing Authority                          Date

APPROVAL: _____

        Administrator, County Commission            Date

Per 300                                            5/23/2006

**MONTGOMERY COUNTY COMMISSION**
**OVERTIME APPROVAL**

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Youth_

_Court_ _____

_____

Overtime is to be worked on _____8·16·06_____.

**Name**

_Maryn Jeta_

I hi @ reg?

I hr.

(Check One)

Pay        Comp Time

_____      ✓

_Maryn Jetts_

Signature of Employee

**YOUTH    FACILITY**

Department

_Stunga_

Signature of Supervisor

_8-28-06_

Date

APPROVED:

_____

Appointing Authority/Department Head

_____

Date

**NOTE:**    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of *Youth*

*Court*

Overtime is to be worked on *August 22, 2006*

| Name | (Check One) |
|---|---|
| *Mary W. Sites* | Pay        Comp Time |
| | _____   _____ ✓ |
| *1 hr @ reg* | *Mary W. Sites* |
| *1 hr.* | Signature of Employee |
| | YOUTH    FACILITY |
| | Department |
| | *St Int* |
| | Signature of Supervisor |
| | *8.28.06* |
| | Date |

APPROVED:

_____
 Appointing Authority/Department Head

_____
           Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter          Juv. Prob. off II      Youth Facility
        (Employee)              (Classification)              (Department)

Pay Period Beginning: 9/25/06      Ending: 10/8/06

Type of Employee 1 -   4hrs _____   8hrs ✓   11.5hrs _____   Other _____

Type of Employee 2-    Exempt (E) _____   Non-exempt (NE) ✓   Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave | |
|---|---|---|---|---|
| Monday 25 | 8 A | 2 8 | A = Annual Leave | |
| Tuesday 26 | 8 A | 3 10 | S = Sick Leave | ***I am entitled to and elect*** |
| Wednesday 27 | 8 A | 4 8 | C = Compensatory Leave | _____ Hours of compensatory time to be given at straight time. |
| Thursday 28 | 8 | 5 8 | H = Holiday | _____ Hours of overtime pay at my regular rate of pay. |
| Friday 29 | 8 | 6 8 | O = Other Paid Leave (explain) | 2 Hours of compensatory time at 1½ times the number of hours |
| Saturday 30 | OFF | 7 OFF | Off Day = Regular Off Day | _____ Hours of overtime pay at 1 1/2 times my regular rate of pay. |
| Sunday 1 | OFF | 8 OFF | | _____ Law Enforcement non-overtime regular pay or holiday pay. |
| Total Hours | 40 | 42 | | _____ Law Enforcement holiday leave (subtract from total pay hours). |
| Actual Work Hours | 16 | 42 | | |

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280 Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. I.

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave

_Mary W Jeter_                          10/4/06
    Employee Signature                      Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___82___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _teen court calls._

_Ben R. Harrell_                          10/8/06
    Appointing Authority                      Date

APPROVAL: _____          _____
        Administrator, County Commission        Date

Per 300                                      5-25-2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _teen court_

_training calls_ _____

_____

Overtime is to be worked on ___10.3.06___.

| Name | | (Check One) |
| --- | --- | --- |
| | Pay | Comp Time |
| Mary Scton | | X |

2 hr. @ l'/₂ x's =
3 hr.

_____
Signature of Employee

YOUTH     FACILITY
_____
Department

Stuart
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

· 10/5/06
_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:     MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter   Juvi Prob Officer II   Youth Facility
          (Employee)              (Classification)              (Department)

Pay Period Beginning: 10/09/06                    Ending: 10/22/06

Type of Employee 1 -   4hrs ____   8hrs ✓   11.5hrs ____   Other ____

Type of Employee 2-   Exempt (E) ____   Non-exempt (NE) ✓   Partially Exempt (PE) ____

| Days | 1st Week | 2nd Week | Type of Leave |
|---|---|---|---|
| Monday 9 | H | 16 8 S | A = Annual Leave |
| Tuesday 10 | 11.25 | 17 8 C | S = Sick Leave |
| Wednesday 11 | 12.75 | 18 8 | C = Compensatory Leave |
| Thursday 12 | 12.25 | 19 11.75 | H = Holiday |
| Friday 13 | 6 / 2A | 20 8 C | O = Other Paid Leave (explain) |
| Saturday 14 | OFF | 21 OFF | Off Day = Regular Off Day |
| Sunday 15 | OFF | 22 OFF | |
| Total Hours | 52.75 | 43.75 | |
| Actual Work Hours | 42.75 | 19.75 | |

**I am entitled to and elect**

13.75 ____ Hours of compensatory time to be given at straight time.

____ Hours of overtime pay at my regular rate of pay.

____ Hours of compensatory time at 1½ times the number of hours

2.75 ____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

____ Law Enforcement non-overtime regular pay or holiday pay.

____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971. I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4 I.

**Regular Work Days:** Indicate number of hours worked. **Leave With Pay Days:** Indicate number of hours and type of leave.

Mary W. Jeter                              10/23/2006
      Employee Signature                              Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 96.5 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court Training

Ann R. Howell                              10/23/06
      Appointing Authority                              Date

APPROVAL: _____                    _____
              Administrator, County Commission                    Date

Per 300                                                                          5/23/2006

## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

(3.75)  3 hrs 45 mn hour(s) overtime for the purpose of Youth Court

Overtime is to be worked on 10/10/06 .

|                | (Check One) |           |
|     Name       |    Pay      | Comp Time |

Mary W Jeter

2.75 hr. @ 1½ x's = 4.13 hr.

1 hr. @ reg = 1 hr.

3.75 @ reg = 3.75 hr.

Mary W Jeter
Signature of Employee

YOUTH    FACILITY
Department

St wood
Signature of Supervisor

10-20-00
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

(4.75)  _4 hrs 45 min_ hour(s) overtime for the purpose of _Youth_
_Court_

Overtime is to be worked on _10 / 11 / 06_ .

| Name | (Check One) | |
| --- | --- | --- |
| | Pay | Comp Time |
| _Mary W Jeter_ | | ✓ |
| 4.75 hr. @ reg = | | |
| 4.75 hr. | _Mary W Jeter_ | |
| | Signature of Employee | |

YOUTH    FACILITY
Department

_Sb Wat_
Signature of Supervisor

_10 · 20 · 06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:   In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

(4.25) *4 hrs 15 min* hour(s) overtime for the purpose of *Youth*
*Court Training*

Overtime is to be worked on *10/12/06*

|  | (Check One) |  |
|---|---|---|
| __Name__ | Pay | __Comp Time__ |
| *Mary W Jeter* | | ✓ |

1:5   hr @ reg = 1.5 hr.

2.75 hr @ 1½ x's =

4.13 hr.

*Mary W Jeter*
Signature of Employee

__YOUTH    FACILITY__
Department

*Stewart*
Signature of Supervisor

*10-20-06*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_3.45  3.75_ hour(s) overtime for the purpose of _Teen Court_

_training_

Overtime is to be worked on _____ 10 & 19 06_ .

|  | (Check One) | |
|---|---|---|
| _Name_ | Pay | Comp Time |
| _Mary W Jeter_ | _____ | _✓_ |

_Mary W Jeter by Sc_
**Signature of Employee**

3.75 @ reg = 3.75 h

__YOUTH    FACILITY__
**Department**

_S W Pet_
**Signature of Supervisor**

_10 - 20 - 06_
**Date**

APPROVED:

_____
**Appointing Authority/Department Head**

_____
**Date**

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:    MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter    Juv. Prob.    Youth Facility
        (Employee)    off. II    (Department)
                      (Classification)

Pay Period Beginning: 10/23/06 _____    Ending: 11/05/06 _____

Type of Employee 1 -   4hrs _____    8hrs ✓    11.5hrs _____    Other _____

Type of Employee 2-    Exempt (E) _____    Non-exempt (NE) ✓    Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday 23 | 8 | 30 35 | A = Annual Leave |
| Tuesday 24 | 8 | 8 31 | S = Sick Leave |
| Wednesday 25 | 9 | 1 8 | C = Compensatory Leave |
| Thursday 26 | 12.5 | 2 8 | H = Holiday |
| Friday 27 | 8 | 3 8 C | O = Other Paid Leave (explain) |
| Saturday 28 | OFF | 4 OFF | Off Day = Regular Off Day |
| Sunday 29 | Off | 5 Off | |
| Total Hours | 45.5 | 46 | |
| Actual Work Hours | 45.5 | 29 | |

*I am entitled to and elect*

_____ Hours of compensatory time to be given at straight time.

_____ Hours of overtime pay at my regular rate of pay.

5.5    Hours of compensatory time at 1½ times the number of hours

_____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

_____ Law Enforcement non-overtime regular pay or holiday pay.

_____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971. I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave

_Mary E. Jeter_    11/6/06
Employee Signature    Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 85.5 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Youth Court + Seminar

_Ben R. Howell_    11/6/2006
Appointing Authority    Date

APPROVAL: _____    _____
          Administrator, County Commission    Date

Rev 3/01    5-23-2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Youth_

_Court_

Overtime is to be worked on _October 25, 2006_ .

Name _Mary W Jeter_

1 hr @ 1 1/2 x's =
1.5 hr

(Check One)

Pay          Comp Time

_____        _✓_____

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_10·27·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_4 ½_ hour(s) overtime for the purpose of _Youth_

_Court_ _____

Overtime is to be worked on _October 26, 2006_ .

| Name | (Check One) | |
|------|-----|-----------|
| | Pay | Comp Time |
| _Mary W. Jeter_ | | ✓ |

4.5 hr. @ 1 ½ x's –
6.75 hr.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S. Webb_
Signature of Supervisor

_10·27·06_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:     MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter     Juv, Prob.     Montgomery County Youth Facility
_____     Off. II     _____
(Employee)     (Classification)     (Department)

Pay Period Beginning: 4/23/07          Ending: 5/6/07

Type of Employee 1 -     4hrs _____     8hrs ✓     11.5hrs _____     Other _____

Type of Employee 2-     Exempt (E) _____     Non-exempt (NE) ✓     Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday 23 | H | 8 3c | |
| | | | A = Annual Leave |
| Tuesday 24 | 10 | 8 | S = Sick Leave |
| Wednesday 25 | 10 | 5.75 C / 2.25 C 3 | C = Compensatory Leave |
| Thursday 26 | 12 | 8 | H = Holiday |
| Friday 27 | 8 | 8 4 | O = Other Paid Leave (explain) |
| Saturday 28 | OFF | OFF 5 | Off Day = Regular Off Day |
| Sunday 29 | OFF | OFF 6 | |
| Total Hours | 48 | 40 | |
| Actual Work Hours | 40 | 37.25 | |

*I am entitled to and elect*

8 — Hours of compensatory time to be given at straight time.

___ Hours of overtime pay at my regular rate of pay.

___ Hours of compensatory time at 1% times the number of hours

___ Hours of overtime pay at 1 1/2 times my regular rate of pay.

___ Law Enforcement non-overtime regular pay or holiday pay.

___ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280. Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions. over 86 hours in the 14 day work period. I also understand the Act 167. Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4 1

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave

_____     5/7/07
Employee Signature     Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period. and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty 88 actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Holiday on Off day

_____     5/7/2007
Appointing Authority     Date

APPROVAL: _____     _____
Administrator: County Commission     Date

Per 300     5 23-2006

**MONTGOMERY COUNTY COMMISSION**
**OVERTIME APPROVAL**

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of *Worked*

~~on duty~~ / *Holiday* fill on day off .

Overtime is to be worked on *Monday April 23, 2007*

<table>
<tr><td><u>Name</u></td><td colspan="2">(Check One)</td></tr>
<tr><td></td><td><u>Pay</u></td><td><u>Comp Time</u></td></tr>
<tr><td><i>Mary W Jeter</i></td><td></td><td>✓</td></tr>
<tr><td>8 hr. @ reg –</td><td colspan="2"><i>Mary W Jeter</i></td></tr>
<tr><td>8 hr.</td><td colspan="2">Signature of Employee</td></tr>
</table>

<u>YOUTH    FACILITY</u>

Department

Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

**NOTE:**    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

**FORM: 101-434**

# OVERTIME CERTIFICATION

TO:      MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_    _Juv. Prob. off. II_    Youth Facility _____
          (Employee)              (Classification)              (Department)

Pay Period Beginning: _5/7/07_              Ending: _5/20/07_

Type of Employee 1 -  4hrs _____  8hrs ✓  11.5hrs _____  Other _____

Type of Employee 2-  Exempt (E) _____  Non-exempt (NE) ✓  Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday | 7  8 | 8  5 ^14 | A = Annual Leave |
| Tuesday | 8  13 | 8 ^15 | S = Sick Leave |
| Wednesday | 9  12.75 | 8 ^16 | C = Compensatory Leave |
| Thursday | 10  7 | 8 ^17 | H = Holiday |
| Friday | 11  OFF | 8 C ^18 | O = Other Paid Leave (explain) |
| Saturday | 12  OFF | OFF ^19 | Off Day = Regular Off Day |
| Sunday | 13  OFF | OFF ^20 | |
| Total Hours | 40.75 | 40 | |
| Actual Work Hours | 40.75 | 24 | |

*I am entitled to and elect*

_____ Hours of compensatory time to be given at straight time.

_____ Hours of overtime pay at my regular rate of pay.

_0.75_ Hours of compensatory time at 1% times the number of hours

_____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

_____ Law Enforcement non-overtime regular pay or holiday pay.

_____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280. Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167. Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4, I.

Regular Work Days: Indicate number of hours worked  Leave With Pay Days: Indicate number of hours and type of leave.

_Mary W. Jeter_                          _5/21/07_
Employee Signature                          Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period. and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _40.75_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court_

_____                    _5/21/2007_
Appointing Authority                          Date

APPROVAL: _____
               Administrator, County Commission                    Date

Rev 303                                                        5/23/2006

## MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_.75_ hour(s) overtime for the purpose of _Youth Court_

Overtime is to be worked on _May 9, 2007._

| Name | | (Check One) |
|---|---|---|
| | Pay | Comp Time |
| _Mary Jeter_ | | ✓ |

0.75 h @ 1½x's = 1.13 h.

_Mary Jeter_
Signature of Employee

**YOUTH     FACILITY**

Department

_Stott_
Signature of Supervisor

_5-21.07_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

# OVERTIME CERTIFICATION

TO:  MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter          JPO II
_(Employee)_          _(Classification)_     Montgomery County Youth Facility
                                             _(Department)_

Pay Period Beginning: 7/16/07          Ending: 7/29/07

Type of Employee 1 -  4hrs ___  8hrs ✓  11.5hrs ___  Other ___

Type of Employee 2-  Exempt (E) ___  Non-exempt (NE) ✓  Partially Exempt (PE) ___

| Days | 1st Week | 2nd Week | Type of Leave |
|---|---|---|---|
| Monday 16 | 8 | 23 OFF | A = Annual Leave |
| Tuesday 17 | 6-5 1.5 A | 24 11.5 | S = Sick Leave |
| Wednesday 18 | 8 | 25 11.5 | C = Compensatory Leave |
| Thursday 19 | 8 A | 26 12 | H = Holiday |
| Friday 20 | 8 A | 27 8 A | O = Other Paid Leave (explain) |
| Saturday 21 | OFF | 28 OFF | Off Day = Regular Off Day |
| Sunday 22 | OFF | 29 OFF | |
| Total Hours | 40 | 43 | |
| Actual Work Hours | 22.5 | 35 | |

### I am entitled to and elect

__3__ Hours of compensatory time to be given at straight time.

___ Hours of overtime pay at my regular rate of pay.

___ Hours of compensatory time at 1% times the number of hours.

___ Hours of overtime pay at 1 1/2 times my regular rate of pay.

___ Law Enforcement non-overtime regular pay or holiday pay

___ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4. 1.

Regular Work Days: Indicate number of hours worked  Leave With Pay Days: Indicate number of hours and type of leave.

Mary W Jeter          8/28/07
_Employee Signature_          _Date_

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __8.3__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) __teen court__

_Appointing Authority_          7/30/2007     _Date_

APPROVAL: _____          _____
          _Administrator, County Commission_          _Date_

# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____3_____ hour(s) overtime for the purpose of _Teen Court_

_cully_ _____

_____

Overtime is to be worked on _7·24 (1.5 hrs) 7·25 (1.5 hrs)_

|  | (Check One) | |
| --- | --- | --- |
| **Name** | **Pay** | **Comp Time** |

3 hr @ reg = 3 hr.

Signature of Employee

YOUTH        FACILITY

Department

Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

__5/23/07__
/Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

The attached request for overtime covers overtime performed and approved for 1 1/2 hours on July 24 and 25, 2007, for a total of 3 hours. Ms Jeter and I planned for that time to be flexed on Monday, July 30, as we both have been allowed to do in the past, but we failed to notice that the 30th put us into another pay period. Ms Jeter and I are requesting that she receive comp leave to address this oversight.

8-24-07

# OVERTIME CERTIFICATION

TO:     MONTGOMERY COUNTY COMMISSION

FROM: **Mary Jeter        JPO II**     Montgomery County Youth Facility
        (Employee)                    (Classification)              (Department)

Pay Period Beginning: 10/08/2007 _____     Ending: 10/21/2007 _____

Type of Employee 1 -     4hrs _____     8hrs ✓     11.5hrs _____     Other _____

Type of Employee 2-     Exempt (E) _____     Non-exempt (NE) ✓     Partially Exempt (PE) _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday | 8  H/8 | 15 OFF | A = Annual Leave |
| Tuesday | 9  10.5 | 16 10 | S = Sick Leave |
| Wednesday | 10  10 | 17 10 | C = Compensatory Leave |
| Thursday | 11  8 | 18 12 S | H = Holiday |
| Friday | 12  .25c / 7.75 | 4.5 A / 19 3.5 S | O = Other Paid Leave (explain) |
| Saturday | 13  OFF | 20 OFF | Off Day = Regular Off Day |
| Sunday | 14  OFF | 21 OFF | |
| Total Hours | 52.50 | 40 | |
| Actual Work Hours | 44.25 | 20 | |

*I am entitled to and elect*

**8.25** Hours of compensatory time to be given at straight time.

_____ Hours of overtime pay at my regular rate of pay.

**4.25** Hours of compensatory time at 1½ times the number of hours

_____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

_____ Law Enforcement non-overtime regular pay or holiday pay.

_____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

**Regular Work Days:** Indicate number of hours worked. **Leave With Pay Days:** Indicate number of hours and type of leave.

_Mary W Jeter_                          _Oct 26, 2007_
Employee Signature                          Date

**Appointing Authority Certification:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty **72.50** actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _worked on holiday,_ _teen court responsibilities_

_____          _____
Appointing Authority                          Date

APPROVAL:

_____          _____
Administrator, County Commission                          Date

Per 300                                                      5/23/2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _Worked_

_On Holiday preparing for Youth_

_Court._

Overtime is to be worked on _October 8, 2007_

Name

_Mary Oden_

8 @ 1 = 8 hr.

(Check One)

Pay      Comp Time

✓

_Mary Oden_

Signature of Employee

YOUTH    FACILITY

Department

_Stowe_

Signature of Supervisor

_10_

Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *2.5* _____ hour(s) overtime for the purpose of ~~~~~~~~~

~~~~~~~~ *prepping for ten court* _____

_____

Overtime is to be worked on _____ *10·9·07* _____ .

|  | (Check One) |  |
|---|---|---|
| **Name** | Pay | **Comp Time** |
| *Mary John* | _____ | ✓ |

*Mary John by Stev*
Signature of Employee

$2.5 @ 1\frac{1}{2} \times 's = 3.38$    YOUTH   FACILITY

$.25 @ reg = .25$    Department

_____ *Stew*
Signature of Supervisor

$\boxed{3.63}$    *10·22·07*
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _preparing for_

_____teen court_____

_____

Overtime is to be worked on ____10·10·07_____ .

<table>
<tr><td>Name</td><td>(Check One)</td></tr>
<tr><td></td><td>Pay    Comp Time</td></tr>
<tr><td>_Mary Teta_</td><td>_____✓___</td></tr>
<tr><td></td><td>_Mary Teta by Stw_<br>Signature of Employee</td></tr>
</table>

2 hr. @ 1½x's = 3 hr.

YOUTH    FACILITY
_____
Department

_Stworth_
Signature of Supervisor

10·22·07
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

## OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: Mary Jeter          JPO II        Montgomery County Youth Facility
           (Employee)              (Classification)              (Department)

Pay Period Beginning: 11/05/2007          Ending: 11/18/2007

Type of Employee 1 -   4hrs _____   8hrs ✓   11.5hrs _____   Other _____

Type of Employee 2-   Exempt (E) _____   Non-exempt (NE) _____   Partially Exempt (PE) ✓ _____

| Days | 1st Week | 2nd Week | Type of Leave |
|------|----------|----------|---------------|
| Monday | 5 OFF | 12 H | A = Annual Leave |
| Tuesday | 6 10 | 13 10 | S = Sick Leave |
| Wednesday | 7 .25%/9.75 | 14 10 | C = Compensatory Leave |
| Thursday | 8 12 | 15 12 | H = Holiday |
| Friday | 9 .25%/7.75 | 16 8 | O = Other Paid Leave (explain) |
| Saturday | 10 OFF | 17 OFF | Off Day = Regular Off Day |
| Sunday | 11 OFF | 18 OFF | |
| Total Hours | 40 | 48 | |
| Actual Work Hours | 39.5 | 40 | |

### I am entitled to and elect

8  Hours of compensatory time to be given at straight time.

_____ Hours of overtime pay at my regular rate of pay

_____ Hours of compensatory time at 1% times the number of hours

_____ Hours of overtime pay at 1 1/2 times my regular rate of pay.

_____ Law Enforcement non-overtime regular pay or holiday pay.

_____ Law Enforcement holiday leave (subtract from total pay hours).

**Employee Certification:**  I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in correction institutions, over 86 hours in the 14 day work period. I also understand the Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4, 1.

Regular Work Days: Indicate number of hours worked. Leave With Pay Days: Indicate number of hours and type of leave.

_____          _____
        *Employee Signature*                              *Date*

**Appointing Authority Certification:**  I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act number 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___8___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *holiday on off day*

_____          _____
        *Appointing Authority*                            *Date*

APPROVAL:

_____          _____
        *Administrator, County Commission*                  *Date*

Per 300                                                                                5/23/2006

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

*holiday on off day*

_____

Overtime is to be worked on ___*11-12-2007*___

(Check One)

| Name | Pay | Comp Time |
|------|-----|-----------|
| *MARY JETER* | | ✓ |

Signature of Employee

YOUTH    FACILITY

Department

Signature of Supervisor

*10.13.07*

Date

*8@1=8c*

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434



JOHN L CAPELL, III
Circuit Judge,Presiding
ANITA L. KELLY
Circuit Judge
PATRICIA D. WARNER
Circuit Judge
ROBERT T. R BAILEY
Referee
BRUCE R. HOWELL
Court Administrator
MICHAEL C. PROVITT
Detention Director

**FAMILY COURT OF MONTGOMERY COUNTY**
**JUVENILE DIVISION**
**FIFTEENTH JUDICIAL CIRCUIT**

BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F. WOOTEN
Probation Supervisor
DAVID C. BEVERLY
Intake Supervisor
CHARLES GLASSCOCK
Intake Supervisor
TERESA H. ALLEN
Court Clerk
WARREN G. BRANTLEY, PhD
Court Therapist II

**To:**   Bruce R. Howell

**From:**   Steve Wooten, Mary Jeter

**CC:**

**Date:**   December 15, 2006

**Re:**   Work Schedule

---

As we discussed last week, Mary and I have devised a schedule to accommodate her Youth Court duties. As you requested, this memo is the written version of what I verbally described to you.

Beginning the week of January 8, 2007 (the first 2007 youth court session will be held on Thursday, the 11th of that week), and continuing through our spring and summer terms (see attachment*), during each week that a youth court session is scheduled, she will work as follows:

Monday: off.

Tuesday: 8am-7pm.

Wednesday: 8am-7pm.

Thursday: 8am-9pm.

Friday: 8am-5pm.

During weeks that youth court is not scheduled, Mary will work 8am-5pm, Monday-Friday.

* We had set the first 2007 session for 1-4-07, but decided that that date was too early after the holidays for the volunteers and for us. Consequently, we will still have 2 sessions in January, but they will be held on the 11th and 18th, not the 4th and 18th as noted in the attachment.

---

1   1111 AIRBASE BOULEVARD • P.O. BOX 9219 • MONTGOMERY, ALABAMA 36
   TELEPHONE (334) 261-4100 • FAX (334) 261-4132



DEFENDANT'S
EXHIBIT
F

**MCYF**

# Memo

**To:**  Judge Capell, Judge Kelly, Judge Warner, Bruce Howell, Michael Provitt, David Beverly, Charles Glasscock

**From:**  Steve Wooten

**CC:**  Mary Jeter, Rosalyn Godwin

**Date:**  December 15, 2006

**Re:**  Youth Court Schedule, 2006-2007

---

Mary, Rosalyn and I met on 9-11-06 to discuss the schedule for Youth Court training and sessions for the coming year.

INITIAL TRAINING

October 12, 19 and 26th. These sessions will be held in the waiting and courtroom areas of the youth facility. They will begin at 6pm and end at 8pm. The last session, on 10-26, will consist of mock trials and the swearing-in ceremony and may last until 830 pm.

2006 SESSIONS          November 9, 16 and 30. December 7 and 14.

2007 SESSIONS          January 4 and 18. February 1 and 15. March 1, 15 and 29. April 12 and 26.

SUMMER SESSION TRAINING          June 20.

SUMMER SESSIONS          June 21 and 28. July 12 and 26.

All sessions subsequent to the initial training will be held in Courtroom #1 and will begin at 6pm. The sessions will conclude upon completion of the final case and departure of all volunteers.

1

1111 Airbase Blvd.
P.O. Box 9219
Montgomery, Ala. 36108

**Montgomery County**
**Family Court – Juvenile**
**Division**

# Memo

**To:**    All MCYF STAFF

**From:** Bruce R. Howell

**Date:** 7/5/2006

**Re:  Work day, payroll and shift procedures**

---

Every so often it is time to revisit our workday procedures and to make sure that everyone understands what is expected·

1.  ·For the 8am to 5pm employees, that is what it means.  If you are going to be sick or late for work, you must talk to your supervisor or another supervisor that has been designated   No voice messages are to be left on your supervisor's phone.  Do not advise the switchboard or central control and expect the message to be forwarded.

2.  8-5 employees cannot call their supervisors and say that you want to come in late and work past 5pm.  If you have enough work that requires overtime, then it must be approved in advance by your supervisor and likewise you must take leave if you are not here from 8-5.

3.  You cannot call your supervisor and say I want to take my lunch from 8am to 9am or from 4pm to 5pm. If you are late for work or want to leave early -- get approval from your supervisor and then sign a leave slip.  Lunch breaks for 8-5 employees are to be taken from 11am to 2pm and are only one hour in length.  Each employee should take a daily lunch hour.

4.  Shift employees that work a 9hr. day can schedule a meal break with their supervisor.  But you must take a break and not shorten your shift.

5.  Shift workers that work 8hrs cannot take an hour break, but can eat at their work areas as always.

6.  There will not be any reoccurring flex time unless the employee makes a request in writing and it is approved by their supervisor and me.

7.  Special projects and meetings may require a flex shift at times and those occasions can be approved by your supervisor.

8   The sign in sheets must be kept accurate by the employee.  If you do not sign in then Lynn Peavey must assume you are not at work   It is the responsibility of each employee and their supervisor in the employee's absence to maintain the payroll sheet

9.  If you are out in the field visiting clients or work sites in the late afternoon, then remember that your caseload module must reflect your work efforts.  Your supervisor should know your whereabouts at all times for safety reasons.  The sign in sheet at the switch board or at Intake should be kept accurate.  If for example you have signed out for 1pm until 3pm and are running late call the switchboard and advise them of your new estimated·time of arrival.


DEFENDANT'S
EXHIBIT
G

**Montgomery County
Youth Facility**

# Memo

**To:**    Intake Staff

**From:**   Bruce R. Howell, Court Administrator

**Date:**   September 12, 2007

**Re:**    On-call Overtime

As defined by our County Personnel Department and the county attorney, on-call overtime is to be handled according to the Montgomery County Management Procedures Manual which is as follows:

Overtime for On-Call Duty:

1.    If an employee is on call via beeper, walkie talkie, radio, etc., the employee receives credit for the time the employee actually performs work.

2.  If an employee is called back to work after the employee has gone home, the employee receives credit for travel time to/from the employee's home and work station.  Travel time to/from normal scheduled duty does not count as work time and employees do not receive credit.

3.  Employees on call who are required to work during their on-call period must notify their supervisor or department payroll clerk at the end of their shift or by the beginning of their next regular work period to receive credit for the extra work time. Employees are required to sign-in and sign-out for the actual time spent in the building.

This is effective immediately.


DEFENDANT'S EXHIBIT
H



state law. Employees covered by the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), or who are not exempt from the FLSA, shall, in the discretion of the employee, be given compensatory time or overtime pay at a rate of one and one-half times the regular rate at which such employee is employed. The FLSA defines overtime as time actually worked over 40 hours in a seven day workweek, or for employees in law enforcement activities, as defined under the FLSA and its regulations, (including security personnel in correctional institutions as defined under the FLSA and its regulations) all hours worked in excess of 171 hours in a twenty-eight day work period (or 86 hours in a fourteen day work period). 29 U.S.C. § 207(k); 29 C.F.R. § 553.200, et seq; *Ala. Code* § 36-21-4.1 (1975).

Non-elected law enforcement employees in the service of Montgomery County shall be compensated according to the standards and guidelines established by the FLSA and its regulations. *Ala. Code* § 36-21-4.1

    a.    Overtime and Compensatory Time:

    1.    <u>Regular Classified Employees who are non-exempt (covered by the FLSA)</u>: With proper certification will receive, at the employee's election, overtime pay or compensatory time at a rate of time and one half for all hours actually worked over forty (40) in the seven day workweek. These employees will also receive straight time pay or compensatory time for any work performed on holidays or beyond the normal tour of duty, including any time spent in required attendance at court when the time of such attendance is not within the normal tour of duty or hours of work.

    2.    <u>Partially Exempt Correctional Employees</u>: With proper certification, at the employee's election, overtime pay or compensatory time at a rate of time and one-half for all hours actually worked over 86 in the fourteen day work period. These employees will also receive straight time pay or compensatory time for any work performed over forty (40) hours per week, on holidays, or beyond the normal tour of duty, including any time spent in the required attendance at court, when the time of such attendance is not within the normal tour of duty or hours of work.

    3.    <u>Regular Classified Employees and Correctional Employees who are Exempt from the FLSA</u>: With proper certification will receive, at the employee's election, straight time pay or compensatory time for any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or hours of work.

    4.    <u>Partially Exempt Law Enforcement Employees</u>: With proper certification will receive, at the employee's election, overtime pay or compensatory time at a rate of time and one half for all hours actually worked over 86 in the fourteen day work period.

    5.    <u>Exempt Law Enforcement Employees and Unclassified Employees</u>: Do not receive overtime.

    6.    <u>Temporary and Part-time Employees</u>: Receive overtime compensation in accordance with the above rules applicable to the positions they fill.

    b.    Overtime for On-Call Duty:

    1.    If an employee is on call via phone, and the employee's freedom to do personal things or move about is restricted, the employee receives credit for the employee's on-call time. If the employee is free to move about but must keep the office informed on where the employee can be reached, the employee receives credit for the time the employee actually performed work.



2.    If any employee is on call via beeper, walkie talkie, radio, etc., the employee receives credit for the time the employee actually performs work.

3.    If an employee is called back to work after the employee has gone home, the employee receives credit for travel time to/from the employee's home and work station.  Travel time to/from normal scheduled duty does not count as work time and employees do not receive credit.

4.    Employees on call who are required to work during their on-call period must notify their supervisor or department payroll clerk at the end of their shift or by the beginning of their next regular work period to receive credit for the extra work time.

c.    Use of Compensatory or Annual Leave Time by Personnel on Shift Schedules:

Accrued compensatory time or annual leave can be used, at the employee's option, to provide at least 40 standard hours for pay per workweek, or 80 standard hours for pay per fourteen day work period.  This procedure can be used only in those instances where, due to shift rotation, an individual is unable to receive credit for the 40 standard hours for pay in a particular workweek, or 80 standard hours for pay in a particular work period.

d.    Holidays:

If a holiday falls on a scheduled work day, and an employee does not work, the employee will be given credit for the normal workday hours of holiday time.  If the employee works his normal tour of duty on a holiday, the employee will be given credit for the hours worked plus his holiday pay, as defined in Section 3-27.  Employees may elect to take holiday pay or holiday time off for working on a holiday.

e.    Overtime Work/Approval:

1.    Employees are expected to work during all assigned periods exclusive of bona fide breaks, mealtimes or unscheduled hours, etc.  Employees are not to perform work during mealtimes or unscheduled hours unless they receive approval from their supervisor, except in cases of extreme emergency.  Employees who work excess hours due to an emergency will properly advise their supervisor of the overtime worked as soon as practical for final approval or disapproval.

2.    Employees may elect to receive overtime compensation as overtime pay or compensatory time.  For employees covered by the FLSA it is permitted to give employees compensatory time in lieu of overtime pay for each hour of overtime worked, but only pursuant to an understanding arrived at between the employer and employee before the performance of the work.  This is only if the employee does not accumulate in excess of 480 compensatory hours for law enforcement employees as defined under the FLSA, or 240 hours for nonexempt employees.  Exempt employees covered by Act No. 167 may carry over 20 days of compensatory leave at the end of the fiscal year.

3-40  Overtime Payroll

Overtime pay is included with the regular salary payroll payments for each pay period.

3-25 (C-6)

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                                    }
                                               }
            Plaintiff,                          }
                                               }
v.                                             }          CASE NO. 2:06cv1043-MHT
                                               }
MONTGOMERY COUNTY YOUTH                         }
FACILITY and BRUCE HOWELL,                      }
                                               }
            Defendants.                         }

## AFFIDAVIT OF BARBARA MONTOYA

I, Barbara Montoya, first duly sworn, deposes and says on oath as follows:

1.      My name is Barbara Montoya, and I am over the age of nineteen years and competent to give the following affidavit.  I am the Director of the Personnel Board for the Montgomery City-County Personnel Board ("Personnel Board").  The following affidavit is based on personal knowledge and my review of the records of the Personnel Board that are kept in the ordinary course of business by the Personnel Board.

2.      The Personnel Board promulgates rules and regulations that apply to all classified positions and offices of the City and County of Montgomery and subordinate agencies of each jurisdiction unless otherwise provided by law.  As Director of the Personnel Board, I am responsible for maintaining all records made in the normal course of business, pursuant to state law.

3.      According to the records of the Personnel Board, Mary W. Jeter was employed in the position of Youth Counselor II at the Montgomery County Youth Facility during the period of 2002-2006.  In accordance with the Pay and Classification

1

Plan prepared by the Personnel Department and approved by the Montgomery County Commission and the Montgomery City-County Personnel Board, Ms. Jeter's salary history for this period of time is as follows:

April 16, 2001 -cost of living - $54,822

March 31, 2003 - cost of living - $56,193

September 15, 2003 - merit - $58,440 (Ms Jeter reached the top of the pay range for her classification)

October 13, 2003 - pay plan implementation - $58,440

October 10, 2005 - cost of living - $59 247

October 8, 2007 - cost of living - $61,617

    4.    According to the records of the Montgomery City-County Personnel Department, Phoenix Martin was employed in the position of Youth Counselor I at the Montgomery County Youth Facility during the period of 2002-2006. Ms. Martin was promoted to the position of Youth Counselor II July 31, 2006. Ms. Martin's salary history for this period of time is as follows:

August 6, 2001 - appointed - $28,627

August 5, 2002 - merit - $29,772

March 31, 2003 - cost of living - $30,516

August 4, 2003 - merit - $31,737

October 13, 2003 - pay plan implementation - $32,768

August 2, 2004 - merit - $33,885

August 1, 2005 - merit - $35,002

October 10, 2005 - cost of living - $36,572

July 31, 2006 - merit - $37,925

July 31, 2006 - promotion - $41,620

July 30, 2007 - merit - $43,089

October 8, 2007 - cost of living - $44,812

5.    Attached hereto is a copy of Rule VIII, Section I, of the Rules and

Regulations governing overtime compensation for employees of Montgomery County.


*Barbara M. Montoya*
**Barbara Montoya**
**Director of the Personnel Board for the**
**Montgomery City-County Personnel Board**


STATE OF ALABAMA          *
                          *
MONTGOMERY COUNTY         *

I, *Karen B. Cason*, a Notary Public in and for said County, in said State, hereby certify that Barbara Montoya, whose name is signed to the foregoing report, and who is known to me, acknowledged before me on this day that, having read the contents of this document, she executed the same on the day the same bears date.

Given under my hand and official seal this *16* day of *November*, 2007.


*Karen B. Cason*
Notary Public
My commission expires *2/24/2010*


29242

3

**RULE VIII - WORKING CONDITIONS AND GENERAL PERSONNEL PRACTICES**

### Section 1: Working Hours

The Director shall administer regulations for maintaining uniform and equitable hours of work required of all employees in the City and County Services and adopted by the Board. The number of hours any employee is required to be on duty each day or in any week or month shall be uniform for all whose positions are allocated to the same class, unless specifically provided otherwise by action of the Board, and recorded in the minutes, together with its reason for each exception; but the hours for different classes may be different.

### Section 2: Overtime

Employees shall work over the stipulated hours whenever necessity demands additional services of an occasional nature including time spent in required attendance at court. Rules governing such work are based on Alabama Law (*Act No. 2280, Regular Session 1971; Act No. 167 Third Special Session 1971; Act No. 96-664 [Ala. Code § 36-21-4.1]*) and federal law (*the Fair Labor Standards Act 29 U.S.C.§ 201 et seq.*)

**(a)    Compensation for Overtime:**

(1)    All employees shall, at a minimum, be given equivalent time off for overtime worked or be paid overtime on a straight time basis. Act 167 provides that "over-time work shall be any work performed over forty (40) hours per week, on holidays and beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty."

(2)    Employees covered by the Fair Labor Standards Act (the "Act") shall be given compensatory time at a rate of time and a half or be paid overtime at a time and a half rate. The Act defines overtime as any time actually worked over 40 hours in a 7-day work week or, for public safety employees who may be assigned to a work period of up to 28 days, any time actually worked over 171 hours in 28 day work period (or 86 hours in a 14 day work period) for employees in law enforcement activities (including security personnel in correctional institutions) as defined under the Act and its regulations and any time actually worked over 212 hours in a 28 day work period for firefighters. (*29 U.S.C. § 207(k); 29 C.F.R. § 553.200, et seq.; Ala. Code § 36-21-4.1 (1996)*)

# Condensed Transcript

# Deposition of
# Mary Whittle Jeter

**taken on
9/4/2007**

**Mary Whittle Jeter
v.
Montgomery County**

**Case No. 2:06-cv-1403-MHT**



BAKER&BAKER

**Certified Court Reporters,
Certified Legal Video Specialists,
and Trial Presentation Consultants
(334) 262-3332  888-253-3377
www.baker-baker.com**

1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION


MARY WHITTLE JETER,

     Plaintiff,

vs.            CASE NO. 2:06-cv-1043-MHT

MONTGOMERY COUNTY,

     Defendant.


\*    \*    \*    \*    \*    \*    \*    \*


     The deposition of MARY WHITTLE JETER

was taken before Cornelia J. Baker,

Certified Court Reporter, ABCR 290, as

Commissioner, on Tuesday, September 4, 2007,

commencing at approximately 9:40 a.m., in

the law offices of Haskell, Slaughter, Young

& Gallion, 305 South Lawrence Street,

Montgomery, Alabama, pursuant to the

stipulations set forth herein.

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

2

1              *      *      *      *      *      *      *

2                           APPEARANCES

3

4      Representing the Plaintiff:

5              MRS. PRISCILLA DUNCAN
               Attorney at Law
6              P.B. Duncan & Associates, L.L.C.
               Suite 204
7              472 South Lawrence Street
               Montgomery, Alabama  36104

8

9

10     Representing the Defendant:

11             MRS. CONSTANCE C. WALKER
               Attorneys at Law
12             Haskell, Slaughter, Young &
                  Gallion
13             305 South Lawrence Street
               Montgomery, Alabama  36104

14

15             MR. CHRISTOPHER K. WHITEHEAD
               Attorney at Law
16             Thomas, Means, Gillis & Seay
               3121 Zelda Court
17             Montgomery, Alabama  36106

18

19

20

21

22

23

24

25

Mary Whittle Jeter
September 4, 2007

3

```
 1        *   *   *   *   *   *   *   *
 2
 3            STIPULATIONS
 4
 5        It is hereby stipulated and agreed by
 6   and between counsel representing the parties
 7   that the deposition of MARY WHITTLE JETER is
 8   taken pursuant to the Rules of Civil
 9   Procedure, and that said deposition may be
10   taken before Cornelia J. Baker, Certified
11   Court Reporter, as Commissioner, without the
12   formality of a commission; that objections
13   to questions, other than objections as to
14   the form of the questions, need not be made
15   at this time, but may be reserved for a
16   ruling at such time as the deposition may be
17   offered into evidence, or used for any other
18   purpose by either party hereto, provided by
19   the Statute.
20        It is further stipulated and agreed by
21   and between counsel representing the parties
22   in this case, that the filing of the
23   deposition of MARY WHITTLE JETER is hereby
24   waived, and that said deposition may be
25   introduced at the trial of this case or used
```

5

```
 1     *   *   *   *   *   *   *
 2            INDEX
 3
 4   EXAMINATION                    PAGE
 5   BY MRS. WALKER:                  8
     BY MS DUNCAN:                  307
 6   BY MRS. WALKER:                320
 7
 8   EXHIBIT                        PAGE
 9   Defendant's Exhibit No 1 .. .. . 16
         Personnel Requisition,
10       Certification and Appointment,
         5/1/74
11
     Defendant's Exhibit No 2 .     30
12       10/24/05 memo to Mary Jeter from
         Betty Ingram
13
     Defendant's Exhibit No. 3. ..   46
14       Juvenile Probation Officer Job
         Description
15
     Defendant's Exhibit No. 4 .. .. 55
16       12/15/06 memo from Steve Wooten to
         Bruce Howell
17
     Defendant's Exhibit No. 5 .. .. 69
18       Memo entitled Change in County
         Overtime Policy
19
     Defendant's Exhibit No. 6 . .. 76
20       City and County of Montgomery
         Personnel Board Rules and
21       Regulations, Sections  Working
         hours, Overtime, Accumulation of
22       Compensatory Time
23   Defendant's Exhibit No. 7 .. .. .. 78
         Montgomery County Employee
24       Handbook, Overtime Payroll
25
```

4

```
 1   in any other manner by either party hereto
 2   provided for by the Statute, regardless of
 3   the waiving of the filing of same.
 4        It is further stipulated and agreed by
 5   and between counsel and the witness that the
 6   reading and signing of the deposition by the
 7   witness is hereby not waived.
 8
 9        *   *   *   *   *   *   *   *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

6

```
 1
     Defendant's Exhibit No 8 . . .... 124
 2       Overtime Certification, 2/02/04
         through 2/15/04, Mary Jeter
 3
     Defendant's Exhibit No 9 . . .  131
 4       5/14/03 letter from Bruce Howell to
         Judges, Probation Officers, and
 5       Intake Officers
 6   Defendant's Exhibit No 10 ... .... 137
         5/22/02 letter from Steve Wooten to
 7       Bruce Howell
 8   Defendant's Exhibit No. 11 .. ..... 154
         Overtime Certification, 7/22/02
 9       through 8/04/02, Mary Jeter
10   Defendant's Exhibit No. 12 ... 161
         Overtime Certification 12/22/03
11       through 1/04/04, Mary Jeter
12   Defendant's Exhibit No. 13 .....  164
         Overtime Certification, 4/26/04
13       through 5/09/04, Mary Jeter
14   Defendant's Exhibit No. 14 . . .  166
         Overtime Certification, 8/16/04
15       through 8/29/04, Mary Jeter
16   Defendant's Exhibit No. 15 ..  .  175
         Overtime Certification, 8/30/04
17       through 9/12/04, Mary Jeter
18   Defendant's Exhibit No 16. . .. .  178
         Overtime Certification, 11/22/04
19       through 12/05/04, Mary Jeter
20   Defendant's Exhibit No 17  .   182
         Overtime Certification, 3/14/05
21       through 3/27/05, Mary Jeter
22   Defendant's Exhibit No. 18 .... .. 184
         Overtime Certification, 06/06/05
23       through 06/19/05, Mary Jeter
24   Defendant's Exhibit No 19 .  .. 186
         Overtime Certifications
25
```

Mary Whittle Jeter
September 4, 2007

7

```
 1    Defendant's Exhibit No. 20 . ...... 188
 2      Second Amended Complaint
 3    Defendant's Exhibit No. 21 ..... 192
        Affidavit of Mary Jeter
 4
      Defendant's Exhibit No. 22 .. .... 221
 5      1/31/06 letter to Bruce Howell and
        Steve Wooten from Priscilla Duncan
 6
      Defendant's Exhibit No. 23 ... ...223
 7      3/21/06 letter to Constance Walker
        from Priscilla Davis
 8
      Defendant's Exhibit No. 24 .... .. 236
 9      5/30/06 letter to Constance Walker
        from Priscilla Duncan
10
      Defendant's Exhibit No. 25 .. .. 262
11      Plaintiff's Supplemental Answers to
        Defendant's Interrogatories and
12      Responses to Request for Production
13    Defendant's Exhibit No. 26   .. 270
        7/26/06 letter to Constance Walker
14      from Priscilla Duncan
15    Defendant's Exhibit No. 27 .... . 324
        7/05/06 Memo to all MCYF Staff and
16      Bruce Howell
17    Defendant's Exhibit No. 28 .. ... 325
        Requisition for breath executive
18      chair, 2/8/07
19    Defendant's Exhibit No. 29 ... .. 327
        Overtime Certification, 7/16/07
20      through 7/29/07, Mary Jeter
21
22
23
24
25
```

8

```
 1          MRS. WALKER: Usual
 2      stipulations, Priscilla?
 3          MS. DUNCAN: Read and sign.
 4          MARY WHITTLE JETER,
 5    The Witness, having first been sworn or
 6      affirmed to speak the truth,
 7    the whole truth, and nothing but the truth,
 8        testified as follows:
 9          EXAMINATION
10   BY MRS. WALKER:
11        Q. Would you state your name,
12   please?
13        A. Mary Whittle Jeter.
14        Q. Ms. Jeter, my name is Connie
15   Walker. I represent the Defendant,
16   Montgomery County Commission. I'm going to
17   ask you some questions today.
18          Have you ever had your
19   deposition taken before?
20        A. No, I have not.
21        Q. What we'll do is, I'll ask you
22   some questions. And the Court Reporter will
23   take down what I'm saying, and she'll take
24   down your answer. So we need to make sure
25   that we don't talk at the same time and that
```

9

```
 1   we speak loud enough for her to hear. And
 2   don't say uh-huh and huh-uh; just say yes and
 3   no, so she can get that down. If you need a
 4   break at any time, let me know. If you don't
 5   understand a question, or if you need me to
 6   repeat a question, just let me know, all
 7   right?
 8        A. I have one thing to say right
 9   now. I am on blood pressure medication, and
10   early in the day, I do have to take periodic
11   breaks.
12        Q. You do what?
13        A. I do have to take periodic
14   breaks, because I am on a diuretic, very
15   strong.
16        Q. Okay. You just let us know.
17          What's your current address?
18        A. 6016 Bolingbrook, B-O-L-I-N-G-
19   B-R-O-O-K, all one word, Drive.
20        Q. In Montgomery?
21        A. Yes. 36117.
22        Q. Okay. And what is your age?
23        A. Fifty-seven.
24        Q. And your date of birth?
25        A. 10/26/49.
```

10

```
 1        Q. Are you married?
 2        A. No, I'm not.
 3        Q. Do you have any children?
 4        A. Yes, I do.
 5        Q. And who are your children?
 6        A. I have one son, Curtis Gerard
 7   Jeter.
 8        Q. Where does he live?
 9        A. Huntsville, Alabama.
10        Q. What does he do?
11        A. He's a professional football
12   player.
13        Q. For whom?
14        A. Right now he's in negotiations.
15   He played for the Rio Grande Valley Dorados.
16   He's negotiating now with Arizona Rattlers.
17        Q. Have you ever been married?
18        A. I have been married.
19        Q. What was your husband's name?
20        A. Curtis Lee Jeter.
21        Q. When did you marry him?
22        A. '76 -- '75 or '76. I cannot
23   remember.
24        Q. Just one prior marriage?
25        A. One prior marriage.
```

(334) 262-3332       Baker & Baker Reporting and Video Services, Inc.       (334) 262-3332

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

11

1    Q. Does he live here in
2  Montgomery?
3    A. He does.
4    Q. Where does he work?
5    A. He is retired.
6    Q. From?
7    A. The railroad.
8    Q. CSX?
9    A. Seaboard Coastline.
10    Q. Okay. All right. Any other
11  relatives in Montgomery County?
12    A. Several.
13    Q. Who are they?
14    A. Sisters. I have Ellen Moore.
15    Q. Okay. Where does she work?
16    A. She is a retired schoolteacher
17  and works as a social worker and has a
18  private counseling firm.
19    Q. What's the name of it?
20    A. I'm sorry, I just can't
21  remember.
22    Q. Okay. Is she married?
23    A. Divorced.
24    Q. What was her husband's name?
25    A. Clarence Moore.

12

1    Q. Where does he work?
2    A. I have no clue. They've been
3  divorced many years.
4    Q. Okay. Another sister?
5    A. Alma Whittle.
6    Q. Okay. Is she employed?
7    A. She is a retired schoolteacher.
8    Q. Okay. Is she married?
9    A. No.
10    Q. Any other relatives?
11    A. I have a brother.
12    Q. What's his name?
13    A. Dan C. Whittle.
14    Q. Where does he work?
15    A. Retired mental health worker.
16    Q. And did he work for the State?
17    A. Yes, he did. And works on
18  contract every now and then.
19    Q. So he worked for the Department
20  of Mental Health?
21    A. He did.
22    Q. Okay. Do you have any
23  relatives that work for Montgomery County?
24    A. No, I don't.
25    Q. All right. Any other relatives

13

1  in Alabama?
2    A. I have a nephew here.
3    Q. What's his name?
4    A. Daniel C. Whittle.
5    Q. Where does he work?
6    A. Hayneville Road Elementary
7  School.
8    Q. Anybody else?
9    A. A sister-in-law.
10    Q. Who is that?
11    A. Ulania [phonetic].
12    Q. Is this Dan's --
13    A. Dan's wife and son.
14    Q. Where does she work?
15    A. She's a retired AT&T employee.
16    Q. Okay. Anybody else? Anybody
17  in Birmingham?
18    A. No. Are you speaking of my
19  husband's relatives as well? My ex-husband's
20  relatives, I don't know them all, so . . .
21    Q. He has relatives in Birmingham?
22    A. No, not that I know.
23    Q. Just in Montgomery?
24    A. Not that I know.
25    Q. Okay. If you don't know them,

14

1  that's fine.
2        How long have you been at the
3  Bolingbrook Drive address?
4    A. Probably thirteen -- close to
5  fourteen years.
6    Q. Okay. Have you lived in
7  Montgomery all your life?
8    A. All of my life with the
9  exception of college.
10    Q. Okay. Give me your educational
11  background.
12    A. I graduated high school -- I
13  went to elementary school at St. Jude
14  Elementary. I went to senior high school at
15  Carver senior high school, George Washington
16  Carver. I went to college at Tuskegee, then
17  institute, now university. I worked on a
18  Master's degree at Troy State.
19    Q. What was your degree in at
20  Tuskegee?
21    A. Sociology.
22    Q. Okay. And then you went
23  directly to Troy, or did you go to work
24  after?
25    A. I went to work.

5 (Pages 11 to 14)

Mary Whittle Jeter
September 4, 2007

15

1    Q. Where did you go to work?
2    A. Montgomery Police Department.
3    Q. What did you do there?
4    A. I was a police officer in a
5    special division.
6    Q. Okay. How long were you a
7    policeman?
8    A. Two years.
9    Q. Okay. Then what did you do?
10   A. I went to work at the Juvenile
11   Court.
12   Q. All right. That would have
13   been what year? I think I've seen --
14   A. I've been there thirty-three
15   years, so . . .
16   Q. I think I've seen where you --
17   A. May have been '74.
18   Q. -- started in '74; is that
19   right?
20   A. Uh-huh (affirmative response),
21   May 1st.
22   Q. Okay. All right. And you came
23   in as a Youth Counselor I; is that right?
24   A. I did.
25   Q. And what are you now?

16

1    A. Youth Counselor II.
2    Q. All right. Have you ever been
3    a probation officer?
4    A. Same difference.
5    Q. Is it the same thing?
6    A. It is the same thing.
7    Q. Did it used to be called
8    probation officer?
9    A. Yes, it did.
10   Q. Before '74?
11   A. Yes, it did.
12   Q. Okay. All right. And let me
13   just go ahead and show you this. These are
14   some documents I got out of your personnel
15   file. If you'll take a look at that, that's
16   the -- the first page is what I found and I
17   believe is the date you were hired. This
18   shows that you were hired as a Youth
19   Counselor I replacing Barbara M. Thomas
20   effective May 1, '74. Do you see that at the
21   bottom?
22   (Whereupon Defendant's Exhibit
23   No. 1 was marked for
24   identification and attached
25   hereto.)

17

1    (Witness reviewed document.)
2    A. I see where -- and I'm going to
3    point it --
4    Q. At the bottom block where it
5    says effective date May 1, 1974? Right here.
6    A. I do see that.
7    Q. Okay. So you came in as a
8    Youth Counselor I?
9    A. I did.
10   Q. All right. And if you'll look
11   at the next page, Item 16, it says
12   reclassification from Youth Counselor I to
13   Youth Counselor II; do you see that?
14   A. Yeah, I do see that.
15   Q. And that was on September 24,
16   1979. And so now you're telling me that you
17   are still a Youth Counselor II; is that
18   right?
19   A. I am.
20   Q. Okay. Are you a member of any
21   clubs or organizations?
22   A. I'm a member of Alpha Kappa
23   Alpha Sorority, Incorporated.
24   Q. Okay. Anything else?
25   A. Other than church, no.

18

1    Q. Yeah. What's your church?
2    A. Resurrection Catholic.
3    Q. Is that in Montgomery?
4    A. Yes, it is. I'm also
5    associated with Good News Ministries.
6    Q. Okay. What is that?
7    A. It's a non-denominational. I'm
8    thinking that it is. A ministry. I do Bible
9    study there.
10   Q. When do you do that?
11   A. Tuesday nights.
12   Q. Are you paid?
13   A. To do Bible study?
14   A. Uh-huh (affirmative response).
15   A. No.
16   Q. This is not a job then?
17   A. No, it's not.
18   Q. Do you have any other job, any
19   other employment?
20   A. I did. At the STEP Foundation.
21   Q. Are you still working at STEP?
22   A. I am not working there, but I
23   am awaiting employment.
24   Q. At the STEP?
25   A. Yes.

Mary Whittle Jeter
September 4, 2007

19

1    Q. So you have reapplied?
2    A. I was never released.
3    Q. When did you start working
4  there?
5    A. December of -- I don't remember
6  the date.
7    Q. I think I saw where it was --
8  something that you had produced said
9  December 1, 2005.
10    A. That's probably correct.
11    Q. Okay. And what were you doing
12  at the STEP?
13    A. I was a Home Visit Specialist.
14    Q. What does that mean?
15    A. It means that the STEP
16  Foundation has programs set up in several of
17  the junior high schools in the city. And
18  they target kids who are troubled kids, so to
19  speak. And to follow up, they work with the
20  families. And that is what I did. I worked
21  with the child and the family.
22    Q. What would you do?
23    A. Go by the house, earn trust,
24  and just talk about things.
25    Q. Talk to the child?

20

1    A. And parent.
2    Q. Okay. And so you're not doing
3  that right now?
4    A. Not right now. The grant ran
5  out.
6    Q. When did that happen?
7    A. If that was 2005, this is 2007,
8  probably sometime in -- I want to say August
9  of 2005. I'm not sure. Or either -- I'm not
10  sure. I'm more subject to say August of
11  2005, but it may have been 2006. I cannot
12  remember.
13    Q. Okay. And you're waiting for
14  them to tell you they've got more money, so
15  you can come back and . . .
16    A. Sure.
17    Q. Okay. Any other source of
18  income other than the Youth Facility?
19    A. No. Other than family.
20    Q. All right. Do you know any of
21  the County Commissioners?
22    A. I do.
23    Q. Who do you know?
24    A. You're talking personally or
25  just as a Commissioner?

21

1    Q. Personally.
2    A. Elton Dean.
3    Q. Okay. You're not related to
4  Elton Dean?
5    A. No, I'm not.
6    Q. Is he a friend of yours?
7    A. I've known him all my life.
8    Q. Anybody else?
9    A. Not that I know personally like
10  Elton. I know Jiles Williams.
11    Q. But not personally?
12    A. No. I've had several
13  conversations, but not personally.
14    Q. Have you ever discussed this
15  lawsuit or the allegations of this lawsuit
16  with Elton Dean?
17    A. I discussed the fact that I had
18  a lawsuit, but that's it.
19    Q. What did you say?
20    A. Said that I'm suing the county.
21    Q. What did he say?
22    A. Nothing.
23    Q. He didn't --
24    A. Nothing about it. Said he knew
25  nothing about it.

22

1    Q. Did you tell him what it was
2  about?
3    A. I don't remember telling him
4  what it was about.
5    Q. Have you ever discussed it with
6  Jiles Williams?
7    A. I did.
8    Q. All right. How many times?
9    A. Maybe twice.
10    Q. How many times did you talk to
11  Elton Dean about it?
12    A. Probably once.
13    Q. Have you told me everything you
14  and Elton Dean discussed about the lawsuit?
15    A. As far as I can remember.
16    Q. Okay. And tell me about your
17  conversations with Jiles Williams.
18    A. I called Jiles Williams to ask
19  him if he knew about the lawsuit.
20    Q. Was this after the suit had
21  been filed?
22    A. Yes.
23    Q. All right. And then tell me
24  about what was said.
25    A. He said he didn't know anything

Mary Whittle Jeter
September 4, 2007

23

1 about it.
2     Q. Then what?
3     A. That he would call Tyrone Means
4 and find out.
5     Q. Why were you calling him about
6 this lawsuit?
7     A. They're County Commissioners.
8     Q. Okay. Well, why did you want
9 them to know about the lawsuit?
10     A. I figured that it was an
11 injustice done to me. And they're County
12 Commissioners; they should know about it. I
13 felt everyone should know about it. As a
14 matter of fact, I think I did mention it to
15 Reed Ingram.
16     Q. All right. Finish telling me
17 what else you and Jiles Williams discussed.
18     A. Jiles Williams said that Tyrone
19 told him that he should not have anything to
20 do with it.
21     Q. Wait just a minute. Jiles
22 called you back?
23     A. Several times.
24     Q. And said that Tyrone said that
25 he had to stay out of it?

24

1     A. Should.
2     Q. Anything else?
3     A. Not that I can remember.
4     Q. All right. What about your
5 second conversation with Jiles Williams?
6     A. It was kind of a benign
7 conversation, just a conversation about
8 things that were going on, not necessarily
9 the lawsuit.
10     Q. You didn't discuss the lawsuit
11 in the second --
12     A. Not that I remember.
13     Q. What did y'all discuss?
14     A. Raises.
15     Q. When was this?
16     A. After the lawsuit was filed.
17     Q. Okay. Have you not gotten a
18 raise since the lawsuit was filed?
19     A. I haven't gotten a raise in
20 many years.
21     Q. When was the last time you got
22 a raise?
23     A. I don't remember.
24     Q. Okay. So you had called him to
25 discuss that you wanted a raise?

25

1     A. I and several of my colleagues
2 went before the County Commission to discuss
3 a raise. This is how every bit of this
4 started.
5     Q. Is this the cost of living?
6     A. Yes.
7     Q. Okay. That would have been in
8 Fall of 2005?
9     A. It was October the 3rd of 2005.
10     Q. All right. I am going
11 to ask you about that.
12         So is that what you talked to
13 Jiles Williams about?
14     A. One of the things, yes.
15     Q. Okay.
16     A. Basically.
17     Q. Have you ever talked to any of
18 the other County Commissioners about your
19 allegations in this lawsuit?
20     A. No.
21     Q. Did you talk to Reed Ingram
22 about --
23     A. I mentioned it. Nothing else.
24     Q. Okay. What did you say to him?
25     A. I told him that I was suing the

26

1 County.
2     Q. What did he say?
3     A. And we were having a
4 conversation about something else.
5     Q. Was this on the phone or in
6 person?
7     A. Yes, on the phone.
8     Q. What were y'all talking about?
9     A. A lot about the raise. And
10 then about --
11     Q. About the raise?
12     A. Yes.
13     Q. The cost of living?
14     A. Yes.
15     Q. Okay.
16     A. And then --
17     Q. Hold on one second. Was this
18 before the lawsuit was filed or after?
19     A. After. I never spoke to him
20 until after -- no, no, no, no. I'm sorry.
21 That was before.
22     Q. All right. Okay.
23     A. That was before.
24     Q. Okay. I'll ask you about that
25 in just a second.

8  (Pages 23 to 26)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

27

1    Let's finish looking at Exhibit
2  1. If you'll look at page three of Exhibit
3  1, this is dated October 15th, 2003. And
4  this shows that you are getting a merit
5  increase.
6    A. I'm looking for the dates that
7  you're speaking about.
8    Q. Right down here at the bottom
9  in the right-hand corner.
10    A. I see it.
11    Q. Okay. And if you look about
12  halfway up -- see where my pen is?
13    A. Right.
14    Q. You're going from 58,440 to --
15  I'm sorry. You didn't get an increase this
16  time?
17    A. No. I didn't get an increase a
18  lot of times.
19    Q. All right. So 2003, you are
20  getting just a different grade; is that
21  correct?
22    A. It is my understanding in 2003,
23  I got probably a 70-cent raise. Because had
24  I not gotten that, the people who were grades
25  under me would have passed me in salary.

28

1    Q. Is this 2003?
2    A. I'm thinking it is.
3    Q. Are you at the top of your pay
4  thing?
5    A. I am.
6    Q. What do you call that, pay
7  scale?
8    A. I am.
9    Q. Okay. So you can't make any
10  more money; is that right?
11    A. I could get cost-of-living
12  raises.
13    Q. Okay. And that's what this was
14  about in 2005?
15    A. Exactly, right.
16    Q. And look at the next page.
17  This is October 11, '05.
18    A. Okay. Where am I looking?
19    Q. At the bottom again.
20    A. Yes.
21    Q. Okay. And this shows that you
22  did get a raise.
23    A. Seventy cents.
24    Q. 58,440 to 59,247. You see what
25  I'm talking about?

29

1    A. '05?
2    Q. Yeah. This is what I found in
3  your personnel file to be the last increase
4  that you got, which was in October of '05.
5  This is not 70 cents. This is more than 70
6  cents. But this is the last increase that I
7  found in your personnel file.
8    A. I'm not aware of this. I'm
9  sure I got it if they say I did. I'm not
10  aware of this.
11    Q. Okay.
12    A. '05?
13    Q. Yeah. All right. So is this
14  about the time that that cost-of-living
15  adjustment --
16    A. It is.
17    Q. -- was going on with the County
18  Commission?
19    A. Uh-huh, yes.
20    Q. Okay. Let me show you what I'm
21  going to mark as Exhibit 2. This is a letter
22  dated October --
23    MS. DUNCAN: Do you have copies
24    of that?
25    MRS. WALKER: I don't. This is

30

1    all in the personnel file
2    that we turned over.
3  BY MRS. WALKER:
4    Q. This is a letter -- or a memo
5  dated October 24, 2005, to Mary Jeter from
6  Betty Ingram confirming what your hourly rate
7  is.
8    (Whereupon Defendant's Exhibit
9    No. 2 was marked for
10    identification and attached
11    hereto.)
12    (Witness reviewed document.)
13    A. Uh-huh (affirmative response).
14    Q. And you'll see that's the same
15  hourly rate that's reflected in here on the
16  last page of Exhibit 1. Do you remember
17  getting that letter?
18    A. No. I don't remember getting
19  it.
20    Q. Okay. Let's see that for a
21  second.
22    A. I'm sure I got it, but I don't
23  remember getting it.
24    Q. It says, The following
25  information is provided per your request. Do

Mary Whittle Jeter
September 4, 2007

31

1  you remember requesting --
2      A. Uh-huh (affirmative response).
3  I also requested my personnel file.
4      Q. Wait just a minute. Do you
5  remember requesting Ms. Ingram to give you
6  the hourly rate, the new hourly rate, in
7  October of '05?
8      A. I don't remember it.
9      Q. Okay. But anyway, that is your
10  new hourly rate that's reflected, if you'll
11  look on the last page of Exhibit 1, which is
12  right here. Do you see that? I just want
13  you to see that.
14      A. 28.48?
15      Q. Right.
16      A. Uh-huh (affirmative response).
17      Q. Okay. Were you aware that you
18  were making this now?
19      A. This amount of money?
20      Q. Yes.
21      A. Yes.
22      Q. Okay. But you said you didn't
23  realize you had gotten an increase in October
24  of '05; is that correct?
25      A. That is correct.

32

1      Q. All right. Would this be your
2  last increase, to your knowledge, that you've
3  gotten?
4      A. To my knowledge.
5      Q. All right. What is that
6  breakdown? Is that you're making 59,247
7  annually?
8      A. I would assume.
9      Q. Okay. And you haven't gotten
10  any increases since that to your knowledge;
11  is that right?
12      A. Not to my knowledge.
13      Q. Okay. Would you be up for a
14  cost-of-living increase in Fall of '07?
15      A. No, I'm not.
16      Q. How often do cost-of-living
17  increases come about?
18      A. Whenever they choose.
19      Q. Okay. So it's not every year
20  like a merit increase?
21      A. No.
22      Q. Okay. So if I understand
23  correctly, you've topped out on all your
24  merit increases because of the way the pay
25  plan is set up; is that right?

33

1      A. Yes, yes.
2      Q. When did you top out on your
3  increases?
4      A. I don't know. Several years
5  ago.
6      Q. Okay. Who is your supervisor?
7      A. Steve Wooten.
8      Q. How long has he been your
9  supervisor?
10      A. Several years.
11      Q. At least ten years, you think?
12      A. Maybe.
13      Q. When this home detention
14  program started -- I believe it started in
15  2002 -- was he your supervisor?
16      A. Yes.
17      Q. Okay. So he's been your
18  supervisor the whole time since 2002?
19      A. Yes.
20      Q. Do you supervise anyone?
21      A. Not legally.
22      Q. What does that mean?
23      A. I supervise Phoenix Martin.
24  She brought everything to me regarding home
25  detention.

34

1      Q. All right. Anybody else?
2      A. Not legally.
3      Q. Okay. Anybody else that's --
4      A. Rosalyn Godwin worked with me
5  with Youth Court.
6      Q. Okay.
7      A. And she would come to me often
8  about things to do.
9      Q. Okay. And when you said
10  Phoenix came to you, you mean she would just
11  come to you with questions?
12      A. All the time. She would report
13  the book back to me on -- she would put it in
14  my box on Sunday evening and then call and
15  ask questions if she had them.
16      Q. Okay. Is Youth Court the same
17  thing as Teen Court?
18      A. It is.
19      Q. All right. When did you start
20  doing Teen Court?
21      A. Probably five to seven years
22  ago.
23      Q. Before home detention?
24      A. Sure.
25      Q. Okay. Now, Steve Wooten, does

Mary Whittle Jeter
September 4, 2007

35

1 he report to Bruce Howell?
2     A. Yes.
3     Q. Do you report directly to Bruce
4 Howell?
5     A. No.
6     Q. Okay. So you report to Steve
7 Wooten, and he reports to Bruce Howell; is
8 that right?
9     A. Yes.
10     Q. Okay. Are you a merit system
11 employee?
12     A. I am.
13     Q. And what does that mean?
14     A. It means that I work at the
15 pleasure of the Judge and that --
16     Q. No. In merit system, you went
17 through the personnel board --
18     A. That's exactly right. And --
19     Q. -- when you applied for the
20 position?
21     A. Right. And it means to me that
22 if there is a complaint or if there is a
23 problem, I go before this board if I am to be
24 disciplined.
25     Q. Right. The personnel board?

36

1     A. That's correct.
2     Q. Okay. All right. And you
3 understand that your position of Youth
4 Counselor II, you are governed by the rules
5 and regulations of the personnel board?
6     A. I am.
7     Q. All right. Have you ever
8 reviewed a copy of the rules and regs of the
9 personnel board?
10     A. Maybe at some time.
11     Q. Do you have a copy?
12     A. No, I don't.
13     Q. But you have looked at them
14 before?
15     A. Maybe.
16     Q. Have you ever been to the
17 personnel board?
18     A. Yes, I have.
19     Q. Okay. So you know that you can
20 go there if you have questions about your
21 employment?
22     A. I have gone there.
23     Q. Okay. All right. How many
24 other Youth Counselor IIs are there?
25     A. I think six. I'm not sure.

37

1     Q. Who are they?
2     A. Ron McKitt [phonetic].
3     Q. What's his race?
4     A. Black.
5     Q. And how long has he been there?
6     A. Maybe a year shorter than me,
7 if that long.
8     Q. Okay. Who else?
9     A. Annie Smalls [phonetic].
10     Q. Is she black or white?
11     A. Black.
12     Q. All right. How long has she
13 been there?
14     A. Thirty years.
15     Q. Okay. Who else?
16     A. Wanda Anderson.
17     Q. Black or white?
18     A. Black.
19     Q. Okay. Who else?
20     A. I'm assuming Patricia
21 Strickland.
22     Q. Okay. Is she black or white?
23     A. White.
24     Q. How long has she been there?
25     A. I have no clue. Twenty

38

1 something years.
2     Q. Okay. All of y'all have been
3 there a long time?
4     A. Yeah. They make the same
5 salary I make.
6     Q. Has she topped out, too,
7 Patricia Strickland?
8     A. With the raise that she
9 received, she would have passed me, yes.
10     Q. What do you mean?
11     A. Had they not given me a
12 raise --
13     Q. In '05?
14     A. Yes.
15     Q. Okay.
16     A. -- her salary would have
17 exceeded mine.
18     Q. So you got a cost-of-living
19 adjustment in '05; is that right? Is that
20 what that was?
21     A. They did not call it a
22 cost-of-living adjustment.
23     Q. But let me just see if I've got
24 this right. Just bear with me.
25     You had topped out at the top

Mary Whittle Jeter
September 4, 2007

| | |
|---|---|
| **39** | **41** |

**Page 39**

1  of your -- I don't know what the right word
2  is.
3      A. Salary.
4      Q. Well --
5      A. Pay grade.
6      Q. Pay grade. That's it.
7      And I understand that the
8  personnel board has a pay plan; is that
9  right?
10     A. Yes.
11     Q. And they set the salaries for
12 all of these positions in the merit system?
13     A. Right.
14     Q. And for the Youth Counselor II,
15 the top salary was something, and you'd
16 reached that; is that correct?
17     A. Yes.
18     Q. Okay. And then in October of
19 '05, then there was a cost-of-living
20 adjustment that was being discussed by the
21 County, and that has nothing to do with merit
22 raises or anything, but that can actually
23 raise you above what you're making even if
24 you've topped out; is that right?
25     A. Yes.

**Page 41**

1      A. Not that I know.
2      Q. Okay. She's a Youth
3  Counselor I, you think?
4      A. I think. I'm not sure.
5      Q. Okay. Does she make the same
6  salary you do?
7      A. I don't know.
8      Q. You don't know what she makes?
9      A. No.
10     Q. How long has she been there?
11     A. I don't know.
12     Q. Okay. All right. Let me see
13 if I've got this right. Just bear with me.
14     There's Youth Counselors in the
15 probation part of the facility and then the
16 intake part; is that right?
17     A. Yes.
18     Q. Okay. And you are in the
19 probation part?
20     A. Yes.
21     Q. And these people that you just
22 gave me, McKitt, Smalls, Anderson, and
23 Strickland are in probation?
24     A. Yes.
25     Q. And before we go on, are there

| | |
|---|---|
| **40** | **42** |

**Page 40**

1      Q. Okay. And we see where you got
2  one in October of '05; is that right?
3      A. If the papers say I did, I did.
4      Q. Okay. Are all of these, the
5  ones that you've told me so far, Ron McKitt,
6  Annie Smalls, Wanda Anderson, and Patricia
7  Strickland, have they all topped out like you
8  have, reached the top of the pay grade?
9      A. I know that the first three
10 have. I'm not sure about Patricia
11 Strickland. I would say yes.
12     Q. Okay. She hasn't been there as
13 long as the rest of you have?
14     A. No.
15     Q. All right. Is there another
16 one?
17     A. In probation?
18     Q. Yeah. Youth Counselor IIs in
19 probation. That's what you are, in
20 probation, right?
21     A. Uh-huh (affirmative response).
22     Q. So there's four? Is Phoenix
23 Martin a Youth Counselor II?
24     A. No.
25     Q. Was she a Youth Counselor --

**Page 42**

1  any other Youth Counselor IIs in probation?
2      A. Not that I can recall.
3      Q. Okay. And then there is also
4  Youth Counselor IIs in intake. Do you know
5  who those are?
6      A. Rhonda Beasley, I think.
7      Q. That sounds familiar. Is she
8  white or black?
9      A. White.
10     Q. Okay.
11     A. Katherine Andrews, I'm
12 assuming.
13     Q. Is she white or black?
14     A. Black.
15     Q. Natalie Mason?
16     A. Natalie Mason.
17     Q. I know her. And she's black.
18     A. She is.
19     Q. What about Glasscock?
20     A. He's a supervisor.
21     Q. So he's not an intake?
22     A. He's intake, but he's a
23 supervisor.
24     Q. So he's not a Youth Counselor
25 II then?

12  (Pages 39 to 42)

Mary Whittle Jeter
September 4, 2007

43

1    A. No.
2    Q. Anybody else?
3    A. I am not sure.
4    Q. Okay. That's fine. That's
5  fine.
6         All right. Are you aware of
7  any Youth Counselor IIs in probation that
8  make more money than you?
9    A. No.
10    Q. Are you the highest paid Youth
11  Counselor II in probation?
12    A. Not anymore.
13    Q. Who is? All of you are?
14    A. Yes.
15    Q. You're all making the same?
16    A. Yes.
17    Q. Okay. Are you and the other
18  Youth Counselor IIs in probation the highest
19  paid youth counselors in the State of
20  Alabama, to your knowledge?
21        MS. DUNCAN: Object to the
22        form. Go ahead.
23    Q. Have you ever heard that
24  before?
25    A. I don't know.

44

1    Q. You don't know? Have you ever
2  heard that before?
3    A. About Youth Counselor IIs.
4    Q. What did you hear about your
5  salary in relation to others in the rest of
6  the state?
7        MS. DUNCAN: Object to the
8        form.
9    Q. What did you hear?
10        MS. DUNCAN: Go ahead. Calls
11        for speculation, but go
12        ahead.
13    A. I heard that I was the highest
14  paid probation officer, juvenile probation
15  officer, in the state.
16    Q. That you were or that the four
17  of you were?
18    A. That I was.
19    Q. And where did you hear that
20  from?
21    A. Bruce Howell.
22    Q. When?
23    A. Many years ago.
24    Q. All right. This is before you
25  topped out?

45

1    A. Uh-huh (affirmative response).
2    Q. Yes?
3    A. Yes.
4    Q. Okay. Have you heard recently
5  that the four of you, who are all making the
6  same, are the highest paid probation -- or
7  youth counselors, let me say, probation
8  officers in the state?
9    A. I have not heard that.
10    Q. Okay. Would it surprise you if
11  you were?
12    A. Would it surprise me if we
13  were?
14    Q. Yes.
15    A. It would surprise me if we
16  were.
17    Q. Why?
18    A. Can I give a narrative on this?
19    Q. Well, just give me your answer
20  the best you can. Why would it surprise you?
21        Let me ask you this: Are you
22  aware of any other Youth Counselor IIs in the
23  state that make more money than you?
24    A. I'm not aware of any other
25  Youth Counselor IIs in the state making

46

1  anything.
2    Q. Okay. So you're not aware of
3  what anybody else makes?
4    A. No.
5    Q. Okay. Let me show you another
6  exhibit I have here. This is Exhibit 3,
7  which is a Juvenile Probation Officer Job
8  Description. Do you recognize that?
9        (Whereupon Defendant's Exhibit
10        No. 3 was marked for
11        identification and attached
12        hereto.)
13        (Witness reviewed document.)
14    A. I am familiar with this.
15    Q. Is this prepared by the
16  personnel department?
17    A. I have no clue.
18    Q. Okay. Who do you understand
19  prepares the job descriptions?
20    A. I would assume -- I would
21  assume the personnel department.
22    Q. Okay. Anyway, do you recognize
23  this as being the job description for the
24  position that you now occupy, Probation
25  Officer II or Youth Counselor II?

13 (Pages 43 to 46)

Mary Whittle Jeter
September 4, 2007

47

```
1         A. Not everyone, but me.
2         Q. Pardon me?
3         A. Not everyone, but me.
4         Q. But this applies to your
5   position?
6         A. To mine?
7         Q. Yeah.
8         A. Yes.
9         Q. Okay. All right. When you
10  first started --
11        (Witness indicating.)
12        MRS. WALKER: What?
13        MS. DUNCAN: Let me see that.
14        MRS. WALKER: Here.
15  BY MRS. WALKER:
16        Q. What is it? Did you want to
17  say something?
18        A. Yeah. I don't do that anymore.
19        Q. You don't do what anymore?
20        A. A lot of the things on that
21  paper anymore.
22        Q. Okay. Well, we're going to
23  talk about that.
24        When you first started as a
25  Youth Counselor I, what were your job duties?
```

48

```
1         A. Pretty much what's on there,
2   prepare cases for court.
3         Q. Did you have a caseload?
4         A. I did have a caseload.
5         Q. And that means that you had
6   files of different juveniles?
7         A. I did.
8         Q. Okay. And what did you have to
9   do?
10        A. Prepared cases for court, did
11  family investigations, pretty much what I did
12  was to paint a picture for the judge so that
13  when the case went into court, he knew what
14  was in that file was what I found.
15        Q. Now, did you also do the same
16  thing as a Youth Counselor II?
17        A. Yes.
18        Q. Okay. Now, I know you've been
19  at this, what, for thirty years?
20        A. Three.
21        Q. Thirty-three years?
22        A. Yes.
23        Q. At some point, did you come to
24  a point where you were not doing a caseload
25  anymore?
```

49

```
1         A. Yes.
2         Q. Okay. When was that?
3         A. I don't remember exactly when.
4         Q. Would it have been before 2002?
5         A. Possibly.
6         Q. Okay. Now, tell me how that
7   came about.
8         A. There was a program called
9   Youth Court that was being funded by the
10  Junior League.
11        Q. Okay.
12        A. When the fundings left, there
13  were no more. The program was such that they
14  decided it could go further, and the County
15  picked it up.
16        Q. Okay.
17        A. And I was told by my
18  supervisors and Bruce Howell that I was the
19  most likely one for the job because of the
20  personality that I have.
21        Q. Who were your supervisors?
22        A. Steve Wooten and Bruce Howell.
23        Q. Okay. You said you were told
24  by your supervisors and Bruce Howell. I just
25  didn't --
```

50

```
1         A. Well, my supervisor and Bruce
2   Howell.
3         Q. By Wooten and Howell?
4         A. Bruce Howell is my supervisor.
5   He is the Chief Probation Officer. But the
6   chain of command is Steve Wooten.
7         Q. All right. And they said that
8   you were the most likely person?
9         A. That's right.
10        Q. Did you want to do it?
11        A. Sure, I did.
12        Q. Okay. And are you still doing
13  the Youth Court?
14        A. I am.
15        Q. Have you enjoyed it?
16        A. A very good job at it.
17        Q. Yeah. It's been a success?
18        A. Brought it to national
19  recognition.
20        Q. Tell me about that.
21        A. Ask me about that.
22        Q. What do you mean when you say
23  you brought it to national --
24        A. I've gone to national
25  conferences. We are registered nationally.
```

Mary Whittle Jeter
September 4, 2007

51

1  I have worked with other Youth Court
2  coordinators in many different states in
3  order to make our program as good as it is.
4      Q. The Youth Court program, does
5  that run year round or just part of the year?
6      A. It's run year round.
7      Q. At one time, was it just run
8  half of the year?
9      A. At one point, it was run just
10 during the school year; not during the
11 summer.
12     Q. When did that change?
13     A. I think Summer of 2006 was the
14 first, if I'm not mistaken.
15     Q. Summer 2006, it started going
16 all year?
17     A. Yes.
18     Q. Now, on the Youth Court --
19 well, let me step back.
20         Before you started doing the
21 Youth Court, you had your regular caseload?
22     A. Yes.
23     Q. All right. And were you
24 working pretty much eight to five?
25     A. Yes.

52

1      Q. Now, when you started doing
2  Youth Court, did your hours change?
3      A. Yes.
4      Q. All right. Tell me, how did
5  they change?
6      A. On -- this was not from the
7  very beginning, but they did change.
8      Q. Okay.
9      A. They did change. On Mondays, I
10 worked late to make phone calls.
11     Q. Would you still come in at
12 eight in the morning?
13     A. Yes.
14     Q. Would you work eight to five?
15     A. No. I worked overtime.
16     Q. No. I mean, did you work eight
17 to five and then continue to work all through
18 the night?
19     A. Yes.
20     Q. Or would you leave early?
21     A. No.
22     Q. Okay. You would work eight to
23 five and then work late?
24     A. I'm confused here. On Monday,
25 I may not have worked late. On Tuesday and

53

1  Wednesday, I worked late.
2      Q. On Youth Court?
3      A. Right.
4      Q. When it was in session?
5      A. Yes.
6      Q. Okay. And you would have to
7  work until --
8      A. Whenever I finished.
9      Q. Yeah. Just late in the night
10 sometimes. All right.
11         What about Thursday and Friday?
12     A. Thursday was the Youth Court in
13 session. And I worked until it was over.
14     Q. Okay. So you may work late
15 then, too?
16     A. I most definitely did.
17     Q. And what about Friday?
18     A. I didn't work any Youth Court
19 on Friday.
20     Q. Okay. Is that still true
21 today?
22     A. True today.
23     Q. Okay. And were your off days
24 Saturday, Sunday?
25     A. Yes.

54

1      Q. Is that still true today?
2      A. Yes.
3      Q. Okay. Has that always been the
4  case?
5      A. True today to a degree.
6      Q. Okay. Your regular workdays
7  are Monday through Friday?
8      A. Not when Youth Court is in now.
9      Q. Is it in right now?
10     A. No. When Youth Court is in,
11 they changed my schedule after the lawsuit
12 was filed.
13     Q. Okay. Before the lawsuit was
14 filed, it was Monday through Friday?
15     A. Yes.
16     Q. Off days Saturday and Sunday?
17     A. Yes.
18     Q. And after the lawsuit was
19 filed, it was changed when?
20     A. I don't remember when, but it
21 was changed where I was off on Monday.
22     Q. Okay. I think I've got
23 something on that.
24         Does anybody else work Youth
25 Court with you?

15 (Pages 51 to 54)

Mary Whittle Jeter
September 4, 2007

55

1      A. Nope.
2      Q. Nobody?
3      A. Not now. They -- not now.
4      Q. Okay. Before you had someone
5   working with you?
6      A. Yes.
7      Q. Who was that?
8      A. Rosalyn Godwin [phonetic].
9      Q. Okay. Now, when this was
10  changed -- let's see. Let me show you what
11  I've got, Exhibit 4. It's a memo dated
12  December 15th, '06, which is entitled Work
13  Schedule. It's from Steve Wooten to Bruce
14  Howell. It talks about changing your Youth
15  Court schedule. Is that what you were
16  talking about?
17      (Whereupon Defendant's Exhibit
18      No. 4 was marked for
19      identification and attached
20      hereto.)
21      (Witness reviewed document.)
22      A. This is it.
23      Q. Okay. Let me see that for a
24  second. This says, Mary and I have devised a
25  schedule to accommodate her Youth Court

56

1   duties. And then it goes and lists that you
2   have Monday off. And then Tuesday is eight
3   to seven. Wednesday, eight to seven.
4   Thursday, eight to nine, which is your --
5      A. Or later.
6      Q. -- which is your big day.
7   Evidently, Thursday is the day it's in
8   session, right?
9      A. Yes.
10      Q. And Friday eight to five. So
11  is that the new schedule now for Youth Court?
12      A. Yes.
13      Q. Okay. And is that going to be
14  your schedule now, the whole time, since
15  Youth Court goes all during the year?
16      A. Against my will, yes.
17      Q. What do you mean? You didn't
18  want to have the new schedule?
19      A. No.
20      Q. Why not?
21      A. Because I felt, prior to this,
22  I was given the opportunity to get overtime
23  in terms of time or pay.
24      Q. Are you not getting overtime
25  now for working Youth Court?

57

1      A. No, I don't. Because I don't
2   work a forty-hour week.
3      Q. Okay. I gotcha.
4      A. I work a forty-hour week, but
5   just a forty-hour week. They took the Monday
6   so that I would not get overtime.
7      Q. So they were trying to cut down
8   on overtime; that's what they were doing?
9      A. That's what they said.
10      Q. Well, you don't think that's
11  correct?
12      A. I know it's not.
13      Q. What do you think the reason
14  is?
15      A. Retaliation.
16      Q. Why is this retaliation to you?
17      A. Because other people were still
18  allowed to do it.
19      Q. I thought you were the only one
20  working on Youth Court?
21      A. Not necessarily -- not
22  necessarily Youth Court.
23      Q. Okay. Who was allowed to get
24  overtime?
25      A. (No immediate response.)

58

1      Q. Who was allowed to get
2   overtime?
3      A. Supervisors.
4      Q. Who?
5      A. Michael Provitt.
6      Q. All right. Well, he works in
7   detention, right?
8      A. Yes.
9      Q. You don't work in detention?
10      A. No.
11      Q. Okay. Well, who on Youth Court
12  is still getting overtime?
13      A. No one is on Youth Court but me
14  and Steve Wooten.
15      Q. Okay. Who else is getting
16  overtime now?
17      A. Steve Wooten.
18      Q. And what does -- he's your
19  supervisor, though?
20      A. Yes, he is.
21      Q. All right. Is there anybody
22  else that's getting overtime besides you?
23      A. With Youth Court?
24      Q. Anything.
25      A. (No immediate response.)

16 (Pages 55 to 58)

Mary Whittle Jeter
September 4, 2007

59

1    Q. Have you worked any overtime
2  since December 15th, '06?
3    A. On Thursday or Friday of last
4  week.
5    Q. You worked overtime?
6    A. There had been no -- there had
7  been some communications long before they
8  gave me this three hours overtime.
9    Q. So you got some overtime last
10 week?
11   A. For time that was done a month
12 or two ago.
13   Q. It was done in a different pay
14 period?
15   A. Yeah.
16   Q. Okay. So y'all went back and
17 got you three hours of overtime for something
18 that was done earlier; is that what you're
19 saying?
20   A. Right.
21   Q. Okay. So you have worked
22 overtime since December 15th, '06; is that
23 correct?
24   A. Oh, yes.
25   Q. And you've been paid for it?

60

1    A. I was compensated for the three
2  hours last week.
3    Q. Were there any other occasions,
4  besides last week, where you had gotten
5  overtime since December 15th, 06?
6    A. I'm not sure. But I would
7  think if I stayed later on Thursday nights,
8  because parents don't pick kids up when they
9  should.
10   Q. Okay. And you understand that
11 if you work over forty hours a week, you can
12 get overtime; do you understand that?
13   A. I understand it now.
14   Q. Okay. When did you first
15 understand that?
16   A. I understood it for this
17 situation.
18   Q. No. When did you understand
19 that in general?
20   A. In general, when I started
21 this.
22   Q. Started what?
23   A. Any -- anytime you worked in
24 excess of forty hours.
25   Q. You get overtime?

61

1    A. You were supposed to.
2    Q. Or you'd get comp time?
3    A. You were supposed to.
4    Q. And you know you have to turn
5  in your form and all of that?
6    A. You were supposed to.
7    Q. You were supposed to turn in
8  your form?
9    A. For this?
10   Q. No. I'm talking about -- do
11 you understand that if you work over forty
12 hours a week, you're entitled to receive
13 overtime or comp time?
14   A. I was. But I was not allowed
15 it.
16   Q. Okay. Who didn't allow it?
17   A. Steve Wooten or Bruce Howell.
18   Q. They prevented you from getting
19 overtime?
20   A. Yes.
21   Q. How?
22   A. I was not allowed to turn it
23 in.
24   Q. Who told you you couldn't turn
25 it in?

62

1    A. It was a part of my job.
2    Q. Wait just a minute. Did
3  someone tell you you couldn't turn in
4  overtime forms?
5    A. Yes.
6    Q. Who?
7    A. Bruce Howell and Steve Wooten.
8    Q. What did they say?
9    A. Judge Dorrough decided that he
10 was going to give me home detention, and
11 that's what I had to do. That was a part of
12 my work schedule; not an overtime.
13   Q. Did somebody say you can't get
14 overtime for this?
15   A. Bruce Howell and Steve Wooten.
16   Q. Tell me what he said.
17   A. I couldn't get overtime if it's
18 something that Judge Dorrough decided that he
19 wanted me to do.
20   Q. All right. Is it your
21 testimony you never got overtime for working
22 home detention?
23   A. Only when I worked for Phoenix
24 Martin.
25   Q. And never on your regular days?

17 (Pages 59 to 62)

A. On my regular days?
Q. When you didn't work for her.
A. Not unless I was there making home detention calls, and it was -- I mean -- I'm sorry -- Youth Court calls, and it was late. I may make one or two.
Q. Well, why would you be able to get it then?
A. Because I was on the clock.
Q. But you said you weren't supposed to get overtime for making home detention.
A. But I was on the clock. I was not to get overtime when I left the job.
Q. And you're saying Bruce Howell and Steve Wooten told you that?
A. I'm saying that.
Q. You're saying they said that to you?
A. I'm saying that.
Q. They said that to you?
A. I'm saying that.
Q. Both of them said that?
A. I'm saying that.
Q. But did both of them say it?

A. I'm saying that.
Q. I don't understand what that answer means.
A. Yes.
Q. Okay. And how many times did they tell you that?
A. Many times. Even in staff meetings.
Q. They said you can't get overtime if you work over forty hours a week on home detention?
A. Yes.
Q. Were there any witnesses present?
A. Yes.
Q. Who?
A. In the staff meeting, I asked if someone would cover home detention for me, in an open staff meeting. And they said, What do we get? Steve Wooten was present in the staff meeting. And I said, nothing.
Q. Hold on one second. Would you start over and tell me that again? Tell me about the staff meeting.
A. We were in a staff meeting.

And I asked if someone would cover home detention for me. And they said -- many of the staff members said -- Rhonda Beasley especially -- What will I get? And I said, Nothing. And she said, Hell no.
Q. Okay. But I mean, I thought you were telling me that they told you in a staff meeting you couldn't turn in for overtime?
A. Well, it was understood.
Q. Okay. That's what I want to talk to you about. It's very important that you tell me if they said it or if it was just understood, okay? I need to know if they actually told you you were not allowed to turn in overtime.
A. Steve has told me Bruce would not approve overtime.
Q. Okay. Steve Wooten told you Bruce will not approve overtime?
A. Yes.
Q. For . . .
A. Home detention.
Q. When did he tell you that?
A. Several times. And several

people heard it.
Q. All right. Who heard it?
A. Rosalyn Godwin heard it. Amanda Ashurst heard it.
Q. Anybody else?
A. Could have been. I don't know.
Q. Did he tell you --
A. I could tell you who else knew it, Ron McKitt.
Q. Did he tell you this at the beginning of home detention or --
A. No.
Q. So you never would have turned in any overtime forms for home detention unless you worked on the weekends?
A. I never would have turned in overtime forms for home detention until in the County Commission meeting when we discussed the raise, they make the statement we were compensated for everything we did. And I said, I am not.
Q. Okay. So are you saying -- that was in October of '05?
A. Right.
Q. And after October '05, you

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

started turning them in?
A. Yep.
Q. And you started getting paid for it?
A. Bruce Howell said fifteen minutes. And then he cut the program out.
Q. What do you mean fifteen minutes?
A. He said fifteen minutes per call.
Q. Okay. When did he say that?
A. After the lawsuit.
Q. Okay. All right. So let me just make sure I've got this right, because we're skipping around and jumping a lot.
After the October 2005 County Commission meeting, you began turning in your overtime forms for home detention?
A. I was called in and told to turn in fifteen minutes per call.
Q. All right. And you began turning in your overtime forms after the October '05 County Commission meeting; is that correct?
A. Long after that.

Q. All right.
A. Not immediately.
Q. All right. And since that time, have you been turning them in every time you've done home detention and worked --
A. They closed the program.
Q. -- over forty hours a week?
A. They closed the program.
Q. Well, I know. But I mean, I'm assuming there's a period of time after that County Commission October '05 meeting and between the time home detention was canceled that you worked some overtime on home detention?
A. Yes.
Q. Okay. All I'm trying to find out is, is during that time, did you turn them in and get paid for them?
A. Yes.
Q. Okay. So everything that would have happened -- every time that you did not turn it in, would have been before that County Commission meeting?
A. Right.
Q. All right. Which we know was

in October of '05; would you agree with me?
A. Pretty much.
Q. Okay.
MS. DUNCAN: Will you restate your question of what you're asking her to agree to?
Q. Let me show you a couple of other exhibits.
MRS. WALKER: I think the Record is fine the way it is.
MS. DUNCAN: I will object to the question.
BY MRS. WALKER:
Q. Exhibit 5, let me show you this and ask if you've seen this.
(Whereupon Defendant's Exhibit No. 5 was marked for identification and attached hereto.)
(Witness reviewed document.)
A. Probably.
Q. Is that your signature on the next page?

A. Yes.
Q. Okay. This is a memo that was in your personnel file, and it is entitled Change in County Overtime Policy. And I want to ask you a question about the fourth paragraph.
While she's looking at that, did Bruce Howell ever tell you you could not submit overtime for the home detention program, or was it just Steve Wooten?
A. Bruce Howell made a statement to everyone that they could not get overtime pay.
Q. On home detention?
A. Period.
Q. When was this?
A. I can't tell you when, because the detention workers were affected by it, as well.
Q. Was this after your lawsuit or before?
A. Before.
Q. But y'all were still turning in overtime forms for Youth Court and other things, weren't you?

Mary Whittle Jeter
September 4, 2007

71

1    A. Uh-huh (affirmative response).
2  But it was made before.
3    Q. What was made before?
4    A. That -- I don't know if I can
5  answer this or not.
6    Q. Well --
7    A. I don't know how to answer
8  this.
9    Q. This is very important. You're
10 saying Bruce Howell told everybody they
11 couldn't turn in overtime forms; is that what
12 you're saying?
13    A. That is what I'm saying. But
14 it should be qualified, and I don't know that
15 I could qualify that in here.
16    Q. Well, did you still turn in
17 overtime forms for Youth Court?
18    A. That was before Youth Court.
19    Q. That was before Youth Court.
20 You mean, this is like years and years ago?
21    A. Several years ago.
22    Q. Okay. All I'm concerned about
23 is the time from 2002 to the present, okay,
24 because that's the span of time your lawsuit
25 covers. All right?

72

1    A. Uh-huh (affirmative response).
2    Q. In 2002 -- and I produced these
3  to your lawyer -- I have a stack about this
4  tall (indicating) of overtime forms you've
5  submitted, okay?
6    A. Uh-huh (affirmative response).
7    Q. And this is why I'm confused:
8  You are submitting overtime forms for Teen
9  Court and for something called Family
10 Guidance; is that right?
11    A. Uh-huh (affirmative response).
12    Q. All right. But now you're
13 telling me Bruce Howell said y'all couldn't
14 submit any for anything?
15    A. He did say that. Bruce
16 Howell --
17    Q. When did he say that?
18    A. I don't know when he said that.
19    Q. A long time ago?
20    A. Yes.
21    Q. Okay.
22    A. Bruce Howell stated to me I was
23 given the home detention job, because Judge
24 Dorrough felt that I was not doing my job.
25    Q. Okay.

73

1    A. As punishment.
2    Q. But my question was: Did he
3  ever tell you you could not turn in overtime
4  forms --
5    A. Yes.
6    Q. -- for home detention?
7    A. Yes, yes.
8    Q. Okay. When did he say that?
9    A. I don't remember.
10    Q. He said that for home
11 detention?
12    A. Yes.
13    Q. All right. Did he tell that to
14 anybody else?
15    A. No one else was doing it other
16 than Phoenix.
17    Q. All right. Did she turn in
18 overtime forms?
19    A. I would assume she did. She
20 worked weekends. It was a part of her
21 regular work schedule.
22    Q. Okay. Did she turn in overtime
23 forms for home detention?
24    A. When she covered for me.
25    Q. All I'm trying to find out is,

74

1  you've told me that Steve Wooten told you
2  that Bruce was not going to approve overtime
3  for home detention?
4    A. Yes.
5    Q. And you said that Rosalyn
6  Godwin --
7    A. Yes.
8    Q. -- and Amanda Ashurst heard him
9  say that?
10    A. Yes.
11    Q. Okay.
12    A. They also heard me ask him many
13 times, When are we going to get this
14 straight?
15    Q. Okay. And then I'm just trying
16 to find out: Did Bruce tell you that you
17 could not turn in overtime forms for working
18 on home detention?
19    A. Yes.
20    Q. Okay. And when did he say
21 that?
22    A. I don't remember.
23    Q. And how many times?
24    A. I don't remember.
25    Q. All right. Did he say it was

Mary Whittle Jeter
September 4, 2007

75

1  just for the time you worked your part of
2  home detention or if you covered for somebody
3  else, or did he make a distinction, or did he
4  just say flat out, you can't get overtime for
5  working home detention?
6          A.  Unless I was covering for
7  Phoenix.
8          Q.  Oh, he said that?
9          A.  Unless I was covering for
10 Phoenix, because that was not my work
11 schedule.
12         Q.  All right.  And did anybody
13 hear that?
14         A.  I don't know.
15         Q.  And did Steve Wooten say that
16 you could get it if you covered for Phoenix?
17         A.  Yes.
18         Q.  All right.  Let's go back to
19 this exhibit.  I believe it's Exhibit 4 or 5?
20 Five.  Look at the fourth paragraph.  We're
21 jumping around here, but you and I had
22 previously talked about -- I was asking you
23 when did you know that you could get overtime
24 if you worked over forty hours a week.
25 Remember when I asked you that question?

76

1          A.  Uh-huh (affirmative response).
2          Q.  The fourth paragraph, do you
3  see there where it says that you're entitled
4  to overtime under the Fair Labor Standards
5  Act --
6          A.  I do.
7          Q.  -- if you work over forty hours
8  in a --
9          A.  I do see that.
10         Q.  Okay.  And you agree with me
11 you knew this in October of '99 when you
12 received this?
13         A.  I did.
14         Q.  All right.
15         A.  Obviously.  I signed it.
16         Q.  Okay.  I also have here a copy
17 of the Personnel Board Rules and Regs, which
18 I'll mark as Exhibit 6.
19         (Whereupon Defendant's Exhibit
20         No. 6 was marked for
21         identification and attached
22         hereto.)
23         (Witness reviewed document.)
24         Q.  You told me you've looked at
25 these at one time or another; isn't that

77

1  right?
2          A.  Yeah.  After thirty-three
3  years, I've looked at a lot.
4          Q.  And if you look at page two
5  where it says Compensation for Overtime --
6          A.  Uh-huh (affirmative response).
7          Q.  -- No. 2, Employees covered by
8  the Fair Labor Standards Act shall be given
9  compensatory time at a rate of time -- at a
10 rate of time and a half or be paid overtime
11 at a rate of time and a half.  Do you see
12 that?
13         A.  Uh-huh (affirmative response).
14         Q.  And that's if you work over
15 forty hours in a seven-day work week; is that
16 what it says?
17         A.  Yes.
18         Q.  And you knew that?
19         A.  I knew that.  But what I knew
20 and what was policy out there were two
21 different things.
22         Q.  Okay.  We're going to talk
23 about that.
24         And also, let me show you
25 what's Exhibit 7.  Did you ever get a County

78

1  handbook?
2          A.  I'm sure at some point.
3          Q.  All right.  And do you remember
4  reading in the County handbook about
5  overtime.
6          A.  I don't know.
7          Q.  Take a look at Exhibit 7 and
8  tell me if you've seen that before.
9          (Whereupon Defendant's Exhibit
10         No. 7 was marked for
11         identification and attached
12         hereto.)
13         (Witness reviewed document.)
14         A.  Possibly.
15         Q.  Okay.  If you look at the last
16 page, does it discuss overtime?
17         (Witness reviewed document.)
18         A.  I see that, yes.
19         Q.  Okay.
20         MS. DUNCAN:  Object to form.
21         There's no indication
22         Ms. Jeter has ever gotten
23         this version of the
24         handbook.  And as she's
25         been employed thirty-four

21  (Pages 75 to 78)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

79

1    years, I'm sure there have
2    been some changes in it.
3        MRS. WALKER: Not to the
4    overtime.
5    BY MRS. WALKER:
6        Q. But all I'm trying to say is,
7    you knew if you worked over forty hours a
8    week, you were entitled to overtime?
9        A. I knew that was said, but it
10   wasn't policy.
11       Q. Well, you don't have to get mad
12   at me.
13       A. I'm not mad.
14       Q. Well, you're yelling and
15   getting all riled up.
16       MS. DUNCAN: Let's take a
17   break.
18       A. I'm not mad.
19       Q. All right. Do you want to take
20   a break?
21       A. Yeah.
22       (Whereupon a brief recess was
23   taken.)
24   BY MRS. WALKER:
25       Q. All right. I think we were

80

1    talking about the handbook. And I believe --
2    correct me if I'm wrong -- I believe you said
3    you had gotten a handbook while you were
4    employed at the County?
5        A. Uh-huh (affirmative response).
6        Q. Is that right?
7        A. Uh-huh (affirmative response).
8        MS. DUNCAN: Say yes.
9        A. Yes.
10       Q. Okay. This is the last version
11   that I have, which is January '05. Do you
12   recall receiving that handbook?
13       (Witness reviewed document.)
14       A. I'm sure I did.
15       Q. All right. Now, we were
16   talking about that they came to you --
17   somebody came to you and talked to you about
18   doing the Teen Court. Do you remember we
19   talked about that?
20       A. Yes.
21       Q. Okay. And you did the Teen
22   Court, you liked doing the Teen Court, and
23   you still like doing the Teen Court; is that
24   right?
25       A. Yes.

81

1        Q. Okay. Now, you were starting
2    to tell me that at some point, maybe it was
3    Bruce Howell, or somebody came to you and
4    talked to you about doing home detention.
5    Who was that?
6        A. Both Steve and Bruce.
7        Q. Okay. And did home detention
8    originate with Judge Dorrough?
9        A. It did.
10       Q. Okay. Does Judge Warner do
11   home detention or did she at any time do home
12   detention?
13       A. Every judge did.
14       Q. Okay. Did anybody do it before
15   Judge Dorrough?
16       A. Judge Dorrough started the
17   program and then every other judge . . .
18       Q. Okay. Did you like doing home
19   detention?
20       A. It was okay.
21       Q. Was there talk about going to
22   doing the electronic monitoring?
23       A. Yes.
24       Q. All right. That would have
25   been better?

82

1        A. Yes.
2        Q. All right. Everybody talked
3    about that was the way to go?
4        A. Yes.
5        Q. Okay.
6        A. Not everybody.
7        Q. But that was the general
8    consensus?
9        A. Yes.
10       Q. Okay. Is there still some talk
11   about going to electronic monitoring?
12       A. It started last week.
13       Q. Are you aware of any
14   discussions before last week?
15       A. No.
16       Q. Okay. Anyway, so you said
17   Bruce and Steve talked to you about the home
18   detention. Tell me what they said.
19       A. Judge Dorrough wants you to do
20   home detention.
21       Q. What did you say?
22       A. I didn't say anything, but yes
23   to Judge Dorrough.
24       Q. Was Judge Dorrough there?
25       A. No.

Mary Whittle Jeter
September 4, 2007

83

1    Q. Okay. Did you ever have a
2 conversation with Bruce or Steve where you
3 told them that you were burned out?
4    A. I'm sure at some point I did.
5    Q. That you were supervising the
6 kids of parents that you had once supervised
7 you had been there so long?
8    A. I don't know that I said that,
9 but I was.
10    Q. You were, okay. Did you get
11 burned out with having a caseload?
12    A. I'm sure I did.
13    Q. Were you glad that you no
14 longer had a caseload and you were doing the
15 Teen Court?
16    A. Yeah. But I do have a
17 caseload.
18    Q. Now you do? You do have one
19 now?
20    A. Uh-huh (affirmative response).
21    Q. How big?
22    A. Huge.
23    Q. Okay. So when did you start
24 doing a caseload again?
25    A. Immediately after the lawsuit

84

1 was filed.
2    Q. Okay. Is this the restitution
3 cases?
4    A. Yes.
5    Q. Okay. But I'm talking about
6 the regular caseload where you get the thing
7 ready for court, and you go visit the kids,
8 and do all that; you're not doing that again,
9 are you?
10    A. No. I'm -- no.
11    Q. All right. Anyway, did either
12 Bruce or Steve tell you that they thought
13 that you would be the right person for the
14 home detention program since you didn't have
15 the regular caseload anymore, and that you
16 were burned out, and this would give you
17 something new to do?
18    A. No.
19    Q. Was there ever any discussion
20 about that?
21    A. Not the burned out.
22    Q. Okay. What was the discussion?
23    A. The discussion was I was the
24 person to do it, because I had the
25 personality. And the person who was doing it

85

1 prior to me almost got Steve fired.
2    Q. Who was that?
3    A. Sophia Seals [phonetic].
4    Q. Where is she now?
5    A. I have no clue.
6    Q. What did they mean, you have
7 the personality for it?
8    A. Because I have a way with kids
9 and parents.
10    Q. You enjoy working with the
11 kids?
12    A. I do.
13    Q. Yes?
14    A. I do.
15    Q. Okay. Well, did you think this
16 would be something that you would enjoy then?
17    A. Of course.
18    Q. The home detention?
19    A. No.
20    Q. Okay. That's what I'm talking
21 about.
22    A. You were talking about . . .
23    Q. You were telling me that they
24 said you had the personality for it?
25    A. For Youth Court.

86

1    Q. No. We were talking about home
2 detention.
3    A. I'm sorry. I thought you were
4 talking about Youth Court.
5    Q. Did they say that they thought
6 you had the personality for home detention?
7    A. No.
8    Q. Okay. All right. Well, let's
9 go all the way back, then, and start over.
10    When Steve and Bruce came to
11 you and said Judge Dorrough wants you to do
12 home detention, what else was said?
13    A. I made a statement to them, Why
14 can't control people do it; they're here all
15 the time?
16    Q. Let me ask you something: This
17 Sophia person, did she do home detention or
18 Youth Court?
19    A. Youth Court.
20    Q. Okay. All right. Who are the
21 control people?
22    A. People who work detention.
23    Q. All right. You don't work
24 detention?
25    A. No.

23 (Pages 83 to 86)

Mary Whittle Jeter
September 4, 2007

87

1      Q. Right?
2      A. Right.
3      Q. Okay. And then what was said?
4      A. Judge Dorrough wants you to do
5   it.
6      Q. And then what, anything else?
7      A. That's it. Judge Dorrough said
8   it. I did it.
9      Q. Okay. And is it your testimony
10  that they didn't say we think you would be
11  right for it, because you don't have a full
12  caseload?
13     A. No.
14     Q. We think you would be right for
15  it, because you've said you've gotten burned
16  out --
17     A. No.
18     Q. -- and this will give you
19  something new to do?
20     A. No.
21     Q. Okay. Prior to filing this
22  lawsuit, had you ever had a complaint before
23  with your employer about the payment of
24  overtime?
25     A. Was never an issue as I

88

1   remember.
2      Q. Okay. Are you aware of anyone
3   else having a problem with getting paid
4   overtime besides you?
5      A. Yes.
6      Q. Who is that?
7      A. Detention workers.
8      Q. Okay. Was this before your
9   lawsuit was filed?
10     A. Yes.
11     Q. Okay. When was that?
12     A. I don't remember.
13     Q. Would it have been several
14  years before?
15     A. Probably.
16     Q. Okay. Any other time that you
17  recall there was a -- well, you didn't have
18  any problem except for this one time, this
19  one that your lawsuit is about; is that
20  correct?
21     A. As I can remember.
22     Q. All right. Every time you've
23  asked for overtime, have you been paid?
24     A. Yes.
25     Q. Okay. Every time you've asked

89

1   for compensatory leave, have you gotten
2   leave?
3      A. If I was allowed to turn it in.
4      Q. Were there some times you
5   weren't allowed to turn in requests for
6   leave?
7      A. Yes.
8      Q. When did that happen?
9      A. When I was told Bruce wouldn't
10  approve it.
11     Q. Is this the same thing we were
12  talking about earlier on the home detention?
13     A. On anything. Several different
14  things.
15     Q. All right. Tell me about this
16  conversation.
17     A. It was just several different
18  conversations where I would give Steve
19  something. And he said, Bruce is not going
20  to approve it, so let's do it -- try to do it
21  off the clock.
22     Q. What does that mean?
23     A. Means do it illegally, don't
24  put it on the records.
25     Q. And this was your request for

90

1   leave?
2      A. For leave or for time.
3      Q. Okay. Did this have to do with
4   home detention?
5      A. Time. Some.
6      Q. So you did try to turn in
7   overtime for home detention?
8      A. Some.
9      Q. Even though you were told at
10  the beginning you couldn't?
11     A. Uh-huh (affirmative response).
12     Q. Is that right?
13     A. Yes.
14     Q. Okay. And what happened when
15  you tried to turn it in?
16     A. I didn't get it.
17     Q. Well, tell me what you did and
18  what was the response.
19     A. I did it just to see if I could
20  do it.
21     Q. Right. And what happened?
22     A. He said, Bruce ain't going to
23  approve this.
24     Q. Okay. And then what happened?
25     A. Then we laughed about it and

24 (Pages 87 to 90)

Mary Whittle Jeter
September 4, 2007

91

1   went on.
2       Q. So how many times did that
3   happen?
4       A. Several times.
5       Q. And this is Steve Wooten?
6       A. Yes.
7       Q. Did anybody hear him say that?
8       A. Yes.
9       Q. Who?
10      A. Probably. I'm going to say
11  probably, because there are offices right
12  across the hall.
13      Q. Well, they weren't present
14  then?
15      A. No. But the doors are open.
16      Q. All right. Who was across the
17  hall?
18      A. Ron McKitt.
19      Q. Okay. Anybody else?
20      A. Probably Rosalyn. Because a
21  lot of the times when I met with Steve,
22  Rosalyn was there, because we worked
23  together.
24      Q. All right. And was this for
25  home detention or something else?

92

1       A. Youth Court and home detention.
2       Q. He said you couldn't get
3   approval for Youth Court, too?
4       A. No. The conversation was about
5   Youth Court.
6       Q. No, no, no. You were telling
7   me that you were trying to turn in overtime
8   for something, and Steve said Bruce is not
9   going to approve that. Was this for Youth
10  Court or home detention or what?
11      A. Home detention.
12      Q. Okay. Have you ever had --
13  let's put home detention over here for a
14  minute.
15      Any of the other work you've
16  ever done, have you ever been denied turning
17  in an overtime form where someone told you
18  you couldn't turn in an overtime form for
19  something other than home detention?
20      A. Yes.
21      Q. What was that?
22      A. I can't remember how many
23  times, but they said, we'll do it off the
24  books, unofficial.
25      Q. Who said that?

93

1       A. Steve.
2       Q. What was it for?
3       A. I can't remember. Many things.
4   It's been so many things.
5       Q. Is that part of your lawsuit,
6   or is your lawsuit just the home detention?
7       A. Well, I don't know. She would
8   have to tell you what the lawsuit is.
9       Q. Do you know what -- the way I
10  read your lawsuit, you're asking for overtime
11  for working on home detention. And I'm just
12  trying to clear up, we're not going to be
13  talking about something else. Is it just
14  home detention that you're seeking the
15  overtime for, yes or no?
16      A. Yes.
17      Q. Okay. But is it your testimony
18  that you were denied or not given the
19  right to submit a -- let me step back.
20      You were told you couldn't
21  submit an overtime form for something else
22  besides home detention?
23      A. Yeah.
24      Q. Okay. And what was that for?
25      A. I don't remember what it was

94

1   for.
2       Q. Okay. Was that a long time
3   ago?
4       A. Maybe a year or so.
5       Q. What did you do about that?
6       A. I did nothing.
7       Q. Okay. You didn't complain
8   about it?
9       A. To whom?
10      Q. Did you complain about it?
11      A. No.
12      Q. All right. But your lawsuit is
13  not about that, just so we're clear; is that
14  correct?
15      A. I don't know. You'd have to
16  ask her.
17      Q. Well, I don't see it in there,
18  and that's why I'm asking you. Are you
19  trying to recover for this time that you
20  can't remember what it was for when you
21  weren't given the right to file your
22  overtime?
23      A. Yes.
24      Q. All right. If you're trying to
25  recover for that, then you're going to have

25 (Pages 91 to 94)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

95

1  to give me all of the information you have
2  about it. I need to know when it happened
3  and what it was for.
4       A. I don't know exactly when it
5  happened and what it was for. This has gone
6  on for so long. I'm sorry. I just don't
7  know.
8       Q. You're not sure when it was and
9  what it was for. How many times?
10      A. Several.
11      Q. How much was the overtime?
12      A. Three hours, two hours.
13      Q. On how many occasions?
14      A. Maybe five or six.
15      Q. So are we talking -- how much
16 total overtime in addition to the home
17 detention that you're trying to recover here?
18      A. (No immediate response.)
19      Q. Do you know?
20      A. No, I don't.
21      Q. Okay. And you don't know what
22 it was for?
23      A. Possibly -- I'm going to back
24 up now -- possibly for Youth Court. When I
25 stayed later, it was questioned.

96

1       Q. You're saying possibly, but you
2  can't testify to that under oath?
3       A. If I gave it serious thought
4  and tried to look back and recalculate,
5  maybe.
6       Q. Didn't you get paid overtime
7  for staying late on Youth Court?
8       A. Sometimes. Yes, most of the
9  time.
10      Q. Yeah.
11      A. But I was questioned when it
12 was longer than they thought it should be.
13      Q. Well, we're not talking about
14 that. We're talking about the times you told
15 me that you tried to turn in an overtime
16 form, and Steve said, No, just do it off the
17 clock; Bruce isn't going to approve it.
18 That's what I'm talking about.
19      A. Uh-huh (affirmative response).
20      Q. Is that for Youth Court?
21      A. Yes.
22      Q. Okay. So that was for Youth
23 Court you think?
24      A. Uh-huh (affirmative response).
25      Q. Are you positive?

97

1       A. Pretty much positive.
2       Q. All right. And you think it's
3  because you stayed late?
4       A. Uh-huh (affirmative response),
5  sometimes I would stay late.
6       Q. But I mean, you have tons of
7  times where you've submitted overtime for
8  Youth Court and got paid for staying late.
9  Why was this one different?
10      A. Maybe it was too much.
11      Q. Are you sure this is what this
12 was for? Because let me just tell you, I
13 find that very hard to believe, because you
14 got paid a ton of overtime for Youth Court.
15 Why would they pick out a few hours and say
16 no?
17      A. Because it would be questioned
18 why did you stay that long.
19      Q. But you stayed long all the
20 time and got paid?
21      A. But it would be questioned why
22 did you stay that long.
23      Q. Like, where were you staying --
24 what --
25      A. Because some kids' parents

98

1  didn't come pick them up, and I had to take
2  them home.
3       Q. But you got paid for that, too.
4       A. But they didn't want to pay me.
5       Q. But they did. So I'm just
6  saying, why would they not pay you for that
7  on this occasion?
8       A. I don't know.
9       Q. And that just brings me back to
10 this --
11      A. It was policy, but it wasn't
12 practice.
13      Q. That just brings me back to
14 this: I'm asking you about the time, and I
15 don't -- and a lot of people will do this in
16 a deposition, so it's not just you. People
17 try to come up with the answer when they
18 really don't know. I don't want you to do
19 that. I want you to be sure and tell me if
20 you know or you don't know. This is
21 important.
22      A. That's why I keep telling you I
23 don't know.
24      Q. Okay. You're not sure if it
25 was Youth Court or not then; is that right?

26 (Pages 95 to 98)

Mary Whittle Jeter
September 4, 2007

99

1    A. Yes. That's why I keep saying
2  I don't know.
3    Q. Okay. That's fine. You don't
4  have to come up with an answer just to please
5  the questioner. A lot of people do that.
6    All right. Just so we're
7  clear, these other times when you said you
8  weren't allowed to turn in your overtime
9  form, you don't know when that was, and you
10  don't know what it was for, and we don't know
11  the amount of hours; is that correct?
12    A. That is correct.
13    Q. All right. Okay. Now, let's
14  get back to where we were. When you started
15  working on the -- let me step back.
16    I was asking you had you ever
17  not been given the right to request leave,
18  and that's what brought all of this up, okay.
19  And you've told me about that; is that
20  correct?
21    A. If you would ask me again, it
22  would refresh my memory.
23    Q. Okay. I asked you had you
24  ever -- let me step back.
25    I asked you if -- it's getting

100

1  complicated -- if you had been paid overtime
2  every time you requested it, filled out a
3  form and sent it in. And you said yes, okay?
4  Then I asked you have you been paid leave
5  every time you filled out a leave slip and
6  asked for leave. And that's when you told me
7  that you were prevented from getting leave
8  when Steve Wooten said he wasn't going to pay
9  it. Remember that?
10    A. Leave, meaning time away from
11  work?
12    Q. Comp time. Comp time,
13  compensatory leave.
14    A. Uh-huh (affirmative response).
15    Q. That's what I'm talking about.
16    A. Yes.
17    Q. Okay. So you were denied the
18  right to ask for leave?
19    A. We said we would do it off the
20  record.
21    Q. All right. That's what you
22  just told me about, right?
23    A. Yes.
24    Q. Okay. Has anyone ever
25  prevented you from turning in an overtime

101

1  form on something unrelated to home
2  detention?
3    A. I would have to say yes.
4    Q. Can you give me any specifics?
5    A. Not a specific, but many times
6  we did it off the books.
7    Q. Okay.
8    A. Unofficial is what it was
9  called.
10    Q. Was that on something other
11  than home detention?
12    A. Yeah. It could have been
13  anything.
14    Q. Is that a part of your lawsuit,
15  too?
16    A. I don't know what part of the
17  lawsuit is. I'm so confused at this point.
18    Q. Are you trying to recover
19  anything in this lawsuit other than overtime
20  for home detention work?
21    A. I am trying to recover overtime
22  for home detention work; the stress that it
23  has brought me; the retaliation I have
24  received as a result of filing the lawsuit;
25  the fact that I was told that I was not a

102

1  team player.
2    Q. Okay. Anything else?
3    A. As far as I can remember. She
4  may remember. It's been going on so long,
5  and I have gone through so much out there.
6    Q. Well, let me just tell you
7  this: I've got your Complaint, and it says
8  all that in there. And it also has a racial
9  discrimination claim, okay, and all that you
10  told me. But it doesn't have anything in
11  there about recovering for overtime for
12  something that's unrelated to home detention.
13    A. That is what I'm here for.
14    Q. Okay. I just want to make sure
15  that when we go to trial on this that y'all
16  don't try to come in and ask for overtime on
17  something unrelated to home detention.
18    A. No. No, I'm not.
19    Q. So you're just seeking the home
20  detention overtime?
21    A. Yes, ma'am.
22    Q. Okay. What about the intern
23  program?
24    A. Uh-huh (affirmative response).
25    Q. Do you work on that?

27 (Pages 99 to 102)

Mary Whittle Jeter
September 4, 2007

103

1    A. I do.
2    Q. Okay. Do you supervise the
3  interns?
4    A. I do. And I love it.
5    Q. Okay. When did you start doing
6  that?
7    A. Several years ago.
8    Q. And you're still doing that?
9    A. I am.
10    Q. Okay. And that requires you to
11  work during the day while you're at the
12  office?
13    A. Yes.
14    Q. That's not after hours?
15    A. No. May I qualify that? Every
16  now and then I will have to go to Alabama
17  State. And it's after hours, but I don't get
18  overtime for that.
19    Q. Why not? Do you ask for it?
20    A. No.
21    Q. Why not?
22    A. I don't ask for it for
23  everything. You know, it's not that much
24  time and . . .
25    Q. It's a negligible amount? It's

104

1  a small amount?
2    A. Well, what would happen, I
3  would leave work a little early and go on
4  over there and do it.
5    Q. That's what I call a flex time
6  schedule. Did you ever do that?
7    A. That's what they called me
8  doing with the --
9    Q. Home detention?
10    A. Huh-uh (negative response).
11    Q. With the Youth Court?
12    A. Uh-huh (affirmative response).
13    Q. Okay. You need to make sure
14  you say yes.
15    A. Yes.
16    Q. All right. What is the flex
17  time? What would that be?
18    A. Flex time would be coming in at
19  a certain time and working later. Flex time
20  would be if I came in at ten and worked till
21  seven.
22    Q. Okay. All right. So were you
23  flexing during this period of time I'm
24  talking about, 2002 to the present -- let me
25  say that again.

105

1    From 2002 -- that's when the
2  home detention program started; right?
3    A. Uh-huh (affirmative response).
4    Q. Yes?
5    A. Yes.
6    Q. Okay. I believe it started
7  June 2002?
8    A. It did.
9    Q. Okay. And then let's say from
10  June 2002 up until October 2005, were you
11  flexing during that period of time?
12    A. Maybe. But not often, as I
13  remember.
14    Q. Did you have a flexible
15  schedule?
16    A. No. I had to get it approved.
17    Q. That's not what I mean. I
18  mean, you weren't going in and working from
19  eight to five every day?
20    A. Basically, yes.
21    Q. But you had other hours, not
22  just eight to five? If I understand you
23  correctly, you were working at Teen Court
24  late, and then you would get up and come in
25  to work at ten the next day on some

106

1  occasions; is that right?
2    A. I took time for it.
3    Q. That's all I'm saying.
4    When you say you "took time,"
5  what do you mean?
6    A. I took leave time.
7    Q. All right. Explain to me what
8  that means.
9    A. Means that I didn't necessarily
10  flex. I took two hours worth of leave if I
11  was late.
12    Q. Okay. Were there times when
13  you did flex, though?
14    A. Yes. And I worked late.
15    Q. Okay. That's what I'm saying.
16  And just so anybody who's trying to read this
17  understands, let me tell you what I think
18  flexing means, and you tell me if this is
19  consistent. What I understand flexing is, is
20  if -- let's say I worked till ten o'clock
21  last night, and then I want to come in later
22  today, and I'll come in at ten o'clock today
23  and not work the whole eight hours.
24    A. That's not the way ours always
25  worked.

28  (Pages 103 to 106)

Mary Whittle Jeter
September 4, 2007

107

1    Q. Okay. What was flexing to you?
2    A. Flexing to you would be able to
3    come in at ten, maybe, and work until seven
4    or so.
5    Q. Oh, I see. You still put in
6    eight hours?
7    A. Uh-huh, yes.
8    Q. Okay. How many times did you
9    do that?
10    A. I don't know.
11    Q. Okay. But that was okay for
12    you to do that?
13    A. When approved.
14    Q. The supervisor said you could
15    do that?
16    A. When approved.
17    Q. All right. Did you have to go
18    tell him beforehand or just after the fact?
19    A. I'd call him in the morning and
20    say, you know, I worked late, and I think I'm
21    going to flex it. Or I am just exhausted.
22    I'm coming in. Can I flex it?
23    Q. And they'd say okay?
24    A. He'd say yeah.
25    Q. All right. Would you ever just

108

1    work like from ten and then -- let's talk
2    about this. Would you ever just come in at
3    eight and maybe leave early, like you were
4    saying, to make up for some overtime you'd
5    worked the day before?
6    A. Not generally.
7    Q. Had you done that before?
8    A. I may have, but I can't recall.
9    Q. Okay. If Steve Wooten
10    testified that you did do that, that you were
11    flexing, would you have any reason to
12    disagree with that?
13    A. Yes.
14    Q. Okay. I thought you just told
15    me you did flex?
16    A. What I'm saying to you is I did
17    flex. But if he's saying that I did this
18    often --
19    Q. That's not what my question
20    was.
21    A. Well, I didn't understand your
22    question.
23    Q. Okay. If he says that you did
24    flex -- I'm not saying often or little -- but
25    that you did flex, and that he approved it,

109

1    you wouldn't disagree with that; is that
2    correct?
3    A. That's correct.
4    MS. DUNCAN: I object to form.
5    We've got two definitions
6    of flex time here. She's
7    saying that means eight
8    hours. You're talking
9    about taking comp time,
10    so . . .
11    MRS. WALKER: Wait. Let's
12    don't -- let's don't --
13 BY MRS. WALKER:
14    Q. What I'm talking about is you
15    told me that you -- we were talking about
16    generally before this, you might come in and
17    leave early, because you had worked overtime
18    the day before. And you said that you had
19    done that before?
20    MS. DUNCAN: She said not
21    often.
22    A. No.
23    Q. Okay. You did not do that?
24    A. Not all -- not -- not enough
25    for me to remember it.

110

1    Q. Okay. Well, did you ever do it
2    ever in your life?
3    A. When I worked flex time, I came
4    in late, and I left late.
5    Q. Okay. Were there ever times
6    when you would come in and not work the whole
7    eight hours the next day, because you had
8    worked maybe ten hours the day before or
9    something along those lines?
10    A. I can't remember.
11    Q. Okay. Do you know anyone that
12    would do that?
13    A. I don't know.
14    Q. All right. So you weren't
15    always working eight to five. Sometimes you
16    might work ten to seven; sometimes you might
17    work twelve to nine; is that correct?
18    A. That is correct.
19    Q. All right. And what I mean by
20    that is you had a flexible schedule; i.e., it
21    wasn't always eight to five; is that right?
22    A. When approved.
23    Q. Okay. And when you say "when
24    approved," you would just call in and say,
25    Look, I'm going to work from ten to seven

29 (Pages 107 to 110)

Mary Whittle Jeter
September 4, 2007

### 111

1  today; is that okay?
2      A.  No.  I would ask.
3      Q.  Well, yeah.  Can I work ten to
4  seven, and he'd say yes?
5      A.  And he would see where I signed
6  out late at night, and he would, yes.
7      Q.  Now, when you were working late
8  at night, would you come back to the Youth
9  Facility and sign out?
10     A.  I stayed there.
11     Q.  Okay.  What if you were working
12 on something that was away from there?
13     A.  I never left.
14     Q.  When you made your home
15 detention calls, did you make them from
16 the --
17     A.  I made them from a home.
18     Q.  That's what I mean.  Would you
19 come and sign out after --
20     A.  No.
21     Q.  You wouldn't come back in and
22 sign out?
23     A.  No, no.  Because sometimes it
24 would be ten or eleven o'clock at night.
25     Q.  At Teen Court, were you always

### 112

1  at the facility?
2      A.  Yes.
3      Q.  You never did that away from
4  the facility?
5      A.  Only recruiting.
6      Q.  Okay.  Would you come back in
7  and sign --
8      A.  When I was recruiting?
9      Q.  Yeah.
10     A.  Because I recruited during the
11 schoolday, basically.
12     Q.  Okay.  What about when you
13 worked late at Teen Court, was that always at
14 the facility?
15     A.  Yes.
16     Q.  Okay.  Just so we're clear:
17 You did flex, but you got permission to do
18 that, right?
19     A.  Yes.
20     MS. DUNCAN:  Object to form.
21         State what you interpret
22         flex to be.
23     MRS. WALKER:  Well, she's told
24         me what flex is to her,
25         okay.  And that's what

### 113

1      we're going by.
2  BY MRS. WALKER:
3      Q.  You would flex, and then you
4  would call in to get approval, and you would
5  flex on those days; is that right?
6      A.  Yes.
7      Q.  How often did you flex?
8      A.  Not a lot.
9      Q.  At least once a week?
10     A.  No.
11     Q.  How often would you say?
12     A.  It's hard to say, but nowhere
13 near once a week.
14     Q.  Okay.  Did you ever talk to
15 anybody else about flexing other than Steve
16 Wooten?
17     A.  No.
18     Q.  Ever talk to Bruce Howell about
19 it?
20     A.  I didn't.
21     Q.  Okay.
22     A.  But Steve did.
23     Q.  How do you know?
24     A.  Because he told me.
25     Q.  What did he say?

### 114

1      A.  He said that he had talked to
2  Bruce about the flexing, and he said, you
3  know, sometimes, whatever -- leaving it to
4  Steve's discretion.
5      Q.  So Bruce didn't have a problem
6  with you doing that?
7      A.  Sometimes.
8      Q.  Well, how do you know when he
9  had a problem?
10     A.  Because Steve would say it,
11 Bruce is not going to allow that.
12     Q.  He won't let you flex?  He
13 said, He won't let you flex?
14     A.  Yes.
15     Q.  Well, how did that come up?  I
16 thought you did flex.
17     A.  I did flex when Steve did it on
18 his own.  There is a policy.
19     Q.  "When Steve did it on his own,"
20 what does that mean?
21     A.  When Steve just said to me,
22 Yeah, Mary, you can do that.
23     Q.  Okay.  Well, how did it come up
24 that Bruce --
25     A.  Without going to Bruce.

30 (Pages 111 to 114)

Mary Whittle Jeter
September 4, 2007

115

1    Whenever Steve would go to Bruce --
2         Q. Well, why would he have to run
3    that by Bruce?
4         A. Bruce is his supervisor.
5         Q. But he supervises you. Bruce
6    doesn't get involved in your schedule.
7         A. There is policy that he
8    supervises me. That is not practice.
9         Q. All right. So are you saying
10   that Bruce didn't want you to flex?
11        A. I'm not saying he didn't want
12   me to flex. He didn't want me to flex too
13   much.
14        Q. How do you know that?
15        A. I know Bruce.
16        Q. Well, how do you know that he
17   didn't want you to? Did somebody tell you
18   that?
19        A. Because Steve would say. Steve
20   would say.
21        Q. What would Steve say?
22        A. You can't do it.
23        Q. You can't flex?
24        A. You can't flex.
25        Q. So you were denied the right to

116

1    flex?
2         A. Only when Bruce felt that I
3    couldn't.
4         Q. So there were some times when
5    you asked to flex, and you weren't allowed to
6    do it?
7         A. Yes.
8         Q. How many times did that happen?
9         A. I can't tell you.
10        Q. So you would call --
11        A. Not many.
12        Q. You would call in and say, I
13   want to flex, and Steve would say, what?
14        A. Most of the time Steve would
15   say okay.
16        Q. But what would he say when it
17   was denied?
18        A. He talked to Bruce. He would
19   talk to Bruce about it.
20        Q. No. What would he say when it
21   was denied? What would he say to you?
22        A. Take time.
23        Q. No. I'm trying to find out --
24   what would he say to you that would indicate
25   to you that it was Bruce saying no?

117

1         A. When he would say take time.
2         Q. He'd say, No, go ahead and take
3    time?
4         A. Uh-huh (affirmative response).
5         Q. All right. Did he say anything
6    about Bruce?
7         A. Huh-uh (negative response).
8         Q. Okay. Well, do you understand
9    why I'm confused? You just told me that
10   Bruce didn't want you to flex too much.
11        A. You are confusing me, ma'am.
12        Q. You just told me that Bruce
13   didn't want you to flex too much. I'm just
14   trying to find out how do you know that.
15        A. I know that, because Bruce does
16   not want anybody to do anything to get any
17   time other than him.
18        Q. Okay. Did Bruce ever tell you
19   he didn't want you flexing?
20        A. No, he didn't tell me.
21        Q. Okay. Did Steve ever tell you
22   that Bruce didn't want you flexing?
23        A. Steve would say that Bruce
24   wouldn't approve it.
25        Q. If you wanted to flex?

118

1         A. (Witness nodding head.)
2         Q. You need to say yes.
3         A. Yes.
4         Q. Okay. It's very important that
5    you say yes.
6         A. Yes.
7         Q. Or no or whatever your answer
8    is, just make sure you speak, so she can get
9    it.
10            All right. How many times did
11   you ask to flex and Steve wouldn't let you do
12   it?
13        A. I don't know.
14        Q. And did he say, when he told
15   you you couldn't do it, that it was because
16   Bruce wouldn't allow it?
17        A. He said that Bruce is holding
18   tight, things like that.
19        Q. Okay. And so you took that to
20   mean he didn't want you to flex too much?
21        A. Uh-huh (affirmative response).
22        Q. Is that right?
23        A. Yes.
24        Q. Okay. But you never talked to
25   Bruce about it yourself?

Mary Whittle Jeter
September 4, 2007

119

1    A. I talked to Bruce about several
2  things myself.
3    Q. Now, I'm talking about flexing.
4    A. Probably.
5    Q. Do you remember?
6    A. I'm sorry. I had to take
7  something for my nerves, and it's getting to
8  me. I can't remember how often and when.
9    Q. All right. Did you just take
10  some medication?
11    A. I took some medication, but I
12  can function.
13    Q. What did you take?
14    A. I took a Xanax.
15    Q. Okay.
16    A. I have been -- I took a Xanax.
17    Q. Let me ask you something: Is
18  that going to be a problem with you
19  continuing today?
20    A. No, it will not.
21    Q. I mean, the reason I ask that
22  is because that's come up before.
23    A. I need to be very alert. Yes,
24  I can be alert.
25    MRS. WALKER: Is that going to

120

1    be a problem, Priscilla?
2    MS. DUNCAN: No, if she says
3  not.
4  BY MRS. WALKER:
5    Q. Do you take Xanax on a regular
6  basis?
7    A. Prescription. Because of this,
8  yes.
9    Q. I mean, do you take one every
10  day?
11    A. No.
12    Q. Just when needed?
13    A. Yes.
14    Q. Okay. How often --
15    A. Recommended every day, but I
16  only take it when I . . .
17    Q. Who prescribed that?
18    A. Dr. Keith Hughes.
19    Q. Okay. And you can take it
20  every day?
21    A. Uh-huh (affirmative response).
22    Q. Okay. And there's no
23  restrictions on you working and all of that?
24    A. I can take four a day, eight a
25  day.

121

1    Q. Okay. I just don't want to
2  come back later and you say, Well, I was
3  incoherent on the day of my deposition.
4    A. Oh, my goodness, no.
5    Q. Okay. Because we've had that
6  happen before -- or I've heard of it
7  happening before. Thank goodness it's never
8  happened to me.
9    All right. Now, let's go back.
10  We were talking about flexing. Let's move
11  on. I understand your definition of flexing
12  is that you would come in and work maybe ten
13  to seven the next day, but still put in eight
14  hours; is that right?
15    A. Uh-huh (affirmative response).
16    Q. Is that right?
17    A. Yes.
18    Q. All right. Was there ever a
19  time when you would come in and not work the
20  whole full eight hours, because you had
21  worked more than eight the day before or at
22  some other time?
23    A. May have been, but I can't
24  remember.
25    Q. Okay. And to do that, you

122

1    would have asked Steve Wooten if that was
2  okay?
3    A. Yes.
4    Q. Did that ever happen on the
5  home detention --
6    A. No.
7    Q. -- that you did that --
8    A. No.
9    Q. -- while you were working home
10  detention?
11    A. No.
12    Q. Okay. All right. Let me show
13  you --
14    THE WITNESS: Is that my
15    personnel file?
16    MRS. WALKER: What?
17    THE WITNESS: Is that my
18    personnel file?
19    MRS. WALKER: Yeah. I have
20    your personnel file.
21    THE WITNESS: That I requested
22    five times and never got?
23    MS. DUNCAN: I guess so.
24    MRS. WALKER: Your lawyer's got
25    it. I gave it to her.

32 (Pages 119 to 122)

Mary Whittle Jeter
September 4, 2007

123

```
 1            You've got it, don't
 2    you?
 3    MS. DUNCAN:  I don't know.  I
 4          haven't seen what you've
 5          got.
 6    MRS. WALKER:  I sent you her
 7          personnel file when we did
 8          our initial disclosures in
 9          May.  You've had it since
10          May.
11    THE WITNESS:  No.  I requested
12          it myself from Betty
13          Ingram, the clerk.  And I
14          never got it.
15    MRS. WALKER:  Well, she's
16          retired.  She's been gone a
17          long time.
18    THE WITNESS:  She wasn't gone
19          too long before I asked for
20          it.
21    MRS. WALKER:  Okay.  Well,
22          anyway, I can't help you
23          with that, but maybe we can
24          talk about that later.
25    THE WITNESS:  That's okay.
```

124

```
 1    BY MRS. WALKER:
 2       Q.  What was the procedure for
 3    turning in overtime forms?
 4       A.  The day after you did it.
 5       Q.  Well, what did you do in order
 6    to get paid overtime?
 7       A.  You turned in -- you qualified
 8    it.  I worked X number of hours.
 9       Q.  You would fill out a form?
10       A.  Right.
11       Q.  Okay.  And what would it say?
12       A.  Depending upon what you did.
13       Q.  Say I worked X amount of hours
14    doing so and so?
15       A.  Youth Court.
16       Q.  Okay.  Let me show you what I
17    have here as Exhibit 8.  This is just a
18    sample that I pulled from your payroll
19    records, okay.  And take a look at that.
20    That's Exhibit 8.
21          (Whereupon Defendant's Exhibit
22          No. 8 was marked for
23          identification and attached
24          hereto.)
25          (Witness reviewed document.)
```

125

```
 1       Q.  And this is an overtime form
 2    for Mary Jeter for the period 2/2/04 through
 3    2/15/04.  And it's got one sheet, and then
 4    attached would be some detail, I guess, about
 5    what you did.  Do you see that?
 6       A.  Uh-huh (affirmative response).
 7       Q.  Yes?
 8       A.  Uh-huh (affirmative response).
 9       Q.  Yes?
10       A.  Yes.
11       Q.  Now, if you look on the front
12    page where it says Employee Certification --
13    do you see that?
14       A.  Yes.
15       Q.  Okay.  Now, is this the typical
16    first page that you would fill out every time
17    you wanted overtime?  Would it look like
18    this?
19       A.  No.
20       Q.  It doesn't look like this?
21       A.  This is what the payroll clerk
22    fills out.  I don't fill this out.
23       Q.  Oh, you don't fill this out.
24          Is that your signature there?
25       A.  Yes.
```

126

```
 1       Q.  Okay.  So you would look at
 2    this and sign it?
 3       A.  Yes.
 4       Q.  Okay.  And who would fill in
 5    that you worked eleven hours on Monday?
 6       A.  The payroll clerk.
 7       Q.  How would they know?
 8       A.  Because there's is a sign-in
 9    and a sign-out sheet.
10       Q.  Okay.  So you do the sign-in
11    and sign-out sheet, and then the payroll
12    clerk comes up with all of this?
13       A.  Yes.
14       Q.  The numbers?
15       A.  Yes.
16       Q.  All right.  And then they give
17    it to you?
18       A.  No.  They just bring it to me
19    to sign.  All I do is sign it and give it
20    right back to them.
21       Q.  Right.  They bring it to you,
22    and you sign it?
23       A.  Yes.
24       Q.  Certifying that it's correct?
25       A.  Yes.
```

33 (Pages 123 to 126)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

127

1    Q. All right. And then it is
2  approved by your department head?
3    A. Correct.
4    Q. All right. Now, you have to
5  fill in this part down here, don't you? Or
6  do they do that?
7    A. They do that.
8    Q. Okay. Saying what the overtime
9  is for?
10   A. This is all I fill out.
11   Q. All right. Let's talk about
12 that. If you turn to the three pages that
13 are attached, which I call the backup; is
14 that your handwriting?
15   A. Yes.
16   Q. And that says that you -- if
17 you look at the first one, three hours
18 overtime for Family Guidance slash Youth
19 Court?
20   A. Right.
21   Q. Okay. And you would have
22 filled that in and filled in the date and
23 signed it?
24   A. Yes.
25   Q. Now, when would you complete

128

1  this form?
2    A. Okay. I worked on
3  February 2nd. I filled it out on
4  February 3rd.
5    Q. The next day?
6    A. Yes.
7    Q. And turned it in to whom?
8    A. Steve.
9    Q. And then when this first sheet
10 comes back to you, they have this attached to
11 it?
12   A. No. All they have is this.
13   Q. I see. So this would have been
14 turned in to Steve, and does he turn it in to
15 payroll?
16   A. Yes.
17   Q. And they -- based upon these
18 overtime forms, then they prepare this first
19 page; is that right?
20   A. Yes.
21   Q. Okay. All right. So you turn
22 in the -- just so I've got this right -- the
23 backup, which are these last three pages, the
24 next day after you've done the overtime work?
25   A. Yes.

129

1    Q. And submit that for approval?
2    A. Sometimes I would do them at
3  night. But there was nobody there, so I'd
4  just do them and hand them to them the next
5  morning.
6    Q. Okay. And then that goes to
7  payroll, and then they return this first page
8  back to you?
9    A. They bring it to me to sign it,
10 and then I give it right back.
11   Q. And you check it and make sure
12 it's correct?
13   A. Most of the time.
14   Q. Okay. Has anyone ever changed
15 one of these that you turned in?
16   A. I don't know.
17   Q. As far as you know, every time
18 you've asked for overtime, you've been paid?
19   A. As far as I know.
20   Q. All right.
21   A. That is the policy, not the
22 procedure.
23   Q. All right. What is Family
24 Guidance?
25   A. Family Guidance was an

130

1  organization that we contracted with to
2  provide the counseling for the kids on Youth
3  Court as part of their sentence. And they
4  used to initially go to Family Guidance.
5    Q. All right. Now, why would you
6  be getting overtime for Family Guidance?
7    A. Because Family Guidance people
8  were afraid to have the kids in their office,
9  so they figured it would be better to have
10 them in our office.
11   Q. After hours?
12   A. Yes.
13   Q. Okay. So you would turn in
14 overtime for Family Guidance and Youth Court
15 we see here; is that right?
16   A. It was a part of Youth Court,
17 yes.
18   Q. All right. Then the next page
19 is also Youth Court, two hours?
20   A. Yes.
21   Q. Okay. And then the next page
22 is Youth Court and Family Guidance counseling
23 session, same thing you were telling me
24 about?
25   A. Yes.

34 (Pages 127 to 130)

Mary Whittle Jeter
September 4, 2007

131

1      Q. All right. Now whose writing
2 is this right here under your name, Comp, two
3 hours at one and a half?
4      A. I don't have a clue.
5      Q. That wasn't put on there by
6 you?
7      A. No.
8      Q. And this would be signed by
9 your supervisor, Steve Wooten?
10     A. Yes.
11     Q. After you turned it in to him?
12     A. Yes.
13     Q. All right. Now, let's look at
14 this. Here is a document that you produced
15 to me, and I think I produced it back to you.
16 This is Exhibit 9.
17        Tell me if you recognize that.
18 That is a letter dated May 14th, 2002, from
19 Bruce Howell to Judges, Probation Officers,
20 and Intake Officers talking about the home
21 detention program.
22        (Whereupon Defendant's Exhibit
23        No. 9 was marked for
24        identification and attached
25        hereto.)

132

1      (Witness reviewed document.)
2      A. Yes.
3      Q. You did get this?
4      A. I'm assuming, yes.
5      Q. Okay. It says that -- in the
6 last paragraph, This program will involve
7 nighttime and weekend phone calls to these
8 clients and could evolve into limited use of
9 electronic monitoring.
10       So you knew that you were going
11 to be doing this at night, then?
12     A. Yes.
13     Q. And on weekends? Or would
14 someone else pick the weekends?
15     A. I worked Monday through
16 Thursday. If Phoenix wasn't there, then I
17 worked Friday and Saturday and Sunday.
18     Q. Why didn't you work on Friday?
19     A. Because Phoenix's workday --
20 her workweek is Wednesday, Thursday, Friday,
21 Saturday, and Sunday. She worked on her
22 natural workweek, not . . .
23     Q. Well, why didn't you work on
24 Friday, though?
25     A. Because I'm off on Friday

133

1 night.
2      Q. Okay.
3      A. Phoenix starts working
4 Wednesday, Thursday, Friday, Saturday,
5 Sunday. She worked five days.
6      Q. Did she make the home detention
7 calls on Friday night, Saturday night,
8 Sunday; is that right?
9      A. On her job, yes.
10     Q. Friday, Saturday, Sunday?
11     A. Right. She made them always
12 during the day.
13     Q. And you made them Monday
14 through Thursday?
15     A. Yes.
16     Q. And your off days were
17 Saturday, Sunday?
18     A. Yes.
19     Q. And that changed, as we saw, in
20 December of '06?
21     A. Yes.
22     Q. Now you're off on Monday; is
23 that right?
24     A. Only when Youth Court is in
25 session.

134

1      Q. Are you off on Friday and
2 Saturday -- I mean, Saturday and Sunday?
3      A. Yes.
4      Q. Okay.
5      A. Monday only when Youth Court is
6 in session.
7      Q. Okay. All right. So Monday,
8 when the home detention started, you were
9 working Monday through Thursday on home
10 detention?
11     A. Yes.
12     Q. And you worked Friday, but you
13 didn't do home detention; is that right?
14     A. Right.
15     Q. Okay.
16     A. I gave the book to Phoenix
17 Friday morning.
18     Q. What book?
19     A. We created a little home
20 detention book.
21     Q. Okay. Describe that to me.
22     A. It was a little book -- first
23 of all, it was just papers. And then we put
24 it in a notebook so it would be organized.
25     Q. What was it?

Mary Whittle Jeter
September 4, 2007

135

1   A. Pardon me?
2   Q. I mean, what were the papers?
3   A. A form that I did with the
4   kid's name, the dates that they were called,
5   and the times that they were called.
6   Q. You would work on that during
7   the week, and then you would give it to her?
8   A. Give it to her on Friday.
9   Q. And she would work on it --
10  A. She would put it back in my box
11  on Sunday.
12  Q. Okay. Do you still have that
13  book?
14  A. No.
15  Q. And what happened when --
16  A. I may have -- no.
17  Q. What would happen when a child
18  got placed off of home detention, what would
19  you do with his papers?
20  A. Release it. Just get rid of
21  them.
22  Q. What would you do with them?
23  A. Shred them.
24  Q. Throw them away?
25  A. Yes.

136

1   Q. Okay. So there's no record of
2   all of the calls that you made on home
3   detention?
4   A. I was never told to keep
5   records. And I don't want to answer too
6   much.
7   Q. Well, do you have a record of
8   the calls that you made that you recorded at
9   the time that --
10  A. I made them. I reconstructed
11  them.
12  Q. We'll talk about that in a
13  minute. I know I've gotten some from you
14  like in the last year. You went back and
15  recreated those, right?
16  A. Uh-huh (affirmative response).
17  Q. Yes?
18  A. Yes.
19  Q. Okay. But I'm talking about
20  the ones that were done at the time that the
21  events actually took place, the calls were
22  made. Do you have those anymore?
23  A. No. I was never told to keep
24  them.
25  Q. And you would have thrown those

137

1   away you think?
2   A. I know I would have.
3   Q. All right. Let me show you
4   this next exhibit. Exhibit 10 is another
5   letter that y'all produced to me, and I think
6   I produced it back to you, dated May 22,
7   2002, from Steve Wooten, W-O-O-T-E-N, to
8   Bruce Howell. Have you seen this before?
9       (Whereupon Defendant's Exhibit
10      No. 10 was marked for
11      identification and attached
12      hereto.)
13      (Witness reviewed document.)
14  A. Uh-huh (affirmative response).
15  Q. Yes?
16  A. I'm sorry?
17  Q. Have you seen this before?
18  A. I have seen this before.
19  Q. Okay. This says that Mary
20  Jeter will be the primary worker on this
21  project, however, all workers in the unit
22  will participate to some degree, at least
23  initially. Did that happen?
24  A. No.
25  Q. So it was just you and Phoenix

138

1   that ever did this?
2   A. Yes. Ron McKitt refused.
3   Q. Okay. Was there anyone else
4   besides you and Phoenix that did home
5   detention?
6   A. No.
7   Q. Ever?
8   A. One time. Amanda Ashurst
9   covered one weekend for somebody or
10  something.
11  Q. Well, that would have been for
12  Phoenix, right, because you didn't work
13  weekends?
14  A. I don't know if she covered for
15  Phoenix or if she covered for me. I can't
16  remember.
17  Q. Okay.
18  A. But she is the only other
19  person that touched that book.
20  Q. Let's look at these forms that
21  are attached. See?
22  A. That was never used.
23  Q. Okay. We're looking at Bates
24  No. 275. That's not the form that was used?
25  A. That was never used.

Mary Whittle Jeter
September 4, 2007

139

1      Q. What about Bates 276, was that
2  used?
3      A. Never used.
4      Q. What about 277, was that used?
5      A. That -- it comes from the
6  Judge.
7      Q. Okay. That's the order?
8      A. Uh-huh, yes.
9      Q. Okay. So you came up with your
10  own form; is that what you're telling me?
11      A. We worked out our own form.
12      MRS. WALKER: Can I take about
13          five minutes? What time is
14          it?
15      MS. DUNCAN: It's 11:40.
16      MRS. WALKER: What do y'all
17          want to do about lunch?
18      MS. DUNCAN: Let's do it now.
19      MRS. WALKER: I tell you what,
20          let me speak to him for
21          about two minutes and then
22          we'll come back, okay. And
23          then we'll decide.
24      (Whereupon a brief recess was
25          taken.)

140

1  BY MRS. WALKER:
2      Q. Okay. You had told me when you
3  were doing the home detention, you were
4  working Monday through Thursday and -- excuse
5  me, you were working Monday through Friday,
6  but you were doing your home detention on
7  Monday through Thursday; is that right?
8      A. Uh-huh (affirmative response).
9      Q. Yes?
10      A. Yes.
11      Q. Okay. Now, when you were doing
12  the home detention, what phone did you use?
13      A. Many phones. I used -- a phone
14  they gave us at first didn't work properly.
15  We used it for --
16      Q. Was it a cell phone?
17      A. Yeah, a very old one.
18      Q. Did you ask for a cell phone?
19      A. No.
20      Q. No? Okay. When you first
21  started doing the home detention, were you
22  doing it from your home phone?
23      A. Yes.
24      Q. Okay. And why did that change?
25      A. They gave us an old cell phone.

141

1      Q. Who gave it to you?
2      A. Steve gave it to us. But Bruce
3  gave it to him. It was some old ones they
4  had.
5      Q. Do you remember if it was
6  SouthernLINC or what?
7      A. I have no clue.
8      Q. Did you use that one?
9      A. Sometimes, when it would work,
10  but it wouldn't work all the time.
11      Q. Okay. Did you ever request
12  that you get a cell phone?
13      A. No. They gave us another cell
14  phone at some point.
15      Q. Did you ever request that you
16  be provided a cell phone so the people you
17  were calling wouldn't have your home number?
18      A. No. Because I wasn't fearful
19  of them having my home number.
20      Q. Okay. So that never happened
21  then?
22      A. Huh-uh, no.
23      Q. Okay. So if Bruce Howell said
24  that you asked for a cell phone so the people
25  you called wouldn't have your home number, he:

142

1  would not be telling the truth?
2      A. I would not remember that.
3      Q. You don't remember that?
4      A. No.
5      Q. Okay. All right. Did anyone
6  ever tell you that you would be able to claim
7  two hours on overtime for your home detention
8  calls?
9      A. No, they did not.
10      Q. Okay. Have you ever heard
11  that?
12      A. Yes, I have.
13      Q. When did you hear that?
14      A. I requested it after intake
15  officers were getting it.
16      Q. When did you do that?
17      A. I don't remember.
18      Q. Did you ever get it after that?
19      A. Only when I covered for
20  Phoenix.
21      Q. Okay. Did someone tell you
22  that you could have two hours only when you
23  covered for Phoenix?
24      A. That was a procedure.
25      Q. Who told you that?

Mary Whittle Jeter
September 4, 2007

143

1    A. That was a procedure.
2    Q. Who told you that you could
3  have two hours when you covered for Phoenix?
4    A. Steve Wooten.
5    Q. What did he say?
6    A. I got the time that Phoenix
7  would get.
8    Q. What did he say to you? I want
9  to know what his words were.
10    A. The words were, I got the two
11  hours that intake would be getting.
12    Q. Okay. The intake are the
13  people that are in the other part. You're
14  not in intake; is that correct?
15    A. No, I'm not.
16    Q. Is that correct?
17    A. That is correct.
18    Q. All right. And you're saying
19  that when you covered for Phoenix, Steve
20  Wooten told you you could claim two hours?
21    A. Right. I claimed two hours,
22  right.
23    Q. And he said you could do that?
24    A. Right.
25    Q. Did you ever ask him if you

144

1  could claim the two hours when you did home
2  detention on your own time?
3    A. No. Because it was understood
4  I could not.
5    Q. Okay. What do you mean "it was
6  understood"?
7    A. That was a part of my work
8  schedule.
9    Q. Did anyone ever tell you you
10  could not file overtime forms for working
11  home detention during your regular workdays?
12  And what I mean is Monday through Thursday.
13    A. Yes.
14    Q. Who did that?
15    A. Steve Wooten.
16    Q. Well, what did he say?
17    A. It was understood that I could
18  not. It was a part of my workday schedule.
19    Q. Okay. I know that you're
20  saying it was understood, but I want to know
21  did he ever affirmatively say that to you?
22    A. Yes.
23    Q. What did he say?
24    A. That I could not take time for
25  home detention calls.

145

1    Q. He said you can't take time
2  for -- all right. Let me -- he said you
3  can't take time for home detention calls?
4    A. That's correct.
5    Q. Okay. What does that mean?
6    A. Means that it was a part of my
7  daily work schedule.
8    Q. Did he ever say you can't
9  submit an overtime form for this?
10    A. It was understood.
11    Q. Okay. I understand that you're
12  saying it was understood. But just so we're
13  clear, what he said to you is you cannot take
14  time for your home detention calls on your
15  regular days; is that correct?
16    A. That's correct.
17    Q. Okay. And is that everything,
18  before we move on, that he said about filing
19  for overtime on home detention?
20    A. As I recall.
21    Q. Okay. Now, you were telling me
22  that you made the calls from that cell phone?
23    A. Sometimes.
24    Q. Okay. And then what other
25  phones did you use?

146

1    A. My home phone. If I was out of
2  town, I called from an out-of-town phone.
3    Q. Okay. Let me ask you
4  something: What was your home phone number
5  during the time?
6    A. 244-9715.
7    Q. And what was the cell phone
8  number?
9    A. 296-2307.
10    Q. Okay. When you were doing the
11  home detention calls, did you ever go visit
12  these people or just call them?
13    A. Oh, no, just call.
14    Q. Okay. How long did the calls
15  usually last?
16    A. Depended. Sometimes it would
17  be very quickly. Sometimes the parents would
18  want to talk to me, though I didn't have very
19  much to tell them since I was not the
20  probation officer, I was just making the
21  call.
22    Q. If somebody wasn't there, then
23  you would just hang up?
24    A. Yes. And call back sometimes.
25    Q. Did you claim time for the

38  (Pages 143 to 146)

Mary Whittle Jeter
September 4, 2007

147

1  times when you called and they weren't home?
2      A. I wrote down that they were not
3  there.
4      Q. Okay.
5      A. On the log sheet.
6      Q. How many did you make a night?
7      A. It depends on how many there
8  were.
9      Q. Generally?
10     A. There is no general amount.
11     Q. Okay.
12     A. Because it could be fifteen; it
13  could be two.
14     Q. Depending on who was on home
15  detention?
16     A. Depending on what judges put
17  who on home detention.
18     Q. Did you ever have fifteen on
19  home detention at the same time?
20     A. Maybe, yes.
21     Q. Okay. And then there were
22  times when you just had two on home
23  detention?
24     A. Two or three.
25     Q. Okay. But would you still

148

1  claim the two hours?
2      A. I wasn't claiming anything
3  then.
4      Q. Okay.
5      A. When I started --
6      Q. When did you start claiming the
7  two hours?
8      A. I claimed the two hours only
9  when I covered for Phoenix on the weekend.
10     Q. And then after the October '05
11  County Commission meeting, you started
12  claiming it for your time, your calls made on
13  Monday through Thursday?
14     A. They could tell what date it
15  was, I'm sure. It was Monday through
16  Thursday, fifteen minutes per call.
17     Q. Right. And that was after the
18  County Commission. You remember we talked
19  about that earlier?
20     A. Right.
21     Q. Okay.
22     A. I'm assuming it was right after
23  the County Commission meeting.
24     Q. Okay. Now, you would make them
25  from the cell phone; you'd make them from

149

1  your home phone; you'd make them from
2  whatever --
3      A. Wherever I was.
4      Q. Like can you give me an
5  example?
6      A. Okay. When I was in
7  Huntsville, I would make them from
8  Huntsville.
9      Q. From your son's house?
10     A. Yes. I can't tell you how many
11  places I made them from.
12     Q. What is your son's phone
13  number -- or what was it at the time?
14     A. Well, my son's area code is
15  313, which is the Michigan area code,
16  418-0 --
17     Q. Hold on one second. Did you
18  use his cell phone?
19     A. I used 256-830-5274.
20     Q. Okay. You made calls from his
21  house in Huntsville?
22     A. Right. And if I was with
23  someone, I would just use a phone and make a
24  call.
25     Q. Like a friend, you would use

150

1  their cell phone?
2      A. Anybody's.
3      Q. So when you made the home
4  detention calls, then, you were not
5  restricted to staying in your own home?
6      A. No.
7      Q. You could go anywhere you
8  wanted?
9      A. Yes. I made home detention
10  calls from San Diego.
11     Q. On vacation?
12     A. Or to work.
13     Q. Okay. You could make them
14  while you were on vacation?
15     A. I could make them any time I
16  chose.
17     Q. Okay.
18     A. And I did that.
19     Q. And you didn't have to be at
20  home; you didn't have to be on a certain
21  phone; is that right? Is that correct?
22     A. That's correct.
23     Q. Would you carry your little log
24  with you and write down, or would you do that
25  when --

39 (Pages 147 to 150)

Mary Whittle Jeter
September 4, 2007

151

1      A. I always had a log.
2      Q. Even when you were out of town?
3      A. Even when I was out of town.
4      Q. Okay. Did you make the calls
5   from the mall?
6      A. No.
7      Q. You couldn't?
8      A. From a mall?
9      Q. Yeah.
10     A. No. I never made a call from a
11  mall.
12     Q. Could you make the call from a
13  mall?
14     A. Could I?
15     Q. Yes.
16     MS. DUNCAN: Object to form.
17     A. I could have, but I . . .
18     Q. Where else did you make your
19  calls from besides your son's house, San
20  Diego?
21     A. Basically, my son's home or my
22  home. And when I was working some nights
23  very late for home detention, I may make a
24  couple there.
25     Q. You mean from Youth Court?

152

1      A. Yes. I'm sorry. Youth Court.
2      Q. You might make them from the --
3      A. I might make a couple of calls
4   from there and then make the rest when I got
5   home.
6      Q. A couple of calls from the
7   Youth Facility; is that right?
8      A. That's correct.
9      Q. Okay. Now, the people at
10  intake, you said something about them getting
11  two hours?
12     A. Yes.
13     Q. They weren't making home
14  detention calls, were they?
15     A. No.
16     Q. Okay. What were they doing?
17     A. They were on call on weekends.
18  And they got two hours per day whether they
19  received one call or zero calls or ten calls.
20     Q. Well, that was the intake
21  people, right?
22     A. Right.
23     Q. Okay. You're probation?
24     A. Right. But I'm on the same pay
25  scale as they are.

153

1      Q. All right. Would you say the
2   majority of your calls were made on that cell
3   phone?
4      A. Not necessarily.
5      Q. Okay. Was there ever a
6   replacement cell phone provided or was it
7   just that one?
8      A. No. The first one we got was
9   absolutely no good. And we kept that for
10  months. Phoenix and I complained about it.
11  And I don't know when they gave us the other
12  one.
13     Q. So you did get a replacement?
14     A. Yes, we did. Everyone in the
15  building did.
16     Q. What was the phone number for
17  that?
18     A. Don't have a clue. Can't
19  remember.
20     Q. Is it gone now?
21     A. Well, no. I don't know --
22     Q. Do you still have it.
23     A. -- because I have a new one
24  now.
25     Q. Do you still have that

154

1   replacement phone they gave you?
2      A. No. I don't remember -- there
3   was one between the first -- that one. And
4   now I have another one.
5      Q. When did you get this one?
6      A. I don't know. But I probably
7   made some home detention calls on it.
8      Q. What's the number?
9      A. 296-2307.
10     Q. And who's the provider?
11     A. Alltel, I think.
12     Q. And who was the provider on the
13  other one?
14     A. Don't have a clue.
15     Q. Okay. I want to talk to you
16  about some of these overtime forms that we
17  have produced in this case. And I want to
18  mark these as 11 and ask you to take a look
19  at these. Just look at those and tell me if
20  you recognize those.
21         (Whereupon Defendant's Exhibit
22         No. 11 was marked for
23         identification and attached
24         hereto.)
25         (Witness reviewed document.)

40 (Pages 151 to 154)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

155

1    Q. I tell you what, rather than
2 you looking at every one of them, let me pull
3 out a few of them and talk to you about them,
4 okay?
5    A. Okay. Because everything I'm
6 seeing here, with the exception of one, is
7 home detention. And I stopped right here. I
8 stopped with those.
9    Q. Okay. I wanted to ask you
10 about a couple of these. All right. Let's
11 see. I'm missing my first one. Hold on just
12 a second. Oh, here it is. Sorry.
13    This first one, it's right on
14 top. Exhibit 11, the first one is an
15 overtime certification form for July 22, '02,
16 for the period of July 22, '02 through
17 8/4/02. Do you see that?
18    A. Yes.
19    Q. Okay. What I want to ask you
20 about is it says here on the backup sheet
21 that you're claiming one hour for home
22 detention calls. You see that?
23    A. Yes.
24    Q. Is that your handwriting?
25    A. Yes.

156

1    Q. Is that your signature?
2    A. Yes.
3    Q. Okay. So did you receive
4 overtime for that home detention call?
5    A. Yes. But I don't know what day
6 it was.
7    Q. All right. Well, according to
8 what you said earlier, it should have been on
9 the weekend, right?
10    A. Or a night that I did Youth
11 Court.
12    Q. Okay. Why would it be on a
13 night you did Youth Court?
14    A. Because some nights it was late
15 when I was there, and I just make a call.
16    Q. But I thought you told me you
17 could not turn in overtime for home
18 detention?
19    A. Steve told me not to put that
20 on the one with Youth Court, to put it on
21 there. If it was not -- or if it was a day
22 that I was covering for Phoenix between --
23    Q. All right. Tell me that again.
24 Now, this is new. Tell me that again.
25    A. He did not want me to put them

157

1 on the same sheet.
2    Q. But he did not tell you you
3 couldn't turn in overtime for home detention?
4    A. But he didn't know if I could
5 or not. That's why he did not want me to put
6 it on the same sheet.
7    Q. So you're saying that you could
8 submit overtime for home detention?
9    A. No, I'm not.
10    Q. Okay. But you did here?
11    A. Yes, I did.
12    Q. Okay. Now, earlier you told me
13 that he said don't turn in any time for home
14 detention. Remember that?
15    A. Yes.
16    Q. And you took that to mean don't
17 turn in overtime forms?
18    A. Uh-huh (affirmative response),
19 but I would do it just to see.
20    Q. Oh, you did it, okay.
21    A. Just to see.
22    Q. Every time that you did it, did
23 you get paid?
24    A. No.
25    Q. Okay. When did you not get

158

1 paid?
2    A. I don't know.
3    Q. All right. So every time you
4 turned in a form, we should have a copy of
5 that, then?
6    A. I didn't turn one in every
7 time. It was generally when I worked home --
8 I mean, Youth Court.
9    Q. What you just told me is that
10 you would turn in overtime forms -- even
11 though he made that statement to you, you
12 would still turn them in sometimes to see if
13 you would get paid, right?
14    A. Right.
15    Q. And sometimes you did, and
16 sometimes you didn't, correct?
17    A. Right. If I was --
18    Q. So all I'm saying is, we should
19 have a copy of all of your forms if you
20 turned them in?
21    A. Right. If I was out of town.
22    Q. What do you mean?
23    A. If I was on leave, paid leave,
24 and I did home detention calls, I was due the
25 time, because I was on leave.

41 (Pages 155 to 158)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

159

1    Q. Okay. Listen to me. I want
2  you to take a look at this. This is July 29,
3  2002. And here's a 2002 calendar.
4    A. Uh-huh (affirmative response).
5    Q. July 29th, 2002, is on a
6  Monday, okay?
7    A. Uh-huh (affirmative response).
8    Q. That would have been one of
9  your regular days to work?
10    A. Uh-huh (affirmative response).
11    Q. And this would not have been
12  covering for Phoenix. So we see here where
13  you did turn in overtime for home detention,
14  correct?
15    A. Correct.
16    Q. And you were paid for that,
17  weren't you?
18    A. It shows here I was.
19    Q. Okay.
20    A. Could you tell me what date
21  that was, again?
22    Q. July 29, 2002. Now, let's look
23  at this one.
24    (Witness reviewed document.)
25    Q. What if you worked on a

160

1  holiday, would you turn it in then, home
2  detention, even if it was during your regular
3  day?
4    A. Yes.
5    Q. Okay. Even though he had said
6  don't turn in time for home detention?
7    A. Because it was a workday that
8  we were off, the holiday that we were off.
9    Q. But you were working that day?
10    A. Right.
11    Q. But you turned it in on that
12  day, too?
13    A. Right. Because I was legally
14  off.
15    Q. No. You were working on that
16  day. It's a day you were in pay status.
17    A. But you said if it was a
18  holiday.
19    Q. Did you ever work holidays?
20    A. Yes, I did.
21    Q. Okay. And on those days you
22  worked holidays, did you make some home
23  detention calls?
24    A. Yes, I did.
25    Q. And you turned those --

161

1    A. Christmas day included.
2    Q. And you turned those in for
3  overtime, too?
4    A. Yes.
5    Q. And you got paid?
6    A. Yes. Because it was Phoenix's
7  turn to take.
8    Q. All right. Well, let's look at
9  that. We'll mark this as Exhibit 12. This
10  is one of your overtime forms for
11  December 22, '03 through 1/4/04. And if you
12  look at the second page, it says, home
13  detention monitoring, and it would be
14  December 25th through the 28th.
15    (Whereupon Defendant's Exhibit
16    No. 12 was marked for
17    identification and attached
18    hereto.)
19    (Witness reviewed document.)
20    A. I was off.
21    Q. Did you turn that in for home
22  detention calls?
23    A. Betty Ingram wrote this here.
24    Q. Did you sign it?
25    A. I did.

162

1    Q. Okay. Were you paid for those?
2    A. Yes.
3    Q. Now, why would you turn those
4  in?
5    A. Because I was off work legally.
6    Q. But I thought Steve Wooten told
7  you don't turn in any time on home detention?
8    A. From five o'clock in the
9  evening until . . .
10    Q. Did he say that?
11    A. Yes.
12    Q. Well, you told me earlier all
13  he said was don't turn in any time on home
14  detention except for when you work for
15  Phoenix; you remember when you told me that?
16    A. Right.
17    Q. Are you wanting to change that
18  now?
19    A. No, I'm not wanting to change
20  it. As a result of refreshing my mind with
21  this (indicating).
22    Q. All right. So what did he say?
23    A. I worked on a holiday.
24    Q. I want to know what he said.
25    A. I was legally off work. I

Mary Whittle Jeter
September 4, 2007

163

1  turned it in. He signed it.
2      Q. I want to know what Steve
3  Wooten said to you.
4      A. I don't know.
5      Q. Whatever it was, you took it to
6  mean you couldn't turn in overtime for home
7  detention on your regular workdays?
8      A. That's right.
9      Q. But any other time you could,
10 like a holiday and working for Phoenix?
11     A. Emphatically.
12     Q. Okay. And you took that -- he
13 didn't actually say that, but that's what you
14 took from what he said; is that correct?
15     MS. DUNCAN: Object to form.
16     A. That's what he said.
17     Q. Okay. Well, you told me you
18 couldn't remember what he said.
19     A. About the holidays that I
20 worked and the days that I was legally off
21 that I worked, but not Monday --
22     Q. Through Thursday.
23     A. -- through Thursday.
24     Q. So you shouldn't be able to
25 take any from Monday through Thursday is what

165

1  Tuesday or a Wednesday.
2      Q. So that was a day --
3      A. That I was --
4      Q. Wait. Let me finish. That was
5  a day that you were working?
6      A. On duty at the facility, not at
7  my home.
8      Q. What's the difference?
9      A. You have to ask them.
10     Q. But he didn't say that. He
11 didn't say you can ask for overtime if you're
12 at the facility, but not at home working on
13 home detention. He didn't say that, did he?
14     A. I'm going to say yes, because
15 it was understood to me.
16     Q. That's what you understood.
17 What you told me earlier is he said don't
18 take any time for home detention calls. And
19 then later you told me he said, but you can
20 take it when you work for Phoenix. That's
21 what you told me.
22     A. And I was in the office at that
23 time.
24     Q. On your regular workday?
25     A. Right.

164

1  you understood?
2      A. That's right.
3      Q. Okay. Let's take a look at the
4  next one, which would be Exhibit 13. And
5  this is another overtime form for the period
6  of April 26th, '04, to May 9th, '04.
7      And what does that show you,
8  working home detention on what date?
9      (Whereupon Defendant's Exhibit
10     No. 13 was marked for
11     identification and attached
12     hereto.)
13     A. Overtime worked April 28th,
14 '04.
15     Q. For home detention?
16     A. It says that.
17     Q. And you signed it?
18     A. It says, Youth Court, home
19 detention.
20     Q. And you signed it?
21     A. I did.
22     Q. And let's see. On April the
23 28th, '04 -- I've got a calendar here. That
24 is a Wednesday?
25     A. Had to be a Wednesday or -- a

166

1      Q. And you asked for overtime on
2  home detention?
3      A. On my regular workday, that's
4  correct.
5      Q. So you're asking for time for
6  home detention.
7      MS. DUNCAN: Let me see that,
8      please.
9      Q. You're asking for time for home
10 detention; did you get paid for that?
11     A. Yeah, I did.
12     Q. Okay.
13     MS. DUNCAN: This says Youth
14     Court.
15     MRS. WALKER: It says, home
16     detention, also.
17     A. That one just says Youth Court.
18     Q. Read it, the second page.
19     All right. Let me show you
20 some more I have here. This will be Exhibit
21 14. Take a look at that.
22     (Whereupon Defendant's Exhibit
23     No. 14 was marked for
24     identification and attached
25     hereto.)

43 (Pages 163 to 166)

Mary Whittle Jeter
September 4, 2007

167

1    (Witness reviewed document.)
2    Q. Is that your signature on that?
3    A. It is.
4    Q. All right. Let me see that
5 real quick, and I'll ask you a question. It
6 says, overtime to be worked on August 19th,
7 one hour home detention calls. And you
8 signed that, right?
9    A. I did.
10    Q. Okay. August 19th, 2004, if
11 you'll look at the calendar with me, is a
12 Thursday?
13    A. That's right.
14    Q. That's one of your regular
15 workdays, right?
16    A. That's right.
17    Q. And you filed for overtime and
18 received overtime, correct?
19    A. Because I was at work.
20    Q. Didn't you file it and receive
21 it?
22    A. At work.
23    Q. All right. So you're saying if
24 you were at work making the calls, you could
25 ask for it, but if you were at home, you

169

1    Q. So you're saying Steve Wooten
2 told you that you could not file for time for
3 home detention calls -- first of all, you
4 could for working holidays; you could for
5 working for Phoenix; and you could if you
6 were in the building, but if you made them
7 from home, you couldn't file them?
8    A. That's right. Not only did he
9 tell me, he told everyone on the staff.
10    Q. Okay. Why did it make a
11 difference where you were about getting
12 compensated?
13    A. Because I was in the building
14 at the time. And I guess they figured they
15 could not legally have me in the building
16 working and not pay me.
17    Q. Okay. How do you know you were
18 in the building on this day making these
19 calls?
20    A. Because Family Guidance was
21 there.
22    Q. All right. Let's look at it
23 again. This says, August 19th, home
24 detention calls. How do you know Family
25 Guidance was there?

168

1 couldn't ask for it?
2    A. Exactly right.
3    Q. And that's what he told you, or
4 that's what you --
5    A. That is what I was told to me.
6    Q. Oh, so you do you remember him
7 saying that?
8    A. That is what I was told to me.
9    Q. By Steve Wooten?
10    A. By Steve Wooten and Bruce
11 Howell as per order of Judge Dorrough.
12    Q. Now, you recognize that you're
13 saying something different than what you told
14 me before?
15    A. I recognize --
16    MS. DUNCAN: Object to form.
17    A. I recognize --
18    Q. So which is it?
19    A. -- that I've been asked so many
20 questions that I don't know what I've been
21 asked.
22    Q. Well, that's what happens when
23 you file a lawsuit. We've got to get to the
24 bottom of it.
25    A. I understand that.

170

1    A. The next one said that, didn't
2 it?
3    Q. The next one is a different
4 day.
5    A. What day is that?
6    Q. August 23rd.
7    A. What day was it on?
8    Q. Monday.
9    A. Monday is --
10    Q. August 19th is a Thursday.
11    A. That was a Youth Court day,
12 then.
13    Q. In August of '04, you were
14 doing Teen Court? I thought you weren't
15 doing it during the summer.
16    A. I would have to see that again
17 to see what you're talking about.
18    Q. Didn't you tell me that Teen
19 Court only ran year round starting in '06?
20    A. Yeah.
21    Q. All right. This is August of
22 '04, August 19th. Do you know for certain
23 you were doing Teen Court?
24    A. What day of the week was that?
25    Q. Thursday.

44 (Pages 167 to 170)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

171

1    A. That was August 25th, right?
2    Q. No. We're talking about
3 August 19th, this Thursday, and you're doing
4 home detention calls. It doesn't say
5 anything about Teen Court. It's one hour for
6 home detention.
7        And my question is: How do you
8 know you were at the Youth Facility and not
9 at home?
10    A. If I claimed it, I was at the
11 Youth Facility if it was a Monday and not a
12 holiday.
13    Q. So let me see if I've got this
14 right: If you worked home detention calls on
15 your regular Monday through Thursday, and you
16 were at the facility, you did submit your
17 overtime forms?
18    A. Yes. If this was a holiday --
19    Q. Hold on. Monday through
20 Thursday you would submit your overtime
21 forms, but if you made them from home or
22 somewhere else, you wouldn't; is that right?
23    A. If I was in the building
24 working some other job.
25    Q. You would also claim home

172

1 detention?
2    A. Sometimes. Because I didn't
3 always make them there.
4    Q. But if you happened to be at
5 your son's house or at your house, you
6 wouldn't claim them?
7    A. No.
8    Q. And the next one is Monday,
9 August 23. You asked for four hours of
10 overtime for Youth Court, Family Guidance.
11 That's not even home detention, so don't
12 worry about that one.
13        And then the last one is
14 August 25th, which is a Wednesday. You asked
15 for one hour of home detention.
16    A. Wednesday I work Youth Court.
17    Q. Where's the Youth Court
18 overtime?
19    A. Is there another sheet there
20 for it?
21    Q. No, there's not. There's just
22 one for home detention.
23    A. Then I can't explain it.
24    Q. Okay.
25    A. What day of the week was it?

173

1    Q. Wednesday. On August 25, '04,
2 which is a Wednesday, you did submit one hour
3 for overtime, home detention, and you were
4 paid, correct?
5    A. Uh-huh (affirmative response).
6    Q. Yes?
7    A. Yes.
8    Q. Okay.
9    A. But I need to explain something
10 as well.
11    Q. Well, I understand what your
12 testimony is about that.
13        I want to show you another one,
14 Exhibit 15.
15    A. It was all comp time,
16 basically. Every now and then it was paid,
17 but basically comp time. Bruce Howell had a
18 thing --
19    Q. Let me ask you a question. Let
20 me ask you something: When you worked after
21 hours or overtime, you had the election of
22 asking for overtime pay or compensatory
23 leave, correct?
24    A. Not necessarily.
25    Q. Okay. Have you read this

174

1 certification form? It says you can either
2 elect to get overtime --
3    A. I know what the certification
4 says, but the principle was totally
5 different. The policy was one thing and the
6 principle was another thing.
7    Q. All right. Well, what was the
8 policy?
9    A. The policy was -- and someone
10 filed a suit against this -- the policy was
11 that -- was that, what you just read, you can
12 get overtime for that. But the actual
13 principle was you could not.
14    Q. All right. Well, who decided
15 the actual principle?
16    A. Bruce Howell.
17    Q. Well, what was the actual
18 principle?
19    A. That you could claim overtime
20 in terms of compensatory time, if you chose,
21 but you could not claim money.
22    Q. So you could not claim
23 overtime, but you could only get leave?
24    A. Right.
25    Q. Okay. Did you ever claim

Mary Whittle Jeter
September 4, 2007

175

1 overtime money?
2     A. I think sometimes when I was
3 working for someone else, maybe. I'm sure
4 that I did.
5     Q. Okay. Well, so you didn't
6 follow that principle then, right, because I
7 see on several of these where you got
8 overtime pay as opposed to comp time?
9     A. Was I in my office then?
10    Q. I don't know. You just told me
11 there was a principle that Bruce Howell
12 didn't want you filing for overtime, that you
13 only could do leave. But I've seen several
14 where you got overtime. So you didn't always
15 follow that principle then; is that right?
16    A. I guess not.
17    Q. Okay. Let me show you this
18 one. This is Exhibit 15.
19        (Whereupon Defendant's Exhibit
20        No. 15 was marked for
21        identification and attached
22        hereto.)
23        (Witness reviewed document.)
24    Q. It's one of your overtime forms
25 for August 30, '04, to 9/12/04. And I want

176

1 to ask you about -- and on this one, you've
2 got two hours of comp time and 4.75 hours of
3 overtime, it looks like. No, I'm wrong.
4 You've got comp time on this, too.
5        But anyway, look here,
6 August 30th, '04 -- no, that's Youth Court.
7 Excuse me.
8        August 31, home detention. Is
9 that your signature there?
10    A. Yes.
11    Q. And August 31 is a Tuesday.
12    A. A Tuesday?
13    A. Uh-huh (affirmative response).
14 August 31, '04 -- I'll show it to you -- is a
15 Tuesday. See right here? It's a Tuesday.
16    A. I work Tuesdays and Wednesdays.
17    Q. Okay. I understand that. So
18 that would have been one of your regular days
19 to work, and we see where --
20    A. For Youth Court.
21    Q. And we see that you're filing
22 for overtime in the form of comp leave on one
23 of your regular workdays, right?
24    A. Yeah.
25    Q. Did you get this leave?

177

1     A. I'm assuming I did.
2     Q. Okay.
3        MS. DUNCAN: What date is that?
4        MRS. WALKER: August 31.
5 BY MRS. WALKER:
6     Q. The next one is September 8th.
7 It says, detention calls and then Youth
8 Court, two hours. So detention calls, is
9 that referring to home detention?
10    A. Detention calls in Youth Court?
11    Q. Detention calls, Youth Court.
12    A. Detention calls generally last
13 two hours or more.
14    Q. Oh, no. Does that --
15    A. If there's any time for Youth
16 Court, it could have been one call, could
17 have been --
18    Q. Here's my question: Detention
19 calls, that means these are calls on the home
20 detention program; is that right?
21    A. Yes.
22    Q. Okay. And September 8th,
23 2004, is a Wednesday, and that was one of
24 your regular workdays?
25    A. Right.

178

1     Q. Okay. You weren't covering for
2 Phoenix?
3     A. No. Wednesday is my workday
4 for Youth Court.
5     Q. Okay. All right. So we see
6 here where you are asking for overtime in the
7 form of compensatory leave?
8     A. Because I was in the office.
9     Q. Okay. So if in the office,
10 it's okay. And how do you know you're in the
11 office on that?
12    A. Because I had home detention --
13 I had Youth Court on there.
14    Q. It's not on the overtime form.
15 It just says home detention on August 31st --
16 excuse me, September 8th.
17    A. If it was a Wednesday --
18 Tuesday, Wednesday, and Thursday, I worked
19 Youth Court.
20    Q. Okay. Let me show you this
21 one. This will be Exhibit 16. Is that your
22 signature?
23        (Whereupon Defendant's Exhibit
24        No. 16 was marked for
25        identification and attached

46 (Pages 175 to 178)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

179

1           hereto.)
2        (Witness reviewed document.)
3        A. It is.
4        Q. Okay. Let's look at the second
5    page. November 24th, home detention calls
6    after hours and holidays, two hours per day.
7           So you're claiming the two
8    hours there, right?
9        A. Uh-huh (affirmative response).
10       Q. Yes?
11       A. Yes.
12       Q. That's November 24th through
13   November 28th, 2004?
14       A. Yes.
15       Q. Okay. Were you in the
16   building?
17       A. No. They were holidays.
18       Q. November 24th is a Wednesday.
19       A. It was a holiday.
20       Q. That's not a holiday.
21       A. I was off.
22       Q. How do you know?
23       A. Because I take time during
24   Christmas.
25       Q. Oh, so that was one of your off

180

1    days?
2        A. Yes.
3        Q. This is Thanksgiving.
4        A. Well, during Thanksgiving.
5    That's what I'm trying to --
6        Q. So is it your testimony, then,
7    that you were on vacation?
8        A. Yes.
9        Q. During this time?
10       A. Yes. And made plenty of calls.
11       Q. And this is in -- actually, it
12   says you worked ten hours that day. And then
13   Thursday and Friday were holidays. That's
14   the Wednesday before Thanksgiving.
15       A. No. That has to be everything
16   covered, all of the hours, not ten hours.
17       Q. Look --
18       A. It says ten hours regular pay.
19       Q. Look here, ten hours.
20       A. Okay. Let me see. It says ten
21   to eight.
22       Q. It says ten hours on the 24th
23   of November. You see that?
24       A. First week --
25       Q. If you were on a holiday, you

181

1    wouldn't have put ten hours?
2        A. I see that. I don't understand
3    that.
4        Q. Do you know for certain that
5    you were on a holiday?
6        A. It's sick leave.
7        Q. No. Look at the 24th.
8        A. I'm looking at the 24th.
9        Q. There's no sick leave. That's
10   in the next week. That shows to me you
11   worked ten hours that day. You're claiming
12   two for home detention, which is a Wednesday.
13       A. I was at work.
14       Q. So you were at work?
15       A. On Wednesdays, I do Youth
16   Court.
17       Q. So Wednesday was your regular
18   workday, and here you are asking for overtime
19   for home detention, right?
20       A. Right. Because I was in the
21   building.
22       Q. I understand that that's what
23   you're saying. All right.
24       A. That's what it is.
25       Q. I need that back.

182

1           The next day is Thanksgiving,
2    and you wouldn't have worked Thanksgiving,
3    right?
4        A. Not in the building.
5        Q. Okay. I'm showing two hours
6    for that day as well, which would be for home
7    detention. So you would have been at --
8        A. Home.
9        Q. Home, okay.
10          This will be Exhibit 17. Is
11   this your signature here?
12       (Whereupon Defendant's Exhibit
13       No. 17 was marked for
14       identification and attached
15       hereto.)
16       (Witness reviewed document.)
17       A. Yes.
18       Q. Okay. This is overtime forms
19   for the period of March 14, '05, to March 27,
20   '05. If you look at the next page, it says,
21   Youth Court, home detention, four hours?
22       A. Yes.
23       Q. Is that your signature?
24       A. Yes.
25       Q. Okay. And this would be on

47 (Pages 179 to 182)

Mary Whittle Jeter
September 4, 2007

183

1   March 14th, which is a Monday. So that was
2   one of your regular workdays, right?
3         A. Right.
4         Q. And it looks like you're
5   getting comp time for that?
6         A. If it says Youth Court, I was
7   in the building.
8         Q. You were in the building, okay.
9         The next page is for
10  March 15th, which would be Tuesday. Court
11  special project slash home detention, and
12  you're asking for two hours?
13        A. Right.
14        Q. So you got comp time on that
15  day, which was one of your regular workdays,
16  right?
17        A. That's exactly right.
18        Q. Then the next one is Youth
19  Court, home detention, special project,
20  March 16th, which is a Wednesday, and you
21  also turned in and got comp time, right?
22        A. Right. Home detention is a --
23  I mean, Youth Court was a special day.
24        Q. But you're asking for home
25  detention also?

184

1         A. Because I did make some calls
2   while I was there.
3         Q. At the building?
4         A. Uh-huh (affirmative response).
5         Q. So you did ask for overtime and
6   received it?
7         A. Uh-huh (affirmative response).
8         Q. Yes?
9         A. Yes.
10        Q. Last one is March 25 through
11  March 28th, which is going to be Friday,
12  Saturday, Sunday, and Monday. This would be
13  your weekend coverage, right?
14        A. Right.
15        Q. Okay. And you got six hours
16  overtime?
17        A. Yes.
18        Q. And you got it as comp time?
19        A. Yes. I was covering for
20  Phoenix.
21        Q. All right. Just a few more.
22  Take a look at Exhibit 18. Is that your
23  signature?
24        (Whereupon Defendant's Exhibit
25        No. 18 was marked for

185

1         identification and attached
2         hereto.)
3         (Witness reviewed document.)
4         A. It is.
5         Q. Okay. And if you'll look at
6   the next page --
7         A. Holiday, home detention.
8         Q. June 6th?
9         A. Yes.
10        Q. Okay. That would have been
11  what?
12        A. At home.
13        Q. Memorial Day or something?
14        A. I have no clue.
15        Q. Okay. Holiday, home detention,
16  June the 6th. Okay. But, anyway, you got
17  overtime pay for that one, right?
18        A. Right.
19        Q. And that was on a Monday?
20        A. It was a holiday. It was a
21  Monday when we had a holiday. Most Mondays
22  that I got anything was a holiday.
23        Q. All right. So you could get it
24  on holidays and if you covered for Phoenix?
25        A. Because I was legally off. I

186

1   was legally off from five on, but it didn't
2   work.
3         MRS. WALKER: All right. I
4         want to mark the rest of
5         these as Exhibit 19 that we
6         did not go over.
7         THE WITNESS: May we go over
8         them?
9         MRS. WALKER: You can. Let me
10        get my questions out, and
11        then you can look at it.
12        (Whereupon Defendant's Exhibit
13        No. 19 was marked for
14        identification and attached
15        hereto.)
16  BY MRS. WALKER:
17        Q. Now that we've seen where you
18  were submitting overtime forms on your
19  regular workdays, let me see if I've got this
20  right: You're saying that you were now told
21  by Steve Wooten that you could not file for
22  time unless you were in the building making
23  the calls, or you were doing it for Phoenix,
24  or you were on a holiday; is that right?
25        A. That's correct.

48  (Pages 183 to 186)

Mary Whittle Jeter
September 4, 2007

187

1    Q. And he said that exact -- what
2  I said?
3    A. Exactly, correct.
4    Q. Did anybody else ever tell you
5  that or was it just Steve Wooten?
6    A. Steve Wooten was my immediate
7  supervisor. That's why I -- I may have
8  gotten something from Bruce, because we did
9  have conversations, but I can't swear to it.
10    Q. Do you know why they would
11  distinguished between whether you made the
12  calls from home or whether you made the calls
13  from the building?
14    A. Because Judge Dorrough was in
15  charge, and he was a tyrant. They were going
16  to do nothing to hurt him -- to offend him.
17    Q. Why would that offend him by
18  giving you overtime pay for making the calls
19  from home?
20    A. Because that is who he was.
21    Q. Did you like Judge Dorrough?
22    A. Oh, I liked him well enough for
23  him to choose me to be on one of his
24  committees -- he liked me well enough.
25    Q. What committee?

188

1    A. When he was running for a
2  statewide office.
3    Q. Okay. Did you like Judge
4  Dorrough and get along with Judge Dorrough?
5    A. I just told you that.
6    MS. DUNCAN: Object to form.
7    Q. You said he liked you well
8  enough to pick you for a committee. I
9  just --
10    A. I liked him pretty good, as
11  well as I liked anybody.
12    Q. Okay. So you think the reason
13  they made this distinction was to make Judge
14  Dorrough happy?
15    A. I think the reason they made
16  the home detention --
17    Q. No. That's not what I asked
18  you.
19    A. Yes.
20    Q. Okay. Let's look at your --
21  this is your Complaint that's been filed in
22  the case. I'll mark this as Exhibit 20.
23  Have you reviewed this?
24    (Whereupon Defendant's Exhibit
25    No. 20 was marked for

189

1    identification and attached
2    hereto.)
3    A. I don't know what it is.
4    Q. This is your lawsuit, your
5  Second Amended Complaint.
6    (Witness reviewed document.)
7    A. Yes.
8    Q. So you have seen this before?
9    A. Yes.
10    Q. Okay. This is your lawsuit?
11    A. Yes.
12    Q. Okay. We need to ask you about
13  something that's in here. It says, Plaintiff
14  was not compensated for her calling
15  assignments performed five nights a week,
16  Monday through Thursday. Okay. But we've
17  seen where you did get compensated for some
18  that were Monday through Thursday; is that
19  right?
20    A. When I was working another job.
21    Q. What do you mean "working
22  another job"?
23    A. Youth Court.
24    Q. When you were in the building,
25  and you happened to make some home detention

190

1  calls --
2    A. Right.
3    Q. -- on your regular workdays?
4    A. Right.
5    Q. All right. So you did get paid
6  on some of your regular workdays for home
7  detention, right?
8    A. Right.
9    Q. Okay. Plaintiff only received
10  overtime pay two hours per night when she
11  took over duties for the white employee on
12  the weekend.
13    Now, that's inconsistent with
14  what you just told me, right, because we see
15  where you got it during the week, correct?
16    MS. DUNCAN: Object to the use
17    of the word "pay." It's
18    been shown she only got
19    comp time.
20    MRS. WALKER: We just -- the
21    last one was overtime pay.
22    A. Read that again, please.
23    Q. Okay. Plaintiff only received
24  overtime pay two hours per night when she
25  took over duties for the white employee on

(334) 262-3332        Baker & Baker Reporting and Video Services, Inc.        (334) 262-3332

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

191

1  the weekend.
2          And that's inconsistent with
3  these overtime forms we've just seen, right?
4      A. Yes.
5      Q. Okay. It also says here,
6  Plaintiff was never told by supervisors that
7  she was eligible for overtime or compensation
8  for the time worked.
9          Now, you recognize that that's
10  inconsistent with what you've told me
11  today, because you told me that you were told
12  you couldn't get it?
13      A. I was told I couldn't get it.
14      Q. All right. But you didn't say
15  that in your Complaint, did you?
16      A. I don't . . .
17      Q. See the part where I
18  highlighted right here?
19      A. Yes.
20      Q. I'll read it to you. It says,
21  Plaintiff was never told by supervisors that
22  she was eligible for overtime or compensation
23  for the time worked.
24      A. Right.
25      Q. Okay. And then what you told

193

1      A. Yes.
2      Q. Okay. Let me see that for a
3  second. I wanted to ask you about -- in here
4  you say, No. 3, I was never told I could be
5  paid overtime for this work, and I did not
6  volunteer to do the work. I was not offered
7  comp time, either, unless I covered for
8  another employee.
9      A. That's true.
10      Q. But we saw where you did get
11  comp time when you worked home detention?
12      A. On duty.
13      Q. Right.
14      A. When I was on duty.
15      Q. No. When you were at the
16  building. You were actually --
17      A. That's what I'm saying, on
18  duty.
19      Q. You were after hours?
20      A. Right.
21      Q. Okay. So this isn't really
22  correct, either, is it? It's inconsistent
23  with what you told me today.
24      A. Because I was working after
25  hours. I was working from five until

192

1  me today is that you were emphatically told
2  you could not get it?
3      A. I was. You have to understand
4  my supervisors. You have to talk to them
5  about that.
6      Q. All right. So will you
7  recognize, then, that this sentence is
8  inconsistent with what you told me here today
9  in this deposition?
10      A. With qualification.
11      Q. Okay. This is one I wanted to
12  ask you about. Hold on. I know I'm jumping
13  around, but I'm trying to be fast.
14          Let's take a look at this.
15  This is Exhibit 21, which is an affidavit
16  that you prepared. Tell me if you recognize
17  that.
18          (Whereupon Defendant's Exhibit
19          No. 21 was marked for
20          identification and attached
21          hereto.)
22          (Witness reviewed document.)
23      Q. Is that your affidavit?
24      A. Yeah.
25      Q. Did you sign it?

194

1  whatever time and just decided to make a few
2  home detention calls.
3      Q. You were working from eight to
4  five and happened to stay over for Teen Court
5  and decided to make --
6      A. I stayed over, because that was
7  my job.
8      Q. Well, yeah. And you worked
9  after hours, and since you were at the
10  building, what you told me is that you made
11  some home detention calls, too?
12      A. Right.
13      Q. Okay. So you got paid overtime
14  pay or comp leave on days when you did not
15  work for Phoenix and you did home detention;
16  isn't that correct?
17      A. If it was a regular workday for
18  me to do Youth Court.
19      Q. Okay.
20      A. Rather than waste their time.
21      Q. What do you mean "waste their
22  time"?
23      A. Like Linda Harrison did for
24  seven years.
25      Q. What do you mean by "waste

(334) 262-3332          Baker & Baker Reporting and Video Services, Inc.          (334) 262-3332

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

195

1 their time"?
2     A. Just sit there and do nothing
3 and get time for nothing.
4     Q. Okay. It says, White
5 employees, Phoenix Martin and Amanda Ashurst,
6 were paid overtime when they took over my
7 duties when I was out of town; is that
8 correct?
9     A. That is.
10     Q. How many times did Amanda
11 Ashurst work?
12     A. One time, as I can remember.
13 Maybe once or twice. She needed some time to
14 go on vacation.
15     Q. It says here that you are
16 claiming $73,167.50, and it looks like you
17 crossed that out, because it previously --
18     A. I didn't cross anything out.
19     Q. Somebody crossed it out and put
20 MJ. Mary Jeter, I guess, is what that stands
21 for?
22     A. It was crossed out, and I guess
23 I may have signed it. But I didn't cross
24 anything out.
25     Q. Did you write this number

196

1 there?
2     A. I can't see it.
3     (Witness reviewed document.)
4     A. No, I don't think I did.
5     Q. Are those your initials?
6     A. Those are my initials.
7     Q. Is that the amount you're
8 claiming?
9     A. I would assume so if it's on
10 this paper.
11     Q. Okay. Now, previously, it said
12 59,989.50. Did you come up with the $59,000
13 number first?
14     A. I did not come up with any
15 number.
16     Q. All right. So the 73,167.50,
17 you didn't come up with that number?
18     A. Nope.
19     Q. Do you know where that came
20 from?
21     A. I would assume it came from my
22 legal counsel based on --
23     Q. Do you know -- sorry. Go
24 ahead.
25     MS. DUNCAN: Now, you can't

197

1     testify as to me.
2     A. Yeah. I can't testify why they
3 did that. So I don't know.
4     Q. Okay. Do you know of any
5 documentation that will support 73,167.50?
6     A. In terms of . . .
7     Q. I just want to know, do you
8 have any documents that I can look at that'll
9 show me that you're entitled to that much
10 money?
11     A. The harassment?
12     Q. No. This says -- the way I
13 read this is you're claiming that for
14 overtime wages.
15     A. And it is my assumption that
16 several things were involved in that.
17     Q. Okay. All right. So what is
18 this 73,167.50, what basis, what comprises
19 that?
20     A. I can't answer that.
21     Q. You don't know what that's for?
22     A. I can't answer that.
23     Q. Do you know what it's for?
24     A. I can't answer that.
25     Q. So yes or no?

198

1     A. I can't answer that.
2     Q. Okay. I guess -- I assume
3 that's a no?
4     A. That's right.
5     Q. All right. Let's talk about
6 that County Commission meeting in October of
7 '05. You told me earlier that that's how
8 this all started. Do you remember when you
9 told me that? What do you mean by that's how
10 all this started?
11     A. I was not given a raise.
12 Several of the County employees were not as
13 well. They changed the --
14     Q. You mean the cost-of-living
15 raise?
16     A. That's what they called it.
17     Q. Well, we saw here earlier, and
18 you had forgotten about this, obviously, that
19 you did get some kind of adjustment,
20 remember?
21     A. I got an adjustment only so
22 that people who were working sixteen years
23 wouldn't surpass me in salary.
24     Q. How do you know that's the
25 reason?

Mary Whittle Jeter
September 4, 2007

199

1    A. Because they said it.
2    Q. Who said that?
3    A. That is a fact. It's a fact.
4  It's in writing in Barbara Montoya's --
5  whatever she presented to the County
6  Commission.
7    Q. She presented something to the
8  County Commission that said you were only
9  going to get this adjustment so other people
10  wouldn't make as much?
11    A. That's right. They raised
12  the --
13    Q. Is that right?
14    A. And I have --
15    Q. Wait, wait. Is that right?
16    A. That's right.
17    Q. Okay. What document was that?
18    A. I don't know.
19    Q. Okay. Did you see the
20  document?
21    A. You would have to read the
22  County Commission --
23    Q. Did you see the document?
24    A. I didn't see it.
25    Q. Okay. How do you know there

200

1  was a document that said that?
2    A. We may have had -- we may have
3  gotten a copy of the document.
4    Q. And it said what, now?
5    A. There were several employees
6  that had been working fifteen, sixteen years.
7  Had they raised their salary to the full
8  percentage of the raise --
9    Q. The cost of living or the
10  merit?
11    A. The merit and cost of living.
12  They got them both.
13    Q. In October of '05?
14    A. I am assuming, yes.
15    Q. Okay. Well, don't assume.
16  Just tell me what you know.
17    A. Well, I'm telling you what I
18  feel I know.
19    Q. Well, I want to know what you
20  know for sure.
21    A. I know that they got enough
22  raise, that had they not given us something,
23  they would have --
24    Q. Given you?
25    A. -- given me something, they

201

1  would have passed me in salary. And I had
2  been there thirty-three years, and they had
3  been there sixteen.
4    Q. All right. So we saw that you
5  did get an adjustment from 58 to 59,000 or
6  so; remember that?
7    A. Uh-huh (affirmative response).
8    Q. Yes?
9    A. Yes.
10    Q. Okay. Are you still making
11  more than these other people that got a
12  cost-of-living adjustment?
13    A. No.
14    Q. Are they making the same?
15    A. Yes.
16    Q. Okay. But none of those are
17  making more than you, correct?
18    A. Not right this minute.
19    Q. Good. All right. So anyway,
20  that obviously made you mad at the County
21  Commission meeting?
22    A. Made me mad. It disgusted me.
23    Q. All right. So then what
24  happened?
25    A. Then I went to the County

202

1  Commission meeting, and we presented what we
2  felt was right. The County Commission --
3    Q. Okay. Who's we?
4    A. Well, there were at least 120
5  County employees there.
6    Q. Not just from the Youth
7  Facility?
8    A. No. But we were the speakers.
9    Q. This is the group that were not
10  going to get the cost-of-living adjustment?
11    A. That is correct.
12    Q. And they told you it was
13  because of something about two different pay
14  plans?
15    A. Exactly.
16    Q. Right. And which I can't
17  explain it to you, but I'm vaguely familiar
18  with it.
19    A. And I surely can't explain it
20  to you.
21    Q. All right. But there was some
22  explanation given by -- was it Barbara
23  Montoya?
24    A. No. At that point, it may have
25  been given by Todd Strange, who really didn't

52 (Pages 199 to 202)

Mary Whittle Jeter
September 4, 2007

203

1   know how to give it right, a person carrying
2   the cases from Barbara's office.
3       Q.  Right.
4       A.  And then Barbara came at a
5   later date.
6       Q.  And about how many employees
7   were affected by this?
8       A.  Oh, maybe 120.
9       Q.  County employees?
10      A.  I'm just guessing, yes.
11      Q.  Right.  Several, black and
12  white?
13      A.  Uh-huh (affirmative response).
14      Q.  Yes?
15      A.  Yes.
16      Q.  Okay.  And so then what was it
17  that happened at the meeting?
18      A.  What happened at the
19  meeting was -- it was an open meeting.  And I
20  spoke, Wanda Anderson spoke, Ron McKitt
21  spoke, Annie Smalls spoke, and Mary Ann Giles
22  spoke.  And there were some people that spoke
23  from their seat whom I did not know.  I
24  didn't.  I had never seen them.  And we were
25  saying that we have documents that show

204

1   everyone was supposed to get a cost-of-living
2   raise.  And that's when they changed the pay
3   scale.
4       Q.  The personnel board?
5       A.  Yes.
6       Q.  Okay.
7       A.  And we did not get it until the
8   other people caught up with us.
9       Q.  Right.  Then what happened?
10      A.  Then Barbara Montoya stood up
11  and made the statement, They are compensated
12  for everything they do.
13      Q.  Meaning you or this group of
14  120?
15      A.  Everybody.
16      Q.  The group of 120 or whatever?
17      A.  I'm assuming.
18      Q.  All right.
19      A.  And in spite of the paperwork
20  that you have, I was not compensated for
21  everything I did.
22      Q.  Okay.  Every time you turned in
23  an overtime form, you were paid or got comp
24  leave; is that right?
25      A.  Pretty much.

205

1       Q.  All right.  Are there any times
2   that you can tell me in this 2002 to 2005
3   period when it didn't happen?  I've asked you
4   that, and you've told me, no.
5       A.  I didn't turn them in, because
6   I knew it wasn't going to happen.
7       Q.  All right.  I understand that.
8   But every time you did turn in, you were
9   paid, correct, or got credit?
10      A.  Right.
11      Q.  Okay.  Now, Barbara Montoya
12  stood up and said they've been paid or
13  they're -- what did she say?
14      A.  She said, They are compensated
15  for everything that they do.  And that is a
16  quote.
17      Q.  Did she say that y'all are paid
18  too much money, you're overpaid?
19      A.  Yes, she did.
20      Q.  She said you're overpaid and
21  that made you mad?
22      A.  It didn't make me mad.
23      Q.  It made you disgusted?
24      A.  It disgusted me.  Because if
25  I'm overpaid, they're overpaid.  They're

206

1   overseeing me.
2       Q.  So what did you do when you
3   came back away from that meeting?  Is that
4   when you decided to file --
5       A.  I didn't decide.
6       Q.  Excuse me -- is that when you
7   decided to file this lawsuit?
8       A.  When she said I was compensated
9   for everything I did, yes.
10      Q.  And that made you file the
11  lawsuit?
12      A.  I take that back.  No.  I did
13  not file the lawsuit until they offered me
14  $2,500.
15      Q.  Okay.  Is that when you went
16  and hired an attorney?
17      A.  I had spoken with one before,
18  yes.
19      Q.  Who was it?
20      A.  I spoke with Jay Lewis.  I
21  spoke with some other people that I don't
22  know.
23      Q.  Was this before or after the
24  County Commission meeting?
25      A.  That was something else

Mary Whittle Jeter
September 4, 2007

207

1  pertaining to this. Pertaining to this, I
2  spoke to Attorney Duncan.
3      Q. What did you see Jay Lewis
4  about; what was the problem?
5      A. Some indiscretions at work,
6  racially.
7      Q. Against you?
8      A. Yes.
9      Q. What happened?
10     A. Several things happened.
11     Q. What did you go see him about?
12 Was that part of this lawsuit.
13     A. No.
14     Q. Okay. Have you seen anybody
15 besides Priscilla Duncan about this
16 particular lawsuit?
17     A. Seen in terms of
18 representation?
19     Q. Right, or legal advice.
20     A. No.
21     Q. Okay. All right. So we know
22 the County Commission meeting was in October
23 of '05. You got upset about that. You came
24 back to the Youth Facility. Did you talk to
25 any of your supervisors or Bruce Howell about

208

1  what had happened?
2      A. Shoot, Bruce Howell avoided us.
3      Q. Okay. Did you talk to anybody?
4      A. Yes.
5      Q. Okay. Who did you talk to?
6      A. Steve Wooten.
7      Q. Okay. Well, tell me about that
8  conversation.
9      A. I told Steve Wooten what
10 Barbara Montoya said. And he said he thought
11 it was ridiculous that we did not get the
12 raise.
13     Q. Did Bruce Howell go to the
14 County Commission meeting?
15     A. Yes. He was right there.
16     Q. Did he stand up and ask that
17 y'all get the raise, too?
18     A. No, he did not. He speaks only
19 for himself.
20     Q. He didn't stand up and say I
21 think all of my people ought to get the
22 raise, too?
23     A. No.
24     Q. Okay. If he says that he did,
25 then he would be lying?

209

1      A. Unless it's on record and we
2  were not in there when he said it.
3      Q. Okay. Did you go to every
4  single County Commission --
5      A. No.
6      Q. -- meeting where this was
7  discussed?
8      A. Not every --
9      Q. You need to make sure you let
10 me finish my question, okay, or she's going
11 to have a fit. Because she can't stand it
12 when we talk at the same time, okay?
13     A. I can't either.
14     Q. I can't either.
15         Did you go to every County
16 Commission meeting where this was discussed?
17     A. No.
18     Q. Okay. Now, you told Steve what
19 Barbara said, and then what else happened?
20     A. Then Steve said to me, a week
21 or so later after all of this transpired, I
22 should have known it was coming.
23     Q. What was coming?
24     A. The lawsuit.
25     Q. Okay. You mean when your

210

1  attorney wrote the letter?
2      A. Right.
3      Q. Because your lawsuit was much
4  later?
5      A. Right.
6      Q. Okay. When you went and talked
7  with Steve Wooten that day, had you gone to
8  see the lawyer about it yet?
9      A. I don't remember. Probably
10 not.
11     Q. What else did you and Steve
12 Wooten discuss in that meeting?
13     A. He tried to say, Well, I
14 thought you were taking . . .
15     Q. Well, did you tell him you
16 hadn't gotten compensated?
17     A. Yes. I told him more than once
18 or twice.
19     Q. Tell me what you said to him at
20 that meeting.
21     A. I said what Barbara said.
22     Q. This is what Barbara said, and
23 then what?
24     A. Uh-huh (affirmative response),
25 I said that to him. And I said I was not

Mary Whittle Jeter
September 4, 2007

211

1  compensated.
2      Q. For the work?
3      A. For the work that I did with
4  the home detention. And he said, I should
5  have known it was coming.
6      Q. Oh, he said that then? I
7  thought he said that a week later?
8      A. He said -- I'm thinking at a
9  week later now.
10     Q. Okay. What did he say in the
11 first meeting where you said here's what
12 Barbara said?
13     A. I can't recall.
14     Q. But you told him --
15     A. He said it was ridiculous.
16     Q. Right. And you said I'm not
17 getting paid for home detention?
18     A. Uh-huh (affirmative response).
19     Q. And then what happened in that
20 meeting?
21     A. Nothing. We just started
22 talking about something else.
23     Q. Okay. Did you ask him to look
24 into it and see if you could get paid?
25     A. No, I didn't.

213

1      A. I know he knew it.
2      Q. Okay. How do you know?
3      A. Because he has to sign it.
4      Q. Right. I mean, how do you know
5  that he wasn't thinking she's just taking
6  time off and --
7      A. He is a supervisor.
8      Q. Wait just a minute. How do you
9  know he wasn't just thinking she's taking
10 time off, she's flexing, that's why she's not
11 turning in all those overtimes?
12     A. Because he is a supervisor, and
13 it is imperative that he knows where I am at
14 all times. If he did not, he was derelict in
15 his duty and so was Bruce Howell.
16     Q. How do you know he wasn't
17 thinking that is my question?
18     A. I don't know what he was
19 thinking. I know what he didn't do.
20     Q. But at least he told you when
21 you confronted him about it that he thought
22 you were taking time off to cover up for
23 that, right?
24     A. They both planned that. They
25 both came and told me that.

212

1      Q. Okay. And he said I thought
2  what now?
3      A. He said I thought you were just
4  taking time off. I didn't know.
5      Q. I thought you were taking time
6  off?
7      A. Uh-huh (affirmative response).
8      Q. Like flexing?
9      A. Like just taking time off.
10     Q. Okay.
11     A. He didn't say flex. He just
12 said taking time off.
13     Q. I thought you were taking time
14 off for those home detention calls; is that
15 right?
16     A. Yes, that's right.
17     Q. Okay. What did you say then?
18     A. I said, You know I wasn't
19 taking that time off, you and Bruce both.
20     Q. Then what did he say?
21     A. He laughed, because he knew it
22 was a lie.
23     Q. Okay. And you think he knew
24 that you were working home detention and not
25 turning in overtime forms?

214

1      Q. I want you to answer my
2  question, okay, and then if you want to add
3  on whatever you want to add on, that's fine.
4      But he did tell you that, that
5  he thought you were taking time off for that;
6  is that right?
7      A. Yes.
8      Q. Okay. And what did you say?
9      A. I said, You knew I wasn't
10 taking time off.
11     Q. And then what happened?
12     A. Then we started talking about
13 something else.
14     Q. Okay.
15     A. And that may have been one of
16 the times when Rosalyn Godwin heard me say,
17 Well, when are you going to fix this?
18     Q. So you did ask him to fix it?
19     A. Yeah, I did ask him.
20     Q. All right. You told me earlier
21 you didn't ask him.
22     A. You know, you're asking me all
23 of these questions. You know what the
24 questions are. I'm trying to think back to
25 2002. I'm not trying to be disrespectful. I

55  (Pages 211 to 214)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

215

1 just don't remember.
2         Q. Well, if you don't remember,
3 just tell me, but don't try to make something
4 up. Like we said earlier, some people feel
5 like they have to come up with an answer, but
6 if you don't know, just tell me.
7         A. I don't know. I'm not a Bruce
8 Howell, I don't have to come up with an
9 answer.
10        Q. Okay. What do you mean by
11 that?
12        A. I don't have to tell a lie.
13        Q. You think Bruce Howell is a
14 liar?
15        A. All the time.
16        Q. He lies all the time?
17        A. All the time.
18        Q. How long have you felt that way
19 about him?
20        A. Oh, about — however long he's
21 been there, a year or so after he's been
22 there. Not only do I, all of my co-workers.
23        Q. I thought at one time you and
24 Bruce were pretty close?
25        A. We were pretty close.

216

1         Q. Did you think he was a liar
2 then, too?
3         A. Yes.
4         Q. So you thought he was a liar
5 for, what, thirty years?
6         A. I knew he was a liar.
7         Q. How long has he been there?
8         A. I don't know.
9         Q. He's been there about twenty
10 something, hasn't he?
11        A. Maybe twenty. I've been there
12 longer than anybody, thirty-three.
13        Q. And you thought for, what,
14 nineteen, twenty years he's been a liar?
15        A. I knew that he was a —
16        Q. You need to answer my question.
17        A. I'm asking you. I'm fixing to
18 answer you.
19        Q. I want you to answer, not ask.
20 Have you thought —
21        A. I'm going to answer you.
22        Q. Okay. Answer me.
23        A. Yes.
24        Q. Thank you. And during the time
25 that you thought he was a liar, you were also

217

1 close with him?
2         A. Close with him? I dealt with
3 him, because he was my boss.
4         Q. Okay. Have you ever hugged
5 him?
6         A. He hugged me.
7         Q. Have you ever hugged him?
8         A. No.
9         Q. Okay. Did you and Bruce ever
10 discuss your children, your sons?
11        A. Sure.
12        Q. And you know Bruce's son?
13        A. Yes.
14        Q. And he knows your son?
15        A. Yes.
16        Q. And y'all talk about your
17 children?
18        A. Until he said that you told him
19 not to.
20        Q. Me?
21        A. That's what he said.
22        Q. Okay. But anyway, during this
23 time you were talking to Bruce about your
24 children, your sons, you thought he was a
25 liar?

218

1         A. Bruce would talk to me about my
2 son. I never took any of my personal
3 information to Bruce.
4         Q. You never talked with him about
5 his son?
6         A. I think the course of
7 conversation was when he mentioned it.
8         Q. Okay. Do you know his son?
9         A. I do know his son very well and
10 care for him dearly.
11        Q. Okay. All right. So you don't
12 care for Bruce then, basically?
13        A. He's a liar.
14        Q. All right. Is Steve Wooten a
15 liar?
16        A. Obviously so.
17        Q. Who else is a liar?
18        A. The powers that be.
19        Q. You mean the County
20 Commissioners?
21        A. Without a doubt.
22        Q. They're liars, too?
23        A. Well, they have. That's my
24 opinion. They have.
25        Q. Okay. Is Elton Dean —

Mary Whittle Jeter
September 4, 2007

| | 219 |
|---|---|
| 1 | MS. DUNCAN: Do you need a |
| 2 | break? |
| 3 | MRS. WALKER: No, we don't want |
| 4 | a break. |
| 5 | MS. DUNCAN: Yeah, we do. |
| 6 | MRS. WALKER: No, we don't. So |
| 7 | you can go coach her and |
| 8 | tell her what to say? |
| 9 | THE WITNESS: She doesn't have |
| 10 | to coach me. |
| 11 | MR. WHITEHEAD: There's a |
| 12 | question on the table. |
| 13 | MRS. WALKER: Yeah. |
| 14 | MS. DUNCAN: No, there is no |
| 15 | question on the table. |
| 16 | MRS. WALKER: Yeah. I said is |
| 17 | Elton Dean a liar? |
| 18 | MS. DUNCAN: You didn't get |
| 19 | that one out. |
| 20 | MRS. WALKER: Yeah, I did. |
| 21 | Sorry. |
| 22 | MS. DUNCAN: No, you didn't. |
| 23 | BY MRS. WALKER: |
| 24 | Q. Is Elton Dean a liar? |
| 25 | A. Yes. |

| | 220 |
|---|---|
| 1 | Q. What about Jiles Williams? |
| 2 | A. Yes. |
| 3 | Q. Every County Commissioner is a |
| 4 | liar? |
| 5 | A. No. I don't know every County |
| 6 | Commissioner. |
| 7 | Q. What about Reed Ingram, is he a |
| 8 | liar? |
| 9 | A. He has not lied to me. |
| 10 | Q. The other ones have, though? |
| 11 | A. I've never spoken with one of |
| 12 | them. |
| 13 | Q. No. |
| 14 | A. And I've spoken with -- |
| 15 | Q. You misunderstood my question. |
| 16 | Jiles Williams and -- |
| 17 | A. Have lied to me. |
| 18 | Q. -- Elton Dean have lied to you; |
| 19 | is that right? |
| 20 | A. (Witness nodded.) |
| 21 | Q. Yes? |
| 22 | A. Yes. |
| 23 | Q. Okay. Let's see. All right. |
| 24 | We were talking about this January meeting |
| 25 | where you talked with Steve Wooten, you know, |

| | 221 |
|---|---|
| 1 | and you told him about Barbara Montoya and |
| 2 | all of that. |
| 3 | A. January? |
| 4 | Q. I'm assuming it was in January. |
| 5 | Was it not in January? |
| 6 | A. I don't remember. |
| 7 | Q. Okay. I assumed it was in |
| 8 | January. The reason I assumed it is |
| 9 | because -- let me show you this next exhibit |
| 10 | I have. This is Exhibit 22. |
| 11 | (Whereupon Defendant's Exhibit |
| 12 | No. 22 was marked for |
| 13 | identification and attached |
| 14 | hereto.) |
| 15 | (Witness reviewed document.) |
| 16 | Q. Okay. This is a letter from |
| 17 | your lawyer to Bruce Howell and Steve Wooten. |
| 18 | That's the January letter. |
| 19 | A. Okay. |
| 20 | Q. What's the date of that letter? |
| 21 | A. January 31st, 2006. |
| 22 | Q. Okay. |
| 23 | A. States that she's been retained |
| 24 | to . . . |
| 25 | Q. Represent you? |

| | 222 |
|---|---|
| 1 | A. Uh-huh (affirmative response). |
| 2 | Q. Okay. My question is: When |
| 3 | did you have the first conversation with |
| 4 | Steve Wooten where you complained about all |
| 5 | of this home detention and overtime? I |
| 6 | thought this might be able to help you |
| 7 | time-wise. |
| 8 | A. No. It doesn't help me |
| 9 | time-wise. |
| 10 | Q. It would have been before this |
| 11 | letter? |
| 12 | A. Oh, yes. |
| 13 | Q. Okay. About a month before the |
| 14 | letter? |
| 15 | A. Long before the letter. |
| 16 | Q. Long before the letter. Would |
| 17 | you have talked -- |
| 18 | A. It was years before the letter. |
| 19 | Q. No, no, no. I'm talking about |
| 20 | you had told me that after the October 2005 |
| 21 | County Commission meeting, you went and |
| 22 | talked to Bruce -- excuse me, to Steve |
| 23 | Wooten? |
| 24 | A. Oh, yes. |
| 25 | Q. Would that have been right |

Mary Whittle Jeter
September 4, 2007

223

1 after the County Commission meeting when you
2 went to talk to him, the same month?
3     A.  Same month, yes.
4     Q.  Okay.  That's what I'm trying
5 to find out.
6     A.  Yes.
7     Q.  So you first complained to
8 Steve Wooten about the home detention
9 overtime issue in October '05; is that right?
10     A.  Yes.
11     Q.  Okay.  And then when did you go
12 to a lawyer, if you know?
13     A.  I don't remember.
14     Q.  All right.  But is this the
15 first time your lawyer wrote a letter, that
16 was January --
17     A.  I would assume so.
18     Q.  January 31, 2006?
19     A.  I would assume so.
20     Q.  Okay.  All right.  Let met show
21 you another exhibit.  This is Exhibit 23.
22 This is another letter that your lawyer wrote
23 March 21, 2006.  Have you seen that?
24         (Whereupon Defendant's Exhibit
25         No. 23 was marked for

224

1         identification and attached
2         hereto.)
3         (Witness reviewed document.)
4     A.  Yeah, I have.
5     Q.  Okay.
6     A.  Because this is when I
7 recreated.
8     Q.  Okay.  I wanted to ask you
9 about that.  All right.  It says, Ms. Jeter
10 is in the process of recreating her calls for
11 the entire four-year period without the
12 assistance of her supervisors.  This document
13 may take some time.  What did you do to
14 recreate -- let me back up.
15         Are these attachments, these
16 sheets, what you recreated?
17     A.  They are.
18     Q.  Okay.  What did you do to
19 recreate or to come up with this?
20     A.  I went to every probation
21 officer and asked them if they could remember
22 kids that they had on home detention that I
23 supervised on home detention.
24     Q.  Who were these people?
25     A.  Every probation -- Vaughn --

225

1 not -- Annie Smalls, Wanda Anderson, Ray
2 Williams, Jeanie Tapley, Amanda Ashurst, Wade
3 Morgan.
4     Q.  Are these your probation
5 officers?
6     A.  Yes.  I don't remember -- I
7 think I did go to Patricia Strickland.  I'm
8 almost positive I did.
9     Q.  Okay.  And you said, Tell me
10 the kids you remember that I supervised.
11     A.  Uh-huh, yes.
12     Q.  And they gave you a list?
13     A.  No, no, no.  Some of them
14 called out names, and some of them could not
15 remember.
16     Q.  Then what did you do?
17     A.  And then, as I -- I did have
18 some of the sheets left, I think, some names
19 left.  And then what I did was I went into
20 the file room.
21     Q.  What file room?
22     A.  The clerk's office.
23     Q.  At the Youth Facility?
24     A.  Yes.
25     Q.  Did you do this during your

226

1 regular working hours?
2     A.  Some.  And some not.
3     Q.  Some you did during your
4 working hours?
5     A.  Uh-huh (affirmative response).
6     Q.  When you should have been doing
7 what?
8     A.  When I should have been doing
9 my work, but I did.  My work was never left
10 undone.
11     Q.  Could you do your work and do
12 this at the same time?
13     A.  Because my work dealt with
14 money and letters and calling people.  And I
15 could do that.  I have an hour's lunch hour
16 and two fifteen-minute breaks.
17     Q.  So is it your testimony you
18 only did this on your breaks and during
19 lunch?
20     A.  That's exactly right.
21     Q.  You didn't do any of this while
22 you were in there doing your other work, too?
23     A.  Not necessarily.  Because my
24 other work is not as compelling as most.
25     Q.  Here's what I want to know, and

Mary Whittle Jeter
September 4, 2007

227

1  I think you've told me this, and now you're
2  starting to back off a little: When you went
3  in the clerk's office to get this
4  information, was it during your regular work
5  hours?
6        A. Yes.
7        Q. Was it during the breaks or
8  during lunch or just your regular work hours?
9        A. There is no break or lunch
10  hour. You choose it, up until just recently.
11        Q. Okay. So you were on County
12  time when you pulled this information
13  together?
14        A. That's right.
15        MS. DUNCAN: Object to form.
16        Q. You were getting paid, correct?
17        A. I was getting my lunch hour and
18  my --
19        Q. You just told me you don't get
20  a lunch hour.
21        A. No, I did not.
22        THE WITNESS: Did I say I
23        didn't get a lunch hour?
24        A. I do get a lunch hour.
25        MS. DUNCAN: She said there was

228

1  no set time.
2        A. I said there was no set time
3  for a lunch hour.
4        Q. Let me ask you something: Were
5  you doing the restitution cases at this time?
6        A. Yes.
7        Q. Okay. Does that require that
8  you go to the clerk's office and pull files
9  and look through all that?
10        A. Sometimes.
11        Q. Okay. But when you were -- I
12  mean, this is a lot of work. How many hours
13  do you think you spent doing this?
14        A. Many.
15        Q. Like how many?
16        A. I can't tell you how many.
17        Q. I mean, like --
18        A. Because some I did after work.
19        Q. Over fifty hours?
20        A. Probably.
21        Q. All right. And is it your
22  testimony you did that while you were
23  supposed to have been working?
24        A. No, I'm not. I said I did some
25  after work and some during my lunch hour.

229

1  And some the probation officers brought to
2  me.
3        Q. And some you said you did
4  during your working hours, too?
5        A. I work eight to five. I get a
6  lunch hour in there and two breaks.
7        Q. I know, but just listen to me.
8  You've said so many things now that I want to
9  go back and make sure I've got this right.
10  You first told me that you did it during
11  regular working hours?
12        A. Which I consider eight to five.
13        Q. All right. And then later you
14  told me it was just breaks and lunch, right?
15        A. Which I consider eight to five,
16  between the hours of eight and five.
17        Q. So just so we're clear: Are
18  you telling me now that you only did it on
19  your two fifteen-minute breaks and during
20  lunch and then after hours?
21        A. Right. Because I stayed a lot
22  of times after hours.
23        Q. In the clerk's office?
24        A. In the clerk's office.
25        Q. And they let you stay after

230

1  five in there?
2        A. They'll let you stay as long as
3  you want. I'm an officer of the Court.
4        Q. Who saw you in there doing
5  this?
6        A. Tracy Allen. Evandelyn Jackson
7  [phonetic]. And there may have been some
8  others, but I don't remember.
9        Q. And you would pull the file and
10  see how long they were on home detention?
11        A. I would pull the file and sit
12  down there and write it out.
13        Q. And see how long they were on
14  home detention, right?
15        A. Uh-huh (affirmative response).
16        Q. Yes?
17        A. Yes.
18        Q. And then you would see, for
19  instance, so-and-so was on home detention
20  from December 1 through January 31st, and so
21  you would write down Monday through Thursday
22  and put down that you called each one of
23  those nights?
24        A. Exactly, right. No one kept
25  records but me.

Mary Whittle Jeter
September 4, 2007

231

1    Q. Okay. So you're assuming you
2 called them every single night, Monday
3 through Thursday, during that period they
4 were on it?
5    A. I am assuming, yes.
6    Q. Do you know for sure that you
7 did?
8    A. I'm pretty much sure, yes.
9    Q. Okay. Pretty much sure is --
10    A. Yes.
11    Q. You are certain that you called
12 each one of these --
13    A. Yes, yes.
14    Q. Let me finish, okay?
15      You are certain that you called
16 each one of these people on Monday through
17 Thursday, on each night; is that right?
18    A. Yes.
19    Q. Okay. What if you were on a
20 vacation or on holiday, you still would
21 have --
22    A. I called people on holidays.
23    Q. You need to make sure you let
24 me finish, okay?
25    A. Well, hell, I don't know when

232

1 you're finished or when you're not.
2    Q. Well, why don't you listen?
3    A. I'm listening.
4    Q. Okay.
5    A. You're doing the Bruce Howell
6 to me.
7    Q. What does that mean?
8    A. Fast talking.
9    Q. Okay, well, sorry.
10      All right. So you were certain
11 that you called each one of these people?
12    A. To the best of my knowledge,
13 yes.
14    Q. Okay. That's what I wanted to
15 know. To the best of your knowledge --
16    A. Yes.
17    Q. -- can you sit here and testify
18 under oath that you --
19    A. To the best of my knowledge,
20 yes.
21    Q. You just interrupted me again,
22 okay? Let's don't do that or she's going to
23 have a fit.
24      To the best of your knowledge,
25 what does that mean?

233

1    A. As truthful as I could be.
2    Q. Okay. But you recognize that's
3 not the same thing as actually having the
4 records and doing it contemporaneously with
5 the action?
6    A. No one kept records but me.
7    Q. Right. And you threw them
8 away, right?
9    A. May I finish?
10    Q. Sure.
11    A. No one ever asked me to see a
12 record, period. All they asked me when a
13 case went to court, what had the child done
14 on home detention? And not one time did they
15 ask me and I couldn't give them an answer.
16    Q. Okay. All right. I
17 understand.
18      But my question is: You threw
19 those records that you were keeping away,
20 right?
21    A. I had no need to keep them.
22    Q. Is that right?
23    A. Yes.
24    Q. Okay. You realize that that
25 would be the best evidence we have here today

234

1 of actually who you called and when, right?
2    A. This was helter-skelter.
3    Q. You recognize those would be
4 the best evidence?
5    A. I do know that.
6    Q. Okay.
7    A. But I kept the records. No one
8 asked me for records.
9    Q. I understand that. I
10 understand.
11      All right. To the best of your
12 knowledge, this is correct then?
13    A. Yes.
14    Q. All right. Did you later go
15 back and add some more to this, later on down
16 the road?
17    A. Every time I thought of
18 somebody that I knew I had on.
19    Q. And again, just so I've got
20 this right: You would go to the clerk's
21 office, see when they were on home detention,
22 and then assume from that that you called
23 them every Monday through Thursday?
24    A. That was my job.
25    Q. Okay. Is there a possibility

60  (Pages 231 to 234)

Mary Whittle Jeter
September 4, 2007

235

1  that you didn't make some of these calls that
2  are listed here on Exhibit 23?
3      A. There's a possibility that I
4  didn't get a person.
5      Q. Okay. That's not my question.
6  We'll come back to that.
7      Is it a possibility that you
8  didn't make all of these calls that are
9  reflected on the attachments to Exhibit 23?
10      A. To the best of my knowledge, I
11  made these calls.
12      Q. Okay. My question is: Is it
13  a --
14      A. There's always a possibility.
15      Q. Is it a possibility that you
16  didn't make all those calls?
17      A. There's always a possibility.
18  To the best of my knowledge, I did.
19      Q. Okay. Thank you.
20      All right. Let me show you
21  another letter that I have. This will be
22  Exhibit 24.
23      And by the way, before I get to
24  24, would you take a look at each one of
25  these pages and let me know if that's your

236

1  handwriting.
2      (Witness reviewed Exhibit 23.)
3      A. It is.
4      Q. Okay. Make sure you look at
5  them.
6      (Witness reviewed Exhibit 23.)
7      A. Yes.
8      Q. Now we're going to Exhibit 24.
9  Here's the next letter. This is a letter
10  dated -- I'm sorry. Go ahead.
11      A. This seems about right here.
12      Q. Okay. The next letter is
13  Exhibit 24.
14      (Whereupon Defendant's Exhibit
15      No. 24 was marked for
16      identification and attached
17      hereto.)
18      Q. It's from your lawyer to me
19  dated May 30th, 2006, where you have
20  submitted some additional sheets in addition
21  to those. It looks like you resubmitted
22  those and added some additional ones, okay?
23      A. Yes.
24      Q. All right. Would you take a
25  look at that?

237

1      (Witness reviewed Exhibit 24.)
2      A. This is my handwriting.
3      Q. All right. Let's --
4      A. Wait a minute.
5      Q. Again, did you -- is this your
6  attempt to recreate all of the calls you
7  made?
8      A. I could not recreate from 2002
9  to -- every call I made.
10      Q. How come?
11      A. Because I didn't remember every
12  name. There were hundreds and hundreds.
13      Q. All right. Listen. Look at
14  these and tell me if that's your handwriting.
15  Look at the first page. Is that your
16  handwriting?
17      (Witness reviewed Exhibit 24.)
18      A. Doesn't look like it.
19      Q. What about the second page?
20      (Witness reviewed Exhibit 24.)
21      A. That doesn't look like my
22  handwriting.
23      Q. Did somebody else help you fill
24  these out?
25      A. Not that I remember, unless it

238

1  was somebody who gave me some.
2      Q. Look at the third page, which
3  is JU99068; is that your writing?
4      (Witness reviewed Exhibit 24.)
5      A. It doesn't look like it.
6      Q. What about the next page,
7  JU900340; is that your writing?
8      (Witness reviewed Exhibit 24.)
9      A. No.
10      Q. And let me ask you something:
11  It says month, and it says 01. That would be
12  January. And that indicates that you called
13  on the 26th, 27th, 28th, and 29th, right?
14      A. Where are we?
15      Q. It says JU900340 at the top. I
16  think you've got one too far.
17      A. I'm here.
18      Q. Is that what that means, you
19  would have called the 26th, 27th, 28th, and
20  29th of January?
21      A. Right.
22      Q. All right. And then the next
23  column over, it's -- excuse me. If you go to
24  the fourth column, 02, that's February. And
25  then you wrote all of those days. You would

Mary Whittle Jeter
September 4, 2007

239

1  have called on all of those days in February,
2  right?
3      A.  Those were the days they were
4  under home detention.
5      Q.  Tuesday, Wednesday, Thursday,
6  and Friday.  You just picked out the Mondays
7  through Thursdays, right?
8      A.  No.  Some of them, I think,
9  should have had the weekends I covered for
10  Phoenix.  I don't . . .
11      Q.  Now, how could you tell that
12  from going back and looking at the file?
13      A.  Because some you remember.
14      Q.  Well, I thought you turned in
15  overtime for those.  Are those on here, too?
16      A.  They should be on here.
17      Q.  But you've already been paid
18  for those.
19      A.  This was not necessarily to be
20  paid for.  This is trying to reconstruct what
21  I did.
22      Q.  Okay.  So some of these in here
23  could be ones that you've gotten credit for
24  then?
25      A.  You've got credit -- you've got

240

1  the papers.
2      Q.  Is that right?
3      A.  You've got the papers.
4      Q.  Is that right?
5      A.  You've got the papers.
6      Q.  You need to answer my question
7  or it won't make any sense, I promise you.
8      A.  Yes.
9      Q.  Okay.  So you didn't go back
10  and say, All right, I made these calls on
11  this date, but let me go make sure I didn't
12  turn in an overtime form?  You didn't go do
13  that?
14      A.  No, I did not.  I figured he
15  had someone else doing that.  They already
16  told me he had them doing that.
17      Q.  So this would be just the
18  record of all the calls you made whether or
19  not you got compensated or not; is that
20  correct?
21      A.  Uh-huh (affirmative response).
22      Q.  Is that right?
23      A.  Yes.
24      Q.  Okay.  All right.  If you will,
25  turn the page.  It should say JU20020530 at

241

1  the top.
2      A.  Give me a minute.  How far back
3  are we?
4      Q.  Why don't you just look on here
5  with me.  Is this your handwriting?
6      A.  No.
7      Q.  Okay.  Do you know whose
8  handwriting that is?
9      A.  No, I don't.  It could be
10  somebody Bruce Howell had to write it.
11      Q.  Do you think Bruce Howell wrote
12  this?
13      A.  I don't know if he wrote it or
14  had somebody to write it.
15      Q.  But this is something your
16  lawyer gave me.  And so I assume you gave it
17  to her?
18      A.  I don't know the handwriting.
19      Q.  All right.  Well, Bruce Howell
20  wouldn't be writing something to give to you
21  to help you create your time, right?
22      A.  No.  But he would be giving me
23  something to help you think that I didn't do
24  it.  That's how much I trust him.
25      Q.  Okay.  You don't trust Bruce

242

1  Howell.  I understand that.
2      All right.  If you'll look at
3  the next page, it's JU02.1083; is that your
4  handwriting?
5      (Witness reviewed document.)
6      A.  It could be.
7      Q.  Okay.  But you don't remember
8  asking anybody to help you write this out?
9      A.  I don't remember.
10      Q.  Is it possible?
11      A.  Everything's possible.  But I
12  don't remember asking anybody.  All I
13  remember asking anybody was for the names.  I
14  may have had an intern to help me rewrite
15  them.
16      Q.  Oh, who would that intern be?
17      A.  Oh, God, I've had so many.
18      Q.  Did you have somebody rewrite
19  what you had come up with?
20      A.  No.  I wrote them down.  And
21  somebody -- I may have had an intern to help
22  me rewrite them legibly.
23      Q.  I wanted to ask you about this
24  one.  This is JU25536.  And there's a note up
25  here that says, Spoke to probation office.

62  (Pages 239 to 242)

(334) 262-3332    Baker & Baker Reporting and Video Services, inc.    (334) 262-3332

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

243

1  Child no longer on home detention. Is that
2  your writing?
3        A. Nope.
4        Q. Do you recognize that
5  handwriting?
6        A. Nope.
7        Q. Do you remember writing that
8  down?
9        A. Probably. If I could explain
10  to you something.
11       Q. Go ahead.
12       A. There were times when I was
13  making home detention calls and kids were
14  actually off of home detention. I had no way
15  of knowing, because nobody notified me,
16  including the parent or the kid, when I kept
17  calling. So that is why I had to look in the
18  file a lot to see if they were still on.
19       Q. All right. I wanted to ask you
20  some more. This is Exhibit 24. All right.
21  It says Ms. Jeter does not have access to all
22  files. But let me just read it word for
23  word: Again, since Ms. Jeter does not have
24  access to all files, she is not stating this
25  is a true and complete list of all youth's

244

1  called. Did you not have access to all of
2  the files?
3        A. I had access to every file that
4  was in the clerk's office.
5        Q. Is this an accurate list of
6  everybody that you called?
7        A. Oh, of course not. There are
8  probably hundreds that I don't even remember.
9  And every time I would think of a name is
10  when I'd write it down and go over there and
11  get it.
12       Q. This letter also says, My
13  client does not deserve to be subjected to
14  further harassment for pursuit of equal pay.
15  Tell me about that.
16       A. Who wrote that?
17       Q. Your lawyer. How were you
18  subjected to harassment?
19       A. Harassment? Bruce Howell
20  stopped speaking to me.
21       Q. Hold on. This was written on
22  May 30, 2006, okay? Bruce Howell stopped
23  speaking to you. What else?
24       A. He said to Michael Provitt that
25  I was out of line by doing what I did.

245

1        Q. Did you hear him say that?
2        A. Michael Provitt told me.
3        Q. Okay. Michael Provitt said
4  that Bruce Howell told him that you were out
5  of line for doing what?
6        A. For saying that they didn't pay
7  me and filing the lawsuit -- you know, going
8  to an attorney.
9        Q. Okay. What else? What else is
10  the harassment?
11       A. I got a caseload when I
12  didn't -- they gave me the money cases when I
13  didn't have them.
14       Q. The restitution cases?
15       A. Yes. Money -- we call them
16  money. It's not all restitution.
17       Q. But that is a normal duty, a
18  legitimate duty of a probation officer?
19       A. That's right. But it's
20  something that --
21       Q. Isn't it?
22       A. Yeah, it is.
23          MS. DUNCAN: Will you stop
24              interrupting her while
25              she's trying to answer the

246

1              question, please. You're
2              going to call her down for
3              interrupting your
4              questions. I mean . . .
5        Q. What else is harassment --
6        A. Harassment --
7        Q. -- that you think she was
8  referring to in May of '06?
9        A. Harassment is Beverly Wise
10  going to the checkout sheet to find out where
11  I was. Because they thought I was double-
12  dipping by working STEP Foundation and the
13  Youth Facility at the same time.
14       Q. Okay. How do you know that
15  happened?
16       A. Because the receptionist told
17  me.
18       Q. Who's the receptionist?
19       A. Carolyn Abbott.
20       Q. All right. What did Carolyn
21  Abbott say?
22       A. Beverly comes up here and
23  checks your sign-in, sign-out all of the
24  time.
25       Q. Is that all she said?

Mary Whittle Jeter
September 4, 2007

247

1    A. That's what she said.
2    Q. Beverly checks your sign-in and
3 sign-out all the time?
4    A. All the time.
5    Q. What is her position?
6    A. She's a supervisor.
7    Q. Did Beverly say anything to you
8 about it?
9    A. No, she did not.
10    Q. Is she your supervisor?
11    A. No, she is not.
12    Q. Do you report to her when
13 Steve --
14    A. No, I do not.
15    Q. Listen to me. Are you supposed
16 to report to her when Steve Wooten is not
17 there?
18    A. When he's not there.
19    Q. Okay. So she supervises you on
20 the days when Wooten is not there, correct?
21    A. She answers my calls if I call
22 in.
23    Q. You're supposed to answer to
24 her, is that right, when he's not there?
25    A. Yeah. But I never have

248

1 questions for her.
2    Q. Okay. Now, just to make sure
3 I've got this right: Bruce Howell stopped
4 speaking to you; Provitt said Bruce said you
5 were out of line; you got a restitution
6 caseload, right?
7    A. Right.
8    Q. Do you still have that today?
9    A. Yes.
10    Q. Okay. And Carolyn Abbott told
11 you that Beverly Wise is checking your
12 sign-in and sign-out sheets?
13    A. That's correct.
14    Q. Any other harassment that you
15 think is being referred to in this May 30,
16 '06, letter?
17    A. '06, I requested to go to a
18 conference -- oh, I requested to go to a
19 conference and -- a national conference, and
20 they said that they didn't want to pay for
21 it.
22    Q. Who said that?
23    A. Bruce and Steve and them said
24 they couldn't pay for it. So we had a
25 meeting with Judge Capell; Bruce, Steve, and

249

1 myself. At that point, Judge Capell told me
2 I was not a team player.
3    Q. Judge Capell said that?
4    A. Yes, he did.
5    Q. Okay. Who was present?
6    A. Bruce, Steve, and me.
7    Q. Okay. Hold on. Bruce, Steve,
8 you, and --
9    A. Capell.
10    Q. And Judge Capell. Where was
11 this meeting?
12    A. In Bruce's office.
13    Q. And what was the purpose of the
14 meeting, to discuss this request for the
15 conference?
16    A. That's exactly right.
17    Q. And --
18    A. But there had been some other
19 things that happened.
20    Q. All right. Well, I just want
21 to know what happened in this meeting.
22    A. That's what happened in --
23    Q. Y'all were discussing about the
24 conference. Did Judge Capell not want you to
25 go?

250

1    A. Judge Capell was angry because
2 of something else that had happened.
3    Q. What had happened?
4    A. There was a County employee who
5 was driving a County car to his church on
6 Sundays, taking the tag off of it. I passed
7 by and some more people passed by, took
8 pictures of it, and turned it in.
9    Q. Who was this employee?
10    A. Michael Provitt.
11    Q. All right. And you turned that
12 in to whom?
13    A. I turned it in to a political
14 activist.
15    Q. Who?
16    A. Katie Brown.
17    Q. Okay. She's not an employee of
18 the Youth Facility?
19    A. No. She's not an employee
20 anywhere.
21    Q. Why did you turn it in to her?
22    A. Because I was sick and tired of
23 what they were doing to me. If they could
24 take a County car and drive it to a church,
25 and take the tag off of it on Sunday and put

Mary Whittle Jeter
September 4, 2007

251

1 it back on Monday, then I had a right to file
2 whatever I chose.
3        Q. Okay. So Katie Brown is a
4 political activist, and you took this to her?
5        A. That's right.
6        Q. Okay. And were y'all talking
7 about this during this meeting?
8        A. Well, it was referenced to in
9 the meeting.
10       Q. By whom?
11       A. Judge Capell.
12       Q. What did he say?
13       A. I don't remember what he said.
14       Q. Okay. So then --
15       A. I got other people involved in
16 it.
17       Q. Okay. Who?
18       A. And that I was going to
19 bring -- because I had set the meeting with
20 them. And I had set for Katie Brown to come
21 to the meeting.
22       Q. At this meeting?
23       A. At this meeting.
24       Q. Okay.
25       A. And decided that morning that

252

1 it may not be a good idea.
2        Q. Okay.
3        A. And I said to them I was going
4 to have someone here with me, because I don't
5 trust being alone with them, period.
6        Q. When was this meeting, '06?
7        A. It had to be before -- I either
8 went to San Diego in June or July. So let's
9 say --
10       Q. This is May of '06.
11       A. Let's say -- okay, then . . .
12       Q. We'll have a chance to talk
13 about everything after this date, okay. I'm
14 just saying what was going on around May of
15 '06 that you were talking about harassment?
16       A. That's some of the stuff that
17 I'm talking about.
18       Q. Anything else? What about that
19 team player comment, was that later?
20       A. No, no, no. That was right
21 there.
22       Q. Right around this May time?
23       A. That's right.
24       Q. And he made that statement
25 while y'all were --

253

1        A. Yes, he did.
2        Q. Wait just a minute. -- while
3 y'all were talking about this Katie Brown
4 deal?
5        A. The conference.
6        Q. And the conference?
7        A. Right.
8        Q. Okay. Y'all weren't talking
9 about the home detention program?
10       A. No.
11       Q. Or your lawsuit?
12       A. No.
13       Q. You hadn't filed a lawsuit yet,
14 had you?
15       A. No. But he knew that there was
16 something going on, because he said that they
17 had offered me money.
18       Q. You mean hadn't offered you
19 money?
20       A. Well, he -- no. I'm confused
21 then.
22       Q. In May of '06, all that had
23 happened is your lawyer had written that
24 letter?
25       A. Judge Capell said to me --

254

1        MS. DUNCAN: Sorry. You can't
2 testify to . . .
3        A. I was not a team player.
4        Q. Okay. And that was around this
5 May of '06 time?
6        A. Yes. And I said to him I
7 resented it.
8        Q. Okay. Well, and before he said
9 that, y'all were talking about Katie Brown
10 and you going to this conference --
11       A. Because he had -- I had asked
12 him --
13       Q. Wait just a minute. You need
14 to answer, and then you can add that.
15       Right before he said that,
16 y'all were talking about Katie Brown and
17 whether you could go to this conference; is
18 that correct?
19       A. Yes.
20       Q. Okay. And he didn't want you
21 to go to the conference?
22       A. No.
23       Q. And you wanted to go to the
24 conference?
25       A. Yes.

65 (Pages 251 to 254)

255

1   Q. Did you go to the conference?
2   A. Yes.
3   Q. Okay. So you ended up getting
4   funding to go to the conference then?
5   A. I had made it very plain to
6   them I was going to the conference with or
7   without their money. Because I was going to
8   make it very public to the community.
9   Q. About Michael Provitt.
10  A. That I needed the money. No,
11  not about Michael Provitt.
12  Q. About you needed the money --
13  A. About the need for money to go
14  to the conference. And I had several lawyers
15  and judges who were willing to pay.
16  Q. Okay. So the County ended up
17  paying for you to go to San Diego?
18  A. Yeah. Judge Capell didn't want
19  it, but yeah.
20  Q. So is that what the major topic
21  of the conversation was?
22  A. The major topic of the
23  conversation was there had been some things
24  that had gone on, and I was receiving
25  unpleasant repercussions. Bruce turning his

256

1   head, hiding --
2   Q. Wait just a minute. Was that
3   discussed at this meeting?
4   A. All of it came up to this.
5   Q. It all did? You mean, you said
6   in that meeting --
7   A. I asked for the meeting.
8   Q. Okay. At the meeting, were you
9   telling Judge Capell and everybody that Bruce
10  wouldn't talk to you?
11  A. No.
12  Q. Okay. That's all I'm
13  interested in, is what was said at the
14  meeting. And if I hear you correctly, y'all
15  talked about your request to go to San Diego
16  and the Katie Brown thing, right?
17  A. And the not being a team
18  player.
19  Q. And then he said -- then that's
20  when he said you're not a team player.
21  Anything else?
22  A. I said I resented it.
23  Q. Anything else?
24  A. I said some teams I don't want
25  to be on.

257

1   Q. Anything else?
2   A. He jumped up and slammed the
3   door hard enough that you should have heard
4   it.
5   Q. Judge Capell did?
6   A. Yes, he did.
7   Q. What did Bruce Howell and Steve
8   Wooten do?
9   A. Nothing but look like they were
10  crazy.
11  Q. Okay. Anything else that
12  happened in that meeting?
13  A. Nothing that I remember.
14  Q. All right. Have you told me
15  now all of the harassment that was going on
16  at the time this May letter was written, May
17  '06?
18  A. Mostly being followed.
19  Q. Okay. Who followed you?
20  A. I mean, you know, my
21  whereabouts being checked.
22  Q. By Beverly Wise?
23  A. Yes.
24  Q. Okay. Anything else?
25  A. The second job that I was

258

1   working at, the STEP Foundation, they got in
2   touch with the people at the STEP Foundation
3   to see if I was double-dipping. And I think
4   that's where a lot of this came from.
5   Q. How do you know?
6   A. Because I was told by --
7   MS. DUNCAN: You asked for the
8   Records.
9   MRS. WALKER: I didn't say
10  anything about double-
11  dipping.
12  MS. DUNCAN: We got a letter
13  from the STEP Foundation
14  saying that that's what you
15  were asking for.
16  MRS. WALKER: I didn't say
17  anything about double-
18  dipping. I want to know
19  where she got that idea.
20  A. From the STEP Foundation.
21  Q. They said double-dipping?
22  A. Yes, they did.
23  Q. Who said that?
24  A. Lee Bough.
25  Q. B-O-U-G-H?

66 (Pages 255 to 258)

Mary Whittle Jeter
September 4, 2007

259

1      A. That's exactly right.
2      Q. Okay. And tell me exactly what
3   he said.
4      A. He said that Bruce -- he called
5   me, first of all, on the phone. And he said
6   do you have any people on your caseload that
7   are on your caseload at the Youth Facility?
8   And the only time --
9      Q. You mean, on your caseload at
10  the STEP that were on the --
11     A. Anybody on the STEP caseload
12  that were on the caseload at the Youth
13  Facility.
14     Q. Right, right.
15     A. And I said, No, I don't. There
16  were two kids whose names came up. And I
17  didn't see them. Because I had them on home
18  detention, so I knew not to talk to them
19  about STEP.
20     Q. So you did have two?
21     A. I can't explain this to you.
22     Q. So you did have two that were
23  on STEP and that were on home detention?
24     A. No. I didn't use them on STEP.
25     Q. Who were the two?

260

1      A. One was --
2      Q. Wait, wait, wait. What do
3   these two have to do with anything? What are
4   you telling me about that for?
5      A. Bruce Howell said that I --
6   Bruce Howell, after Beverly -- after they --
7   I was at a banquet where Judge Capell,
8   Bailey, all of those people were there. They
9   didn't know I worked for STEP.
10     Q. Okay.
11     A. When they introduced the STEP
12  people, they introduced me. And that's when
13  it all got started. Because this had already
14  started.
15     Q. All right. When was this
16  banquet?
17     A. I can't remember it. I can get
18  the date and give it to you.
19     Q. All right. Did you get
20  approval to work at the STEP program from the
21  Youth Facility?
22     A. No, I didn't. You got people
23  teaching school all over town on County time.
24     Q. Okay. Aren't you supposed to
25  get approval for second jobs?

261

1      A. Some people do.
2      Q. And you didn't get approval?
3      A. Huh-uh (negative response).
4      Q. Why not?
5      A. I didn't think it was
6   necessary.
7      Q. You didn't get a memo telling
8   you you had to get approval for the second
9   job?
10     A. I had worked out before, and I
11  didn't approve it.
12     Q. No. My question is: Did you
13  get a memo?
14     A. Not that I remember. I could
15  have, but I don't remember it.
16     Q. Okay. So you didn't get --
17     A. I talked to Steve about it, as
18  a matter of fact.
19     Q. Okay. Before you took that
20  job, you talked to Steve about it?
21     A. I talked to Steve about a
22  second job, yes.
23     Q. Before you took it, and got
24  approval?
25     A. I didn't get approval. I just

262

1   told him I had it.
2      Q. Okay. You told him after the
3   fact that you had it.
4      All right. Well, anyway, so
5   you're saying that Lee Bough called you and
6   he told you that we were checking to see if
7   you were double-dipping?
8      A. Yes.
9      Q. He said those words?
10     A. He said Bruce Howell.
11     Q. He said Bruce Howell is
12  checking to see if you're double-dipping?
13     A. That is exactly right.
14     Q. Okay. Did he send you a copy
15  of any documentation?
16     A. He did send me something, and I
17  don't remember what it was. I think he did.
18     Q. This is Exhibit 25. These are
19  some documents your lawyer has produced to
20  me. Here we go. Right here. See where it
21  says STEP employee?
22         (Whereupon Defendant's Exhibit
23         No. 25 was marked for
24         identification and attached
25         hereto.)

Mary Whittle Jeter
September 4, 2007

263

1        (Witness reviewed document.)
2        A. Uh-huh (affirmative response).
3        Q. Okay. Is this what he sent to
4   you?
5        A. Did he send it to me?
6        Q. Yeah. Y'all produced this to
7   me.
8        A. I turned those in to Lee Bough.
9        Q. Oh. Is this time sheets?
10       A. Yes.
11       Q. Okay. Well, your lawyer sent
12  them to me.
13       A. Yeah.
14       Q. Okay. Is this what he sent to
15  you?
16       A. Who?
17       Q. Lee Bough, when you talked to
18  him on the phone and he sent you something.
19       A. No. He sent me a letter
20  stating something. A letter to the fact that
21  Bruce was insinuating that I was
22  double-dipping. And he surely did not want
23  me to do that.
24       Q. Do you have a copy of that
25  letter?

264

1        A. I don't know. But I'm sure he
2   has.
3        Q. Okay. Would you check and see
4   if you have a copy?
5        A. I will do it.
6        Q. So was he not happy with Bruce
7   Howell?
8        A. Well, it wasn't that he wasn't
9   happy with Bruce Howell, because they all
10  work together on some of the same cases.
11       Q. Okay.
12       A. He did not want Bruce Howell to
13  think that I was double-dipping. Because
14  what Beverly Wise and all of them discussed
15  was I was making my home detention calls at
16  the STEP office.
17       Q. All right. Say that again.
18       A. I was making home detention
19  calls at the STEP office --
20       Q. You were?
21       A. -- when I was working for them.
22  That was what they thought.
23       Q. Okay. And how do you know
24  that?
25       A. Because I work in a cesspool,

265

1   people talk.
2        Q. Okay. And where did you hear
3   that?
4        A. First of all, Lee Bough.
5        Q. Okay. Anybody else tell you
6   that?
7        A. Beverly Wise told Bruce and
8   them. That's why she was checking mine.
9        Q. Beverly Wise told that to
10  Bruce?
11       A. Yeah. That's why --
12       Q. How do you know that?
13       A. All I know is there are other
14  people out there that know stuff and --
15       Q. All right. I just want to find
16  out who told you this. It wasn't told to
17  your face, except by this Lee Bough, but who
18  told you this, that Bruce and Beverly and all
19  that business?
20       A. Judge Patricia Warner.
21       Q. What did Judge Warner say?
22       A. Judge Patricia Warner said that
23  they thought I was double-dipping.
24       Q. Said that who thought?
25       A. Bruce, Judge Capell, and the

266

1   rest of the bunch thought I was double-
2   dipping by working at STEP at night.
3        Q. She said double-dipping?
4        A. Yes. And making phone calls.
5   That's what they thought.
6        Q. Okay. Did anybody say anything
7   to you about it other than Lee Bough?
8        A. No. Other than Judge Warner,
9   no.
10       Q. Okay. Are you finished telling
11  me about the harassment around May of '06
12  now, before we move on?
13       A. All of this stuff started with
14  that.
15       Q. All right. Are you finished
16  telling me all about the harassment that your
17  lawyer was referring to in May of '06?
18       A. I'm trying to finish now. They
19  were checking with the Board of Education,
20  because at some point I had worked for the
21  Board of Education.
22       Q. How do you know that?
23       A. They asked for places that I
24  had worked.
25       Q. Who did?

68 (Pages 263 to 266)

Mary Whittle Jeter
September 4, 2007

267

1    A. You did, I guess. Somebody
2  did.
3    Q. Who checked with the Board of
4  Education, and how do you know that? I
5  didn't check with the Board of Education.
6    A. I know that because I had to go
7  and get copies of what dates I worked for
8  them.
9    Q. And that must have been
10 something your lawyer asked you to do.
11   MS. DUNCAN: No. There were
12      only two --
13   Q. All right. Well, why did you
14 go get dates for where you worked at the
15 Board of Education?
16   A. Because I guess they were
17 trying to see if I was working two jobs at
18 one time.
19   Q. Who told you to do that?
20   A. I can't remember.
21   Q. Bruce didn't tell you, did he?
22   A. Bruce wasn't saying anything to
23 me. He was running and hiding. Because
24 Michael Provitt said that Bruce was scared of
25 me.

268

1    Q. Okay. Did Steve Wooten tell
2  you to get the dates of your employment at
3  the Board of Education?
4    A. Steve Wooten doesn't tell me
5  anything.
6    Q. Okay. Did any supervisor tell
7  you to go get your dates of employment at the
8  Board of Education?
9    A. I think it was on something
10 that you sent.
11   Q. I didn't know you worked at the
12 Board of Education.
13   A. You sent something to show my
14 tax returns, my this, my that.
15   Q. Oh, the discovery?
16   A. Yes.
17   Q. Okay. All right. Well, you
18 understand that when you're in a lawsuit,
19 each side asks for documents. That's not --
20   A. And I will give you anything
21 you ask for.
22   Q. Okay. But listen to me, that's
23 not harassment. That's just part of the
24 legal process.
25   A. You would have to be in my

269

1  office. And I had people who worked in my
2  office that will come to testify that I was
3  harassed.
4    Q. Okay. Well, we're just talking
5  about getting documents from the Board of
6  Education right now. I'm just telling you
7  that that's part of the discovery process.
8    Is there anything else that you
9  consider harassment around this May 30, 2006,
10 time before we move on?
11   A. Just the general way that I
12 felt.
13   Q. Okay.
14   A. And perception is the key.
15   Q. Did you lose any -- let me ask
16 you this: Are you still making the same
17 hourly wage you were before all of this
18 happened?
19   A. Uh-huh (affirmative response).
20   Q. Yes?
21   A. Yes.
22   Q. Okay.
23   A. But I ended up in the hospital.
24   Q. All right. Well, we'll talk
25 about that in a minute.

270

1    Now, let me show you -- we're
2  just about through with these documents --
3  Exhibit 26, which is another letter that your
4  lawyer wrote dated July 6th. So take a look
5  at that.
6    (Whereupon Defendant's Exhibit
7      No. 26 was marked for
8      identification and attached
9      hereto.)
10   (Witness reviewed document.)
11   A. Uh-huh (affirmative response).
12   Q. All right. Are you familiar
13 with that letter? It looks like you were
14 cc'd on it.
15   A. Uh-huh (affirmative response).
16   Q. Okay. It says, Thank you for
17 your communication -- thank you for
18 communicating our concern about job
19 harassment. The negative treatment ceased
20 immediately after you received my last
21 letter. So has the negative treatment of you
22 ceased?
23   A. Until recently.
24   Q. Okay. So as of July 6th, '06,
25 it had ceased, and now it's picked up again

Mary Whittle Jeter
September 4, 2007

271

1  here just recently?
2      A. Uh-huh (affirmative response).
3      Q. Is that right?
4      A. Yes.
5      Q. Okay. What has happened here
6  just recently?
7      A. The same thing, the no
8  speaking, the going in the other direction.
9      Q. Who did that?
10     A. Bruce.
11     Q. Bruce didn't speak, and Bruce
12 went in the other direction?
13     A. Yeah.
14     Q. Anything else?
15     A. And they sent something to
16 my -- sent me a registered letter to take to
17 my physician regarding Family Medical Leave
18 Act. There were some things on the letter
19 that he said he would not answer, because it
20 was not only borderline illegal, it was
21 borderline harassment.
22     Q. Who said that?
23     A. My doctor, Dr. Keith Hughes.
24     Q. All right. This was just here
25 recently --

272

1      A. Recently.
2      Q. -- on your request for FMLA
3  leave?
4      A. I didn't request FMLA.
5      Q. Okay. You didn't send in some
6  FMLA forms?
7      A. No, I did not. They sent them
8  to me.
9      Q. And you filled them out?
10     A. I sent them to my doctor.
11     Q. And they were filled out and
12 you signed them?
13     A. Yes. I think I signed them.
14     Q. Yeah, I think you did.
15        What's the harassment about
16 that?
17     A. What they sent to my doctor was
18 not just the FMLA forms. And I can supply
19 you with that.
20     Q. Okay.
21     A. It was a form requesting all
22 sorts of personal information about me.
23     Q. Who sent that?
24     A. Lynn Peavy, Bruce Howell's
25 assistant.

273

1      Q. Okay. What kind of -- she sent
2  a written form?
3      A. Oh, yeah. I have -- checks
4  that she put on there.
5      Q. Was it on a County form?
6      A. I don't know.
7      Q. Okay. Was this after your
8  doctor had suggested that you take time off
9  from work?
10     A. My doctor didn't -- my doctor
11 said that I was under a lot of work stress.
12 He noted it back in my file to 2005 when I
13 first started talking about the lawsuit. He
14 had noticed it some before. But he said that
15 he felt I needed to just take some time off
16 at my pleasure, when I felt I needed it.
17 Because there were several mornings I called
18 Steve Wooten, and I said, I woke up with
19 an -- with an anxiety attack, and I can't
20 come.
21     Q. Why are you so upset about the
22 lawsuit?
23     A. I'm not upset about the
24 lawsuit. I'm upset about them lying to me
25 and mistreating me.

274

1      Q. Okay. Who's lying to you?
2      A. Bruce. One hundred and one
3  hundred and one hundred thousand times.
4      Q. What did he lie to you about?
5      A. Anything.
6      Q. Well, tell me what you're
7  talking about. What is he lying to you about
8  that's got you so upset?
9      A. Oh, Mary, I went down there and
10 I fought for y'all a raise. Lie.
11     Q. In front of the County
12 Commission?
13     A. Yes. Lie.
14     Q. Remember, you weren't at every
15 meeting, so you don't know.
16     A. This was in closed session. He
17 did not do this in open session.
18     Q. But how do you know?
19     A. Because Tommy Miller said he
20 didn't.
21     Q. Okay. Is Tommy Miller a friend
22 of yours?
23     A. No.
24     Q. Okay. Is Tommy Miller someone
25 you've talked to about the lawsuit?

(334) 262-3332    Baker & Baker Reporting and Video Services, Inc.    (334) 262-3332
a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

275

1     A. No, I have not. Tommy Miller
2 was speaking to us as a group outside the
3 County Commission meeting.
4     Q. So you're not happy with Bruce
5 then?
6     Let me ask you this. This is
7 probably the best way to go about this: In
8 your lawsuit, you have asserted a claim for
9 retaliation, okay. And I want to know what
10 are -- tell me the ways you've been
11 retaliated against.
12     A. First of all, my work schedule
13 for Youth Court was changed.
14     Q. And that's in that December
15 letter we looked at, right?
16     A. Right.
17     Q. And that was done in December
18 of '06, right?
19     A. I'm assuming. I can't
20 remember.
21     Q. Remember, that was on the
22 letter?
23     A. Yes.
24     Q. So your work schedule for Youth
25 Court was changed?

276

1     A. Where I could no longer make
2 any overtime compensation.
3     Q. Okay.
4     MS. DUNCAN: The retaliation
5 claim has been disposed of.
6     MRS. WALKER: Huh-uh (negative
7 response).
8     MS. DUNCAN: Yes, it has.
9     MRS. WALKER: No. I wish it
10 had been. It's still
11 there. Retaliation,
12 racial, and overtime.
13     MS. DUNCAN: I think it's just
14 two.
15     MRS. WALKER: Hold on. I've
16 got it right here. You can
17 be reading this. But it is
18 still there, unless you
19 just want to go ahead and
20 voluntarily dismiss it.
21 We'll let you do that.
22     MS. DUNCAN: You'll have to
23 give me something from the
24 Judge.
25

277

1 BY MRS. WALKER:
2     Q. Okay. They changed your Youth
3 Court hours, which we saw was in that memo.
4 And I'll show it to you real quick so you
5 will know.
6     A. I remember.
7     Q. It was in that December '06
8 memo; do you remember that?
9     A. Uh-huh (affirmative response).
10 Where my hours were changed when I was off on
11 Monday.
12     Q. Here we go. Exhibit 4, is that
13 what you're talking about?
14     (Witness reviewed document.)
15     A. It says -- yeah, I'm familiar
16 with this. He says as you requested, which
17 meant that I was to get no more overtime or
18 time compensation for it.
19     MRS. WALKER: Are you planning
20 on asking any questions?
21     MS. DUNCAN: Yes.
22     MRS. WALKER: Because I've got
23 to be somewhere at four. I
24 did not realize we had gone
25 this long. All right.

278

1 I'll hurry.
2     THE WITNESS: Please don't
3 hurry. This is my life.
4     MRS. WALKER: Okay. I won't
5 hurry.
6     MS. DUNCAN: She's got her
7 co-counsel here that can
8 sit in.
9 BY MRS. WALKER:
10     Q. All right. So this is what
11 we're talking about, Exhibit 4?
12     A. (Witness nodded head.)
13     Q. Yes?
14     A. Yes.
15     Q. All right. Any other way you
16 were retaliated against?
17     A. The overtime.
18     Q. Are you saying that that
19 allowed you -- that kept you from getting
20 overtime?
21     A. Yes.
22     Q. So you wanted overtime?
23     A. Yeah. I wanted comp time. I
24 have a grandbaby. Yeah.
25     Q. Okay.

71 (Pages 275 to 278)

Mary Whittle Jeter
September 4, 2007

279

1    A. Bruce would -- I'm sorry.
2    Q. But I mean, if you still -- if
3    you're working on Teen Court and you have to
4    go over hours -- I mean, you can still go
5    over hours and get paid, can't you?
6    A. No.
7    Q. How do you know that?
8    A. Only if it's just a little.
9    Q. What do you mean?
10   A. Because I don't work on Mondays
11   anymore.
12   Q. Right.
13   A. I work -- is it eight -- ten
14   hours on Tuesday. I work from eight to eight
15   on Tuesday, eight to eight on Wednesday, and
16   eight to nine or whatever on Thursday, and
17   eight to five on Friday. They took my Monday
18   so that I could not get . . .
19   Q. Overtime. So are you just
20   working forty hours now?
21   A. Yes.
22   Q. Okay. But if you happened to
23   go over on one of those days, you could still
24   get overtime if you did?
25   A. That's the thing that they're

280

1    doing now with me, paying me off the book.
2    Q. So they are paying you off the
3    book now?
4    A. Today they're giving me an hour
5    and a half for coming here, because they owed
6    me some time from three months ago that they
7    never put on the book.
8    Q. You mean you're taking comp
9    leave today?
10   A. Yes, I am.
11   Q. Okay. Do you know those three
12   hours that you just got here recently?
13   A. Uh-huh (affirmative response).
14   I'm taking them today.
15   Q. What was that for?
16   A. That was for way back in June.
17   This is July.
18   Q. This is September.
19   A. This is September.
20   Q. That was in July. Yeah, it
21   was, because I saw it. But what was that
22   for, working on Teen Court?
23   A. Uh-huh (affirmative response).
24   Q. Yes?
25   A. Yes.

281

1    Q. All right. So other than that,
2    have you worked overtime on Teen Court?
3    A. No.
4    Q. Okay. Any other way you've
5    been --
6    A. I have, but I have not claimed
7    it. I've done it on my own.
8    Q. Why don't you claim it?
9    A. Because I -- because they said
10   I can't.
11   Q. Who said you can't?
12   A. Steve and Bruce.
13   Q. Look, if you were to submit an
14   overtime form -- have you tried it and it has
15   not been paid?
16   A. The rule now is if you work
17   time and it's not approved, you can be
18   written up and dealt with for it.
19   Q. Where is that rule? Is that in
20   writing somewhere?
21   A. There may be something out
22   there in writing now. But Steve Wooten told
23   that to Rosalyn Godwin. And he said it to
24   me.
25   Q. All right. I have not seen

282

1    anything like that.
2    A. See that's the problem,
3    because --
4    Q. Do you think there's anything
5    in writing on that?
6    A. I don't know if it is or not.
7    Q. And it says what now?
8    A. That -- first of all, if you
9    don't take a lunch hour --
10   Q. No, no, no.
11   A. I'm going to explain it all to
12   you. It's all --
13   Q. I just want to know about what
14   it was that you told me, and then we'll come
15   back to that, what Steve Wooten said.
16   A. If you work over and it is not
17   approved, you can be written up in your
18   personnel file.
19   Q. Okay. Did he say you weren't
20   going to get paid?
21   A. Yeah. I mean . . .
22   Q. No. Really, I want you to tell
23   me what you remember.
24   A. I'm trying to say.
25   Q. Did he say you wouldn't get

72 (Pages 279 to 282)

Mary Whittle Jeter
September 4, 2007

283

1  paid for it?
2      A.  You would get -- maybe he said
3  you would get paid, but you would be
4  disciplined.
5      Q.  Okay.
6      A.  If you didn't get approval.
7      Q.  All right.  That's something
8  different.  That's why it's so important that
9  you tell me exactly what was said and not try
10  to guess and think, well, it was probably
11  this, because this is -- that's very
12  important, what you just told me.
13      A.  The only thing I'm trying to
14  remember --
15      Q.  I know you're trying to
16  remember.
17      A.  -- is the dates.  And I just
18  can't remember the dates.
19      Q.  All right.  But I'm just
20  cautioning --
21      A.  It's been so many.
22      Q.  Wait.  I'm just going to
23  caution you again.  Please be careful when
24  you're attributing something to somebody, and
25  make sure it's exactly right, because that's

284

1  so important.
2      All right.  So you told me that
3  they changed your Youth Court schedule, and
4  what was No. 2?
5      A.  The same -- Bruce walking past
6  me, looking right at me, not speaking, then
7  turning to go another way to keep from coming
8  past my office.
9      Q.  Okay.  Anything else?
10      A.  A conversation that Bruce and I
11  had when his son was ill.
12      Q.  Yeah.  How did he retaliate
13  against you?
14      A.  Well --
15      Q.  That's what we're talking
16  about.  What's the retaliation?
17      A.  I'm telling you what I thought
18  retaliation was.  You may think it's all one
19  thing, but it goes further than that.
20      Q.  Well, I just need to know
21  what --
22      A.  I'm fixing to tell you now.
23      Q.  Okay.
24      A.  The Sunday before Easter, Bruce
25  Howell's son was in a situation that could

285

1  have been very, very dangerous.  I was off
2  that Monday.  And when I came in to work that
3  Tuesday, the first thing that greeted me was
4  that Chris was in a serious situation
5  yesterday, and he could have been killed, and
6  his kids could have been killed.  I
7  immediately picked up my phone and called
8  Bruce Howell.  We hadn't spoken in months.  I
9  called Bruce Howell.  He wasn't at his desk.
10  I called his secretary.  She did not know
11  where he was.  I called him again.  I said
12  come to my office.
13      Q.  Well, I appreciate you --
14      A.  I'm telling you the
15  retaliation.
16      Q.  I don't have much time.
17      A.  Yeah, but this is my life.
18      Q.  But how did he retaliate
19  against you?
20      A.  The retaliation came when my
21  son was born and I -- my son's son was born.
22  And I felt that was totally racial, because
23  he married -- he is with a white person.
24      Q.  Okay.  Well, that was years
25  ago.

286

1      A.  That wasn't years ago.
2      Q.  When did your son get married?
3      A.  My son will have a two-year-old
4  in November.
5      Q.  Okay.  You're --
6      A.  That's when he said, You told
7  him not to talk to me.
8      Q.  Okay.  What is the
9  retaliation -- in your lawsuit, you're saying
10  that once you filed your claim -- or your
11  lawyer wrote that letter, that you were
12  retaliated against.  And you've told me a
13  couple of things about Bruce not speaking and
14  turning around, and your work schedule was
15  changed.  Anything else?
16      A.  You said to me that Bruce and I
17  were friends, very close.  After this
18  pregnancy came, Bruce never said a word to
19  me.
20      Q.  Okay.  You've told me about he
21  wouldn't talk to you anymore.  Anything else
22  that you consider retaliation?
23      A.  The situation with the Family
24  Medical Leave Act.
25      Q.  All right.  You claim that they

Mary Whittle Jeter
September 4, 2007

287

1  retaliated against you when they asked your
2  doctor for information; is that right?
3      A.  Yes.
4      Q.  Anything else?
5      A.  Several things.  But I can't
6  think of anything right this minute.
7      Q.  Well, we need to know so we
8  don't have to come back here.  I just need to
9  know.
10      A.  I don't want to come back.
11      Q.  Well, I know.  I don't either.
12  But I mean, I need you to tell me now or
13  forever hold your peace if there's anything
14  else.
15      A.  Other than the fact of the
16  overtime and changing my schedule.
17      Q.  Okay.  All right.  We're
18  through with retaliation now.  You've told me
19  everything on that, correct?
20      A.  As best I know.
21      Q.  All right.  Now let's go to —
22  you have a claim for racial discrimination.
23  Tell me about that.  Why are you claiming
24  you're being discriminated against because of
25  race and how?

288

1      A.  Because the only people who had
2  any dealings with home detention was me and
3  two white women.  And they were compensated
4  whenever they chose.  Amanda only did it
5  once.  So she was one time.
6      Q.  You mean, they got overtime?
7      A.  Yeah.
8      Q.  Okay.  So is your claim on
9  racial discrimination basically that a white
10  person got paid overtime for home detention,
11  but you didn't get paid overtime for home
12  detention?
13      A.  One of them.
14      Q.  All right.  Is there something
15  else to your racial discrimination claim
16  besides that or is it just based upon the
17  overtime on home detention?
18      A.  It's based on a lot of the
19  treatment that I received.
20      Q.  Okay.  What is that?  I need to
21  know everything.  Who discriminated against
22  you based on your race that you're seeking
23  compensation for in this lawsuit?
24      A.  Judge Capell.
25      Q.  All right.  He's not in this

289

1  lawsuit.
2      A.  He's not?
3      Q.  No.
4      A.  Well, Bruce Howell.
5      Q.  He's not either.
6      A.  Who's in it?
7      Q.  The Montgomery County.  Bruce
8  Howell was in it at one time, but he —
9      A.  I understand that Bruce Howell
10  is Montgomery County.
11          MS. DUNCAN:  He is an agent of
12          the County.
13      Q.  How would Bruce discriminate
14  against you based on your race?
15      A.  Based on my race?
16      Q.  Yes.
17      A.  My race and my age.
18      Q.  All right.  Let's just talk
19  about race.
20      A.  Because Steve Wooten said to me
21  that I was sent — for all intents and
22  purposes, I was sent out to pasture.
23      Q.  When did he say that?
24      A.  Oh, maybe two years ago.  He
25  said it more than once.

290

1      Q.  He said you —
2      A.  They think that you're nothing
3  but sent out to pasture.
4      Q.  Okay.  And who was he talking
5  about?
6      A.  They, meaning Bruce and them.
7  And, I guess, Judge Dorrough and them.
8  That's why they —
9      Q.  And who?
10      A.  Judge Dorrough and them.  Judge
11  Dorrough and Bruce and them.  And I guess
12  Capell.  That's why they gave me this other
13  work to do, that I was done.
14      Q.  Okay.  You were doing Teen
15  Court, and you're still doing Teen Court,
16  right?
17      A.  Yes.
18      Q.  You were doing home detention,
19  but they're not doing that anymore, right?
20      A.  Right.
21      Q.  And then they gave you the
22  restitution caseload?
23      A.  Yes.
24      Q.  Well, you needed some more
25  work, didn't you?

74  (Pages 287 to 290)

Mary Whittle Jeter
September 4, 2007

291

1    A. I am over all of the interns,
2  every school in this city.
3    Q. Okay. Doing the interns and
4  the Youth Court, do you still have time to do
5  restitution, too?
6    A. Well, I can set it up on the
7  screen. But what you have to understand
8  about Youth Court is I will start recruiting
9  every school in this city.
10    Q. Okay. All right.
11    A. And I will train. And then I
12  will go from there to there. It's full-time.
13  And what Steve Wooten said -- the problem is,
14  the reason people complain is they don't know
15  what it takes to do it.
16    Q. Who complained?
17    A. Oh, God, co-workers.
18    Q. About what?
19    A. About she's got Youth Court.
20  How did she get Youth Court?
21    Q. They want Youth Court, and you
22  have it?
23    A. I guess so.
24    Q. Okay. So you've got something
25  really good going for you in the Youth Court,

293

1  I have never been considered.
2    Q. Do you want to be a supervisor?
3    A. At one point in my life.
4    Q. Have you ever applied for
5  supervisor?
6    A. Yes.
7    Q. Okay. Since 2002, have you
8  applied to be a supervisor?
9    A. There's not been anything
10  available since 2002, I don't think.
11    Q. Okay. So that's not in this
12  lawsuit then, because your lawsuit covers the
13  period of 2002 to the present.
14      So just so I'm clear: You
15  haven't applied for some position and been
16  denied; is that correct?
17    A. I don't think there's been
18  anything since then.
19    Q. Okay. Anything else on racial
20  discrimination that's in your lawsuit? I'm
21  not talking about something that may have
22  happened years and years ago.
23    A. Nothing that I can think of
24  now.
25    Q. All right. So we've got the

292

1  right?
2    A. Uh-huh (affirmative response),
3  but they can't do it.
4    Q. Okay. So that's good, right?
5    A. Good to me. Because if it
6  wasn't for that, you can tell them, I'd be
7  gone.
8    Q. All right. So we're talking
9  about the racial discrimination. You said
10  that -- you told me about you're not getting
11  the overtime and Phoenix Martin is. That's
12  one. No. 2, Steve Wooten said that they said
13  you were sent out to pasture.
14      Anything else on racial
15  discrimination?
16    A. That Michael Provitt told me,
17  who is a supervisor, that I would never be --
18  Bruce Howell said I would never be a
19  supervisor, because he was threatened by me.
20    Q. Do you want to be a supervisor?
21    A. In that group? No, ma'am.
22    Q. Okay. So why is that racial
23  discrimination?
24    A. Because I am a black woman, I
25  have been there longer than anyone else, and

294

1  fact that you didn't get overtime wages and
2  Phoenix Martin did; the fact that Steve
3  Wooten told you that Bruce said that you had
4  been sent out to pasture; and No. 3, Michael
5  Provitt told you that Bruce said you would
6  never be a supervisor; is that right?
7    A. That is correct.
8    Q. And that's everything on racial
9  discrimination?
10    A. That I can remember at this
11  point.
12    Q. Now, this statement that
13  Michael Provitt made, was that made within
14  this 2002 to 2006 period?
15    A. Yes.
16    Q. Okay. But you didn't want to
17  be a supervisor, right?
18      MS. DUNCAN: Object to form.
19      She's already answered
20      that.
21    Q. Okay. And just so we're clear:
22  There's been no supervisor openings that
23  you've applied for, is that correct, in this
24  2002 to 2005?
25    A. Not as I can remember. Because

75 (Pages 291 to 294)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

295

1  the last time they had one, I did not apply.
2          MRS. WALKER: All right. I had
3              a few other things I wanted
4              to ask you, too, but let me
5              go speak to him for a
6              second. All right. We're
7              taking just a short break.
8          (Whereupon a brief recess was
9              taken.)
10 BY MRS. WALKER:
11     Q. Ms. Jeter, you remember when we
12 were looking at some of those forms that you
13 sent in that were your attempt to recreate
14 the calls made; do you remember that?
15     A. Yes.
16     Q. Okay. You had told me that you
17 didn't recognize some of the writing,
18 remember?
19     A. Yes.
20     Q. Okay. And I believe – correct
21 me if I'm wrong – starting – and this is
22 Exhibit 24. Starting from one through –
23 one, two, three, four, five, six, seven,
24 eight, nine, ten, eleven, okay, one through
25 eleven, I believe – and correct me if I'm

296

1  wrong – that you don't recognize the writing
2  on those. And if you'll tell me if that's
3  so.
4          (Witness reviewed Exhibit 24.)
5      A. I think – I think – it's not
6  my writing, but I think I know whose writing
7  that it is.
8      Q. Whose writing?
9      A. It's either an intern or Colton
10 Robinson.
11     Q. Who is Colton Robinson?
12     A. He used to work for the Court.
13 He worked for the YMCA as a representative.
14         (Brief interruption.)
15     Q. All right. Did he work at the
16 Youth Facility?
17     A. No. He worked for the YMCA.
18     Q. Was he just a friend of yours?
19     A. He did some work at the
20 facility.
21     Q. Was he a friend of yours?
22     A. A friend of mine through work.
23     Q. Did you work at a YMCA?
24     A. The YMCA had a program that was
25 assigned to the Youth Facility.

297

1      Q. All right. So you got him to
2  write some of this down?
3      A. I had written down in jumble.
4  And I was trying to get it to her in a timely
5  fashion.
6      Q. Your lawyer?
7      A. Yes.
8      Q. So one through eleven, you
9  think he did?
10     A. I am not sure, but . . .
11     Q. Or it could have been an
12 intern?
13     A. Or an intern.
14     Q. Which intern?
15     A. I don't know.
16     Q. All right. And then I
17 believe –
18     A. And then my writing is so
19 different every time, but that just
20 doesn't – that looks too neat for me.
21     Q. And then we also talked about
22 this page that's JU05536 that has the little
23 note up here?
24     A. Uh-huh (affirmative response).
25     Q. You said that wasn't yours

298

1  either, right?
2          (Witness reviewed document.)
3      A. It's hard to say.
4      Q. You told me earlier –
5      A. I'm assuming that it is not.
6      Q. You told me earlier that that
7  was not your writing.
8      A. I'm assuming that it is not.
9      Q. Okay. Let me see this.
10         What about the next page,
11 JU05274; is that your writing?
12     A. The printing is not.
13     Q. Okay. Well, when these people,
14 whoever they were, copied these over, did you
15 go back and check and make sure they were
16 accurate?
17     A. Yes. They did them in my
18 presence.
19     Q. Did you make sure they had
20 copied it down accurately?
21     A. Yes.
22     Q. Okay. You went back and
23 checked every single one?
24     A. As best I know.
25     Q. Okay. Is this your writing,

Mary Whittle Jeter
September 4, 2007

299

1  JU0325 slash 104?
2      A. Uh-huh, looks like it. Yep,
3  that's it. I can tell by April.
4      Q. All right. Now, when we were
5  talking about your racial discrimination
6  claim, you said that there were white people
7  that got paid overtime, and you did not get
8  paid overtime, remember? And I just want to
9  make sure those white people that you were
10  talking about are Phoenix Martin and Amanda
11  Ashurst; is that right?
12      A. Yes. There are some, but they
13  were not probation officers.
14      Q. Okay. Who were those? Are
15  these the intake people?
16      A. No.
17      Q. I'm talking about who on the
18  home detention got paid --
19      A. No one was on home detention
20  but me, Phoenix -- Amanda wasn't on home
21  detention. She just filled in one time.
22      Q. All right. So those two white
23  people, the ones I just said, Phoenix Martin
24  and Amanda Ashurst, are the two people you're
25  saying were treated better than you?

300

1      A. Yes.
2      Q. Okay. Now, do you intend to
3  bring in these other people you just
4  mentioned that weren't in the home detention
5  to say they were treated better than you,
6  these other white people?
7      A. I've asked that they be
8  subpoenaed.
9      Q. Who are they?
10      A. Phoenix Martin and Amanda
11  Ashurst.
12      Q. No, no, no. I'm talking about
13  the people that aren't in home detention that
14  are white that you say got treated better
15  than you on the overtime.
16      A. That aren't in home detention?
17      Q. Yeah.
18      A. There was nobody in home
19  detention but the two of them.
20      Q. Right. But you said there were
21  some people who were not in home detention
22  who got treated better than you did in the
23  way of overtime, remember? And you just
24  eluded to that just a second --
25      A. Yeah. Just disregard that.

301

1      Q. Who were those people?
2      A. Those were a slip off the
3  tongue.
4      Q. All right. Do you intend to
5  bring them in to give evidence in this case?
6      A. I don't know if she does or
7  not.
8      Q. All right. Who are they?
9      A. Maybe you need to direct that
10  question to her.
11      Q. I can't. You're the one that
12  knows who they are. So tell me who they are.
13      A. Charles Glasscock.
14      Q. He's an intake supervisor,
15  right?
16      A. Uh-huh (affirmative response).
17      Q. Charles Glasscock. Who else?
18      A. David Beverly.
19      Q. In intake, right?
20      A. Uh-huh, yes.
21      Q. Black or white?
22      A. White.
23      Q. Anybody else?
24      A. Preston Frazier.
25      Q. In intake?

302

1      A. Yes.
2      Q. Black or white?
3      A. White.
4      Q. Okay. Anybody else?
5      A. Rhonda Beasley.
6      Q. Anybody else? Is she in
7  intake?
8      A. White. Yes. Nothing I can
9  remember.
10      Q. Pardon?
11      A. No one else I can remember.
12      Q. So these are all intake
13  officers?
14      A. Yes.
15      Q. How were they treated better
16  than you?
17      A. First of all, they were able to
18  ask for overtime. They're supervisors, and
19  supervisors are not supposed to be able to
20  get overtime. And they were given it to --
21  they were allowed to receive it by Bruce
22  Howell. They had to be given special
23  permission from him to get it.
24      Q. Okay. And these were all
25  supervisors?

77 (Pages 299 to 302)

Mary Whittle Jeter
September 4, 2007

303

1    A. Just David and Charles.
2    Q. All right. What about the
3 other two, did they get overtime?
4    A. Yes.
5    Q. But they didn't work home
6 detention, right?
7    A. No.
8    Q. This is overtime in the intake
9 division, right?
10    A. Right.
11    Q. Okay. They do a different job
12 than you do?
13    A. And that is why I was — yes.
14    Q. Okay. Now, in your
15 affidavit — let's go back. You say here,
16 No. 3, I was never told I could be paid
17 overtime for this work. Okay. You also said
18 that in your lawsuit, I was never told I
19 could be paid overtime for this work. Don't
20 you agree with me that that is inconsistent
21 with what you've told me here today, that you
22 were told that you could not get overtime?
23    A. I was never told I could get
24 overtime.
25    Q. But don't you agree that that

304

1 is inconsistent with what you —
2    MS. DUNCAN: Object to form.
3    MRS. WALKER: Excuse me.
4 BY MRS. WALKER:
5    Q. Don't you agree that's
6 inconsistent with what you have said here
7 today? You said you were told do not submit
8 overtime. Don't you agree that's
9 inconsistent?
10    MS. DUNCAN: Object to form.
11    Q. Don't you agree it's
12 inconsistent?
13    A. I did it on my own.
14    Q. Don't you agree those are
15 inconsistent statements?
16    A. I did it on my own.
17    Q. Yes or no, do you agree they're
18 inconsistent?
19    A. No.
20    Q. Why not?
21    A. Because I did it on my own.
22    Q. All right. You didn't put in
23 here that someone told you not to turn it in,
24 right? You didn't put that in your
25 affidavit. All you put in here was I was

305

1 never told I could be paid overtime.
2    A. Right.
3    Q. But what you've told me today
4 is something different, which I wasn't
5 expecting. You told me that Steve Wooten
6 said you could not turn in overtime, right?
7    A. Right.
8    Q. Don't you agree that's
9 inconsistent with what you put in No. 3 of
10 your affidavit?
11    A. What is No. 3 again?
12    Q. I was never told I could be
13 paid for overtime.
14    MS. DUNCAN: We've had that;
15    asked and answered.
16    A. I was not told I could be paid.
17    Q. I know. But my question is:
18 Don't you agree that's inconsistent with what
19 you told me?
20    A. No.
21    Q. Did you tell me today that
22 Steve Wooten told you — let me step back.
23    Did you testify today that you
24 were never told you could get overtime?
25    A. Yes, I did.

306

1    Q. I thought you told me you were
2 told instead not to turn it in?
3    A. I said I was told I could not
4 get it. That's the same thing.
5    Q. Okay.
6    A. In my opinion.
7    Q. You were told you could not get
8 it. Okay. Here you say I was never told I
9 could be paid. You're acting like you had no
10 idea that you would ever get paid for it.
11    A. I didn't.
12    Q. Do you realize that's different
13 than someone telling you —
14    A. Not in my mind.
15    Q. You don't think that's
16 different from someone actually —
17    A. Not in my mind.
18    Q. — from someone telling you you
19 can't get it as opposed to someone just not
20 telling you you can't get it? You don't see
21 the inconsistency?
22    A. I can see an inconsistency in
23 their duties as a supervisor not to inform
24 me.
25    Q. Well, that's not my question.

78  (Pages 303 to 306)

Mary Whittle Jeter
September 4, 2007

307

1    A. I answered your question.
2        MS. DUNCAN: She's answered the
3        question.
4    Q. So you think they're entirely
5 consistent?
6    A. In my opinion.
7    Q. Why didn't you tell me in your
8 affidavit and in your lawsuit that Steve
9 Wooten told me I couldn't file for overtime?
10 Why didn't you put that in there?
11    A. I can't answer that.
12    Q. Okay.
13    A. Every bit of this was going so
14 fast, I could not answer that. And it has
15 been so long, I couldn't answer it.
16        MRS. WALKER: All right. Go
17        ahead.
18        EXAMINATION
19 BY MS. DUNCAN:
20    Q. Ms. Jeter, in your thirty-four
21 years of employment with the Montgomery
22 County Youth Facility, have you ever been
23 aware of a memo or an order that employees
24 could not contact their County Commissioners
25 or elected officials and discuss matters of

309

1 that they do certain things.
2    Q. So you requested, but you
3 didn't have any power?
4    A. Didn't have the power.
5    Q. Okay. Now, when Bruce Howell
6 proposed these fifteen minutes of
7 compensation in February 2006 for your
8 calling, do you know what he based that on?
9    A. On his own authority.
10    Q. He didn't -- he didn't share
11 with you or any of the other workers why
12 he was --
13    A. He didn't tell me. He told
14 Steve Wooten. Steve said Bruce said you can
15 get fifteen minutes per call.
16    Q. But you didn't know what, if
17 any, legal basis there was for that
18 justification?
19    A. No, I didn't.
20    Q. And was it your understanding
21 that up until that point, two hours had been
22 the minimum amount of overtime paid for
23 anyone calling after their eight hours of
24 work?
25    A. For the thirty-three years,

308

1 concern?
2    A. No. I have never been told
3 such or read such.
4    Q. You've never felt that your
5 First Amendment rights had to be sacrificed
6 to work for the Youth Facility?
7    A. No, I have not.
8    Q. You said that you supervised
9 some people, but not legally. By that,
10 you -- were you -- were you able to hire and
11 fire these people?
12    A. No.
13    Q. And we're talking about Phoenix
14 Martin and Rosalyn Goodwin?
15    A. Rosalyn Godwin, yes.
16    Q. Godwin, okay. Could you set
17 their work hours?
18    A. No.
19    Q. Did you sign off on their
20 overtime receipts?
21    A. No.
22    Q. Did you have any of the
23 traditional supervisory authority over these
24 people?
25    A. Nothing other than requesting

310

1 I've been there, yes.
2    Q. Okay. Is it your understanding
3 that Bruce Howell, your employer, is
4 responsible for keeping a record of all
5 overtime, and that you are not responsible
6 for keeping those records?
7    A. That's correct.
8        MR. WHITEHEAD: Object to the
9        form.
10    Q. Now, there's been a lot of talk
11 about flex time here today. Is there
12 anything in these documents, Exhibit 6 and 7,
13 which is the personnel policy, that refers to
14 flex time in any manner?
15    A. What am I looking for?
16    Q. The words "flex time" in the
17 personnel policy.
18        (Witness reviewed documents.)
19    A. I don't see anything about flex
20 time in Exhibit 6.
21        (Witness reviewed documents.)
22    A. No, I do not.
23    Q. Okay. Are you -- so it is your
24 statement that there is nothing in the
25 Montgomery County personnel policy that

Mary Whittle Jeter
September 4, 2007

311

1  refers to flex time in any way?
2       A. Not that I've seen.
3       Q. Have you ever received a memo
4  or seen anything posted on a bulletin board
5  that refers to flex time?
6       A. Not that I can remember.
7       Q. And it was your statement that
8  flex time means working eight hours, but
9  maybe having some flexibility to come in
10 later than usual?
11      A. My understanding.
12      Q. Now you were talking about
13 working off the books. What does that mean?
14      A. Working off the books means
15 that they would not give me comp time or
16 compensate me for the time that I did. They
17 wouldn't put it legally on the book. I would
18 have to take it some other time. Just like
19 today, I'm taking some of that illegal
20 time -- I mean, some of that comp time.
21      Q. And that's for working
22 overtime; is that correct?
23      A. That's correct.
24      Q. Okay. Now, you said that this
25 hour and a half that you're supposed to get

313

1  overtime? If you'll look there on the first
2  page right at the --
3       A. Yes. Yes, I do.
4       Q. And can you --
5       A. Yes.
6       Q. Well, now, does one of those
7  refer to a holiday?
8       A. I don't know.
9       Q. You might have to look at the
10 second page to tell. This one is at
11 Christmastime; is that correct?
12      A. Yes.
13      Q. Okay. And that's ten hours
14 between Christmas Day and December 28th; is
15 that correct?
16      A. That is correct.
17      Q. Okay. And the other one is two
18 hours on December 28th; is that correct?
19      A. That's correct.
20      Q. Were you due to be off those --
21 were you taking --
22      A. I did take leave those days.
23      Q. Okay. And worked anyway?
24      A. I did.
25      Q. Okay. And what about the other

312

1  today referred to something that occurred
2  three months ago?
3       A. Right.
4       Q. Are you aware that compensation
5  is supposed to be made within the pay period?
6       A. Yes. But they made a mistake
7  and didn't turn it in. So they waited and
8  waited and said they were going to try to
9  work it out, and it would be turned in the
10 next time, turned in the next time. So the
11 dates were obviously not correct on it. They
12 turned it in. She wouldn't give me time and
13 a half. That's how I got the unofficial hour
14 and a half that I can use today.
15      Q. Okay. So instead of an hour
16 and a half, you should have three hours is
17 what you're saying?
18      A. I had -- no. I should have
19 three hours plus time -- three hours and time
20 and a half.
21      Q. Okay. Now, of all of these
22 Defendant's exhibits about your overtime
23 certification, there are only two that refer
24 to regular overtime pay, is that correct,
25 that you received any actual pay for your

314

1  one there? Let's see. This first one is the
2  December 2003, and what is that one?
3       A. June 6th, '05, for hours I
4  worked a holiday.
5       Q. Okay.
6       A. It was a holiday.
7       Q. Okay. And it was your
8  testimony that Steve Wooten said that they
9  would have to pay you overtime if you were
10 working on a holiday; is that correct?
11      A. Right. That's correct.
12      Q. Okay. So both of these comport
13 with your statements about the conditions
14 when you were paid overtime, correct?
15      A. Yes.
16      Q. Now, during the time from
17 January 2006 until November 2006, did you
18 attempt to settle this Complaint with the
19 County?
20      A. I did.
21      Q. Okay. And did, in fact,
22 several of the letters that have been
23 presented here today reflect your efforts to
24 try to settle this claim?
25      A. Yes.

80 (Pages 311 to 314)

**315**

1      Q. And did you get any
2 satisfactory response from the County
3 regarding settling this case?
4      A. No, I did not.
5      Q. And do you feel that they did
6 that in bad faith to delay your claim?
7      A. I do.
8      MR. WHITEHEAD: Object to the
9      form.
10      Q. Other than Michael Provitt, are
11 there any black managers at the Youth
12 Facility?
13      A. Not in that position.
14      Q. What is the next highest
15 position any black person holds at that?
16      A. Assistant detention directors
17 and detention workers.
18      Q. Detention workers, are those
19 like prison guards?
20      A. Yes. But they have supervisors
21 on each shift.
22      Q. Okay. So that would be sort of
23 like a jail sergeant or --
24      MRS. WALKER: Object to the
25      form.

**316**

1      A. Yes.
2      Q. And when you applied for
3 promotion in previous efforts, previous
4 attempts, what happened as far as your being
5 considered for promotion?
6      MRS. WALKER: Object to the
7      form. We've never had any
8      testimony about applying
9      for promotions.
10      MS. DUNCAN: She did -- she did
11      testify that she did.
12      MRS. WALKER: Huh-uh (negative
13      response). Object to the
14      form. Go ahead.
15 BY MS. DUNCAN:
16      Q. Yeah. Answer the question.
17      A. The question is?
18      Q. The question is when you
19 applied for promotion previously, what was
20 the outcome of your application?
21      MRS. WALKER: Object to the
22      form.
23      Q. Just answer the question.
24      A. All of the whites scored higher
25 than the blacks. I scored higher than any

**317**

1 black.
2      Q. And how was that scoring done;
3 was that on a written test or was there
4 personal input on that?
5      A. Both written and personal. The
6 people who graded the tests were
7 questionable. They knew some of the people.
8      Q. Who graded the tests?
9      A. Some people from the Personnel
10 Board and some more people. One person
11 stated that he knew David Beverly.
12      Q. Who was that?
13      A. Don't know his name, but I'm
14 sure it could be found out. David Beverly is
15 a supervisor in intake.
16      Q. Okay. Now, you were talking
17 about Michael Provitt taking the County car
18 to church. Has Michael Provitt been paid
19 overtime?
20      A. Yes, he is.
21      Q. And he is the No. 2 person at
22 the facility; is that correct?
23      A. He is the Detention Director.
24      Q. And he's management?
25      A. Yes, he is.

**318**

1      Q. Okay. And has he been
2 routinely paid overtime?
3      A. Yes, he is.
4      Q. Are other managers paid
5 overtime for their work at the facility?
6      A. Charles Glasscock requested
7 that he be paid overtime because he needed
8 some money for his daughter's marriage, and
9 Bruce approved it.
10      Q. Okay. Has Mr. Provitt also
11 taught college classes while he has been on
12 the clock at the facility?
13      A. Yes, he does.
14      Q. How about Bruce Howell?
15      A. Yes, he did.
16      Q. Now, when Wooten, Steve Wooten,
17 said that if overtime work is unapproved you
18 can be written up and disciplined, did you
19 understand that taking overtime might cost
20 you your job?
21      MRS. WALKER: Object to the
22      form.
23      Q. Go ahead, answer.
24      A. Yes.
25      Q. Ms. Jeter, can you tell me what

81 (Pages 315 to 318)

Mary Whittle Jeter
September 4, 2007

319

1  effect that Bruce Howell and Steve Wooten's
2  actions have had on you since your attempt to
3  get compensation?
4       A. I have been under three
5  doctors' care who said that I was suffering
6  from stress. My primary care physician has
7  made notes in his file and has them dating
8  back from this particular situation, from
9  2005 up to the present. He has increased my
10 medication.
11      Dr. Wesley Barry, who was a
12 surgeon of mine -- one day I had had a
13 conversation with Bruce Howell in my office.
14 Shortly thereafter, I became very ill. The
15 paramedics were called. Then an ambulance
16 was called. I was taken to the hospital and
17 later admitted. And the doctor ran every
18 test and said he could see nothing, it had to
19 be stress related.
20      Q. Was that your doctor?
21      A. Dr. Wesley Barry.
22      Q. He said he could see nothing,
23 it had to be stress related?
24      A. He ran every test that he
25 could. And as a result of not being able to

320

1  find anything, about -- I went to the
2  hospital about ten that morning. About 8:30
3  that night, he admitted me to the hospital.
4  And I begged him that I would go home and do
5  everything I could if I could just go home.
6  Because he said that he needed -- wanted to
7  watch me overnight because every test showed
8  that all of my bodily functions were fine, it
9  had to be stress.
10      Q. Okay.
11      A. My gynecologist has said the
12 same thing.
13      MS. DUNCAN: Do you have
14           anything else?
15           EXAMINATION
16 BY MRS. WALKER:
17      Q. Who's your gynecologist?
18      A. Patricia Elliott.
19      Q. And who are these doctors that
20 you say are treating you for stress?
21      A. Dr. Keith Hughes. Dr. Barry.
22 Dr. Wesley Barry is a surgeon that did
23 surgery on me.
24      Q. What kind of surgery?
25      A. Vascular surgery, I think. He

321

1  did a gallbladder surgery on me.
2       Q. Just here recently?
3       A. About a year ago -- will be two
4  years in November.
5       Q. So this happened in November
6  '05?
7       A. Uh-huh (affirmative response).
8       Q. Okay. So that wouldn't be
9  related to this lawsuit, would it?
10      A. No. But I was taken to the
11 hospital after all of this happened, from
12 work.
13      Q. What was wrong with you?
14      A. I just had an anxiety attack.
15 And they called the paramedics. My blood
16 pressure was such they called an ambulance
17 and --
18      Q. What made you have an anxiety
19 attack?
20      A. I have no clue. Bruce Howell
21 had -- Bruce Howell had just left out of my
22 office.
23      Q. What did he say?
24      A. I don't know.
25      Q. Okay. Had you ever had anxiety

322

1  attacks before?
2       A. Yes.
3       Q. Okay. Before all of this came
4  up?
5       A. When all this came up is when I
6  started to have them.
7       Q. Before. When's the first time
8  you ever had an anxiety attack?
9       A. I can't remember. But they
10 were basically since I started with this.
11      Q. Who are the doctors that have
12 treated you for anxiety besides Keith Hughes
13 and Wesley Barry?
14      A. Wesley Barry has never treated
15 me for anxiety.
16      Q. Okay. Keith Hughes and who
17 else?
18      A. Therapist, Dr. Arnold Arnoscht.
19      Q. A-R-N --
20      A. A-R-N-O-S-C-H-T.
21      Q. Is that in Montgomery?
22      A. He was, yes.
23      Q. Where is he now?
24      A. I'm thinking he is still.
25      Q. Okay. Who else has treated you

Mary Whittle Jeter
September 4, 2007

323

1 for anxiety?
2      A. Patricia Elliott. But not --
3 she didn't give me any medication.
4      Q. Anybody else? A therapist you
5 said?
6      MS. DUNCAN: That's Arnoscht.
7      A. Arnoscht was the last therapist
8 I had.
9      Q. Did you see these people for
10 stress before your -- let's say the October
11 '05 County Commission meeting?
12      A. Arnoscht several years ago.
13 But it was work-related as well.
14      Q. Okay. Anybody else that
15 treated you for depression?
16      A. I've been in counseling with my
17 pastor, with my priest, and the minister. I
18 think I gave you something about that
19 earlier.
20      Q. Let me show you what's Exhibit
21 27. It's a letter dated -- it's a memo to
22 all MCYF Staff and Bruce Howell, July 5,
23 2006. And I'm showing you this because
24 you've just testified that you've never seen
25 anything in a document about flex time. Take

324

1 a look at No. 7 and read that for me out
2 loud.
3      (Whereupon Defendant's Exhibit
4      No. 27 was marked for
5      identification and attached
6      hereto.)
7      A. Special projects and meetings
8 may require flex time shift at times, and
9 those occasions can be approved by your
10 supervisor.
11      Q. Did you get that?
12      A. I'm sure I did.
13      MS. DUNCAN: Was that provided
14      in Discovery?
15      MRS. WALKER: I think we
16      provided it in our
17      supplemental stuff the
18      other day. I need it back
19      to finish my questions.
20      MS. DUNCAN: All right. Just
21      hold on just a minute.
22 BY MRS. WALKER:
23      Q. This says, Every so often it is
24 time to revisit our workday procedures and to
25 make sure that everyone understands what is

325

1 expected. And then it lists nine different
2 things. But that's No. 7. Do you recall
3 getting this?
4      MS. DUNCAN: I don't have any
5      document like that.
6      MRS. WALKER: All right. Well,
7      I'll get you one.
8 BY MRS. WALKER:
9      Q. Do you recognize Exhibit 28?
10      (Whereupon Defendant's Exhibit
11      No. 28 was marked for
12      identification and attached
13      hereto.)
14      (Witness reviewed document.)
15      A. This?
16      Q. Yes.
17      A. Am I supposed to know what this
18 is?
19      Q. Do you recognize that?
20      A. I've never seen it.
21      Q. Okay. Let me show you
22 something. This looks like a requisition for
23 a breath executive chair. Do you have a
24 breath executive chair?
25      A. Yes. Because Steve Wooten

326

1 didn't want it, so he gave it to me.
2      Q. So this was ordered for Steve
3 Wooten?
4      A. Yes.
5      Q. When was it given to you?
6      A. After he didn't want it.
7      Q. So are you telling me it was
8 ordered for him and --
9      A. It was ordered for Steve
10 Wooten.
11      Q. Wait just a minute. It was
12 ordered for him, and he didn't want it, and
13 you decided you would like to have it?
14      A. He gave it to me, yes. And now
15 everybody has one.
16      Q. Everyone has a $720 chair?
17      A. If they wanted one.
18      Q. Okay. Now, you also
19 testified -- and this is what I wanted to ask
20 you about. You said something about you
21 applied for comp leave about three months
22 ago. Remember that? And you're just now
23 getting it corrected?
24      A. Because Steve told me not to
25 turn it in. He said to wait.

83 (Pages 323 to 326)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

327

1    Q. All right. Marked as Exhibit
2  29, here's the documentation I have on this.
3  This shows three hours for Teen Court
4  July 24th, July 25th.
5        (Whereupon Defendant's Exhibit
6        No. 29 was marked for
7        identification and attached
8        hereto.)
9    A. That was just done last week.
10   Q. Okay. This wasn't three months
11 ago. This was last -- couple of months --
12       MS. DUNCAN: Two months ago.
13       MRS. WALKER: No, it's not two
14       months ago. It was in
15       July.
16 BY MRS. WALKER:
17   Q. And look here. Here's his
18 explanation. This is written on 8/24. The
19 attached request for overtime covers overtime
20 performed and approved for one-and-a-half
21 hours on July 24 and 25 for a total of three
22 hours. Ms. Jeter and I planned for that time
23 to be flexed on Monday, July 30th, as we've
24 both been allowed to do in the past --
25   A. And he asked me to --

328

1    Q. Wait just a minute, ma'am. --
2  but we failed to notice that the 30th put us
3  into another pay period. Ms. Jeter and I are
4  requesting that she receive comp leave to
5  address this oversight. Is that accurate?
6    A. He asked me to write --
7    Q. Did you write this?
8    A. No, I didn't. He wrote it.
9    Q. He asked you to write what?
10   A. He asked me to sign it.
11   Q. Okay. Is this accurate, what I
12 just read?
13   A. Let me see it. The mistake was
14 made on Mr. Wooten's part. And lately,
15 because of all this stuff that has been done,
16 it has been asked -- you told me to answer
17 the question.
18   Q. I just want you to tell me if
19 that is correct, what I just read.
20   A. What you read is correct that
21 he wrote.
22   Q. So it is correct?
23   A. That he wrote.
24   Q. Is it correct to describe what
25 happened?

329

1    A. That the time was done in July
2  and in June, and I just got credit for it?
3    Q. July. July 24th and 25th, and
4  that y'all didn't realize that it was into
5  another pay period?
6    A. I'm not to realize that.
7  That's his responsibility.
8    Q. All right. But this was not
9  something three months ago. This was
10 July 24th and 25th. Do you agree with that?
11   A. In September. You know, you
12 said that.
13   Q. Do you agree with the dates?
14   A. He wrote the dates.
15   Q. Do you agree it was July 24th
16 and 25th?
17   A. Yeah.
18   Q. Okay.
19       MS. DUNCAN: If you don't
20       know --
21   A. I don't know what dates it was.
22   Q. Well, you signed this, didn't
23 you? Look at the first page.
24   A. To get my overtime, August the
25 28th.

330

1    Q. You signed this --
2    A. August the 28th.
3    Q. You got paid for it during this
4  last pay period which was August --
5    A. I have not received it yet.
6    Q. You got credit for it, right?
7    A. I would assume. I don't know.
8  I haven't received it.
9    Q. Okay. Look here, three hours
10 of comp time.
11   A. I have not received it.
12   Q. It says right here --
13   A. I've not received it.
14   Q. Okay. Has it been approved by
15 Bruce Howell?
16   A. It has. But it was done
17 August 28th. I have not received it.
18   Q. And you're saying you're using
19 some of that today?
20   A. Because they owed me time and a
21 half, and they wouldn't give it to me.
22   Q. Okay. Here's what I don't
23 understand: Are you saying this three hours
24 on straight time should have been time and a
25 half?

Mary Whittle Jeter
September 4, 2007

331

1      A. You'd better ask Bruce Howell.
2   Yes.
3      Q. You disagree that it was
4   straight time?
5      A. Yes. It's supposed to be time
6   and a half.
7      Q. Okay. Now, what are you saying
8   you're using something today?
9      A. It was supposed to be time and
10   a half, three hours at time and a half.
11      Q. Well, why did you sign it then?
12      A. I signed it because they're
13   going to give me the three hours on my check.
14   And I'm getting illegal -- the illegal time
15   for an hour and a half today.
16      Q. What are you talking about when
17   you say that?
18      A. What I just told you.
19      Q. What are you talking about,
20   illegal time and a half?
21      A. It's not on the books.
22      Q. All right. Listen to me. This
23   says you're applying for three hours of
24   straight time. And you signed this. Are you
25   telling me that you don't agree with that

332

1   now, that it should be time and a half?
2      A. I'm agreeing with it, because
3   Steve Wooten asked me -- because there was so
4   much controversy, to just do it like that and
5   take the hour and a half later.
6      Q. Okay.
7      A. And I'm taking it today.
8      Q. And hour and a half? Why is
9   this an hour and a half?
10      A. I don't know. I'm doing what
11   he said.
12      Q. It's three hours, right?
13      A. Because he said he called me at
14   home several times when I was off. All I'm
15   telling you is what he said.
16      MS. DUNCAN: Because the
17         overtime would be time and
18         a half.
19      Q. Look, there's three hours of
20   straight time, right? Why is that an hour
21   and a half?
22      A. Because it should have been
23   time and a half.
24      Q. All right. You're saying
25   you're taking something illegal today.

333

1   That's what I don't understand.
2      A. What I'm taking today, it
3   should have been on there, three hours at
4   time and a half.
5      Q. Okay. And what are you taking
6   today?
7      A. I'm taking what should have
8   been the time and a half. The half time,
9   that was the time --
10      Q. When you say you're taking, are
11   you using comp time today to come here; is
12   that what you're saying?
13      A. Yes, I am.
14      Q. Okay. So you're using --
15      A. I'm using comp time and annual
16   leave.
17      Q. Okay. All right. And that's
18   in accordance with the personnel policy,
19   right?
20      A. I don't know. They told me you
21   said it.
22      Q. Did you get a letter from me or
23   did your lawyer --
24      A. I didn't get a letter from
25   anybody. Steve Wooten told me.

334

1      Q. Did Carmen Douglas also tell
2   you on the phone?
3      A. Carmen Douglas I have not
4   spoken with ever. Wouldn't know who she was
5   if she walked in the door.
6      Q. Have you looked at the
7   personnel rules to see -- you know, you can
8   use -- you wanted the County to pay you to
9   come here and testify today, right? You
10   wanted them to pay you your regular salary;
11   is that right? Is that what you requested?
12      A. I wanted to know if I got paid.
13   Because I knew that Bruce and them had been
14   back and forth down here, and they got paid.
15      Q. Okay. So you wanted to be paid
16   your regular salary for coming and giving
17   your deposition today?
18      A. No. I asked.
19      Q. You asked if you could. And
20   who told you that you had to use comp?
21      A. Steve.
22      Q. Okay. Comp and annual?
23      A. Steve.
24      Q. Right?
25      A. Right.

85 (Pages 331 to 334)

Mary Whittle Jeter
September 4, 2007

335

1    Q. Okay. Did you check the
2  personnel rule on that?
3    A. No, I didn't.
4    Q. All right. And so when we're
5  talking about -- you said I'm here on some
6  kind of illegal leave today. I still
7  don't --
8    A. It's not illegal leave.
9    Q. You said something about it
10 being illegal, and I just don't understand
11 what you're talking about. What are you
12 talking about?
13   A. Because Steve was so concerned
14 that it had been going on so long. Three
15 hours at time and a half would be an hour and
16 a half more.
17   Q. Okay. So what's illegal? Was
18 that the wrong word to use?
19   A. Yes.
20   Q. Okay.
21   A. It should have been off the
22 record.
23   Q. What's off the record?
24   A. The hour and a half. There's
25 no documentation of the hour and a half

336

1  anywhere, other than when I leave here,
2  they're going to give me credit -- Steve is
3  going to give me credit for an hour and a
4  half.
5    Q. For today?
6    A. Yes.
7    Q. For coming here today?
8    A. Yes. Because he owes me that.
9    Q. Okay. I gotcha. So he's
10 saying -- let me just make sure I've got this
11 right: He's saying you're getting three
12 hours straight time, and you're going to get
13 an hour and a half credited to you, comp
14 time, today?
15   A. Because I was supposed to have
16 gotten three hours at time and a half.
17   Q. Okay. And so he said that to
18 you, and I can ask him about that, and he
19 will confirm that.
20   A. Well, he should.
21   MRS. WALKER: Okay. That's
22   all. Oh, no, no, no. One
23   more.
24 BY MRS. WALKER:
25   Q. Did you apply for a promotion?

337

1  The first time I ever heard that was when
2  your lawyer just asked you that.
3    A. I applied for a promotion
4  several times.
5    Q. What promotion did you apply
6  for in the time frame of 2002 to 2006?
7    A. I don't know if there was
8  anything between 2002 and 2006.
9    Q. There was nothing in your
10 lawsuit that says you were denied a
11 promotion. Are you claiming that in this
12 lawsuit?
13   A. No, I'm not.
14   Q. Good. Now, Michael Provitt is
15 black?
16   A. Yes.
17   Q. He works in the detention part
18 of the facility?
19   A. Yes.
20   Q. Different duties?
21   A. He's a detention director.
22 He's a supervisor like Bruce.
23   Q. Okay. So you're not in
24 detention?
25   A. No, I'm not.

338

1    Q. Okay. Now, how do you know
2  that Glasscock and -- how do you know that
3  Glasscock and Provitt had been paid overtime?
4    A. Because I have copies of it.
5    Q. How did you get that?
6    A. Well, it's public knowledge.
7  It's just -- they're just laying out there.
8  And then --
9    Q. Wait, wait, wait. Where were
10 they laying?
11   A. Just in the hallway.
12   Q. You went and got their overtime
13 forms?
14   A. No. What I'm saying to you is,
15 Michael Provitt was working the same time I
16 worked.
17   Q. Hold on. What did you go get
18 copies of, that you have copies of for
19 Michael Provitt and Glasscock?
20   A. I wrote it down. Michael
21 Provitt worked on July 11 from
22 eight o'clock -- from five o'clock to
23 eight o'clock moving furniture in his office,
24 and he got paid for it.
25   Q. Okay. Well, he's in intake,

86 (Pages 335 to 338)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

339

1  right?
2       A. He's a supervisor that's not
3  supposed to get overtime period.
4       Q. How do you know that?
5       A. It says exempt -- non-exempt on
6  the top of these pages.
7       Q. You're saying he is an exempt
8  position?
9       A. He's a supervisor, yes.
10      Q. Is he exempt, though?
11      A. I would assume so. He's a
12  supervisor.
13      Q. Do you know for a fact he's --
14      A. Well, Steve Wooten is. He's a
15  supervisor.
16      Q. Do you know that Glasscock is
17  exempt?
18      A. Yes, because he asked -- Linda
19  Harrison has proof that he asked.
20      Q. Did he get paid overtime?
21      A. Yes.
22      Q. Okay. We'll check that out.
23          And you're saying Provitt got
24  paid overtime?
25      A. Yes.

341

1  compensated and some are not. Everybody
2  should be treated fairly.
3       Q. You told me earlier -- I said
4  tell me what it is that you think is unfair
5  in your racial discrimination claim, and you
6  said it is because those two ladies, those
7  white ladies, Phoenix Martin and the other
8  lady, were getting overtime and you weren't;
9  remember when you told me that?
10      A. Yes, I do.
11      Q. You didn't say anything about
12  Glasscock and Provitt.
13      A. Well, you just brought all this
14  up.
15      Q. No. Your lawyer did.
16      A. And that's what I answered.
17      Q. So you're saying that's part of
18  your lawsuit, too?
19      A. Well, I'm assuming. I don't
20  know if it's part of the lawsuit or not, but
21  it's part of what has me here.
22      MRS. WALKER: Okay. All right.
23          Well, we will talk again
24          then. Thank you.
25      MS. DUNCAN: I'd just like to

340

1       Q. And what was this for?
2       A. Moving furniture in his office
3  after hours.
4       Q. Both of them got paid overtime
5  for moving furniture?
6       A. No, no. no. Charles Glasscock.
7       Q. Well, I'm talking about
8  Provitt.
9       A. Provitt got paid once, I know,
10  for moving furniture in his office.
11      Q. Okay. And what about
12  Glasscock?
13      A. And another time he got paid
14  for writing up a contract for a doctor.
15      Q. Okay.
16      A. And Michael Provitt works eight
17  hours a day, has a detention -- an assistant
18  detention director and three supervisors.
19  There's no need for that. If he can get paid
20  for that, why can't I be compensated. That's
21  all I'm saying.
22      Q. Okay. All right. Is this part
23  of your lawsuit, this Provitt and Glasscock?
24      A. The part that they're
25  getting -- some people are getting

342

1          say for the Record all of
2          those letter are attempts
3          to settle. They're
4          communications in an
5          attempt to negotiate
6          settlement. And I'll
7          object to any of them being
8          submitted into evidence.
9      MRS. WALKER: All right.
10          You're free to go.
11      THE WITNESS: Freedom is a
12          beautiful thing.
13      (The deposition of MARY WHITTLE
14          JETER concluded at
15          approximately 3:59 p.m.)
16
17  * * * * * * * * * * *
18      FURTHER DEPONENT SAITH NOT
19  * * * * * * * * * * *
20
21
22
23
24
25

87 (Pages 339 to 342)

a00b7af9-7bb6-4cd4-ba49-02a7b5d0b01c

Mary Whittle Jeter
September 4, 2007

343

```
 1        * * * * * * * * * *
 2        REPORTER'S CERTIFICATE
 3        * * * * * * * * * *
 4
 5    STATE OF ALABAMA)
 6    COUNTY OF MONTGOMERY)
 7
 8        I, Cornelia J. Baker, Certified Court
 9    Reporter and Notary Public in and for the
10    State of Alabama at Large, do hereby certify
11    that on Tuesday, September 4, 2007, pursuant
12    to notice and stipulation on behalf of the
13    Defendant, I reported the deposition of
14    MARY WHITTLE JETER, who was first duly sworn
15    by me to speak the truth, the whole truth,
16    and nothing but the truth, in the matter of
17    MARY WHITTLE JETER, Plaintiff, versus
18    MONTGOMERY COUNTY, Defendant, Case Number
19    2:06-cv-1043-MHT, now pending in the United
20    States District Court for the Middle
21    District of Alabama, Northern Division; that
22    the foregoing pages contain a true and
23    accurate transcription of the examination of
24    said witness by counsel for the parties set
25    out herein; that the reading and signing of
```

344

```
 1    said deposition was not waived by witness
 2    and counsel for the parties.
 3        I further certify that I am neither of
 4    kin nor of counsel to the parties to said
 5    cause, nor in any manner interested in the
 6    results thereof.
 7        This the 30th day of September, 2007.
 8
 9
10        Cornelia J. Baker
          Certified Court Reporter, ABCR 290
          Certified Shorthand Reporter and
11        Notary Public for the
          State of Alabama
12        My Commission expires 6/9/08.
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Form 5                                                          Submit in Triplicate

## CITY AND COUNTY OF MONTGOMERY
### PERSONNEL DEPARTMENT
PERSONNEL REQUISITION, CERTIFICATION, AND APPOINTMENT

REQUISITION
To: Personnel Department                                    Date    4-15-74
    Please certify the names of persons eligible for the following position:
Title                    Compensation         Temporary        Permanent

Youth Counselor I    **Female**    $8423
                                   $323.96

(XX) Replacement of    Barbara M. Thomas
( ) New Position

Date April 17, 1974         Signature _____
                                         Appointing Authority

Funds are available    _HW Suddath_         Date    APR 17 1974
                       Disbursing Officer

CERTIFICATION TO:

**DOMESTIC COURT**

In response to your request, the names of the following persons who are eligible
for appointment are hereby certified.  In making appointments, it is advisable,
though not essential, that you interview all eligible persons certified.
Name                    Address              'Phone     Age     Grade

APPOINTMENT
TO: Personnel Department        From **Youth Facility**
                                      Department
From the certification above, the following person has been appointed:
Name                      Effective Date       Temporary      Permanent

Mary E. Whittle            May 1, 1974                            XXX

Appointed by _____    Date    April 17, 1974
             Appointing Authority

             _____    Date    April 17, 1974
             Department Head

Approved by _____     Date    4/18/74
            Personnel Director

DEFENDANT'S EXHIBIT
Jeter

Jeter
000071

FORM 10

CITY AND COUNTY OF MONTGOMERY    Submit in Triplicate
PERSONNEL DEPARTMENT
RECOMMENDATION FOR PERSONNEL ACTION

Department ___Youth Facility___    Date ___September 24, 1979___

Name of Employee ___Mary W. Jeter___    Effective Date ___October 1, 1979___

Division ___Domestic Relations___    Classification ___Youth Counselor I___

Item 2 requires the signature of both department heads.
Items 2,3,4,5,6,15 require approval of Personnel Director before action is
official. Items 3,4,5,7 must have copy of letter to employee attached.
Item 8 should have copy of letter of resignation.

| | | |
|---|---|---|
| 1. | Transfer within department. . . . . ( ) | 9. Retirement. . . . . . . . ( ) |
| 2. | Transfer to another department. . . ( ) | 10. Separation by death . . . ( ) |
| 3. | Demotion. . . . . . . . . . . . ( ) | 11. Expiration of Temp. Apt.. .( ) |
| 4. | Layoff. . . . . . . . . . . . . ( ) | 12. Return LW/OP. . . . . . . ( ) |
| 5. | Dismissal . . . . . . . . . . . ( ) | 13. Return from Military Lv.. .( ) |
| 6. | Leave Without Pay . . . . . . . ( ) | 14. Change in Name. . . . . . ( ) |
| 7. | Suspension. . . . . . . . . . . ( ) | 15. Change in Salary. . . . . ( ) |
| 8. | Resignation . . . . . . . . . . ( ) | 16. Re-classification . . . . .(X) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | 531.19 | *557.77 |
| Classification & Salary (Items 1,2,3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | Re-classification from Youth Counselor I to Youth Counselor II No salary change - Merit date remains the same. May 1, 1980 | |

If Action is Resignation or Layoff, is Reemployment Recommended?    Yes( )  No( )

Funds are available ___JHW Suddath g___    Date ___10-2-79___
                              Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

*5% Cost of living increased granted 10/1/79

(Signed) 1. ___John W. Davis___    Date ___September 24, 1979___
                    Appointing Authority

         2. ___Benjamin P. Franklin___    Date ___September 24, 1979___

         3. _____    Date _____

         4. _____    Date ___10/5/79___

Jeter
000070

Form 10

Submit in Triplicate

**CITY AND COUNTY OF MONTGOMERY**
**PERSONNEL DEPARTMENT**
**RECOMMENDATION FOR PERSONNEL ACTION**

Department/Division  <u>YOUTH FACILITY, MONTGOMERY COUNTY</u>        Date  <u>20031007</u>
Name of Employee  <u>MARY WHITTLE JETER</u>                    Effective Date
<u>10/13/2003</u>
Social Security #  ▮▮▮▮▮▮        Classification <u>YOUTH COUNSELOR II</u>    Job Code  10322

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of
letter to employee attached.  Item 8 should have copy of letter of resignation.

| | | | | |
|---|---|---|---|---|
| 1. Transfer within department | ( ) | 9. | Retirement | ( ) |
| 2. Transfer to another department | ( ) | 10. | Separation by death | ( ) |
| 3. Demotion | ( ) | 11. | Expiration by Temporary Appointment | ( ) |
| 4. Layoff | ( ) | 12. | Return Leave Without Pay | ( ) |
| 5. Dismissal | ( ) | 13. | Return from Military Leave | ( ) |
| 6. Leave without pay | ( ) | 14. | Change of Name | ( ) |
| 7. Suspension | ( ) | 15. | Change in Salary | ( ) |
| 8. Resignation | ( ) | 16. | TITLE CHANGE | (X) |

ITEMS AFFECTED BY ACTION        FROM                TO

Department
(Items 1 & 2)

Classification & Salary
(Items 1, 2, 3)

Rates
(Items 6 & 7)

Name
(Item 14)

Amount            From Grade  06-O     Annual Salary  58,440    Biweekly Salary  2,247.71    Hourly 28.0964
(Item 15)         To   Grade  106-15   Annual Salary  58,440    Biweekly Salary  2,247.71    Hourly 28.0964

Other (Item 16)     To

Funds are available    _Donald L. Minix_  ~ OK    Date  OCT 1 7 2003
                        **Disbursing Officer**

Explanation and remarks (Give reason for any action which is not self-explanatory)
Title: Juvenile Probation Officer II

(Signed)  1.  _[signature]_                            Date  _10/07/03_
              **Appointing Authority**

          2.  _[signature]_                            Date  _10/07/03_

          3.  _____                        Date  _____

          4.  _Barbara M. Montoya_                     Date  OCT 1 5 2003
              **Personnel Director**

)-419

Jeter
000048

Form 19

10/13/05
CC

Submit in Triplicate

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### RECOMMENDATION FOR PERSONNEL ACTION

Department / Division __Montgomery County Youth Facility__          Date __10/11/05__

Name of Employee __Mary W. Jeter__          Effective Date __10/10/05__

Social Security # __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__     Classification __JPO II__     Job Code __0306__

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | |
|---|---|---|---|
| 1. Transfer within department .......... ( ☐ ) | 9. Retirement .......... ( ☐ ) |
| 2. Transfer to another department .......... ( ☐ ) | 10. Separation by death .......... ( ☐ ) |
| 3. Demotion .......... ( ☐ ) | 11. Expiration of Temporary Appointment .......... ( ☐ ) |
| 4. Layoff .......... ( ☐ ) | 12. Return LWOP .......... ( ☐ ) |
| 5. Dismissal .......... ( ☐ ) | 13. Return from Military Leave .......... ( ☐ ) |
| 6. Leave without Pay .......... ( ☐ ) | 14. Change of Name .......... ( ☐ ) |
| 7. Suspension .......... ( ☐ ) | 15. Change in Salary .......... ( ☑ ) |
| 8. Resignation .......... ( ☐ ) | 16. Other _____ ( |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1, 2, 3) | | 2005 OCT 12 PM 12: 09  PAYROLL |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | Grade 1-06, Step 15 $58,440 / $2,247.71 / $28.0964 | Grade A08, Step 13 $59,247 / $2,278.74 / $28.4843 |
| Other (Item 16) | | |

Funds are available _____ _Donald Z. Minus JM_ _____     Date __OCT 12 2005__
                                Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

NXT MERIT DATE:  N/A

(continued)

1. _John L. Caspell_     Date __10-11-05__
                Appointing Authority

2. _Gene R. Powell_     Date __10-11-05__

3. _____     Date _____

4. _Barbara M. Montoya_     Date __10-17-05__
                Personnel Director

00-419

Jeter
000047



JOHN L. CAPELL, III
Circuit Judge,Presiding
ANITA L. KELLY
Circuit Judge
PATRICIA D. WARNER
Circuit Judge
ROBERT T. R BAILEY
Referee
BRUCE R. HOWELL
Court Administrator
MICHAEL C. PROVITT
Detention Director

**FAMILY COURT OF MONTGOMERY COUNTY**
**JUVENILE DIVISION**
**FIFTEENTH JUDICIAL CIRCUIT**

BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F WOOTEN
Probation Supervisor
DAVID C. BEVERLY
Intake Supervisor
CHARLES GLASSCOCK
Intake Supervisor
TERESA H. ALLEN
Court Clerk
WARREN G. BRANTLEY, PhD
Court Therapist II

**To:** Bruce R. Howell
**From:** Steve Wooten, Mary Jeter
**CC:**
**Date:** December 15, 2006
**Re:** Work Schedule

---

As we discussed last week, Mary and I have devised a schedule to accommodate her Youth Court duties As you requested, this memo is the written version of what I verbally described to you.

Beginning the week of January 8, 2007 (the first 2007 youth court session will be held on Thursday, the 11th of that week), and continuing through our spring and summer terms (see attachment*), during each week that a youth court session is scheduled, she will work as follows:

Monday: off.

Tuesday: 8am-7pm.

Wednesday: 8am-7pm.

Thursday: 8am-9pm.

Friday: 8am-5pm.

During weeks that youth court is not scheduled, Mary will work 8am-5pm, Monday-Friday.

* We had set the first 2007 session for 1-4-07, but decided that that date was too early after the holidays for the volunteers and for us. Consequently, we will still have 2 sessions in January, but they will be held on the 11th and 18th, not the 4th and 18th as noted in the attachment.

DEFENDANT'S EXHIBIT 4

1111 AIRBASE BOULEVARD • P.O. BOX 9219 • MONTGOMERY, ALABAMA 36108-0219
TELEPHONE (334) 261-4100 • FAX (334) 261-4132

1

**MCYF**

# Memo

| | |
|---|---|
| **To:** | Judge Capell, Judge Kelly, Judge Warner, Bruce Howell, Michael Provitt, David Beverly, Charles Glasscock |
| **From:** | Steve Wooten |
| **CC:** | Mary Jeter, Rosalyn Godwin |
| **Date:** | December 15, 2006 |

**Re:** Youth Court Schedule, 2006-2007

---

Mary, Rosalyn and I met on 9-11-06 to discuss the schedule for Youth Court training and sessions for the coming year.

**INITIAL TRAINING**

October 12, 19 and 26th. These sessions will be held in the waiting and courtroom areas of the youth facility. They will begin at 6pm and end at 8pm. The last session, on 10-26, will consist of mock trials and the swearing-in ceremony and may last until 830 pm.

**2006 SESSIONS**          November 9, 16 and 30. December 7 and 14.

**2007 SESSIONS**          January 4 and 18. February 1 and 15. March 1, 15 and 29. April 12 and 26.

**SUMMER SESSION TRAINING**      June 20.

**SUMMER SESSIONS**       June 21 and 28. July 12 and 26.

All sessions subsequent to the initial training will be held in Courtroom #1 and will begin at 6pm. The sessions will conclude upon completion of the final case and departure of all volunteers.

1

MONTGOMERY COUNTY COMMISSION

MEMORANDUM

TO:        County Appointing Authorities and Department Heads

FROM:      Donnie Mims, County Administrator ᴅᴸᴹ

DATE:      October 1, 1999

SUBJECT:   Change in County Overtime Policy

On September 20, 1999, the Montgomery County Commission voted to change its overtime policy to conform with the minimum requirements of all applicable state and federal laws. The purpose of this memorandum is to advise you and your employees of the change and of the applicable law.

State law, Act 167, Third Special Session 1971 ("Act 167") requires the payment of overtime compensation to all classified employees, (except law enforcement employees paid pursuant to Ala. Code § 36-21-4.1), on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or hours of work."

Ala. Code § 36-21-4.1 (Cum Supp. 1998) provides that "Any nonelected law enforcement officer in the service of a county who has worked a number of hours in excess of the established and recurring work period, shall be compensated according to the standards and guidelines established by the Fair Labor Standards Act (29 C.F.R. § 553.200, et seq.)

The Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") requires that non-exempt employees be paid overtime or receive compensatory time at a rate of time and one half for all hours actually worked over forty (40) in the seven day work week or for employees in law enforcement activities, which for purposes of FLSA includes security personnel in corrections institutions, hours actually worked over 171 hours in a 28 day work period (or 86 hours in a 14 day work period).

All classified and unclassified positions in the Montgomery County Pay and Classification Plan have been reviewed and evaluated in accordance with Department of Labor regulations for determining which classifications are exempt, partially exempt and non-exempt for the overtime requirements of the FLSA. Attached is a memorandum from the Personnel Director which will further explain the application of overtime requirements of the FLSA and applicable state laws to classifications within your department. Individuals who hold public elective offices and their personal, appointed employees who are not subject to the merit system law continue to be exempt from all overtime provisions. 29 U.S.C. § 203; Act 2280 Third Special Session 1971.

DEFENDANT'S EXHIBIT 5 Jeter

Jeter
000077

Overtime Memorandum
Page 2
October 1, 1999

This change is effective beginning October 18, 1999 and will remain in effect until you are notified otherwise. The Employee Information Handbook is being updated to incorporate these changes. Please distribute a copy of this memorandum to each of your employees. To assist you in documenting distribution, an acknowledgment of receipt of information is included at the bottom of this memorandum.

Thank you very much for your help.

On this the ____ day of October, 1999, I received the above memorandum, read and understand the same.

_____
Employees Signature

_____ Department

Jeter
000078

Overtime Memorandum
Page 2
October 1, 1999


　　　This change is effective beginning October 18, 1999 and will remain in effect until you are notified otherwise. The Employee Information Handbook is being updated to incorporate these changes. Please distribute a copy of this memorandum to each of your employees. To assist you in documenting distribution, an acknowledgment of receipt of information is included at the bottom of this memorandum.

Thank you very much for your help.


On this the_____day of October, 1999, I received the above memorandum, read and understand the same.

*Mary Whittle Jeter*
Employees Signature

Youth Facility
_____Department


Jeter
000008

# CITY AND COUNTY OF MONTGOMERY

# PERSONNEL BOARD

# RULES AND REGULATIONS

**ALABAMA LAW PROVIDES THAT THESE RULES AND REGULATIONS HAVE THE FORCE AND EFFECT OF LAW.**

**AN EQUAL OPPORTUNITY EMPLOYER**



DEFENDANT'S EXHIBIT

**As Revised March 1988 and Including all Board Amendments through February 28, 2006.**

Jeter
000074

**RULE VIII - WORKING CONDITIONS AND GENERAL PERSONNEL PRACTICES**

## Section 1:  Working Hours

The Director shall administer regulations for maintaining uniform and equitable hours of work required of all employees in the City and County Services and adopted by the Board.  The number of hours any employee is required to be on duty each day or in any week or month shall be uniform for all whose positions are allocated to the same class, unless specifically provided otherwise by action of the Board, and recorded in the minutes, together with its reason for each exception; but the hours for different classes may be different.

## Section 2:  Overtime

Employees shall work over the stipulated hours whenever necessity demands additional services of an occasional nature including time spent in required attendance at court. Rules governing such work are based on Alabama Law (*Act No. 2280, Regular Session 1971; Act No. 167 Third Special Session 1971; Act No. 96-664 [Ala. Code § 36-21-4.1]*) and federal law (*the Fair Labor Standards Act 29 U.S.C.§ 201 et seq.*)

**(a)    Compensation for Overtime:**

   **(1)**    All employees shall, at a minimum, be given equivalent time off for overtime worked or be paid overtime on a straight time basis.  Act 167 provides that "over-time work shall be any work performed over forty (40) hours per week, on holidays and beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty."

   **(2)**    Employees covered by the Fair Labor Standards Act (the "Act") shall be given compensatory time at a rate of time and a half or be paid overtime at a time and a half rate. The Act defines overtime as any time actually worked over 40 hours in a 7-day work week or, for public safety employees who may be assigned to a work period of up to 28 days, any time actually worked over 171 hours in 28 day work period (or 86 hours in a 14 day work period) for employees in law enforcement activities (including security personnel in correctional institutions) as defined under the Act and its regulations and any time actually worked over 212 hours in a 28 day work period for firefighters. (*29 U.S.C. § 207(k); 29 C.F.R. § 553.200, et seq.; Ala. Code § 36-21-4.1 (1996)*)

(3) Non-elected law enforcement employees in the service of Montgomery County shall be compensated according to the standards and guidelines established by the Act and its regulations. *Ala. Code §36-21-4.1*

(4) The employee has the sole option, by stating in writing, prior to the time that overtime work is performed of either accepting overtime pay or compensatory time.

**(b)    Accumulation of Compensatory Time**

(1) City, County and Airport employees who are covered by Act No. 167 Third Special Session 1971 but who are exempt from Fair Labor Standards Act may accumulate compensatory time for all overtime worked and may carry over 20 days of compensatory time at the end of any fiscal year, plus any accumulation earned prior to January 31, 1972. Non-elected law enforcement employees in the service of Montgomery County are not covered by Act 167.

(2) City, County and Airport employees covered by the Fair Labor Standards Act may accrue up to 240 hours of compensatory time, and City, County and Airport public safety employees may accrue up to 480 hours of compensatory time.

(3) All Housing Authority employees may accrue up to 240 compensatory hours. Housing Authority public safety employees may accrue up to 480 compensatory hours.

(4) Employees covered by the Fair Labor Standards Act who have accrued the maximum number of hours must be paid for all additional overtime until the accumulation is reduced by taking compensatory leave.



Montgomery County
Employee Handbook

January 2005



DEFENDANT'S
EXHIBIT
7
PENGAD 800-631-6989

## GENERAL

This handbook is for informational purposes only and is intended to provide a general overview of policies and procedures associated with employment with Montgomery County. It is not all inclusive, and is only a set of guidelines. This handbook and the policy statements contained herein do not in any way constitute, and should not be construed as, a contract of employment between Montgomery County and any employee. County administration is committed to reviewing its policies and benefits continually and reserves the right to interpret, review and change any information provided herein at any time. The Administration requests that you stay up to date on current policy changes through your department. It is the employee's responsibility to review the detailed policies and procedures that are included in the *City-County Personnel Board Rules and Regulations,* the Montgomery County Management Procedures Manual, or in the manuals of elected officials and/or appointing authorities. These documents are available in each office or in the County Commission Office. Before you make any significant decisions regarding your conditions of employment, insurance, benefits, resignations, promotions, or transfers, or if there is any item that is unclear or of special concern, it is your responsibility to speak with your immediate supervisor and/or appointing authority. If you have any problems with your employment, and after speaking with your immediate supervisor and/or your appointing authority, you feel you need to talk with someone else, contact the Deputy County Administrator, the Personnel Director for the City-County Personnel Board, or their assistants.

Our employees are our most important asset. We are committed to the requirement that all employees are treated fairly and in a non-discriminatory manner. At the same time, each employee has a responsibility to the citizens of Montgomery County to provide courteous, helpful, effective and efficient service.

We welcome you as a Montgomery County employee and hope you will enjoy and benefit from your employment with Montgomery County.

## MONTGOMERY CITY-COUNTY PERSONNEL DEPARTMENT

The Montgomery City-County Personnel Department was established by Alabama Legislative Act 528 on September 2, 1949, as amended in 1971 by Alabama Legislative Act 2280 and Alabama Legislative Act 167. The City-County Personnel Board is comprised of three appointed members and is responsible for the operation of the merit system or classified service for Montgomery County. The law requires the Board to formulate, revise and amend a set of rules and regulations to supplement the law. Personnel Rules and Regulations have the force and effect of law and govern personnel matters for Montgomery County. A copy of Personnel Rules and Regulations is available to each employee on the Personnel Department's website at www.montgomerypersonnel.com, through the Montgomery County Commission, other elected officials and the Montgomery City-County Personnel Department.

## RIGHTS OF REVIEW AND APPEAL

The City-County Personnel Board serves as the mediator for employee grievances on personnel matters. If an employee feels that he/she has not obtained sufficient satisfaction after consulting his/her supervisor, the employee may submit a request for consideration to the City-County Personnel Board. The County Administrator and/or Personnel Director will assist supervisors/department heads and employees in resolving problems and answering questions on rights, benefits, needs and personnel procedures. Supervisors and appointing authorities should first make every effort to resolve any conflict, disagreement, work problem, etc., at the departmental level. No one will in any way use threats, coercion, or intimidation to deter an employee from filing a request for consideration with the Montgomery City-County Personnel Board.

a.    The regular payroll is calculated and processed by the County Payroll Section of the Finance Department on a biweekly basis, subject to a five day cut off period, with payment delayed to the next Friday after the last day of the pay period, which is on Sunday.

b.    Paydays are on alternating Fridays. If a legal holiday falls on a Friday payday, checks will be distributed on the last workday before the Friday payday. Checks which are not mailed are separated by department and distributed on payday after 8:30 a.m. Mailed checks are sent the day before payday.

c.    The payroll period is a fourteen day period from 8:00 a.m. Monday and ending at 8:00 a.m. on Monday two weeks later.

d.    Persons retired under the provisions of the Retirement System for Employees of Montgomery County are paid on a biweekly basis.

e.    All new employees and new retirees are encouraged to utilize direct deposit.

The minimum rate of pay (Step A) for the position class will be paid on all original appointments. Exceptions to this rule must be fully justified and must receive County Commission and City-County Personnel Board approval prior to the effective date of employment.

The rate for an employee being promoted or reclassified will be the minimum step for the pay range of the new position/classification if this step is at least a full step higher than the employee's old salary. Employees are eligible to be considered for regular merit (anniversary) pay increases. These are optional and must be approved by the appointing authority.    Employees should make sure that their department head/supervisor is aware of their approaching merit date. The criteria used in establishing anniversary or merit dates are:

a.    For current employees the merit date the employee had on January 1, 2004.

b.    For all employees employed on or after January 1, 2004, the employment date.

c.    Merit dates are effective for the entire pay period in which they occur.

**OVERTIME PAYROLL**

Overtime will be paid with the regular payroll payments following the period in which the overtime pay was earned. The employee has the option to receive compensation as overtime pay or as compensatory time within the limits of Fair Labor Standard Act rules and Alabama law.

All employees in the service of the County shall, at a minimum, be given compensatory leave or overtime pay on a straight time basis pursuant to state law. Employees covered by the Fair Labor Standards Act, shall, in the discretion of the employee, be given compensatory time or overtime pay at a rate of one and one-half times the regular rate at which such employee is employed. The Fair Labor Standards Act defines overtime as time actually worked over 40 hours in a seven day workweek, or for employees in law enforcement activities, as defined under the Fair Labor Standards Act and its regulations, (including security personnel in correctional institutions as defined under the Fair Labor Standards Act and its regulations) all hours worked in excess of 171 hours in a twenty-eight day work period (or 86 hours in a fourteen day work period). 29 U.S.C. § 207(k); 29 C.F.R. § 553.200, et seq; *Ala. Code* § 36-21-4.1 (1975).

Non-elected law enforcement employees in the service of Montgomery County shall be compensated according to the standards and guidelines established by the Fair Labor Standards Act and its regulations. *Ala. Code* § 36-21-4.1

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*     *(Juv. Probation Superv)*     YOUTH FACILITY
        (Employee)              (Classification)              (Department)

Pay Period Beginning __02-02-04__     Ending __02-15-04__

I am a   (4 hr ___)   (8 hr _X_)   (10 hr ___)   (11.5 hr ___)   (other ___)   employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1ˢᵗ WEEK | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|
| MONDAY | 2  11 | 9  11 | A - Annual leave | |
| TUESDAY | 3  8 | 10  8 | S - Sick Leave | |
| WEDNESDAY | 4  8 | 11  8 | C - Compensatory Leave | |
| THURSDAY | 5  10 | 12  8 | H - Holiday | |
| FRIDAY | 6  8 | 13  8 | O - Other Paid Leave (explain ) | |
| SATURDAY | 7  OFF | 14  OFF | Off Day - Regular Off Day | |
| SUNDAY | 8  OFF | 15  OFF | | |
| TOTAL HOURS | 45 | 43 | | |
| ACTUAL WORK HOURS | 45 | 43 | | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given a straight time.

_____ hours of overtime pay at my *regular rate* pay.

__8__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

~~REGULAR WORK DAYS:~~ Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave

*Mary Jeter*                                              02-15-04
EMPLOYEE SIGNATURE                                        Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __88__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Youth Court Programs*

*Bruce R. Howell*  Dept. Head                           02-15-04
Appointing Authority                                     Date

APPROVAL:
Per 300     Administrator, County Commission            Date                    2/2/00

DEFENDANT'S EXHIBIT 8 Jeter

MCC/Jeter
000144

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Family Guidance/Youth Court_

Overtime is to be worked on _Feb 3, 2004_

Name _Mary W. Jeter_

(Check One)

Pay ___  Comp Time _✓_

Comp 3 hrs at 1½ = 4.50

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S+W_
Signature of Supervisor

_2-3-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000145

MONTGOMERY~~~~~~~~~~~~SSION
OVERTIME APPRO~



Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth Count_

_____

_____

Overtime is to be worked on _2/5/04_

<table>
<tr><td colspan="2" align="center">Name</td><td colspan="2" align="center">(Check One)</td></tr>
<tr><td colspan="2"></td><td align="center">Pay</td><td align="center">Comp Time</td></tr>
</table>

_Mary W Jeter_

Comp 2 hrs at 1½ =

3

Pay _____   Comp Time _✓_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Shurton_
Signature of Supervisor

_2-6-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000146

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_3_ hour(s) overtime for the purpose of _Youth_

_Court Family Guidance Counselor_

_Session_

Overtime is to be worked on ___2/9/04___

**Name**

_Mary W Jeter_

Comp 3 hrs at 1½ =
4.50

**(Check One)**

Pay        Comp Time

_✓_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_St With_
Signature of Supervisor

_2-12-04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000147

1111 Airbase Blvd. P.O. 9219
Montgomery, Ala. 36108

**Montgomery County
Juvenile Court**

# Memo

**To:** Judges, Probation Officers, & Intake Officers

**From:** Bruce R. Howell

**Date:** 5/14/2002

**Re:** Home Detention Program

---

We are going to start a more structured and organized home detention program. In the past when a Judge placed a client on home detention nothing was done to insure that they remained at home as instructed by the Judge. We have been only using parent reporting as a means to enforce the orders.

I look for Referee Bailey to utilize home detention at detention hearings where clients have been detained by Intake, but now can be released on home detention until Court. Also, all Judges may want to place a client on home detention post Adjudication or Disposition until further Court hearings or acceptance at a treatment facility, i.e. Boot Camp or DYS. I have asked Steve Wooten to coordinate this program in his specialized unit of Probation Officers. Probation Officers should begin to evaluate their caseloads for appropriate recommendations to the Judges.

This program will involve night-time and weekend phone calls to these clients and could evolve into limited use of electronic monitoring.



MCC/Jeter
000278



RICHARD H. DORROUGH
Circuit Judge, Presiding
JOHN L. CAPELL, III
Circuit Judge
W. MARK ANDERSON, III
Circuit Judge
ROBERT T. R. BAILEY
Referee
JACK HUNTER
Detention Director

**FAMILY COURT OF MONTGOMERY COUNTY**
**JUVENILE DIVISION**
**FIFTEENTH JUDICIAL CIRCUIT**

BRUCE R. HOWELL
Chief Probation Officer
BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F. WOOTEN
Probation Supervisor
MICHAEL C. PROVITT
Intake Supervisor
DAVID C. BEVERLY
Intake Supervisor
TERESA H. ALLEN
Court Clerk

## MEMO

**TO:**      Bruce Howell

**FROM:**    Steve Wooten

**RE:**      Home Detention

**DATE:**    May 22, 2002

Accompanying this memo are documents to be utilized for our home detention monitoring project, along with a very elementary description of how cases may flow. We are ready to begin this project as soon as you give us the go-ahead. Mary Jeter will be the primary worker on this project, however, all workers in the unit will participate to some degree, at least initially. The participation of the entire unit is necessary to ensure that secondary back-up coverage is available in the event of illness or vacation, and to utilize the unique sills of the workers (Ron McKitt, for instance, is designing our database).

We would like to start this project with detention hearing cases from Referee Bailey. This will allow us to fine tune and trouble-shoot before offering the project to the Circuit Judges. Two to three weeks of this initial phase should be sufficient.

We also would like to indicate that there are at least three issues which we believe that we cannot address at this time. First, we see ourselves as a monitoring and reporting project, not as an enforcement project. We believe that it is our charge to report our findings to the supervisory P.O. and to the judicial officer making the referral and that it should be their (P.O. & judicial officer) responsibility to determine the Court's responses. If such a response should include enhanced home detention, then of course, we will perform accordingly. Second, the order is open-ended as to the time of home detention but we interpret your charge to mean that we are responsible for a youth who is placed on home detention status at a hearing in lieu of actual detention, and that home detention status would most likely end at the time of a subsequent hearing. If that is what was intended for us, we feel that we can perform that responsibility quite well. We, at this point, are not comfortable with the idea of long term home detention embedded in a

DEFENDANT'S
EXHIBIT
10
Jeter

1111 AIRBASE BOULEVARD • P.O. BOX 9219 • MONTGOMERY, ALABAMA 36108-0219
TELEPHONE (334) 261-4100 • FAX (334) 261-4132

MCC/Jeter
000271

Memo to Bruce Howell
May 22, 2002
Page 2

probation process.  It could be, ultimately, that long term home detention will be called
for and will be something that we can do, but at the start-up, it might be best if we can
think of home detention as a Point A to Point B process.

Finally, everyone involved in the home detention process should understand that
accuracy and veracity issues will arise.  We should be able, over time, to recognize voices
that identify themselves as clients, parents, etc.  However, we will probably not be able to
guarantee that we are perfect in that regard.  We also, by stating that Joe Blow was at
home at 9:00 PM last Thursday, are not stating that he was not at the Amoco Station at
9:05 PM on that same night robbing a cashier.  To improve accuracy, verification, and
ultimately,  control, will entail technological investments that we are not, as I understand
it,  prepared to make at this time.

Thanks for the opportunity to be involved in this project.  Please advise as to start-up.

SW/lks

MCC/Jeter
000272

HOME DETENTION

- Judge/Referee commits juvenile to home detention
- The home detention order and case action summary are assigned to a monitor.
- The monitor adds client to the call roster.
- The monitor makes random phone calls to the client's home. The second shift of detention could make the late night calls. The early morning calls on weekends could be made by the W.A.I.T. Program.
- The monitor speaks with the parent and the client.
- The monitor records the contact information – date, time, person contacted, etc.
- The information is reported to the assigned probation officer on a daily basis, for processing as seen fit.
- Client is removed from home detention status upon notification that sanction has been removed.

MCC/Jeter
000273

## HOME DETENTION ORDER

**RE:**
**CASE No.:**
**DOB:**

It is hereby ordered that the above-referenced youth is released from the Montgomery County Youth Facility under the following conditions:

1. The youth is released to the custody of father /mother /other_____.
2. The youth is not to leave home without being accompanied by the parent(s)/guardian(s), with the exception of school and/or work.
3. When attending school and/or work the youth will go directly to and from school and/or work in a manner approved by the parents(s)/guardian(s) and/or Court staff.
4. The youth's compliance will be monitored by random telephone contacts made by court personnel and the youth will answer or be made available to the telephone for identification.
5. The youth is expected to follow all reasonable rules established by the parent(s)/guardian(s) and/or Court staff.
6. The parent(s)/guardian(s) is made a party to this Order pursuant to Title 12-15-31(5), Code of Alabama, 1975 and is expected to truthfully report the youth's compliance to court officials. Failure to do so may result in penalties being levied against the parent(s)/guardian(s).
7. The youth and/or the parent(s)/guardian(s) are expected to adhere to the following special rules:_____

_____.

This Order shall be in effect until otherwise altered or dismissed by Order of the Court.

I understand that I must abide by the Order described above. As the youth, I understand that failure to do so will result in my being returned to the Youth Facility and placed in detention. I further understand that other penalties may result as well. As the parent(s)/guardian(s), I understand that I am a party to this Order of the Court and that I must promptly and truthfully report on the youth's compliance. My failure to do so may result in the Court imposing certain penalties upon me.

_____          _____
Youth                                              Parent

Date:_____ Time_____          Probation/Intake Officer_____

                                                      _____
                                                      Judge/Referee

MCC/Jeter
000274

| NAME | R/S JU# | JUDGE | DATE OF HOME DETENTION | PHONE | PARENT NAME | P.O. | COURT DATE | TIME & METHOD OF CONTACT |
|------|---------|-------|------------------------|-------|-------------|------|------------|--------------------------|
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |

MCC/Jeter
000275

| NAME |
| --- |
| R/S JU # |
| JUDGE |
| DATE OF HOME DETENTION |
| PHONE # |
| PARENT NAME |
| P.O. |
| COURT DATE |
| TIME & METHOD OF CONTACT |

MONDAY
TUESDAY
WEDNESDAY
THURSDAY
FRIDAY
SATURDAY
SUNDAY

MCC/Jeter
000276

## HOME DETENTION ORDER

**RE:**
**CASE No.:**
**DOB:**

It is hereby ordered that the above-referenced youth is released from the Montgomery County Youth Facility under the following conditions:

1. The youth is released to the custody of father /mother /other_____.
2. The youth is to go no place without being accompanied by the parent(s)/guardian(s), with the exception of school and/or work.
3. Youths attending school and/or work are expected to go directly to and from school and/or work in a manner approved by the parents(s)/guardian(s):
4. The youth's compliance will be monitored by random phone contacts made by court personnel.
5. The youth is expected to follow all reasonable rules established by the parent(s)/guardian(s).
6. The parent(s)/guardian(s) is made a party to this Order pursuant to Title 12-15-31(5), Code of Alabama, 1975 and is expected to truthfully report the youth's compliance to court officials. Failure to do so may result in penalties being levied against the parent(s)/guardian(s).
7. The youth and/or the parent(s)/guardian(s) are expected to adhere to the following special rules:_____
   _____

This Order shall be in effect until otherwise altered or dismissed by Order of the Court.

I understand that I must abide by the Order described above. As the youth, I understand that failure to do so will result in my being returned to the Youth Facility and placed in detention. I further understand that other penalties may result as well. As the parent(s)/guardian(s), I understand that I am a party to this Order of the Court and that I must promptly and truthfully report on the youth's compliance. My failure to do so may result in the Court imposing certain penalties upon me.

_____          _____
Youth                                   Parent

Date:_____ Time_____          Probation/Intake Officer_____

                                        _____
                                        Judge/Referee

MCC/Jeter
000277

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeter , Youth Counselor II YOUTH FACILITY
_____ _____ _____
(Employee)          (Classification)          (Department)

Pay Period Beginning _7-22-02_          Ending _8-04-02_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___ employee.

| | 1st WEEK | 2nd WEEK | | | I am entitled to and elect : |
|---|---|---|---|---|---|
| MONDAY | 22 8 S | 29 9 | A - Annual leave | | _____ hours of compensatory time to be given at straight time. |
| TUESDAY | 23 8 | 30 8 | S - Sick Leave | | |
| WEDNESDAY | 24 8 | 31 8 | C - Compensatory Leave | | _____ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 25 8 S / 8 A | 1 8 | H - Holiday | | _____ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 26 8 | 2 8 | O - Other Paid Leave (explain ) | | _____ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 27 OFF | 3 OFF | Off Day - Regular Off Day | | |
| SUNDAY | 28 OFF | 4 OFF | | | _____ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 40 | 41 | | | _____ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 24 | 41 | | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

_Margie Jeter_                                         _8-4-02_
EMPLOYEE SIGNATURE                                Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty ___81___ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Home Detention Contacts

_Bessie R. Kimbell_                                         _8-4-02_
Appointing Authority Dept. Head                        Date

APPROVAL:
Per 300     Administrator, County Commission          Date                    2/2/00

DEFENDANT'S EXHIBIT Jeter

MCC/Jeter
000085

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____/_____ hour(s) overtime for the purpose of _Home detention_

_calls_

Overtime is to be worked on _7/29/02_

|  | (Check One) |
| Name | Pay | Comp Time |

*Mary Jeter*

Corp 1 hr at 1½ = 1.50

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_W._
Signature of Supervisor

_8·1·02_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000086

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter_  _Juvenile Probation Officer II_  YOUTH FACILITY

(Employee)    (Classification)    (Department)

Pay Period Beginning _12-22-03_    Ending _01-04-04_

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | | 1ST WEEK | 2ND WEEK | |
|---|---|---|---|---|
| MONDAY | 22 | 8A | 29 8A | A - Annual leave |
| TUESDAY | 23 | 8 | 30 8P | S - Sick Leave |
| WEDNESDAY | 24 | 8 | 31 8A | C - Compensatory Leave |
| THURSDAY | 25 | H/2 | 1 H | H - Holiday |
| FRIDAY | 26 | H/2 | 2 8C | O - Other Paid Leave (explain ) |
| SATURDAY | 27 | 2 | 3 OFF | Off Day - Regular Off Day |
| SUNDAY | 28 | 4 | 4 OFF | |
| TOTAL HOURS | | 50 | 40 | |
| ACTUAL WORK HOURS | | 32 | 0 | |

_I am entitled to and elect:_

_____ hours of compensatory time to be given at straight time.

_10_ hours of overtime pay at my regular rate of pay.

_____ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                          _01-04-04_

EMPLOYEE SIGNATURE                                          Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _90:00_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _____

_Brian R. Howell_  Dept. Head                 _01-04-04_

Appointing Authority                                          Date

APPROVAL: _____

Per 300    Administrator, County Commission                 Date

DEFENDANT'S EXHIBIT

MCC/
00013

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____8_____ hour(s) overtime for the purpose of _____

*home detention monitoring*

_____

Overtime is to be worked on *Dec. 25 - 28, 2003* .

| Name | (Check One) |
|------|-------------|
| *Mary Jeter* | Pay ✓    Comp Time |

8.00 Reg
+ 2.00 Reg
_____
(10.00)

_____
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____2_____ hour(s) overtime for the purpose of _____

_home detention monitoring_____

_____

Overtime is to be worked on __12-28-03_____.

| | (Check One) |
| Name | Pay    Comp Time |
| Mary Jeter | ✓ _____ |

_Mary W Jeter_
Signature of Employee

___YOUTH FACILITY___
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000141

TO:     MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter Juv. Probation Off. I_ , YOUTH FACILITY
       (Employee)        (Classification)              (Department)

Pay Period Beginning _04/26/04_          Ending _05/09/04_

I am a   (4 hr ___)  (8 hr _I_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|---|
| MONDAY | 26 | H — | 3 | 8 | | A - Annual leave |
| TUESDAY | 27 | 8 A | 4 | 8 H C | | S - Sick Leave |
| WEDNESDAY | 28 | 12.50 | 5 | 8 C | | C - Compensatory Leave |
| THURSDAY | 29 | 10 | 6 | 8 | | H - Holiday |
| FRIDAY | 30 | 8 | 7 | 8 | | O - Other Paid Leave (explain ) |
| SATURDAY | 1 | OFF | 8 | OFF | | Off Day - Regular Off Day |
| SUNDAY | 2 | OFF | 9 | OFF | | |
| TOTAL HOURS | | 46.50 | | 40 | | |
| ACTUAL WORK HOURS | | 38.50 | | 24 | | |

I am entitled to and elect :

_6.50_ hours of compensatory time to be given straight time.

___ hours of overtime pay at my regular rate pay.

___ hours of compensatory time at 1½ times number of hours.

___ hours of overtime pay at 1½ times my regular rate of pay.

___ law enforcement non-overtime regular pay or holiday pay.

___ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payr period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hou shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half ra I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employe in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 d work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed ov forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when th time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and nor exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provision of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave

_Mary J. Jeter_                                              _05-09-04_
     EMPLOYEE SIGNATURE                                         Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _86.50_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _____

_Brenda K. Howell_ Dept. Head                               _05-09-04_
 Appointing Authority                                          Date

APPROVAL:
Per 300     Administrator, County Commission                Date

DEFENDANT'S EXHIBIT 13

MCC/Jeter
000162

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



*No Curek*

Permission is hereby requested that the following employee be permitted to work _4½_ hour(s) overtime for the purpose of _Youth Court, Home detention_

Overtime is to be worked on _April 28, 2004_

**Name**
_Mary Jeter_

*Comp. 4.50 at Reg*

(Check One)

Pay        Comp Time

_____     ____✓____

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

_Phil R Harwell_
Appointing Authority/Department Head

_4/30/04_
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000163

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____ hour(s) overtime for the purpose of *Youth Court*

Overtime is to be worked on *April 29, 2004*

| | (Check One) |
| Pay | Comp Time |

Name
*Mary W. Jeter*

*Corp 2 hrs at Reg*

Signature of Employee ✓

YOUTH FACILITY
Department

Signature of Supervisor

Date

APPROVED:
Appointing Authority/Department Head
4/30/04
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000164

TO:  MONTGOMERY COUNTY COMMISSION

FROM: MARY Jeteel, Juv. Probation Off II,    YOUTH FACILITY
       (Employee)        (Classification)         (Department)

Pay Period Beginning  8-16-04          Ending  8-29-04

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___  Non-exempt (NE) ___  X  Partially Exempt (PE) ___  employee.

| | | 1ˢᵗ WEEK | 2ᴺᴰ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 16 | 8 | 23 | 12 | A - Annual leave |
| TUESDAY | 17 | 8 | 24 | 8 | S - Sick Leave |
| WEDNESDAY | 18 | 8 | 25 | 9 | C - Compensatory Leave |
| THURSDAY | 19 | 9 | 26 | 8 | H - Holiday |
| FRIDAY | 20 | 8 | 27 | 8 | O - Other Paid Leave (explain) |
| SATURDAY | 21 | OFF | 28 | OFF | Off Day - Regular Off Day |
| SUNDAY | 22 | OFF | 29 | OFF | |
| TOTAL HOURS | | 41 | | 45 | |
| ACTUAL WORK HOURS | | 41 | | 45 | |

*I am entitled to and elect:*

_____ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

__6__ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

Mary Jeter _____            8-29-04
EMPLOYEE SIGNATURE                                 Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __86__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) Home Detention Duties + Youth Court Family Guidance Program

_____  Dept. Head          8-29-04
Appointing Authority                          Date

APPROVAL: _____

Per 300    Administrator, County Commission          Date                          2/2/00

DEFENDANT'S EXHIBIT

MCC/Jeter
000174

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____1_____ hour(s) overtime for the purpose of _Home Detention_

_Calls_

Overtime is to be worked on __8/19__

<table>
<tr><td>Name</td><td colspan="2">(Check One)</td></tr>
<tr><td></td><td>Pay</td><td>Comp Time</td></tr>
<tr><td>Mary Jeter</td><td></td><td>✓</td></tr>
</table>

Comp 1 hr at 1½ = 1.50

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

8 · 28 · 01
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000175

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Youth Court Family Guidance_

Overtime is to be worked on _Monday 8/23_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |

_Mary W Jeter_

Comp 4 hrs at 1½ = 6

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

_8·26·99_
Date

**APPROVED:**

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000176

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____1_____ hour(s) overtime for the purpose of _Home Detention_

_____

_____

Overtime is to be worked on ___8/25/04___

|  | Name | (Check One) | |
|---|---|---|---|
|  | | Pay | Comp Time |

_Mary W Jeter_

Comp 1 hr at 1½ = 1.50

_____      _____✓

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department
_S J Watts_
Signature of Supervisor
8-26-04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000177

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: _MARY Jeter / Juv. Probation Off. II_    YOUTH FACILITY
         (Employee)         (Classification)              (Department)

Pay Period Beginning _8-30-04_          Ending _9-12-04_

I am a  (4 hr ___)  (8 hr X )  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am    Exempt (E) ___   Non-exempt (NE) X  Partially Exempt (PE) ___  employee.

| | | 1st WEEK | 2nd WEEK | |
|---|---|---|---|---|
| MONDAY | 30 | 11.75 | 6 H | A - Annual leave |
| TUESDAY | 31 | 9 | 7 8S | S - Sick Leave |
| WEDNESDAY | 1 | 8 | 8 10 | C - Compensatory Leave |
| THURSDAY | 2 | 8 | 9 8 | H - Holiday |
| FRIDAY | 3 | 8 | 10 8 | O - Other Paid Leave (explain) |
| SATURDAY | 4 | OFF | 11 OFF | Off Day - Regular Off Day |
| SUNDAY | 5 | OFF | 12 OFF | |
| TOTAL HOURS | | 44.75 | 42 | |
| ACTUAL WORK HOURS | | 44.75 | 26 | |

_I am entitled to and elect_ :

_2_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_4.75_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave. (subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary Jeter_                                    _9-12-04_
EMPLOYEE SIGNATURE                                Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _86.75_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Youth Court Group Session & Home Detention Calls after hours_

_Gene R. Harwell_                          _9-12-04_
Appointing Authority  Dept. Head          Date

APPROVAL: _____        _____
Per 300      Administrator, County Commission        Date                    2/2/00

DEFENDANT'S EXHIBIT 15

MCC/Jeter
000178

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work _____ 3.75 (bi) _____ hour(s) overtime for the purpose of _Youth_ _Court (group session)_

Overtime is to be worked on __8/30/04__

| | (Check One) | |
|---|---|---|
| **Name** | Pav | **Comp Time** |
| _Mary Jeter_ | | ✓ |

3.75 hrs @ 1½ x's
1.88 (½)
5.63

Signature of Employee

**YOUTH FACILITY**
Department

Signature of Supervisor

8-31-04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000179

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
_____1_____ hour(s) overtime for the purpose of *Home Detention*

Overtime is to be worked on  8/31/04

| Name | (Check One) | |
|---|---|---|
| | Pay | Comp Time |

*Mary Jeter*

1.00 hrs @ 1½ X's
= 1.50 hrs

*Mary W Jeter*
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

9·18·04
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000180

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_2_ hour(s) overtime for the purpose of _Detention_

_calls YouthCourt_

Overtime is to be worked on _Sept 8, 2004_ .

| Name | (Check One) |
| --- | --- |
| | Pay    Comp Time |

_Mary W. Jeter_

2.00 hrs @ Reg.

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_S. J. With_
Signature of Supervisor

_9.8.04_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000181

OVERTIME CERTIFICATION

TO: MONTGOMERY COUNTY COMMISSION

FROM: *Mary Jeter*   *Juvenile Probation Officer II*   YOUTH FACILITY

      (Employee)      (Classification)      (Department)

Pay Period Beginning __11-22-04__     Ending __12-05-04__

I am a  (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___   employee.

| | 1ST WEEK | 2ND WEEK | | I am entitled to and elect: |
|---|---|---|---|---|
| MONDAY | 22  8 | 29  8 | A - Annual leave | _10_ hours of compensatory time to be given at straight time. |
| TUESDAY | 23  8 | 30  8 | S - Sick Leave | |
| WEDNESDAY | 24  10 | 1  8S | C - Compensatory Leave | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 25  H/2 | 2  8C | H - Holiday | ___ hours of compensatory time at 1½ times the number of hours. |
| FRIDAY | 26  H/2 | 3  8 | O - Other Paid Leave (explain ) | ___ hours of overtime pay at 1½ times my regular rate of pay. |
| SATURDAY | 27  2 | 4  OFF | Off Day - Regular Off Day | |
| SUNDAY | 28  2 | 5  OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | 50 | 40 | | ___ law enforcement holiday leave. |
| ACTUAL WORK HOURS | 34 | 24 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have actually worked over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

*REGULAR WORK DAYS:* Indicate number of hours worked. *LEAVE WITH PAY DAYS:* Indicate number of hours and type of leave.

*Mary Jeter*                                                    __12-05-04__
EMPLOYEE SIGNATURE                                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __90.00__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) *Home Detention Calls*

*Gary P. Harrell*                                              __12-05-04__
Appointing Authority   Dept. Head                              Date

APPROVAL:
Per 300      Administrator, County Commission .                          Date        2/2/00

DEFENDANT'S EXHIBIT No. JETER

MCC/Jeter
000198

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ *10* _____ hour(s) overtime for the purpose of _____

*Home Detention Calls after hours*

*d Holidays    (2 hrs per day)*

Overtime is to be worked on *Nov. 24-28, 2004* .

Name

*Mary Wygler*

*10.00 hrs Reg.*

(Check One)

Pay          Comp Time

_____          _____ ✓

*Mary Wygler*
Signature of Employee

YOUTH FACILITY
Department

_____
Signature of Supervisor

_____
Date

APPROVED:

*Kim R Howell*
Appointing Authority/Department Head

*12/3/04*
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000199

TO: MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter / Juv. Prob. Off. II_ , YOUTH FACILITY
       (Employee)      (Classification)      (Department)

Pay Period Beginning _3/14/05_      Ending _3/27/05_

I am a (4 hr ___) (8 hr _X_) (10 hr ___) (11.5 hr ___) (other ___) employee.

I am   Exempt (E) ___   Non-exempt (NE) _X_   Partially Exempt (PE) ___ employee.

| | 1ˢᵗ WEEK | | 2ⁿᵈ WEEK | | |
|---|---|---|---|---|---|
| MONDAY | 14 | 12 | 21 | 8 | A - Annual leave |
| TUESDAY | 15 | 10 | 22 | 8½ | S - Sick Leave |
| WEDNESDAY | 16 | 10 | 23 | 8A | C - Compensatory Leave |
| THURSDAY | 17 | 9 | 24 | 8 | H - Holiday |
| FRIDAY | 18 | 8 | 25 | 10 | O - Other Paid Leave (explain) |
| SATURDAY | 19 | OFF | 26 | 2 | Off Day - Regular Off Day |
| SUNDAY | 20 | OFF | 27 | 2 | |
| TOTAL HOURS | | 49 | | 46 | |
| ACTUAL WORK HOURS | | 49 | | 30 | |

_I am entitled to and elect:_

_6_ hours of compensatory time to be given at straight time.

_____ hours of overtime pay at my regular rate of pay.

_9_ hours of compensatory time at 1½ times the number of hours.

_____ hours of overtime pay at 1½ times my regular rate of pay.

_____ law enforcement non-overtime regular pay or holiday pay.

_____ law enforcement holiday leave.
(subtract from total pay hours)

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have <u>actually worked</u> over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W. Jeter_                      _3/27/05_
  EMPLOYEE SIGNATURE                      Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty _95_ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Teen Court +_ _(Home Detention Duties)_

_Gary R. Howell_   Dept. Head                _3/27/05_
Appointing Authority                      Date

APPROVAL:
Per 300   Administrator, County Commission                Date        2/2/00

DEFENDANT'S EXHIBIT

MCC/Jeter
000213

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

...ission is hereby requested that the following employee be permitted to work

_4_ hour(s) overtime for the purpose of _Youth_

_Court Home Detention_

Overtime is to be worked on _March 14, 2005_

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time ✓ |

_Comp 4 hrs at 1½ = 6_

_Mary W Jeter_
Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

_3.10.05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000214

 

## MONTGOMERY COUNTY COMMISSION
### OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work _____ hour(s) overtime for the purpose of _Youth_ _Court Special Project / Home Detention_

Overtime is to be worked on ___3/15/05___

| Name | (Check One) | |
| --- | Pay | Comp Time |
| _Mary Jeter_ | | _✓_ |

Comp 2 hrs at 1½ = 3

_Mary Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Signature_
Signature of Supervisor

_3·16·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000215

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work
_2 hours_ hour(s) overtime for the purpose of _Youth (nut_
_Home Detention (Special project)_

Overtime is to be worked on _March 16, 2005_.

|  | (Check One) |  |
|---|---|---|
| Name | Pay | Comp Time |
| _Mary W Jeter_ |  | ✓ |

_Comp 2 hrs at 1½ = 3_

_Mary W Jeter_
Signature of Employee

**YOUTH FACILITY**
Department

_Signature_
Signature of Supervisor

_3·18·05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000216

# MONTGOMERY COUNTY COMMISSION
## OVERTIME APPROVAL



Permission is hereby requested that the following employee be permitted to work

_____ hour(s) overtime for the purpose of _Youth Court_

_____

Overtime is to be worked on _March 17, 2005_ .

| Name | Pay | **(Check One)** Comp Time |
|------|-----|---------------------------|
| _Mary W____ | | _✓_ |

_Comp 1 hr at 1½ = 1.50_

_Mary W____
Signature of Employee

**YOUTH FACILITY**
Department

_F____
Signature of Supervisor

_3.8.05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime
Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000217



MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_____ 6 _____ hour(s) overtime for the purpose of _Home_

_Detention Holiday Coverage_

Overtime is to be worked on _3/25/05 — 3/28/05_

Comp 6 hrs at Reg

| Name | | Pay | Comp Time |
|------|--|-----|-----------|

(Check One)

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

3.25.05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000218

OVERTIME CERTIFICATION

TO:   MONTGOMERY COUNTY COMMISSION

FROM: _Mary Jeter/Juv. Prob. Off. II_ / YOUTH FACILITY
          (Employee)          (Classification)          (Department)

Pay Period Beginning __06-06-05__    Ending __06-19-05__

I am a   (4 hr ___)  (8 hr _X_)  (10 hr ___)  (11.5 hr ___)  (other ___)  employee.

I am   Exempt (E) ___  Non-exempt (NE) _X_  Partially Exempt (PE) ___  employee.

| | | 1ST WEEK | 2ND WEEK | | I am entitled to and elect : |
|---|---|---|---|---|---|
| MONDAY | 6 | H 8 | 13  8 | A - Annual leave | ___ hours of compensatory time to be given at straight time. |
| TUESDAY | 7 | 8 | 14  8 | S - Sick Leave | 8 |
| WEDNESDAY | 8 | 8 | 15  8 | C - Compensatory Leave | ___ hours of overtime pay at my regular rate of pay. |
| THURSDAY | 9 | 8 | 16  8 | H - Holiday | |
| FRIDAY | 10 | 10 | 17  8 | O - Other Paid Leave (explain ) | ___ hours of compensatory time at 1½ times the number of hours. |
| SATURDAY | 11 | 2 | 18  OFF | Off Day - Regular Off Day | 6  hours of overtime pay at 1½ times my regular rate of pay. |
| SUNDAY | 12 | 2 | 19  OFF | | ___ law enforcement non-overtime regular pay or holiday pay. |
| TOTAL HOURS | | 54 | 40 | | ___ law-enforcement holiday leave. |
| ACTUAL WORK HOURS | | 46 | 40 | | (subtract from total pay hours) |

**EMPLOYEE CERTIFICATION:** I have been required by my Appointing Authority to work overtime as shown during the above payroll period and in accordance with Section 17 of Act 2280, Regular Session 1971, I do hereby certify that I have worked the actual number of hours shown. I understand that to be entitled to Fair Labor Standards Act (the Act) overtime pay or compensatory time at the time and one-half rate I must be a non-exempt employee and I must have _actually worked_ over 40 hours in the 7 day work week or for partially exempt employees in law enforcement activities, which for purposes of the act includes security personnel in corrections institutions, over 86 hours in the 14 day work period. I also understand that Act 167, Third Special Session, provides overtime on a straight time basis for "any work performed over forty (40) hours per week, on holidays or beyond the normal tour of duty, including any time spent in required attendance at court, when the time of such attendance is not within the normal tour of duty or work hours" for all exempt, including exempt correctional employees, and non-exempt classified employees except law enforcement employees as defined by Ala. Code § 36-21-6 who are subject to the overtime provisions of Ala. Code § 36-21-4.1.

_REGULAR WORK DAYS:_ Indicate number of hours worked. _LEAVE WITH PAY DAYS:_ Indicate number of hours and type of leave.

_Mary W. Jeter_                                                    _6-19-05_
EMPLOYEE SIGNATURE                                              Date

**APPOINTING AUTHORITY CERTIFICATION:** I hereby certify that it has been necessary in the public interest for the above named employee to work overtime during this payroll period, and in accordance with Section 17 of Act No. 2280 of the 1971 Legislature of Alabama do hereby certify that this employee has been on duty __94__ actual work hours and is entitled to overtime compensation. This overtime was required for the following reason(s) _Weekend + Holiday Zone detention Duties_

_Terri R. Rowell_  Dept. Head                        _6-19-05_
Appointing Authority                                  Date

APPROVAL: _____
Per 300    Administrator, County Commission          Date                2/1/00

DEFENDANT'S EXHIBIT 18

MCC/Jeter
000230

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_8_ hour(s) overtime for the purpose of _Holiday_ _Bonus detention_

Overtime is to be worked on _June 6, 2005_

Name

_Mary W Jeter_

Pay 8 hrs at Reg

(Check One)

Pay ___ Comp Time ___

_Marilyn W Jeter_
Signature of Employee

YOUTH FACILITY
Department

_Stewart_
Signature of Supervisor

_6-7-05_
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:    In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000231

MONTGOMERY COUNTY COMMISSION
OVERTIME APPROVAL

Permission is hereby requested that the following employee be permitted to work

_6_ hour(s) overtime for the purpose of _Home Detention Fri 2hrs Sat 2hrs Sun thru (2 hrs each day)_

Overtime is to be worked on _Weekend 10 - 12_

| Name | | (Check One) |
|------|------|------|
| *Marilyn Jeter* | Pay ___ | Comp Time ___ |

Pay 6 hrs at 1½

| 10th | 11th | 12th |
|------|------|------|
| 2 | 2 | 2 |

Signature of Employee

YOUTH FACILITY
Department

Signature of Supervisor

6·13·05
Date

APPROVED:

_____
Appointing Authority/Department Head

_____
Date

NOTE:     In and out time must be on sign-in sheet/time card and the Overtime Certification must be signed to receive credit for overtime.

FORM: 101-434

MCC/Jeter
000232

## AFFIDAVIT OF MARY JETER

STATE OF ALABAMA         )
COUNTY OF MONTGOMERY )

Personally appeared affiant, MARY JETER, who being duly sworn, says:

1.  This affidavit is given on the basis of the affiant having knowledge pertaining to the overtime pay owed by Montgomery County, from June 2002 through April 2006 for home detention calls made every night, five days a week, in excess of the 40 hours I worked.

2.  My address is: 6016 Bolingbrook Drive, Montgomery AL 36117 and my phone number (334) 244-9715.

3.  I was never told I could be paid overtime for this work, and I did not volunteer to do the work. I was not offered comp time, either, unless I covered for another employee.

4.  I retained an attorney to begin negotiating for a settlement of my unpaid overtime in March 2006.  The program sent me no more referrals after my questions about overtime, and began paying me for 15 minutes of overtime for the calls that were made at night.

5.  White employees Phoenix Martin and Amanda Ashurst were paid overtime when they took over my duties when I was out of town.

6.  I reviewed through some records to reconstruct some of the cases for which I made Home Detention calls, and I submitted these, through my attorney, to the County Attorney. Our discussions continued through August, but the County Attorney did not act in good faith.



7.  The county attorney offered a small amount to settle my claims, which

indicates the Montgomery County Commission was fully aware of my claim,

$ 73,167.50 MJ

which in my best estimate is ~~$59,989.50~~

Mary Jeter, Affiant

STATE OF ALABAMA }
MONTGOMERY COUNTY }

Before me the undersigned, a Notary Public in and for said County and State,
this day personally appeared affiant, who is known to me, and who being first
duly sworn deposes and says that the matters and things alleged in the foregoing
affidavit are true as therein averred.

Affiant

Sworn and subscribed before me this 26th day of January, 2007.

Notary Public
My commission expires   8/25/07

6 04:45P FROM:P B DUNCAN & ASSOC    3342649643                TO:2614132                 P.6/8

# PRISCILLA BLACK DUNCAN

### ATTORNEY & COUNSELOR


Bruce Howell/ Steve Wooten
Montgomery County Youth Facility
111 lAir Base Boulevard
Montgomery AL 36108

January 31, 2006

RE: Unpaid overtime for Mary Jeter

Dear Sirs:

I have been retained to represent Ms. Jeter, Youth Counselor II, in pursuit of her unrecompensed overtime worked from June 1, 2002, to the present, as a part of the Home Detention Program. Ms. Jeter has performed this nightly calling in addition to her 40 hours of scheduled weekly work and, we believe she is entitled to back pay for the entire period.

We would like to discuss this matter with you as soon as possible.

Sincerely,

Priscilla Black Duncan



P.B. DUNCAN & ASSOCIATES, L.L.C.
472 S. LAWRENCE STREET • SUITE 204 • MONTGOMERY, ALABAMA 36104
POST OFFICE BOX 1603 • MONTGOMERY, ALABAMA 36102
PHONE (334) 264-9679 • FAX (334) 264-9643 • E-MAIL: HELZPHAR@MINDSPRING.COM

MCC/Jeter
000270

1111 Airbase Blvd.
P.O. Box 9219
Montgomery, Ala. 36108

**Montgomery County
Family Court – Juvenile
Division**

# Memo

**To:**  All MCYF STAFF

**From:** Bruce R. Howell

**Date:** 7/5/2006

**Re:**  **Work day, payroll and shift procedures**

---

Every so often it is time to revisit our workday procedures and to make sure that everyone understands what is expected:

1. For the 8am to 5pm employees, that is what it means. If you are going to be sick or late for work, you must talk to your supervisor or another supervisor that has been designated. No voice messages are to be left on your supervisor's phone. Do not advise the switchboard or central control and expect the message to be forwarded.

2. 8-5 employees cannot call their supervisors and say that you want to come in late and work past 5pm. If you have enough work that requires overtime, then it must be approved in advance by your supervisor and likewise you must take leave if you are not here from 8-5.

3. You cannot call your supervisor and say I want to take my lunch from 8am to 9am or from 4pm to 5pm. If you are late for work or want to leave early – get approval from your supervisor and then sign a leave slip. Lunch breaks for 8-5 employees are to be taken from 11am to 2pm and are only one hour in length. Each employee should take a daily lunch hour.

4. Shift employees that work a 9hr. day can schedule a meal break with their supervisor. But you must take a break and not shorten your shift

5. Shift workers that work 8hrs cannot take an hour break, but can eat at their work areas as always.

6. There will not be any reoccurring flex time unless the employee makes a request in writing and it is approved by their supervisor and me

7. Special projects and meetings may require a flex shift at times and those occasions can be approved by your supervisor.

8. The sign in sheets must be kept accurate by the employee. If you do not sign in then Lynn Peavey must assume you are not at work. It is the responsibility of each employee and their supervisor in the employee's absence to maintain the payroll sheet.

9. If you are out in the field visiting clients or work sites in the late afternoon, then remember that your caseload module must reflect your work efforts. Your supervisor should know your whereabouts at all times for safety reasons. The sign in sheet at the switch board or at Intake should be kept accurate. If for example you have signed out for 1pm until 3pm and are running late call the switchboard and advise them of your new estimated time of arrival



IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                     }

       Plaintiff,          }

v.                       }      CASE NO. 2:06cv1043-MHT

MONTGOMERY COUNTY,    }

       Defendant.      }

## AFFIDAVIT OF PHOENIX R. MARTIN

I, Phoenix R. Martin, first duly sworn, deposes and says on oath as follows:

1.     My name is Phoenix R. Martin, and I am over the age of nineteen years and competent to give the following affidavit. I am employed as a Probation Officer at the Montgomery County Youth Facility. The following affidavit is based on personal knowledge.

2.     I have been the Program Director for the Weekend Adolescent Intensive Treatment (WAIT) Program at the Montgomery County Youth Facility for approximately eight years. The WAIT Program was established to provide training/treatment to youths at the Montgomery County Youth Facility. This program is a full time program that is in operation the entire year. The program requires the youths to attend classes at the youth facility on Saturdays and Sundays from 8:30 a.m. to 3:30 p.m. Classes are provided on life skills training, career training, alcohol/drug abuse, decision-making, domestic violence, sexually transmitted diseases, AIDS awareness and birth control. I am at the Youth Facility every Saturday and Sunday working on the WAIT Program.

1

3.    My work hours in 2002-2006 were as follows for a total of 40 hours per week:

|             |                      |
|-------------|----------------------|
| Monday-     | off                  |
| Tuesday-    | off                  |
| Wednesday-  | 8 a.m. – 5 p.m.      |
| Thursday-   | 8 a.m. – 12 p.m.     |
| Friday-     | 8 a.m. – 5 p.m.      |
| Saturday-   | 6:30 a.m. – 5:30 p.m. |
| Sunday-     | 6:30 a.m. – 5:30 p.m. |

In addition to my WAIT Program duties, I also handle a Consent Decree case load. In these cases, there is an agreement between the court, the youth and his/her family, and the youth's case is not prosecuted before the court so long as the conditions of the consent decree are met. I also am responsible for issuing written materials to the youths who are required to take the shoplifting classes, and for grading their tests. I perform these duties Wednesday through Friday along with the duties related to the Consent Decree case load, and any paperwork that I need to do for the WAIT Program

4.    In 2002, I was asked to make home detention calls to youths on home detention on the weekends, Friday, Saturday and Sunday. I was already working on these days anyway. My supervisor, Steve Wooten, told me to make the calls at different times, and to mix it up. I made the home detention calls during my regular work hours on Friday, Saturday and Sunday. I am only aware of one occasion when I made a call on my regular work day that was after hours. I submitted an overtime request form for this work (2 hours) and was paid.

5.    Mary Jeter was responsible for making the calls to youths on home detention Monday through Thursday. On some occasions, Ms. Jeter would be out and I would cover for her by making the home detention calls on Mr. Jeter's days, Monday –

2

Thursday. Whenever I did this, I submitted a form for overtime pay or compensatory leave and was paid or received leave. Ms. Jeter also covered for me on some occasions by making calls to the youths on my usual home detention days – Friday, Saturday and Sunday. It is my understanding that Ms. Jeter also submitted her overtime forms for these calls. Ms. Jeter and I spoke on more than one occasion about the home detention program and we both agreed that it was not an effective program because when you called the youths, you could not be certain that you were in fact speaking to the person you asked for. I also discussed this with my supervisor, Steve Wooten, and he agreed that the program was not an effective way to monitor the youths on home detention. I was not surprised when they stopped the home detention program because we knew that it was not effective.

6. My work hours were recently changed so that I now work a split schedule. I work 40 hours each week on Wednesdays, Fridays, Saturdays and Sundays. I am off on Monday, Tuesday and Thursday. If I have to go to court on one of my off days, it causes me to work over 40 hours per week and I am eligible to receive either overtime pay or compensatory leave.

*Phoenix R Martin*

**Phoenix R. Martin**
**Probation Officer**
**Montgomery County Youth Facility**

STATE OF ALABAMA          *
                          *
MONTGOMERY COUNTY         *

I, Lynn Peavey, a Notary Public in and for said County, in said State, hereby certify that Phoenix R. Martin, whose name is signed to the foregoing report, and who is known to me, acknowledged before me on this day that, having read the contents of this document, she executed the same on the day the same bears date.

3

Given under my hand and official seal this 21$^{st}$ day of November , 2007.

*Lynn Henley Peavley*
Notary Public
My commission expires 7|27|08

29279

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                          )
                                     )
    Plaintiff,                   )
                                     )
vs.                                  )          Civil Action No. 2:06cv1043-MT
                                     )
COUNTY OF MONTGOMERY,                )
                                     )
    Defendant.                   )

### AFFIDAVIT OF STEVE WOOTEN

1.    My name is Steve Wooten and I am employed as a Juvenile Probation Supervisor at the Montgomery County Youth Facility. The following affidavit is based on personal knowledge.

2.    Mary Jeter is employed as a Probation Officer at the Montgomery County Youth Facility. I have been Ms. Jeter's supervisor for several years. I also supervise several other line probation officers at the facility. I report directly to Bruce Howell, the Chief Probation Officer.

3.    Several years ago, Ms. Jeter told me that she was burned out from handling a full case load. I asked Ms. Jeter if she would be interested in working on Youth Court, and she said that she was. After this conversation, Ms. Jeter was put in charge of Youth Court. At some point Ms. Jeter was also put in charge of the interns we had at the facility. She no longer was handling a full case load.

1

4.      Youth Court is a program where youths charged with offenses agree to go through a judicial process that includes a court appearance, and sentencing conducted by volunteer students from schools in the area and adult volunteers from the legal community. The Youth Court program was not a full-time program.  The program was active for approximately six months each year. In September, we recruited students for the program. In October the students were trained.  Court sessions started in November and lasted until April.  Court sessions were held on Thursday evenings.  After the first of the year, court sessions were only held every other Thursday night.  In late spring, early summer of 2006, we added a summer session to Youth Court which entailed training in June and sessions in June and July. In the summer of 2007, we continued this schedule.

5.      In approximately June of 2002, home detention calls were also assigned to Ms. Jeter. She was the most logical person to make these calls because she had the lightest work load of all of the probation officers.  Ms. Jeter was to make the calls on her regular work days, Monday - Thursday.  Home detention calls were also assigned to Probation Officer Phoenix Martin who was to make the calls on the weekends.  They did not have to make the calls at any certain time.  I told them they could make the calls during their regular work hours, but they needed to pick different times to call so that the youths would not be expecting calls at a certain time.  In the event the officers worked over 40 hours per week, I assumed they would turn in overtime forms as they had done in the past.

2

In fact, both Ms. Jeter and Ms. Martin requested overtime pay or compensatory leave for home detention calls which I approved as their supervisor. Ms. Jeter also flexed her hours while making the home detention calls. She had also flexed her hours in the past. She came in after 8:00 a.m. or left before 5:00 p.m. on some days when she had worked extra hours that week. I never told Ms. Jeter that she could not get overtime pay or compensatory leave, or flex her hours when making the home detention calls. To the best of my knowledge, every time Ms. Jeter submitted a request for overtime pay or compensatory leave for making home detention calls, it was granted. I never suffered or permitted Ms. Jeter to work over 40 hours a week without overtime compensation or compensatory leave.

6.      Eventually the home detention program was discontinued. The home detention program was not an effective way to monitor youths at home because the officer calling could not verify the identify of the person speaking. It was also only a snapshot of a very small segment of time which was really of very little value. We continued the program for as long as we did because Judge Dorrough wanted the program. Over the last couple of years, I have been involved in ongoing discussions with Bruce Howell about trying to implement electronic monitoring of youths. It is the general consensus that this is the most reliable and valid way to monitor the youths at home. It is my understanding

3

that implementation of a partnership with other agencies and/or funding have not materialized at this time.

7.     In December of 2006, Ms. Jeters work hours for Youth Court were changed to a flex schedule for 40 hours per week. This was done because Youth Court was Ms. Jeters primary duty and it was not feasible for Ms. Jeter to regularly work overtime each week while performing her primary duties. I met with Ms. Jeter and we worked out a schedule for Youth Court where she would work a flex schedule of 40 hours per week while doing Youth Court. She works Tuesday, Wednesday, Thursday and Friday during Youth Court weeks for a total of 40 hours per week. She is off Saturday, Sunday and Monday. She chose Monday as her additional day off during Youth Court week. This was part of a larger effort to reduce the overtime expense of the facility. Other employees besides Ms. Jeter have been affected. For example, Rosalyn Godwin assists Ms. Jeter on Youth Court, however, Youth Court is not her primary job. Ms. Godwin used to stay after 5:00 p.m. for Youth Court and received either overtime pay or compensatory leave. Ms. Godwin no longer works after hours to assist Ms. Jeter on Youth Court.

8.     Ms. Jeter is still able to receive overtime during Youth Court if she works on her off day, or if a holiday falls on her off day, For example, last week we had a holiday on Monday for Veteran's Day. Ms. Jeter did not work, but she received 8 hours at time and a half because her off day fell on a holiday. When Youth Court is not in session, Ms. Jeter works her regular schedule of 8:00 a.m. to 5:00 p.m., Monday through Friday.

4

_Steve Wooten_
Steve Wooten

**STATE OF ALABAMA**          )
**COUNTY OF MONTGOMERY**      )

I, _____Glenda Tyree_____, a Notary Public in and for said county and state, do hereby certify that on the date appearing above, Steve Wooten, being of lawful age, who is known personally to me to be the same Steve Wooten whose name is subscribed to the above and foregoing Affidavit, appeared before me in person and acknowledged that he has read the foregoing Affidavit and that he signed said Affidavit as his own free and voluntary act for the use and purpose therein set forth on the day the same bears date.

Given under my hand and seal, this the _20th_ day of November, 2007.

_Glenda Tyree_
Notary Public:
My Commission Expires: _____12/13/08_

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                              }
                                         }
        Plaintiff,                       }
                                         }
v.                                       }        CASE NO. 2:06cv1043-MHT
                                         }
MONTGOMERY COUNTY YOUTH                  }
FACILITY and BRUCE HOWELL,               }
                                         }
        Defendants.                      }

**AFFIDAVIT OF BEVERLY RIDDLE WISE**

I, Beverly Riddle Wise, first duly sworn, deposes and says on oath as follows:

1.      My name is Beverly Riddle Wise, and I am over the age of nineteen years
and competent to give the following affidavit. I am employed as a Juvenile Probation
Supervisor at the Montgomery County Youth Facility. I have been employed in this
position for approximately 21 years, and have been employed by the Youth Facility for
the last 30 years. The following affidavit is based on personal knowledge.

2.      Steve Wooten and I serve as the two supervisors for all probation officers
at the Montgomery County Youth Facility. As a supervisor, it is my job to know the
whereabouts of all probation officers in the event they are needed for any reason. The
probation officers come and go from the youth facility frequently, and we have a sign-
in/sign-out sheet at the receptionist's desk that they sign whenever they leave the facility
so we will know where they can be reached and when they plan to return. This sign-
in/sign-out sheet is used for safety reasons, and so that we will know where the
probations officers are in the event we need them. I often receive telephone calls from

1

individuals who need to speak with one of the probation officers and this sign-in/sign-out sheet is a way to find out where they are and when they will return.

3.      I am aware that Mary Jeter has filed a lawsuit against her employer Montgomery County claiming that she was retaliated against after she filed a claim regarding overtime.  It is my understanding that Ms. Jeter claims that I was spying on her when I checked the sign-in/sign-out sheets at the receptionist's desk when she was out of the office one day.  I do not recall checking these sign-in/sign-out sheets specifically to see where Ms. Jeter was, however, it is my job to know the whereabouts of the probation officers and I regularly check these sign-in/sign-out sheets to see where the probation officers are.  The sign-out sheet is not done to spy on anyone, but is maintained in order to know where the probation officers are and to know when they plan to return.

*Beverly Riddle Wise*

**Beverly Riddle Wise**
**Juvenile Probation Supervisor**
**Montgomery County Youth Facility**

STATE OF ALABAMA          *
                          *
MONTGOMERY COUNTY         *

I, GLENDA Tyree , a Notary Public in and for said County, in said State, hereby certify that Beverly Riddle Wise, whose name is signed to the foregoing report, and who is known to me, acknowledged before me on this day that, having read the contents of this document, she executed the same on the day the same bears date.

Given under my hand and official seal this 20th day of November , 2007.

*Glenda Tyree*
Notary Public
My commission expires 12/13/08

29279

2

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                                    }
                                               }
     Plaintiff,                               }
                                               }
v.                                             }          CASE NO. 2:06cv1043-MHT
                                               }
MONTGOMERY COUNTY,                             }
                                               }
     Defendant.                               }

## AFFIDAVIT OF LYNN PEAVEY

I, Lynn Peavey, first duly sworn, deposes and says on oath as follows:

1.      My name is Lynn Peavey, and I am over the age of nineteen years and competent to give the following affidavit. I am employed as the Administrative Secretary at the Montgomery County Youth Facility. It is my job to oversee the processing of payroll for all employees at the facility. I am also responsible for handling any requests for FMLA by employees at the facility. The following affidavit is based on personal knowledge.

2.      On or about July 23, 2007, I received a note on the letterhead of East Montgomery Family Practice, signed by "Kieth S. Hughes, M. D." This first caught my attention because "Keith" was misspelled. When this was given to me, Ms. Jeter was at work and the letter read, "I have been treating Ms. Jeter for anxiety related to work stress and I am recommending that she take some time off from work." Ms. Jeter was not off, but instead was still at work. Based on the lack of information, I phoned the office of Dr. Hughes to ask if Ms. Jeter should be at work. I first called Dr. Hughes' office on July 25th and spoke to Wendy. Wendy said she would call me back that afternoon, but she did not. On July 26th, I spoke to Kayla, office manager. I explained that due to liability issues and based on the note

1

from Dr. Hughes, if Ms. Jeter should not be at work we needed to send her home. I asked her

what she would do if she received a note like this that did not state a date to be off work or a

date to return and whether or not the employee was able to work. She informed me that she

wrote just what Ms. Jeter asked her to write. She also stated that Ms. Jeter had a note in her

file that no medical information was to be given to her employer.

3.    Because the doctor's note was so vague, I mailed (Certified Mail) Ms. Jeter's

FMLA papers on July 31st. On August 9th I gave her a second set of FMLA papers. On

August 31st, my supervisor Bruce Howell issued a memo to Ms. Jeter stating that her FMLA

had been granted and her FMLA leave would run concurrently with her paid sick leave.

4.    It is my understanding that Ms. Jeter claims that my actions in contacting her

physician's office constitute harassment or retaliation. This is not true. It is my job to process

leave requests. I was merely following up with Ms. Jeter's physician for information about

when the leave was to start and end, and if Ms. Jeter was able to work since she was still at

the facility. I have contacted physicians' offices in the past regarding other employees when I

felt we needed clarification or additional information.


**Lynn Peavey**
**Administrative Secretary**
**Montgomery County Youth Facility**


STATE OF ALABAMA            *
                            *
MONTGOMERY COUNTY           *

I, GLENDA TYREE, a Notary Public in and for said County, in said State, hereby
certify that Lynn Peavey, whose name is signed to the foregoing report, and who is known to

2

me, acknowledged before me on this day that, having read the contents of this document, she executed the same on the day the same bears date.

Given under my hand and official seal this *20th* day of *November*, 2007.

*Glenda Tyree*
Notary Public
My commission expires *12/13/08*

29279

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,                                    )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )     CASE NO. 2:06cv1043-MHT
                                               )
MONTGOMERY COUNTY YOUTH                        )
FACILITY and BRUCE HOWELL,                     )
                                               )
        Defendants.                            )

**AFFIDAVIT OF JAMES A. BUFORD, JR.**

I, James A. Buford, Jr., first duly sworn, deposes and says on oath as follows:

1.      My name is James A. Buford, Jr., and I am over the age of nineteen years and competent to give the following affidavit.

2.      I am Division Director at Ellis-Harper Management, 337 East Magnolia Avenue, Auburn, Alabama  36830.  A copy of my vitae is also attached.

3.      This report addresses the claim brought against the Montgomery County Commission by Ms. Mary Jeter, in which she seeks to recover overtime pay for making after-hours calls to youths in home detention from June, 2002 until the end of 2005.  Ms. Jeter is employed in the title Youth Counselor II at the Montgomery County Youth Facility.  Her immediate superior is Mr. Steve Wooten, Probation Supervisor, who reports to Mr. Bruce Howell, Juvenile Detention Director.

4.      In preparing this document I relied on the following sources of information:  Interviews with Howell, Wooten and Ms. Betty Ingram; Ms. Jeter's Amended Complaint, Ms. Jeter's deposition transcript including exhibits; and overtime

1

certifications submitted by Ms. Jeter and Ms. Phoenix Martin. I also relied on personal knowledge of County (including the Youth Facility) and Personnel Department policies and procedures, gained from working with these entities as consultant on classification, pay structures, and pay administration including wage and hour issues since 1996.

5.      Youth Counselor II is a non-exempt classification subject to the overtime provisions of 29 U.S.C. s 207(a) of the Fair Labor Standards Act which prohibits employers from requiring an employee to work more than 40 hours in a workweek unless the employee is compensated for his or her overtime hours at one-and-one half the regular rate of pay (local governments may offer compensatory time at time-and-one half in lieu of overtime pay to a maximum of 240 hours).

6.      Non-exempt employees at the Montgomery Youth Facility are not normally allowed to work over 40 hours in a work week and are required to sign in and sign out to maintain control over hours worked. In most cases employees work a standard 8 hour day, 5 days per week schedule; however, in some situations employees are permitted to work more or less hours in a day as to a maximum of 40 hours in a work week, a practice known as "flex-time." Requests for overtime must be approved in advance and the employee is required to sign a certification form documenting his or her overtime hours at the end of each two-week pay period. Employees who work more than 40 hours in a work week have the option of requesting compensatory time at time-and-one-half or overtime pay at one-and-one-half times his or her regular rate of pay. This form is also used by employees to request compensatory time at straight time or pay at straight time for work over 8 hours in a day when actual work during the work week was less than 40 hours.

2

7.    Prior to 2002 Ms. Jeter's official work hours were 8:00 AM to 12:00 Noon and 1:00 PM to 5:00 PM, Monday through Friday, which is a standard 40-hour work week. However, during 2002, she was assigned to a program known as Teen Court (later changed to Youth Court) which required her to be present at the Youth Facility on certain evenings for Court Sessions. These sessions began at 6:00PM and typically lasted 2-3 hours and occasionally slightly longer. Ms. Jeter was allowed to offset these hours (or other hours that exceeded 8 in a work day) by taking time off from work for an equivalent number of hours during the same work week; i.e., "flex-time," or, if the number of hours worked exceed 40, to request appropriate overtime compensation.

8.    In June, 2002 Howell and Wooten assigned Ms. Jeter the additional task of making calls at random times to juveniles who had been placed in home detention. Ms. Jeter was to make calls on Monday through Thursday and Ms. Phoenix Martin, another employee, made calls on Friday through Sunday. When either employee was absent from work during her assigned calling schedule, the other employee would make her calls. In Ms. Jeter's case such calls were to be made outside of her official work hours, and except for calls made while she was present at Teen Court, they were made from home or other locations away from her employee's premises. This arrangement complies with 29 C.F.R. s 785.23, which addresses working at home. The regulation states that ". . . any reasonable agreement of the parties that takes into account the pertinent facts will be accepted." The procedure for accounting for her time, and when necessary, requesting appropriate overtime compensation was the same as described above.

9.    Both Howell and Wooten have stated that Ms. Jeter understood these procedures and that she was to be properly compensated for any overtime work. This

was also confirmed by Ms. Betty Ingram who was employed as Administrative Assistant and had the responsibility for processing the payroll during the time period covered by the claim.    According to Ms. Ingram, Howell routinely signed off on all overtime certifications, including those submitted by Ms. Jeter.

10.    However, Ms. Jeter contends that this was not the case.  In her deposition she states numerous times that her immediate supervisor, Steve Wooten told her not to request overtime because Bruce Howell would not approve it.  She later qualified this contention saying that overtime could be paid for calls made in certain situations; i.e., calls made for Ms. Martin on Friday through Sunday, calls from the premises when she was involved with Teen (Youth) Court, and calls made while on leave and on holidays. Ms. Jeter stated that she understood flex-time to mean that she could come in late following a day in which she worked more than 8 hours, she still had to work a full schedule of hours; in other words, not offset overtime hours. Ms. Jeter stated that other employees received 2 hours overtime pay for being on call whether they did any work or not. Ms. Jeter acknowledges receiving policy documents and employee handbooks that outline the procedures for approval and payment of overtime but states on P. 174 that while this was the "policy," the "actual principle" was different; in other words, the benefits of the policy were denied to her.

11.    Ms. Jeter indicates that her decision to pursue these claims was related to a County Commission meeting in October, 2005.  During that meeting there was an issue involving a new classification and pay plan that had been adopted several years earlier. Employees whose range maximums were lowered were allowed to remain in the old plan and receive step increases until the new plan "caught up" through periodic adjustments;

4

however the phase-in procedure did not provide for cost-of-living increases to the old plan. This was a point of contention for employees such as Ms. Jeter who had reached the range maximum for their grade (i.e., became "topped out) in the old plan. She stated on P. 66 that after the meeting in which a statement was made that "...we (similarly situated employees) were compensated for everything we did," she began to submit overtime claims for home detention work

12.     To be "properly compensated" for overtime work Ms. Jeter could have elected compensatory time at straight time, compensatory time at 1.5, overtime pay at straight time, or overtime pay at 1.5. From July 22, 2002 through January 16, 2006 Ms. Jeter submitted 60 overtime certifications, covering 69 work weeks for hours worked over 8 in a day and/or hours worked over 40 during a work week covered 69 work weeks. The purpose and hours claimed in these requests is shown in the table below:

| Type of Request | Number | Hours |
|---|---|---|
| Compensatory time @ straight time | 24 | 112.00 |
| Compensatory time @ 1.5 | 34 | 170.00 |
| Overtime pay @ straight time | 6 | 38.50 |
| Overtime pay @ 1.5 | 12 | 78.25 |

A review of these certifications reveals that when Ms. Jeter worked less than 40 hours in a work week she elected compensatory time at straight time or overtime pay at straight time. When she worked more than 40 hours in a work week she elected compensatory time at 1.5 or overtime pay at 1.5.

13.     There were 14 of these certifications that referred to home detention calls. Based on documentation submitted by Ms. Jeter in support of these certifications the requests are as shown below:

| Type of Request | Mon.-Thurs. | Fri.-Sun | Holiday |
|---|---|---|---|
| Compensatory time @ straight time | 2,2 | 2,2,2,2,2,2,2,2 | 2,2,2,2,8,2 |
| Compensatory time @ 1.5 | 1,1,1,4,2,2 | 2,2,2,2, | |
| Overtime pay @ straight time | | 2,4,2,2 | |

5

| Overtime pay @ 1.5 | 4 | 2,2,2,2,2,2,2,2 | |
|---|---|---|---|

The data indicate that Ms. Jeter tended to follow a similar pattern in requesting compensation for overtime work making home detention calls as for overtime work generally, except that she contends that most calls made on Monday through Thursday were made on the premises of the Youth Facility, which cannot be verified. The only certification that referred to home detention calls submitted after October, 2005 requested 8 hours of compensatory time at straight time for calls made on weekends and holidays.

14.    The essential elements of Ms. Jeter's overtime claim is that she was not permitted to request overtime compensation for home detention calls unless they were made during Friday through Sunday or on holidays or were made while she was on the premises of the Youth Facility; that she could not offset these hours with flex-time; and that other employees were treated more favorably in regard to overtime work. In support of that claim she has submitted a reconstructed list of calls made during the approximately 4 year period described above.

15.    The validity of Ms. Jeter's claim assumes the following scenario: Howell and Wooten established and enforced overtime rules covering home detention calls for Ms. Jeter that violated clearly stated County policy; they interpreted flex-time differently than the commonly accepted definition such that Ms. Jeter could not use this practice to offset time spent on her after-hours calls; and they provided preferential overtime arrangements to other employees. However, there are a number of points that cast doubt on Ms. Jeter's version of what took place:

1. All Ms. Jeter's overtime claims for home detention calls were paid, including requests made on Monday through Thursday.

6

2. There is no indication that either Howell or Wooten raised a question regarding whether or not Ms. Jeter was on the premises of the Youth Facility when these calls were made, or, for that matter, why it would have made any difference.

3. Ms. Jeter's certifications indicate that when she worked on the premises after normal hours, she requested and received appropriate overtime compensation. This does not comport with her stated understanding of flex-time.

4. Ms. Jeter's contention that other employees were treated differently is not accurate. She received overtime compensation for making calls on non-duty days on the same basis as Ms. Martin. In regard to on-call pay, this is another arrangement provided for in F.L.S.A. that applies to employees assigned to Intake and not to Ms Jeter (or Ms. Martin).

5. Ms. Jeter acknowledges her claim is related to the decision by the County Commission on cost-of-living increases to employees in the old pay plan in October, 2005, which suggests that her displeasure with County pay practices is related to her rate of pay rather than the handling of overtime pay.

16.    Although Ms. Jeter's version is contradicted by these facts and circumstances, it is necessary to address her reconstructed list of calls. Ms. Jeter stated that she did not keep a record of home detention calls made during the period, and acknowledges problems in recreating the data (names matched with dates and times). Thus it is not possible from her list of calls to determine with reliability which category to assign calls for overtime purposes; i.e., calls made when her supervisors assumed she was offsetting the hours with flex-time, calls made during weeks when the hours worked were less than 40 and calls made when hours worked were greater than 40. Moreover, except for certifications that were submitted as described previously, she failed to report calls contemporaneously with the action as required in official procedures. Where an employer has no knowledge that overtime work was being performed and the employee deliberately withholds such information, the employer's failure to pay overtime hours is

7

not a violation of the F.L.S.A. See, for example, *Wood v. The Mid-America Management Corp.,192 Fed. Appx. 378 (6th Cir. 2006).*

17.     Through my work with the County (including the Youth Facility) and the Personnel Department, I have personal knowledge that officials and managers at all levels understand and are required to comply with County overtime policy and that the County pays all properly submitted overtime claims, including all claims that were submitted by Ms. Jeter. There was no rational basis for Howell or Wooten to have singled out Ms. Jeter for adverse treatment in this regard. Rather both the accounts given by them and supported by Ms. Ingram, and the paper trail suggest that Ms. Jeter was treated fairly and in accordance with County policy in regard to overtime pay.

James A. Buford, Jr.
Division Director
Ellis-Harper Management
337 East Magnolia Avenue
Auburn, AL 36830
(334) 821-0125
October 9, 2007

STATE OF ALABAMA          *
                          *
__LEE__ COUNTY            *

I, __Wilson Etkins__, a Notary Public in and for said County, in said State, hereby certify that James A. Buford, Jr., whose name is signed to the foregoing report, and who is known to me, acknowledged before me on this day that, having read the contents of this document, he executed the same on the day the same bears date.

Given under my hand and official seal this __14th__ day of __November__ 2007.

Notary Public
My commission expires __7/24/08__

8

## VITAE

## James A. Buford, Jr., PhD, PHR, IPMA-CP

## EXPERIENCE

**1995-Present**.    Division Director, Ellis-Harper Management.    Responsible for providing management consulting services to clients including local governments, utilities, business firms, U.S. Military and non-profits.    Services include policy development, designing selection, performance appraisal and compensation systems; advising and assisting with EEO and wage and hour issues including analysis, response to charge, case preparation and court testimony; and training programs in human resource topics including HR functions, performance counseling, supervisory management and sexual harassment.    Have also continued research on workplace sexual climate with the objective of publication of results and licensing of instrument.    Served as Adjunct Professor in Department of Management in the College of Business at Auburn University.    Serve as major professor and/or member of advisory committees for graduate students in human resource management.    Teach in graduate management program at Troy University and graduate public administration program at Auburn University.    Served on doctoral committee at the University of Alabama in Birmingham.    Serve as expert witness on selection, performance appraisal, sexual harassment and pay issues in federal courts in Alabama and Georgia.

**1983-1995.**    Management Scientist and Coordinator of Management Development, Cooperative Extension Service, Auburn University with professorship in Department of Management in the College of Business.    Developed extension programs in human resources management in both public and private sectors.    Activities included technical assistance contracts with firms and organizations, holding workshops and seminars, developing instrument to measure sexual harassment in the workplace writing professional publications and serving as internal consultant to University administration on EEO issues.    Major accomplishments during this period were the development of a 120 hour accreditation program for human resources administrators in local government, generation of approximately $500,000 in extramural funding through contracts, seminars and sales of publications.    Also successfully managed a number of Title VII, ADEA, and EPA cases brought against the University including serving as expert witness.    Received Alumni Association Award of Excellence.

**1971-1983.**    Head, Management Operations, Cooperative Extension Service, Auburn University.    Responsible for human resources management and management information systems for extension system consisting of Alabama A&M University and Tuskegee University.    Major accomplishments during this period included the development of a comprehensive human resources program for the system.    Designed and implemented selection tests and performance appraisal system which met requirements of the "Uniform Guidelines."    Developed statistical model to audit compensation and remove disparities based on race or sex.    Served as consultant to Extension Service-USDA on EEO issues.

1

**1965-1971.**    Extension Specialist, Cooperative Extension Service.    Developed extension programs in for firms in the wood products industry.  Focus of program was technology transfer, management decision making and marketing.    Major accomplishments during this period included early adoption of technology, more efficient operation of processes and informed decision on the part of clientele.  Program was recognized by industry association and served as national model.

## EDUCATION

PhD University of Georgia, 1974 (major in resource management with concentrations in economics, agricultural economics and human resources management).

MS Auburn University, 1965 (major in economics and minor in statistics).  Elected to Gamma sigma Delta and Phi Kappa Phi.

BSF Auburn University, 1960 (major in industrial management and minor in economics). Participant in honors program and elected to Xi Sigma Pi.

Certified by the Human Resource Certification Institute (PHR) in 1979.   Earned lifetime certification in 1999.  Certified by the Public Human Resource Certification Council (IPMA-CP) in 2001.

## PUBLICATIONS

**Books and Related**

James A. Buford, Jr. and Suzette M. Jelinek, "Traditional Pay in Public Organizations: Should we try something else or try doing it right?" in *Human Resource Management: Contemporary Issues, Challenges and Opportunities* (Information Age Publishing: 2007), pp. 441-454.

James A. Buford, Jr., "Identifying and Preventing Sexual Harassment in the Workplace," Seminar series for employees, executives and supervisors, 2007.

James A. Buford, Jr. "Legal Issues in Compensation—Complying with the Fair Labor Standards Act, Equal Pay Act, Age Discrimination in Employment Act and Title VII," Seminar series for human resource administrators, 2007.

James A. Buford, Jr., "Compensation and Benefits," in *Encyclopedia of Public Administration and Public Policy* (New York: Marcel Dekker, 2007).

James A. Buford, Jr., and James R. Lindner, *Human Resource Management in Local Government (*Cincinnati: South-Western, 2002*)*, 485 pp.

James A. Buford, Jr., "Sexual Harassment Evaluation Inventory," © 1996, James A. Buford, Jr.

2

James A. Buford, Jr., Arthur G. Bedeian and James R. Lindner, *Management in Extension*, 3rd Edition, (Columbus, OH: Ohio State University Extension, 1995), 357 pp. First and second editions were published by Auburn University in 1979 and 1987.

Bettye B. Burkhalter and James A. Buford, Jr., Editors and contributors, *Performance Appraisal* (Washington, DC: The American Association of Community and Junior Colleges, 1989), 187 pp.

James A. Buford, Jr., and Arthur G. Bedeian, Part 4. "Staffing and Human Resource Management" in Arthur G. Bedeian, *Management* (Chicago: Dryden, 1993).

**Journal Articles**

James A. Buford, Jr., "Affirmative Action Works," *Commonweal* CXXV (June 19,1998), pp.12-15.

James A. Buford, Jr., "Be Your Own Boss," *Journal of Extension* 31 (Spring, 1993). Available on-line: www.joe.org/joe/1993 spring/fl.html.

James A. Buford, Jr., "Extension Management in the Information Age," *Journal of Extension* 28 (Spring, 1990). Available on-line: www.joe.org/joe/1990 spring/fut2.html.

James A. Buford, Jr., Bettye B. Burkhalter, and Grover T. Jacobs, "Link Job Descriptions to Performance Appraisals," *Personnel Journal* 67 (June, 1988), pp. 135-137.

Bettye B. Burkhalter, James N. Wilmoth, Nathan L. Essex, and James A. Buford, Jr., "Anomalies in Auditing the Compensation Function: Getting Two Sets of Answers form One Set of Data," ERIC (Dept. of Education, ED 261 063, January 8, 1986), 29pp.

Bettye B. Burkhalter, James N. Wilmoth, Nathan L. Essex, and James A. Buford, Jr., "Auditing the Compensation for Race and Sex-Based Salary Differences: Further Needed Refinements," *Compensation Review* 18 (1st Quarter, 1986), pp. 35-42.

James A. Buford, Jr., Bettye B. Burkhalter and James N. Wilmoth, "Auditing the Compensation Function for Sex-Based Salary Differences: Some needed Refinements," *Compensation Review* 15 (3rd Quarter, 1983), pp. 33-41.

Dwight R. Norris and James A. Buford, Jr., "A Content Valid Writing Test: A Case Study," *Personnel Administrator* 25 (January, 1980), pp. 40-43.

James A. Buford, Jr., and Dwight R. Norris, "A Salary Equalization Model: Identifying and Correcting Sex Based Salary Differences," *Employee Relations Law Journal* 6 (Winter, 1980-81), pp.406-421.

James A. Buford, Jr., Robert L Little, and Frederick J. Holemo, "Access to Resources: A Barrier to New Competition in the Southern Pine Lumber Industry, *Forest Products Journal* 25 (March, 1975), pp. 41-44.

**Extension Publications**

Renee D. Culverhouse and James A. Buford, Jr., Sexual Harassment: Information for Employers and Managers (Auburn University Cooperative Extension Service CRD-51, July, 1990).

James A. Buford, Jr., Local Government Series on Human Resources Management-- *Analyzing Jobs and Writing Job Descriptions, Recruiting and Selection, Performance Appraisal (*with Sonya T. Collins*)* and *Compensation* (Auburn University Cooperative Extension Service, 1987-1989).

**Invited Papers**

<div align="center">(List may be furnished on request)</div>

Mailing Address: 337 East Magnolia Avenue, Auburn, AL 36830
Phone (334) 821-0125 or (800) 636-8182
Fax: (334) 826-7700
E-mail: james.buford@mindspring.com