IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY JETER, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 2;06cv043-MHT |
| MONTGOMERY COUNTY, et al., | ) |
| Defendant.s | ) |

**PLAINTIFF'S RESPONSE IN OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Comes now Plaintiff, Mary Jeter and submits this response to the motion for summary judgment submitted by the Defendants.

In its motion, the Defendants seek summary judgment in this cause on the basis that the Plaintiff has failed to present a prima facie case to support her allegations. The Plaintiff submits that she has submitted sufficient evidence to create an issue of a material fact. Therefore, summary judgment is inapplicable in this instance. Defendants' motion for summary should be denied, and this cause should set for a jury trial.

Attached in support of the Plaintiff's response is the following:

Exhibit A: Declaration of Mary Jeter

**Summary Judgment Standard**

Summary judgment may be entered on a claim only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. Rule 56 (c), *Federal Rules of Civil Procedure. (F.R.Civ.P.).* In ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the non-moving party, and the court must draw all reasonable inferences against the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *see also Earley v. Champion International Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

In a motion for summary judgment, the burden of proof is upon the moving party to establish its *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that it is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). If, *and only if*, the moving party carries out that initial burden is the non-moving party required to come forward with evidence supporting each essential element of its claim. *Celotex Corp. v. Catrett; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brieteon*, 883 F.2d 293 (11th Cir. 1989).

The moving party is not entitled to judgment as a matter of law unless the plaintiff, who carries the ultimate burden of proving the action, is able to show some evidence with respect to each element of it claim. *See Celotex Corp v. Catrett, supra; Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).

In assessing and deciding a motion for summary judgment, the court's function is to determine *only* whether there exist genuine and material issues of fact to be tried and whether the moving party is entitled to judgment as a matter of law. *See Dominick v. Dixie National Life Insurance Co.*, 809 F.2d 1550 (11th Cir. 1987).

The court is not empowered to decide any material factual issues. When the standard enunciated above is analyzed utilizing the facts of this case, it is readily discernable that summary is not warranted.

The facts should be taken in a light most favorable to the Plaintiff. The Plaintiff's evidence demonstrates a dispute as to material facts in this case, despite the fact that the Defendants claim otherwise in their motion for summary judgment. Although the Defendants argue that the Plaintiff has failed to establish a *prima facie* case of racial discrimination or retaliation, that the evidence refutes that argument. The Defendants, in seeking summary judgment on the issues, apparently want the court to decide material factual issues.

As stated, under the summary judgment standard above, the court must refrain from deciding such factual issues. bears the burden of demonstrating to this Court that there is no dispute as to any material fact in this case. In *Warrior Tombigbee Tansp. Co. v. M/V Nan Fung*, 695 F.2d 11296, the Eleventh Circuit Court of Civil Appeals set this standard. The Plaintiff has produced evidence, which demonstrates a *prima facie* case of retaliatory conduct on behalf of the Defendants.

Next, the Defendants argue generally that the Plaintiff (1) has failed to present a *prima facie* of racial discrimination or retaliation, and infer that the Plaintiff (2) has not suffered any adverse employment action, and cannot prove a causal link between a protected activity and adverse work action against her. The Defendants' argument for summary judgments on merit.

In inferring that the Plaintiff has not suffered an adverse employment action, the Defendants have apparently construed "adverse employment action" to an ultimate employment decision. While some circuits require plaintiffs claiming adverse action to demonstrate that their employer has subjected them to "an ultimate employment decision," the Eleventh Circuit holds otherwise. *Accord Wildeman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453 (11th Cir. 1998) (Protection against retaliation discrimination extends to adverse actions which falls short of ultimate employment decisions, finding adverse employment action where plaintiff's employer mischaracterized her attendance, issued written reprimands and suspensions, solicited co-workers for negative comments); *Bass v. Bd. of County Com'rs, Orange County Fla.*, 256 F.3d 1095 (11th Cir. 2001), *reh'g denied en banc*, 273 F.3d 1117 (11th Cir. 2001) (Adverse employment action is not only an ultimate employment decision, such as failure to hire or discharge, but also other conduct that alters employee's compensation, terms, conditions, or privileges of employment, deprives the employee of employment opportunities, or adversely affects his or her status as an employee). In this instance the Defendants decision maker, without authority to do so, improperly restricted the Plaintiff

The Plaintiff has put forth sufficient evidence to state a prima facie case of discrimination. In establishing a prima facie case of discrimination, Plaintiff is only required to present some evidence to demonstrate that the decision of the Defendanst was based on the discriminatory criterion. *See Int'l Brotherhood of Teamsters v. United States,* 432 U.S. 324, 358 (1977). Once the Plaintiff presents

such evidence, a presumption of illegal discrimination is presented. If this *prima facie* case is presented, the defendant is then required to produce a legitimate non-discriminatory reason for its employment decision. In this instance the Defendants summarily argue that the Plaintiff has presented facts to establish discrimination, retaliation, and a denial of equal protection of the law. They are wrong.

The Plaintiff has presented a prima facie case, the reasons advanced by the Defendants to support discriminatory practices are not the real reasons for the adverse employment decision; therefore, they are pretextual. Plaintiff has presented evidence to cast sufficient doubt as to the Defendants' proffered reasons to permit a reasonable fact finder to conclude that these reasons were not the actual motivation in making its decision in regard to Jeter' terms and conditions of employment with Defendanst. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994). When the Court views the evidence submitted, it can readily discern the same.

The Plaintiff alleges in his Complaint that Defendants discriminated against her because of her race, black (African American). Plaintiff is required to show that she is a member of a protected class, that she was qualified for the position at issue, and she was treated differently that a similarly situated person not in her protected group, that she suffered some adverse employment action, and some other evidence, which allows an inference of discrimination. She has submitted sufficient evidence to demonstrate discrimination and retaliation.

