IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 FEB 15  P 2: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARY JETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-1043-MHT |
| | ) |
| MONTGOMERY COUNTY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF MARY WHITTLE JETER HEREBY RESPONDS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE.**

I.   BACKGROUND

On September 4, 2007, I Mary Whittle Jeter, was scheduled for a deposition in the Law Office of Constance Walker. The morning of this date I called my Attorney, Priscilla Black Duncan, to find out what time I needed to be at her office. When Attorney Duncan answered the telephone, she responded she had forgotten about the depositions and was putting on her makeup as we spoke. I arrived in her office fifteen minutes before the scheduled deposition. This was the third deposition that had been scheduled, two of which had been canceled, June 14, 2007 and July 12, 2007.

1

Upon arriving at Attorney Duncan's office I was given a relatively large envelope that had been received by Attorney Duncan form the law firm of Haskell, Slaughter, Young and Gallion, LLC which contained an enormous amount of Montgomery County Overtime records. These documents were presented to me less than fifteen minutes before the formal depositions.

Attorney Duncan told me she received these documents late Friday afternoon, August 31, 2007. She further stated that the opposing counsel is noted for such last minute actions. I did not learn about the documents until 4 days later.

Upon briefly reviewing the documents there was only time to glance them as there was no adequate time to study them. I became very annoyed. These documents were received four days before the depositions were scheduled. Had I been made aware of them, I could have prepared intelligent explanations for the same. The only preparation I had with my lawyer for the deposition was at best one hour or less. After a long day of grueling testimony the depositions ended around 4:00 pm. At this point I was very upset and disappointed with the services my Attorney had provided me. I informed her (Duncan) of the same and voiced my disgust with not being prepared for the experience. She did state to me that the opposing attorneys could ask me anything except "who I slept with at work."

Attorney Duncan and I had a conversation as we returned to her office of the afternoon of September 4, 2007. She stated to me that she was unaware of the records that were presented during the disposition. She never asked if we were discussing one or two programs; meaning Home Detention or Youth Court. Her statement revealed that she was not aware of what the documents contained, yet she had four days to review and discuss the documents with me. My attorney never called me to pick up these documents. As a result I was wholly unprepared and thoroughly disappointed in her lack of adequate representation.

After the depositions went so poorly, I called the office of Attorney Alicia Haynes on September 5, 2008, to speak with her regarding the aforementioned developments. I never received an answer. However, shortly thereafter I was notified by Attorney Duncan that she (Duncan) would no longer represent me because I did not have faith in her and our relationship was damaged. Her decision to do this was because I made the statement to her that "the worse mistake I made was having her represent me in such an unprepared manner. Shortly thereafter Attorney Duncan was permitted to withdraw from my case.

After Attorney Duncan was allowed to withdraw from my case I made several unsuccessful attempts to secure my file, she finally stated she would not release the file unless I signed a release stating that she caused me no harm. Prior to this Mrs. Wanda Anderson, per my request, went to Attorney Duncan's office to get my file. She (Duncan) sent a release form out by Mrs. Anderson that I refused to sign and the records

3

were once again the property of Attorney Duncan. Finally, Attorney Duncan notified me she would be leaving town from October 6 – 23, 2007, and if I wanted my file I would have to sign a release. I did not sign it. I trusted Attorney Duncan to work in my best interest and I feel she did not do that. She had no right to withhold my file, especially the information I gave to her, these documents were not secured through Discovery, so were legally my property. Because I had no access to my file and records, it was impossible for me to adequately prepare an intelligent response to the motion for Summary Judgement.

As a result of her withdrawing from my case I petitioned the court for an extension to obtain legal counsel. I spoke with Attorney Beverly Howard and Attorney Gwen Kennedy. I called Attorney Jay Lewis and did not receive a return call. I also called Attorney Pitters all to no avail.

I later spoke with Attorney Fred Bell, a family friend, who reviewed the file I put together but he was reluctant to take the case because he felt there may exist scheduling conflicts.

## II.   CONSEQUENCES

As a result of Attorney Duncan withdrawing from my case, and improperly refusing to return my documents I can not properly litigate my case. My position with the court has been compromised and will continue to be compromised until Attorney Duncan returns

4

the evidence I submitted to her. As result of this improper representation and actions I plan to file a complaint with the Alabama Bar Association.

I did have intentions to seek further counsel from Attorney Bell. The sudden death of his 27 year old son on February 4, 2008 has prevented him from further assisting me at this time.

### III.   REQUEST

Comes now Mary Whittle Jeter, Plaintiff in this action, and makes known to this court the following:

1. The plaintiff previously petitioned the Court for an extension to seek and obtain legal counsel.
2. The Honorable Court granted an extension to obtain counsel to represent her in this action.
3. However, as of this date February 14, 2008, the plaintiff has not been able to secure legal counsel.
4. Therefore, the Plaintiff respectfully request a 90 day continuance.

Respectfully submitted

*Mary Jeter*

Mary Jeter, Pro Se
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of February 2008, filed a copy of this document with the Clerk of the Court, who will perfect service upon the parties using the CM/ECF SYSTEM.

*/s/ Mary Jeter*
Mary Jeter

ADDRESS
6016 Bolingbrook Drive
Montgomery, AL  36117
(334) 244-9715