**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

MARY JETER,                    )
                              )
                              )
    **Plaintiff,**            )
                              )
                              )CASE  NO. 2:06-CV-1043-MHT
**v.**                        )
                              )
                              )
**MONTGOMERY COUNTY,**         )
                              )
                              )
    **Defendant.**            )

In response to the order of the court dated February 22, 2008.  According to this order I, Mary Jeter plaintiff should show cause in writing as to:

1.  Why this lawsuit should be dismissed.

    A.  I do wish to pursue the aforementioned lawsuit.  I have been under severe mental stress and in a state of severe depression.  I am also submitting four (4) documents  relating to my case and the situation before the court.

2.  Why I should not be held in Civil Contempt and sanctioned for failing to comply with these requirements set forth in the court's order of January 18, 2008 (Doc. No. 66).

    A.  I have made the court aware in a previous document that Attorney Fred Bell had been assisting me in my court preparations.  On

February 4, 2008 Attorney Bell's son was suddenly killed in a car accident. The Thursday prior to his death, January 31,2008, I called Attorney Bell's office to make him aware of the letter I received from the court. Because of his personal situation we have been unable to prepare for further court proceedings. If the request for continuance is granted I will surely be ready to abide by all request and orders of the court.

Respectfully submitted

Mary Jeter, Pro Se
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of March 2008, filed a copy of this document with the Clerk of the Court, who will perfect service upon the parties using the CM/ECF SYSTEM.

Mary Jeter

ADDRESS
6016 Bolingbrook Drive
Montgomery, AL   36117
(334) 244-9715

1111 Airbase Blvd.  P.O. 9219
Montgomery, Ala.  36108

**Montgomery County
Juvenile Court**

*EXHIBIT*

*1*

# Memo

**To:  Judges, Probation Officers, & Intake Officers**

**From:** Bruce R. Howell

**Date:** 5/14/2002

**Re:  Home Detention Program**

---

We are going to start a more structured and organized home detention program.  In the past when a Judge placed a client on home detention nothing was done to insure that they remained at home as instructed by the Judge.  We have been only using parent reporting as a means to enforce the orders.

I look for Referee Bailey to utilize home detention at detention hearings where clients have been detained by Intake, but now can be released on home detention until Court.  Also, all Judges may want to place a client on home detention post Adjudication or Disposition until further Court hearings or acceptance at a treatment facility, i.e. Boot Camp or DYS.  I have asked Steve Wooten to coordinate this program in his specialized unit of Probation Officers.  Probation Officers should begin to evaluate their caseloads for appropriate recommendations to the Judges.

This program will involve night-time and weekend phone calls to these clients and could evolve into limited use of electronic monitoring.

**Central Alabama Kidney and Hypertension Center, P.C.**
**Radha K. Krothapalli, M.D.**
**4163 Lomac Street**
**Montgomery, Alabama 36106**

*EXHIBIT*

# Facsimile Cover Sheet

The information contained in this facsimile is legally privileged and confidential information intended solely for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited under Federal Regulation.  If you have received this facsimile in error, please immediately notify this office at (334) 396-5570.  Thank you.

Date: 3/6/P          Time:_____          No. of Pages  2

To:  Mary Jeter

Company:_____

Fax Number:  261- 4132      Phone Number:_____

From:  Shirly

Fax Number:  **(334) 396-5572**      Phone Number:  **(334) 396-5570**

Message:  Confidential

CAK&H-027

# *Central Alabama Kidney And Hypertension Center, P.C.*

*4163 Lomac Street*
*Montgomery, Alabama 36106*

Radha K. Krothapalli, M.D.
Jorgi Varghese, M.D.

Phone: (334) 396-5570
Fax:    (334) 396-5572

February 14, 2008

Keith Hughes, M.D.
East Montgomery Family Practice
6994 Winton Blount Blvd
Montgomery, AL 36117

RE: Mary W. Jeter

Dear Keith:

I saw Mary in the office on 2/12/08.

She is extremely depressed, and she is not doing anything to make it better. She is not using CPAP regularly.

No chest pain or shortness of breath.

Her blood pressure is 126/72. Heart sounds are regular, lungs are clear. Extremities revealed trace edema.

