**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARY JEER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 2:06cv1043-M |
| | ) | |
| **COUNTY OF MONTGOMERY,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

    **COMES NOW** the Defendant Montgomery County Commission, and submits the following Proposed Jury Instructions of Defendant.

    Defendant has not included the Court's preliminary instructions before trial and the Court's standard instructions which Defendant understands are given by the Court in every case. (Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Directions to Counsel Concerning Preparation of Proposed Instructions (2005)).

                                            /s/ *Constance C. Walker*
                                            Thomas T. Gallion, III (ASB-5295-L74T)
                                            Constance C. Walker (ASB-5510-L66C)
                                            Tyrone C. Means (ASB-8760-S80T)
                                            Ramadanah S. Jones (ASB-9751-M61S)
                                            Attorneys for the Defendant
                                            Montgomery County

**OF COUNSEL:**

**HASKELL, SLAUGHTER, YOUNG & GALLION, L.L.C.**
Post Office Box 4660
305 South Lawrence Street
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**OF COUNSEL:**

**THOMAS MEANS GILLIS & SEAY, P.C.**
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
334-270-1033
334-260-9396 Fax

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 18th day of March, 2008, addressed as follows:

Mary W. Jeter
6016 Bolingbrook Drive
Montgomery, Alabama 36117

                /s/ *Constance C. Walker*
                OF COUNSEL

**JURY CHARGE  1**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions. Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Eleventh Circuit Pattern Jury Instructions: Instruction No. 3 (2005).**

# JURY CHARGE  2

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Eleventh Circuit Pattern Jury Instructions: Instruction No. 4.1 (2005).**

# JURY CHARGE  3

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Eleventh Circuit Pattern Jury Instructions: Instruction No. 4.2 (2005).**

**JURY CHARGE 4**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Eleventh Circuit Pattern Jury Instructions: Instruction No. 6.1 (2005).**

**JURY CHARGE 5**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Eleventh Circuit Pattern Jury Instructions: Instruction No. 7.1 (2005).**

**JURY CHARGE  6**

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay.  The Plaintiff claims that the Defendant did not pay the Plaintiff the overtime pay required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was employed by the Defendant during the time period involved;

Second: That the Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third: That the Defendant failed to pay the Plaintiff the overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed to the first fact-that the Plaintiff was employed by the Defendant-and you should consider it as established.

With respect to the second fact-that the Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce-the term "commerce" has a very broad meaning and includes any trade, transportation, transmission or communication between any place within a state and any place outside that state.  The Plaintiff was engaged in the "production of goods" if the Plaintiff was employed in producing, manufacturing, mining, handling or transporting goods, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of goods. Finally, an enterprise engaged in commerce or the production of goods for commerce means an enterprise that has employees engaged in commerce or production of goods for commerce and has annual gross sales of at least $500,000.

The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

If you find that the Plaintiff has proved the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.,

The measure of damages is the difference between what the Plaintiff should have been paid under the Fair Labor Standards Act and the amount that you find the Plaintiff actually was paid.

The Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the Fair Labor Standards Act. If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the Fair Labor Standards Act, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1. That the Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce?

    Answer Yes or No_____

2. That the Defendant failed to pay the Plaintiff overtime pay required by law?

   Answer Yes or No_____

Note: If you answered No to either of the preceding questions you need not answer either of the remaining questions.]

3. That the employer either knew or showed reckless disregard for whether its conduct was prohibited by the Fair Labor Standards Act:

   Answer Yes or No_____

4. That the Plaintiff should be awarded $_____ as the Plaintiff's damages.

   SO SAY WE ALL.

_____
Foreperson


_____
Dated



**Eleventh Circuit Pattern Jury Instructions: Instruction No. 1.7.1 (2005).**

**JURY CHARGE 7**

The Fair Labor Standards Act requires employers to pay overtime to employees who are employed more than 40 hours per week, and the term employ means "to suffer or permit to work." Under the Fair Labor Standards Act, work performed offsite by an employee must be counted as time worked only "[i]f the employer knows or has reason to believe that work is being performed." Therefore, the Plaintiff must demonstrate (1) that she worked overtime hours without compensation, and that the Defendant had knowledge, or should have had knowledge, of this overtime work.