Establishing a prima facie case merely requires the plaintiff to establish "facts adequate to permit an inference of discrimination. The law does not require that the standard to establish a *prima facie* be rigid or inflexible. *See e.g., Schoenfeld v. Babbitt,* 168 F.3d 1257, 1268 (11th Cir. 1999) ("...disparate treatment can be established by any proof of actions taken by the employer from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those action were bottomed on impermissible consideration.")

At this juncture, the Defendants must articulate some legitimate, nondiscriminatory reason for treating the Plaintiff differently than similarly situated person not in her protected group. The Plaintiff has shown pretext for discrimination by producing evidence that similarly situated employees outside of the Plaintiff's protected group, received more favorable treatment than Plaintiff. Unlike the Defendants' assertion in their memorandum brief in support of their motion for summary judgment.

Defendants have not come forth with a valid reason why the disparate treatment. If, indeed, the articulated reason is pretextual, summary judgment in favor of the Defendant is inappropriate.

The Plaintiff must allege that she was engaged in statutorily protected activity; that an adverse action occurred; and that such action was causally related to that protected activity. Indeed, the Plaintiff was engaged in a protected activity.

6

She filed a lawsuit. After she did so, adverse employment action was taken against her; indeed, she has put forth a prima facie case of retaliation.

The Defendants' proffered reasons for having taken the adverse employment action against the Plaintiff is a mere pretext for the disparate treatment of the Plaintiff. The Plaintiff has, nonetheless, offered evidence from which a fact finder could rationally conclude that the Defendants' stated reason is a pretext. Therefore, summary judgment should be denied.

At to the Defendants' request that Plaintiff's equal protection claim be dismissed because she has failed to present a claim of denial of equal protection, the Plaintiff states that Defendants' request should be denied. Indeed, the Plaintiff has submitted sufficient evidence to establish a prima facie case of a denial of her rights to equal protection.

As the Defendants correctly point out in their memorandum brief, the Plaintiff must submit evidence that shows that she was treated differently than other similarly situated employees and this different treatment was a result of intentional discrimination by the Defendants. The Plaintiff has put forth sufficient evidence to demonstrated that she was treated differently than a similarly situated white employees. This different treatment was intentionally.

Based on the above, the Defendants' motion for summary judgment is due to be dismissed because there exist issue of material facts. A reasonable trier of fact could reasonably decided that indeed the Plaintiff has been discriminated against,

retaliated against and has been denied her right of equal protection of the law. Therefore summary judgment is not warranted.

                                Respectfully submitted,

                                _____
                                MARY JETER, Pro Se
                                Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 14TH day of January 2008, filed a copy of this document with the Clerk of the Court, who will perfect service upon the parties using the CM/ECF SYSTEM.

_____
Mary Jeter

**ADDRESS**
6016 Bolingbrook Drive
Montgomery, 36117
(334) 244-9715

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY JETER,

    Plaintiff,

vs.                                            CIVIL ACTION NO. 2;06cv043-MHT

MONTGOMERY COUNTY, et al.,

    Defendants.

**PLAINTIFF'S EXHIBIT A**

## DECLARATION OF MARY JETER

Under penalty of perjury, I declare, swear, or affirm that the following statement is true to the best of my knowledge, and I make this statement based on my personal knowledge and observations. My name is Mary Jeter ; I am a Black Female, over the age of 19; and I reside in Montgomery County, Alabama. I am the plaintiff in the case.

I have worked for the Montgomery Youth Facility since 1974. From approximately 2002 to 2006, I was assigned home detention. I was never informed that I that in ordered get paid for working overtime I had to make any request for compensation for overtime. I was assigned these duties, and I performed them.

There were only two persons assigned home detention duties: me and a white female Phoenix Martin. However, we were treated differently in the assignment and compensation for performing home detention duties.

During the relevant time period, Ms. Martin worked from Wednesdays through Sundays, eight hour per day—for a forty-hour work week. Ms. Martin was not assigned after hour home detention duties. However, I was. If she was assigned home detention duties, she was assigned these duties during her regularly scheduled work day.

1

Therefore, there was no need for her to get compensated for any overtime for performing duties associated with home detention duties.

During the relevant time period, my regularly scheduled work week was from Mondays through Fridays, eight hours for a 40-hours work week. However, unlike Mrs. Martin, when I was assigned home detention duties, these duties were assigned in addition to my regularly schedule 40 hours work week. In other words, even though I was required to work more hours than was Mrs. Martin, I was not usually compensated for working these extra hours. The only time I was compensated for perform home detention duties was :

1. If I covered for Mrs. Martin on the weekend and performed here duties; or
2. When I worked Youth Court (a separate program), which was always held on Montgomery Youth Facility Property.

If Mrs. Martin covered for me at any time from Monday through Thursdays, she was compensated past her forty hours. Even if I was off on vacation or sick leave, I still had to perform home detention duties if the need arose.

It was only after I filed this lawsuit that Montgomery Youth Facility and Mr. Howell paid me for my overtime. Also, they offered me $2,500.00 as payment for the past overtime. If they did not owe me for past overtime, it would seem unreasonable that they would attempt to pay me.

Very shortly after I filed the lawsuit, Mr. Howell and Montgomery Youth Facility discontinued the home detention program. They contend in their affidavits and in their motion for summary judgment that it was because Judge Patricia Warner had been elected judge. This reason is not the real reason. Judge Warner was not aware that the

2

program had been discontinued until one day she was sitting on the bench and asked about it. She was surprised that the program had been discontinued.

    I declare under penalty of perjury that the above is true and correct. Done this 14th day of January, 2008.

*[signature]*
Mary Jeter