Serum creatinine is 1.12.

I advised her to get out and get exposed to some sun. I also advised her to get appointment with psychiatrist and psychologist to talk to and make adjustment in medicines, if necessary. I encouraged her to do that.

I appreciate the opportunity to participate in the care of Ms Jeter. If we could be of any further assistance, please let me know.

Yours sincerely,

Radha K. Krothapalli, M.D.

RKK/rmf

Enclosure (Cy of lab)

DD: 02/13/08
DD: 02/14/08



OCT-28-2005 14:55



JOHN L. CAPELL, III
Circuit Judge, Presiding
ANITA L. KELLY
Circuit Judge
PATRICIA D. WARNER
Circuit Judge
ROBERT T.R. BAILEY
Referee
BRUCE R. HOWELL
Court Administrator
MICHAEL C. PROVITT
Detention Director

BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F. WOOTEN
Probation Supervisor
DAVID O. BEVERLY
Intake Supervisor
CHARLES GLASSCOCK
Intake Supervisor
TERESA H. ALLEN
Court Clerk
WARREN G. BRANTLEY, PhD
Court Therapist II

**FAMILY COURT OF MONTGOMERY**
**JUVENILE DIVISION**
**FIFTEENTH JUDICIAL CIRCUIT**

## FAX COVER SHEET

**TO:** Josh                          **DATE:** 10.28.05

**FAX:** 832-7718                    **TIME:** _____ AM/PM

**FROM:**    **Montgomery County Juvenile Court (Youth Facility)**
Wooten                                    **(Name of Staff Member)**
**1111 Airbase Boulevard**
**P.O. Box 9219**              **PHONE:** (334) 261-4100
**Montgomery, AL 36108**      **FAX:**    (334) 261-4132

**TOTAL NUMBER OF PAGES**    10    **(including cover sheet)**

**MESSAGE:** Here's the stuff on HD that you requested. Phoeny hmmtin is hmmy's back up on weekends + in case of illness/vacation. Bruce is working w/the guy at Community Corrections (num escapes no) about GPS band electronic monitoring —

(If you should have any questions regarding this fax, call the number listed above)

### CONFIDENTIALITY WARNING

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable law.  Likewise, this message may contain federal and state governmental documents which are confidential, and the information contained therein may not be disclosed pursuant to applicable federal and state law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone or return the original message to us at the above address via the U.S. Postal Service.

1111 AIRBASE BOULEVARD • P.O. BOX 9219 • MONTGOMERY, ALABAMA 36108-0219
TELEPHONE (334) 261-4100 • FAX (334) 261-4132



RICHARD H. DORROUGH
Circuit Judge, Presiding
JOHN L. CAPELL, III
Circuit Judge
W. MARK ANDERSON, III
Circuit Judge
ROBERT T. R. BAILEY
Referee
JACK HUNTER
Detention Director

FAMILY COURT OF MONTGOMERY COUNTY
FIFTEENTH JUDICIAL CIRCUIT

BRUCE R. HOWELL
Chief Probation Officer
BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F. WOOTEN
Probation Supervisor
MICHAEL C. PROVITT
Intake Supervisor
DAVID C. BEVERLY
Intake Supervisor
TERESA H. ALLEN
Court Clerk

## MEMO

**TO:**     **Bruce Howell**

**FROM:**   **Steve Wooten**

**RE:**     **Home Detention**

**DATE:**   **May 22, 2002**

Accompanying this memo are documents to be utilized for our home detention monitoring project, along with a very elementary description of how cases may flow. We are ready to begin this project as soon as you give us the go-ahead. Mary Jeter will be the primary worker on this project, however, all workers in the unit will participate to some degree, at least initially. The participation of the entire unit is necessary to ensure that secondary back-up coverage is available in the event of illness or vacation, and to utilize the unique sills of the workers (Ron McKitt, for instance, is designing our database).

We would like to start this project with detention hearing cases from Referee Bailey. This will allow us to fine tune and trouble-shoot before offering the project to the Circuit Judges. Two to three weeks of this initial phase should be sufficient.