29 U.S.C. § 203(g); 29 C.F.R § 785.112 (1997); *Anderson v Mt. Clements Pottery Co.,* 328 U.S. 680, 687, 66 L.Ed.2d 1515 (1946).

**JURY CHARGE 8**

An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur.

*Gaylord v. Miami-Dade County,* 78 F. Supp. 2d 1320, 1325 (S. D. Fla. 1999).

## JURY CHARGE 9

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under the Fair labor Standard Act..

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.  So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his/her lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:  That she engaged in statutorily protected activity, that is, that she in good faith asserted objectively reasonable claims prohibited by federal law.

Second: That an adverse employment action then occurred;

Third: That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth: That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's complaint about overtime was the sole or exclusive reason for the Defendant's decision. It is sufficient of the Plaintiff proves that her complaint about overtime was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may take actions that adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must the decide whether the Defendant has shown by a preponderance of the evidence that it would have taken the actions toward the Plaintiff for other reasons even in the absence of the statutorily protected activity. If you find that the Defendant would have taken the actions that it did for reasons apart form the statutorily protected activity, then your verdict should be for the Defendant.

Eleventh Circuit Pattern Jury Instruction No. 1.10.3 (2005).

**JURY CHARGE 10**

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally discriminated against the Plaintiff based on her race in violation of the Plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

The Defendant denies that it they violated the Plaintiff's rights in any way, and assert that Plaintiff received overtime every time she asked for it, and that she was treated no differently from any other employee who made home detention calls at the Montgomery County Youth Facility.

You are instructed that the Equal Protection Clause of the Fourteenth Amendment does prohibit discrimination against public employees on the basis of race. This includes the creation of a racially hostile or abusive work environment which is also prohibited. And, federal law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

I will now explain the rules or principles of law you must apply in deciding the Plaintiff's claim against Montgomery County.

Ordinarily, a corporation-including a public body or agency such as Montgomery County-is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.

This doctrine does not apply, however, in a case such as this where the Plaintiff claims a violation of constitutional rights.

In such a case it is not enough for the Plaintiff to prove that she was discriminated against on the basis of race by other employees of the County; rather Montgomery County can be held liable only if you find that the deprivation of the Plaintiff's constitutional right to equal protection of law was the direct result of a County policy or custom that created a racially hostile or abusive work environment.

In order to prevail on the claim against the County the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was treated differently than other employees in the terms and conditions of her employment by the County;

Second: That such different treatment was the intended result of a racially hostile or abusive work environment which had become a County policy or custom, as hereafter denied; and

Third: That the Plaintiff suffered damages as a proximate or legal result of such County policy or custom.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

A policy or custom means a persistent, widespread or repetitious course of conduct by public officials or employees that, although not authorized by, or which may even be contrary to, written law or express municipal policy, is so consistent, pervasive and continuos that the County policy makers must have known of it, so that, by their acquiescence, such policy or custom has acquired the force of law without formal adoption or announcement.

Finally, for damages to be the proximate or legal result of a wrongful County policy or custom, it must be shown that, except for such policy or custom, the damages would not have occurred.

If you find in favor of the Plaintiff and against the Defendant, you will then consider the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to, to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

a.   Net lost wages and benefits to the date of trial;

b.   Emotional pain and mental anguish;

[c.   Punitive damages, if any (as explained in the Court's instructions)].

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages-that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that the punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find form a preponderance of the evidence?

1. That the Defendant intentionally discriminated against the Plaintiff in the terms or conditions of her employment based on the Plaintiff's race?

    Answer Yes or No_____

[Note: If you answered "No" to Question No.1 you need not answer the remaining questions.]

2. That the Defendant's act or acts were the proximate or legal cause of damages sustained by the Plaintiff?

    Answer Yes or No_____

3. That the racially hostile or abusive work environment had become a County policy or custom, as defined in the Court's instructions, for which the County would be legally responsible?

4. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

    Answer Yes or No_____

    If you answer is Yes, in what amount? $_____

5. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No_____

    If you answer is Yes, in what amount? $_____

6. That the Defendant acted with malice or with reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant?

    Answer Yes or No_____

    If your answer is Yes, in what amount? $_____

    SO SAY WE ALL.

_____
Foreperson

DATED:_____

Eleventh Circuit Pattern Jury Instruction 1.1.3 (2005)(modified).