We also would like to indicate that there are at least three issues which we believe that we cannot address at this time. First, we see ourselves as a monitoring and reporting project, not as an enforcement project. We believe that it is our charge to report our findings to the supervisory P.O. and to the judicial officer making the referral and that it should be their (P.O. & judicial officer) responsibility to determine the Court's responses. If such a response should include enhanced home detention, then of course, we will perform accordingly. Second, the order is open-ended as to the time of home detention but we interpret your charge to mean that we are responsible for a youth who is placed on home detention status at a hearing in lieu of actual detention, and that home detention status would most likely end at the time of a subsequent hearing. If that is what was intended for us, we feel that we can perform that responsibility quite well. We, at this point, are not comfortable with the idea of long term home detention embedded in a

Memo to Bruce Howell
May 22, 2002
Page 2

probation process. It could be, ultimately, that long term home detention will be called for and will be something that we can do, but at the start-up, it might be best if we can think of home detention as a Point A to Point B process.

Finally, everyone involved in the home detention process should understand that accuracy and veracity issues will arise. We should be able, over time, to recognize voices that identify themselves as clients, parents, etc. However, we will probably not be able to guarantee that we are perfect in that regard. We also, by stating that Joe Blow was at home at 9:00 PM last Thursday, are not stating that he was not at the Amoco Station at 9:05 PM on that same night robbing a cashier. To improve accuracy, verification, and ultimately, control, will entail technological investments that we are not, as I understand it, prepared to make at this time.

Thanks for the opportunity to be involved in this project. Please advise as to start-up.

SW/lks

## HOME DETENTION

- Judge/Referee commits juvenile to home detention
- The home detention order and case action summary are assigned to a monitor.
- The monitor adds client to the call roster.
- The monitor makes random phone calls to the client's home. The second shift of detention could make the late night calls. The early morning calls on weekends could be made by the W.A.I.T. Program.
- The monitor speaks with the parent and the client.
- The monitor records the contact information – date, time, person contacted, etc.
- The information is reported to the assigned probation officer on a daily basis, for processing as seen fit.
- Client is removed from home detention status upon notification that sanction has been removed.

Home Detention

1. Cases assigned from the bench

2. Home detention order signed by
   Judge
   Probation Officer
   Child
   Parent

3. Upon receipt of the order, I start making phone calls after
   5:00p.m. on Monday – Thursday night.

4. Phoenix Martin makes calls Friday p.m. – Sunday p.m.

5. Report problems to Probation Officer when appropriate/and or
   when information is requested.

6. Calls are noted by Contact / No Contact

7. After the child goes to Court, the paper work is destroyed.

## HOME DETENTION ORDER

RE:
CASE No.:
DOB:

It is hereby ordered that the above-referenced youth is released from the
Montgomery County Youth Facility under the following conditions:

1. The youth is released to the custody of father /mother /other_____.
2. The youth is not to leave home without being accompanied by the
   parent(s)/guardian(s), with the exception of school and/or work.
3. When attending school and/or work the youth will go directly to and from
   school and/or work in a manner approved by the parents(s)/guardian(s) and/or
   Court staff.
4. The youth's compliance will be monitored by random telephone contacts
   made by court personnel and the youth will answer or be made available to the
   telephone for identification.
5. The youth is expected to follow all reasonable rules established by the
   parent(s)/guardian(s) and/or Court staff.
6. The parent(s)/guardian(s) is made a party to this Order pursuant to Title 12-
   15-31(5), Code of Alabama, 1975 and is expected to truthfully report the
   youth's compliance to court officials. Failure to do so may result in penalties
   being levied against the parent(s)/guardian(s).
7. The youth and/or the parent(s)/guardian(s) are expected to adhere to the
   following special rules:_____
   _____.

This Order shall be in effect until otherwise altered or dismissed by Order of the
Court.

I understand that I must abide by the Order described above. As the youth, I
understand that failure to do so will result in my being returned to the Youth
Facility and placed in detention. I further understand that other penalties may
result as well. As the parent(s)/guardian(s), I understand that I am a party to this
Order of the Court and that I must promptly and truthfully report on the youth's
compliance. My failure to do so may result in the Court imposing certain penalties
upon me.

_____        _____
Youth                            Parent

Date:_____ Time_____        Probation/Intake Officer_____

                                  _____
                                  Judge/Referee

| NAME | R/S JU# | JUDGE | DATE OF HOME DETENTION | PHONE | PARENT NAME | P.O. | COURT DATE | TIME & METHOD OF CONTACT |
|------|---------|-------|------------------------|-------|-------------|------|------------|--------------------------|
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |

| NAME |
|---|
| R/S JU # |
| JUDGE |
| DATE OF HOME DETENTION |
| PHONE # |
| PARENT NAME |
| P.O. |
| COURT DATE |
| TIME & METHOD OF CONTACT |

MONDAY
TUESDAY
WEDNESDAY
THURSDAY
FRIDAY
SATURDAY
SUNDAY

# HOME DETENTION ORDER

**RE:**
**CASE No.:**
**DOB:**

It is hereby ordered that the above-referenced youth is released from the
Montgomery County Youth Facility under the following conditions:

1. The youth is released to the custody of father /mother /other _____.
2. The youth is to go no place without being accompanied by the
   parent(s)/guardian(s), with the exception of school and/or work.
3. Youths attending school and/or work are expected to go directly to and from
   school and/or work in a manner approved by the parents(s)/guardian(s).
4. The youth's compliance will be monitored by random phone contacts made by
   court personnel.
5. The youth is expected to follow all reasonable rules established by the
   parent(s)/guardian(s).
6. The parent(s)/guardian(s) is made a party to this Order pursuant to Title 12-
   15-31(5), Code of Alabama, 1975 and is expected to truthfully report the
   youth's compliance to court officials. Failure to do so may result in penalties
   being levied against the parent(s)/guardian(s).
7. The youth and/or the parent(s)/guardian(s) are expected to adhere to the
   following special rules:_____
   _____.

This Order shall be in effect until otherwise altered or dismissed by Order of the
Court.

I understand that I must abide by the Order described above. As the youth, I
understand that failure to do so will result in my being returned to the Youth
Facility and placed in detention. I further understand that other penalties may
result as well. As the parent(s)/guardian(s), I understand that I am a party to this
Order of the Court and that I must promptly and truthfully report on the youth's
compliance. My failure to do so may result in the Court imposing certain penalties
upon me.

_____        _____
Youth                          Parent

Date:_____ Time_____    Probation/Intake Officer_____

                               _____
                               Judge/Referee

RICHARD H. DORROUGH
Circuit Judge, Presiding
JOHN L. CAPELL, III
Circuit Judge
W. MARK ANDERSON, III
Circuit Judge
ROBERT T. R. BAILEY
Referee
JACK HUNTER
Detention Director

**FAMILY COURT OF MONTGOMERY COUNTY**
**JUVENILE DIVISION**
**FIFTEENTH JUDICIAL CIRCUIT**

BRUCE R. HOWELL
Chief Probation Officer
BEVERLY RIDDLE WISE
Probation Supervisor
STEPHEN F. WOOTEN
Probation Supervisor
MICHAEL C. PROVITT
Intake Supervisor
DAVID C. BEVERLY
Intake Supervisor
TERESA H. ALLEN
Court Clerk

EXHIBIT
4

## MEMO

**TO:**      **Bruce Howell**

**FROM:**   **Steve Wooten**

**RE:**      **Home Detention**

**DATE:**   **May 22, 2002**


Accompanying this memo are documents to be utilized for our home detention monitoring project, along with a very elementary description of how cases may flow. We are ready to begin this project as soon as you give us the go-ahead. Mary Jeter will be the primary worker on this project, however, all workers in the unit will participate to some degree, at least initially. The participation of the entire unit is necessary to ensure that secondary back-up coverage is available in the event of illness or vacation, and to utilize the unique sills of the workers (Ron McKitt, for instance, is designing our database).

We would like to start this project with detention hearing cases from Referee Bailey. This will allow us to fine tune and trouble-shoot before offering the project to the Circuit Judges. Two to three weeks of this initial phase should be sufficient.

We also would like to indicate that there are at least three issues which we believe that we cannot address at this time. First, we see ourselves as a monitoring and reporting project, not as an enforcement project. We believe that it is our charge to report our findings to the supervisory P.O. and to the judicial officer making the referral and that it should be their (P.O. & judicial officer) responsibility to determine the Court's responses. If such a response should include enhanced home detention, then of course, we will perform accordingly. Second, the order is open-ended as to the time of home detention but we interpret your charge to mean that we are responsible for a youth who is placed on home detention status at a hearing in lieu of actual detention, and that home detention status would most likely end at the time of a subsequent hearing. If that is what was intended for us, we feel that we can perform that responsibility quite well. We, at this point, are not comfortable with the idea of long term home detention embedded in a

Memo to Bruce Howell
May 22, 2002
Page 2

probation process.  It could be, ultimately, that long term home detention will be called for and will be something that we can do, but at the start-up, it might be best if we can think of home detention as a Point A to Point B process.

Finally, everyone involved in the home detention process should understand that accuracy and veracity issues will arise.  We should be able, over time, to recognize voices that identify themselves as clients, parents, etc.  However, we will probably not be able to guarantee that we are perfect in that regard.  We also, by stating that Joe Blow was at home at 9:00 PM last Thursday, are not stating that he was not at the Amoco Station at 9:05 PM on that same night robbing a cashier.  To improve accuracy, verification, and ultimately,  control, will entail technological investments that we are not, as I understand it, prepared to make at this time.

Thanks for the opportunity to be involved in this project.  Please advise as to start-up.

SW/lks

HOME DETENTION

- Judge/Referee commits juvenile to home detention
- The home detention order and case action summary are assigned to a monitor.
- The monitor adds client to the call roster.
- The monitor makes random phone calls to the client's home. The second shift of detention could make the late night calls. The early morning calls on weekends could be made by the W.A.I.T. Program.
- The monitor speaks with the parent and the client.
- The monitor records the contact information – date, time, person contacted, etc.
- The information is reported to the assigned probation officer on a daily basis, for processing as seen fit.
- Client is removed from home detention status upon notification that sanction has been removed.

## HOME DETENTION ORDER

**RE:**
**CASE No.:**
**DOB:**

It is hereby ordered that the above-referenced youth is released from the Montgomery County Youth Facility under the following conditions:

1. The youth is released to the custody of father /mother /other_____.
2. The youth is not to leave home without being accompanied by the parent(s)/guardian(s), with the exception of school and/or work.
3. When attending school and/or work the youth will go directly to and from school and/or work in a manner approved by the parents(s)/guardian(s) and/or Court staff.
4. The youth's compliance will be monitored by random telephone contacts made by court personnel and the youth will answer or be made available to the telephone for identification.
5. The youth is expected to follow all reasonable rules established by the parent(s)/guardian(s) and/or Court staff.
6. The parent(s)/guardian(s) is made a party to this Order pursuant to Title 12-15-31(5), Code of Alabama, 1975 and is expected to truthfully report the youth's compliance to court officials. Failure to do so may result in penalties being levied against the parent(s)/guardian(s).
7. The youth and/or the parent(s)/guardian(s) are expected to adhere to the following special rules:_____
_____.

This Order shall be in effect until otherwise altered or dismissed by Order of the Court.

I understand that I must abide by the Order described above. As the youth, I understand that failure to do so will result in my being returned to the Youth Facility and placed in detention. I further understand that other penalties may result as well. As the parent(s)/guardian(s), I understand that I am a party to this Order of the Court and that I must promptly and truthfully report on the youth's compliance. My failure to do so may result in the Court imposing certain penalties upon me.

_____          _____
Youth                            Parent

Date:_____ Time_____     Probation/Intake Officer_____

                                 _____
                                 Judge/Referee

| NAME | R/S JU# | JUDGE | DATE OF HOME DETENTION | PHONE | PARENT NAME | P.O. | COURT DATE | TIME & METHOD OF CONTACT |
|------|---------|-------|------------------------|-------|-------------|------|------------|--------------------------|
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |
|      |         |       |                        |       |             |      |            |                          |

| NAME |
| --- |
| R/S JU # |
| JUDGE |
| DATE OF HOME DETENTION |
| PHONE # |
| PARENT NAME |
| P.O. |
| COURT DATE |
| TIME & METHOD OF CONTACT |

MONDAY
TUESDAY
WEDNESDAY
THURSDAY
FRIDAY
SATURDAY
SUNDAY